**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation, Plaintiff, | ) | No.: 01-CV-1980 (DSD/SRN) |
| vs. | ) | |
| Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation Defendant. | ) | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties to the above-captioned action anticipate that some of the information produced in discovery may contain or constitute confidential information, and the parties wish to expedite and facilitate the production of such information;

NOW THEREFORE, it is hereby stipulated and agreed among the parties as follows:

1. As used herein, "CONFIDENTIAL INFORMATION" means all documents and all other information which has been designated by any party or non-party as either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" according to the procedures set forth below. In the case of documents, including discovery responses, such designation shall be made by stamping the designation on the document, in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential, and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information confidential.

2. All CONFIDENTIAL INFORMATION shall be used solely for purposes of this litigation and not for any other purpose whatsoever.

FILED JAN 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

3. Documents and information designated as "CONFIDENTIAL" may be used by, copied by, exhibited to or disclosed to only the following persons or entities:

(a) The key personnel of the parties involved in and/or making decisions with regard to this litigation;

(b) Attorneys for the parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation or trial of this casc;

(c) Court reporters used in connection with this action at deposition and/or trial;

(d) The Court and its staff; and

(e) Testifying or consulting experts who are not otherwise employed by the parties or any entities related to the parties, and employees of such testifying or consulting experts.

4. Documents and information designated as "ATTORNEY EYES ONLY" may only be used by, copied by, exhibited to or disclosed to the individuals listed in Paragraphs b., c., d., and e. above. The parties agree that documents and information shall only be designated as "ATTORNEYS EYES ONLY" if the documents or information are such that disclosure to any employees of the opposing party may cause irreparable injury, or that the documents contain identification of customers, pricing information, cost information, product specifications and formulas that are not publicly available, or other information that would satisfy the definition of Minn. Stat. § 325C.01, subd. 5.

5. Nothing in this Stipulation shall restrict a party's right to seek relief from this Protective Order or seek further protection from the Court.

6. No person, other than those listed in paragraph 3(a), 3(b), 3(c) and 3(d), may be shown or given access to CONFIDENTIAL INFORMATION unless and until s/he indicates in writing by signing a copy of the attached Exhibit A that s/he has read, understood, and will abide by the terms of this Protective Order.

7. All depositions or portions thereof taken in this matter may be designated pursuant to one of the categories of confidentiality as set forth above. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified under this Protective Order. Confidentiality designations for depositions shall be made either on the record or by the written notice to the other party within ten (10) business days of receipt of the transcript. Depositions shall be treated as "ATTORNEYS EYES ONLY" during the ten-day period following receipt of the transcript.

8. The deposition of any witness (or any segment thereof) which discusses or discloses documents or information designated as "ATTORNEYS EYES ONLY" will be taken only in the presence of attorneys for the parties, the Court or stenographic reporter, and persons who are qualified to have access to CONFIDENTIAL INFORMATION in accordance with this Protective Order.

9. It is expressly contemplated and agreed that the terms of this Protective Order are applicable to CONFIDENTIAL INFORMATION designated as such by a non-party, and/or produced by a non-party in connection with this litigation, and that the parties will treat all such designated CONFIDENTIAL INFORMATION of a non-party in accordance with the terms of this Protective Order.

10. Any party herein may request a change in the designation of any information designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY." If a party to whom such information is produced (the "Receiving Party"), believes in good faith that any information is improperly designated pursuant to the categories set forth above, the Receiving Party may, within ten (10) business days after receiving such information, notify the Designating Party of all information which is believed to be improperly designated. Within ten (10) business days of receipt of such notice, the parties shall confer and attempt to resolve all disputes as to document designation. Within fifteen (15) business days of receipt of such notice, the Designating Party shall, by motion or otherwise, apply to the Court to determine whether the information is properly designated and shall submit a letter brief explaining the grounds for the designation. Within seven (7) business days thereafter, the Receiving Party shall have the right to respond with a letter brief addressing the disputed designations. The matter may be resolved by hearing, or, if the Court is available, by telephone conference. The Designating Party shall bear the burden of demonstrating that the information is properly designated pursuant to this Protective Order. The documents and information shall be deemed confidential during the period that the designation is disputed.

11. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Court Administrator that contain any CONFIDENTIAL INFORMATION shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court Administrator in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for

review by Court personnel, nor are the contents thereof to be disclosed except by Order of the Court.

12. This Protective Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of confidential material.

13. Information designated as confidential by the parties pursuant to one of the categories set forth above shall remain subject to the terms of this Protective Order unless and until the parties agree to the deletion of the designation or upon order of the Court.

14. Within a reasonable time after the final disposition of this action, all information covered by this Protective Order shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated confidential is so destroyed, the party destroying the information shall certify to the other party that all confidential information of the other in its possession, care, custody, or control has been destroyed. However, outside counsel may retain one copy of any pleading containing "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information, for archival purposes.

15. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by providing all other parties with a written description of such documents or information within ten (10) days of production (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the ten (10) day designation period, unless treated as "ATTORNEYS EYES ONLY" and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

16. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege; provided that the producing party shall notify the receiving party of such inadvertent production no later than the first time the producing party knows or should have known of its use by the receiving party. Such inadvertently produced documents shall be returned to the producing party upon request, provided that the producing party makes a showing of the circumstances surrounding the documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within five (5) days, the producing party may, within five (5) days thereafter, petition the Court to resolve the matter. The non-producing party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any person, other than those persons who have had it in their possession prior to receipt of notification from the producing party, until the expiration of the five (5) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Stipulated Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced work production immunity or attorney/client privileged documents.

17. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or from seeking a ruling from the Court at any time that any such documents, testimony, or other materials or information need not be treated as confidential. In addition,

information designated as "confidential" pursuant to this Protective Order shall not be construed by either party to constitute proprietary or trade secret information for any other purpose.

18. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, referring to or relying upon his/her examination of CONFIDENTIAL INFORMATION, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not make any disclosure of CONFIDENTIAL INFORMATION.

**WINTHROP & WEINSTINE, P.A.**

Dated: January 21, 2002

By: ____________________
Craig S. Krummen (#259081)
David A. Davenport (#285109)

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

***Attorneys for Plaintiff***

**FREDRIKSON & BYRON, P.A.**

Dated: January 21, 2002

By: ____________________
Dean R. Karau (#225186)
Robin Preble (#271901)

1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
Telephone: (612) 347-7000
Facsimile: (612) 347-7077

***Attorneys for Defendant***

IT IS SO ORDERED.

Dated: January 22, 2002.

**UNITED STATES DISTRICT COURT**

Susan Richard Nelson

**The Honorable Susan Richard Nelson**
**United States Magistrate Judge**

idmsmpl:478979_1

EXHIBIT A

I will not divulge to persons other than those specifically authorized by the above Protective Order, and will not copy or use, except solely for the purposes of this litigation and pursuant to the terms of the Protective Order, any documents or information, or copies thereof, designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" obtained pursuant to the above Protective Order. No later than thirty days after final termination of this legal action, I will return to trial counsel all documents or copies thereof containing confidential information, including, all copies, excerpts, summaries, and notes, which have come into my possession, custody or control and all documents which I have prepared relating thereto.

Dated: _______________. ____________________________________

idmsmpl:478979_1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.