UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**The Rottlund Company, Inc. d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Plaintiff,**

**v.**

**Pinnacle Corporation d/b/a/ Town & Country Homes, an Illinois Corporation**

**Defendant.**

**Civil No. 01-1980 (DSD/SRN)**

**ORDER**

---

David A. Davenport, Esq. and Craig S. Krummen, Esq., on behalf of Plaintiff.

Robin Preble, Esq. and Dean R. Karau, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on February 19, 2002, on Plaintiff's Motion to Amend Complaint (Doc. No. 31).

This Order addresses that Motion.

## I. MOTION TO AMEND COMPLAINT

### A. Background.

Plaintiff is a Minnesota corporation that owns a copyright on an architectural design plan for an eight-unit town home complex. The copyright specifically covers a technical drawing entitled Rush Creek Villa II, 8 unit w/no step. On November 1, 2001, Plaintiff served the Complaint, claiming: (1) copyright infringement; (2) false advertising under the Lanham Act; (3)

MAY 20 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

violation of the Minnesota Uniform Deceptive Trade Practices Act; and (4) unfair competition. Plaintiff alleges that these claims arise from Defendant purchasing land and constructing "Bayview" town homes in Maple Grove, Minnesota.

**B. Discussion.**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular, leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983). The Eighth Circuit has also held,

however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

Plaintiff seeks to amend the Complaint to add Town & Country Homes, Inc., a Minnesota corporation (TCM) as a party, subject to the allegations and claims already listed in the Complaint. In addition, Plaintiff seeks to add allegations against TCM for its involvement with Bayview town homes in Plymouth, Shakopee, and Lakeville, Minnesota.

Plaintiff seeks to add additional factual allegations against Defendant for its alleged involvement with the Bayview town homes located in Plymouth, Shakopee, and Lakeville, Minnesota. Plaintiff also seeks to add factual allegations concerning Defendant and TCM's involvement in a town home referred to as the "Garfield," which is located in Aurora, Illinois.

Finally, Plaintiff has now successfully registered a copyright for the architectural work in question, and seeks to modify the Complaint to add this copyright.

At the April 22, 2002, hearing on Defendant's motion to dismiss for lack of personal jurisdiction, the Court inquired of Defendant if, in the event that the Court denied its motion to dismiss, it would stipulate to the Amended Complaint. Defendant replied that its primary objection to the Amended Complaint was the personal jurisdiction issue. Consequently, it stated it would be willing to stipulate to the Amended Complaint, provided that Plaintiff serve both Defendant and TCM individually.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Amend Complaint (Doc. No. 31) is **GRANTED**.

Dated: May 20, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge