UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v. **ORDER**

Pinnacle Corporation, d/b/a
Town & Country Homes, an
Illinois corporation,

Defendant.

Craig S. Krummen, Esq., David A. Davenport, Esq. and Winthrop & Weinstine, 60 South Sixth Street, Suite 3000, Minneapolis, MN 55402, counsel for plaintiff.

Dean R. Karau, Esq., Robin L. Preble, Esq. and Fredrikson & Byron, 1100 International Center, 900 Second Avenue South, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated May 21, 2002. In her report, the magistrate judge recommended that defendant's motion to dismiss for lack of personal jurisdiction be denied. Defendant now objects to the magistrate judge's recommendation asserting that it is contrary to the law and that this court should grant defendant's motion to dismiss in its entirety.

FILED 7-19-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

The report of the magistrate judge fully discussed the reasons why defendant's motion must be denied. After conducting a de novo review of the file and record, the court will adopt the magistrate judge's report and recommendation in its entirety.

**DISCUSSION**

In order to defeat a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), plaintiff need only "make out a prima facie showing of jurisdiction." Dakota Industry, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). In deciding whether plaintiff has met this burden, the court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Digi-Tel Holdings, Inc. v. Proteg Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

The federal court in Minnesota may exercise personal jurisdiction over a non-resident defendant if: (1) the facts presented satisfy the requirements of the Minnesota long-arm statute, Minn. Stat. § 543.19, and (2) the exercise of personal jurisdiction does not offend due process. See Wessels, Arnold & Henderson v. Nat'l Medical Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995). However, because Minnesota's long-arm statute has been interpreted to confer personal jurisdiction over non-resident defendants to the fullest extent consistent with due process, the

court need only evaluate whether the exercise of personal jurisdiction would offend due process. See id.

To determine if the requirements of due process are satisfied, the court must first decide whether plaintiff has shown that defendant has maintained "minimum contacts" with Minnesota such that it "should reasonably anticipate being haled into court there." Id. at 1432. The contacts with the forum state may not be random, fortuitous or attenuated. See Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998). Rather, it is imperative that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

"Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice." Minnesota Mining & Mfg., Inc. v. Nippon Carbide Indus. Co., 63 F.3d 694, 697 (8th Cir. 1995), cert. denied, 516 U.S. 1184 (1996) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Therefore, "[e]ven if the defendant has purposefully established the necessary 'minimum contacts' within

the forum State, consideration of 'fair play and substantial justice' may nevertheless defeat the reasonableness of jurisdiction." Sybartic, Inc. v. Interport Intern, Inc., 957 F.2d 522, 524 (8th Cir. 1992) (citing Burger King, 471 U.S. at 476-78).

Relying on those principles, the Eighth Circuit has established a five-part test, under which the court must consider: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. See Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1340 (8th Cir. 1983); Sybartic, 957 F.2d at 524 (noting that [t]his analytical framework incorporates the notions of both 'minimum contacts' and 'fair play and substantial justice." '). The court affords the greatest weight to the first three factors in its jurisdictional analysis. See Digi- Tel, 89 F.3d at 522-23.

Consistent with the analytical framework described above, the magistrate judge considered the nature, quality and quantity of defendant's contacts with Minnesota, particularly in relation to the cause of action arising out of the purchase of the real property in dispute and the architectural design plans and site maps at issue in this case. Viewing the facts in the light most favorable to plaintiff, the magistrate judge determined that

defendant's contacts with Minnesota were sufficient to defeat defendant's motion to dismiss. The court agrees with that determination. The magistrate judge correctly ascertained that the facts overwhelmingly demonstrate defendant has sufficient minimum contacts with Minnesota to justify this court's exercise of personal jurisdiction over it. In other words, personal jurisdiction over the defendant in this case is derived from defendant's own activities that demonstrate that it is engaged in business in Minnesota.[1]

Finally, the court does not believe that the magistrate judge erred or made any unreasonable inferences from the factual record. After reviewing that record, and looking at the varying contacts in the aggregate and considering the totality of circumstances, the court concurs with the magistrate judge's assessment that there is a sufficient evidentiary basis to support the conclusion that exerting personal jurisdiction over defendant is proper in this case in light of defendant's contacts and use of its activities in Minnesota. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) ("[w]hen a corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' it has clear notice that it is subject to suit there").

---

[1] The court also concurs with the magistrate judge's conclusion that because defendant is directly involved in Minnesota, the question of piercing the corporate veil is irrelevant to determining the issue of personal jurisdiction.

Accordingly, after viewing the factual record in the light most favorable to plaintiff, the court finds that the nature, quantity and quality of defendant's contacts with Minnesota and the relationship of those contacts to plaintiff's claim are sufficient to confer personal jurisdiction over defendant. The court will therefore adopt the magistrate judge's report and recommendation in its entirety and defendant's motion to dismiss is denied.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 17] is denied.

Dated: July 19, 2002

David S. Doty, Judge
United States District Court