UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc. a Minnesota Corporation.<br><br>Defendants. | ) | No.: 01-CV-1980 (DSD/SRN)<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER BETWEEN PLAINTIFF, DEFENDANTS AND BLOODGOOD ARCHITECTS AND PLANNERS OF IOWA, INC., D/B/A BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC.** |

WHEREAS, the undersigned parties anticipate that the information produced in response to a Subpoena Duces Tecum served on Bloodgood Architects and Planners of Iowa, Inc., d/b/a Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB Architects") in the above-captioned case may contain or constitute confidential information and the parties wish to expedite and facilitate the production of such information;

WHEREAS, Plaintiff has not sought, nor is BSB Architects willing to terminate or alter BSB Architects' statutory or common law intellectual property rights to the documents or information that has been requested by the Plaintiff;

WHEREAS, the parties are willing to enter into this Confidentiality Stipulation and Protective Order as a condition to the disclosure of such confidential information and/or the inspection of documents containing confidential information; and

FILED AUG 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, the parties agree that they will abide by the terms of this Confidentiality Stipulation and Protective Order during the period prior to the Court's execution of this document, whenever that may be;

NOW THEREFORE, it is hereby stipulated and agreed among the undersigned parties as follows:

1. As used herein, "CONFIDENTIAL INFORMATION" means all documents and all other information which has been designated by BSB Architects as either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" according to the procedures set forth below. In the case of documents, such designation shall be made by stamping the designation on the document, in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is CONFIDENTIAL INFORMATION, and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information CONFIDENTIAL INFORMATION.

2. All CONFIDENTIAL INFORMATION shall be used solely for purposes of this litigation.

3. BSB Architects shall use its own judgment in determining the scope of the production to be made in response to any subpoena or other document or discovery request. BSB Architects shall also use its own judgment in determining the designations to place on documents or information to be produced as CONFIDENTIAL INFORMATION. BSB shall not be limited in the resources or means in which it chooses to obtain any and all information that it deems relevant to exercising its judgment.

4. The drawings and other documents prepared by BSB Architects for the Centennial Crossing Project are instruments of BSB Architects' service, for use solely with

respect to said project and unless otherwise provided, BSB Architects represents that it is the author of these documents and the parties agree that BSB Architects shall retain all common law, statutory and other reserved rights, including copyright. BSB Architects' drawings and other documents shall not be used by anyone on other projects, for additions to the Centennial Crossing Project or for completion of any project, except by agreement in writing and with appropriate compensation, waiver of claims, and indemnity to BSB Architects.

5. Except for the non-exclusive license granted herein, no other license or right shall be deemed granted or implied. The undersigned parties shall not assign, delegate, sublicense, pledge or otherwise transfer any license granted herein to another party without prior written agreement of BSB Architects. BSB Architects shall retain all common law, statutory and other reserved rights, including copyrights, to the material produced pursuant to this Protective Order.

6. Documents and information designated as "CONFIDENTIAL" may be used by, copied by, exhibited to or disclosed to only the following persons or entities:

(a) The key personnel of the parties involved in and/or making decisions with regard to this litigation;

(b) Attorneys for the undersigned parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation or trial of this case;

(c) Court reporters used in connection with this action at deposition and/or trial;

(d) The Court and its staff; and

(e) Testifying or consulting experts who are not otherwise employed by the parties or any entities related to the parties, and employees of such testifying or consulting experts.

Prior to documents and information designated as CONFIDENTIAL INFORMATION being used by, copied by, exhibited to or disclosed to the individuals or entities listed in Paragraphs a, b, c and e, such persons or entities must agree to execute and adhere to the terms of Exhibit A hereto.

7. Documents and information designated as "ATTORNEYS EYES ONLY" may only be used by, copied by exhibited to or disclosed to the individuals listed in Paragraphs b, c and d above. The parties agree that documents and information shall only be designated as "ATTORNEYS EYES ONLY" if the documents or information are such that disclosure to any employees of the parties to the litigation may cause irreparable injury, or that the documents contain construction documents, architectural contracts, fee structures, financial documents, billing statements, invoices, identification of customers, pricing information, costs information, product specifications and formulas that are not publicly available, or other information that would satisfy the definition of Minn. Stat. §325C.01, subd. 5.

8. Nothing in this Stipulation shall restrict a party's right to seek relief from this Protective Order or seek further protection from the Court.

9. All depositions or portions thereof taken in this matter may be designated as set forth above. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified under this Protective Order. Confidentiality designations for depositions shall be made either on the record or by the written notice to the other party within ten (10) business days of

receipt of the transcript. Depositions shall be treated as "CONFIDENTIAL INFORMATION" during the ten-day period following receipt of the transcript.

10. The deposition of any witness (or segment thereof) which discusses or discloses documents or information designated as "ATTORNEYS EYES ONLY" may be taken in the presence of attorneys for the parties, or persons who are qualified to have access to ATTORNEYS EYES ONLY information in accordance with this Protective Order. Anyone who is not qualified to have access to the ATTORNEYS EYES ONLY documents shall be excluded from any deposition, or portion thereof, which discusses or discloses documents or information designated as ATTORNEYS EYES ONLY.

11. It is expressly contemplated and agreed that the terms of this Protective Order are applicable to CONFIDENTIAL INFORMATION designated as such by BSB Architects in connection with this litigation, and that the parties will treat all such designated CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

12. Plaintiff may request a change in the designation of any information it receives from BSB Architects that has been designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY." If Plaintiff, believes in good faith that any information is improperly designated, Plaintiff may, within fifteen (15) business days after receiving such information, notify the BSB Architects of all information which is believed to be improperly designated. Within fifteen (15) business days of receipt of such notice, Plaintiff and BSB Architects shall confer and attempt to resolve all disputes as to document designation. Within fifteen (15) business days of a failure to resolve a dispute as to designation, Plaintiff shall, by motion or otherwise, apply to the Court to determine whether the information is properly designated and shall submit a letter brief explaining the grounds for objection to the designation. Within fifteen (15) business days

thereafter, BSB Architects shall have the right to respond with a letter brief addressing the disputed designations. The matter may be resolved by hearing, or, if the Court is available, by telephone conference. The documents and information shall be deemed CONFIDENTIAL INFORMATION during the period that the designation is disputed.

13. Defendants may request a change in the designation of any information it receives from BSB Architects that has been designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY." If Defendants, believe in good faith that any information is improperly designated, Defendants may, within fifteen (15) business days after receiving such information, notify the BSB Architects of all information which is believed to be improperly designated. Within fifteen (15) business days of receipt of such notice, Defendants and BSB Architects shall confer and attempt to resolve all disputes as to document designation. Within fifteen (15) business days of a failure to resolve a dispute as to designation, Defendant shall, by motion or otherwise, apply to the Court to determine whether the information is properly designated and shall submit a letter brief explaining the grounds for objection to the designation. Within fifteen (15) business days thereafter, BSB Architects shall have the right to respond with a letter brief addressing the disputed designations. The matter may be resolved by hearing, or, if the Court is available, by telephone conference. The documents and information shall be deemed CONFIDENTIAL INFORMATION during the period that the designation is disputed.

14. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Court Administrator that contain any CONFIDENTIAL INFORMATION shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court

Administrator in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by Court personnel, nor are the contents thereof to be disclosed except by Order of the Court.

15. This Protective Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of CONFIDENTIAL INFORMATION.

16. CONFIDENTIAL INFORMATION designated as confidential by BSB Architects shall remain subject to the terms of this Protective Order unless and until BSB Architects and Plaintiff agree to the deletion of the designation or upon order of the Court.

17. CONFIDENTIAL INFORMATION designated as confidential by BSB Architects shall remain subject to the terms of this Protective Order unless and until BSB Architects and Defendants agree to the deletion of the designation or upon order of the Court.

18. Within a reasonable time after the final disposition of this action, all CONFIDENTIAL INFORMATION covered by this Protective Order shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated CONFIDENTIAL INFORMATION is so destroyed, the party destroying the information shall certify to the other party that all CONFIDENTIAL INFORMATION of the other in its possession, care, custody, or control has been destroyed.

19. The parties recognize that for purposes of expediency, BSB Architects may produce confidential documents or information without the appropriate designation. In such circumstances, BSB Architects may thereafter designate such documents or other information as "CONFIDENTIAL" or “ATTORNEYS EYES ONLY” by providing the other party with a written description of such documents or information within ten (10) days of production (the

"designation period") which indicates they are to be considered CONFIDENTIAL INFORMATION.

20. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege; provided that BSB Architects shall notify the receiving party of such inadvertent production no later than the first time that BSB Architects knows or should have known of its use by the receiving party. Such inadvertently produced documents shall be returned to BSB Architects upon request, provided that the producing party makes a showing of the circumstances surrounding the documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within five (5) days, BSB Architects may, within five (5) days thereafter, petition the Court to resolve the matter. The receiving party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any person, other than those persons who have had it in their possession prior to receipt of notification from the producing party, until the expiration of the five (5) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Protective Order precludes BSB Architects from petitioning the Court for return of later-discovered, inadvertently produced work production immunity or attorney/client privileged documents.

21. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, referring to or relying upon his/her examination of CONFIDENTIAL INFORMATION.

22. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions this Protective Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. However, the foregoing provision shall not be construed as a waiver or limitation of other remedies that may be available to the aggrieved party. The parties and any other persons subject to the terms of the Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order and the underlying Subpoena Duces Tecum, including any amendments thereto, notwithstanding any subsequent disposition of this action.

23. Plaintiff and Defendants agree that that this Protective Order has no relationship to or bearing upon any other order relating to this case, and, without limitation, shall not be used to construe, interpret or otherwise evidence the meaning of any of the terms of any other order relating to this case, including, but not limited to, the Confidentiality Stipulation and Protective Order executed by the Court on January 22, 2002.

Dated: 7/19/02

**WINTHROP & WEINSTINE, P.A.**

By: [signature]
Craig S. Krummen (#259081)
David A. Davenport (#285109)

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

***Attorneys for Rottlund Homes***

Dated: 7/22/2002

**FREDRIKSON & BYRON, P.A.**

By: ______________________________

**Dean R. Karau (#225186)**
**Robin Preble (#271901)**

**1100 International Centre**
**900 Second Avenue South**
**Minneapolis, MN 55402**
**Telephone: (612) 347-7000**
**Facsimile: (612) 347-7077**

***Attorneys for Pinnacle Corporation d/b/a Town & Country Homes and Town & Country Homes, Inc.***

**BLOODGOOD ARCHITECTS AND PLANNERS OF IOWA, INC. , D/B/A BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC.**

By:______________________

Douglas Sharp
Its: President

1601 West Lakes Pkwy., Suite 200
West Des Moines, Iowa 50266

**IT IS SO ORDERED.**

Dated: ______________________.

**UNITED STATES DISTRICT COURT**

______________________________

**The Honorable Susan Richard Nelson**
**United States Magistrate Judge**

Dated: ______________________

**FREDRIKSON & BYRON, P.A.**

By: ________________________________
**Dean R. Karau (#225186)**
**Robin Preble (#271901)**

**1100 International Centre**
**900 Second Avenue South**
**Minneapolis, MN 55402**
**Telephone: (612) 347-7000**
**Facsimile: (612) 347-7077**

***Attorneys for Pinnacle Corporation d/b/a Town & Country Homes and Town & Country Homes, Inc.***

**BLOODGOOD ARCHITECTS AND PLANNERS OF IOWA, INC. , D/B/A BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC.**

By:________________________
Douglas Sharp
Its: President

1601 West Lakes Pkwy., Suite 200
West Des Moines, Iowa 50266

**IT IS SO ORDERED.**

Dated: August 9, 2002.

**UNITED STATES DISTRICT COURT**

________________________________
**The Honorable Susan Richard Nelson**
**United States Magistrate Judge**

EXHIBIT A

STATE OF ______________)
)
COUNTY OF ____________)

The undersigned, ______________________, being duly sworn upon oath, hereby acknowledges that he/she has read the Confidentiality Stipulation and Protective Order Between Plaintiff, Defendants and Bloodgood Architects and Planners of Iowa, Inc., d/b/a Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("Stipulation"). The undersigned further acknowledges that he/she understands the terms and conditions of the Stipulation and agrees to abide by and adhere to such terms and conditions.

Dated:____________________ ________________________________

Subscribed and sworn to before me
this ______ day of _________, 2002.

________________________________
Notary Public

idmsmpl:510184_1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.