UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v. **ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of
Iowa, Inc., an Iowa corporation,

Third-Party Defendant.

This matter is before the court upon the objection of defendant Town & Country Homes, Inc. (“TCM”) to the report and recommendation (“R&R”) of United States Magistrate Judge Susan

R. Nelson dated December 24, 2003.[1] In her report, the magistrate judge recommended that the motion of defendant and third-party defendant Bloodgood Sharp Buster ("BSB") for partial summary judgment be granted in part, denied in part and denied in part without prejudice and that TCM's cross-claim for contribution and indemnification be dismissed with prejudice. TCM objects to Magistrate Judge Nelson's recommendation that its contribution and indemnification claim be dismissed.

## BACKGROUND

Plaintiff The Rottlund Company, Inc. ("Rottlund") holds copyrights on a number of architectural design plans. It brought several copyright infringement and related claims against defendant Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc. of Minnesota ("TCM"). Defendant TCM filed a third-party complaint against its architect, Bloodgood Sharp Buster Architects and Planners of Iowa and The Bloodgood Group, Inc. (collectively "BSB"). TCM seeks contribution and indemnification from BSB in the event that Rottlund prevails on any of its claims against TCM.

[1] TCM identifies its challenge to the R&R as an appeal. Because the R&R contains only the recommendations of the magistrate judge, the proper challenge is by objection. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1(c)(2). The court construes TCM's appeal accordingly.

Rottlund later amended its complaint by bringing claims directly against BSB. BSB now moves for partial summary judgment. The magistrate judge recommends that the motion be granted to the extent that TCM's contribution and indemnification claims are based on violations of the Copyright Act or the Lanham Act. TCM objects to the recommendation.

## DISCUSSION

### I. Standard of Review

This court reviews the reports and recommendations of magistrate judges de novo. See 28 U.S.C. § 636(b)(1)(c). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. **Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."** At issue here is the magistrate judge's recommendation that TCM's claims for contribution and indemnification be summarily denied because they are not legally cognizable in actions arising under the Copyright Act or the Lanham Act.

## II. Contribution

It is undisputed that there is no express right to contribution under the Copyright Act. See 17 U.S.C. § 1, et seq.; TCM's Mem. Obj. R&R at 4. However, TCM argues that the right is implicit in the statute and its history, purpose and structure. The United States Supreme Court has described three means by which a right to contribution may arise in the context of a federal statutory scheme. First, the right of contribution may be expressly established in the statute. See Northwest Airlines, Inc. v. Transp. Workers Union, 451 U.S. 77, 90-91 (1981). Second, the right may be clearly implied by "the language of the statute itself, its legislative history [and] the underlying purpose and structure of the statutory scheme." Id. at 91. Third, in limited circumstances, it is within "the power of the courts to fashion a federal common law of contribution."[2] Texas Indus., Inc. v. Radcliff Materials, Inc.,

---

[2] The Court has also considered the circumstance where the courts found a private right of action and joint and several liability to be implicit in a federal statutory scheme. See Musick, Peeler & Garrett v. Employers Ins., 508 U.S. 286, 292 (1993) (considering availability of contribution in private actions arising under Rule 10b-5 of the rules promulgated under the Securities Exchange Act of 1934). In that instance, the Court noted that "[h]aving implied the underlying [joint and several] liability in the first place, to now disavow any authority to allocate it on the theory that Congress has not addressed the issue would be most unfair to those against whom damages are assessed." Id. TCM does not base its argument on (continued...)

451 U.S. 630, 638 (1981) (citing Cooper Stevedoring Co. v. Fritz Kopke, Inc., 417 U.S. 106, 110-11 (1974) and noting the evolution of a federal common law in admiralty, interstate and foreign relations).

In reviewing BSB's motion for summary judgment on TCM's contribution and indemnification claims, the magistrate judge applied both the Northwest Airlines analysis and the Musick analysis and concluded that there is no right to contribution or indemnification under either test. (R&R at 14 & 21.) TCM asserts that the right to contribution is implicit in the Copyright Act because Congress expressly recognized joint and several liability under the Act and because courts have recognized vicarious liability for violations. See 17 U.S.C. § 504(c) (allowing plaintiffs to seek statutory damages where two or more infringers are jointly and severally liable); Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971) (citing cases recognizing secondary or contributory liability).

The court finds that the magistrate judge correctly applied

---

[2](...continued)
a Musick analysis, but does assert that "Musick ... does not eliminate the implicit basis for contribution set forth by the Court in Northwest Airlines." (TCM Mem. Obj. R&R at 4 n.2.)

the analysis set forth in Northwest Airlines and Texas Indus.[3] The court must consider the language, history, purpose and structure of the Act, as well as the persons for whose benefit Congress acted. See Northwest Airlines, 451 U.S. at 91; Texas Indus., 451 U.S. at 638. Properly focusing on the intent of Congress, the magistrate judge noted that neither the language of the Act itself nor its legislative history speaks to contribution. That is not dispositive, because implied rights of action are, by definition, not expressed in the statute and are often omitted from the legislative history. See Northwest Airlines, 451 U.S. at 94. Nonetheless, without some other basis from which Congressional intent may be inferred, a private right of contribution cannot be said to exist under the Act. See id.

As Magistrate Judge Nelson pointed out, the legislative history leading up to the 1976 amendments shows that Congress specifically addressed contributory infringement, was aware it could limit liability for contributory infringement and expressly chose not to do so.[4] See H.R. Rep. No. 94-1476, at 61

---

[3] TCM agrees that the analysis set forth in Northwest Airlines is appropriate in this case. (TCM Mem. Obj. R&R at 4 & n.2.)

[4] Contrary to TCM's argument, Magistrate Judge Nelson recognized that the 1976 amendment codified the judicially (continued...)

(1976), reprinted in 1976 U.S.C.C.A.N. 5659. That Congress acted affirmatively to retain contributory infringement but took no action to establish a right of contribution is evidence of its intent that no such right of action inheres in the Act.

The magistrate judge also considered the purposes of the Act, which include protection of creative authors and punishment of infringers.[5] (See id., citing Harper & Row Publishers, Inc. v. Nation Enter., 471 U.S. 539, 546 (1985).) Magistrate Judge Nelson observed that the Act evinces "little concern for infringers," as even those who are unaware that they are infringing may be found liable under the Act. (R&R at 8.) Finally, the magistrate judge found that the structure of the Act militates against an implied right to contribution because it "'provides the owner of a copyright with a potent arsenal of remedies against an infringer.'" (Id. at 9, quoting Sony Corp.

---

[4](...continued) established principles of vicarious infringement. (R&R at 20, citing Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 486 & n.37 (1984) (Blackmun, J., dissenting).)

[5] TCM argues that the primary purpose of the Act is to benefit the public, not to reward authors. See 1 M. Nimmer & D. Nimmer, Nimmer on Copyright § 1.03. But, as the cases make clear, the manner in which that purpose is accomplished is through the protection of authors and the punishment of wrongful infringers. See Harper & Row, 471 U.S. at 546 (citing Sony Corp., 464 U.S. at 429); see also United States v. Paramount Pictures, Inc., 334 U.S. 138, 151 (1948) (noting that the "reward to the author induces release to the public of the products of his creative genius").

v. Universal City Studios, Inc., 464 U.S. 417, 434-35 (1984).) The establishment by Congress of a thorough remedial scheme is strong evidence of its intent to foreclose those remedies it did not choose to include in the Act. See Northwest Airlines, 451 U.S. at 93-94.

Finally, the court finds that TCM's reliance on Too, Inc. is misplaced. See Too, Inc. v. Kohl's Dept. Stores, Inc., 213 F.R.D. 138, 141-42 (S.D.N.Y. 2003). As the magistrate judge correctly explained, the Too, Inc. court erroneously conflated state and common law principles of contribution with principles of contributory infringement. See id. at 141 (citing Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971) (establishing the elements of vicarious liability for contributory infringement)). Of course, liability for contributory infringement runs in favor of the copyright holder, while contribution, where permitted, runs in favor of a joint-wrongdoer.

The magistrate judge correctly found that the Copyright Act itself does not expressly speak to contribution, that its legislative history does not evidence an intent to create a right of action in contribution, that the purpose of the statute is not to protect joint infringers and that the structure of the statute implies that Congress included only the remedies it

intended in the Act. Therefore, the court finds that the magistrate judge correctly applied the Northwest Airlines analysis in concluding that there is no implicit right of action in contribution in the Copyright Act.[6]

**III. Indemnification**

TCM argued to the magistrate judge that its claim of indemnification was based upon BSB's breach of duty rather than any violations of the federal statutes. (TCM's Mem. Opp'n Partial Summ. J. at 10.) The magistrate judge correctly explained that to the extent TCM may be found liable to Rottlund on its federal claims, TCM may seek indemnification only where the federal statute at issue or the federal common law allows such claim. See Green v. U.S. Dep't of Labor, 775 F.2d 964, 971

[6] The magistrate judge also concluded that indemnification was not implicit in, or available under, the Copyright Act. (R&R at 14 n.8.) In a footnote, TMC argues that indemnification is also implicit in the Act, "for the reasons set forth in [its] Memorandum." (TCM's Mem. Obj. R&R at 3 n.1.) The court agrees with the magistrate judge's conclusion that indemnification is neither expressly or implicitly authorized under the Copyright Act.

TCM also points out that the magistrate judge did not address the availability of contribution under plaintiff's state law claims. As the magistrate judge explained, "[n]either TCM or BSB has addressed the applicability of contribution or indemnity to Rottlund's state law claim against TCM. Thus, the Court does not address the issue. (R&R at 3 n.1.) The magistrate judge has recommended summary judgment only on TCM's claims for contribution and indemnification relative to Rottlund's Copyright Act and Lanham Act claims against TCM. Therefore, there are no issues relative to the state law claim currently before the court.

(8th Cir. 1985). Thus, to the extent that TCM bases its claim for indemnification upon any liability it faces stemming from Rottlund's Copyright and Lanham Act[7] claims, summary judgment in favor of BSB is appropriate. However, as the magistrate judge noted, TCM is not foreclosed from asserting a properly supported contractual indemnity claim, professional negligence or professional malpractice claim against BSB under controlling state law principles.[8] (R&R at 24.)

**CONCLUSION**

For the foregoing reasons, and after de novo review of the file, record and proceedings herein, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that defendant and third-party defendant Bloodgood Sharp Buster's motion for partial summary judgment against defendant and third-party plaintiff Town & Country Homes, Inc. ("TCM") [Doc. No. 280] is granted in part, denied in part and denied in part without prejudice. Defendant TCM's contribution and indemnity claims relating to any

---

[7] Indemnification is not available under the Lanham Act. See Santana Prod., Inc. v. Bobrick Washroom Equip., Inc., 69 F. Supp.2d 678, 690 (M.D. Pa. 1999).

[8] As previously noted, the question of the availability of contribution and indemnification relative to Rottlund's state law claim is not presently before the court.

liability TCM may have under plaintiff The Rottlund Company, Inc.'s Copyright Act and Lanham Act claims are dismissed with prejudice.

Dated: February 18, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court