**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc.**
**d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Plaintiff,**

**v.**

**Pinnacle Corporation**
**d/b/a/ Town & Country Homes,**
**an Illinois Corporation, and**
**Town & Country Homes, Inc.,**
**a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc.,**
**a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster**
**Architects & Planners of Iowa, Inc.,**
**an Iowa Corporation**

**Third-Party Defendant.**

**Civil No. 01-1980 (DSD/SRN)**

**ORDER**

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendant Town & Country Homes' Motion to Quash the Deposition Subpoena Served on Dean Karau (Doc. No. 217). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Plaintiff seeks to take the deposition of attorney Dean Karau, current counsel for Defendant Town & Country Homes (TCM) and former counsel for Defendant Pinnacle. In general, Plaintiffs seek answers to whether Mr. Karau actually received or possesses certain documents that TCM and Pinnacle appear to have sent him. For instance, one of the cover pages that Mr. Karau did receive states: "Competition product survey for Minneapolis area." An actual competition product survey has not been located in the parties' files. Thus, Plaintiff wants to ask Mr. Karau, *inter alia*, if the competition product survey for Minneapolis was attached to the cover page sent to him or part of in any other documents sent to him by any of the defendants.

The Eighth Circuit has sharply limited the ability to depose opposing counsel. Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). The taking of opposing counsel's deposition "should be limited to where the party seeking to take the deposition has shown that (1) no other means

exist to obtain the information [other] than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id.

The Court grants TCM's motion to quash the deposition of Dean Karau. At this time, Plaintiff has not met the above standard for the taking of Mr. Karau's deposition. Alternatively, TCM shall provide the Court for in camera inspection all documents forwarded to the Fredrikson & Byron law firm by any of the defendants in this case that pre-date the latest of Plaintiff's first request for production of documents to either TCM or Pinnacle. For example, if Plaintiff's first request for production of documents to Pinnacle was made on January 1, 2002 and Plaintiff's first request for production of documents to TCM was made on January 10, 2002, then all documents forwarded to Fredrikson & Byron before January 10, 2002 by any of the defendants shall be provided to the Court in camera. Consistent with the direction provided during the status conference on February 23, 2004, client correspondence seeking legal advice need not be provided to the Court, but any documents attached to such correspondences falling within the above parameters must be produced. Fredrikson & Byron shall provide the Court with the appropriate documents by March 15, 2004.

Therefore, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED that:**

**1.** Defendant Town & Country Homes' Motion to Quash the Deposition Subpoena Served on Dean Karau (Doc. No. 217) is **GRANTED**.

Dated: February 24, 2004.

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge