**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc.**
**d/b/a/ Rottlund Homes, a Minnesota**
**Corporation**

**Civil No. 01-1980 (DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Pinnacle Corporation**
**d/b/a/ Town & Country Homes,**
**an Illinois Corporation, and**
**Town & Country Homes, Inc.,**
**a Minnesota Corporation, Bloodgood**
**Sharp Buster Architects and Planners of**
**Iowa, Inc., an Iowa Corporation, and**
**The Bloodgood Group, Inc., an Iowa**
**Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc.,**
**a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster**
**Architects & Planners of Iowa, Inc.,**
**an Iowa Corporation**

**Third-Party Defendant.**

---

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq. and Matthew Farmer, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendant Town & Country Homes, Inc. and Defendant Pinnacle Corp.'s Motion to Strike Portions of the Fifth Amended Complaint or for a More Definite Statement (Doc. No. 306). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

On September 11, 2003, this Court granted Rottlund leave to amend its complaint. Among the amendments permitted, were allegations that Defendant Town & Country Homes' (TCM) Chateau Collection townhomes infringed Rottlund's Villa II architectural designs and works. The Rottlund Co. v. Pinnacle Corp. et al., No. 01-1980, Order at 7-9 (D. Minn. Sept. 11, 2003).[1] Specifically, the Court explained, quoting the fifth amended complaint, that Rottlund alleges that "'TCM's latest generation of back to back townhome designs, the Chateau Collection, are illegal derivatives because .

---

[1] Although this Order was issued prior to the United States District Court for the District of Minnesota's conversion to electronic case management, this Order was selected for electronic posting. For ease of reference, the Court will cite to the pagination of the paper copy originally issued, not the electronic version.

. . the Copyright Act, 17 U.S.C. § 106(2), extends to Plaintiff the exclusive right to create derivative material from its copyrighted Villa II architectural designs and works.'" Id. at 8. The Court held that "Rottlund's primary claim is that ultimately the Chateau Collection is an illegal derivative of Rottlund's Villa II." Id. at 8 n.4. Thus, the Court held that the allegations that the Chateau Collection infringes Rottlund's Villa II architectural works and designs, (Fifth Am. Compl. ¶75-82), were not futile. Id. at 7, 8-9.

Defendants appealed this order. The Honorable David S. Doty affirmed the September 11, 2003 Order in all respects. (Doc. No. 277).

Nonetheless, TCM and Pinnacle (hereinafter Defendants) bring this motion and ask the Court to strike paragraphs 75-82 of the fifth amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Defendants' basis for their motion is generally that "Rottlund's Fifth Amended Complaint does not state a claim relating to TCM's Chateau Collection town homes." (TCM and Pinnacle's Reply Mem. in Supp. of Mot., at 2); accord (TCM and Pinnacle's Mem. in Supp. of Motion, at 5).

Defendants' motion to strike is denied.

## II. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides in relevant part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Eighth Circuit "has rarely been called upon to interpret Rule 12(f)" but "it has always been understood that the district court enjoys 'liberal discretion' thereunder." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). A district court must exercise its discretion mindful that "'[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are

infrequently granted.'" Id. (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Indeed, "[m]otions to strike under Federal Rule 12(f) . . . are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." Simmons v. John F. Kennedy Med. Ctr., 727 F.Supp. 440, 442 (N.D. Ill. 1989) (internal quotations omitted); see also Nelson v. Long Lines Ltd., No. 02-4083, 2003 WL 21356081, at *3 (N.D. Iowa June 11, 2003). Moreover, Rule 12(f) "is not the appropriate procedural device to challenge allegations in a complaint for failure to state a cause of action." Torretto v. I.B. Diffusion, No. 92-2758, 1995 WL 767315, at *2 (N.D. Ill. Dec. 26, 1995); accord, e.g., Mille Lacs Band of Chippewa Indians v. State of Minnesota, 952 F.Supp. 1362, 1395 (D. Minn. 1997); Wabash Valley Power Ass'n, Inc. v. Pub. Serv. Co., Inc., 678 F.Supp. 757, 761 (S.D. Ind. 1988).

Defendants assert that the allegations concerning the Chateau Collection (Fifth Am. Compl. ¶75-82) are "immaterial" because "Rottlund has made clear that the Chateau Collection does not infringe any of its copyrighted works," and the allegations "do not set forth any cognizable claim." (Defs.' Mem. in Supp. of Mot., at 5). In light of this Court's prior order, Defendants' argument has no merit and is merely a collateral attack on the September 11, 2003 Order. See Wabash Valley Power, 678 F.Supp. at 761 (declining to address a Rule 12(f) motion where it was merely a collateral attack on a prior order and where the motion to strike improperly challenged the sufficiency of the complaint). This Court has already interpreted the complaint as alleging a claim that the Chateau Collection townhomes infringe Rottlund's *Villa II architectural design and works copyrights* because they are

illegal derivatives.[2] (Fifth Am. Comp. ¶76, 79, 81). Rottlund agrees with the Court's interpretation of its complaint. (Pl.'s Mem. in Opp'n to Mot., at 7). Thus, the Court held, accepting the truth of the allegations as it was required to do, that a claim asserting that the Chateau Collection is an illegal derivative of the Villa II's architectural design and works copyrights would not be futile. A futility analysis on a motion to amend, of course, requires a determination of whether the proposed claim fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001); Berczyk v. Emerson Tool Co., 291 F.Supp.2d 1004, 1018-19 (D. Minn. 2003) ("'Accordingly, futility must be assessed in the same manner as a 12(b)(6) motion.'"); Four D., Inc. v. Duthland Plastics Corp., No. 01-2073, 2002 WL 570655, at *3 (D. Minn. Apr. 15, 2002).[3] Accordingly, the Court will not strike allegations in the fifth amended complaint (¶¶ 75-82) as "redundant, immaterial, impertinent, or scandalous" when it has already found such allegations state a claim for relief. Defendants' collateral attack on this Court's prior order is unfounded.

---

[2] The Court also noted that it appeared Rottlund was also alleging that the Chateau Collection was an illegal derivative of the Homestead Collection derivative (a derivative of a derivative theory) but found that Rottlund's primary claim is that ultimately the Chateau Collection is an illegal derivative of Rottlund's Villa II irregardless of any derivative of a derivative theory. In other words, notwithstanding the derivative of a derivative theory, Rottlund also alleges that the Chateau Collection infringes the Villa II copyrights.

[3] In this regard, the Court reminds the parties of the procedural posture in which it sits when faced with a futility/12(b)(6) analysis. It is axiomatic that "a complaint should not be dismissed [or amendment denied] merely because the court doubts that a plaintiff will prevail in the action." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). Defendants trumpet loudly that the Chateau Collection townhomes are not substantially similar to any of Rottlund's designs or works. That may be true, but such argument is not appropriately addressed on the pleadings. Rottlund has made its claim and must now prove it.

Aware of this Court's finding, Defendants improperly attempt to use Rule 12(f) as a device to challenge the sufficiency of the complaint. (TCM and Pinnacle's Reply Mem. in Supp. of Mot., at 2) ("Rottlund's Fifth Amended Complaint does not state a claim relating to TCM's Chateau Collection town homes."); accord (TCM and Pinnacle's Mem. in Supp. of Motion, at 5). The Court need not adjust the procedural device chosen by Defendants as it has already been held that the Chateau Collection claim satisfies the liberal pleading requirements. It has been said that "[m]otions to strike are generally disfavored because they are seen as tools to delay litigation." Hardin v. Am. Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999). That is the case here. Defendants' motion is denied.

## II. MOTION FOR A MORE DEFINITE STATEMENT

Alternatively, Defendants ask the Court to order Rottlund to provide a more definite statement of Rottlund's Chateau Collection claim. Defendants request that Rottlund place the Chateau Collection claim in a separate count, identify the parties against whom the count is directed, identify the copyright(s) that the Chateau Collection allegedly infringes, identify the basis for the infringement, identify whether the Chateau Collection is part of the Lanham Act and Minnesota Deceptive Trade Practices Act counts, and identify the relief sought.

Federal Rule of Civil Procedure 12(e) provides in relevant part that "[i]f a pleading to which a responsive pleading is permitted *is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading*, the party may move for a more definite statement before interposing a responsive pleading." (Emphasis added). "[U]nintelligibility, not mere lack of detail" is the standard for a Rule 12(e) motion. Towers Tenant Ass'n, Inc. v. Towers Ltd. Partnership, 563 F.Supp. 566, 570 (D.D.C. 1983); accord Radisson Hotels Intern., Inc. v. Westin Hotel Co., 931 F.Supp. 638,

644 (D. Minn. 1996). Given the requirements of the rule, "'[t]he situations in which a Rule 12(e) motion is appropriate are very limited,'" Nelson, 2003 WL 21356081, at *6 (quoting 5A Charles Wright & Arthur Miller, Federal Practice and Procedure § 1377 (1990)), and such motions are disfavored. E.g., Tinder v. Lewis County Nursing Home Dist., 207 F.Supp.2d 951, 959-60 (E.D. Mo. 2001).

The Federal Rules set up a notice pleading system. E.g., Leatherman v. Terrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1116 (1993). All that is required is a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), giving the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A court must assess a Rule 12(e) motion in light of the Federal Rules' liberal pleading requirements. E.g., Radisson Hotels, 931 F.Supp. at 644.

The Court agrees with Professors Wright and Miller that "[a] very general claim of copyright infringement should be sufficient as against a motion for a more definite statement." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377, at 614-15 (2d ed. 1990). Here, the allegations concerning the Chateau Collection are not so ambiguous as to preclude a response. The fifth amended complaint alleges the product at issue (Chateau Collection), the copyrights at issue (Villa II copyrights), the statutory basis (right to make derivatives under § 106), and requests damages under the Copyright Act. Rottlund identified at the hearing on this matter that its Chateau Collection claims are asserted only against TCM and Pinnacle. Further, although Rottlund will be required to prove direct copying and substantial similarity or substantial similarity and access on summary judgment or at trial, it need not pick a theory in its pleadings. Defendants' "attempt to use a motion for a more definite

statement to tie [Rottlund] down to a particular legal theory of [its] case [is] rejected." Wright & Miller, §1377, at 609; see also Bryson v. Bank of New York, 584 F.Supp. 1306, 1319 (S.D.N.Y. 1984).

The Court does find that some clarification is in order. The direct infringement counts (Counts I-II and VII-VIII) and contributory/vicarious infringement counts (Counts III-IV and IX-X) are set up to be inclusive of all the preceding allegations, which include the Chateau Collection. E.g., Fifth Am. Compl. Count I, ¶102 ("*By its actions alleged above*, Defendant TCM has infringed and will continue to infringe on Plaintiff's copyright in . . . its copyright protected original works of authorship by utilizing, . . . producing . . . plans for town homes which are direct copies of plaintiff's . . . works of authorship.") (emphasis added); Fifth Am. Compl. Count III, ¶112 ("Upon information and belief, Defendant TCM, with knowledge of the infringing activity, induced, caused, or materially contributed to *the infringing conduct* of Pinnacle.") (emphasis added). Thus, the fifth amended complaint alleges that the Chateau Collection partially forms the basis for Counts I-II, VII-VIII, III-IV, and IX-X. Rottlund, however, must clarify in an amended complaint whether its Chateau Collection claims relate only to designs, as-built structures, or both; it is unclear whether the Chateau Collection townhomes have actually been built.

Next, Rottlund must clarify in an amended complaint whether it bases its claims for relief under the following counts on the Chateau Collection allegations: Count V (TCM: Lanham Act); Count VI (TCM: Deceptive Trade Practices Act); Count XI (Pinnacle: Lanham Act); Count XII (Pinnacle: Deceptive Trade Practices Act). The Lanham Act and Deceptive Trade Practices Act counts are not clear, in part, because of their use of the phrase "Infringing Town Home Units" that is defined in

paragraph 43 as the Homestead Collection and Washington Square townhomes.

To summarize, the Court views the complaint as alleging that the Chateau Collection townhomes infringe upon the Villa II copyrights. The motion to strike has no merit and is denied. Rottlund shall clarify whether its Chateau Collection claims relate only to designs, as-built structures, or both. Rottlund shall clarify if its allegations regarding the Chateau Collection townhomes form any basis for relief under Counts V, VI, XI, and XII. Rottlund shall make the clarifications by serving and filing an amended complaint within 5 days of the date of this Order. No more definite statement need be made.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Defendants' Motion to Strike Portions of the Fifth Amended Complaint (Doc. No. 306) is **DENIED**.

**2.** Defendants' Motion for a More Definite Statement (Doc. No. 306) is **GRANTED in part** and **DENIED in part** consistent with this Order.

Dated: March 29, 2004.

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge