UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE ANY EXPERT TESTIMONY FROM DOUG BUSTER, LARRY MOORE, CHRIS JORGENSON, JOE SAFIN AND DAVID KIWUS** |

## INTRODUCTION

On June 3, 2004, the Court stated that the expert disclosures of Doug Buster, Larry Moore, Chris Jorgenson and Joe Safin "do not comply with the rules" and "[n]obody could contest" otherwise. (Affidavit of David A. Davenport ("Davenport Aff."), Ex. G at p. 9:4-5.) The Bloodgood Defendants, however, disagree with the Court's statement. The Bloodgood Defendants refuse to stipulate that they will not attempt to offer expert opinions from these four lay witnesses. Accordingly, Rottlund respectfully asks the Court to exclude any purported expert testimony from Doug Buster, Larry Moore, Chris Jorgenson and Joe Safin.

It also appears that the Bloodgood Defendants intend to offer expert testimony from a previously undisclosed expert – Mr. David Kiwus. Thus, Rottlund respectfully requests that the Court exclude any testimony from Mr. Kiwus.

## FACTUAL BACKGROUND

### A. Procedural Background.

On September 11, 2002, the Court recognized that Defendant TCM was suing Defendant BSB "on a very limited basis." (Davenport Aff., Ex. A at p. 181:5-14.) Nonetheless, on January 14, 2003, BSB tardily disclosed the identity of six expert witnesses it intends to call at trial in this matter and alerted Rottlund that it intended to litigate the claims Rottlund is making against the Town & Country Homes Defendants. (*Id.* at Ex. B.) BSB's decision to expand its limited involvement in this case forced Rottlund to reconsider its position on bringing infringement claims directly against BSB.

Thus, on January 31, 2003, Rottlund filed a Motion for Bifurcation, Or, Alternatively, Motion For Leave To Amend Its Second Amended Complaint To Add Claims Against Third-Party Defendant BSB. (Doc. No. 160.) BSB stridently opposed bifurcation of the small piece of this case that was once TCM's claims against BSB, and argued that it wanted to contest

Rottlund's claims against the Town & Country Homes Defendants. The Court thus granted Rottlund's motion to amend and bring copyright infringement claims against BSB, and the case was not bifurcated. (Order, 3/31/03.)

**B. BSB's Purported Liability Experts.**

BSB's belated January 14, 2003 disclosure identified five purported liability experts: (1) Al Bloom; (2) Larry Moore; (3) Chris Jorgenson; (4) Doug Buster; and (5) Joe Safin. (Davenport Aff., Ex. B.) Only Mr. Bloom is not employed by the Bloodgood Defendants. (*Id.*)

The Court's Second Amended Pretrial Scheduling Order required "[f]ull disclosure of expert testimony, required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, . . ." by the Defendants on July 15, 2003. (Second Amended Pretrial Scheduling Order, 4/1/03, p. 2.) The Court extended the Defendants' expert disclosure deadline to August 15, 2003 during a Status Conference. Thereafter, the Court's Third Amended Pretrial Scheduling Order provided for expert disclosures on April 15, May 15, and June 1, 2004. (Third Amended Pretrial Scheduling Order, 2/25/04, p. 2.)

Notwithstanding the Court's Orders, none of the Bloodgood Defendants' four employees identified above provided a written expert report disclosing the basis and reasons for any of the purported expert opinions they claim they intend to offer at trial. Instead, these four employees each provided a half page disclosure. (*See* Exs. C-F.) Each half page disclosure simply provides, in less than ten sentences, a short list of conclusory opinions which these fact witnesses intend to offer through the guise of "expert testimony," and none of the disclosures make any effort whatsoever to provide a complete statement of the basis and reasons for the opinions. (*Id.*)

On June 3, 2004, the Court conducted a Status Conference concerning these disclosures and urged the parties to avoid motion practice on this issue because "nobody could contest" that the disclosures fail to satisfy the Court's Order or Rule 26(a)(2)(B) of the Federal Rules of Civil

Procedure. (*Id.*, Ex. G at p. 9:4.) In fact, the Court stated: "[t]hese expert disclosures do not comply with the rules." (*Id.* at p. 9:4-5.) Thereafter, based on the following exchange, the Court ordered Rottlund and BSB's counsel to meet-and-confer:

> Mr. Davenport: As I understand what Your Honor said was (sic) that the disclosures do not comply, and I'm hopeful that Miss Newman and I can meet-and-confer and perhaps motion practice won't be necessary. But if it is, then we don't have a problem scheduling the motion and trying to coordinate everyone's schedule, but perhaps we can avoid motion practice given what the Court has stated today.
>
> The Court: Okay. I think you should meet-and-confer. I have expressed that view. Miss Newman is certainly free to bring the motion, and she's certainly free to appeal my ruling, but I don't think any argument could be made that disclosures comply with Rule 26.[1]

(*Id.* at 56:11-24.) Unfortunately, the meet-and-confer was not successful because BSB still argues that the disclosures are sufficient and believes that the Court's interpretation of its Order and Rule 26 is wrong. (*Id.*, Exs. H and I.)

**C. BSB's Purported Damages Expert.**

BSB identified one damages expert in its January 14, 2003 disclosure: Joe Kenyon. (*Id.*, Ex. B.) BSB has served two written reports from Mr. Kenyon, both of which are executed by Mr. Kenyon and someone named David Kiwus. (*Id.*, Exs. J and K.) On June 10 and 11, 2004, Mr. Kiwus, not Mr. Kenyon, attended the Defendants' lengthy deposition of Ms. Melissa Snelson – the damages expert retained on behalf of Rottlund. (Davenport Aff. at ¶ 2.) Rottlund asked the Bloodgood Defendants to stipulate that they do not intend to offer any testimony from Mr. Kiwus because he was never disclosed as an expert in this case, but they have not responded. (*Id.*, Ex. I.) Thus, it appears that the Bloodgood Defendants intend call Mr. Kiwus as an expert witness despite their failure to identify Mr. Kiwus as either a fact or expert witness at any time during discovery or in response to the Court's Order.

[1] The Court went on to note that Rottlund would need to bring the motion if the meet-and-confer was not successful.

## LEGAL ARGUMENT

Rules 16 and 37 of the Federal Rules of Civil Procedure provide the basis for the Court to exclude purported expert testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus. "Rule 16 gives the district court the authority to set management deadlines and to impose sanctions for their violation." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing Fed. R. Civ. P. 16(b), (C)(5)-(7), (f)). Rule 37 states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Sanctions under Rule 37(c)(1) are mandatory.[2] *See e.g.*, *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F.Supp.2d 788, 795 (D. Minn. 2000). "If a party fails to disclose the necessary information under Rule 26(a)(2)(B), the disclosure is to be treated as a failure to disclose, which the Court can sanction." *Riordan v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 242 F.Supp.2d 635, 642 (W.D. Mo. 2003); *see also Trost*, 162 F.3d at 1008 ("failure to disclose [an expert report] in a timely manner is equivalent to failure to disclose.").

The Court ordered the parties to fully disclose expert witness identities and provide written reports prepared and signed by expert witnesses pursuant to Rule 26(a)(2)(B). (Second Amended Pretrial Scheduling Order, 4/1/03, p. 2.) Rule 26(a)(2)(B) requires a witness who intends to offer expert testimony to provide a written report disclosing "a complete statement of all opinions to be expressed and the basis and reasons therefore . . .." Fed. R. Civ. P. 26 (a)(2)(B) (2004).

[2] In addition, Rule 37(c)(1) provides that the Court may require a party to pay reasonable expenses, including attorneys' fees. Likewise, Rule 37(b) imposes similar sanctions for the failure to comply with Court Orders like the Court's pretrial scheduling orders concerning expert witness disclosures in this case.

"Discovery of expert opinion must not be allowed to degenerate into a game of evasion," but this is precisely what BSB has done in this instance by failing to comply with the Court's Order concerning expert disclosures and the requirements of Rule 26(a)(2)(B). *Voegeli v. Lewis*, 568 F.2d 89, 97 (8th Cir. 1977). Courts routinely preclude expert testimony for failure to comply with Rule 26(a)(2)(B). *See e.g.*, *Upsher-Smith Lab., Inc. v. Mylan Lab., Inc.*, 944 F.Supp. 1411, 1439-1440 (D. Minn. 1996) (J. Davis) (precluding expert testimony from three witnesses because the expert disclosures were uninformative, boilerplate renditions, which offered nothing to distinguish the testimony of one expert from another, that failed to disclose in any intelligible way the facts and rationale which underlie the opinions to be expressed); *MEMS v. The City of St. Paul-Dept. of Fire & Safety Serv.*, 2002 WL 334411 (D. Minn. 2002), *affirmed* 327 F.3d 771 (8th Cir. 2003) (recognizing that "the Federal Rules of Civil Procedure make it absolutely clear that a testifying expert's report 'shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore . . .'" and excluding expert testimony because the Rule 26(a)(2)(B) disclosure was not sufficient).

The Court has already stated that it is not inclined to permit any expert testimony by Doug Buster, Larry Moore, Chris Jorgenson and Joe Safin because each of their disclosures do not comply with the Courts' Orders or Rule 26(a)(2)(B). (Davenport Aff., Ex. G.) Despite the Court's statements and its efforts to further the interests of Rule 1 through the Status Conference process, the Bloodgood Defendants have forced Rottlund to file a formal motion with the Court. Consequently, the Bloodgood Defendants have compelled motion practice in the face of strong urgings from the Court that they not do so since there is no legitimate basis for them to argue that

Messers. Buster, Moore, Jorgenson and Safin's disclosures satisfy the Court's Order and Rule 26(a)(2)(B).[3]

Lastly, since the Bloodgood Defendants never identified David Kiwus as an expert witness, despite the Court's Order requiring the parties to disclose the identity of expert witnesses, the Court should preclude the Bloodgood Defendants from offering any testimony from Mr. Kiwus in this matter.

**CONCLUSION**

Based on the foregoing, Rottlund respectfully requests that the Court grant its instant motion, preclude the Bloodgood Defendants from attempting to offer any expert opinion testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus, and award Rottlund's its reasonable expenses, including attorneys' fees, incurred in connection with this motion.

Dated: July 1, 2004

s/David A. Davenport

Craig S. Krummen, #259081
David A. Davenport, #285109
Attorneys for Plaintiff The Rottlund Company, Inc.
WINTHROP & WEINSTINE, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 604-6716
Facsimile: (612) 604-6816

2123625v1

---

[3] Based on the Court's statements that (1) "nobody could contest" the disclosures are insufficient, (2) "[t]hese expert disclosures do not comply with the rules," and (3) "I don't think any argument could be made that [the] disclosures comply with Rule 26," Rottlund respectfully requests that the Court order the Bloodgood Defendants to reimburse Rottlund for its reasonable expenses, including attorneys' fees, incurred in connection with the instant motion. (Davenport Aff., Ex. G.)