UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a Minnesota
Corporation,
Plaintiff,

No.: 01-CV-1980 (DSD/SRN)

vs.

Pinnacle Corporation
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc.
a Minnesota Corporation, Bloodgood Sharp
Buster Architects & Planners of Iowa, Inc.,
an Iowa Corporation, and The Bloodgood
Group, Inc., an Iowa Corporation

Defendants.

**SEPARATE ANSWER AND COUNTERCLAIM OF DEFENDANT THE BLOODGOOD GROUP, INC. TO PLAINTIFF'S SEVENTH AMENDED COMPLAINT**

The Bloodgood Group, Inc. ("BGI"), for its Answer to Rottlund's Seventh Amended Complaint (the "Complaint"), denies each and every allegation in the Complaint unless specifically admitted or otherwise qualified herein. BGI further answers and alleges as follows:

**PARTIES**

1. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

2. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

3. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

4. With respect to the allegations contained in Paragraph 4 of the Complaint, BGI admits that BSB is an Iowa corporation. BGI denies all remaining allegations in Paragraph 4 of the Complaint, and affirmatively alleges that BSB's principal place of business is 1601 West Lakes Parkway, Suite 200, West Des Moines, Iowa 50266.

5. BGI admits the allegations contained in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. BGI admits the allegations contained in Paragraph 6 of the Complaint. BGI affirmatively alleges that the Copyright Act preempts all claims under the Lanham Act and the Minnesota Uniform Deceptive Trade Practices Act.

7. BGI admits the allegations contained in Paragraph 7 of the Complaint.

**JURY DEMAND**

8. BGI states that no response is required from it regarding the allegations contained in Paragraph 8 of the Complaint.

**FACTS**

9. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

10. As to the allegations contained in Paragraph 10 of the Complaint, BGI admits that Pinnacle and TCM are involved in the business of, among other things, building

new homes, including, but not limited to, multi-family town homes. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

11. As to the allegations contained in Paragraph 11 of the Complaint, BGI admits that BSB is a corporation involved in the business of providing architectural services to builders of new homes, including multi-family homes. BGI denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. BGI denies the allegations contained in Paragraph 12 of the Complaint. BGI affirmatively alleges that the so called "Original Villa" is not an original work of authorship and that no valid written assignment exists between Architectural Forum, Inc. ("AFI") or any other third party, and Rottlund which assigns to Rottlund ownership and copyright rights for the "Original Villa."

13. As to the allegations contained in Paragraph 13 of the Complaint, BGI denies that the so-called "Original Villa" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that VAu 159-813 is voidable and unenforceable.

14. As to the allegations contained in Paragraph 14 of the Complaint, BGI denies that the so-called "Original Villa" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies the same and puts Plaintiff to

the strict proof thereof. BGI affirmatively alleges that VAu 268-380 is voidable and unenforceable.

15. As to the allegations contained in Paragraph 15 of the Complaint, upon information and belief BGI denies that Plaintiff created and/or embodied in physical form the architectural design plan for the so-called "New Villa," and BGI denies that the "New Villa" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that Whitten Associates, Inc. created the "New Villa". BGI affirmatively alleges that the "New Villa" is derivative of the "Original Villa."

16. As to the allegations contained in Paragraph 16 of the Complaint, BGI denies that the "New Villa" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that VAu 268-404 is voidable and unenforceable.

17. As to the allegations contained in Paragraph 17 of the Complaint, BGI denies that the so-called "Villa II" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that the "Villa II" is derivative of the "Original Villa" and the "New Villa."

18. As to the allegations contained in Paragraph 18 of the Complaint, BGI denies that the "Villa II" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that VAu 447-395 is voidable and unenforceable.

19. As to the allegations contained in Paragraph 19 of the Complaint, BGI denies that the "Villa II" is an original work of authorship. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that VAu 534-723 voidable and unenforceable.

20. As to the allegations contained in Paragraph 20 of the Complaint, BGI denies that the "Villa II" constitutes an "original design." BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that VAu 546-285 is voidable and unenforceable.

21. BGI states that no response is required from it regarding the allegations contained in Paragraph 21 of the Complaint, because such statements are statements of law and not of fact. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 21 of the Complaint.

22. BGI states that no response is required from it regarding the allegations contained in Paragraph 22 of the Complaint, because such statements are statements of law and not of fact. To the extent any response is required from BGI, BGI denies that Plaintiff is the owner of the material allegedly protected by the "Original Villa" copyright, denies that the "Original Villa" is an original work of authorship, and denies that a valid copyright registration for the "Original Villa" exists. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

23. BGI states that no response is required from it regarding the allegations contained in Paragraph 23 of the Complaint, because such statements are statements of law and not of fact. To the extent any response is required from BGI, BGI denies that Plaintiff is the owner of the material allegedly protected by the "New Villa" copyright, denies that the "New Villa" is an original work of authorship, and denies that a valid copyright registration for the New Villa exists. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 23 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

24. BGI denies the allegations contained in Paragraph 24 of the Complaint.

25. BGI states that no response is required from it regarding the allegations contained in Paragraph 25 of the Complaint, because such statements are statements of law and not of fact. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 25 of the Complaint.

26. BGI states that no response is required from it regarding the allegations contained in Paragraph 26 of the Complaint, because such statements are statements of law and not of fact. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 26 of the Complaint.

27. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

28. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

29. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

30. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

31. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

32. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

33. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

34. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

35. As to the allegations contained in Paragraph 35 of the Complaint, BGI admits that TCM has a town home product known as the Homestead Collection, and that TCM builds Homestead Collection products in the Centennial Crossing development. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

36. As to the allegations contained in Paragraph 36 of the Complaint, BGI admits that TCM is building Homestead Collection products in a development project located in Plymouth, Minnesota, and known as Harvest Hills. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 36 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

37. As to the allegations contained in Paragraph 37 of the Complaint, BGI admits that TCM is building Homestead Collection products in a development project located in Shakopee, Minnesota, and known as Providence Pointe. BGI is without sufficient information to admit or deny the remaining allegations contained in

Paragraph 37 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

38. As to the allegations contained in Paragraph 38 of the Complaint, BGI admits that TCM is building Homestead Collection products in a development project located in Lakeville, Minnesota, and known as Cornerstone Lake. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 38 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

39. As to the allegations contained in Paragraph 39 of the Complaint, BGI admits that TCM is building Homestead Collection products in a development project located in Lakeville, Minnesota, and known as Springbrook. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 39 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

40. As to the allegations contained in Paragraph 40 of the Complaint, BGI admits that Pinnacle has a development in Aurora, Illinois, and known as Washington Square, in which Pinnacle has built back-to-back town homes. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

41. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

42. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

43. As to the allegations contained in Paragraph 43 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright, and objects to Rottlund's reference to the Homestead Collection town house product as an "Infringing Town Home Unit" throughout the Complaint. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

44. As to the allegations contained in Paragraph 44 of the Complaint, BGI denies that any town homes BSB has designed infringe on any copyright. BGI is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 44 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

45. As to the allegations contained in Paragraph 45 of the Complaint, BGI denies that the so-called "Original Villa," "New Villa," or "Villa II" are original works of authorship, or are protected by valid copyright registrations. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

46. BGI denies the allegations contained in Paragraph 46 of the Complaint.

47. BGI denies the allegations contained in Paragraph 47 of the Complaint.

48. BGI admits that BSB entered into a contract with TCM to provide certain architectural services relating to TCM's back-to-back town homes. BGI states that the contract between BSB & TCM is a written document whose terms speak for themselves. BGI is without sufficient information to admit or deny the remaining allegations in Paragraph 48 and therefore denies the same and puts Plaintiff to the strict proof thereof.

49. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

50. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

51. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

52. BGI denies the allegations contained in Paragraph 52 of the Complaint.

53. BGI denies the allegations contained in Paragraph 53 of the Complaint.

54. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

55. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

56. As to the allegations contained in Paragraph 56 of the Complaint, BGI denies that Doug Buster is BGI's majority shareholder. BGI admits that Doug Buster sent a transmittal, but is without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

57. As to the allegations contained in Paragraph 57 of the Complaint, BGI admits that BGI employees Travis Olsen and Courtney Bower provided services to BSB in connection with the independent creation of the Homestead Collection town house product. BGI denies the remaining allegations in Paragraph 57 of the Complaint.

58. As to the allegations contained in Paragraph 58 of the Complaint, BGI denies that Doug Buster is BGI's majority shareholder, and denies that the Homestead Collection town house product infringes upon any copyright. BGI admits the remaining allegations contained in Paragraph 58 of the Complaint.

59. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 59 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

60. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof. BGI affirmatively alleges that gabled roof side entries are ideas and/or standard features that are not subject to copyright protection.

61. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 61 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

62. BGI denies the allegations contained in Paragraph 62 of the Complaint.

63. BGI denies the allegations contained in Paragraph 63 of the Complaint.

64. BGI denies the allegations contained in Paragraph 64 and all subparagraphs under Paragraph 64 of the Complaint. BGI affirmatively alleges that the allegations contained in Paragraph 64, subparagraph (xx) are identical to, and duplicative of, the allegations contained in Paragraph 64, subparagraph (aaa).

65. BGI denies the allegations contained in Paragraph 65 of the Complaint.

66. As to the allegations contained in Paragraph 66 of the Complaint, BGI admits that, at some point, it became aware that Rottlund had alleged that Homestead Collection infringed on the so-called "Villa II" design. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 66 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

67. As to the allegations contained in Paragraph 67 of the Complaint, BGI admits that Steve Sandelin wrote to Larry Moore on or about July 9, 2001, and that that letter contained the phrase "obviously similar." BGI denies that Mr. Sandelin's statement is an admission. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 67 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

68. BGI denies the allegations contained in Paragraph 68 of the Complaint.

69. As to the allegations contained in Paragraph 69 of the Complaint, BGI admits that Jim Grundmeier sent a transmittal with attachments to Dean Karau. BGI denies the remaining allegations contained in Paragraph 69 of the Complaint.

70. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

71. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 71 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

72. BGI denies the allegations contained in Paragraph 72 of the Complaint.

73. BGI denies the allegations contained in Paragraph 73 of the Complaint.

74. As to the allegations contained in Paragraph 74 of the Complaint, BGI denies that the Homestead Collection town house product is substantially similar to, or infringes upon, any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 74 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

75. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 75 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

76. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 76 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

77. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 77 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

78. BGI is without sufficient information to admit or deny the allegations in Paragraph 78 and therefore denies the same and puts Plaintiff to the strict proof thereof.

79. As to the allegations contained in Paragraph 79 of the Complaint, BGI denies that the Homestead Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 79 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

80. BGI denies the allegations contained in Paragraph 80 of the Complaint.

81. As to the allegations contained in Paragraph 81 of the Complaint, BGI denies that the Homestead Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 81 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

82. As to the allegations contained in Paragraph 82 of the Complaint, BGI denies that the Homestead Collection infringes upon any copyright. The remaining allegations contained in Paragraph 82 are statements of law to which no response is required. To the extent a response is required, BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 82 and therefore deny the same and put Plaintiff to the strict proof thereof.

83. BGI is without sufficient information to admit or deny the allegations contained in Paragraph 83 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

84. BGI denies the allegations contained in Paragraph 84 of the Complaint.

85. BGI denies the allegations contained in Paragraph 85 of the Complaint.

86. BGI denies the allegations contained in Paragraph 86 of the Complaint.

87. BGI denies the allegations contained in Paragraph 87 of the Complaint.

88. As to the allegations contained in Paragraph 88 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 88 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

89. BGI denies the allegations contained in Paragraph 89 of the Complaint.

90. As to the allegations contained in Paragraph 90 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 90 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

91. As to the allegations contained in Paragraph 91 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 91 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

92. As to the allegations contained in Paragraph 92 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 92 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

93. As to the allegations contained in Paragraph 93 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI denies that the so-called "Original Villa," "New Villa," or "Villa II" are original works of authorship or are protected by valid copyright registrations. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 93 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

94. As to the allegations contained in Paragraph 94 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 94 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

95. BGI denies the allegations contained in Paragraph 95 of the Complaint.

96. As to the allegations contained in Paragraph 96 of the Complaint, BGI denies that the Homestead Collection town house product infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 96 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

97. BGI admits the allegations contained in Paragraph 97 of the Complaint.

98. BGI denies the allegations contained in Paragraph 98 of the Complaint.

99. BGI denies the allegations contained in Paragraph 99 of the Complaint.

100. BGI denies the allegations contained in Paragraph 100 of the Complaint.

101. BGI denies the allegations contained in Paragraph 101 of the Complaint.

**Count One**

102. As to the allegations contained in Paragraph 102 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 101 of the Complaint as though fully set forth herein.

103. BGI states that no response is required from it regarding the allegations contained in Paragraph 103 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI denies that the so-called “Original Villa,” “New Villa” or “Villa II” are original works of authorship, or are protected by valid copyright registrations. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 103 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

104. BGI states that no response is required from it regarding the allegations contained in Paragraph 104 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 104 of the Complaint.

105. BGI states that no response is required from it regarding the allegations contained in Paragraph 105 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 105 of the Complaint.

106. BGI states that no response is required from it regarding the allegations contained in Paragraph 106 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 106 of the Complaint.

**Count Two**

107. As to the allegations contained in Paragraph 107 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 106 of the Complaint as though fully set forth herein.

108. BGI states that no response is required from it regarding the allegations contained in Paragraph 108 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI denies that the so-called "Original Villa," "New Villa" or "Villa II" are original works of authorship, or are protected by valid copyright registrations. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 108 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

109. BGI states that no response is required from it regarding the allegations contained in Paragraph 109 of the Complaint, because such allegations are directed solely to

TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 109 of the Complaint.

110. BGI states that no response is required from it regarding the allegations contained in Paragraph 110 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 110 of the Complaint.

111. BGI states that no response is required from it regarding the allegations contained in Paragraph 111 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 111 of the Complaint.

**Count Three**

112. As to the allegations contained in Paragraph 112 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 111 of the Complaint as though fully set forth herein.

113. BGI states that no response is required from it regarding the allegations contained in Paragraph 113 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 113 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

114. BGI states that no response is required from it regarding the allegations contained in Paragraph 114 of the Complaint, because such allegations are directed solely to

TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 114 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

115. BGI states that no response is required from it regarding the allegations contained in Paragraph 115 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 115 of the Complaint.

116. BGI states that no response is required from it regarding the allegations contained in Paragraph 116 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 116 of the Complaint.

117. BGI states that no response is required from it regarding the allegations contained in Paragraph 117 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph

117 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

118. BGI states that no response is required from it regarding the allegations contained in Paragraph 118 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 118 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

119. BGI states that no response is required from it regarding the allegations contained in Paragraph 119 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI. BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

120. BGI states that no response is required from it regarding the allegations contained in Paragraph 120 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 120 of the Complaint.

**Count Four**

121. As to the allegations contained in Paragraph 121 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 120 of the Complaint as though fully set forth herein.

122. BGI states that no response is required from it regarding the allegations contained in Paragraph 122 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 122 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

123. BGI states that no response is required from it regarding the allegations contained in Paragraph 123 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 123 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

124. BGI states that no response is required from it regarding the allegations contained in Paragraph 124 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 124 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

125. BGI states that no response is required from it regarding the allegations contained in Paragraph 125 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the

Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 125 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

126. BGI states that no response is required from it regarding the allegations contained in Paragraph 126 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

127. BGI states that no response is required from it regarding the allegations contained in Paragraph 127 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 127 of the Complaint.

128. BGI states that no response is required from it regarding the allegations contained in Paragraph 128 of the Complaint, because such allegations are directly solely to TCM. To the extent any response is required from BGI, BGI admits that its clients can and do instruct BSB to alter designs prepared for clients by BSB. BGI denies the remaining allegations contained in Paragraph 128 of the Complaint.

129. BGI states that no response is required from it regarding the allegations contained in Paragraph 129 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the

Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 129 of the Complaint.

130. BGI states that no response is required from it regarding the allegations contained in Paragraph 130 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 130 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

131. BGI states that no response is required from it regarding the allegations contained in Paragraph 131 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

132. BGI states that no response is required from it regarding the allegations contained in Paragraph 132 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 132 of the Complaint.

**Count Five**

133. As to the allegations contained in Paragraph 133 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 132 of the Complaint as though fully set forth herein.

134. BGI states that no response is required from it regarding the allegations contained in Paragraph 134 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 134 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

135. BGI states that no response is required from it regarding the allegations contained in Paragraph 135 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 135 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

136. BGI states that no response is required from it regarding the allegations contained in Paragraph 136 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 136 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

137. BGI states that no response is required from it regarding the allegations contained in Paragraph 137 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 137 of the Complaint.

138. BGI states that no response is required from it regarding the allegations contained in Paragraph 138 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 138 of the Complaint.

139. BGI states that no response is required from it regarding the allegations contained in Paragraph 139 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 139 of the Complaint.

140. BGI states that no response is required from it regarding the allegations contained in Paragraph 140 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 140 of the Complaint.

**Count Six**

141. As to the allegations contained in Paragraph 141 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 140 of the Complaint as though fully set forth herein.

142. BGI states that no response is required from it regarding the allegations contained in Paragraph 142 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 142 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

143. BGI states that no response is required from it regarding the allegations contained in Paragraph 143 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 143 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

144. BGI states that no response is required from it regarding the allegations contained in Paragraph 144 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 144 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

145. BGI states that no response is required from it regarding the allegations contained in Paragraph 145 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 145 of the Complaint.

146. BGI states that no response is required from it regarding the allegations contained in Paragraph 146 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI denies that the so-called “Original Villa,” “New Villa” or “Villa II” are original works of authorship, or are protected by valid copyright registrations. BGI denies the remaining allegations contained in Paragraph 146 of the Complaint.

147. BGI states that no response is required from it regarding the allegations contained in Paragraph 147 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 147 of the Complaint.

148. BGI states that no response is required from it regarding the allegations contained in Paragraph 148 of the Complaint, because such allegations are directed solely to TCM. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 148 of the Complaint.

**Count Seven**

149. As to the allegations contained in Paragraph 149 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 148 of the Complaint as though fully set forth herein.

150. BGI states that no response is required from it regarding the allegations contained in Paragraph 150 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the

Homestead Collection or the Chateau Collection infringes upon any copyright. BGI denies that the so-called “Original Villa,” “New Villa” or “Villa II” are original works of authorship, or are protected by valid copyright registrations. BGI denies the remaining allegations contained in Paragraph 150 of the Complaint.

151. BGI states that no response is required from it regarding the allegations contained in Paragraph 151 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 151 of the Complaint.

152. BGI states that no response is required from it regarding the allegations contained in Paragraph 152 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 152 of the Complaint.

153. BGI states that no response is required from it regarding the allegations contained in Paragraph 153 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 153 of the Complaint.

**Count Eight**

154. As to the allegations contained in Paragraph 154 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 153 of the Complaint as though fully set forth herein.

155. BGI states that no response is required from it regarding the allegations contained in Paragraph 155 of the Complaint, because such allegations are directed solely to

Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI denies that the so-called "Original Villa," "New Villa" or "Villa II" are original works of authorship or are protected by valid copyright registrations. BGI denies the remaining allegations contained in Paragraph 155 of the Complaint.

156. BGI states that no response is required from it regarding the allegations contained in Paragraph 156 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 156 of the Complaint.

157. BGI states that no response is required from it regarding the allegations contained in Paragraph 157 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 157 of the Complaint.

158. BGI states that no response is required from it regarding the allegations contained in Paragraph 158 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 158 of the Complaint.

**Count Nine**

159. As to the allegations contained in Paragraph 159 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 158 of the Complaint as though fully set forth herein.

160. BGI states that no response is required from it regarding the allegations contained in Paragraph 160 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 160 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

161. BGI states that no response is required from it regarding the allegations contained in Paragraph 161 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 161 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

162. BGI states that no response is required from it regarding the allegations contained in Paragraph 162 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 162 of the Complaint.

163. BGI states that no response is required from it regarding the allegations contained in Paragraph 163 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the

Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 163 of the Complaint.

164. BGI states that no response is required from it regarding the allegations contained in Paragraph 164 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 164 of the Complaint.

165. BGI states that no response is required from it regarding the allegations contained in Paragraph 165 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright and denies the remaining allegations contained in Paragraph 165 of the Complaint.

166. BGI states that no response is required from it regarding the allegations contained in Paragraph 166 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

167. BGI states that no response is required from it regarding the allegations contained in Paragraph 167 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the

Homestead Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 167 of the Complaint.

**Count Ten**

168. As to the allegations contained in Paragraph 168 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 167 of the Complaint as though fully set forth herein.

169. BGI states that no response is required from it regarding the allegations contained in Paragraph 169 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 169 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

170. BGI states that no response is required from it regarding the allegations contained in Paragraph 170 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 170 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

171. BGI states that no response is required from it regarding the allegations contained in Paragraph 171 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI is without

sufficient information to admit or deny the allegations contained in Paragraph 171 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

172. BGI states that no response is required from it regarding the allegations contained in Paragraph 172 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 172 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

173. BGI states that no response is required from it regarding the allegations contained in Paragraph 173 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

174. BGI states that no response is required from it regarding the allegations contained in Paragraph 174 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 174 of the Complaint.

175. BGI states that no response is required from it regarding the allegations contained in Paragraph 175 of the Complaint, because such allegations are directed solely to

Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright. BGI admits that its clients can and do instruct BSB to alter designs prepared for them by BSB. BGI denies the remaining allegations contained in Paragraph 175 of the Complaint.

176. BGI states that no response is required from it regarding the allegations contained in Paragraph 176 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 176 of the Complaint.

177. BGI states that no response is required from it regarding the allegations contained in Paragraph 177 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection infringes upon any copyright and denies the remaining allegations contained in Paragraph 177 of the Complaint.

178. BGI states that no response is required from it regarding the allegations contained in Paragraph 178 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

179. BGI states that no response is required from it regarding the allegations contained in Paragraph 179 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the

Homestead Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 179 of the Complaint.

**Count Eleven**

180. As to the allegations contained in Paragraph 180 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 179 of the Complaint as though fully set forth herein.

181. BGI states that no response is required from it regarding the allegations contained in Paragraph 181 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 181 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

182. BGI states that no response is required from it regarding the allegations contained in Paragraph 182 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 182 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

183. BGI states that no response is required from it regarding the allegations contained in Paragraph 183 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 183

of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

184. BGI states that no response is required from it regarding the allegations contained in Paragraph 184 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 184 of the Complaint.

185. BGI states that no response is required from it regarding the allegations contained in Paragraph 185 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 185 of the Complaint.

186. BGI states that no response is required from it regarding the allegations contained in Paragraph 186 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 186 of the Complaint.

187. BGI states that no response is required from it regarding the allegations contained in Paragraph 187 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 187 of the Complaint.

**Count Twelve**

188. As to the allegations contained in Paragraph 188 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 187 of the Complaint as though fully set forth herein.

189. BGI states that no response is required from it regarding the allegations contained in Paragraph 189 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright. BGI is without sufficient information to admit or deny the remaining allegations contained in Paragraph 189 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

190. BGI states that no response is required from it regarding the allegations contained in Paragraph 190 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 190 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

191. BGI states that no response is required from it regarding the allegations contained in Paragraph 191 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI is without sufficient information to admit or deny the allegations contained in Paragraph 191 of the Complaint and therefore denies the same and puts Plaintiff to the strict proof thereof.

192. BGI states that no response is required from it regarding the allegations contained in Paragraph 192 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 192 of the Complaint.

193. BGI states that no response is required from it regarding the allegations contained in Paragraph 193 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies that the Homestead Collection or the Chateau Collection infringes upon any copyright, and denies the remaining allegations contained in Paragraph 193 of the Complaint.

194. BGI states that no response is required from it regarding the allegations contained in Paragraph 194 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 194 of the Complaint.

195. BGI states that no response is required from it regarding the allegations contained in Paragraph 195 of the Complaint, because such allegations are directed solely to Pinnacle. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 195 of the Complaint.

**Count Fourteen**

196. As to the allegations contained in Paragraph 196 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 195 of the Complaint as though fully set forth herein.

197. BGI states that no response is required from it regarding the allegations contained in Paragraph 197 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 197 of the Complaint.

198. BGI states that no response is required from it regarding the allegations contained in Paragraph 198 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 198 of the Complaint.

199. BGI states that no response is required from it regarding the allegations contained in Paragraph 199 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 199 of the Complaint.

200. BGI states that no response is required from it regarding the allegations contained in Paragraph 200 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 200 of the Complaint.

**Count Fifteen**

201. As to the allegations contained in Paragraph 201 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 200 of the Complaint as though fully set forth herein.

202. BGI states that no response is required from it regarding the allegations contained in Paragraph 202 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI is unable to

understand Plaintiff's allegation regarding "placing upon the designs and plans for town homes." BGI indicated its inability to understand this allegation in its answer to Plaintiff's Fifth Amended Complaint. To the extent BGI understands the allegations contained in Paragraph 202 of the Complaint, BGI denies those allegations.

203. BGI states that no response is required from it regarding the allegations contained in Paragraph 203 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 203 of the Complaint.

204. BGI states that no response is required from it regarding the allegations contained in Paragraph 204 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 204 of the Complaint.

205. BGI states that no response is required from it regarding the allegations contained in Paragraph 205 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 205 of the Complaint.

**Count Sixteen**

206. As to the allegations contained in Paragraph 206 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 205 of the Complaint as though fully set forth herein.

207. BGI states that no response is required from it regarding the allegations contained in Paragraph 207 of the Complaint, because such allegations are directed solely to

BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 207 of the Complaint.

208. BGI states that no response is required from it regarding the allegations contained in Paragraph 208 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 208 of the Complaint. BGI affirmatively alleges that the Court has already rejected as unfounded Plaintiff's allegations regarding BSB's alleged practical partnership with TCM and/or Pinnacle.

209. BGI states that no response is required from it regarding the allegations contained in Paragraph 209 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

210. BGI states that no response is required from it regarding the allegations contained in Paragraph 210 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 210 of the Complaint. BGI affirmatively alleges that the Court has already rejected Plaintiff's request to hold BSB liable for profits realized by TCM and Pinnacle.

**Count Seventeen**

211. As to the allegations contained in Paragraph 211 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 210 of the Complaint as though fully set forth herein.

212. BGI states that no response is required from it regarding the allegations contained in Paragraph 212 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 212 of the Complaint.

213. BGI states that no response is required from it regarding the allegations contained in Paragraph 213 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 213 of the Complaint. BGI affirmatively alleges that the Court has already ruled that no evidence exists that suggests that BSB has any financial interest in the activities of TCM or Pinnacle.

214. BGI states that no response is required from it regarding the allegations contained in Paragraph 214 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 214 of the Complaint. BGI affirmatively alleges that the Court has already rejected Plaintiff's allegations contained in Paragraph 214 of the Complaint, and has ruled that BSB has no financial interest in the activities of TCM or Pinnacle.

215. BGI states that no response is required from it regarding the allegations contained in Paragraph 215 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 215 of the Complaint. BGI affirmatively alleges that the Court has already rejected Plaintiff's allegations contained in

Paragraph 215 of the Complaint, and has ruled that BSB has no financial interest in the activities of TCM or Pinnacle.

216. BGI states that no response is required from it regarding the allegations contained in Paragraph 216 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI states that a motion to dismiss these allegations pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

217. BGI states that no response is required from it regarding the allegations contained in Paragraph 217 of the Complaint, because such allegations are directed solely to BSB. To the extent any response is required from BGI, BGI denies the allegations contained in Paragraph 217 of the Complaint.

**Count Eighteen**

218. As to the allegations contained in Paragraph 218 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 217 of the Complaint as though fully set forth herein.

219. BGI denies the allegations contained in Paragraph 219 of the Complaint.

220. BGI denies the allegations contained in Paragraph 220 of the Complaint.

221. BGI denies the allegations contained in Paragraph 221 of the Complaint.

222. BGI denies the allegations contained in Paragraph 222 of the Complaint.

**Count Nineteen**

223. As to the allegations contained in Paragraph 223 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 222 of the Complaint as though fully set forth herein.

224. BGI denies the allegations contained in Paragraph 224 of the Complaint.

225. BGI denies the allegations contained in Paragraph 225 of the Complaint.

226. BGI denies the allegations contained in Paragraph 226 of the Complaint.

227. BGI denies the allegations contained in Paragraph 227 of the Complaint.

**Count Twenty**

228. As to the allegations contained in Paragraph 228 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 227 of the Complaint as though fully set forth herein.

229. BGI denies the allegations contained in Paragraph 229 of the Complaint.

230. BGI denies the allegations contained in Paragraph 230 of the Complaint. BGI affirmatively alleges that the Court has already rejected Plaintiff's allegations contained in Paragraph 230 of the Complaint, and has ruled that BGI has no financial interest in the activities of TCM or Pinnacle.

231. BGI states that a motion to dismiss the allegations contained in Paragraph 231 pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

232. BGI denies the allegations contained in Paragraph 232 of the Complaint. BGI affirmatively alleges that the Court has already rejected Plaintiff's request to hold BGI liable for profits realized by TCM and Pinnacle.

**Count Twenty-one**

233. As to the allegations contained in Paragraph 233 of the Complaint, BGI incorporates its answers to Paragraphs 1 through 232 of the Complaint as though fully set forth herein.

234. BGI denies the allegations contained in Paragraph 234 of the Complaint.

235. BGI denies the allegations contained in Paragraph 235 of the Complaint.

236. BGI denies the allegations contained in Paragraph 236 of the Complaint. BGI affirmatively alleges that the Homestead Collection town house product does not infringe on any copyright.

237. BGI denies the allegations contained in Paragraph 237 of the Complaint. BGI affirmatively alleges that the Court has already ruled that BGI is not liable for the profits earned by TCM or Pinnacle.

238. BGI states that a motion to dismiss the allegations contained in Paragraph 238 pursuant to Rule 12 of the Federal Rules of Civil Procedure is currently pending before the Court.

239. BGI denies the allegations contained in Paragraph 239 of the Complaint. BGI affirmatively alleges that the Court has already ruled that BGI is not liable for the profits earned by TCM or Pinnacle.

## AFFIRMATIVE DEFENSES

240. The Complaint fails in whole or in part to state a claim against BGI upon which relief can be granted.

241. The Complaint fails in whole or in part to state a claim against BSB, TCM or Pinnacle upon which relief can be granted.

242. BGI did not have access to any technical drawings purportedly registered with the Copyright Office as by Rottlund.

243. The ideas expressed in the technical drawings and/or architectural works at issue in this matter are not copyrightable or protected by Copyright Registrations VAu

159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, or VAu 567-088 and are available for use by any party, including BGI, BSB, TCM, and Pinnacle.

244. The standard features included in the technical drawings and/or architectural works at issue in this matter are not copyrightable or protected by Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, or VAu 567-088 and are available for use by any party, including BGI, BSB, TCM and Pinnacle.

245. Any similarities between the Homestead Collection town home and the technical drawings and/or architectural works reflected in Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285 or VAu 567-088, are limited to elements that cannot properly be the basis for a finding of substantial similarity or copyright infringement.

246. The works reflected in Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285 and VAu 567-088 are not copyrightable.

247. Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu567-088 are voidable and unenforceable.

248. Plaintiff lacks standing to bring the claims contained in the Complaint.

249. Plaintiff has misused Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285 and VAu 567-088.

250. BSB independently created its designs for the Homestead Collection town home. BGI independently created new elevations for the Washington Square Town Homes.

251. All non-copyright claims are barred in whole or in part by the doctrine of copyright preemption.

252. Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 are unenforceable due to Plaintiff's unclean hands and inequitable conduct in obtaining these Copyright Registrations.

253. Plaintiff has failed to mitigate any damages it alleges to have incurred.

254. Defendants and BGI cannot be jointly and severally liable for profits; one defendant is not liable for the profit made by another.

**COUNTERCLAIM**
**Declaratory Judgment**

For and as its Counterclaim against Plaintiff The Rottlund Company, Inc., BGI states and alleges as follows:

255. The court has jurisdiction over BGI's counterclaims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 2201, et seq..

256. The works reflected in Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 (the "Works") do not have that degree of originality required for a valid copyright. Any differences between the plans and town homes allegedly protected by said Copyright Registrations and other plans and town homes

existing at the time the author of the Works applied for copyright protection for the Works are trivial and devoid of original creativity.

257. The Works are not unique to those Registrations. Substantially similar plans and structures have been in the public domain since at least the early 1970s.

258. Upon information and belief, the author of the Works based the Works on plans and/or structures created by others.

259. The Works are utilitarian and are not subject to copyright protection.

260. Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 seek to protect ideas that can only be expressed in a limited number of ways.

261. Upon information and belief, Plaintiff failed to inform the Copyright Office of previously published works when it applied for those Copyright Registrations.

262. Upon information and belief, Plaintiff knew of pre-existing works and intentionally omitted them on its applications so that the Copyright Office was not aware of them when considering whether the Works were sufficiently original to be afforded copyright protection.

263. Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 are voidable and unenforceable.

264. Upon information and belief, no valid assignment exists granting Plaintiff unrestricted ownership of the copyright rights to the so-called “Original Villa” or “New Villa,” or authorizing Plaintiff to pursue claims against alleged infringers.

265. BGI respectfully requests that the Court issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 are invalid and unenforceable because they do not possess the requisite degree of originality and/or because of their author's inequitable conduct in obtaining the Registrations.

## JURY DEMAND

266. BGI requests a jury trial for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, BGI requests that this Court enter judgment in its favor and against Plaintiff as follows:

1. Judgment for BGI on its Counterclaim and declaration that the copyrights in Copyright Registrations VAu 159-813, VAu 268-380, VAu 268-404, VAu 447-395, VAu 534-723, VAu 546-285, and VAu 567-088 are invalid and unenforceable;
2. Dismissal with prejudice of Plaintiff's claims and awarding BGI its costs and disbursements herein; and
3. For such other and further relief as this Court deems just and proper.

Dated: July 1, 2004

s/ Holly J. Newman

Holly J. Newman (MN Lic. #026457X)
Ben Patrick (MN Lic. #312460)
Of MOORE, COSTELLO & HART, P.L.L.P.
701 Fourth Avenue South, Suite 1350
Minneapolis, MN 55415-1823
Telephone: (612) 673-0148

Attorneys for Defendant The Bloodgood Group, Inc.

MPLS:50483.1/16850-166