**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, and Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants.<br><br>And<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.. 01-CV-1980 (DSD/SRN)<br><br>**DEFENDANT PINNACLE CORPORATION'S ANSWER AND DEFENSES TO SEVENTH AMENDED COMPLAINT** |

Defendant Pinnacle Corporation ("Pinnacle") answers the Seventh Amended Complaint as follows:

**PARTIES**

1. Pinnacle admits on information and belief the allegations contained in paragraph 1 of the Seventh Amended Complaint.

2. Pinnacle admits the allegations contained in paragraph 2 of the Seventh Amended Complaint.

3. Pinnacle admits the allegations contained in paragraph 3 of the Seventh Amended Complaint.

4. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 4 of the Seventh Amended Complaint.

5. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 5 of the Seventh Amended Complaint.

**JURISDICTION AND VENUE**

6. Pinnacle denies that the Seventh Amended Complaint contains a claim of common law unfair competition. Pinnacle otherwise admits the allegations contained in paragraph 6 of the Seventh Amended Complaint.

7. Pinnacle denies the allegations contained in paragraph 7 of the Seventh Amended Complaint.

**JURY DEMAND**

8. Pinnacle states that no response is required from it regarding the allegations contained in paragraph 8 of the Seventh Amended Complaint.

## FACTS

9. Pinnacle admits on information and belief the allegations contained in paragraph 9 of the Seventh Amended Complaint.

10. Pinnacle admits that Pinnacle and TCM are in the home-building business, but denies that Pinnacle competes against Plaintiff.

11. Pinnacle admits the allegations contained in the first sentence of paragraph 11 of the Seventh Amended Complaint. Pinnacle is without information sufficient to admit or deny the remaining allegations contained in paragraph 11 of the Seventh Amended Complaint.

**Original Villa**

12. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 12 of the Seventh Amended Complaint.

13. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 13 of the Seventh Amended Complaint.

14. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 14 of the Seventh Amended Complaint.

**New Villa**

15. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 15 of the Seventh Amended Complaint.

16. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 16 of the Seventh Amended Complaint.

**Villa II**

17. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 17 of the Seventh Amended Complaint.

18. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 18 of the Seventh Amended Complaint.

19. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 19 of the Seventh Amended Complaint.

20. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 20 of the Seventh Amended Complaint

**The Original Works of Authorship in Original Villa and New Villa Carry Forward and Are Incorporated Into Villa II**

21. Pinnacle states that no response is required from it regarding the allegations contained in paragraph 21 of the Seventh Amended Complaint. To the extent that a response is required, Pinnacle denies the allegations in paragraph 21 of the Seventh Amended Complaint.

22. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 22 of the Seventh Amended Complaint.

23. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 23 of the Seventh Amended Complaint.

24. Pinnacle denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 24 of the Seventh Amended Complaint.

25. Pinnacle denies the allegations in paragraph 25 of the Seventh Amended Complaint.

26. Pinnacle states that no response is required from it regarding the allegations contained in paragraph 26 of the Seventh Amended Complaint. To the extent that a response is required, Pinnacle denies the allegations in paragraph 26 of the Seventh Amended Complaint.

**Plaintiff's Construction of Copyrighted Villa II Complexes and Defendants Pinnacle and Pinnacle's Construction of Infringing Complexes**

27. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 27 of the Seventh Amended Complaint.

28. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 28 of the Seventh Amended Complaint.

29. Pinnacle admits to the location of the Hollander Property and is without information sufficient to admit or deny the remaining allegations contained in paragraph 29 of the Seventh Amended Complaint.

30. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 30 of the Seventh Amended Complaint.

31. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 31 of the Seventh Amended Complaint.

32. Pinnacle denies the allegations contained in paragraph 32 of the Seventh Amended Complaint.

33. Pinnacle is without information sufficient to admit or deny the allegations regarding "Plaintiff's bid" and denies the allegations regarding "Defendants' bid" contained in paragraph 33 of the Seventh Amended Complaint.

34. Pinnacle denies the allegations contained in paragraph 34 of the Seventh Amended Complaint.

35. Pinnacle denies the allegations contained in paragraph 35 of the Seventh Amended Complaint.

36. Pinnacle denies the allegations contained in paragraph 36 of the Seventh Amended Complaint.

37. Pinnacle denies the allegations contained in paragraph 37 of the Seventh Amended Complaint.

38. Pinnacle denies the allegations contained in paragraph 38 of the Sixt Amended Complaint.

39. Pinnacle denies the allegations contained in paragraph 39 of the Seventh Amended Complaint.

40. Pinnacle denies the allegations contained in paragraph 40 of the Seventh Amended Complaint.

41. Pinnacle denies the allegations contained in paragraph 41 of the Seventh Amended Complaint.

42. Pinnacle denies the allegations contained in paragraph 42 of the Seventh Amended Complaint.

43. Pinnacle denies the allegations contained in paragraph 43 of the Seventh Amended Complaint.

44. Pinnacle denies the allegations contained in paragraph 44 of the Seventh Amended Complaint.

**Pinnacle's TCM's and BSB's Direct Infringement of Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

45. Pinnacle denies the allegations contained in paragraph 45 of the Seventh Amended Complaint.

46. Pinnacle denies the allegations contained in paragraph 46 of the Seventh Amended Complaint.

47. Pinnacle denies the allegations contained in paragraph 47 of the Seventh Amended Complaint.

48. Pinnacle denies the allegations contained in paragraph 48 of the Seventh Amended Complaint, except admits that TCM and BSB entered into a contract in April of 1998, a copy of which has been produced in this litigation.

49. In response to paragraph 49 of the Seventh Amended Complaint, Pinnacle states that Steve Sandelin, Art Plante, Bill Anner, Larry Moore and Chris Jorgensen toured several townhome developments. On one occasion, they walked through a Rottlund Villa II townhome.

50. In response to paragraph 50 of the Seventh Amended Complaint, Pinnacle states that it has taken or received copies of photographs of Rottlund's Villa II townhome.

51. Pinnacle admits that it has obtained a Rottlund brochure, but denies the brochure is for the Villa II or that it contains Villa II floor plans.

52. Pinnacle denies the allegations contained in paragraph 52 of the Seventh Amended Complaint.

53. Pinnacle denies the allegations contained in paragraph 53 of the Seventh Amended Complaint.

54. Pinnacle admits that on or about May 5, 1998 Larry Moore sent a transmittal page to Steve Sandelin bearing the subject line "Competition product survey." Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 54 of the Seventh Amended Complaint.

55. Pinnacle denies the allegations contained in paragraph 55 of the Seventh Amended Complaint.

56. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 56 of the Seventh Amended Complaint.

57. Pinnacle denies that any of the designs infringe Rottlund's copyrights, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 57 of the Seventh Amended Complaint.

58. Pinnacle admits that Doug Buster provided Pinnacle with architectural services for Pinnacle's back-to-back townhomes, denies that any of the designs infringe Rottlund's copyrights, and is without information sufficient to admit or deny the remaining allegations contained in paragraph 58 of the Seventh Amended Complaint.

59. Pinnacle admits the allegations contained in paragraph 59 of the Seventh Amended Complaint.

60. Pinnacle denies the allegations contained in paragraph 60 of the Seventh Amended Complaint.

61. Pinnacle denies the allegations contained in paragraph 61 of the Seventh Amended Complaint.

62. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 62 of the Seventh Amended Complaint.

63. Pinnacle denies the allegations contained in paragraph 63 of the Seventh Amended Complaint.

64. Pinnacle denies the allegations contained in paragraph 64 of the Seventh Amended Complaint.

65. Pinnacle denies the allegations contained in paragraph 65 of the Seventh Amended Complaint.

66. Pinnacle denies the allegations contained in paragraph 66 of the Seventh Amended Complaint.

67. Pinnacle denies the allegations contained in paragraph 67 of the Seventh Amended Complaint, except that Pinnacle admits that on or about July 9, 2001 Steve Sandelin wrote a letter to Larry Moore that contained the phrase "obviously similar."

68. Pinnacle denies the allegations contained in paragraph 68 of the Seventh Amended Complaint.

69. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 69 of the Seventh Amended Complaint, except admits that Mr. Karau received documents from Mr. Grundmeier that have been produced in this litigation.

70. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 70 of the Seventh Amended Complaint.

71. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 71 of the Seventh Amended Complaint.

72. Pinnacle denies the allegations contained in paragraph 72 of the Seventh Amended Complaint.

73. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 73 of the Seventh Amended Complaint.

74. Pinnacle denies the allegations contained in paragraph 74 of the Seventh Amended Complaint.

75. Pinnacle admits that it inquired of BSB as to the cost and willingness of BSB to provide CAD copies of BSB's original Homestead designs to Toushie and Montgomery. Answering further, Pinnacle states that BSB did not forward its designs.

76. Pinnacle denies the allegations in paragraph 76 of the Seventh Amended Complaint.

77. Pinnacle denies the allegations in paragraph 77 of the Seventh Amended Complaint.

78. Pinnacle admits that in an April 10, 2002 correspondence TCM stated "We need to make some changes anyway so Art Plante feels we should look at making significant architectural changes as opposed to slight changes."

79. Pinnacle denies the allegations in paragraph 79 of the Seventh Amended Complaint.

80. Pinnacle denies the allegations of paragraph 80 of the Seventh Amended Complaint.

81. Pinnacle denies the allegations in paragraph 81 of the Seventh Amended Complaint.

82. Pinnacle neither admits nor denies the allegations in paragraph 82 of the Seventh Amended Complaint because it has moved to strike this paragraph.

83. Pinnacle denies the allegations in paragraph 83 of the Seventh Amended Complaint.

84. Pinnacle denies the allegations contained in paragraph 84 of the Seventh Amended Complaint.

85. Pinnacle denies the allegations contained in paragraph 85 of the Seventh Amended Complaint.

86. Pinnacle denies the allegations contained in paragraph 86 of the Seventh Amended Complaint.

87. Pinnacle denies the allegations contained in paragraph 87 of the Seventh Amended Complaint.

88. Pinnacle denies the allegations contained in paragraph 88 of the Seventh Amended Complaint.

89. Pinnacle denies the allegations contained in paragraph 89 of the Seventh Amended Complaint

**Defendants TCM and Pinnacle's Contributory infringement/Vicarious Liability Concerning Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

90. Pinnacle denies the allegations contained in paragraph 90 of the Seventh Amended Complaint.

91. Pinnacle denies the allegations contained in paragraph 91 of the Seventh Amended Complaint.

92. Pinnacle denies the allegations contained in paragraph 92 of the Seventh Amended Complaint.

93. Pinnacle denies the allegations contained in paragraph 93 of the Seventh Amended Complaint.

94. Pinnacle denies the allegations contained in paragraph 94 of the Seventh Amended Complaint.

95. Pinnacle denies the allegations contained in paragraph 95 of the Seventh Amended Complaint.

96. Pinnacle denies the allegations contained in paragraph 96 of the Seventh Amended Complaint.

**Defendants BSB's Contributory infringement/Vicarious Liability Concerning Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

97. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 97 of the Seventh Amended Complaint.

98. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 98 of the Seventh Amended Complaint.

99. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 99 of the Seventh Amended Complaint.

100. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 100 of the Seventh Amended Complaint.

101. Pinnacle is without information sufficient to admit or deny the allegations contained in paragraph 101 of the Seventh Amended Complaint.

**PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS PINNACLE, TCM, BSB, AND BLOODGOOD**

**COUNT I**
**Against Defendant TCM: Copyright Infringement Under 17 U.S.C. § 102(a)(5)**

102. Pinnacle incorporates its responses to paragraphs 1 through 101 above.

103. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 103 of the Seventh Amended Complaint.

104. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 104 of the Seventh Amended Complaint.

105. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 105 of the Seventh Amended Complaint.

106. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 106 of the Seventh Amended Complaint.

**COUNT II**
**Against Defendant TCM: Copyright Infringement Under 17 U.S.C. § 102(a)(8)**

107. Pinnacle incorporates its responses to paragraphs 1 through 106 above.

108. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 108 of the Seventh Amended Complaint.

109. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 109 of the Seventh Amended Complaint.

110. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 110 of the Seventh Amended Complaint.

111. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 111 of the Seventh Amended Complaint.

**COUNT III**
**Against Defendant TCM: Contributory Infringement**

112. Pinnacle incorporates its responses to paragraphs 1 through 111 above.

113. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 113 of the Seventh Amended Complaint.

114. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 114 of the Seventh Amended Complaint.

115. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 115 of the Seventh Amended Complaint.

116. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 116 of the Seventh Amended Complaint.

117. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 117 of the Seventh Amended Complaint.

118. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 118 of the Seventh Amended Complaint.

119. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 119 of the Seventh Amended Complaint.

120. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 120 of the Seventh Amended Complaint.

**COUNT IV**
**Against Defendant TCM: Vicarious Liability**

121. Pinnacle incorporates its responses to paragraphs 1 through 120 above.

122. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 122 of the Seventh Amended Complaint.

123. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 123 of the Seventh Amended Complaint.

124. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 124 of the Seventh Amended Complaint.

125. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 125 of the Seventh Amended Complaint.

126. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 126 of the Seventh Amended Complaint.

127. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 127 of the Seventh Amended Complaint.

128. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 128 of the Seventh Amended Complaint.

129. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 129 of the Seventh Amended Complaint.

130. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 130 of the Seventh Amended Complaint.

131. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 131 of the Seventh Amended Complaint.

132. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 132 of the Seventh Amended Complaint.

**COUNT V**
**Against Defendant TCM: False Advertising Under the Lanham Act**

133. Pinnacle incorporates its responses to paragraphs 1 through 132 above.

134. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 134 of the Seventh Amended Complaint.

135. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 135 of the Seventh Amended Complaint.

136. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 136 of the Seventh Amended Complaint.

137. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 137 of the Seventh Amended Complaint.

138. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 138 of the Seventh Amended Complaint.

139. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 139 of the Seventh Amended Complaint.

140. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 140 of the Seventh Amended Complaint.

**COUNT VI**
**Against Defendant TCM: Violation of**
**Minnesota Uniform Deceptive Trade Practices Act**

141. Pinnacle incorporates its responses to paragraphs 1 through 140 above.

142. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 142 of the Seventh Amended Complaint.

143. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 143 of the Seventh Amended Complaint.

144. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 144 of the Seventh Amended Complaint.

145. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 145 of the Seventh Amended Complaint.

146. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 146 of the Seventh Amended Complaint.

147. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 147 of the Seventh Amended Complaint.

148. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at TCM. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 148 of the Seventh Amended Complaint.

**COUNT VII**
**Against Defendant Pinnacle: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(5)**

149. Pinnacle incorporates its responses to paragraphs 1 through 148 above.

150. Pinnacle denies the allegations contained in paragraph 150 of the Seventh Amended Complaint.

151. Pinnacle denies the allegations contained in paragraph 151 of the Seventh Amended Complaint.

152. Pinnacle denies the allegations contained in paragraph 152 of the Seventh Amended Complaint.

153. Pinnacle denies the allegations contained in paragraph 153 of the Seventh Amended Complaint.

**COUNT VIII**
**Against Defendant Pinnacle: Copyright Infringement Under 17 U.S.C. § 102(a)(8)**

154. Pinnacle incorporates its responses to paragraphs 1 through 153 above.

155. Pinnacle denies the allegations contained in paragraph 155 of the Seventh Amended Complaint.

156. Pinnacle denies the allegations contained in paragraph 156 of the Seventh Amended Complaint.

157. Pinnacle denies the allegations contained in paragraph 157 of the Seventh Amended Complaint.

158. Pinnacle denies the allegations contained in paragraph 158 of the Seventh Amended Complaint.

**COUNT X**
**Against Defendant Pinnacle: Contributory Infringement**

159. Pinnacle incorporates its responses to paragraphs 1 through 158 above.

160. Pinnacle denies the allegations contained in paragraph 160 of the Seventh Amended Complaint.

161. Pinnacle denies the allegations contained in paragraph 161 of the Seventh Amended Complaint.

162. Pinnacle denies the allegations contained in paragraph 162 of the Seventh Amended Complaint.

163. Pinnacle denies the allegations contained in paragraph 163 of the Seventh Amended Complaint.

164. Pinnacle denies the allegations contained in paragraph 164 of the Seventh Amended Complaint.

165. Pinnacle denies the allegations contained in paragraph 165 of the Seventh Amended Complaint.

166. Pinnacle denies the allegations contained in paragraph 166 of the Seventh Amended Complaint.

167. Pinnacle denies the allegations contained in paragraph 167 of the Seventh Amended Complaint.

**COUNT X**
**Against Defendant Pinnacle: Vicarious Liability**

168. Pinnacle incorporates its responses to paragraphs 1 through 167 above.

169. Pinnacle denies the allegations contained in paragraph 169 of the Seventh Amended Complaint.

170. Pinnacle denies the allegations contained in paragraph 170 of the Seventh Amended Complaint.

171. Pinnacle denies the allegations contained in paragraph 171 of the Seventh Amended Complaint.

172. Pinnacle denies the allegations contained in paragraph 172 of the Seventh Amended Complaint.

173. Pinnacle denies the allegations contained in paragraph 173 of the Seventh Amended Complaint.

174. Pinnacle denies the allegations contained in paragraph 174 of the Seventh Amended Complaint.

175. Pinnacle denies the allegations contained in paragraph 175 of the Seventh Amended Complaint.

176. Pinnacle denies the allegations contained in paragraph 176 of the Seventh Amended Complaint.

177. Pinnacle denies the allegations contained in paragraph 177 of the Seventh Amended Complaint.

178. Pinnacle denies the allegations contained in paragraph 178 of the Seventh Amended Complaint.

179. Pinnacle denies the allegations contained in paragraph 179 of the Seventh Amended Complaint.

**COUNT XI**
**Against Defendant Pinnacle: False Advertising Under the Lanham Act**

180. Pinnacle incorporates its responses to paragraphs 1 through 179 above.

181. Pinnacle denies the allegations contained in paragraph 181 of the Seventh Amended Complaint.

182. Pinnacle denies the allegations contained in paragraph 182 of the Seventh Amended Complaint.

183. Pinnacle denies the allegations contained in paragraph 183 of the Seventh Amended Complaint.

184. Pinnacle denies the allegations contained in paragraph 184 of the Seventh Amended Complaint.

185. Pinnacle denies the allegations contained in paragraph 185 of the Seventh Amended Complaint.

186. Pinnacle denies the allegations contained in paragraph 186 of the Seventh Amended Complaint.

187. Pinnacle denies the allegations contained in paragraph 187 of the Seventh Amended Complaint.

**COUNT XII**
**Against Defendant Pinnacle: Violation of Minnesota Uniform Deceptive Trade Practices Act**

188. Pinnacle incorporates its responses to paragraphs 1 through 187 above.

189. Pinnacle denies the allegations contained in paragraph 189 of the Seventh Amended Complaint.

190. Pinnacle denies the allegations contained in paragraph 190 of the Seventh Amended Complaint.

191. Pinnacle denies the allegations contained in paragraph 191 of the Seventh Amended Complaint.

192. Pinnacle denies the allegations contained in paragraph 192 of the Seventh Amended Complaint.

193. Pinnacle denies the allegations contained in paragraph 193 of the Seventh Amended Complaint.

194. Pinnacle denies the allegations contained in paragraph 194 of the Seventh Amended Complaint.

195. Pinnacle denies the allegations contained in paragraph 195 of the Seventh Amended Complaint.

**COUNT XIV**
**Against Defendant BSB: Copyright Infringement Under 17 U.S.C. § 102(a)(5)**

196. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 195 above.

197. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 197 of the Seventh Amended Complaint.

198. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 198 of the Seventh Amended Complaint.

199. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 199 of the Seventh Amended Complaint.

200. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 200 of the Seventh Amended Complaint.

**COUNT XV**
**Against Defendant BSB: Copyright Infringement Under 17 U.S.C. § 102(a)(8)**

201. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 200 above.

202. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 202 of the Seventh Amended Complaint.

203. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 203 of the Seventh Amended Complaint.

204. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 204 of the Seventh Amended Complaint.

205. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 205 of the Seventh Amended Complaint.

**COUNT XVI**
**Against Defendant BSB: Contributory Infringement**

206. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 205 above.

207. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 207 of the Seventh Amended Complaint.

208. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 208 of the Seventh Amended Complaint.

209. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 209 of the Seventh Amended Complaint.

210. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 210 of the Seventh Amended Complaint.

**COUNT XVII**
**Against Defendant BSB: Vicarious Liability**

211. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 210 above.

212. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 212 of the Seventh Amended Complaint.

213. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 213 of the Seventh Amended Complaint.

214. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 214 of the Seventh Amended Complaint.

215. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 215 of the Seventh Amended Complaint.

216. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 216 of the Seventh Amended Complaint.

217. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at BSB. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 217 of the Seventh Amended Complaint.

**COUNT XVIII**
**Against Defendant Bloodgood: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(5)**

218. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 217 above.

219. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 219 of the Seventh Amended Complaint.

220. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 220 of the Seventh Amended Complaint.

221. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 221 of the Seventh Amended Complaint.

222. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 222 of the Seventh Amended Complaint.

**COUNT XIX**
**Against Defendant Bloodgood: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(8)**

223. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 222 above.

224. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 224 of the Seventh Amended Complaint.

225. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 225 of the Seventh Amended Complaint.

226. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 226 of the Seventh Amended Complaint.

227. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 227 of the Seventh Amended Complaint.

**COUNT XX**
**Against Defendant Bloodgood: Contributory Infringement**

228. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 227 above.

229. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 229 of the Seventh Amended Complaint.

230. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 230 of the Seventh Amended Complaint.

231. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 231 of the Seventh Amended Complaint.

232. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 232 of the Seventh Amended Complaint.

## COUNT XXI
## Against Defendant Bloodgood: Vicarious Liability

233. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle incorporates its responses to paragraphs 1 through 232 above.

234. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 234 of the Seventh Amended Complaint.

235. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 235 of the Seventh Amended Complaint.

236. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 236 of the Seventh Amended Complaint.

237. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 237 of the Seventh Amended Complaint.

238. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 238 of the Seventh Amended Complaint.

239. Pinnacle states that no response is required from it regarding the allegations contained in this count, which is directed at Bloodgood. To the extent a response is required, Pinnacle denies the allegations contained in paragraph 239 of the Seventh Amended Complaint.

## SEPARATE DEFENSES

1. The Seventh Amended Complaint fails to state a claim upon which relief may be granted.

2. Pinnacle has not infringed any copyrights owned by Plaintiff and has not infringed any of the technical drawings purportedly registered with the Copyright Office as Registration numbers VAu-447-395 or VAu 546-285 or the architectural work purportedly registered with the Copyright Office as registration number VAu 534-723.

3. Pinnacle did not have access to the technical drawings purportedly registered with the Copyright Office as Registration numbers VAu-447-395 or VAu 546-285.

4. Plaintiff's asserted copyright registrations are invalid and unenforceable.

5. Plaintiff has failed to mitigate any damages it incurred.

6. Pinnacle has never built, promoted, advertised, offered for sale, constructed or sold any homes in Minnesota and is not currently doing so.

7. Plaintiff lacks standing to bring its claims.

8. Pinnacle's architectural designs for its Washington Square back-to-back, slab-on-grade town homes were independently created.

9. If the fact-finder determines that Pinnacle infringed Plaintiff's copyrights, then the infringement was innocent.

**JURY DEMAND**

Pinnacle requests jury trial for all issues so triable.

WHEREFORE, Pinnacle requests the following relief:

1. Dismissal of Plaintiff's Complaint in its entirety and judgment for Pinnacle on its counterclaim;

2. An award of the attorneys fees, costs and disbursements Pinnacle has incurred; and

3. Any other relief as the Court deems just and equitable.

Dated: July 12, 2004

**/s/ Christopher J. Murdoch**

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLC**
131 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David A. Donna
**DONNA & DALY, P.C.**

1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4250
Facsimile: (651)406-4243
ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION