**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**NOTICE OF OBJECTION BY CHRISTOPHER CARMICHAEL TO MAGISTRATE'S 6/30/04 ORDER OF SANCTIONS** |

**<u>NOTICE OF OBJECTION BY CHRISTOPHER CARMICHAEL TO MAGISTRATE'S 6/30/04 ORDER OF SANCTIONS</u>**

A manifest injustice, demanding immediate redress, has occurred in this case: a young lawyer (practicing for less than one year) has been personally sanctioned *without notice* for asking a limited number of questions at a deposition regarding a hotly disputed issue relevant to

damages. For the following reasons, Christopher Carmichael individually objects to the Magistrate's June 30, 2004 order entering a personal sanction against him.

1. The entry of a sanction against Mr. Carmichael did not comport with due process because he was not given proper notice nor a chance to be heard. (Op. at 3-4, 12-14, 39-40, 50-51.) Mr. Carmichael's conduct was not mentioned in the plaintiff's lengthy motion and memorandum requesting sanctions. The Magistrate never issued an order to show cause notifying Mr. Carmichael that his conduct was under consideration for sanctions. Mr. Carmichael was not given the opportunity to contest the propriety of sanctions by filing materials or appearing at the hearings. Rather, plaintiff's counsel unexpectedly brought up Mr. Carmichael's name during oral argument on the motion for sanctions, failing to provide Mr. Carmichael personal notice of the fact that sanctions were being considered against him.

2. The conduct Mr. Carmichael was sanctioned for – arguably exercising poor judgment in framing questions at a deposition – was not sanctionable and, in any event, reflected, at most, a well-intentioned misunderstanding that was not undertaken with intent to harm or in bad faith. (Op. at 12-14, 39-40.)

3. Mr. Carmichael's questioning of the deponent was relevant to damages issues in the case. Evidence of a plan by the plaintiff company to close one of its offices would undermine the company's contention that it had virtually unlimited resources, and thus that the only reason it forewent certain property purchases was because of defendants' alleged conduct. Also, the questioning involved tactics regularly used by trial attorneys, which are not sanctionable.

4. Furthermore, the Magistrate failed to consider that this matter was at an advanced stage, that Mr. Carmichael's participation was limited, and that at the time of the deposition at issue Mr. Carmichael had been practicing law for less than one year. (Op. at 1-55.)

5. The Magistrate also failed to make separate and detailed findings concerning the sanctionability of Mr. Carmichael's conduct and apply the applicable legal standards separately to him. (Op. at 12-14, 39-40.) Rather -- despite the Magistrate's comment that Mr. Carmichael's conduct was "unrelated . . . to anything in this case" (Op. at 12) – the Magistrate's decision to sanction Mr. Carmichael was "based upon the record as a whole" (Op. at 24), a record Mr. Carmichael had virtually nothing to do with.

6. The conduct at issue (asking seven questions at a deposition) did not multiply and increase the costs of the proceedings and is therefore not sanctionable under 28 U.S.C. § 1927. The Magistrate failed to make any finding that Mr. Carmichael's conduct multiplied and increased the costs of the proceedings. (Op. at 12-14, 39-40.)

7. The sanction ordered by the Magistrate, writing a letter of apology, is invalid because it is not a permissible sanction under 28 U.S.C. § 1927. Section 1927 limits sanctions to "excess costs." (Op. at 40, 55.) The record does not support a finding of any costs created by Mr. Carmichael's conduct.

8. To the extent the sanction rests upon the "inherent power" of the court, it is widely recognized that the exercise of such power should be strictly limited to egregious circumstances very different from Mr. Carmichael's behavior here. Moreover, there is precedent suggesting that Article III inherent power cannot be exercised by an Article I Magistrate Judge.

9. To the extent the sanction rests on an "intent" to violate the protective order, the ruling is erroneous because no actual violation occurred and because the protective order does

not prevent disclosure of the producing party's information to that same producing party. (Op. at 40.)

For all the foregoing reasons and the reasons stated in the accompanying memorandum of law, the sanctions order, as it pertains to Mr. Carmichael, should be vacated.

Respectfully submitted,

/s/ James R. Ferguson
James R. Ferguson
David W. Fuller
MAYER, BROWN, ROWE & MAW LLP
190 S. La Salle Street
Chicago, Illinois
312-701-7282 (telephone)

/s/ Rodney A. Honkanen
Rodney A. Honkanen (# 46929)
Spence, Ricke, Sweeney & Gernes, P.A.
325 Cedar Street, Suite 600
St. Paul, MN 55101
651-223-8000 (telephone)

*Attorneys for Christopher Carmichael*