Exhibit R111

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

vs.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO PINNACLE CORPORATION'S FOURTH SET OF WRITTEN DISCOVERY**

TO: Defendant Pinnacle Corporation and its counsel of record, David A. Donna, Donna and Daly, P.C., 1460 Buffet Way, Suite 150, Eagan, Minnesota 55121-1133 and Christopher J. Murdoch and Matthew Farmer of Holland & Knight, LLC, 131 South Dearborn Street, 30th Floor, Chicago, IL 60603.

Plaintiff, The Rottlund Company, Inc., ("Plaintiff" and/or "Rottlund") submits the following Objections and Responses to Defendant Pinnacle Corporation's ("Pinnacle") Fourth Set of Written Discovery. The following incorporate Plaintiff's General Objections set forth in Plaintiff's objections, responses and answers to all of Pinnacle's discovery served to date, are made subject to the objections, responses and answers contained therein, and are made without, in any way, waiving or intending to waive any of Plaintiff's General Objections or responses to discovery contained therein. Each of Plaintiff's responses herein incorporate Plaintiff's General Objections and Plaintiff is not, in any way, waiving or intending to waive any applicable attorney-client privilege or work-product doctrine related to any of its responses contained herein. Each of Plaintiff's responses herein are made subject to the general objection that each request to admit exceeds the discovery limitations imposed by the Federal Rules of Civil Procedure because the joint defense partner Defendants in this case have served at least 73 interrogatories, 414 document requests, and 3,411 requests for admissions.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the complete meaning of the term "placement" as used in paragraph 64 of the Fifth Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this Interrogatory to the extent that it requests a fact witness to provide a legal opinion and/or conclusion. Plaintiff further objects to this Interrogatory to the extent that it seeks to consider placement apart from the combination, gestalt or overall form, as well as the arrangement and combination of spaces and elements, of its copyright protected Villa II works of authorship. Plaintiff also objects to this Interrogatory to the extent that it seeks to dissect placement from the total concept and feel or look and feel of its copyright protected Villa II works of authorship. Subject to these objections, Plaintiff states that the term "placement" means the act of placing or

arranging features, elements, rooms, and other items within the overall form or total look and feel of its copyright protected Villa II works of authorship. Plaintiff further states that the term "placement" used in Paragraph 64 of its Fifth Amended Complaint has the same meaning that courts evaluating the issues of originality and substantial similarity in architectural copyright infringement cases have given to it. *See e.g.*, *Craig v. Dabrowski*, 1999 WL 412581 (N.D. Ill. 1999); *CSM Investors, Inc. v. Everest Development, Ltd.*, 840 F. Supp. 1304 (D. Minn. 1994); *Richmond Homes Management, Inc. v. Raintree, Inc.*, 862 F. Supp. 1517 (W.D. Va. 1994); *Arthur Rutenberg Corp. v. Parrino*, 664 F. Supp. 479 (M.D. Fla. 1987).

**INTERROGATORY NO. 2**: Identify the complete meaning of the term "layout" as used in paragraph 64 of the Fifth Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this Interrogatory to the extent that it requests a fact witness to provide a legal opinion and/or conclusion. Plaintiff further objects to this Interrogatory to the extent that it seeks to consider layout apart from the combination, gestalt or overall form, as well as the arrangement and combination of spaces and elements, of its copyright protected Villa II works of authorship. Plaintiff also objects to this Interrogatory to the extent that it seeks to dissect layout from the total concept and feel or look and feel of its copyright protected Villa II works of authorship. Subject to these objections, Plaintiff states the term layout means the schematic arrangement and configuration of features, elements, rooms, and other items within the overall form or total look and feel of its copyright protected Villa II works of authorship. Plaintiff further states that the term layout used in Paragraph 64 of its Fifth Amended Complaint is interchangeable with "arrangement and configuration" and has the same meaning that courts evaluating the issues of originality and substantial similarity in architectural copyright infringement cases have given to it. *See e.g.*, *Craig v. Dabrowski*, 1999 WL 412581 (N.D. Ill. 1999), *CSM Investors, Inc. v.*

*Everest Development, Ltd.*, 840 F. Supp. 1304 (D. Minn. 1994); *Richmond Homes Management, Inc. v. Raintree, Inc.*, 862 F. Supp. 1517 (W.D. Va. 1994).

**INTERROGATORY NO. 3**: Identify the complete meaning of the term "proportions" as used in paragraph 64 of the Fifth Amended Complaint.

**RESPONSE**: In addition to the general objections noted above, Plaintiff objects to this Interrogatory to the extent that it requests a fact witness to provide a legal opinion and/or conclusion. Plaintiff further objects to this Interrogatory to the extent that it seeks to consider proportions apart from the combination, gestalt or overall form, as well as the arrangement and combination of spaces and elements, of its copyright protected Villa II works of authorship. Plaintiff also objects to this Interrogatory to the extent that it seeks to dissect proportions from the total concept and feel or look and feel of its copyright protected Villa II works of authorship. Subject to these objections, Plaintiff states the term proportions mean the general size of features, elements, rooms, and other items in relation to the overall form or total look and feel of its copyright protected Villa II works of authorship. Plaintiff further states that the term proportions used in Paragraph 64 of its Fifth Amended Complaint is interchangeable with "general size" and has the same meaning that courts evaluating the issues of originality and substantial similarity in architectural copyright infringement cases have given to it. *See e.g., CSM Investors, Inc. v. Everest Development, Ltd.*, 840 F. Supp. 1304 (D. Minn. 1994); *Cornerstone Home Builders, Inc. v. McAllister*, 2004 WL 212454 (M.D. Fla. 2004); *Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002).

**INTERROGATORY NO. 4**: For each defendant, identify every copyright that Rottlund contends is infringed by each individual accused product or development and the basis for that contention.

**RESPONSE**: In addition to the general objections noted above, Rottlund objects to this Interrogatory as it is duplicative of prior discovery requests and deposition questioning, and designed to be overly burdensome. Subject to these objections, Rottlund states that each defendant has infringed upon Rottlund's Villa copyrights set forth in Rottlund's Fifth Amended Complaint and those Villa copyrights that have been disclosed during discovery. Rottlund incorporates herein by reference the exhaustive deposition testimony it and its employees have provided on this subject, including, but not limited to the Rule 30(b)(6) testimony offered on this subject, as well as the personal depositions of Todd Stutz, Timothy Whitten, Bernard Rotter, David Rotter, Steve Swanson, and others deposed during discovery. Rottlund incorporates herein by reference the deposition testimony it has elicited from the witnesses and entities it has deposed during discovery. Rottlund further incorporates herein by reference its pleadings submitted in support of Rottlund's motion for partial summary judgment. Rottlund further incorporates herein by reference the expert reports and exhibits of Anthony Desnick.

**INTERROGATORY NO. 5**: Identify all source material used for the design of the "original Villa."

**RESPONSE**: In addition to the general objections noted above, Rottlund objects to this Interrogatory as it is duplicative of prior discovery requests and deposition questioning, and designed to be overly burdensome. Rottlund incorporates herein by reference the deposition testimony provided by Timothy Whitten, Bernard Rotter, and its Rule 30(b)(6) testimony on this subject.

**INTERROGATORY NO. 6**: Identify all source material used for the design of the "New Villa."

**RESPONSE**: In addition to the general objections noted above, Rottlund objects to this Interrogatory as it is duplicative of prior discovery requests and deposition questioning, and designed to be overly burdensome. Rottlund incorporates herein by reference the deposition testimony provided by Timothy Whitten, Todd Stutz, Bernard Rotter, and its Rule 30(b)(6) testimony on this subject.

**INTERROGATORY NO. 7**: Identify all source material used for the design of the Villa II at Rush Creek.

**RESPONSE**: In addition to the general objections noted above, Rottlund objects to this Interrogatory as it is duplicative of prior discovery requests and deposition questioning, and designed to be overly burdensome. Rottlund incorporates herein by reference the deposition testimony provided by Timothy Whitten, Todd Stutz, Bernard Rotter, and its Rule 30(b)(6) testimony on this subject.

**INTERROGATORY NO. 8**: Identify all source material used for the design of the Villa II at The Reserves.

**RESPONSE**: In addition to the general objections noted above, Rottlund objects to this Interrogatory as it is duplicative of prior discovery requests and deposition questioning, and designed to be overly burdensome. Rottlund incorporates herein by reference the deposition testimony provided by Timothy Whitten, Todd Stutz, Bernard Rotter, and its Rule 30(b)(6) testimony on this subject.

AS TO INTERROGATORY ANSWERS:

Dated: _________, 2004.

On behalf of Plaintiff

By______________________________
Timothy Whitten
Executive Vice President

AS TO INTERROGATORY OBJECTIONS:

Dated: April 15, 2004

**WINTHROP & WEINSTINE, P.A.**

By______________________________
Craig S. Krummen, #259081
David A. Davenport, #00285109

225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400

***Attorneys for Plaintiff***
***The Rottlund Company, Inc.***
***d/b/a Rottlund Homes***

2105779v1