Civil No. 01-1980 (DSD/SRN) – Rottlund/Pinnacle
Patrick Affidavit dated July 20, 2004

# Exhibit A

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Daniel J. DAY, Plaintiff,
v.
CONSOLIDATED RAIL CORPORATION,
Defendant.

**No. 95 CIV. 968 (PKL).**

May 15, 1996.

Gregory Nester, Marvin I. Barish Law Offices, P.C., Philadelphia, Pennsylvania.

Lawrence R. Bailey, Jr., Walker & Bailey, New York City.

*MEMORANDUM & ORDER*

DOLINGER, United States Magistrate Judge:

***1** On the eve of trial, plaintiff and defendant in this FELA case are in vigorous dispute over the adequacy of their respective disclosures concerning their designated expert witnesses. Each seeks to preclude experts named by the other side for failure to comply with the rules that govern the production of expert witness information. (*See, e.g.,* April 22 & 23, 1996 letters to the Court from Lawrence R. Bailey, Jr., Esq.; April 23, 1996 letter to the Court from Gregory L. Nester, Esq.). [FN1]

FN1. Both sides have named a number of trial experts concerning whom there is no controversy.

A. *Defendant's Experts*

Plaintiff requests that defendant be precluded from calling two individuals, Walter L. Heide and Dr. James Pugh. Heide apparently is primed to testify about track inspection requirements and Pugh, who is described as an accident reconstruction expert, is to testify about the likelihood that plaintiff's alleged failure to wear a seat belt may have caused his injuries.

On March 7, 1996 defendant served two documents signed by trial counsel, each labelled "Expert Witness Disclosure", one for Mr. Heide and the other for Dr. Pugh. Both were manifestly inadequate to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B). Each gave only the barest description of the subject matter of testimony and the general conclusions of each witness. Neither contained the required report of the expert containing "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data and other information considered by the witness in forming the opinions;" publications, if any by the witness; compensation, if any, of the witness; and a list of all cases in which the witness has testified.

In response, plaintiff's counsel belatedly brought this matter to the court's attention by telephone call on March 28, 1996, at which time counsel was instructed to consult with opposing counsel. The matter was not presented to the court for resolution until April 9, 1996. At a telephone conference on April 17, 1996, defendant was directed to proffer a written explanation for the apparent inadequacy of the so-called "Expert Witness Disclosures."

We have since received letter briefs from both sides. Defendant argues both that the objections were untimely and too informal and that the federal rule governing expert-witness discovery does not apply to Mr. Heide. I address these matters in reverse order.

The argument about Mr. Heide is premised on the undisputed fact that he is an employee of defendant Con Rail. Defendant then points to the language from the rule governing the scope of Rule 26(a)(2)(B), which applies to "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an



EXHIBIT
tabbies
A

employee of the party regularly involve giving expert testimony...." According to defendant, Mr. Heide's job duties at Con Rail do not "regularly involve giving expert testimony" and he was not "retained or specially employed to provide expert testimony in the case." Accordingly, defendant argues that it need not provide the information otherwise required for expert witnesses.

*2 The principal difficulty with this argument is that even if the quoted language is perhaps susceptible to several alternative interpretations, the reading proposed by defendant would create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information. The logic of defendant's position would be to create a category of expert trial witness for whom no written disclosure is required--a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy. *See* Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes at 125 (West 1996 ed.) (noting that 1993 amendments broadened expert discovery); *Ferriso v. Conway Org.*, 1995 WL 580197, at *2 (S.D.N.Y. Oct. 3, 1995) (1993 amendments impose additional duty to disclose information).

The implausibility of defendant's position on this point is underscored by the language of the relevant Advisory Committee notes both for the current version of the rules and for its predecessor. Thus, in commenting on the 1970 amendments, which first defined a broad scope of required written disclosure concerning trial experts' anticipated testimony, including summaries of their opinions and the grounds for them, the Advisory Committee made no suggestion that the rule applied only to certain trial experts, and instead emphasized that broad disclosure was required concerning "those experts whom a party expects to call as trial witnesses." The only distinction was between that category of experts and those "who have been retained or specially employed by the party but who are not expected to be witnesses." Advisory Committee Notes at 118.

The 1993 amendments retain that distinction, and, as noted, have in fact broadened the scope of disclosure required for trial experts. As explained in the notes, this expansion in the discovery requirement was enacted because "[t]he information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." *Id.* at 125.

Although Rule 26(b)(4)(A), governing depositions of experts, appears to imply that some category of experts may be exempt from the report requirement, that exemption is apparently addressed to experts who are testifying as fact witnesses, although they may also express some expert opinions--for example, treating physicians. *See* 4 James W. Moore *et al. Moore's Federal Practice* ¶ 26.04[4] at 26-107 (2d ed. 1995). *See also* Advisory Committee Notes at 125; *Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir.1993) ("Rule 26 focuses not on the status of the witness but rather on the substance of the testimony"); *Zarecki v. National R.R. Passenger Corp.,* 914 F.Supp. 1566, 1573 (N.D.Ill.1996) (rejecting plaintiff's argument that treating physician was exempt from report requirement where physician's testimony concerned professional opinion developed for trial and not simply information acquired through observation and care of patient). In such an instance, we may infer that the reasons for requiring an expert's report are far less compelling and may unfairly burden a non-party who is appearing principally because he or she witnessed certain events relevant to the lawsuit.

*3 In a case such as this, in which it appears that the witness in question--that is, Mr. Heide--although employed by the defendant, is being called solely or principally to offer expert testimony, there is little justification for construing the rules as excusing the report requirement. Since his duties do not normally involve giving expert testimony, he may fairly be viewed as having been "retained" or "specially employed" for that purpose. Moreover, although defendant might argue that Mr. Heide is not receiving extra compensation for that performance--the record is silent on the matter--the rules contain no disclosure exemption for experts who are not monetarily compensated.

As for the other expert, Dr. Pugh, he is apparently not employed by Con Rail. Accordingly, defendant must concede the applicability of the report requirement to him.

Defendant's alternative grounds for resistance are

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

that plaintiff never made a formal motion to preclude defendant's experts and that the current application is untimely. The degree of formality of the request was established by the court, which permitted letter briefing and oral argument. Defendant makes no showing either that it was surprised by this manner of proceeding or that it was in any other way unfairly prejudiced.

Timing is another matter. By order dated January 18, 1996, the court set the final expert witness discovery schedule, which included a proviso for defendant to provide the Rule 26(a)(2)(B) expert witness information by March 7, 1996, and further specified that if either party failed to assert an objection in court to its adversary's production within seven days after the default, the objection would be deemed waived. (Jan. 18, 1996 Order at ¶ 7.) In this case defendant telexed to plaintiff's counsel on March 7 the purported expert disclosure reports, and plaintiff failed to raise the issue with the court for at least three weeks, until March 28, 1996, and did not press his objection in writing to the court until April 9, 1996. [FN2] Moreover, contrary to S.D.N.Y. Civil Rule 3(f), it appears that plaintiff's counsel never fulfilled his obligation to consult with adversary counsel.

FN2. We may question whether an *ex parte* phone call to chambers constitutes compliance with the court's directive, but that issue need not be addressed here.

These failings have prejudiced defendant to a degree since the issue was not framed for decision until shortly before trial. Moreover, given the longstanding policy of this court to encourage the disposition of cases on their merits, we are inclined to exercise our broad discretion to permit defendant to call the two named experts to testify on the following conditions: (1) that defendant provide the information required by Rule 26(a)(2)(B) for both experts, (2) that defendant make them both available for depositions before their appearance at trial and (3) that defendant bear the full expense of those depositions. *Cf. Williams v. Monarch Mach. Tool Co.,* 26 F.3d 228, 230-31 (1st Cir.1994) (upholding trial court's refusal to exclude testimony of expert witness because trial judges have inherent discretionary authority to manage scheduling, expert discovery, and sanctions).

B. *Plaintiff's Expert*

***4** The remaining issue concerns a witness named by plaintiff in the pre- trial order as a trial expert. The witness, a Dr. William Simon, was listed "as an expert to testify as to causation of the injuries, nature and extent of the medical treatment and prognosis for future recovery." This subject exactly duplicates the area on which another, properly disclosed expert witness--Dr. Richard Radna--is to testify for plaintiff.

According to defendant's counsel, plaintiff had never previously disclosed that Dr. Simon was to be called as an expert witness and thus never provided the required expert witness disclosure. Defendant therefore seeks to preclude plaintiff from calling Dr. Simon as an expert. (*See* April 23, 1996 letter to the Court from Lawrence R. Bailey, Jr.). Plaintiff has not responded to this application, and thus must be deemed to have conceded the point. Since plaintiff failed to identify Dr. Simon as an expert witness and apparently did not provide the required disclosures as to his opinions, the application for preclusion of Dr. Simon as an expert witness should be granted. *See, e.g., Derby v. Godfather's Pizza, Inc.,* 45 F.3d 1212, 1215 (8th Cir.1995); *see also* Rule 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... any witness or information not so disclosed.")

SO ORDERED.

1996 WL 257654, 1996 WL 257654 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works