UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**AFFIDAVIT OF DAVID A. DAVENPORT IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

David A. Davenport, being duly sworn, states:

1. I am an associate with the law firm of Winthrop & Weinstine, P.A., Suite 3500, 225 South Sixth Street, Minneapolis, Minnesota 55402. I am duly licensed to practice law in the

State of Minnesota and before this Court. I am one of the attorneys representing Plaintiff, The Rottlund Company, Inc., d/b/a Rottlund Homes ("Rottlund" or "Plaintiff"), in this matter. I submit this Affidavit in support of Plaintiff's Memorandum of Law in Opposition of Defendant's Motion to Compel Discovery.

2. Winthrop and Weinstine retained, on behalf of Rottlund, Anthony Desnick as an expert to opine on liability issues in this case;

3. Attached hereto as **Exhibit A** is a true and correct copy of the Preliminary Expert Report of Anthony Desnick, AIA, dated May 30, 2003 **( *partially* FILED UNDER SEAL);**

4. Attached hereto as **Exhibit B** is a true and correct copy of the Supplemental Expert Report of Anthony Desnick, AIA, dated April 15, 2004;

5. Attached hereto as **Exhibit C** is a true and correct copy of the Rebuttal Expert Report of Anthony Desnick, AIA, dated May 14, 2004;

6. Attached hereto as **Exhibit D** is a true and correct copy of the Second Rebuttal Expert Report of Anthony Desnick, AIA, dated June 1, 2004;

7. Attached hereto as **Exhibit E** is a true and correct copy of transcript excerpts from the deposition of Anthony Desnick, taken June 23, 2004;

8. Attached hereto as **Exhibit F** is a true and correct copy of correspondence from David A. Davenport, Esq. to Darren Schwiebert, Esq., dated June 24, 2004;

9. TCM did not attempt to meet-and-confer with Rottlund's counsel concerning the issues presented in TCM's instant motion to compel;

10. TCM did not serve a subpoena *duces tecum* upon Winthrop & Weinstine prior to the close of either fact or expert discovery;

11. Attached hereto as **<u>Exhibit G</u>** is a true and correct copy of correspondence from Ben Patrick to David Davenport dated July 21, 2003;

12. Attached hereto as **<u>Exhibit H</u>** is a true and correct copy of correspondence from Ben Patrick to David Davenport dated July 28, 2003;

13. Attached hereto as **<u>Exhibit I</u>** is a true and correct copy of excerpts from the rough draft transcript of the deposition of Joseph Kenyon, dated July 16, 2004; and

14. Attached hereto as **<u>Exhibit J</u>** is a true and correct copy of excerpts from the rough draft transcript of the deposition of Jeffrey Scherer, dated June 30, 2004.

**FURTHER YOUR AFFIANT SAITH NOT.**

s/David A. Davenport
David A. Davenport

Subscribed and sworn to before me
this 22nd day of July, 2004.

s/Deana J. Lessor
Notary Public

My Commission Expires 1/31/05

2132674v1