# FILED UNDER SEAL

Exhibit 3

# Exhibit 4

 12/10/02

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc., a
Minnesota corporation,

Defendants,

and,

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc.,
an Iowa Corporation and

Third-Party Defendant.

Civil Action No. 01-CV-1980 DSD/SRN

**AFFIDAVIT OF PAUL J. ANDERSON**

RECEIVED
DEC 11 2002
DAVID A. DAVENPORT

FILE COPY

Paul J. Anderson, being first duly sworn on oath, states and deposes as follows:

1. On November 22, 2002, I participated in a telephonic hearing with the Court in my capacity as Chief Financial Officer for Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("TCM").

2. After that hearing ended, I began generating, at the Court's direction, Historical Job Cost reports and Estimate Detail reports for the five TCM developments and one Pinnacle

development at issue in this lawsuit. Those reports were not limited to the back-to-back town homes in the developments. I ran those reports for the entire developments.

3. The Gross Profit and List Jobs reports that Rottlund's attorneys attached as Exhibits A and B to their December 6, 2002 letter to the Court were not limited to the back-to-back town homes in the Washington Square development. Those reports contain the information for the entire development as of the date on which they were run.

4. On December 10, 2002, I directed that new Gross Profit and List Jobs reports be run for the TCM developments at issue to include all homes in those developments.

5. I ran each of the above reports using off-the-shelf F.A.S.T. Builder System software. The discretion I used in running each report was limited to selecting the project (i.e., development(s)) and the type of report to be run. Additionally, for the Historical Job Cost reports I did not limit them to any subset of construction costs but rather selected the field for home construction costs. These reports are used by TCM and Pinnacle in the ordinary course of business.

Dated: December 10, 2002

Paul J. Anderson

Subscribed and sworn to before me
this 10th day of December 2002

Notary Public

OFFICIAL SEAL
JEAN X. YIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-23-2003

#2735880\1

# FILED UNDER SEAL

Exhibit 5

Exhibit 6

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---------------------------------------------

The Rottlund Company, Inc.,

Plaintiff,

vs. Case No. 01-1980

Pinnacle Corporation, et.al.,

Defendants.

---------------------------------------------

THE HONORABLE SUSAN R. NELSON

United States Magistrate Judge

* * * *

TRANSCRIPT OF PROCEEDINGS

OF

STATUS CONFERENCE

* * * *

Date: May 7, 2004

Reporter: Leslie R. Pingley

asked me to.

Rottlund's response, interestingly enough, is well, he told us he sent everything to his lawyers, but that doesn't answer the question of whether or not he, in fact, still has documents. Mr. Tice was never asked, despite this Court's order, him being the president of the Rottlund division -- the Rottlund division in Iowa, whether or not he had any documents. We simply --

THE COURT: You know, I can may be cut this short. You know that there was a submission made in camera on this issue. I don't want to reveal the content of that submission except to say that if you were to see it you would be satisfied that he indeed was asked and I don't know if he understood asked in the oral or written, I'm not sure why he responded the way he did, but he was asked to do that.

MR. SCHWIEBERT: We spent the better part of a morning getting at

showing before trial counsel may be deposed.

The Court is also not at all convinced that defense counsel will be able to call trial counsel's witnesses in this case. It is not the case as Ms. Newman said in her argument that I have -- the Court has stonewalled you on this. I have asked for affidavits to be submitted and they were, so there is a record on this issue and for those reasons that request is denied.

With respect to the Oaks litigation, I am compelled to respond to Mr. Farmer's suggestion that the Court is applying a different standard here. The Court is certainly neither intends to do that nor does the Court believe that it's doing such a thing. The Court has asked on a couple of occasions for counsel to go back, much like I asked Pinnacle counsel and TCM counsel and BSB counsel on other occasions and represent to the Court that all documents indeed have been

searched for and produced and that representation has been made to the Court.

However, the Court does agree with Mr. Schwiebert's point that the 30(b)(6) deposition was not completed. I understand Mr. Krummen's point that I did ask for a list of topics and that's a good point, but I do believe I will permit a brief, and I mean brief, one-half day 30(b)(6) deposition of a Rottlund designee on the issue of the Oaks litigation on the condition that there is an agreement in advance on the 30(b)(6) topics and there's a 30(b)(6) topic list provided in a timely way and I will ask you to meet and confer on that and if there's any more specifics that you need the Court's involvement, I'm free to get that.

With respect to the request for a ruling on the request for admissions, the Court believes that that ruling ought to be in writing and so I am going to provide a brief written