Civil No. 01-1980 (DSD/SRN) – Rottlund/Pinnacle
Ben Patrick Affidavit dated July 29, 2004

# Exhibit C

H

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.

DOMINGO CAMBEIRO PROFESSIONAL CORPORATION, Plaintiff-Appellant,
v.
Mark ADVENT; Tri-M Holdings Inc.; Sig Rogich; Joel Bergman; New York-New York Hotel, LLC, Defendants-Appellees.

**Nos. 99-17057, 99-15893.**
**D.C. No. CV-96-222-HDM.**

Argued and Submitted Feb. 16, 2000.
Decided March 7, 2000.

Appeal from the United States District Court for the District of Nevada, Howard D. McKibben, District Judge, Presiding.

Before B. FLETCHER, CANBY, O'SCANNLAIN, Circuit Judges.

MEMORANDUM [FN1]

FN1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**1 Plaintiff-Appellant, Domingo Cambeiro Professional Corporation ("Cambeiro"), an architecture firm, was invited by certain of the defendants to submit a design proposal for a shopping center with a "New York theme." Under a confidentiality agreement, Cambeiro prepared and submitted an architectural rendering along with a scroll of drawings depicting a single commercial building with an integrated structure and facade based on the skyline of New York City.

Although Cambeiro made two well-received presentations of the rendering and scroll to defendants, other architects were brought in when defendants decided to build a New York theme hotel-casino. Cambeiro's infringement suit against defendants alleged that the "New York-New York Hotel" eventually constructed in Las Vegas (as well as the rendering by architect Joel Bergman), infringed Cambeiro's rights in the rendering and scroll prepared for the proposed shopping center.

The district court granted defendants' motion for summary judgment on the ground that no reasonable juror could find substantial similarity between defendants' works and the protected elements of Cambeiro's works. Specifically, the court applied the so-called "extrinsic test" described in *Apple Computer v. Microsoft,* 35 F.3d 1435, 1442 (9th Cir.1994), and the scenes a faire and merger doctrines, finding that the only similar elements in the works (the idea of a New York City theme in the architectural embodiment or structure and the selection of common New York City icons), were not protectable. Although plaintiff appealed the ruling, it failed to notice the appeal within 30 days of the entry of judgment and we dismissed the case. *DCP v. Advent,* No 98-15611, Order of Dismissal (9th Cir. July 6, 1998).

Defendants then moved for attorney fees. The district court granted the motion on the ground that plaintiff's position on the copyright claim was objectively unreasonable. The court reasoned that, by steadfastly objecting to the court's use of analytic dissection under the extrinsic test, "Cambeiro failed to identify any specific similarities between the Cambeiro Works and the New York Hotel." Instead, Cambeiro relied on the theory that its selection, arrangement and coordination of famous New York City icons into an integrated facade was entitled to copyright protection. This theory, the court found, would "confer a monopoly on the idea of using the New York City skyline," and "is abhorrent to the principle of copyright law." Awarding fees to defendants, on the other hand, would "promote the creation of works from an underlying work, which exists in the public domain." We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I.

A district court's decision regarding the award of attorney fees pursuant to § 505 of the Copyright Act is reviewed for abuse of discretion. *Smith v. Jackson,* 84 F.3d 1213, 1221 (9th Cir.1996). "Reversal for abuse of discretion is not appropriate unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (citing *Washington State Dep't of Transp. v. Washington Natural Gas Co.,* 59 F.3d 793, 805 (9th Cir.1995)). Any underlying findings of fact are reviewed for clear error. *Id.*



EXHIBIT C tabbies

****2** In *Fogerty v. Fantasy, Inc.*, the Supreme Court rejected the British Rule as well as the "dual standard" in favor of an "evenhanded approach" toward fee requests in copyright cases:

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised....

510 U.S. 517, 534 (1994). In a footnote, the court observed that " 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," ' are appropriate factors so long as "such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* at 534 n. 19 (quoting *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir.1986)); *see also* *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1229 (9th Cir.1997) (reciting and following *Fogerty/Lieb* factors).

*A. Objective Unreasonableness*

Cambeiro attempts to show that its position before the district court was not objectively unreasonable by challenging the court's use of analytic dissection. According to Cambeiro, the district court "improperly removed from consideration in the 'intrinsic test' all elements of the accused works by finding them to be merely 'ideas,' applying the 'scenes a faire doctrine." ' Cambeiro claims this was not only a confusion of the intrinsic and extrinsic tests, it also allowed the district court to filter out all unprotectible elements before making a determination as to whether the selection, arrangement and coordination of elements in Cambeiro's work was protectable and substantially similar to defendants' works.

The central premise of Cambeiro's argument is that a district court must "leave in" all unprotected elements when comparing a compilation with an allegedly infringing work. However, as the Supreme Court made painstakingly clear in *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340 (1991), the protection in compilations "is subject to an important limitation":

> The mere fact that a work is copyrighted does not mean that every element of the work may be protected.... [C]opyright protection may extend only to those components of a work that are original to the author....
>
> This inevitably means that the copyright in a factual compilation is thin. Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement.

499 U.S. at 348-49.

In the Ninth Circuit, the two-pronged test for substantial similarity is used to enforce this limitation by helping courts distinguish protected from unprotected elements. *See Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1442 (9th Cir.1994) (summarizing test as established in *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1164 (9th Cir.1977)). As the test has evolved, the role of the extrinsic element (particularly at the summary judgment stage) has expanded. As we observed in *Apple Computer,*

> ****3** the extrinsic test now objectively considers whether there are substantial similarities in both ideas and expression, whereas the intrinsic test continues to measure expression subjectively. Because only those elements of a work that are protectable and used without the author's permission can be compared when it comes to the ultimate question of illicit copying, we use analytic dissection to determine the scope of copyright protection before works are considered "as a whole."

35 F.3d at 1442-43 (citations omitted).

Thus, in *Apple Computer,* we said that in order to meet the extrinsic test (1) "The plaintiff must identify the source(s) of the alleged similarity between his work and the defendant's work"; (2) "Using analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright"; and (3) "Having dissected the alleged similarities and considered the range of possible expression, the court must define the scope of plaintiff's copyright." *Id.* at 1443. Once the scope of the copyright is defined, a standard can be set for intrinsic comparison--i.e., "a subjective comparison of the works to determine whether, as a whole, they are sufficiently similar to support a finding of illicit copying." *Id.*

Under the test set forth in *Apple Computer,* it was objectively unreasonable for Cambeiro to refuse to identify the source of the alleged similarity between its works and the New York Hotel. It was also objectively unreasonable for Cambeiro to oppose the use of analytic dissection under the extrinsic test. Moreover, the district court did not, as Cambeiro now argues, blend analytic dissection with the intrinsic test. The district court granted summary judgment because, under the extrinsic test, it was quite clear that Cambeiro's and defendants' works shared only the idea of a New York skyline on a building facade and other

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

unprotected elements (New York City icons in the public domain), which are either essential to or thoroughly commonplace in expressing that idea. *See* Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1472-75 (9th Cir.1992).

Extrinsic analysis revealed that Cambeiro's works were entitled to thin copyright protection at best. Cambeiro was entitled to protection only for its particular selection, arrangement and coordination of New York City icons. Thus, even on an intrinsic level, Cambeiro would have been obliged to prove "virtually identical copying." *See* Apple Computer, 35 F.3d at 1442, 1446-47. Under this standard of comparison (identical copying), the district court did not err in concluding (a) that no reasonable juror could find substantial similarity, and (b) that it was objectively unreasonable for Cambeiro to pursue a claim against defendants since their works were obviously not identical, or virtually identical, copies of Cambeiro's. By insisting on copyright protection against works which were not virtually identical, Cambeiro essentially sought a monopoly on the idea of a building whose structure incorporates New York City icons. This far exceeds the purpose and scope of the copyright laws.

****4** Cambeiro also argues that its position was reasonable because we have not extended analytic dissection under the extrinsic test to visual or representational (as opposed to literary) works. Although we have emphasized that analytic dissection is particularly helpful in the context of literary works, the extension of the extrinsic test to graphical user interfaces in *Apple Computer* refutes any claim that analytic dissection is inappropriate in the context of the graphic and visual arts. 35 F.3d at 1445 ("[G]raphical user interface audiovisual works are subject to the same process of analytical dissection as are other works.").

Finally, Cambeiro claims that the award of attorney fees in this case is inconsistent with the purposes of the Copyright Act and will chill creativity. To the degree that Cambeiro's works can be characterized as a mere compilation of icons in the public domain, *Feist* provides a ready answer to this charge:

> It may seem unfair that much of the fruit of the compiler's labor may be used by others without compensation [but the] primary objective of copyright is not to reward the labor of authors, but "[t]o promote the Progress of Science and useful Arts." To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work. This principle, known as the idea/expression or fact/expression dichotomy, applies to all works of authorship. As applied to a factual compilation ... only the compiler's selection and arrangement may be protected; the raw facts may be copied at will. This result is neither unfair nor unfortunate. It is the means by which copyright advances the progress of science and art.

499 U.S. at 349-50 (quoting U.S. Const., Art I, § 8, cl. 8) (citations omitted). Although defendants used Cambeiro's idea of a theme building integrating New York icons into the facade, it was free to copy this idea at will. As far as the purposes of the Copyright Act are concerned, appropriation of ideas from the creative expression of others is to be encouraged.

*B. 17 U.S.C. § 412*

Cambeiro also contends that attorney's fees are precluded under 17 U.S.C. § 412(2). By its plain language, however, § 412 does not apply to this case because there has been no finding of infringement. Nothing in *Fantasy v. Fogerty* suggests otherwise.

III.

The district court's grant of attorney fees to defendants is AFFIRMED.

211 F.3d 1273 (Table), 2000 WL 262597 (9th Cir.(Nev.)), 2000 Copr.L.Dec. P 28,052
Briefs and Other Related Documents (Back to top)

• 2000 WL 33996819 (Appellate Brief) Brief of Appellee (Jul. 21, 2000)Original Image of this Document (PDF)

• 99-17057 Docket) (Sep. 24, 1999)

• 1999 WL 33625774 (Appellate Brief) Appellees' Brief (Jul. 16, 1999)Original Image of this Document (PDF)

• 99-15893 Docket) (May. 06, 1999)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for CANADAY,JAMES W 4877958**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 28, 2004 18:18:00 Central |
| Client Identifier: | 16850-166 CASES FOR RNS PER REQUEST |
| Database: | KEYCITE-HIST |
| Citation Text: | 211 F.3d 1273 |
| Service: | KeyCite |
| Lines: | 37 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works." Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

Westlaw.

Date of Printing: JUL 28,2004

**KEYCITE**

H Domingo Cambeiro Professional Corp. v. Advent, **211 F.3d 1273, 2000 Copr.L.Dec. P 28,052 (9th Cir.(Nev.), Mar 07, 2000) (TABLE, TEXT IN WESTLAW) NO. 99-17057, 99-15893)**

**History**

**Direct History**

=> 1 **Domingo Cambeiro Professional Corp. v. Advent,** 211 F.3d 1273, 2000 Copr.L.Dec. P 28,052 (9th Cir.(Nev.) Mar 07, 2000) (TABLE, TEXT IN WESTLAW, NO. 99-17057, 99-15893)

**Related References (U.S.A.)**

H 2 Domingo Cambeiro Professional Corp. v. Advent, 211 F.3d 1273, 2000 Copr.L.Dec. P 28,037 (9th Cir.(Nev.) Mar 07, 2000) (TABLE, TEXT IN WESTLAW, NO. 99-15637)

**Court Documents**

**Appellate Court Documents (U.S.A.)**

**C.A.9 Appellate Brief**

3 DOMINGO CAMBEIRO PROFESSIONAL CORPORATION a Nevada corporation, Appellant, v. Mark ADVENT, individually; Tri-M Holdings, Inc., a Nevada corporation; Sig Rogich, individually; Joel Bergman, individually; and New York-New York Hotel LLC, a Nevada limited liability company, Appellees., 1999 WL 33625774 (Appellate Brief) (C.A.9 Jul. 16, 1999) **Appellees' Brief** (NO. 99-15893)

ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

4 UNITED STATES OF AMERICA, Plaintiff-Appellee, v. Geronimo AMIGABLE, Defendant-Appellant., 2000 WL 33996819 (Appellate Brief) (C.A.9 Jul. 21, 2000) **Brief of Appellee** (NO. 99-17057)

ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

**Dockets (U.S.A.)**

**C.A.9 Docket**

5 DOMINGO CAMBEIRO v. ADVENT, ET AL, NO. 99-15893 (Docket) (C.A.9 May. 06, 1999)

6 USA v. AMIGABLE, NO. 99-17057 (Docket) (C.A.9 Sep. 24, 1999)

**Citing References**

No references were found within the scope of KeyCite's citing case coverage.

© Copyright 2004 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.