**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**EXHIBIT A: PROPOSED REPLY MEMORANDUM IN SUPPORT OF CHRISTOPHER CARMICHAEL'S OBJECTIONS TO THE 6/30/04 SANCTIONS ORDER** |

**EXHIBIT A: PROPOSED REPLY MEMORANDUM IN SUPPORT OF CHRISTOPHER CARMICHAEL'S OBJECTIONS TO THE 6/30/04 SANCTIONS ORDER**

As described below, plaintiff's responsive memorandum in support of the Magistrate's sanctions order rests on several fundamental errors of both law and fact.

## I. Errors of Law

### A. Due Process Requires Personal Notice.

The sanction leveled against Mr. Carmichael violated due process. Had Mr. Carmichael been given personal notice of the possibility he would be sanctioned, he would have hired counsel and presented a defense, just as he has done before this Court.

Contrary to plaintiff's brief, due process requires that an attorney must be specifically and personally notified of the possibility of sanctions, the conduct for which the sanction is sought and the authority under which the sanction is sought *before* any hearing, and must be given an opportunity to submit materials or argue in his defense. *E.g.*, *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 109-110 (2d Cir. 1998); *See In re Clark*, 223 F.3d 859, 864 (8th Cir. 2000) ("notice must be given that the court is considering imposing sanctions"). The purpose of this rule, of course, is to "put counsel 'on notice as to the particular factors that he must address if he is to avoid sanctions.'" *Ted Lapidus, S.A. v. Avrom R. Vann, Esq.*, 112 F.3d 91, 96-97 (2d Cir. 1997) (emphasis added, citation omitted).

Indeed, in each of the cases cited in plaintiff's brief, the attorney who was sanctioned was *personally named and served* in a motion and either filed a written response or appeared at the hearing.[1] (Pl. Br. at 7-8.) *In re Clark*, 223 F.3d at 865 (trustee filed motion for sanctions against attorney, who attended hearing on motion for sanctions); *In re Mahendra*, 131 F.3d 750, 758 (8th Cir. 1997) (trustee filed motion for sanctions against attorney, who appeared at the hearing to defend himself); *In re Big Rapids Mall Assoc.*, 98 F.3d 926, 929 (8th Cir. 1996) (party filed motion for sanctions against attorney; attorneys provided written response and participated in

1 Without making an actual argument or citing any case law, plaintiff's brief implies that defendant Pinnacle has filed two objections to the Magistrate's sanctions order by referring to Mr. Carmichael's objection as *Pinnacle's* "first objection." (Pl. Br. at n.1.). Mr. Carmichael has an independent right to appeal the personal sanction against him, and has retained separate counsel in order to do so. *See Hill v. St. Louis University*, 123 F.3d 1114, 1120 (8th Cir. 1997).

oral argument); *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1226 (3rd Cir. 1995) (motion for sanctions filed against attorney, who appeared at oral argument). Here, by contrast, it is undisputed that Mr. Carmichael was not identified as being under consideration for sanctions, either by the Magistrate or by plaintiff, prior to the hearing on the motion for sanctions.

**B. The Standard of Review is *De Novo*.**

Plaintiff seriously misstates the case law governing the standard of review. Plaintiff cites cases from courts of appeals reviewing sanctions imposed by a district judge, not a magistrate. (*See* Pl. Br. at 5.) The sole case plaintiff cites that does review a magistrate's decision, *Northwest Airlines, Inc. v. American Airlines, Inc.*, 870 F. Supp. 1499, 1501 (D. Minn. 1994), is inapplicable here because it involved a motion to compel a deposition, apparently under Fed. R. Civ. P. 37. As noted in our opening brief, the recommendations of a magistrate to sanction an individual attorney under 28 U.S.C. § 1927 or an Article III court's inherent power are reviewed by a district court *de novo*. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Forsythe v. Hales*, 255 F.3d 487, 489 (8th Cir. 2001).

**II. Errors of Fact**

**A. Mr. Carmichael Never Received Personal Notice.**

Plaintiff's brief does not dispute that: (1) the motion for sanctions did not mention Mr. Carmichael or his conduct; (2) the Magistrate required briefing on the possibility of sanctioning the four Holland & Knight attorneys who had filed *pro hac vice* applications in this case, and Mr. Carmichael was not among them;[2] and (3) Mr. Carmichael was never present at any of the

[2] Plaintiff's brief (at 2 n.2) implies that Mr. Carmichael has violated L.R. 83.5(a) by attending the double-tracked deposition and participating in a telephone status conference. L.R. 83.5(a) was not violated, as it specifically applies to participation "in the trial" or at hearings on "any motion," and plaintiff does not (and cannot) assert that Mr. Carmichael has appeared at trial or argued motions. Mr. Carmichael's involvement in this long-

hearings on the motion for sanctions nor was anything filed in his defense. Because these facts are incontrovertible, plaintiff's brief claims that Mr. Carmichael was informed of the sanctions: (1) by plaintiff's counsel's objection at the deposition of Jason Jorgenson in August 2003, (2) because Mr. Carmichael's name was mentioned at oral argument during the hearing on the motion for sanctions, and (3) simply by virtue of his membership in a "team" of lawyers facing the possibility of sanctions. (*See* Pl. Br. at 2-3, 6-9.)

At the January hearing on the motion for sanctions – the only time plaintiff ever mentioned Mr. Carmichael's conduct at the Jorgenson deposition – Mr. Carmichael was not present and *plaintiff never actually requested that Mr. Carmichael be sanctioned*. (Tr. 1/28/04 at 75-81.) Plaintiff's attorney *did not state* that "Mr. Carmichael should be sanctioned." (*Ibid*.) It is thus completely disingenuous to argue that either Mr. Carmichael or counsel for Pinnacle were notified that sanctions were being sought against Mr. Carmichael individually.[3]

Plaintiff also asserts that Mr. Carmichael was informed that sanctions were being sought against him because plaintiff's attorney "first objected to Mr. Carmichael's bad faith inquiry" at the August 2003 deposition. (*Compare* Pl. Br. at 2, 6 *with* Op. at 14; Jorgenson Dep. 40:20-41:14.) A warning from opposing counsel, of course, is a far cry from the official notice required by due process. Moreover, in fact plaintiff's counsel *never objected to the questions Mr. Carmichael was sanctioned for asking*. (Op. at 14; Jorgenson Dep. 40:20-41:14.) Plaintiff's counsel's objection and threat of moving for sanctions related solely to the protective order, which plaintiff did not claim – either in its brief or at the sanctions hearing – was violated.

standing matter was limited to a few instances, always under the supervision of numerous attorneys admitted to practice in this district.

[3] Mr. Carmichael's lack of knowledge that he was under consideration for sanctions is further supported by the fact that, according to the Magistrate's own order, the only attorneys who faced the possibility of sanctions were those four attorneys with *pro hac vice* applications on file. (Op. at 50.) At the hearings, the Magistrate was specifically informed that Mr. Carmichael was not among this group of lawyers. (Tr. 2/6/04 at 60:6-16; *Compare* Op. at 50 *with* Pl. Br. at 8.)

(*Ibid.*; 1/28/04 Tr. at 75-81.) Mr. Carmichael never asked the supposedly offending question, as plaintiff's counsel interrupted saying: "Instruct you not to ask *that question* or I'll move for sanctions." (Jorgenson Dep. 40:20-41:14.) (emphasis added.) Indeed, even the Magistrate did not find that Mr. Carmichael actually violated the protective order. (Op. at 39-40.) Plaintiff's belated argument that the sanction against Mr. Carmichael is appropriate because he violated the protective order should thus be rejected out of hand.

### B. Plaintiff's Brief Contains Additional Factually Erroneous Assertions.[4]

Plaintiff incorrectly claims that Mr. Carmichael has admitted that his conduct was sanctionable. (Pl. Br. at 4, 7, 9-10.) Mr. Carmichael has never "concede[d] that the motivation for [his] harassing questioning was to cause emotional angst." (Pl. Br. at 7.) To the contrary, Mr. Carmichael explained that there were legitimate good-faith reasons for the questions he asked. (Br. at 5-6.)

Plaintiff also asserts that Mr. Carmichael's arguments about his good-faith reasons for asking the questions of Jorgenson are merely "after-the-fact rationalization." (Pl. Br. at 7.) However, while the law expressly permits an attorney to explain the reason for his conduct in order to avoid sanctions, it forbids the use of hindsight to *impose* sanctions. *See In re Big Rapids Mall*, 98 F.3d at 930 (noting that, in considering sanctions, "[t]he district court, however, 'is expected to avoid using the wisdom of hindsight'") (citation omitted). At the Jorgenson deposition, plaintiff's counsel never objected to the questions Mr. Carmichael asked as harassing. (Jorgenson Dep. 40:20-41:14.) Accordingly, while Mr. Carmichael is entitled to explain why he asked the questions at the deposition, plaintiff – having failed to assert that the

[4] Plaintiff's brief also quotes from a statement ascribing certain attributes to the deposition witness Jason Jorgenson, as if these are facts of record. (*See* Pl. Br. at 4.) However, this was nothing more than a soliloquy delivered by one of the plaintiff's attorneys at the hearings on the motion for sanctions. (*See* 1/28/04 Tr. at 77-78.).

questions were improper *for any reason* at the time they were asked – may not suddenly posit new reasons why those questions "must have been" inappropriate.

In addition, plaintiff asserts that the Holland & Knight attorney arguing the motion for sanctions "made essentially the same arguments during the second sanctions hearing" as Mr. Carmichael made in his brief. (*Compare* Pl. Br. at 4, 9 *with* 1/28/04 Tr. at 150; 2/6/04 Tr. at 67-68.) But this too is incorrect. At the hearing on the motion for sanctions, the Holland & Knight attorney did not state that Mr. Carmichael's questions were relevant to issues in the case. Rather, the Holland & Knight attorney simply asserted that the issue raised was "did he [Mr. Carmichael] violate the protective order," and explained that Mr. Carmichael did not. (2/6/04 Tr. at 68:1-14.) the Holland & Knight attorney never asserted that Mr. Carmichael's questioning was relevant to the issue of damages. (2/6/04 Tr. at 67-68)

Finally, plaintiff argues that the letter-writing sanction against Mr. Carmichael does not merit this Court's attention because it is not harsh. (Pl. Br. at 10.) Plaintiff's cavalier attitude fails to recognize that the fact of a sanction having been imposed against Mr. Carmichael, under 28 U.S.C. § 1927 and the inherent power for bad-faith conduct, will follow this young attorney for the rest of his career. *See Fellheimer*, 57 F.3d at 1227 ("More importantly, they [sanctions] act as a symbolic statement about the quality and integrity of an attorney's work – a statement which may have tangible effect upon the attorney's career.").[5] The sanction is therefore excessive, unwarranted, and should not be allowed to stand.

---

[5] Plaintiff correctly concedes that an attorney's youth and lack of experience are "certainly relevant considerations for a sanctions order." (Pl. Br. at 10.) But there is no indication in the record that the Magistrate gave *any* consideration to Mr. Carmichael's youth and lack of experience.

Respectfully submitted,
CHRISTOPHER CARMICHAEL

By: s/ James R. Ferguson

James R. Ferguson
David W. Fuller
MAYER BROWN ROWE & MAW LLP
190 S. LaSalle St.
Chicago, Illinois 60603
312.701.7282 (telephone)
312.706.8421 (facsimile)

Rodney A. Honkanen (# 46929)
Spence, Ricke, Sweeney & Gernes, P.A.
325 Cedar Street, Suite 600
St. Paul, MN 55101
651.223.8000 (telephone)
651.223.8003 (facsimile)