**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF CHRISTOPHER CARMICHAEL'S OBJECTIONS TO MAGISTRATE'S 6/30/04 SANCTIONS ORDER** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF CHRISTOPHER CARMICHAEL'S OBJECTIONS TO MAGISTRATE'S 6/30/04 SANCTIONS ORDER**

Christopher Carmichael respectfully requests that this Court grant leave to file a reply brief, in the form of Exhibit A filed contemporaneously herewith, for the following reasons:

1. On June 30, 2004, Magistrate Judge Nelson entered an order sanctioning attorney

Christopher Carmichael, defendant Pinnacle, and the law firm of Holland & Knight. Mr. Carmichael was the only attorney individually sanctioned. Mr. Carmichael was sanctioned pursuant to 28 U.S.C. § 1927 and an Article III court's inherent power.

2. On July 11, 2004, Christopher Carmichael personally objected to the entry of the sanction by filing a timely notice in this Court.

3. On July 29, 2004, plaintiff filed a responsive memorandum, which rests on several fundamental errors of both fact and law. First, plaintiff argues that notice was adequate for purposes of due process because Mr. Carmichael was a member of a "team" of other attorneys who had been notified of the possibility that sanctions might be issued against *them*. This claim is wrong as a matter of law. As shown in Mr. Carmichael's reply memorandum, the law is clear that before a lawyer may be individually sanctioned, due process requires that he receive personal notice of the specific charges brought against him. *E.g.*, *In re Clark*, 223 F.3d 859, 864 (8th Cir. 2000). Second, plaintiff makes a series of unsupported factual assertions, including the claims that (1) Mr. Carmichael admitted that his conduct was sanctionable, (2) plaintiff's counsel "first objected to Mr. Carmichael's bad faith inquiry" at the deposition, and (3) the Holland & Knight attorney arguing the motion for sanctions "made essentially the same arguments during the second sanctions hearing" as Mr. Carmichael made in his brief.

4. In light of the many legal and factual errors in plaintiff's memorandum, Mr. Carmichael respectfully requests leave to file the attached six-page reply brief.

Respectfully submitted,
CHRISTOPHER CARMICHAEL

By: s/ James R. Ferguson

James R. Ferguson
David W. Fuller
MAYER BROWN ROWE & MAW LLP
190 S. LaSalle St.
Chicago, Illinois
312.701.7282 (telephone)
312.706.8421 (facsimile)

Rodney A. Honkanen (# 46929)
Spence, Ricke, Sweeney & Gernes, P.A.
325 Cedar Street, Suite 600
St. Paul, MN 55101
651.223.8000 (telephone)
651.223.8003 (facsimile)