**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and<br><br>Town & Country Homes, Inc., a Minnesota Corporation, and Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants.<br><br>And<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | ) | No.. 01-CV-1980 (DSD/SRN)<br><br>**DEFENDANT PINNACLE CORPORATION'S NOTICE AND OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE REGARDING SUMMARY JUDGMENT** |

For the following reasons, Pinnacle Corporation objects to the Magistrate's Report and Recommendation of August 20, 2004 (the "R&R")[1] granting in part Rottlund's Motion for Partial

[1] The R&R is dated August 20, 2004, but it was not received by Pinnacle until August 23, 2004. Pursuant to Local

Summary Judgment and denying Pinnacle's Motion for Partial Summary Judgment:

1. The R&R erroneously found that Rottlund had satisfied its burden of proof under the first, extrinsic step of the Eighth Circuit's test for substantial similarity by showing that both its copyrighted technical drawings and defendants' architectural plans depicted "town homes for residential sites." Among other failings, the R&R failed to compare the protectible elements of the plans as part of its analysis. The R&R erroneously fails to find in favor of the defendants on this issue.

2. The R&R erroneously failed to find that Rottlund's arguments rendered its architectural copyrights mere compilations entitled to only thin protection. As a result, the R&R erroneously failed to enter summary judgment in favor of the defendants on th issue of substantial similarity because the works at issue are not virtually identical.

3. The R&R improperly draws factual inferences in favor of the movant, relies upon inadmissible evidence, and ignores contrary undisputed evidence, to conclude that Pinnacle had access to Rottlund's technical drawings.

4. The R&R improperly draws factual inferences in favor of the movant, relies upon inadmissible evidence, and ignores contrary evidence to conclude that no disputed issue of material fact exists regarding the validity of the copyrights at issue.

Dated: September 7, 2004

Respectfully Submitted,

By: ___s/ Christopher J. Murdoch_____

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603

---

Rule 72.1, Fed.R.Civ.P. 6, and 28 U.S.C. § 636, Pinnacle timely objects to the Report and Recommendation.

Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

# 2226095_v1