UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & County Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PINNACLE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242

**ATTORNEYS FOR DEFENDANT PINNACLE CORPORATION**

## INTRODUCTION

Every plaintiff in a copyright infringement suit bears the burden of proving "substantial similarity, both in ideas and expression, between the original elements of [the copyrighted work] and [the accused work.]" *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 729 (8th Cir. 2002). Similarity between the original elements of the copyrighted work and the accused work is essential to the plaintiff's case because "not all copying is copyright infringement." *Feist Publications, Inc. v. Rural Telephone Service Company*, 499 U.S. 340, 361 (1991); *cf. Attia v. Society of New York Hospital*, 210 F.3d 50, 52-53 (2d Cir. 1999) ("The problem underlying plaintiff's claim of copyright infringement, however, is that not all copying from copyrighted materials is necessarily an infringement of the copyright. There are elements of a copyrighted work that are not protected even from intentional copying.") To protect against reversible findings of infringement based on similarities between unprotectible elements, the Eighth Circuit employs a two-part test for substantial similarity. The Court performs the first step, the extrinsic test, as a matter of law and must "filter out and disregard the non-protectible elements in making its substantial similarity determination." *Hoch v. MasterCard International, Inc.*, 284 F. Supp. 2d 1217, 1222 (D. Minn. 2003). If, and only if, the Court finds substantial similarity in the original or protectible elements of the copyrighted work can the case proceed to the second step, where the works are compared as a whole, using the ordinary observer test.

In the proceedings below, the Magistrate erroneously concluded the extrinsic test can be satisfied without comparing the protectible elements. This mistake leaves the Court with the prospect of a trial inevitably fraught with error because the jury may find infringement on the basis of unprotectible similarities. Contrary to the Magistrate's analysis, summary judgment should be entered in favor of the defendants because the plaintiff Rottlund failed to carry its

burden of satisfying the first step of the substantial similarity analysis.[1] In fact, Rottlund's proof was so meager that its copyrights can only be afforded the thin protection of a compilation. Thus, defendants are also entitled to summary judgment at the second stage of the substantial similarity analysis because the competing works are not virtually identical.

The Magistrate's Report and Recommendation ("R&R") must also be set aside because its findings of fact on the issue of access are incorrect and impermissibly draw inferences in favor of the movant. Finally, material questions of fact preclude the entry of summary judgment in favor of Rottlund on the validity of its copyrights. For all of these reasons, the R&R should be set aside and summary judgment should be entered in favor of the defendant Pinnacle Corporation ("Pinnacle") (and all defendants) on Rottlund's claims for copyright infringement.[2]

## I. Rottlund did not meet its burden of proof for the Eighth Circuit's extrinsic test for substantial similarity.

In its summary judgment papers (both in support of its own motion and in opposition to the defendants), Rottlund asserts a very narrow scope of protection for its copyrighted works. Unlike, for example, the plaintiff in *Taylor Corporation v. Four Seasons Greetings, LLC,* 171 F. Supp. 2d 970, 975 n.1 (D.Minn.2001), Rottlund does not "seek protection for the unique expressions of the basic underlying ideas and theme found in [Rottlund's] designs." Instead, Rottlund has asserted that the only protectible expression at issue is the "look and feel" of Rottlund's selection and arrangement of generic architectural forms, such as gabled roofs, living rooms, and two-car garages. As the R&R explains, "Rottlund has listed some seventy elements that it claims, in their placement, layout, and proportions, comprise the total look and feel or

[1] Rottlund's motion for partial summary judgment was limited to it copyrighted technical drawings. Consequently, the Magistrate's proposed findings do not apply to Rottlund's claims based on its copyrighted architectural works. Defendants, however, moved for summary judgment on substantial similarity with regard to all of Rottlund's copyrights. If this Court grants defendants summary judgment on this issue, as it should, the case will be substantially resolved.

[2] This Court reviews a Magistrate's lawfully issued report and recommendation regarding a summary judgment motion *de novo.* 28 U.S.C. §636(b)(1).

gestalt of its two technical drawings. *Importantly, Rottlund does not claim protection in any one individual element but asserts that its selection, arrangement, and coordination of the elements is protectible."* (R&R at 29. Emphasis supplied.) In fact, Rottlund's position throughout this litigation has been that the expression of these elements is irrelevant, and that substantial similarity can exist even if *none* of the seventy-one elements are individually similar. (*See* Docket No. 344 at 19; Docket No. 345 at Ex. I, 801:21 – 802:4.)

To satisfy its burden at the extrinsic stage, Rottlund did not identify a single aspect of its plans which it claimed was both protectible and substantially similar to the defendants' plans. Rottlund submitted no expert analysis to support the protectibility of its copyrighted architectural plans, and made no comparison at all of any particular aspects of the competing works. Instead, it argued that its technical drawings are substantially similar to the defendants' plans at the extrinsic level because "the designs at issue both depict town homes for residential sites." (Docket No. 334 at 20)[3] Rottlund contended this generalized level of comparison satisfied the extrinsic test and argued that a jury should compare the "total look and feel" of the works, including all of the unprotectible similarities. (Transcript of Proceedings, 3/17/04, at 19)

Rottlund's argument is directly contrary to the Eighth Circuit law set forth in *Moore v. Columbia Pictures Industries, Inc.*, 972 F.2d 939 (8th Cir. 1992), and *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117 (8th Cir. 1987). These decisions define the two-step analysis employed to determine substantial similarity. Both explain that during the first step, "similarity of ideas is analyzed extrinsically, focusing on *objective similarities in the details of the works*." (emphasis supplied). *Moore*, 972 F.2d at 945; *Hartman*, 833 F.2d at 120. Rottlund's argument that the

[3] As argued by Pinnacle in its memorandum below (Docket No. 344, p. 26), Rottlund was judicially estopped from advancing this argument. Rottlund had secured the denial of an earlier motion to compel by arguing that the extrinsic test "requires identifying concrete elements of copyright protection." (Docket No. 106) When it came time to identify these concrete protectible elements, Rottlund abandoned this argument by claiming this level of detail was not required.

competing works are from the same genre (*i.e.*, town homes for residential sites) does not satisfy the first step because it fails to focus on the objective similarities in the details of the works.

The R&R errs by accepting Rottlund's high-altitude comparison. (R&R at 45) It specifically misconstrues Eighth Circuit law by finding that the extrinsic test looks only for similarities between unprotectible ideas. (Id. at p. 44) The Eighth Circuit will reject this analysis, as it did in *Moore* when it affirmed summary judgment in favor on the defendants at the extrinsic test stage. The defendants in *Moore* prevailed by offering expert testimony, which the Eighth Circuit expressly relied upon and extensively quoted in its opinion. In that case, the experts compared the competing works **at the extrinsic level** and found they "did not share any elements *of original musical expression*," and that "there are absolutely no elements *of original musical expression* in the melodic chord progressions, basic song structure, and bass lines of the two songs." *Moore*, 972 F.2d at 947 (emphasis supplied). Significantly, the defendants' experts in *Moore* conceded the two works had similarities that were attributable to "their being from the same 'R&B hip-hop' genre. According to [one expert], the 'features of the two songs are musical ideas common to the hip-hop genre or relate to timbres' or sounds' (and not the compositions of the songs) and do not indicate original musical expression." *Id.* Far from finding this to be an admission that the extrinsic test was satisfied (as the R&R erroneously finds defendants' experts have admitted here), the Eighth Circuit found the plaintiff in *Moore* failed the extrinsic test and affirmed summary judgment in favor of the defendants.

The R&R fails to address *Moore* in its discussion of substantial similarity, even though defendants relied on the opinion extensively. Rottlund, too, was incapable of reconciling its position with the holding in *Moore*. At argument, Rottlund dismissed the opinion as a "riddle," and "an enigma" from "a divided panel." (Docket No. 412 at 117:21-118:12) Ultimately, Rottlund urged the Magistrate to follow *the dissent* in *Moore* because the majority "blew it." *Id.*

*Moore* is the law of this circuit, however, and it makes clear that the R&R does not delve deeply enough into the competing works. Rottlund was required to identify specific protectible expressions in its works that were substantially similar to the defendants' plans, and the Magistrate was obligated to analyze these similarities. It is the settled law of this Circuit that "[a] court applying the extrinsic test must filter out and disregard the non-protectible elements in making its substantial similarity determination." *Hoch v. MasterCard International, Inc.*, 284 F. Supp. 2d 1217, 1222 (D. Minn. 2003). *See also Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987) (the party claiming infringement may place "*no* reliance upon any similarity in expression resulting from" unprotectible elements). Because the R&R never identifies protectible elements of Rottlund's copyrights during it extrinsic analysis, and relies instead on wholly unprotectible ideas, its analysis is fatally flawed and destined for reversal.

At one point the R&R purports to "filter out" Rottlund's use of its unprotectible architectural ideas, but it does so in the context of determining whether the works are original enough for a valid copyrights. (R&R at 29) This is a different issue: the low level of originality necessary for copyrightability is not sufficient to satisfy the level of originality needed to be protectible. *See, e.g., Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.* 338 F.3d 127, 132 (2d Cir. 2003) ("[E]ven works which express enough originality to be protected also contain material that is not original . . . . While necessary to copyright protection, however, originality is not a sufficient condition for such protectibility. Not everything original to a copyrighted work is protected.") For this reason, the R&R's conclusion that Rottlund's selection, arrangement and combination of elements "is sufficiently original and detailed to be afforded copyright protection" is irrelevant to the issue of substantial similarity. (R&R at 30)

Rottlund did not argue that its selection and arrangement of generic architectural forms created a protectible expression that should be examined at the extrinsic stage, but if it had, the

contention would fail for at least three reasons. First, as a matter of law in this Circuit, the selection and arrangement of rooms is not a protectible expression. *Kootenia Homes, Inc. v. Reliable Homes, Inc.*, 2002 WL 15594, at *4 (D. Minn.) ("Common elements and generic features are shared by all homes. The Copyright Act does not protect the ideas for juxtaposing these living spaces.")[4] Second, the ***only*** evidence of record regarding the originality of Rottlund's arrangement are the affidavits of defendants' experts. Pinnacle's expert, Jeffery Scherer, examined Rottlund's work and found its arrangement of living spaces to be unoriginal (*i.e.*, unprotectible), driven by market forces, and simply a rehash of age-old architectural practices. (Docket No. 346 at Ex. A.) In the face of this expert opinion, Rottlund offered nothing to support its bald allegation that its arrangement of rooms was sufficiently original to be protectible (as opposed to copyrightable).[5] Third, Rottlund never compared its arrangement of living spaces to the defendants' plans in an attempt to show substantial similarity. The R&R also refrains from making such a comparison.

Finally, both Rottlund and the R&R place heavy reliance on a misreading of this Court's opinion in *CSM Investors, Inc. v. Everest Development, Ltd.*, 840 F. Supp. 1304 (D. Minn. 1994). They wrongly suggest that this Court found the extrinsic test satisfied in *CSM* simply because the competing works in that case "both proposed and designed a rectangular office showroom." (R&R at 46, *citing CSM,* 840 F. Supp. at 1311.) In *CSM*, however, this Court specifically held "the similarities between the plans involve protectible materials." *Id.* at 1312. Thus, *CSM*

---

[4] The law in other circuits is the same. *Attia v. Society of New York Hospital*, 201 F.3d 50, 55 (2d Cir. 1999) ("To the extent the such plans include generalized notions of where to place functional elements, how to route the flow of traffic, and what methods of construction and principles of engineering to rely on, these are 'ideas' that may be taken and utilized by a successor without violating the copyright of the original 'author' or designer.") *J.R. Lazaro Builders, Inc. v. R.E. Ripberger Builders, Inc.*, 883 F.Supp. 336, 343 (S.D. Ind. 1995) ("obviously, placing a bathroom adjacent to a bedroom or a walk-in closet in a master bedroom in a house are ideas not capable of copyright protection. Substantial similarity must be evaluated, instead, on the basis of the original design elements that are expressive of the [designer's] creativity.")

[5] *See, e.g., Wilmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975) (party cannot survive summary judgment motion by relying on pleadings).

cannot be distorted to support Rottlund's and the R&R's argument that protectible elements are *never* compared for similarity because the extrinsic stage involves only a comparison of ideas and the intrinsic stage compares "total look and feel" without any filtration.

On the record before this Court, Rottlund failed to satisfy its burden under the extrinsic test. Summary judgment should be granted in favor of the defendants.

**II. The R&R erroneously fails to find Rottlund's copyrights are entitled to only "thin" protection.**

Even if Rottlund could somehow survive the first stage of the substantial similarity analysis, it cannot survive the second, intrinsic step. By electing to base its claim solely upon the selection and arrangement of unprotectible ideas instead of the expression of those ideas, Rottlund reduced its copyrighted architectural plans to mere compilations. *Tufenkian*, supra, 338 F.3d at 136 ("The non-mechanical adaptation of individually unprotectible elements from the public domain is precisely the type of 'original selection' that the Supreme Court indicated was protectible expression in *Feist.*"); 17 U.S.C. § 101 (defining "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship"). In this regard, Rottlund's claim is most analogous to *Domingo Cambeiro Professional Corp. v. Advent*, 211 F.3d 1273, 2000 WL 262597 (9th Cir. 2000), where the plaintiff asserted his combination of various New York City icons in the façade of a new casino amounted to protectible expression. The Ninth Circuit recognized the plaintiff's architectural plans were sufficiently original to be copyrightable, but amounted to a compilation that was entitled to only thin protection. *Id.*, at *3.

The "thin" protection afforded compilations such as Rottlund's requires a showing of virtual identity, or "extensive verbatim copying" to constitute infringement. *Shoolhouse, Inc.*, 275 F.3d at 729; *Feist*, 499 U.S. at 349 (competing work will not infringe a compilation unless

the work "features *the same* selection and arrangement") (emphasis supplied). There is no dispute that Pinnacle's plans for Washington Square and TCM's plans for the Homestead are not "virtually identical" to Rottlund's plans. For example, Rottlund concedes that none of the second floors in any unit of either development are similar to their second floors. Likewise, Pinnacle's Washington Square is significantly different, inside and out, from Rottlund's Homestead. (*See generally* Docket No. 344, at 2-5, 8-11.) Accordingly, the defendants are entitled to summary judgment at the second, instrinsic stage of the substantial similarity analysis because Rottlund cannot prove virtual identity.

**III. The R&R errs by concluding that Defendants had access to Rottlund's Villa II technical drawings.**

The cornerstone of the Magistrate's finding that TCM (and, by implication, Pinnacle and BSB) had access to the Rottlund Villa II technical drawings is TCM's employment of Tim Johnson, a former Rottlund architect:

> Tim Johnson then moved to TCM where he is the coordinator of architecture. (Citations omitted.) **This plainly constituted direct access to the technical drawings; the Court need not rely on circumstantial evidence.**

(R&R, pp. 39-40) (Emphasis supplied.)

The R&R, however, omits a critical fact – a fact fatal to its conclusion. Tim Johnson did not go to work for TCM until May 2002. (*See* Affidavit of Darren Schwiebert at Ex. A, p. 35) In other words, he did not join TCM until almost four years after BSB had completed the schematics for the TCM back-to-back product. (R&R at 12.) By May 2002, TCM had been selling its back-to-back product for over two years. (*Id.* at 13.) Pinnacle began developing its back-to-back product two and one-half years before Mr. Johnson joined TCM. Tim Johnson's decision to join TCM in May 2002 cannot constitute access to the technical drawings that Rottlund claimed were infringed as early as July 5, 2001. (*Id.* at 13.)

There is no testimony in the record from Messrs. Geegan, Zorn, or Harris about their positions with Rottlund or TCM. The R&R, however, concludes that each had access to Rottlund's Villa II technical drawings. The Court may only enter summary judgment against defendants on the issue of access if the Court views all evidence in a light most favorable to defendants. By concluding in an evidentiary vacuum that Geegan, Harris, and Zorn had access to the Villa II technical drawings -- the R&R does not identify when they had that access -- the R&R ignores the very instruction from *Liberty Lobby* that she cited in her R&R. (*Id.* at 14.)

Finally, the R&R notes that Rottlund identified a line of cases to support its claim that access to brochures containing abridged floor plans equals access to technical drawings. (R&R at 38.) The R&R, however, never states whether the cases "Rottlund submits" are an accurate statement of the law as applied to the facts of this case. Nor does the R&R reconcile the undisputed fact that the floor plans in these brochures are for an entirely different Rottlund product, and not the copyrighted works at issue here. (4/14/04 Transcript, at 101.) In sum, the R&R's finding that defendants had *timely* access to Rottlund's Villa II technical drawings is incorrect and not supported by the record.

**IV. Fact questions preclude summary judgment of validity.**

If a registrant fails to disclose that the work is derivative of other copyrighted material, the copyright is invalid. *Garner v. Sawgrass Mills Ltd. Partnership*, 1994 WL 829978, 35 U.S.P.Q.2d 1396, 1403 (D. Minn. 1994). In the proceedings below, Rottlund admitted that both VAu 447-395 and VAu 546-285 were derivatives of the so-called "original villa," and that this information was withheld from the Copyright Office. (*See* Docket No. 348, at Ex. 4, 22-29.) For this reason alone, the copyrights at issue are invalid.

The R&R impermissibly ignores evidence and draws inferences in Rottlund's favor when it finds that nothing in the record suggests that the failure was intentional or fraudulent. In

actuality, abundant evidence exists to indicate that Rottlund knew that the works were derivatives and failed to disclose their derivative nature.

The R&R commits the same mistake when it finds that Rottlund is the owner of the previous works because there was a written confirmation of a prior oral agreement with AFI. To the contrary, the May 12, 1987 contract directly contradicts the alleged oral agreement by stating that AFI retained "ownership of all ideas, concepts, and working drawings and the right to publish. (Docket No. 348 at Ex. 5.) At a minimum, a question of material fact exists for the jury.[6]

## CONCLUSION

For all of the foregoing reasons, the R&R should be vacated, and summary judgment on the issue of substantial similarity should be entered in favor of the defendant, Pinnacle Corporation.

Dated: September 7, 2004

Respectfully Submitted,

PINNACLE CORPORATION

By: _s/ Christopher J. Murdoch__
One of its attorneys

# 2226591_v1

[6] The Report improperly relies *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003) which involved a motion for judgment as a matter of law after a jury verdict of ownership, not a motion for summary judgment before trial. Like *Billy-Bob*, the jury in this case should be allowed to weigh the evidence and judge the credibility of the witnesses on this issue.