**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc.**
**d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Plaintiff,**

**v.**

**Pinnacle Corporation**
**d/b/a/ Town & Country Homes,**
**an Illinois Corporation, and**
**Town & Country Homes, Inc.,**
**a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc.,**
**a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster**
**Architects & Planners of Iowa, Inc.,**
**an Iowa Corporation**

**Third-Party Defendant.**

**Civil No. 01-1980 (DSD/SRN)**

**<u>ORDER</u>**

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff Rottlund Company's Fifth Motion to Compel Discovery (Doc. No. 374). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Plaintiff seeks an order requiring Defendants to respond to certain discovery requests. Specifically, Plaintiff requests an order directing Defendant Town & Country Homes ("TCM") and Pinnacle Corporation ("Pinnacle") to respond to discovery asking whether they obtained a legal opinion concerning infringement after Plaintiff notified them of alleged infringement in July 2001.[1] Both

[1]Plaintiff's Ninth Set of Discovery on Pinnacle and Eighth Set of Discovery on TCM, contain the following two requests for admissions:

> Request No. 48: Admit that you did not obtain a legal opinion concerning whether the Homestead Collection town home designs infringed upon "Rottlund's Villa product" referred to by Steve Sandelin in Pinnacle's July 9, 2001 facsimile transmittal to Larry Moore.
>
> Request No. 49: Admit that you obtained a legal opinion concerning whether the Homestead Collection town home designs infringed upon "Rottlund's Villa product"

Pinnacle and TCM objected to the discovery, stating that Plaintiff sought information protected by both the attorney-client and work product privileges. (Davenport Aff., Exs. F at 28 and G. At 28-29.) While the Bloodgood Defendants admitted to having obtained a legal opinion after receiving Plaintiff's July 2001 notice, because they have not produced the opinion and/or identified it in their privilege logs, Plaintiff also seeks an order compelling the Bloodgood Defendants to so comply.

Defendant TCM argues that it and Defendant Pinnacle have not asserted an advice of counsel defense to willfulness and have not asserted an advice of counsel basis for innocent infringement. Therefore, TCM and Pinnacle argue, Plaintiff's motion to compel seeks to invade the attorney-client privilege. In addition, because the notice of infringement was sent to Mr. Karau, as counsel for Pinnacle, it does not establish written notice by Plaintiff to TCM. Finally, Defendants TCM and Pinnacle argue that willfulness is only relevant to statutory damages. Because TCM and Pinnacle contend that Plaintiff is not entitled to statutory damages, they argue that willfulness is not relevant, nor is the requested discovery.

The Bloodgood Defendants admit to obtaining the opinion of counsel after receiving Plaintiff's notice of infringement. (Ex. I at 16-17 and Ex. J at 16-17 to Davenport Aff.) The Bloodgood Defendants, however, refuse to identify the legal opinion in their privilege logs. (Id., Ex. K.) Plaintiff therefore contends that it is unable to determine when the opinion was provided and who provided it. The Bloodgood Defendants claim that such information is attorney-client privileged and that Plaintiff

---

> referred to by Steve Sandelin in Pinnacle's July 9, 2001 facsimile transmittal to Larry Moore.

(Davenport Aff., Exs. F at 28 and G at 28-29.)

fails to identify why it is relevant and to meet the showing necessary to defeat the attorney-client privilege.

## I. DISCUSSION

Federal Rule of Civil Procedure 26(b) provides for the broad scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The general scope of discovery is to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case. Great West Life Assur. Co. v. Levithan, 152 F.R.D. 494 (E.D. Pa. 1994).

Defendants TCM and Pinnacle argue that the discovery sought by Plaintiff must be denied because (1) any communications between Defendants and counsel are privileged; (2) copyright law does not include a duty to obtain a written opinion of counsel; (3) TCM never received notice of copyright infringement; and (4) statutory damages are unavailable to Plaintiff. (Def. TCM's Mem. in Opp. at 4-8.) The Bloodgood Defendants likewise argue that the information sought by Plaintiff is protected by the attorney-client privilege.

"Once a plaintiff has proven that he or she owns the copyright on a particular work, and that the defendant has infringed upon those 'exclusive rights' "--that is, he has proven the two key elements of copyright infringement, which are not at issue here--"the defendant is liable for the infringement and this liability is absolute." Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 637 (8th Cir. 1996)

((quoting Pinkham v. Sara Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992)). An infringer's state of mind may be relevant to the award of damages. Id. Whether the alleged infringement is unknowing or innocent, rather than knowing or willful may have a bearing on the amount of statutory damages awarded, but not on liability. Id. In addition, whether the infringement is willful is a factor courts may consider in determining whether to award attorneys' fees and costs. See Cross Keys Publishing Co., Inc. v. LL Bar T Land & Cattle Co., Inc., 887 F.Supp. 219, 224 (E.D. Mo. 1995); Unicity Music, Inc. v. Omni Communications, Inc., 844 F.Supp. 504, 510 (E.D. Ark. 1994). This Court has held that one issue to consider in determining appropriate damages is whether the infringer's state of mind was willful, knowing or innocent. See Tempo Music, Inc. v. Christenson Food & Mercantile Co., 806 F.Supp. 816, 819 (D. Minn. 1992).

While neither the Copyright Act nor its legislative history define "willfulness," commentators and courts have defined willfulness under the Act as "with knowledge that the defendant's conduct constitutes copyright infringement." M. Nimmer & D. Nimmer, Nimmer on Copyright, § 14.04[B][3]; RSO Records, Inc. v. Peri, 596 F.Supp. 849, 859 (S.D.N.Y. 1984). The burden is on the copyright holder to establish that the infringer acted willfully. Original Appalachian Artworks v. J.F. Reichert, Inc., 658 F.Supp. 458, 463 (E.D. Pa. 1987).

While the Court can find no authority that a copyright defendant, upon notification of infringement, has a *per se* "duty" to seek advice of counsel, whether a defendant has sought and reasonably relied upon the legal advice of counsel is a factor courts consider when evaluating willfulness. See, e.g., RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 779 (8th Cir. 1988) (defendant was not reckless in relying on attorney's opinion); Wildlife Express Corp. v. Carol

Wright Sales, Inc., 18 F.3d 502, 512 (7th Cir. 1993) ("in determining whether the violation was willful, the trier of fact may consider evidence that the defendant ignored the plaintiff's notices about copyright protection, did not seek advice of an attorney, and passed the matter off as a nuisance."); Childress v. Taylor, 798 F.Supp. 981, 994 (S.D.N.Y. 1992) ("Erroneous advice of an attorney may negate willfulness."); International Korwin Corp. v. Kowalczyk, 855 F.2d 375, 380-81 (7th Cir. 1988) (one factor determinative of willfulness was that defendant failed to inquire into the validity of Plaintiff's claims by seeking the counsel of an attorney). "[E]vidence of reliance on the advice of counsel is generally probative of a party's lack of willfulness in infringing a copyright." Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc., 74 F.3d 488, 495 (4th Cir. 1996) (internal citations omitted), cert. denied, 519 U.S. 809 (1996).

Where a party relies upon the advice of counsel as a defense, however, the attorney-client privilege as to that communication may be waived: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires the disclosure of the protected communication, the privilege may be implicitly waived." Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001) (citations omitted) (affirming district court's decision barring reliance on advice of counsel defense; defendant sought to argue that he continued infringing based on the advice of his attorney, "while at the same time refusing to answer questions regarding relevant communications with counsel until the 'eleventh hour.'"), cert. denied, 534 U.S. 1127 (2002).

**A. TCM and Pinnacle Defendants**

TCM and Pinnacle argue that they have not asserted an advice of counsel defense to willfulness

nor have they asserted an advice of counsel defense for innocent infringement. (TCM Def.'s Mem. in Opp. at 1.) Thus, they argue, Plaintiff's motion seeks to improperly invade the attorney-client privilege.

Regardless of whether TCM and Pinnacle have asserted such defenses, the issue of willfulness may be relevant, at least as to attorneys' fees and costs. See Cross Keys Publishing Co., Inc. v. LL Bar T Land & Cattle Co., Inc., 887 F.Supp. 219, 224 (E.D. Mo. 1995); Unicity Music, Inc. v. Omni Communications, Inc., 844 F.Supp. 504, 510 (E.D. Ark. 1994). It is also worth noting that the Bloodgood Defendants at least answered the questions as to whether they sought advice of counsel. (Ex. J at 16-17). Although the Bloodgood Defendants raised an attorney-client privilege objection to the questions, they did not challenge their relevance. Regarding TCM & Pinnacle's argument that statutory damages and attorneys' fees are not available in this litigation, that is an issue presently pending before the Court and will be decided separately. It does not affect this analysis.

TCM argues that it never received notice from Plaintiff that its activities were allegedly infringing upon Plaintiff's copyrights. (Def.'s Mem. in Opp. at 7.) Although TCM does not explicitly make the argument in response to this motion,[2] it apparently believes that Plaintiff's July 5, 2001 notice of infringement letter to Michael Ryan constitutes inadequate notice. Also, TCM contends that a July 16, 2001 letter from Art Plante to Dean Karau, counsel for Pinnacle, does not establish that TCM was provided with written notice. (Id.)

The Court agrees with the quotation from Professor Nimmer, cited by Defendants, regarding willfulness and knowledge, stating:

---

[2]TCM and Plaintiff address this issue more fully in their respective memoranda addressing Pinnacle and TCM's pending summary judgment motion on damages.

> Language in some of the legislative history supports the interpretation that the knowledge underlying willfulness must in fact be possessed by the person responsible for the infringing conduct. Under that interpretation, it would not suffice to impute knowledge by an agency relationship with another employee, who in fact was notified of, or was otherwise aware of, the possible infringement.

M. Nimmer & D. Nimmer, Nimmer on Copyright, § 14.04[b][3].

The Court, however, is not persuaded by TCM's argument in response to this discovery motion that Plaintiff failed to provide notice of infringement. On July 5, 2001 Plaintiff sent a cease and desist letter to Michael Ryan at Town & Country Homes in Lombard, Illinois. (Davenport Aff., Ex. A.) At that time, Mr. Ryan was CEO of Town & Country's Minnesota Division. Steve Sandelin, Vice President of Product Development of the Illinois Division, also received a copy of the letter. (Id., Ex. B.) Just four days later, on July 9, 2001, Mr. Sandelin forwarded a copy of the letter to BSB architect Larry Moore. Finally, on July 16, 2001, Art Plante, the Town & Country Minnesota Division President, wrote to attorney Dean Karau at Fredrikson & Byron regarding a response to Plaintiff's cease and desist letter. (Id., Ex. D.) Mr. Plante copied Steve Sandelin and Mike Ryan of TCM and Chris Jorgenson of Bloodgood, Sharp Buster. (Id.) Mr. Ryan cannot be said to have had an agency relationship or an arms-length relationship with TCM, as he was the CEO of its Minnesota division. This is not a case where a person with an attenuated relationship received notice. Instead, Mr. Ryan received the notice, it was circulated to Mr. Sandelin (see id., Ex. B), and both Mr. Sandelin and Mr. Ryan were copied on the letter sent by Art Plante to Mr. Karau. (Id., Ex. D.) Finally, as Plaintiff points out, the July 2001 letter constitutes notice in addition to the copyright notice affixed to Plaintiff's brochures depicting its copyrighted floor plans and elevations – documents which Defendants had in their files. (Pl.'s Mem. in Supp. Mot. Compel at 1, n. 1.)

As to Defendant's claims of privilege, the requests for admissions seek relevant, non-privileged information. Because TCM and Pinnacle claim not to rely upon advice of counsel as a defense, they are not required to produce documents reflecting such communications. They must, however, respond to legitimate and relevant discovery requests seeking non-privileged information pursuant to the broad scope of discovery under Fed. R. Civ. P. 26 and answer Plaintiff's requests for admission and, if necessary, identify the legal opinion in their privilege log.

**B. The Bloodgood Defendants**

The Bloodgood Defendants responded to Plaintiff's discovery request, admitting that they did obtain a legal opinion concerning infringement after receiving notice of Plaintiff's infringement claims. (Ex. J at 16-17, Davenport Aff.) Plaintiff, however, seeks a motion to compel the Bloodgood Defendants to identify the legal opinion on their privilege logs, seeking specifically the date on which the opinion was received and the name of the person who provided the opinion.

The Bloodgood Defendants argue that the information is privileged and that "this precise issue came before the Court, and the Court made a common sense ruling that the '[p]rivilege log should include all communications that predate the litigation, and it should include all communications that postdate the litigation that are being withheld as – relevant documents being withheld as privileged with the exception of communications between the litigation firm and their own client.'" (BSB Mem. in Opp. at 2, citing Tr. of 11/26/03 discovery conf. at 44.)

This "precise issue" was not before the Court at the November 2003 discovery conference. Instead, the Court, at that time, addressed the general parameters of the privilege log and stated that any communications between attorney and client that postdate the litigation are exempt from the

privilege. What the Court sought to avoid was a constant need to update the privilege log every time that counsel and client communicated with each other during the litigation. What Plaintiff seeks in this motion, however, is entirely different from what the Court referred to at the November 2003 discovery conference. Plaintiff seeks discovery of a narrow category of information. At the motions hearing on this matter, the Bloodgood Defendants indicated that they do not intend to rely upon the advice of counsel defense at trial. As discussed with respect to TCM and Pinnacle, however, the Bloodgood Defendants must now complete the privilege log identifying the legal opinion withheld as privileged.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Plaintiff Rottlund Company's Fifth Motion to Compel Discovery (Doc. No. 374) is **GRANTED**.

Dated: October 6, 2004

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge