UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation

Plaintiff,

vs.

Pinnacle Corporation,
d/b/a Town & County Homes,
an Illinois Corporation, and
Town & County Homes, Inc., a
Minnesota Corporation, Bloodgood Sharp
Buster Architects and Planners of Iowa,
Inc., an Iowa Corporation, and The
Bloodgood Group, Inc.

Defendants.

and

Town & County Homes, Inc., a
Minnesota Corporation,

Third-Party Plaintiff
vs.

Bloodgood Sharp Buster Architects and
Planners of Iowa, Inc., an Iowa
Corporation,

Third-Party Defendant.

No. 01-CV-1980 (DSD/SRN)

**DEFENDANTS BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC. AND THE BLOODGOOD GROUP, INC.'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO COMPEL ATTENDANCE OF WITNESSES AT TRIAL**

---

Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB"), and The Bloodgood Group, Inc. ("BGI"), submit this Memorandum of Law Opposing Plaintiff's Motion to Compel Attendance of Witnesses at Trial, or in the alternative, to Compel Trial Depositions. Rottlund, in its Memorandum submitted on this Motion, fails to identify or explain

why *any* of the identified witnesses must be called during Rottlund's case in chief. To make a *prima facie* case in the absence of evidence of direct copying (and there is no such evidence in this case), a copyright plaintiff must show: (1) ownership of a valid copyright; (2) access by the defendant to the plaintiff's copyrighted work; and (3) substantial similarity between the defendant's work and the plaintiff's copyrighted work. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987). None of BSB or BGI's employees can offer any testimony concerning Rottlund's copyrights. At the present time, BSB and BGI's access to Rottlund's copyrighted works has been deemed determined by summary judgment[1]. And (as might be expected) no BSB or BGI employees will provide any testimony favorable to Rottlund on the issue of substantial similarity. Simply put, Rottlund has failed to demonstrate any reason why it needs to call BSB or BGI employees in its case in chief.

Rottlund's motivation for calling these witnesses is not based on Rottlund's need for their testimony; rather, Rottlund's motivation is entirely strategic. Rottlund wants to call these witnesses, in Rottlund's case in chief, so that it can vigorously cross-examine these witnesses before any background information or facts can be developed. In the course of an ordinary trial, a party calls its own witnesses, develops their backgrounds, elicits their affirmative testimony, and (perhaps) immunizes them from hostile cross-examination by drawing out potentially harmful testimony on direct, where the witness has a full and fair opportunity to explain his or her testimony. Rottlund is not interested in proceeding in this manner. Rottlund would prefer to be able to immediately question BSB and BGI's witnesses on whatever topics it wants, in whatever order it wants, during a hostile cross-examination that provides the witness no opportunity to give any context to his or her answer, and provides no background to explain the witness's testimony. Rottlund expects that this disjointed, extremely constricted testimony will

[1] The Defendants' appeal of this issue is currently pending.

appear, to the jury, to be more favorable to Rottlund's case than the testimony would be if the witnesses were allowed to explain their answers and provide full answers to questions.

Rottlund is not the only party that has a right to control its presentation of its case. BSB and BGI have the right to present their witnesses in the order they wish. Rottlund has not demonstrated any need for the testimony of BSB and BGI employees in its case in chief. BSB and BGI will call each of the individuals identified in Rottlund's Memorandum---Doug Buster, Larry Moore, and Chris Jorgensen. Each of these witnesses will appear and testify, in person, before this Court and the jury. Rottlund will have the same opportunity to cross-examine these witnesses that every party in every case in Federal Court is afforded. The jury will have a full opportunity to judge these witnesses' credibility.

In Skogen v. Dow Chemical Co., 375 F.2d 692, 705 (8th Cir. 1967), the Eighth Circuit stated, "the trial judge has a positive duty to see that the evidence is presented in an orderly manner, causing as little confusion as possible." See also United States v. Bender, 218 F.2d 869, 873 (7th Cir. 1955)("It is the trial judge's duty to so control the presentation of evidence to the jury that it will be as well organized and understandable as possible."). If the Court adopts the position advocated by Rottlund, the three BSB and BGI witnesses identified would be called in Rottlund's case in chief to present testimony on several narrow subjects. In the course of presenting their case in chief, BSB and BGI would recall these same witnesses to testify on different, though complimentary, matters. Thus, the presentation of testimony from these witnesses to the jury would be disjointed---the jury would hear that testimony in two segments, separated by a week or more. The better approach is to allow BSB and BGI to call these witnesses for the first time in their case in chief. Rottlund will be permitted a full and fair opportunity to cross-examine the witnesses at that time, and the jury will hear the witnesses'

whole story in one installment, rather than in several snippets. By adopting BSB and BGI's approach, the Court can best ensure that the presentation of testimony from these witnesses is as orderly, well-organized, and understandable as possible.

## CONCLUSION

Rottlund has not demonstrated (or even attempted to demonstrate) any need for testimony from BSB and BGI employees during its case in chief. If Rottlund's motion is granted, the testimony of the three identified BSB and BGI employees will be presented to the jury in a disjointed series of snippets which will be hard for the jury to follow, understand, and place in context. If BSB and BGI's position is adopted, testimony from these witnesses will be presented in a single, seamless installment, giving the jury an opportunity to assess the witnesses' credibility, and affording Rottlund a full opportunity for cross-examination. For these reasons, as stated above, Rottlund's motion should be denied.

MACKALL, CROUNSE & MOORE, PLC

Dated: _October 8, 2004

By: _s/ Ben Patrick_____________________

Holly J. Newman (MN Bar #026457X)
Ben Patrick (MN Bar #312460)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402-2859
Telephone: (612) 305-1436

Attorneys for Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. and The Bloodgood Group, Inc.

JBP/jbp#720959v1