Court File No. 01-1980/Rottlund/Pinnacle
Murdoch Affidavit dated October 08, 2004

EXHIBIT A

7/3/02

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation, Plaintiff, vs. Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation. Defendants. | No.: 01-CV-1980 (DSD/SRN) **PLAINTIFF'S OBJECTIONS, RESPONSES AND ANSWERS TO DEFENDANT TOWN & COUNTRY HOMES, INC.'S DISCOVERY (SET I)** |

TO: Above-named Defendant Town & Country Homes, Inc. and their counsel of record, Dean R. Karau and Robin Preble, Fredrickson & Byron, P.A., 1100 International Centre, 900 Second Avenue South, Minneapolis, Minnesota 55402.

Plaintiff, The Rottlund Company, Inc., submits the following Responses to Defendant Town & Country Homes, Inc.'s ("TCM" or "Defendant") First Set of Discovery, which includes Requests for the Production of Documents to Plaintiff (Set I) and Interrogatories to Plaintiff (Set I):

**GENERAL OBJECTIONS**

1. The following answers are made without, in any way, waiving or intending to waive:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence of these answers or their subject matter for any purpose, in any subsequent proceeding, in this or any other action;

b. The right to object to the use of any of said answers, or their subject matter, in any subsequent proceeding, in this or any other action;

RECEIVED JUL - 1 2002

c. The right to object on any ground at any time to a demand for further answers to these or any other interrogatories and/or requests for documents, or other discovery procedures involving or relating to the subject matter of these interrogatories and/or requests for documents; and

d. The right at any time to revise, correct, add to, or clarify any of these answers.

2. Plaintiff objects to the extent any interrogatory or document request seeks to discover information which is neither relevant to the matters at issue in this case nor reasonably calculated to lead to the discovery of admissible information.

3. Plaintiff objects to the extent any interrogatory or document request attempts to impose an obligation beyond that mandated by the Federal Rules of Civil Procedure.

4. Plaintiff objects to the instructions and definitions contained in Defendant's interrogatories and document requests as overbroad, burdensome, and to the extent they attempt to impose obligations to respond to and supplement discovery beyond those called for in the Federal Rules of Civil Procedure.

5. Plaintiff further objects to the fact there is no time limitation on the discovery requests.

6. Discovery in this case has just commenced. Plaintiff has not completed its discovery, nor has it finished its investigation of the facts and law relevant to this action. Plaintiff, therefore, objects to the extent any interrogatory or document request seeks information referring to, relating to, and/or concerning any subject and/or matter for which Plaintiff is conducting discovery and/or continuing to investigate. Plaintiff reserves the right to rely upon additional information uncovered in their continuing discovery and investigation at trial.

7. To the extent the answers refer to information not within the personal knowledge of Plaintiff, they are stated on information and belief by Plaintiff.

8. Plaintiff objects to Defendant's interrogatories and/or document requests to the extent that they call for the disclosure of information or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule of law or statute, on the grounds that such matters are exempt from discovery.

9. Plaintiff objects to Defendant's interrogatories and/or document requests to the extent that they purport to seek information or materials from Plaintiff that are not within its possession, custody, and/or control, and on the grounds that such discovery exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure.

10. Plaintiff objects to the extent that Defendant's interrogatories and/or document requests seek information, relating to Plaintiff, which is not in the possession, custody or control of Plaintiff.

11. Plaintiff specifically incorporates each of these General Objections, as applicable, into its responses to each of Defendant's interrogatories and/or document requests. All information covered by any of the foregoing objections will be excluded from the following discovery responses.

**RESPONSES TO DOCUMENT REQUESTS (SET I)**

**REQUEST NO. 1:** All documents that evidence, refer or relate to the design, development and creation of the Technical Drawings, including, but not limited to, documents that evidence, refer or relate to all iterations of the Technical Drawings and contracts or agreements with outside architectural/design consultants to design, develop, or create the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 2:** All documents that evidence, refer or relate to the design, development and creation of the Architectural Work, including, but not limited to, documents

that evidence, refer or relate to all iterations of the Architectural Work and contracts or agreements with outside architectural/design consultants to design, develop, or create the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 3:** All documents that evidence, refer or relate to Plaintiff's application to the Register of Copyrights for a Certificate of Registration for the Technical Drawings, which issued on June 22, 1999, and bears registration number VAu 447-395.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Plaintiff further objects to this request to the extent that it seeks information that is a matter of public record and already within Defendant's possession. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 4:** All documents that evidence, refer or relate to Plaintiff's application to the Register of Copyrights for a Certificate of Registration for the Architectural Work, which issued on January 7, 2002, and bears registration number VAu 534-723.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Plaintiff further objects to this request to the extent that it seeks information that is a matter of public record and already within Defendant's possession. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 5:** All documents that evidence, refer or relate to Plaintiff's right, title and interest in and to the copyrights in the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be overly burdensome and duplicative. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 6:** All documents that evidence, refer or relate to Plaintiff's right, title and interest in and to the copyrights in the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be overly burdensome and duplicative. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 7:** All documents that evidence, refer or relate to Plaintiff's proposal to purchase the ninety acre parcel of real estate owned by the Estate of Hildur Hollander ("Hollander Property") and construct 381 units.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as it seeks proprietary information and is designed to be overly burdensome. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 8:** All documents that evidence, refer or relate to other entities submitting competing proposals to purchase the Hollander Property and construct dwelling units.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Subject to these objections and the fact that discovery is continuing, responsive documents, to the extent that they exist, will be made available for Defendant's review and/or copying.

**REQUEST NO. 9:** All documents that evidence, refer or relate to Marquette Advisors denying Plaintiff's proposal to purchase the Hollander Property and build dwelling units.

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents, to the extent that they exist, will be made available for Defendant's review and/or copying.

**REQUEST NO. 10:** All documents that evidence, refer or relate to Marquette Advisors awarding another entity the right to purchase the Hollander Property and build dwelling units.

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents, to the extent that they exist, will be made available for Defendant's review and/or copying.

**REQUEST NO. 12:** All documents that evidence, refer or relate to any entity entering into contractual agreements to develop and build new homes on the Hollander Property, including multi-family town homes.[1]

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents, to the extent that they exist, will be made available for Defendant's review and/or copying.

**REQUEST NO. 13:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in each Minnesota development project referenced in the Amended Complaint infringe the design features of the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 14:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in the Illinois development project referenced in the Amended Complaint infringe the design features of the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to

[1] Defendant failed to submit a Request No. 11.

the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 15:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in each of the Minnesota development projects referenced in the Amended Complaint infringe the design features of the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 16:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in the Illinois development project referenced in the Amended Complaint infringe the design features of the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 17:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in each of the Minnesota development projects referenced in the Amended Complaint are substantially similar to the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 18:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in the Illinois development project referenced in the Amended Complaint town homes are substantially similar to the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 19:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in each of the Minnesota development projects referenced in the Amended Complaint are substantially similar to the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 20:** All documents that evidence, refer or relate to Plaintiff's allegation that any of the town homes in the Illinois development project referenced in the Amended Complaint are substantially similar to the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 21:** All documents which may be introduced on behalf of Plaintiff at trial in this case.

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 22:** All documents that evidence, refer or relate to any conversations, discussions or communications about the subject matter of the pleadings in this case by Plaintiff with TCM or any current or former employee, agent or individual associated with TCM at any time.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and over broad. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 23:** All documents that evidence, refer or relate to any of the allegations and claims of the Amended Complaint in this case.

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 24:** All documents that evidence, refer or relate to any of the affirmative defenses made in the Answers in this case.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and over broad. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 25:** All documents that evidence, refer or relate to any and all communications between Plaintiff and any other person or entity, other than Plaintiff's litigation counsel, regarding the subject matter of the pleadings of this case.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 26:** All documents and materials provided to any person retained by Plaintiff or whom Plaintiff may designate or call as an expert witness at trial.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to the extent that this request seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order.

**REQUEST NO. 27:** All diaries, calendars, daytimers, notes, logs, schedules, records or any other documents (whether in written, computer disk/hard drive, audio, video or any other recorded or memorialized format), which in any manner reflect, summarize, set forth, discuss, refer, support or contradict any claims or allegations set forth in the pleadings in this case.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information, information not relevant to the matters at issue in this case, is designed to be burdensome, and is not reasonably calculated to lead to the discovery of admissible information. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 28:** All video, audio or computer tapes, disks or records and any written transcriptions thereof, that in any manner reflect, relate, refer to, or are otherwise relevant to this case.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information, information not relevant to the matters at issue in this case, is designed to be burdensome, and is not reasonably calculated to lead to the discovery of admissible information. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 29:** Each "statement" as defined in Rule 26(b)(3) of the Federal Rules of Civil Procedure made by you or any other person concerning this matter.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it is

designed to be burdensome, is not reasonably calculated to led to the discovery of relevant information and Defendant has failed to satisfy the requirements of Rule 26(b)(3).

**REQUEST NO. 30:** All documents that evidence, refer or relate to the allegations of consumer confusion, consumer mistake or consumer deception.

**RESPONSE:** Subject to the foregoing objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 31:** All documents that evidence, refer or relate to other builders, including but not limited to documents that evidence, refer or relate to the plans, designs, features, style or characteristics of homes or town homes built by other builders.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks information not relevant to the matters at issue in this case, is designed to be burdensome and is not reasonably calculated to lead to the discovery of admissible information.

**REQUEST NO. 32:** All documents that evidence, refer or relate to any back-to-back style town homes or plans for such town homes designed, commissioned, and/or built by Rottlund (including but not limited to contracts or agreements with, others to design, commission and/or build any back-to-back style town homes), prior to the design, development or creation of the Technical Drawings.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks information not relevant to the matters at issue in this case, is designed to be burdensome, and is not reasonably calculated to lead to the discovery of admissible information. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 33:** All documents that relate to or support your claim for copyright infringement as alleged in the Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Subject to these objections and the fact that

discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 34:** All documents that relate to or support your claim for false advertising under the Lanham Act as alleged in the Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 35:** All documents that relate to or support your claim for violation of the Minnesota Uniform Deceptive Trade Practices Act as alleged in the Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 36:** All documents that relate to or support your claim for unfair competition as alleged in the Amended Complaint.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Subject to these objections and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 37:** All documents deposited with the United States Copyright Office in connection with your copyright registration number VAu 447-395.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Plaintiff further objects to this request to the extent that it seeks information that is a matter of public record and already within

Defendant's possession. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 38:** All documents deposited with the United States Copyright Office in connection with your copyright registration number VAu 534-723.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks proprietary information and is designed to be burdensome. Plaintiff further objects to this request to the extent that it seeks information that is a matter of public record and already within Defendant's possession. Subject to these objections, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 39:** All documents evidencing, referring or relating to multi-unit housing sites visited and viewed by Rottlund personnel prior to the creation of the Technical Drawings and the Architectural Work.

**RESPONSE:** In addition to the general objections noted above, Plaintiff objects to this request as vague, ambiguous and overbroad. Plaintiff further objects to this request as it seeks information not relevant to the matters at issue in this case, is designed to be burdensome and is not reasonably calculated to lead to the discovery of admissible information.

**REQUEST NO. 40:** All documents upon which you rely for your assertion that TCM built any of the Illinois town homes referenced in the Amended Complaint.

**RESPONSE:** Subject to the general objections noted above and the fact that discovery is continuing, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 41:** All documents that you reviewed, referred to, consulted or relied upon in the process of responding to Town & Country Homes, Inc.'s Interrogatories to Plaintiff (Set I) or Town & Country Homes, Inc.'s Requests for the Production of Documents to Plaintiff (Set I).

**RESPONSE:** Subject to the general objections noted above, responsive documents will be made available for Defendant's review and/or copying.

**REQUEST NO. 42:** All documents identified in your responses to Town & Country Homes, Inc.'s Interrogatories to Plaintiff (Set I).

**RESPONSE:** Subject to the general objections noted above, responsive documents will be made available for Defendant's review and/or copying.

## ANSWERS TO INTERROGATORIES (SET I)

**INTERROGATORY NO. 1:** Identify all persons, including but not limited to Plaintiff's employees, officers and directors, known to you to have or who may have knowledge of any of the facts or issues involved in this matter; state his or her relationship with Plaintiff; and state with specificity the nature of his or her knowledge and how such knowledge was obtained.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to this interrogatory as it is vague, ambiguous and over broad. Plaintiff further objects to this interrogatory as it is designed to be burdensome and duplicative. Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates herein its Supplemental Initial Disclosures and states as follows:

- Upon information and belief, Peter Brennan has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Peter Brennan has such knowledge since he is employed by Defendants and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Jeff Corneia has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and

misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Jeff Corneia has such knowledge since prior to his employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Mike Dawson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Mike Dawson has such knowledge since prior to his employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Marc Harris has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Marc Harris has such knowledge since prior to his employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Tim Johnson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota.

Tim Johnson has such knowledge since prior to his employment with Defendants he was employed by Plaintiff.

- Upon information and belief, Chad Kniper has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Chad Kniper has such knowledge since prior to his employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Richard Palmiter has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' bid submitted in connection with the purchase of the Hollander Estate; 2) Plaintiff's copyrighted works; 3) Defendants' access to Plaintiff's copyrighted works; 4) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 4) Defendants' false and misleading advertising; 5) Defendants business conducted throughout Minnesota and Illinois. Richard Palmiter has such knowledge since prior to his employment with Defendant he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Art Plante has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and

Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Arte Plante has such knowledge since he is employed by Defendants and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Michael Ryan has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Michael Ryan has such knowledge since he is employed by Defendants and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Thomas Ryan has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Thomas Ryan has such knowledge since he is employed by Defendants and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Joey Zorn has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and

Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Joey Zorn has such knowledge since prior to his employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Karen Albertson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to Plaintiff's copyrighted works. Ms. Albertson has such knowledge since she is employed by Plaintiff as an Estimating Coordinator.

- John Falk has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 4) Defendants' business conducted throughout Minnesota. John Falk has such knowledge since he is employed by Plaintiff as a General Sales Manager.

- Kathy Gardas has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to Plaintiff's selection and securing of construction contractors. Kathy Gardas has such knowledge since she is employed by Plaintiff as the Director of Purchasing for Rottlund Homes, Minnesota Division.

- Jason Jorgenson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) Defendants' access to Plaintiff's copyrighted works; and 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works. Jason Jorgenson has such knowledge since he was employed by Plaintiff as a Project Superintendent, and is currently employed as a Project Manager for Plaintiff, Iowa Division.

- Steve Kahn has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2)

Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 4) Defendants' business conducted throughout Minnesota; and 5) Plaintiff's damages caused by Defendants unlawful conduct. Steve Kahn has such knowledge since he is employed by Plaintiff as its Chief Financial Officer.

- Steve Meyers has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota. Steve Meyers has such knowledge since he is employed by Plaintiff as a Builder Representative.

- Terry Peterson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to Plaintiff's selection and securing of construction contractors. Terry Peterson has such knowledge since she is employed by Plaintiff as a Purchasing Manager, Iowa Division.

- Todd Stutz has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 4) Defendants false and misleading advertising; 4) Defendants' business conducted throughout Minnesota; 5) Plaintiff's damages caused by Defendants unlawful conduct; and 6) Plaintiff's bid submitted in connection with the Hollander Estate. Todd Stutz has such knowledge since he is employed by Plaintiff as President, Rottlund Homes, Minnesota Division.

- Mike Swanson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2)

Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 4) Defendants' business conducted throughout Minnesota; and 5) Plaintiff's bid submitted in connection with the Hollander Estate. Mike Swanson has such knowledge since he is employed by Plaintiff as Vice President of Operations, Rottlund Homes, Minnesota Division.

- Steve Swanson has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; 4) Defendants' business conducted throughout Minnesota; and 5) Plaintiff's bid submitted in connection with the Hollander Estate. Steve Swanson has such knowledge since he is employed by Plaintiff as a Senior Production Manager.

- Steve Theis has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2) Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 4) Defendants' business conducted throughout Minnesota. Steve Theis has such knowledge since he is employed by Plaintiff as President, Iowa Division.

- Peter Torseth has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to Plaintiff's damages caused by Defendants' unlawful conduct. Mr. Torseth has such knowledge since he is employed by Plaintiff as its' Controller.

- Timothy Whitten has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff's copyrighted works; 2)

Defendants' access to Plaintiff's copyrighted works; 3) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 4) Defendants' business conducted throughout Minnesota. Timothy Whitten has such knowledge since he is employed by Plaintiff as an Executive Vice President.

- Upon information and belief, Bloodgood Sharp Buster Architects and Planners has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota and Illinois. Bloodgood Sharp Buster Architects and Planner has such knowledge since it assisted Defendants' intentional infringement of Plaintiff's copyrighted works and participated in the development of Defendants' Homestead Collection and, upon information and belief, other copyright infringing products.

- Upon information and belief, Dahlgren, Shardlow and Uban, Inc. has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' bid submitted in connection with the purchase of the Hollander Estate; 2) Defendants' infringing works; 3) Defendants' false and misleading advertising; and 4) Defendants' business conducted throughout Minnesota. Dahlgren, Shardlow and Uban, Inc. has such knowledge since, upon information and belief, it participated in preparing the Hollander Estate for sale and was involved in the transactions leading up to the sale of the Hollander Estate to Defendants.

- Upon information and belief, Dan Geegan has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between

Defendants' infringing works and Plaintiff's copyrighted works; 3) Defendants' false and misleading advertising; 4) Defendants' business conducted throughout Minnesota, Illinois and Florida; and 5) Defendants' bid submitted in connection with their purchase of the Hollander Estate. Dan Geegan has such knowledge since prior to his previous employment with Defendants he was employed by Plaintiff and Defendants' unlawful conduct has been intentional.

- Upon information and belief, Marquette Advisors has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Plaintiff and Defendants' bid submitted in connection with the purchase of the Hollander Estate; 2) Defendants' infringing works; 3) Defendants' false and misleading advertising; and 4) Defendants' business conducted throughout Minnesota. Marquette Advisors has such knowledge since it represented the Hollander Estate.

- Upon information and belief, Miller Brothers Excavating has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota. Miller Brothers Excavating has such knowledge since it is an independent contractor utilized by Plaintiff to construct its copyrighted works and was, subsequently, hired by Defendants to construct Defendants' infringing works.

- Upon information and belief, John Oliver & Associates, Inc. has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' bid submitted in connection with the purchase of the Hollander Estate; 2) Defendants' infringing works; 3) Defendants' false and misleading advertising; and 4) Defendants' business conducted throughout Minnesota. John Oliver & Associates, Inc. has such

knowledge since, upon information and belief, it participated in preparing the Hollander Estate for sale, was involved in the transactions leading up to the sale of the Hollander Estate to Defendants and was subsequently hired by Defendants to conduct site work at the former Hollander Estate.

- Upon information and belief, Tappe Construction has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota. Tappe Construction has such knowledge since it is an independent contractor utilized by Plaintiff to construct its copyrighted works and was, subsequently, hired by Defendants to construct Defendants' infringing works.

- Upon information and belief, Valley Plumbing has knowledge of the facts and issues involved in this matter, including, for example, knowledge related to the following: 1) Defendants' access to Plaintiff's copyrighted works; 2) the substantial similarity between Defendants' infringing works and Plaintiff's copyrighted works; and 3) Defendants' business conducted throughout Minnesota. Valley Plumbing has such knowledge since it is an independent contractor utilized by Plaintiff to construct its copyrighted works and was, subsequently, hired by Defendants to construct Defendants' infringing works.

**INTERROGATORY NO. 2:** Identify all persons whom Plaintiff expects to call as witnesses at trial in this matter; state the substance of his or her knowledge regarding the issues raised by the pleadings; and, with respect to each individual identified who is not currently employed by Plaintiff, state the individual's current business and residential addresses and phone numbers.

**ANSWER:** Subject to the general objections noted above, Plaintiff has not identified the witnesses it expects to call at trial in this matter. Discovery is continuing and Plaintiff reserves the right to supplement this answer consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 3:** Identify and describe in detail each and every design element and/or feature in the Technical Drawings for which Plaintiff claims copyright protection in this litigation; identify all persons with knowledge of such alleged design elements and/or features; and identify all documents relating to or reflecting such alleged design elements and/or features.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative. Subject to these objections, Plaintiff incorporates its Supplemental Initial Disclosures and response to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 4:** Identify and describe in detail each and every design element and/or feature in the Architectural Work for which Plaintiff claims copyright protection in this litigation; identify all persons with knowledge of such alleged design elements and/or features; and identify all documents relating to or reflecting such alleged design elements and/or features.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative. Subject to these objections, Plaintiff incorporates its Supplemental Initial Disclosures and responses to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 5:** Identify and describe in detail each and every design element and/or feature of the town homes in each Minnesota development project referenced in the Amended Complaint which Plaintiff claims is substantially similar to a design element and/or feature in the Technical Drawings; identify all persons with knowledge of such alleged substantial similarity; and identify all documents relating to or reflecting such alleged substantial similarity.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative. Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates its Supplemental Initial Disclosures and responses to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 6:** Identify and describe in detail each and every design element and/or feature of the town homes in the Illinois development project referenced in the Amended Complaint which Plaintiff claims is substantially similar to a design element and/or feature in the Technical Drawings; identify all persons with knowledge of such alleged substantial similarity; and identify all documents relating to or reflecting such alleged substantial similarity.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative. Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates its Supplemental Initial Disclosures and responses to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this

interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 7:** Identify and describe in detail each and every design element and/or feature of the town homes in each Minnesota development project referenced in the Amended Complaint which Plaintiff claims is substantially similar to a design element and/or feature in the Architectural Work; identify all persons with knowledge of such alleged substantial similarity; and identify all documents relating to or reflecting such alleged substantial similarity.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative. Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates its Supplemental Initial Disclosures and responses to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 8:** Identify and describe in detail each and every design element and/or feature of the town homes in the Illinois development project referenced in the Amended Complaint which Plaintiff claims is substantially similar to a design element and/or feature in the Architectural Work; identify all persons with knowledge of such alleged substantial similarity; and identify all documents relating to or reflecting such alleged substantial similarity.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent that this interrogatory seeks to discover information from Plaintiff's expert witnesses prior to the time such disclosure is required pursuant to the Pre-trial Scheduling Order. Plaintiff further objects to the extent that this interrogatory is designed to be burdensome and duplicative.

Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates its Supplemental Initial Disclosures and responses to Interrogatory No. 1 herein and states that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, information responsive to this interrogatory may be derived or ascertained from the business records Plaintiff will produce and the burden of deriving or ascertaining the answer is substantially the same for the Defendant as it is for the Plaintiff.

**INTERROGATORY NO. 9:** Identify all persons, including but not limited to Plaintiff's employees, agents, officers, directors, and outside architectural/design consultants who participated in any aspect of the design, development and creation of the Technical Drawings.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent this interrogatory is vague, ambiguous and over broad. Subject to these objections, Plaintiff states that Timothy Whitten, Tim Johnson and Karen Albertson participated in the design, development and creation of the Technical Drawings. In addition, subject to these objections, Plaintiff states that L & M Associates was retained as a drafting service to produce the repetitive CADD drawings for use by Plaintiff to provide to construction bidders, suppliers, and sub-contractors in the bidding and construction phases of product construction.

**INTERROGATORY NO. 10:** Identify all persons, including but not limited to Plaintiff's employees, agents, officers, directors, and outside architectural/design consultants who participated in any aspect of the design, development and creation of the Architectural Work.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent this interrogatory is vague, ambiguous and over broad. Plaintiff further objects to this interrogatory to the extent that it seeks information not relevant to the matters at issue in this case, is designed to be burdensome and is not reasonably calculated to lead to the discovery of admissible information. Subject to these objections, Plaintiff incorporates its response to Interrogatory No. 9 herein.

**INTERROGATORY NO. 11:** Identify all persons, including but not limited to Plaintiff's employees, agents, officers, directors, and outside architectural/design consultants who participated in any aspect of the design, development and creation of any multi-unit housing for Plaintiff prior to the creation of the Technical Drawings and the Architectural Work.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent this interrogatory is vague, ambiguous and over broad. Plaintiff further objects to this interrogatory to the extent that it seeks information not relevant to the matters at issue in this case, is designed to be burdensome and is not reasonably calculated to lead to the discovery of admissible information.

**INTERROGATORY NO. 12:** Identify and describe in detail all locations where Plaintiff's employees, agents, officers, directors, and outside architectural/design consultants visited and viewed multi-unit housing prior to the creation of the Technical Drawings and the Architectural Work, including the name of the builder of such housing, the location of the housing, and the approximate date that the housing was visited and viewed; identify all such persons who visited and viewed such multi-unit housing; and identify all documents describing or relating to such visits and viewings of such multi-unit housing.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent this interrogatory is vague, ambiguous and over broad. Plaintiff further objects to this interrogatory to the extent that it seeks information not relevant to the matters at issue in this case, is designed to be burdensome and is not reasonably calculated to lead to the discovery of admissible information.

**INTERROGATORY NO. 13:** Identify all persons, including but not limited to Plaintiff's employees, officers and directors, with knowledge or information supporting Plaintiff's assertion that TCM built any of the town homes in the Illinois development project referenced in the Amended Complaint; and identify all documents relating to reflecting such knowledge or information.

**ANSWER:** In addition to the general objections noted above, Plaintiff objects to the extent this interrogatory is vague, ambiguous and over broad. Subject to these objections and the fact that discovery is continuing, Plaintiff incorporates its Supplemental Initial Disclosures and response to Interrogatory No. 1 herein.

**INTERROGATORY NO. 14:** Identify all persons who assisted in responding to Town & Country Homes, Inc.'s Interrogatories to Plaintiff (Set I) or Town & Country Homes, Inc.'s Requests for the Production of Documents to Plaintiff (Set I).

**ANSWER:** Subject to the general objections noted above, Todd Stutz, Marie Buchanan, Timothy Whitten, Craig Krummen and David Davenport assisted in providing responses.

AS TO INTERROGATORY ANSWERS:

Dated: July ___, 2002.

On behalf of Plaintiff

By______________________________
Todd Stutz
Division President, Director

AS TO INTERROGATORY OBJECTIONS AND REQUESTS FOR DOCUMENTS:

Dated: July 1, 2002

**WINTHROP & WEINSTINE, P.A.**

By: ______________________________
Craig S. Krummen, #259081
David A. Davenport, #285109

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

***Attorneys for Plaintiff The Rottlund Company, Inc.***

idmsmpl:506418_1

**INTERROGATORY NO. 14:** Identify all persons who assisted in responding to Town & Country Homes, Inc.'s Interrogatories to Plaintiff (Set I) or Town & Country Homes, Inc.'s Requests for the Production of Documents to Plaintiff (Set I).

**ANSWER:** Subject to the general objections noted above, Todd Stutz, Marie Buchanan, Timothy Whitten, Craig Krummen and David Davenport assisted in providing responses.

AS TO INTERROGATORY ANSWERS:

Dated: July ___, 2002.

On behalf of Plaintiff

By______________________________
Todd Stutz
Division President, Director

AS TO INTERROGATORY OBJECTIONS AND REQUESTS FOR DOCUMENTS:

Dated: July 1, 2002

**WINTHROP & WEINSTINE, P.A.**

By: ______________________________
Craig S. Krummen, #259081
David A. Davenport, #285109

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

***Attorneys for Plaintiff The Rottlund Company, Inc.***

idmsmpl:506418_1