UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v.

**ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of
Iowa, Inc., an Iowa corporation,

Third-Party Defendant.

This matter is before the court upon plaintiff's objections to Magistrate Judge Susan R. Nelson's report and recommendation, dated July 13, 2004. In her report, the magistrate judge concluded that the motion to dismiss of defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., ("BSB") and The Bloodgood

Group, Inc., ("BGI") should be granted. After a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

The sole issue presented in plaintiff's objections is whether defendants BSB and BGI may be held jointly and severally liable with defendants Town and Country Homes and Pinnacle Corporation, and vice versa, for the disgorgement of profits gained from the alleged infringement of plaintiff's copyrights. All parties concede that the general rule is one of several, not joint, liability. Plaintiff, however, urges that joint and several liability may be imposed upon co-infringers when their infringement is not innocent. Plaintiff faults the magistrate judge for failing "to follow the lead of numerous courts that have recognized [such] an exception to the general rule...."[1] (Pl.'s Obj. at 5.)

The magistrate judge's report and recommendation contains a thoughtful and exhaustive analysis of the reasons why this court should not adopt plaintiff's position. Nonetheless, plaintiff insists that Belford Clarke & Co. v. Scribner, 144 U.S. 488 (1892), Abeshouse v. Ultragraphics, Inc., 754 F.2d 467 (2d Cir. 1985), and other cases compel a result in its favor. In Abeshouse, the Second

[1] Thereafter, plaintiff's memorandum cites two courts: the United States Court of Appeals for the Second Circuit and the United States District Court for the Southern District of New York. A group comprised of two is not "numerous." See Merriam-Webster's Collegiate Dictionary 799 (10th ed. 1998) ("numerous" means "consisting of great numbers of units or individuals").

Circuit noted that the district court had not instructed the jury on the exception urged by plaintiff. See 754 F.2d at 472. The court, however, did not regard the district court's omission as error. See id. at 472. Rather, the court ruled that joint and several liability should not apply because the evidence did not show that the defendant co-infringers were engaged in a joint venture. See id. at 472. The court then imposed a remittitur to ensure that the defendants would not be held jointly and severally liable for the disgorgement of profits. See id. at 473. Therefore, Abeshouse is more appropriately viewed as supporting defendants' position that evidence of a "practical partnership" is required to set aside the general rule against joint and several liability.

Nor does Belford speak clearly in plaintiff's favor. Granted, the Belford Court did observe that joint and several liability was appropriate in part because the defendants were "participes criminis," or partners in crime. 144 U.S. at 507. In the same breath, however, the Court also noted that the defendants, a printer and a publisher, were "practically partners" in carrying out the infringement. Id. at 507. The basis of the Court's holding in Belford is therefore ambiguous, and the case does not provide support for plaintiff's position. Nor is the court persuaded by the lesser authorities cited by plaintiff.

The magistrate judge's analysis of the joint and several

liability question was thorough and convincing. Further, after de novo review, the court determines that her conclusion is correct. Accordingly, **IT IS HEREBY ORDERED** that:

1. The July 13, 2004, report and recommendation of the magistrate judge [Docket No. 437] is adopted in its entirety.

2. Defendants' motion to dismiss [Docket No. 301] is granted in part and denied in part consistent with the report and recommendation.

3. Plaintiff shall file an amended complaint consistent with the directions in the report and recommendation.

Dated: October 12, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court