UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v. **ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of
Iowa, Inc., an Iowa corporation,

Third-Party Defendant.

This matter is before the court upon defendants' objections to Magistrate Judge Susan R. Nelson's report and recommendation dated August 20, 2004. In her report, the magistrate judge concluded that plaintiff's motion for partial summary judgment should be granted in part and denied in part, that plaintiff's motion to strike should be denied, that the motion of defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., and The

Bloodgood Group, Inc., for partial summary judgment should be denied and that defendants' motion for partial summary judgment should be denied in part. After a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

**I. Ownership and Validity**

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). All the defendants object to the magistrate judge's conclusion regarding the validity of the Villa II copyrights upon the ground that plaintiff, in one way or another, has practiced a fraud upon the copyright office. The arguments are meritless. As the magistrate judge recognized, a showing of fraud on the copyright office requires that the registrant's misstatements were material. See Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1161 (1st Cir. 1994). The magistrate judge correctly held that none of the errors alleged by defendants were material.[1]

The defendants also object that plaintiff's works are not original. The magistrate judge appropriately noted that "[o]riginal, as the term is used in copyright, means only that the

[1] The court likewise finds no merit in the Bloodgood defendants' argument that Rottlund does not own the works previous to the Villa II. Furthermore, counsel is reminded that, contrary to the representations in a memorandum, judges' opinions do not argue. (Bloodgood's Obj. at 4.) Lawyers argue. Judges hold, and their holdings are entitled to respect even when counsel believes they are erroneous.

work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991). Indeed, the degree of creativity required is so minimal that even "crude, humble [and] obvious" expressions merit copyright protection. Id. at 345. Moreover, originality, as required for copyright protection, equates in no way to novelty. See id. at 345. Thus, a work need not be unprecedented to merit copyright protection. It need only possess "some creative spark" and not be copied from something else. See id. at 345-46. The magistrate judge correctly noted copyright's protection of the "form ... [,] arrangement and composition of spaces and elements in [building] design," 17 U.S.C. § 101, and correctly rejected defendants' originality arguments.

**II. Access**

The defendants object to the magistrate judge's conclusion that they had access to plaintiff's works. Defendants' objection is strongest with regard to the role of Tim Johnson. Indeed, if Johnson had provided the only link for the magistrate judge's conclusions regarding access, the objection might be meritorious. Johnson, however, was only one of several links.

The defendants also argue that Dan Geegan did not have access to plaintiff's designs. In doing so, defendant Town & Country Homes dismisses the contrary testimony of Rottlund witness Karen

Albertson as hearsay evidence. "'Hearsay' is a statement ... offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Albertson, however, did not testify about what someone else said or stated. She testified about the materials to which a person occupying her position at Rottlund has access, a matter peculiarly within her personal knowledge. (Krummen Aff. Ex. G at 13-14.) The magistrate judge correctly regarded this testimony as establishing a reasonable possibility that Geegan, Albertson's predecessor, viewed plaintiff's copyrighted work. Meta-Film Assocs., Inc. v. MCA, Inc., 586 F. Supp. 1346, 1355 (C.D. Cal. 1984) (question is whether defendant had "reasonable possibility" to view protected work), cited in Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 944-45 (8th Cir. 1992).

Furthermore, defendants' objections are devoid of reference to any evidence they have produced that weighs against a finding of access. Nor have defendants pointed to any evidence to show why a fact-finder might find plaintiff's evidence wanting in credibility. Defendants may not stand upon mere denials. Rather, they have a duty to set forth specific, material facts creating a genuine issue for trial on the access issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). They have not done so, and their objection therefore fails.

**III. Substantial Similarity**

The defendants raise several objections regarding the magistrate judge's substantial similarity analysis. Defendants' objections can be boiled down to a dissatisfaction with the state of Eighth Circuit law. Defendants ask the court to abandon circuit precedent regarding the extrinsic step of substantial similarity analysis in favor of the Ninth Circuit's approach. As the magistrate judge correctly noted, the Eighth Circuit limits the extrinsic step to a comparison of ideas. See Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1043 (8th Cir. 2003) (under extrinsic step court determines "whether the general idea of two works is substantially similar"); Schoolhouse, Inc. v. Anderson, 275 F.3d 726, 729 (8th Cir. 2002) (court "must first analyze the similarity of ideas extrinsically"); Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987) ("First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works."), quoted in Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 945 (8th Cir. 1992). In the Ninth Circuit, however, the extrinsic step has evolved into a different animal, combining analysis of ideas and expression. As that court explained in Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435 (9th Cir. 1994):

> As originally adopted in Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir. 1977), the extrinsic prong was a test for similarity

> of ideas based on external criteria; analytic dissection and expert testimony could be used, if helpful. The intrinsic prong was a test for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance. Id. As it has evolved, however, the extrinsic test now objectively considers whether there are substantial similarities in *both* ideas and expression, whereas the intrinsic test continues to measure expression subjectively.

35 F.3d at 1442.

The Eighth Circuit has given no indication that it wishes to follow the Ninth Circuit's evolutionary lead. Indeed, in the ten years Apple Computer has been on the books, the Eighth Circuit has never cited it. Whether that circumstance may change the court neither has the power nor inclination to predict. In any event, the court must follow Eighth Circuit law as it currently exists. The court has examined the magistrate judge's substantial similarity analysis and finds it correctly applies circuit precedent.[2]

Therefore, following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff The Rottlund Company's Motion for partial summary judgment on liability issues of validity, direct copying,

---

[2] Likewise, the court is unpersuaded by Pinnacle's "thin" protection argument.

access and substantial similarity concerning plaintiff's section 102(a)(5) copyrighted technical drawings [Docket No. 333] is granted in part and denied in part.

2. Plaintiff's motion to strike the affidavit of Jeffrey Scherer [Docket No. 369] is denied without prejudice.

3. Defendant Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., and The Bloodgood Group, Inc.'s, motion for partial summary judgment on copyright validity [Docket No. 350] is denied.

4. Defendants' motion for partial summary judgment [Docket Nos. 382, 384 & 406] is denied in part.

Dated: October 19, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court