UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation,
et al.,

Defendants,

Civil Action No. 01-CV-1980 DSD/SRN

**DEFENDANTS' APPEAL OF MAGISTRATE JUDGE OCTOBER 6, 2004 DECISION TO DISTRICT COURT**

**(ORAL ARGUMENT REQUESTED)**

Defendants Pinnacle Corporation ("Pinnacle"), Town & Country Homes, Inc. ("TCM"), Bloodgood Sharp Buster Architects & Planners Of Iowa, Inc., and The Bloodgood Group, Inc. ("BSB") appeal the October 6, 2004 Order granting Plaintiff's Fifth Motion to Compel Discovery. Rottlund's fifth motion to compel seeks to invade the attorney-client privilege and compel defendants to answer whether they obtained an opinion of counsel regarding the Homestead Collection and "the Rottlund Villa product" mentioned in a letter by Pinnacle's employee Steve Sandelin. The defendants have affirmatively stated that they are not waiving the attorney-client privilege or asserting a "reliance upon counsel" defense in this case. Nonetheless, the October 6, 2004 Order granting Rottlund's motion improperly requires disclosure of attorney-client communication.

Moreover, the requests to admit at issue are irrelevant because they do not seek whether the defendants sought advice of counsel regarding comparison of the

copyrights at issue (VAu 447-395, VAu 534-723, and VAu 546-285) to the specifically accused products (the Homestead Collection, the Chateau Collection, or the Back-to-back townhomes at Washington Square). Rather, they seek disclosure of whether the defendants obtained opinions of counsel comparing the Homestead Collection to "Rottlund Villa Product." As such, any possible justification to invade the attorney-client privilege is unwarranted.

Finally, the en banc Court of Appeals for the Federal Circuit recently decided, based upon the attorney-client privilege, that any answers Rottlund seeks -- whether defendants obtained an opinion of counsel -- *cannot* create a negative inference for the jury. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge, Gmbh v. Dana Corp.*, 383 F.3d 1337, 2004 WL 2049342 (Fed. Cir. 2004). Thus, the requests do not seek relevant information.

## ARGUMENT

### I. THE MAGISTRATE JUDGE ERRED IN PERMITTING DISCOVERY OF DEFENDANTS' PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

Privileged information is not discoverable. Fed. R. Civ. Proc. 26(b)(1). Communication between defendants and their counsel about the opinion work product is protected by the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1980); 6 Moore's Federal Practice, § 26.49[1] (communications from a client to an attorney for the purpose of obtaining legal advice are subject to the attorney-client privilege).

Plaintiff's requests to admit improperly seek information that is protected by attorney-client and work-product privileges:

<u>REQUEST NO. 48</u>: Admit that you did not obtain a legal opinion concerning whether the Homestead Collection town home designs infringed upon "Rottlund's Villa product" referred to by Steve Sandelin in Pinnacle's July 9, 2001 facsimile transmittal to Larry Moore.

<u>REQUEST NO. 49</u>: Admit that you obtained a legal opinion concerning whether the Homestead Collection town home designs infringed upon "Rottlund's Villa product" referred to by Steve Sandelin in Pinnacle's July 9, 2001 facsimile transmittal to Larry Moore.

Rottlund is seeking information about the content of privileged communication, not merely the existence of an attorney-client relationship. Defendants' objection to these requests to admit was that the requests seeks information protected by the attorney-client privilege and by the work-product doctrine.

The Order holds that the Plaintiff is seeking "relevant and non-privileged information" but fails to explain why communication between Defendants and their attorneys is privileged. Order at 9. The Order cites no authority and never explains why the content of defendants' communication with their attorneys is not privileged. The Order similarly does not provide grounds for finding that the defendants have waived the attorney-client privilege.

Instead of addressing waiver and attorney-client privilege, the Order attempts to provide rationale for permitting discovery by noting that "whether a defendant has sought and reasonably relied upon the legal advice of counsel is a factor courts consider when evaluating willfulness." Order at 5-6. Although it *may* be an issue if the defendant waives the privilege and asserts a "reliance upon counsel defense," none of the cases support a finding that defendants in this case

have waived the privilege where they have affirmatively stated that they are not relying upon an opinion of counsel defense. Indeed, none of the cases cited by the Order even address a discovery dispute about the issue of advice of counsel.

One set of cases stands for the unremarkable proposition that a defendant may raise the issue of advice of counsel to deflect charges of willful infringement but in doing so, the defendant waives any privilege attached to those communications. Those cases provide no support for a finding that privileged attorney-client communication is discoverable where defendant has not waived the privilege. *RCA/Ariola Int'l, Inc. v. Thomas & Graston Co.,* 845 F.2d 773, 779 (8th Cir. 1988) (reliance on advice of counsel supported defendants claim that infringement was not willful); *Wildlife Express Corp. v. Wright Sales, Inc.*, 18 F.3d 502, 513 (7th Cir. 1994) (defendant offered letter from counsel as evidence of good faith reliance on advice of counsel in response to infringement claim); *Childress v. Taylor*, 798 F. Supp. 981, 994 (S.D.N.Y. 1992) (explaining that if defendant had testified about reliance on advice of counsel it may have been relevant to willfulness and privilege would have been waived).

The remaining cases provide no support for the Order's determination that the information sought is not protected by privilege and is discoverable. *See* Order at 6 *citing International Korwin Corp., v. Kowalczyk,* 855 F.2d 375 (7th Cir. 1988) (noting that in response to ASCAP letter notifying him of infringement defendant did not seek advice of an attorney or contact ASCAP to inquire further); *Superior Form Builders Inc. v. Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 495 (4th Cir.

1996) (holding that trial court did not prevent defendant from presenting an advice of counsel defense).

None of the cases cited in the Order stands for the proposition that where information may be relevant to a case, a court may find implicit waiver of an attorney-client privilege. As discussed in the Order, the defendants' summary judgment motions regarding damages and willfulness are still pending before the Magistrate Judge. The resolution of that issue, however, is not relevant to the inquiry of whether defendants have waived the attorney-client privilege as to the communications sought by plaintiff's interrogatories.

The Order ignores the proper line of inquiry: whether defendants have explicitly or implicitly waived the privilege attached to their communications with their attorneys about protected work product. A party may waive attorney-client privilege by bringing an action in which the information is relevant and material. *Pamida, Inc. v. E.S. Originals, Inc.*, 199 F.R.D. 633, 635 (D. Minn.2001) (plaintiff waived any attorney-client privilege by bringing an action in which the information is relevant and material); *Bieter Co. v. Blomquist*, 156 F.R.D. 173, 179 (D. Minn.1994) (attorney-client privilege is waived where former client sues attorney for malpractice). Similarly, where either party attempts to utilize information in an otherwise protected communication, it waives the attorney client privilege and the opposing party may discover that information. *See Medtronic, Inc. v. Intermedics, Inc.*, 162 F.R.D. 133, 135 (D. Minn.1995).

In *Medtronic, Inc.*, this Court held that a party could not offer selected evidence about a settlement agreement while arguing that related documents were protected by privilege. The Court noted that if Intermedics "offers its own evidence of the Agreement, then the privilege is asserted as sword and a shield." *Medtronic,* 162 F.R.D. at 135. "[F]airness requires that Intermedics choose a single course of action – either complete waiver or complete protection." *Id.*

Defendants agree with the cases cited in the Order that the attorney-client privilege may be implicitly waived where defendants assert an advice of counsel defense to an infringement charge. But that fact is not relevant here where defendants have not asserted an advice of counsel defense. Defendants have chosen the single course of action required by this Court in *Medtronic*. They have properly asserted attorney-client privilege as a shield and have not attempted to offer the protected information in furtherance of their own case. *See Id.* at 135.

The Order's lack of analysis on the issue of waiver is not surprising in light of the facts of this case. The most common form of waiver of the privilege in copyright cases, assertion of advice of counsel as a defense, is not present. Moreover, defendants have taken no other action that could be considered a waiver of the attorney-client protection of the information sought by plaintiffs. Absent explicit or implicit waiver of the attorney-client privilege by the defendants of the communication plaintiff seeks, the magistrate judge committed clear error in granting plaintiff's motion to compel.

## II. THE REQUESTS TO ADMIT SEEK IRRELEVANT INFORMATION.

The requests to admit do not ask whether the defendants obtained an opinion of counsel regarding potential infringement by the Homestead Collection of the copyrights at issue (VAu 447-395, VAu 534-723, and VAu 546-285).[1] Instead they seek whether or not the defendants obtained an opinion of counsel concerning the Homestead Collection and "the Rottlund Villa product" mentioned in a letter from Steve Sandelin to Larry Moore of Bloodgood Sharp Buster Architect and Planners of Iowa (BSB).

The letter from Steve Sandelin to Larry Moore includes a copy of the letter from the law firm of Winthrop and Weinstine to Pinnacle, enclosing a copy of two pictures from brochures. Copyrights on the brochures are not at issue in this case. The letter from Winthrop did not enclose a copy of the deposit materials for any of the copyrights at issue. In fact, two of the three copyrights at issue, VAu 534-723, and VAu 546-285, were issued after the letter from Steve Sandelin to Larry Moore. The remaining copyright, VAu 447-395, is a copyright on technical drawings for the Rush Creek Villa II w/o step, not an architectural work or a "product."

The October 6, 2004 Order thus seeks to invade the attorney-client privilege to seek information that is not directly relevant to this litigation.

## III. THE FEDERAL CIRCUIT'S EN BANC DECISION IN *KNORR-BREMSE*

On September 13, 2004, the Court of Appeals for the Federal Circuit issued its en banc ruling that a negative inference cannot be drawn in a patent case either

[1] The requests to admit are limited to the Homestead Collection and do not relate to the Washington Square back-to-back product built by Pinnacle or the Chateau Collection built by TCM.

when the defendant has not obtained an opinion of counsel or when the attorney-client privilege or work-product has been asserted by the defendant. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge, Gmbh v. Dana Corp.*, 383 F.3d 1337, 2004 WL 2049342, * 4-5 (Fed. Cir. 2004). Thus, despite the fact that patent law (unlike copyright law) has "an affirmative duty of due care to avoid infringement of the known patent rights of others," the Federal Circuit held that assertion of the attorney-client privilege and refusal to disclose the existence of an opinion of counsel does not provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable. *Id.* at *5, quoting *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993).

The Magistrate's October 6, 2004 Order would, as the Federal Circuit explains, "distort the attorney-client relationship, in derogation of the foundation of that relationship." *Id.* at *4. The October 6, 2004 Order's attempt to create a special rule affecting attorney-client relationships in copyright cases is unwarranted. *Id.*, citing *Swidler & Berlin v. United States*, 524 U.S. 399, 410 (1998) (ad hoc exceptions to privilege may cause "general erosion").

## CONCLUSION

For the reasons stated herein, the defendants request that the Court reverse the October 6, 2004 Order and deny Rottlund's Fifth Motion to Compel.

Dated: October 21, 2004

s/Darren B. Schwiebert

Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street #4000
Minneapolis, MN 55402
Telephone: (612) 492-7312

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

– AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600

David Donna (#163624)
DONNA & DALY
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

– AND –

Holly J. Newman (#26457X)
Ben Patrick (#312460)
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T Tower, 901 Marquette Avenue
Minneapolis, MN 55402
Telephone: (612) 305-1450

ATTORNEYS FOR DEFENDANTS
BLOODGOOD SHARP BUSTER
ARCHITECTS & PLANNERS OF IOWA,

INC. AND THE BLOODGOOD GROUP, INC.