Fredrikson
& BYRON, P.A.

October 25, 2004

**VIA MESSENGER**
Honorable David S. Doty
United States District Court Judge
U.S. Courthouse
300 S. 4th Street, Suite 14W
Minneapolis, MN 55415

Re: The Rottlund Company, Inc. v. Pinnacle Corporation
Court File No. 01-CV-1980 (DSD/SRN)

Dear Judge Doty:

Defendants Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("TCM") jointly submit this letter pursuant to Local Rule 7.1(g) requesting leave to file a motion for reconsideration of the Court's Order dated October 19, 2004. Compelling circumstances exist to permit defendants to file a motion for reconsideration on the issues of (1) whether plaintiff's list of 71 general similarities is sufficient to overcome defendants' motion for summary judgment under the Eighth Circuit's decision in *Hartman v. Hallmark Card, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987); and (2) whether Dan Geegan's employment by TCM after completion of the designs at issue can constitute access to the deposit materials registered in VAu 447-395.

## 1. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In its ruling on defendants' objections to the Magistrate's Report and Recommendation, the Court does not address one of the primary arguments advanced by the defendants in support of their motion for summary judgment – an argument to which Rottlund had no response. The defendants argued they were entitled to summary judgment under *Hartman* because the evidence presented by plaintiff – a list of 71 general similarities – is insufficient to create an issue of material fact as to copyright infringement. *See Hartman*, 833 F.2d at 120 ("The listing of similarities does not alone generate an issue of material fact precluding summary judgment."). Nevetheless, the Report and Recommendation denied defendants' motion for summary judgment as to the Homestead Collection and Washington Square. (Docket #514)[1]

[1] The Report and Recommendation expressly withholds ruling on TCM's motion for summary judgment regarding the Chateau Collection and the Magistrate Judge has not yet issued a Report and Recommendation on Chateau.

Attorneys & Advisors
main 612.492.7000
fax 612.492.7077
www.fredlaw.com

200 South Sixth Street
Suite 4000
Minneapolis, Minnesota
55402-1425

OFFICES: Minneapolis, London AFFILIATES: Mexico City, Warsaw, Montreal, Toronto, Vancouver

TCM and Pinnacle objected to the Report and Recommendation's failure to grant defendants summary judgment, and specifically raised the insufficiency of Rottlund's list to create an issue of fact. (Docket # 530 at 2-3) Plaintiff's memorandum in response did not even address the defendants' motion for summary judgment, let alone the sufficiency of a list of similarities to create a question of fact regarding substantial similarity. (Docket # 552). Instead, plaintiff relied exclusively upon the same list of 71 general similarities to argue in favor of adoption of the Report and Recommendation.

This Court's October 19, 2004 Order adopting the Report and Recommendation denied defendants' motion for summary judgment without addressing this issue. The current record is therefore completely at odds with controlling Eighth Circuit law: under *Hartman* Rottlund's list of 71 general similarities is insufficient to create an issue of material fact to overcome TCM's motion for summary judgment. The inconsistency with Eighth Circuit precedent is sufficient compelling circumstances to permit defendants' motion for reconsideration.

**2. DAN GEEGAN AND ACCESS TO THE TECHNICAL DRAWINGS DEPOSITED WITH VAU 447-395.**

The Report and Recommendation focused on Tim Johnson's subsequent employment by TCM as satisfying the access requirement. Defendants argued in their objections to the Report and Recommendation that Tim Johnson and the other mentioned employees (including Dan Geegan) did not join TCM until "after the Homestead Collection designs were completed." (Docket#531 at 9). This Court's Order adopting the Report and Recommendation properly abandons Tim Johnson as a possible basis for inferring access (based upon the timing of his employment) and shifts to Dan Geegan as evidence of access. Dan Geegan, however, also joined TCM after the Homestead Collection designs were completed. Thus, like Tim Johnson, Geegan cannot serve as the basis for access.[2] *See e.g. Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1985); *Weygand v. CBS, Inc.*, 43 U.S.P.Q.2d 1120, 1123, 1997 WL 377980 (C.D. Cal. 1997) ("However, a plaintiff must show that the alleged infringer had access to the plaintiff's work prior to the creation of the infringing work").

Respectfully submitted,

s/Darren B. Schwiebert

Darren B. Schwiebert

---

[2] Even though it was plaintiff's burden to establish that Dan Geegan arrived at the defendant's employ in time to provide defendants with access, plaintiff never deposed Dan Geegan. The undisputed evidence is that Dan Geegan joined TCM in July 2000 <u>after</u> BSB completed the schematic design for the Homestead Collection in July of 1998, thus making it impossible for Geegan to provide TCM with access. The same is true for other TCM employees – Marc Harris joined in May 2000 and Joey Zorn joined in June 2000.