UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation,
et al.,

Defendants,

and,

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc.,
an Iowa Corporation,

Third-Party Defendant.

Civil Action No. 01-CV-1980 DSD/SRN

**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON JIM ONOMIYA AT EDINA REALTY**

**(ORAL ARGUMENT REQUESTED)**

---

The close of fact discovery was April 15, 2004. (*See* Docket #342, dated February 25, 2004). Dispute the close of fact discovery over sixth months ago, Rottlund has served a subpoena upon Mr. Onomiya at Edina Realty, a third party, seeking the production of an expansive set of documents. (*See* Affidavit of Darren Schwiebert in Support of Motion to Quash, ("Schwiebert Aff."), Exhibit A).

Rottlund's document subpoena is untimely and violates the Scheduling Order adopted by this Court.

Rottlund's request for documents seek product, among other things of the following:

- [A]ll documents, including but not limited to competition shops," [sic] concerning the following communities developed by Town & Country Homes:
    - a. Centennial Crossing, located in Maple Grove, Minnesota;
    - b. Harvest Hills, located in Plymouth, Minnesota;
    - c. Cornerstone Lake, located in Lakeville, Minnesota;
    - d. Springbrook, located in Lakeville, Minnesota;
    - e. Providence Pointe, located in Shakopee, Minnesota;
    - f. Washington Square, located in Aurora, Illinois;
    - g. Traditions at Clover Ridge, located in Chaska, Minnesota; and/or
    - h. Pinebrook, located in Brooklyn Park; Minnesota.

  (*Id.* at Request No. 7)

- [A]ll documents, including but not limited to competition shops, notes and/or correspondence, concerning the following designs and/or housing products:
    - a. Homestead Collection town homes;
    - b. Washington Square Back-to-Back town homes; and/or
    - c. Chateau Collection town homes.

  (*Id.* at Request No. 8).

- All documents concerning Town & Country Homes' back-to-back town homes."

  (*Id.* at Request No. 9).

As discussed during the phone status conference on October 25, 2004, Pinnacle and TCM are not seeking to quash the subpoena to the extent that it seeks information that has already been produced by TCM or Pinnacle in this litigation. In fact, Rottlund has indicated that it has already "shared" these documents to Edina Realty. (Schwiebert Aff., Exhibit B).

This motion seeks the Court to quash the subpoena duces tecum to the extent that it seeks information not previously produced by TCM or Pinnacle, including the very broad discovery identified above. Permitting production of this information will prejudice Pinnacle and TCM because they will not have an opportunity as intended by pre-trial discovery to assess the information or take necessary additional discovery, including depositions or additional discovery requests prior to the trial in this case.

This is discovery that Rottlund could have served years ago.[1] Rottlund has provided no reasonable justification for its violation of the Court's Scheduling Order. Rottlund has failed to move, pursuant to Local Rule 16.3 for a modification of the Scheduling Order and cannot satisfy the "good cause" standard. This precise issue was recently addressed by the Court in *Gordon v. Northeastern REMC*, 2003 WL 21919179(N.D. Ind. 2003):

> The prevailing case law is clear, the use of a subpoena duces tecum to secure the production of documents is a discovery device subject to discovery deadlines. *See, e.g., Dreyer v. GACS Inc.*, 204 F.R.D. 120, 123 (N.D.Ind.2001) ("Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery.") Therefore, to have its subpoena enforced, REMC must again show good cause why it issued the subpoena duces tecum late. See Fed. R. Civ. P. 16(b). To show good cause, REMC must show that despite its diligence, it could not have reasonably secured the documents requested in the subpoena duces

[1] This situation is markedly different from discovery needs that arose out of the testimony of Rottlund's purported architectural expert that his was a "visiting assistant professor" at Columbia University School of Architecture and the University of Minnesota. Ironically, Rottlund argued to this Court that defendants' attempt to take this discovery (which could not have occurred earlier) was untimely and should be prevented by this Court but never filed the motion to quash as recommended by this Court.

> tecum within the time table established by the Report of the Parties' Planning Meeting. *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D.Ind.1995).

*Id.* at *3; *see also Comeaux v. Uniroyal Chemical Corp.*, 849 F.2d 191, 194 (5th Cir. 1988) ("The subpoena duces tecum was in effect a motion for additional discovery, and the court correctly construed it as such. The court did not abuse its discretion by granting appellee's motion to quash the subpoena duces tecum as untimely.")

Rottlund cannot establish good cause. Pursuant to Rules 16 and 45 of the Federal Rules of Civil Procedure, this Court should quash the subpoena served upon Jim Onomiya at Edina Realty to the extent that it seeks the untimely production of documents that have not already been produced by Pinnacle or TCM in this litigation.

Dated: October 28, 2004

s/Darren B. Schwiebert
Daniel J. Maertens (#188311)
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

- AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.

Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION