The Rottlund Company, Inc. v.
Pinnacle Corporation and Town & Country Homes, Inc.
Court File No. 01-1980 DSD/SRN

Affidavit of Darren B. Schwiebert in Support of
Town & Country Homes, Inc.'s Motion to Quash

# EXHIBIT A

(1/94) Subpoena in a Civil Case

# *United States District Court*

## DISTRICT OF MINNESOTA

**The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota corporation,**

**Plaintiff,**

Case No. 01-CV-1980 (DSD/SRN)

**v.**

**Pinnacle Corporation, d/b/a Town & Country Homes, an Illinois corp., Town & Country Homes, Inc., a Minnesota corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc., a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,**

**Third-Party Defendant.**

## TRIAL SUBPOENA *DUCES TECUM* IN A CIVIL CASE

**TO: Jim Onomiya, Edina Realty, 4015 West 65th Street, Edina, MN 55435.**

| | |
|---|---|
| **__X__YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.** | |
| Place of Testimony: U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 | Courtroom: 14W |
| | Date and Time: November 15, 2004 at 9:00 a.m. |
| **______YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.** | |
| | Date and Time: |
| **__X___YOU ARE COMMANDED to produce and/or permit inspection and copying of the following documents or objects a the place, date, and time specified below.**<br>See attached Schedule A. | |
| Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402. | Date and Time: October 29, 2004 at 9:00 a.m. |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| Premises | Date and Time |
| Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). | |
| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) ________ David A. Davenport /Attorney for Plaintiff | Date: October 8, 2004 |
| Issuing Officer's Name, Address, and Phone Number: David A. Davenport, Suite 3500, 225 South Sixth Street, Minneapolis, Minnesota 55402 / 612/604-6716 | |

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | Date | Place |
| Served on (Print Name) | | Manner of Service |
| Served by (Print Name) | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

____________________

Date Signature of Server

____________________

Address of Server

____________________

Subscribed and sworn to before me this
_____ day of ______________, 20___.

____________________
Notary Public

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the

subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoenas shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business and shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2150515v1

**SCHEDULE A**

**A. Definitions**

1. "Documents" include, but are not limited to, records of any communications as well as any correspondence, memoranda, notes, telegrams, pamphlets, reports, ledgers, record studies books, working papers, diaries, calendars, charts, papers, drawings, sketches, graphs, data sheets, data processing cards, tapes, sound recordings and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received, which are now or were formerly in your company's possession, custody or control. The term "documents" specifically includes any and all computer and electronic documents, information, media or data including, without limitation, e-mail or electronic mail or similar items. In addition, the term "documents" includes the original document (or a copy thereof if the original is not available), all drafts, whether or not they resulted in a final document, and all copies which differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

2. "Year" shall mean calendar year.

3. "You" or "your" shall mean the individual and the company upon whom the attached subpoena was served, each of the company's predecessors, successors, parents, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

4. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

5. "Town & Country Homes" shall mean Pinnacle Corporation d/b/a Town & Country Homes and Town & Country Homes, Inc.

**B. Instructions**

1. Rottlund Homes hereby notifies you that you are requested, pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, to produce, at the offices of Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, Minnesota 55402, on October 29, 2004, at 9:00 a.m., the documents designated herein for counsel to inspect and copy, at Rottlund Homes' cost of copying.

2. If any portion of any document is responsive to any document request, then the entire document must be produced. Documents produced pursuant to this Schedule shall be produced in the order in which they appear in your company's files and shall not be shuffled or otherwise rearranged. We request that you advise us in writing as to each document produced, the number or numbers of the paragraph(s) of this Schedule to which it is responsive.

3. You must furnish all requested documents which are in your possession or custody or which are under your control. In the event that any requested documents are not in your possession or custody or under your control, you must identify the person who is in possession, or has custody, of said documents or who has said documents under his control.

4. If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, you are requested to submit in lieu of

each document or item a written statement which (1) describes in detail the nature of the document and its contents; (2) identifies the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; (3) specifies the date on which the document was prepared or transmitted or both; and (4) specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

5. The following requests shall be deemed to be continuing in nature and if information is discovered or comes to your attention after this subpoena is complied with which would change or supplement the responses given, demand is hereby made that said information be furnished immediately.

**C. Documents Requested**

**REQUEST NO. 1:** Please produce the September 6, 1999 "Competition Shop, Maple Grove and Plymouth, August Sales, Townhouse Competition" memorandum, and attachments, from Jim Onomiya to Art Plante.

**REQUEST NO. 2:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the September 6, 1999 "Competition Shop, Maple Grove and Plymouth, August Sales, Townhouse Competition" memorandum, and attachments, from Jim Onomiya to Art Plante.

**REQUEST NO. 3:** Please produce the February 1, 2000 "Competition Shop for the Homestead Collection- Back to back townhomes" memorandum, and attachments, from Jim Onomiya to Art Plante, Tom Conner and Susan Reese.

**REQUEST NO. 4:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the February 1, 2000 "Competition Shop for the Homestead Collection- Back to back townhomes" memorandum, and attachments, from Jim Onomiya to Art Plante, Tom Conner and Susan Reese.

**REQUEST NO. 5:** Please produce the October 4, 2001 "Competition Shop for Cornerstone Lake in Lakeville" memorandum, and attachments, from Jim Onomiya to Kevin Kohls and Art Plante.

**REQUEST NO. 6:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the October 4, 2001 "Competition Shop for Cornerstone Lake in Lakeville" memorandum, and attachments, from Jim Onomiya to Kevin Kohls and Art Plante.

**REQUEST NO. 7:** Please produce all documents, including but not limited to competition shops," concerning the following communities developed by Town & Country Homes:

a. Centennial Crossings, located in Maple Grove, Minnesota;

b. Harvest Hills, located in Plymouth, Minnesota;

c. Cornerstone Lake, located in Lakeville, Minnesota;

d. Springbrook, located in Lakeville, Minnesota;

e. Providence Pointe, located in Shakopee, Minnesota;

f. Washington Square, located in Aurora, Illinois;

g. Traditions at Clover Ridge, located in Chaska, Minnesota; and/or

h. Pinebrook, located in Brooklyn Park, Minnesota.

**REQUEST NO. 8:** Please produce all documents, including but not limited to competition shops, notes and/or correspondence, concerning the following designs and/or housing products:

a. Homestead Collection town homes;

b. Washington Square Back-to-Back town homes; and/or

c. Chateau Collection town homes.

**REQUEST NO. 9:** Please produce all documents concerning Town & Country Homes' back-to-back town homes.

**REQUEST NO. 10:** Please produce all documents concerning competition shops for Town & Country Homes which relate to, refer to and/or concern in any way Rottlund Homes.

2150507v1

The Rottlund Company, Inc. v.
Pinnacle Corporation and Town & Country Homes, Inc.
Court File No. 01-1980 DSD/SRN

Affidavit of Darren B. Schwiebert in Support of
Town & Country Homes, Inc.'s Motion to Quash

# EXHIBIT B

WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

Suite 3500 | 225 South Sixth Street | Minneapolis, MN 55402 | Main:(612)604-6400 | Fax:(612)604-6800 | www.winthrop.com | *A Professional Association*

# FACSIMILE COVER LETTER

| | | | |
|---|---|---|---|
| SENT TO: | Holly J. Newman, Esq. | FACSIMILE NO.: | (612) 305-1414 |
| PHONE: | (612) 305-1450 | | |
| SENT TO: | Christopher Murdoch, Esq. | FACSIMILE NO.: | 1+(312) 578-6666 |
| PHONE: | (312) 26[illegible]-3600 | | |
| SENT TO: | Darren Schwiebert, Esq. | FACSIMILE NO.: | (612) 492-7077 |
| PHONE: | (612) 492-7000 | | |
| SENT BY: | David A. Davenport | FILE NO.: | 10150.3 |
| PHONE: | (612) 604-6716 | | |

Re: *Rottlund v. Town & Country, et al. v. Bloodgood Architects and Planners of Iowa, Inc.*
Court File No. 01-CV-1980 (DSD/SRN)
Our File No. 10150-3

DATE: October 26, 2004

MESSAGE: **TRANSMITTED HEREWITH IS MY LETTER OF TODAY'S DATE REGARDING THE ABOVE-REFERENCED MATTER.**

ORIGINAL WILL: Be sent by U.S. Mail

This communication consists of 2 pages, including this cover letter. If all pages are not received, please contact Deana Lessor at (612) 604-6610.

## NOTICE – CONFIDENTIAL INFORMATION

The information in this fax communication is privileged and strictly confidential. It is intended solely for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution, copying or other use of the information contained in this communication is strictly prohibited. If you have received this communication in error, please first notify the sender immediately at the above telephone number of the erroneous receipt and then return this fax communication at once to the sender at the above address either via United States Postal Service or by method of delivery specified by the sender.

WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

October 26, 2004

David A. Davenport
(612) 604-6716
ddavenport@winthrop.com

**BY FAX and U.S. MAIL**
Darren Schwiebert, Esq.
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-3397

Re: *Rottlund v. Town & Country, et al. v. Bloodgood Architects and Planners of Iowa, Inc.*
Court File No. 01-CV-1980 (DSD/SRN)
Our File No. 10150-3

Dear Darren:

Consistent with your representations during the Status Conference yesterday, please be advised that we intend to share the following documents with Edina Realty: (1) September 6, 1999 competition shop (Bates labeled D38894-38909); (2) February 1, 2000 competition shop (Bates labeled D38866-38893); and (3) October 4, 2001 competition shop (Bates labeled D39265-39353).

Very truly yours,

**WINTHROP & WEINSTINE, P.A.**

David A. Davenport

DAD:djl
cc: Holly J. Newman, Esq. (by fax and U.S. Mail)
Christopher Murdoch, Esq. (by fax and U.S. Mail)

2154493v1