**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc. d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Civil No. 01-1980 (DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Pinnacle Corporation d/b/a/ Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc., a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation**

**Third-Party Defendant.**

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Exclude Any Expert Testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus (Doc. No. 419). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Plaintiff seeks an Order precluding the Bloodgood Defendants from offering any expert opinion testimony from Doug Buster, Chris Jorgenson, Joe Safin and David Kiwus. Plaintiff also seeks the expenses, including attorneys' fees, incurred in bringing this motion.

## I. BACKGROUND

On January 14, 2003, Defendant BSB disclosed the identity of six expert witnesses who it intended to use to provide evidence pursuant to Federal Rules of Evidence 702, 703 or 705. (Davenport Aff., Ex. B.) The Court's Second Amended Pretrial Scheduling Order required full disclosure of Defendants' expert testimony, required by Rule 26(a)(2)(B), "accompanied by the written report prepared and signed by the expert witness, . . ." on July 15, 2003. The Court later extended the deadline to August 15, 2003. Ultimately, the Court's Third Amended Pretrial Scheduling Order

provided for expert disclosures on April 15, May 15 and June 1, 2004. (Third Am. Pretrial Sched. Order of 2/25/04.)

On June 3, 2004, during a telephone status conference, Plaintiff raised its objections to BSB's expert disclosures, arguing that the purported expert reports failed to satisfy the requirements of Rule 26(a)2(b). (Davenport Aff., Ex. G at 5.) Plaintiff argued that each report was less than a half a page in length and offered merely conclusory statements with respect to each topic upon which the experts intended to opine at trial. Id.

BSB's counsel stated that Rule 26(a)2(b) did not apply to these witnesses:

> But separately, and maybe more importantly, is that the rule that is cited by Mr. Davenport doesn't apply to parties unless, of course, those parties are in the business of regularly supplying expert opinions as part of their job for their employers, which is not the case with respect to the individuals we've identified. This is really a belt-and-suspenders type of practice to give information that yes, these witnesses who also have facts will have opinions and intend to offer those at trial.

Id. at 7-8.

The Court stated that while BSB can attempt to have its fact witnesses offer lay opinions at trial, assuming BSB lays proper foundation, "if [BSB] intend[s] to offer expert opinions, those are experts, and you need a full and fair expert disclosure, which is not present in this case. Nobody could contest that. These expert disclosures do not comply with the rules." Id. at 8-9.

In addition to BSB's expert disclosures of Doug Buster, Larry Moore, Chris Jorgenson and Joe Safin which Plaintiff seeks to exclude, Plaintiff also moves to exclude David Kiwus as an expert witness. Plaintiff notes that while BSB's damages reports are executed by Joe Kenyon and David Kiwus, BSB has identified only Mr. Kenyon as its damages expert. Accordingly, Plaintiff moves to

exclude Mr. Kiwus as BSB's damages expert, should it seek to call him as such at trial.

## II. DISCUSSION

For purposes of illustration, BSB's Expert Disclosure of Larry Moore states that he may offer expert opinions at trial that will include the following:

1. Rottlund's back-to-back town home product that it refers to as the Villa, New Villa or Villa II is not unique and represents a standard configuration of spaces or arrangements of individual standard features. These same standard configurations and features exist in numerous residential products and are not subject to copyright protection.

2. If there are any copyright protected element in Rottlund's Villa products, those elements are not substantially similar to TCM's Homestead Collection product.

3. BSB has used all of the features and many of the combinations of features in its designs before those features or combinations were used by Rottlund. BSB utilized its own previous designs and independently created the designs for TCM's Homestead Collection.

4. The Minneapolis Market is behind some other metropolitan markets in terms of new and innovative designs or product types. There are several examples that demonstrate a trend of products in Chicago migrating into the Minneapolis market.

5. The opinions and conclusions in Al Bloom's expert report are accurate and are incorporated herein by reference.

6. See also Larry Moore's deposition transcripts.

(Davenport Aff., Ex. E.) BSB's expert disclosures of witnesses Buster, Jorgenson and Safin are quite similar in content and length and all "incorporate by reference" the opinions and conclusions of expert Al Bloom. (See, e.g., id., Exs. C, D, F.)

Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to disclose information

required by Rule 26(a) "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court on motion and after affording an opportunity to be heard, may impose other appropriate sanctions."

As the Court has previously indicated, BSB's expert disclosures of Buster, Moore, Jorgenson and Safin do not meet the requirements of Fed. R. Civ. P. 26(a). Full and complete expert disclosures are expressly required by Rule 26(a)(2)(B), so that "opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." See Upsher-Smith Lab., Inc. v. Mylan Lab., Inc., 944 F.Supp. 1411, 1439-40 (D. Minn. 1996) (holding that expert reports were properly excluded where "the reports are uninformative, boilerplate renditions which offer nothing to distinguish the testimony of one expert from another. . ." and "wholly fail to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed.") The Federal Rules make clear that a testifying expert's report must contain a complete statement of all opinions to be expressed, as well as the basis and reasons underlying that opinion, and the data or other information considered by the witness in forming the opinion. Fed. R. Civ. P. 26(a)(2)(B); MEMs v. City of ST. Paul-Dept. of Fire & Safety Servs., 97-CV-1589 (PAM), 2002 WL 334411 at *1 (D. Minn. Feb. 20, 2002), aff'd, 327 F.3d 771 (8th Cir. 2003).

The Court rejects BSB's characterization of witnesses Buster, Moore, Jorgenson and Safin as "hybrid witnesses," who are "exempt from the requirements of the Rule." (Bloodgood Defs.' Mem. in Opp. at 7.) BSB elected to designate these witness as experts who may be used to provide evidence under Fed. R. Evid. 702, 703, or 705. The expert disclosures offered by BSB are lacking in the

requisite level of information and detail necessary. As the Court noted in the status conference, BSB is free to attempt to lay foundation for these witnesses to testify pursuant to Fed. R. Evid. 701, although their testimony appears to be duplicative.

As to Plaintiff's motion to exclude the testimony of David Kiwus, the Bloodgood Defendants aver that it is not their intention to call him as an expert witness, provided that their damages expert, Mr. Kenyon is available. As Mr. Kiwus has not been listed on the Bloodgood Defendants' expert disclosures, he may not be called as an expert witness at trial.

Finally, Plaintiff seeks its reasonable expenses incurred in connection with this motion. While the Court has the discretion to enter such an award, it declines to do so.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Plaintiff's Motion to Exclude Any Expert Testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus (Doc. No. 419) is **GRANTED in part** as to the exclusion of expert testimony, and **DENIED in part** as to an award of reasonable expenses.

Dated: November 1, 2004

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge