UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

vs.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REPORTS OF ALBERT H. BLOOM PURSUANT TO RULES 104(A) AND 702 OF THE FEDERAL RULES OF EVIDENCE**

## INTRODUCTION

Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes ("Rottlund") moves to exclude the testimony and reports of Albert H. Bloom, Defendant Bloodgood Sharp Buster Architects and Planners of Iowa, Inc.'s ("BSB") expert witness. Rule 702 of the Federal Rules of Evidence requires that expert testimony be stricken if it is not helpful to the trier of fact or if it crosses the line from helping the jury understand the evidence to invading the province of the jury. On October 19, 2004, the Court adopted in its entirety Magistrate Judge Nelson's Report and Recommendations dated August 20, 2004, ("R&R")[1] finding, among other things, that expert opinions regarding how individual elements are expressed "moves too far into expression; thereby invading the province of the jury." *The Rottlund Co., Inc. v. Pinnacle Corp., et al.*, No. Civ. 01-1980, 2004 WL 1879983, at *25.[2] For the same reasons the Court rejected Jeffrey Scherer's proffered expert opinion in connection with the motions for summary judgment, this Court should exclude those portions of Bloom's reports and proffered testimony comparing the *gestalt* or total look and feel of Rottlund's Villa II works and the Homestead Collection and Chateau Collection works, as they run counter to Federal Rule of Evidence 702.[3]

Contrary to Rules 104(a) and 702 of the Federal Rules of Evidence, the Eighth Circuit's decision in *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117 (8th Cir. 1987), and its progeny, and

---

[1] The R&R (Doc. 514) was published on Westlaw as *The Rottlund Co., Inc. v. Pinnacle Corp., et al.*, No. Civ. 01-1980, 2004 WL 1879983 (D. Minn. Aug. 20, 2004). The *Rottlund* decision is attached to the Affidavit of Philip R. Mahowald in Support of Plaintiff's Motion to Exclude Expert Testimony and Reports of Albert H. Bloom ("Mahowald Aff."), as <u>Exhibit A</u>. For the sake of consistency, Rottlund shall cite to the Westlaw decision.

[2] Although the R&R specifically addressed Scherer's proffered expert report and testimony only as to Rottlund's Villa II technical drawings, Magistrate Judge Nelson's analysis, findings and conclusions apply equally to Scherer's proffered testimony regarding Rottlund's Villa II architectural works. *See* Magistrate Judge Nelson's Report and Recommendation dated October 28, 2004 (Doc. 599) at 9 (noting that "Mr. Scherer did not explicitly confine his comments to just the architectural plans or to just the as-built structures [of the Villa II and Homestead Collection], when, opining, 'I too agree that these products have obvious superficial similarities.'") (quoting Scherer's Preliminary Expert Report dated August 15, 2003 at 30).

[3] Although the R&R specifically addressed proffered expert testimony only as to Rottlund's Villa II technical drawings, Magistrate Judge Nelson's analysis, findings and conclusions apply equally to Bloom's proffered testimony regarding Rottlund's Villa II architectural works.

this Court's decision in *CSM Investors, Inc. v. Everest Development, Ltd.*, 840 F. Supp. 1304 (D. Minn. 1994), certain portions of Bloom's Preliminary Expert Disclosure dated August 15, 2003 ("Bloom Prelim. Report")[4] and most of Bloom's Supplemental Expert Disclosure dated April 15, 2004 ("Bloom Supp. Report")[5] provide little more than Bloom's opinion as to whether the Homestead Collection and Chateau Collection works infringe the copyrights of Rottlund's Villa II works. (Mahowald Aff. Ex. B (Bloom Prelim. Report) at 16-19; Ex. C (Bloom Supp. Report) at 1-15.) However, as the Eighth Circuit held long ago in *Hartman*: "Although expert opinion evidence is admissible in connection with the first step of the substantial similarity analysis to show *similarity of ideas*, analytical dissection and expert opinion are not called for under the second step in which substantial *similarity of expression* is measured by a different standard—the response of the ordinary, reasonable person." *Hartman*, 833 F.2d at 120 (emphasis added); *see also Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989). Bloom's opinion testimony concerning whether there has been copyright infringement of Rottlund's Villa II technical drawings or Villa II architectural works is not admissible because he cannot assume the role of the fact finder.[6]

**LEGAL ARGUMENT**

**I. General Principles.**

A. Rules 104(a) and 702 of the Federal Rules of Evidence.

The proponent of proposed expert testimony bears the burden of demonstrating that the testimony is admissible. *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *1 (D. Minn. Mar. 8, 2003) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S.

---

[4] The Bloom Preliminary Report is attached to the Affidavit of Philip R. Mahowald as Exhibit B.
[5] The Bloom Supplemental Report is attached to the Affidavit of Philip R. Mahowald as Exhibit C.
[6] *See* 10/28/04 R&R at 8 (noting that the same substantial similarity analysis applies for both architectural drawings and as-built works) (citing *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1043 (8th Cir. 2003); *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 729 (8th Cir. 2002); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987)).

579, 592 & n.10 (1993); *Bourjaily v. U.S.*, 483 U.S. 171, 175-76 (1987); *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001)). Rule 104(a) provides that the court shall determine, as a preliminary question, the admissibility of expert testimony. Fed. R. Evid. 104(a) (2004); *EZ Dock*, 2003 WL 1610781, at *1 (barring expert Art Cobb's opinion on lost profits).

Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702. Courts evaluate the admissibility of expert testimony pursuant to Rule 702 for relevance and reliability. *Bonner v. ISP Technologies, Inc.*, 259 F.3d 924, 929 (8th Cir. 2001); *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 444 (8th Cir. 2001) (court must ensure expert opinions are relevant to the tasks at hand); *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir. 2000) (courts are afforded wide latitude and will only be reversed for abuse of discretion when they decide whether expert opinion testimony is relevant and admissible). The requirement that expert testimony assist the trier of fact to understand the evidence or determine a fact in issue is a relevancy requirement. *Bonner*, 259 F.3d at 929. If the proffered expert testimony will not assist the trier of fact to understand the evidence or determine a fact in issue it is not relevant and, therefore, is not admissible. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). BSB cannot demonstrate that Bloom's opinion testimony that the Homestead Collection and Chateau Collection works do not infringe the copyrights of Rottlund's Villa II works is admissible.

**II. Liability Expert Opinion Evidence May Be Permitted Only For The Limited Purpose Of Evaluating The Similarity Of The General Ideas Embodied In The Works At Issue In This Case.**

It is well established that copyright infringement may be proven by direct or circumstantial evidence of copying. *See e.g.*, *CSM Investors*, 840 F. Supp. at 1311 (citing *Hartman*, 833 F.2d at 120). Circumstantial evidence of copying exists where the defendant had access to the plaintiff's copyrighted work and there is substantial similarity between the works in question. *Id.* Access is shown by showing a reasonable possibility that the defendant had an "opportunity to view" the plaintiff's work. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978); *Arthur Rutenberg Corp. v. Parrino*, 664 F. Supp. 479, 481 (M.D. Fla. 1987). Substantial similarity is shown through a two part test. *CSM Investors*, 840 F. Supp. at 1311. First, under the extrinsic test, the general ideas embodied in the works are evaluated for similarity. *Id.*; *see also Nelson*, 873 F.2d at 1143 (holding that the extrinsic test is based merely on "such objective criteria as 'the type of artwork involved, the materials used, the subject matter, and the setting for the subject'").[7] Second, if the general ideas embodied in the works are similar, the expression of the general ideas are evaluated for similarity (the intrinsic test). *CSM Investors*, 840 F. Supp. at 1311. If the differences do not so outweigh the similarities such that the similarities are deemed inconsequential within the total context of the copyrighted work as a whole, substantial similarity exists. *Id.* at 1312.

In *Hartman*, the Eighth Circuit held that expert opinion testimony may be admissible in connection with the extrinsic test (evaluating the similarity of general ideas embodied in the works), but not in connection with the intrinsic test because the similarity of expression is assessed through the eyes of the ordinary, reasonable person. 833 F.2d at 120. This Court

[7] The *Nelson* court affirmed this Court's conclusion, reached after performing the intrinsic test, "that reasonable minds could not differ as to the absence of substantial similarity."

applied this well established precedent in *Schoolhouse, Inc. v. Anderson*, No. 99-1214, 2001 WL 1640081, at *4 (D. Minn. 2001), when it held that "[u]nder the first step, expert testimony <u>may be</u> relevant [but] [u]nder the second step, expert testimony is <u>not</u> relevant . . ." (emphasis added).[8] Thus, although expert opinion testimony may be admissible, expert opinion testimony is not required to assist the trier of fact to understand the evidence related to the similarity of general ideas embodied in the works in question. *See e.g.*, *CSM Investors*, 840 F. Supp. at 1311 (concluding, without relying upon any expert opinion testimony, that the general ideas embodied in the works at issue were substantially similar because both works embodied the idea of a rectangular office showroom for construction on a commercial site). *Hartman* and its progeny make it clear that expert opinion testimony on liability issues other than the general ideas embodied in the works in question is not relevant in copyright infringement cases like this one. In other words, *Hartman*, *Anderson*, and *CSM Investors* severely limit Bloom's latitude as a liability expert, and the opinions proffered in his expert reports go well beyond what is relevant to this case or helpful to the jury. Bloom may be permitted to testify only as to similarities in the general ideas embodied in the works in question. He may <u>not</u> testify as to the ultimate conclusion concerning copyright infringement.

Bloom concedes, as he must, that the general ideas embodied in the works in question (*i.e.*, the idea of a back-to-back, slab on grade town home for construction on residential sites is embodied in the works at issue) are substantially similar. (*See* Mahowald Aff. <u>Ex. D</u> (Transcript of Deposition of Albert H. Bloom, A.I.A. dated June 9, 2004 ("Bloom Dep.") at 6:20-7:5.) Under the well established law of the Eighth Circuit and this Court, Bloom's concession regarding the similarity of the ideas is the only portion of his proffered expert testimony

[8] Notably, this Court recognized: "[i]n the Eighth Circuit, if the district court is able to examine both works it has sufficient evidence upon which to grant summary judgment because the district court is capable of determining the intrinsic and extrinsic steps of the *Hartman* analysis." 2001 WL 1640081, *4 (citing *Nelson*, 873 F.2d at 1143).

admissible at trial. *Hartman*, 833 F.2d at 120; *Nelson*, 873 F.2d at 1143; *Schoolhouse*, 2001 WL 1640081, at *4. Accordingly, the Court should grant Rottlund's motion in limine and preclude Bloom from deviating from or going beyond this specific testimony in his Preliminary Report that the general ideas embodied in the works in question are substantially similar.

**III. Expert Opinion Evidence And Testimony Evaluating The Similarity Of Expression And Copyright Infringement Is Inadmissible.**

Bloom opines that the Villa II works and the Homestead Collection and Chateau Collection works "are not substantially similar." (Mahowald Aff. Ex. G (Bloom's Deposition Correction Sheet); Mahowald Aff Ex. H (Transcript of Deposition of Albert H. Bloom (Bloom Dep. Vol. II) 278:14-279:11 (changing previous answer that the total look and feel of the external elevation of the Homestead Collection was substantially similar to the total look and feel of the elevation of Rottlund's Villa II).) Nearly all of his Supplemental Report is a comparison of the expression of the design details in the Homestead Collection and Chateau Collection town homes against the Villa II town home. (Mahowald Aff. Ex. C.) However, those portions of Supplemental Report concerning substantial similarity of expression (copyright infringement) constitute inadmissible "expert" opinion testimony. *See e.g.*, *Nelson*, 873 F.2d at 1143; *Hartman*, 833 F.2d at 120; *Schoolhouse*, 2001 WL 1640081, at *4; *CSM Investors*, 840 F. Supp. at 1311-12; *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1300-01 (D.C. Cir. 2002) (recognizing that no federal circuit has been asked to permit expert evidence on the issue of copyright infringement by virtue of substantial similarity).

A. Bloom's Opinions Concerning Similarity of Expression Are Not Relevant.

After conceding the general ideas embodied in the works in question are similar, Bloom compares the expression of these ideas by dissecting the individual elements from the total look and feel or gestalt of the works. (*See* Mahowald Aff. Ex. C.) However, as discussed above,

Bloom is not permitted to offer any opinions concerning the expression of ideas because substantial similarity of expression is measured by the response of the ordinary, reasonable person. *Hartman*, 833 F.2d at 120. Thus, Bloom's opinions concerning the expression of ideas are neither relevant nor helpful. Moreover, to evaluate substantial similarity of expression, dissection of individual elements from the total concept and feel or gestalt of the works is not permitted. *Id.*; *Nelson*, 873 F.2d at 1143; *CSM Investors*, 840 F. Supp. at 1311-12. Accordingly, the ordinary, reasonable person, without any assistance from experts, evaluates whether the total look and feel of the expression of the two back-to-back, slab on grade town homes is substantially similar. *Id.*

In *Sturdza*, the Court of Appeals for the District of Columbia recognized that "the use of expert testimony in copyright cases has received widespread judicial attention" and held that it is well established that expert testimony is <u>not</u> permitted to determine substantial similarity (copyright infringement). 281 F.3d at 1300. The *Sturdza* court faced an architectural works copyright infringement dispute. The court first recognized that there is a growing trend to permit expert testimony regarding substantial similarity in copyright infringement cases involving computer programs because of the complexity of the issues surrounding the technology. *Id.* The court also recognized that one court has permitted expert testimony on substantial similarity in a case involving a "highly specialized musical arrangement." *Id.* (citing *Dawson v. Hinshaw Music Inc.*, 905 F.2d 731, 736-38 (4th Cir. 1990)). However, the *Sturdza* court correctly recognized that neither it "nor any other circuit . . . has considered whether expert evidence is admissible to show substantial similarity of architectural works, nor has any circuit other than the Fourth approved the use of such evidence outside the computer program context." *Id.* at 1300-01.

This Court previously decided that the issue of substantial similarity of architectural designs is not so highly specialized as to require expert testimony to assist the trier of fact to understand the evidence or determine substantial similarity. *CSM Investors*, 840 F. Supp. at 1311-12 (granting summary judgment on the issue of substantial similarity without relying upon expert testimony). The Eighth Circuit also decided that the substantial similarity of architectural designs is not so complex an issue as to require expert testimony. *See e.g.*, *Nucor Corp. v. Tenn. Forging Steel Serv., Inc.*, 476 F.2d 386, 391 (8th Cir. 1973) (reversing, without relying upon expert testimony, district court's conclusion that substantial similarities in architectural designs did not exist). Likewise, courts throughout the federal judiciary agree that architectural copyright infringement cases are not so complex or highly specialized as to require expert testimony to assist the trier of fact to understand the evidence concerning substantial similarity, including courts in the Fourth Circuit. *See e.g.*, *John G. Danielson, Inc. v. Winchester-Conant Props., Inc.*, 186 F. Supp.2d 1, 13-14 (D. Mass. 2002); *Nelson-Salabes, Inc. v. Morningside Holdings, L.L.C.*, No. Civ. B-98-2226, 2001 WL 419002, at *3-4 (D. Md. 2001), *aff'd in part, vacated in part on other grounds sub nom. Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505 (4th Cir. 2002); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1566-68 (M.D. Fla. Mar. 9, 1995); *Richmond Homes Mgmt., Inc. v. Raintree, Inc.*, No. Civ. A. 93-0047, 1994 WL 98922, at *5 (W.D. Va. Mar. 9, 1994). It is well established that expert testimony concerning substantial similarity (copyright infringement) is irrelevant and inadmissible. The Court should, therefore, exclude Bloom's opinions regarding substantial similarity and copyright infringement.

## IV. Bloom's Opinion Testimony That BSB Independently Created the Homestead Collection Must Be Excluded Because He Improperly Redefines And Misdefines The Binding Legal Definition Of Independent Creation.

Expert opinion testimony that purports to explain or define the legal meaning of a term is not admissible. *Ways v. City of Lincoln*, 206 F. Supp. 2d 978, 991 (D. Neb. 2002); *EZ Dock*, 2003 WL 1610781, at *7 & *10 (expert opinions on issues of law are not proper subjects of expert opinion testimony because it is the court's duty to instruct the trier of fact on the applicable principles of law). While much of Bloom's proffered opinion merely discusses a design process in general terms and BSB's alleged design process more specifically, (*see* Mahowald Aff. Ex. B (Bloom Prelim. Report) at 4-8), he steps over the line from independent expert to paid advocate when he offers his conclusory opinion that defendants created the Homestead Collection "independently and without copying Rottlund's design" (*Id.* at 25-25 (conclusions numbered 6 and 7).) *See U.S. v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993) ("Opinions that are 'phrased in terms of inadequately explored legal criteria' or that 'merely tell the jury what result to reach' are not deemed helpful to the jury,' and thus, are not admissible under Rule 702") (quoting Fed. R. Evid. 704 advisory committee note); *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988) (expert opinion lacking objective factual support cannot help jury and thus is inadmissible under Rule 702); *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) ("Because the judge and not a witness is to instruct the factfinder on the applicable principles of law, exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning.") (citations omitted); *Torres v. County of Oakland*, 758 F.2d 147, 150-51 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witnesses' unexpressed, and perhaps erroneous, legal standards to the jury."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (question asking for legal conclusion supplies fact finder with no information other than what witness

believes verdict should be); *Marx*, 550 F.2d at 508-09 (holding that admission of testimony of securities law expert was an error of law and highly prejudicial). Accordingly, Bloom's conclusory opinions that defendants independently created the Homestead Collection without copying Rottlund are not relevant and are not admissible. *See Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 511 (2d Cir. 1977) (stating that court's must exclude such irrelevant testimony to prevent trials before juries to become "battles of paid advocates posing as experts"); *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 943 F. Supp. 201, 217 (E.D.N.Y. 1996), *vacated on other grounds*, 95 F.3d 1165 (Fed. Cir. 1996) (criticizing expert witness who regards his function "to champion the cause of the party who retains him").

**V. Testimony Regarding "Standard" Town Home Products Should Be Excluded.**

Rottlund seeks to preclude Bloom opining about a "standard" town home or "standard feature total look and feel." (*See* Mahowald Aff. Ex. E (Bloom Dep.) at 189:1-191:10; Ex. H (Bloom Dep. Vol. II) at 282:2-283:24.) Expert testimony regarding other "standard" town homes or "standard feature total look and feel" town homes should be excluded because it would mislead the jury regarding the well-established legal standards for originality and independent creation. Bloom's Preliminary Report identifies several apartments and town home products that he claims may contain similar design characteristics to the town home products at issue in this case. (Mahowald Aff. Ex. B (Bloom Prelim. Report) at 2-4.) However, BSB architect Larry Moore expressly denied that he derived any ideas from the Sandburg Village, Kimball Hill, Hemphill at Adare Farm, Coventry Court or Streamwood designs referenced by Bloom in his Preliminary Report. (Mahowald Aff., Ex. F (Transcript of Deposition of Larry Moore dated September 4, 2003) at 12:14-15:20.) Therefore, Bloom's testimony should be confined to the town homes at issue in this case—the Villa, Midland, Jerry's Homes, Good Value, Homestead Collection and Chateau Collection town homes.

In addition, the Court rejected the Defendants' claims that Rottlund does not own valid copyrights because its architectural designs are unoriginal and granted Rottlund summary judgment that it owns valid copyrights protecting the "'form … [,] arrangement and composition of spaces and elements in [building] design . . . .'"[9] (Order, 10/19/04, pp. 2-3.) Thus, Rottlund has satisfied the first element of the two-part infringement test.[10] As a result, the Court should exclude any testimony by Bloom regarding any back-to-back town homes that are not at issue in this case because such evidence is not relevant to the remaining question of whether the Defendants copied Rottlund's copyrighted works. Stated differently, because the Court resolved originality questions in Rottlund's favor, evidence and references concerning the Defendants' claims of unoriginality, including evidence of and references to back-to-back town homes that are not at issue here, are not relevant and should be excluded.

The Court should also exclude all evidence and references related to any back-to-back town homes that are not at issue in this case because the law of the case is that Rottlund owns valid copyrights covering the works at issue here. *Engineered Products Co. v. Donaldson Co.,*

---

[9] The Copyright Act protects Rottlund's designs as both technical drawings and architectural works. 17 U.S.C. §§ 102(a)(5) and (a)(8) (2004). Section 102(a)(8) of the Copyright Act protects Rottlund's designs and as-built structures as architectural works. Section 102(a)(5) of the Copyright Act protects Rottlund's designs as technical drawings. The Court has concluded that its legal analysis concerning Rottlund's Villa generation (Original Villa, New Villa and Villa II) designs protected by technical drawing copyright registrations "nearly compels granting of summary judgment in Rottlund's favor of ownership and validity of the *architectural works copyrights* as well . . .." (R&R, 8/20/04, p. 28, adopted in its entirety by Order, 8/19/04) (emphasis in original). Although the R&R specifically addressed the Town & Country Defendants' liability expert Jeffrey Scherer's proffered expert report and testimony only as to Rottlund's Villa II technical drawings, Magistrate Judge Nelson's analysis, findings and conclusions apply equally to Scherer's proffered testimony regarding Rottlund's Villa II architectural works. *See* Magistrate Judge Nelson's Report and Recommendation dated October 28, 2004 (Doc. 599) at 9 (noting that "Mr. Scherer did not explicitly confine his comments to just the architectural plans or to just the as-built structures [of the Villa II and Homestead Collection], when, opining, 'I too agree that these products have obvious superficial similarities.'") (quoting Scherer's Preliminary Expert Report dated August 15, 2003 at 30). *See* 10/28/04 R&R at 8 (noting that the same substantial similarity analysis applies for both architectural drawings and as-built works) (citing *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1043 (8th Cir. 2003); *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 729 (8th Cir. 2002); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987)). As was the case with Scherer, Bloom has also not confined his comments to just architectural plans or to just the as-built structures of the Villa II, Homestead Collection or Chateau Collection.

[10] Rottlund has also satisfied most of the requirements necessary to establish the second element of the infringement test. (Order, 8/20/04.)

*Inc.*, 313 F. Supp. 2d 951, 992 (N.D. Iowa 2004) (summary judgment ruling regarding some of the defendant's defenses were determined as a matter of law and became the law of the case). When it established this fact as the law of the case, the Court disposed of the Defendants' claims that Rottlund's copyrighted works are invalid because they are unoriginal. *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003) (granting motion to exclude evidence of defendant's patent exhaustion defense because the Court disposed of the defense in its summary judgment ruling). Thus, evidence of back-to-back town homes that are not at issue in this case is not relevant because it has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . .." Fed. R. Evid 401. Stated differently, because the Court found that no genuine issues of material fact exist concerning the originality of Rottlund's copyrighted works at issue here, all evidence of and references to back-to-back town homes that are not at issue in this case become irrelevant to the determination of the claims that will be presented to the jury; thus, it is not admissible. F.R.E. 402 ("Evidence which is not relevant is not admissible."); *see also Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 395 (N.D. Iowa 1998) (agreeing with the defendant's decision not to object to the exclusion of references to parties' claims that were disposed of through summary judgment because such evidence is not relevant); *EZ Dock*, 2003 WL 1610781, *12 (granting motion in limine to preclude defendants from offering evidence and argument that would contradict the Court's claim construction because the Court previously established the law of the case through its claim construction order). The Defendants should not be permitted to relitigate the originality of Rottlund's copyrighted works in light of the law of this case. *KPERS v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.,* 114 F.3d 679, 687 (8th Cir. 1997) ("The law of the case doctrine precludes the relitigation of a settled issue in the

case and requires courts to adhere to decisions made in earlier proceedings."); *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

## VI. BLOOM'S ERRATA SHEET AND CHANGED TESTIMONY MATERIALLY ALTER DEPOSITION TESTIMONY AND, THEREFORE, SHOULD BE EXCLUDED AT TRIAL.

The errata sheet submitted on behalf of Bloom contains purported "clarifications" that are really material alterations of his deposition testimony. Specifically, Bloom uses the Deposition Correction Sheet and later deposition testimony to change his previous testimony that the total look and feel of the external elevation of the Homestead Collection was substantially similar to the total look and feel of the elevation of Rottlund's Villa II to state that the Villa II works and the Homestead Collection and Chateau Collection works "are not substantially similar." (*Compare* Mahowald Aff. Ex. E at 57:20-58:5 *with* Mahowald Aff. Ex. G (Bloom's Deposition Correction Sheet) and Mahowald Aff Ex. H (Transcript of Deposition of Albert H. Bloom (Bloom Dep. Vol. II) 278:14-279:11.) These purported clarifications materially change testimony and should therefore be stricken.

An errata sheet may be stricken when the deponent was merely attempting to clarify his deposition testimony. *Workman v. Chinchinian*, 807 F. Supp. 634, 645 (E.D. Wash. 1992). (court refused to allow deponent to use correction sheet as a prior consistent statement); *see also*, *Brooks v. City of Turlock*, 1993 WL 540281, at* 2 (9th Cir, Dec. 30, 1993) (striking proposed corrections because the deponent substantially revised his deposition testimony in an obvious effort to salvage his claims and create a genuine issue of material fact).

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error … or a formal error … then corrections by the deponent would be in order. *The Rule cannot be interpreted to allow one to alter what was said under oath.* If that were the case, one would merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from

> interrogatories in that regard. *A deposition is not a take home examination.*

*Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) (granting motion to strike proposed changes to deposition testimony). Substantive alterations to deposition testimony "sabotage the deposition process." *Barlow v. Esselte Pendaflex Corp.*, 111 F.R.D. 404, 406 (M.D.N.C. 1986). *See also S.E.C. v. Parkersburg Wireless LLC*, 156 F.R.D. 529, 535 (D.D.C. 1994) ("defendant . . . argues that Rule 30(e) allows her to make any substantive changes she desires. While older cases appear to support this position, later cases have often limited this blank check; perhaps because of the potential for abuse.") (citing *Greenway*, 144 F.R.D. at 325; *Rios v. Bigler*, 847 F. Supp. 1538, 1556 (D. Kan. 1994)). Deposition testimony that was clear and unqualified cannot subsequently be corrected. *Rios v. Bigler*, 847 F. Supp. 1538, 1547 *aff'd*, 67 F.3d 1543, 1552 (10th Cir. 1995).

The "clarifications" in the Deposition Correction Sheet submitted by Bloom is a material alteration of his prior testimony. Bloom has directly impeached himself, and he ought not be allowed to conceal that impeachment from the jury by abusing the right to correct minor transcript errors. Accordingly, his Deposition Correction Sheet should be stricken and excluded from trial

**CONCLUSION**

For the foregoing reasons, the Court should grant Rottlund's motion in limine and exclude any testimony or other evidence from BSB's expert Albert H. Bloom regarding originality, independent creation, "standard" town homes, or the intrinsic test – the particular

expression of the ideas which is evaluated by the trier of fact by comparing the total look and feel of how the drawings and buildings selected, arranged, and coordinated the elements.

Dated: November 1, 2004

**s/Philip R. Mahowald**
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2154819v1