UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF *THE OAKS* LITIGATION** |

## INTRODUCTION

The Defendants intend to argue that Rottlund is a "litigation happy" company that is more interested in suing its competition than it is in building homes, and they want to introduce evidence of *The Oaks* litigation[1] to further this baseless argument. They should be precluded from doing so.

Not only are the facts of *The Oaks* litigation inapposite, but procedurally the case is inapposite because it settled shortly after a preliminary injunction motion and there was never a determination on the merits of the case. Any factual findings with respect to the preliminary injunction are not binding on any subsequent fact finder. Trying to use a ruling related to a preliminary injunction, for any purpose in this case would confuse the jury because of the heightened burden of proof associated with preliminary injunction motions. In addition, the prejudice that Rottlund will suffer by the admission of such evidence heavily outweighs any alleged relevance that *The Oaks* litigation may have to the instant matter. Thus, litigation such as *The Oaks* is routinely excluded from jury trials. It should be excluded here.

## FACTUAL BACKGROUND

Rottlund sued The Oaks Development Company for copyright infringement in federal court in Iowa in October 1998. Rottlund alleged that The Oaks Development Company infringed on Rottlund's copyrighted townhomes. The Court issued a Protective Order. (*See* Affidavit of David A. Davenport in Support of Motion in Limine to Exclude Evidence of *The Oaks* Litigation ("Davenport Aff."), Ex. A.) Paragraph 3(e) of the Protective Order provides that:

---

[1] "*The Oaks* litigation" refers to *Rottlund Homes, Inc. and Rottlund Homes of Iowa, Inc. v. The Oaks Dev. Co., et al.,* Civ. No. 4-98-CV-10574, filed in the United States District Court for the Southern District of Iowa Central Division.

> [a]bsent any specific order from the Court regarding the use of confidential documents in connection with any motion in this case or trial of this case, any documents available for public viewing containing copies of one or more of the confidential documents or any information therefrom, including but not limited to portions of briefs or deposition transcripts, shall have such copies or information redacted, and a copy of this Protective Order shall be attached thereto. With respect to any documents filed with this Court, it shall be the responsibility of the party submitting the documents to the Court to provide the Judge with copies without such redactions. In the alternative, the party submitting such documents may file them under seal with instruction to the Clerk that such documents may file them under seal with instruction to the clerk that such documents are being submitted pursuant to this Protective Order.

(*Id.*)

Rottlund filed an amended complaint in *The Oaks* litigation on March 26, 1999. Shortly thereafter, Rottlund brought a preliminary injunction motion. The court denied the preliminary injunction. Thereafter, the case settled. (Davenport Aff., Ex. B at 258:11-17.)

This Court denied the Defendants' motion to compel a response to overbroad discovery requests seeking information related to *The Oaks* litigation (Order, 3/14/03 at 12.) In support of their motion, the Defendants provided the Court with an ellipses citation to a portion of the testimony Rottlund's in-house architect (Tim Whitten) gave during the preliminary injunction hearing in *The Oaks* litigation and argued the testimony undermined Rottlund's claims here. However, the Court found that Mr. Whitten's complete testimony did not undermine Rottlund's claims in this case, and, therefore, discovery concerning *The Oaks* litigation was held to be not relevant. (*Id.*)

Later, the Court allowed limited discovery of *The Oaks* litigation. (Davenport Aff., Ex. C at 155:15-25.) Rottlund was ordered to produce "copies of all pleadings in *Oaks*, copies of all testimony and any relevant documents." (*Id.*) The Court granted the Defendants a Rule 30(b)(6) deposition concerning *The Oaks* litigation. (*Id.* at 156:2-5.) Although the Court allowed the Defendants' limited discovery, it acknowledged that the procedural posture of *The Oaks*

litigation should impact its admissibility at a summary judgment hearing or trial in this case because *The Oaks* litigation only involved a preliminary injunction motion and was settled shortly thereafter. (*See id.* at 155:3-14.)

## ARGUMENT

### I. EVIDENCE OF ROTTLUND'S PRIOR LITIGATION IS NOT PROBATIVE OF ANY FACT OF CONSEQUENCE TO THIS CASE AND IS BARRED BY RULE 404(B).

The Defendants have indicated that they intend to offer Rottlund's prior litigation in *The Oaks* to show that Rottlund is "in the business" of litigating for profit or to stifle competition. However, the Defendants should be barred from making such arguments and introducing such evidence because they are wrong and entirely irrelevant. This Court has already ruled in favor of Rottlund on many of the liability issues in this case, and has conclusively determined that Rottlunds' copyright infringement claims are well grounded in fact and law. Therefore, there is no justification for allowing the Defendants to argue or intimate that Rottlund's case is simply a baseless claim filed by an overly litigious plaintiff attempting to "hold up" a competitor.

#### A. The Court's Findings In *The Oaks* Litigation Are Irrelevant.

Findings made by a court in connection with a temporary injunction are not binding on the ultimate finder of fact, usually a jury, at trial. *See Hubbard Feeds Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999); *Henderson v. Bodine Aluminum Inc.*, 70 F.3d 958, 962 (8th Cir. 1995); Fed. R. Civ. P. 65(a)(2);[2] Ia. Rules of Ct. 65(a)(2). Indeed,

---

[2] Both the Fed. R. Civ. P. 65(a)(2) and Iowa's Rule of Court 65(a)(2) provide:

> [A]ny evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. *This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.*

*Id.* (emphasis added.)

"adjudication of a motion for a preliminary injunction is not a decision on the merits of the underlying case." *Hubbard*, 182 F.3d at 603.

Here, the preliminary findings in *The Oaks* were the result of an injunction hearing and would not have had any binding affect on the jury in *The Oaks* case. A fortiori, such findings are irrelevant in the instant case where there, among other things, are different parties and different facts. Simply stated, preliminary, non-binding findings from a case in Iowa can have no binding affect on the jury here and they are not relevant.

**II. BASELESS ALLEGATIONS THAT ROTTLUND IS LITIGIOUS ARE INAPPROPRIATE AND INADMISSIBLE CHARACTER EVIDENCE.**

Federal Rule of Evidence 404(b) creates an irrebuttable presumption that character evidence, such as that which the Defendants seek to introduce with their argument related to *The Oaks* litigation, is irrelevant. While the Defendants may argue that they are offering Rottlund's prior litigation as evidence of Rottlund's intent or state of mind, courts have little difficulty seeing through such claims to the "real purpose" of such evidence, which is to show the plaintiff acted in conformity with the alleged character trait in the case at hand. *Union Carbide Corp. v. Montell N.V.,* 28 F.Supp.2d 833, 838-39 (S.D.N.Y. 1998); *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1227-28 (10th Cir. 2000); *Outley v. New York*, 837 F.2d 587, 593 (2d Cir. 1988). It is precisely this type of evidence of a plaintiff's alleged "litigious character" that Rule 404(b) was intended to exclude. *See Koch v. Koch Indus.,* 2 F.Supp.2d 1385, 1392 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000); *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (excluding evidence of prior litigation).

Here, the Court should preclude the Defendants from introducing evidence of *The Oaks* litigation in order to argue that Rottlund is litigious. *Union Carbide*, Fed. R. Evid. 404(b). This is an improper attack on Rottlund's character and should be precluded.

## III. THE COURT'S ORDER IN *THE OAKS* LITIGATION IS INADMISSIBLE HEARSAY.

It is well settled that a judge's order in another case is inadmissible hearsay. *Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) (excluding admission of prior judgments on findings of fact under 802); *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001); *United States v. Jones,* 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (vacating judgment based on improper admission of judicial findings of fact in a different case and remanding for a new trial); *United States Football League v. National Football League*, 842 F.2d 1335, 1373 (2nd Cir. 1988); *Rambus, Inc. v. Infineon Tech. AG*, 222 F.R.D. 101, 109-11 (E.D. Va. 2004) (patent case – granting motion in limine to exclude opinion of judge from another case).

The hearsay exception for public records, Fed. R. Evid. 803 (8)(c), does not apply to judicial findings of fact or orders. *Nipper*, 7 F.3d at 417; *see Herrick*, 298 F.3d at 1192; *Jones,* 29 F.3d at 1554; *United States Football League,* 842 F.2d at 1373. At common law, even a judgment from another case would not be admitted. *Nipper*, 7 F.3d at 417; *Jones*, 29 F.3d at 1554.

Here, the Court's Order in *The Oaks* is hearsay and the public record exception does not apply. Accordingly, this Court should exclude the Order from admission at trial.

## IV. EVIDENCE OF ROTTLUND'S PRIOR LITIGATION SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE IT IS UNFAIRLY PREJUDICIAL, CONFUSES THE ISSUES, AND WILL WASTE TIME.

Courts often justify the exclusion of a plaintiff's prior litigation by citing the substantial dangers of unfair prejudice, confusion of the issues, and waste of time. *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 (1st Cir. 1998); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989); *United States Football League,* 842 F.2d at 1373;

*Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986); *Rambus,* 222 F.R.D. at 109-111.[3] Indeed, Federal Rule of Evidence 403 specifically prohibits the admission of evidence for which the probative value is substantially outweighed by the risk of unfair prejudice, jury confusion, delay, or waste of time. *See* Fed. R. of Evid. 403.

Rule 403 does not allow evidence to be admitted which will prejudice the case and confuse the jury through the proliferation of testimony and evidence related to actions in an unrelated lawsuit, which was disposed of shortly after a preliminary injunction hearing and without the benefits of full written discovery, depositions, or expert reports. Exclusion is especially appropriate here because the relevance, if any, is tenuous at best. *See* Sec. I A. *supra* at 4.

**A. Evidence Of *The Oaks* Litigation Would Be Unfairly Prejudicial.**

Rule 403 precludes unduly prejudicial information which ". . . would influence the jury to decide the case on an improper basis." *Cummings v. Malone*, 995 F.2d 817, 824 (8th Cir. 1993); *see Rambus* at 110.

**1. Evidence of prior litigation to show litigiousness is improper and inadmissible.**

Courts are virtually unanimous in holding that evidence of a plaintiff's prior litigation, offered to prove that it is a "chronic litigant" or a "claims-minded-plaintiff," should be excluded under Federal Rules of Evidence 403. 1 *McCormick on Evidence* § 196 at 692 (5th ed. 1999) ("[I]f the evidence is merely that the plaintiff is a chronic litigant with respect to all sorts of claims, the courts consider the slight probative value overborne by the countervailing factors.

[3] *The Oaks* litigation is also not admissible for impeachment purposes (if there were such a basis), because any remote probative value regarding a witnesses' alleged bias or interest is substantially outweighed by dangers of unfair prejudice, confusion of issues, and waste of time. *See LeBoeuf v. K-Mart Corp.*, 888 F.2d 330-34 (5th Cir. 1989) (prejudice of cross-examination questions concerning whether a judgment in favor of employer would increase employee-witnesses' bonus outweighs slight possibility of bias or interest).

This evidence they usually exclude."); *see also Union Carbide Corp.*, 28 F.Supp.2d at 838-39; *Eng*, 146 F.R.D. at 79; *see, e.g., Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*, 555 F.Supp. 824, 825 (D. Md. 1983) (excluding reference to prior litigation and explaining that institution of lawsuit and subsequent dropping of case was not relevant to suit currently at issue).

"The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged . . ." *Outley,* 837 F.2d at 592; *see Eng*, 146 F.R.D. at 79; *see, e.g., Costantino v. David M. Herzog*, 203 F.3d 164, 176 (2d Cir. 2000). For these reasons, courts do not allow parties to mention a plaintiff's litigation history "unless the previous claims made by the party are shown to be fraudulent." *Id.; Hemphill v. WMATA*, 982 F.2d 572, 575 (D.C. Cir. 1993) (Bader Ginsburg, concurring); 1 *McCormick on Evidence* § 196 at 691 (5th ed. 1999); *see Union Carbide Corp.,* 28 F. Supp.2d at 838-39.

Because the Defendants cannot make the preliminary showing that Rottlund's prior claims were made fraudulently, the mention of those claims should be excluded from trial, including in opening statements. *Outley*, 837 F.2d at 592 ("[T]he serious impact of a charge of litigiousness, and the responsibility of the trial judge to guard against it, remain the same when the accusation is made in the opening statement").

**2. Admission of a ruling in a prior case is especially prejudicial because juries give such ruling undue weight.**

It is appropriate to exclude a Court's opinion in other litigation under Rule 403 "because judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice'." *Nipper*, 7 F.3d at 418 (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus.,* 505 F.Supp. 1125, 1186 (E.D. Pa. 1980)); *see Herrick,* 298 F.3d at 1192 ("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has been

stamped upon them by judicial systems"); *United States Steel, LLC*, 261 F.3d at 1287-88; *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994); *United States v. Jones*, 29 F.3d at 1554. "For example, findings of fact in a prior judgment could result because of default and by an opposing party, stipulations between the parties, or a strategic choice by a party to not contest certain factual claims." *Herrick*, 298 F.3d at 1192.

In *CPC International*, the plaintiff brought a motion to exclude judicial decisions in two previous suits. 144 F.3d at 44. The court "assumed" that the evidence was at least somewhat relevant as there were analogous events – contamination – and analyzed the motion under Rule 403. *Id.* at 45. The defendant "sought to introduce evidence in the form of judicial decisions that two other courts had made findings that other [of plaintiff's] operations had contaminated groundwater." *Id.* Exclusion was appropriate under Rule 403. *Id.* The court further explained that it was especially problematic when there is "focus[ ] on judicial findings in other cases." *Id.* "[Defendant] would have to produce evidence perfecting the analogy of the other sites and chemicals to the ones at issue in this trial." *Id.* That "would have led . . . 'to a replay of the litigation of those other two cases'." *Id.* "And that, in turn, could have misled the jury and certainly would have caused delay." *Id.*

Here, as in *Nipper* and *CPC*, Rottlund would be extremely prejudiced if the jury were to give the Court's order in *The Oaks* any weight in this case. *The Oaks* litigation was resolved shortly after a preliminary injunction. The standard for granting a preliminary injunction is very different than at trial and has no bearing on the instructions the Court will give to the jury here. The facts in *The Oaks* litigation have no bearing on whether the Defendants infringed Rottlund's copyrights.

### 3. A case that settled shortly after a preliminary injunction hearing with a different legal standard, is irrelevant.

When prior cases are settled prior to the verdict, their admission is especially prejudicial because cases are settled through negotiations, not findings of fact. *See Kinan*, 876 F.2d at 1034 ("[t]he considerations leading to a settlement are many and varied; at times they have little to do with the basic facts of a case"); *see, e.g., Metrix Warehouse, Inc.,* 555 F.Supp. at 825 (excluding evidence of consent decree from prior litigation). Whatever "remote relevancy" such evidence may have is outweighed by the potential prejudice, and should therefore be excluded. *Id*. at 1034-1035.

Here, the Defendants seek to introduce a preliminary injunction ruling in a case that the parties' settled. As in *Kinan* and *Metrix Warehouses*, the settlement in *The Oaks* is based on any of a myriad of reasons. Admission of *The Oaks* litigation would be especially prejudicial; thus, it should not be admitted.

## B. Admission Of The Oaks Litigation Would Confuse The Issues And Waste Time.

Admission of prior litigation will confuse the issues and waste time. *Rambus Inc.*, 222 F.R.D. at 110 (granting motion in limine in patent case). "In order for a jury to properly consider [prior litigation], the particular details of each action, and the extent to which the bringing of each action was justified, must be before the jury. Opening up this area thus invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of issues . . ." *Outley,* 837 F.2d at 595. The merits of the previous cases necessarily "become inextricably intertwined with the case at bar," thereby confusing the jury and "consuming a great deal of unnecessary time." *Kinan*, 876 at 1034; *see CPC Int'l*, 144 F.3d at 45; *Mendenhall*, 5

F.3d at 1575 (possibility of jury confusion was very high if another judge's opinion is admitted);[4] *see also, Lanham*, 805 F.2d at 972. Indeed, such evidence would result in mini-trials about the other cases and positions taken in those cases. *United States Football League*, 842 F.2d at 1373.

This Court should not permit the Defendants interject the confusion of *The Oaks* litigation into this case. Such evidence will merely take up time and unnecessarily complicate the case. Accordingly, this Court should grant Rottlund's motion to preclude *The Oaks* litigation from being introduced into evidence.

## CONCLUSION

For the reasons stated above, Rottlund respectfully requests that this Court grant its motion to exclude evidence of *The Oaks* litigation.

Dated: November 1, 2004

s/David A. Davenport
Craig S. Krummen, #0259081
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
ckrummen@winthrop.com

2143397v1

[4] The *Mendenhall* Court did allow some reference to the existence of the litigation because the fact of the previous litigation was disclosed in the prosecution files of the patents which were of record. *Id.* at 1567. This does not apply here.