# Exhibit A

FILED
DES MOINES, IOWA
99 NOV 30 AM 10: 54
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROTTLUND HOMES, INC. and ROTTLUND HOMES OF IOWA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE OAKS DEVELOPMENT CO.,<br><br>Defendant. | No. 4-98-CV-~~40574~~ 10574<br><br>PROTECTIVE ORDER |

Pursuant to Fed.R.Civ.P. 26(c), for good cause shown:

IT IS HEREBY ORDERED:

1. Plaintiffs have requested documents and/or other information from Defendants which Defendants regard as proprietary or confidential.

2. Defendants have requested documents and/or other information from Plaintiffs which Plaintiffs regard as proprietary or confidential.

3. Without waiving their right or ability to object to any discovery request, the parties have agreed to enter into a stipulated protective order governing discovery in the above-captioned consolidated cases as follows:

a. Each party may designate as confidential or proprietary any documents which it believes is deserving of such designation. The designation will be made by each party preparing a matrix which includes a bate-stamped number identification on each page of any document claimed to be confidential or proprietary, a sufficient and adequate description of the document including the date of any document, the author and/or recipient and subject matter of the document or other similar descriptive details regarding

COPIES TO COUNSEL
MAILED ON 11/30/99
BY DL

Judges Copy to: C.F.B. Refer

01.

the document. The documents claimed as confidential or proprietary will then be stamped "confidential" and will be exchanged between the parties.

b. Only one copy of "confidential information" covered by this Order shall be made available to the respective parties' counsel for use by "qualified persons" solely for use in this litigation unless otherwise agreed to by the parties or ordered by this Court.

c. Thereafter, counsel for each party may prepare additional copies of the "confidential information" in accordance with this Order.

(1) as used in this Order, the term "confidential information" means information specifically designated by a party as confidential.

(2) as used in this Order, the term "qualified person" means, in addition to the Court, an individual who is:

(a) Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the confidential information be shown or the information know for purposes of this case;

(b) The parties in this case;

(c) A person retained to assist in this action, such as an independent expert or consultant who has agreed to the terms of this Order;

(d) Court reporter while in the performance of their official duties, provided that these person may retain confidential documents only as long as is necessary for the conduct of their duties in this case.

d. The confidential information shall not be disclosed to any person not identified as a "qualified person" as defined herein without the written consent of the opposing party or their counsel..

c. If the parties wish to make a disclosure not permitted by the preceding paragraph, counsel shall not disclose the confidential information without first obtaining the consent of opposing counsel. If opposing counsel is not agreeable to counsel's planned disclosure, counsel seeking disclosure may seek the approval of the Court to prior to such disclosing the confidential information provided that proper notice of such hearing before the Court is given to opposing counsel.

d. Before any proprietary or confidential documents are disclosed to any person other than counsel for the parties, that person first must be given a copy of this Protective Order and agree in writing to abide by all of its terms including, without limitation, the obligation set forth in paragraph f. below to return all originals and copies of the confidential documents in his or her possession, custody or control or at the option of the party to whom the information belongs, cause all such documents to be destroyed, upon conclusion of the litigation in this case.

e. Absent any specific order from the Court regarding the use of confidential documents in connection with any motion in this case or trial of this case, any documents available for public viewing containing copies of one or more of the confidential documents or any information therefrom, including but not limited to portions of briefs or deposition transcripts, shall have such copies or information redacted, and a copy of this Protective Order shall be attached thereto. With

respect to any documents filed with this Court, it shall be the responsibility of the party submitting the documents to the Court to provide the Judge with copies without such redactions. In the alternative, the party submitting such documents may file them under seal with instruction to the Clerk that such documents are being submitted pursuant to this Protective Order.

f. Upon conclusion of the litigation in this case, the parties and their counsel and any of the other qualified persons to whom confidential information has been disclosed, shall return all originals and copies of the confidential information in their possession, custody, or control, or at the option of the party to whom the confidential information belongs, cause all such documents to be destroyed. Without limiting the generality of the foregoing, the obligation of qualified persons to whom confidential information has been disclosed includes the obligation to irrevocably erase all images, compilations, copies, summaries, or abstracts of the confidential documents from computer storage or otherwise to irrevocably destroy such images, compilations, copies, summaries or abstracts of the confidential information. Upon the request of counsel for the parties, qualified person to whom confidential information has been disclosed shall certify that all original and copies of confidential information in their possession have been returned or destroyed and that all computer likenesses have been irrevocably erased or destroyed.

g. Any party may seek to modify, expand, cancel, or supersede this Order by stipulation of the parties or by motion on notice.

h. Nothing in this Order shall:

(1) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

(2) prejudice in any way the rights of a party to seek a Court determination of whether particular discovery materials or matters shall be produced, or if produced, whether such material should be subject to the terms of this Order, or

(3) prejudice in any way the rights of a party to apply to the Court for further Orders relating to any confidential documents or to protect the parties from undue annoyance, embarrassment, oppression, or undue burden or expense as contemplated by Fed.R.Civ.P. 26(c).

i. This Order does not purport to govern the handling of confidential discovery matter introduced at trial. Protection of such documents at trial is left to the further agreement of the parties and/or order of the Court.

j. The terms of this Order are subject to modification, extension, or limitation as may hereinafter be agreed to by all parties, or by order of the Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the terms of this Protective Order are granted and shall govern the production of confidential information by the parties.

SIGNED this 29 day of November, 1999.

Celeste Bremer

CELESTE F. BREMER, UNITED STATES
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

Original filed.

Clerk to mail copies to:

Brenda L. Myers #13438
1601 22nd St. Ste. 302
West Des Moines, IA 50266
ATTORNEY FOR PLAINTIFFS

Jeffrey L. Goodman
Pingel & Templer, P.C.
3737 Woodland Ave., Ste. 437
West Des Moines, IA 50266
ATTORNEY FOR DEFENDANT

S:\shardata\TDW\Oaks\P-Protective Order (Corrected).doc

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - -

The Rottlund Company, Inc.
d/b/a Rottlund Homes,
a Minnesota corporation,
Plaintiff,

vs. Case No. 01-CV-1980 (DSD/SRN)

Pinnacle Corporation
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc.,
a Minnesota Corporation,
Defendants,

and

Town & Country Homes, Inc.,
a Minnesota corporation,
Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster
Architects & Planners of Iowa,
Inc., an Iowa corporation,
Third-Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF STEPHEN W. THEIS
VOLUME II, Pages 184 - 325

(The following is the deposition of STEPHEN W. THEIS, taken pursuant to Notice of Taking Deposition, at the offices of Winthrop & Weinstine, P.A., Attorneys at Law, 225 South Sixth Street, Suite 3500, in the city of Minneapolis, state of Minnesota, commencing at approximately 9:14 o'clock a.m., April 16, 2004.)

Q. What you testified about.
A. I testified that there were -- that they were copied. I think the word I used at that time was Xeroxed.
Q. What was the basis for your testimony that they were Xeroxed?
A. The discussions from -- that we had with Christie Drake and some sketches that were supplied to us in discovery that looked like they were traced over or copied and then modified.
Q. How did the Oaks litigation end?
A. Out-of-court settlement.
Q. When?
A. After the injunction hearing, after the motion.
Q. After the judge's order on the injunction hearing?
A. Yes.
Q. What defenses were raised by the Oaks defendant in the Oaks litigation?
A. Which specific defendant are you talking about, John Kline? Randy Walters? Ted Gunhus?
Q. Do them one at a time. The first defendant was the Oaks Development Company; correct?
A. Are you asking for a specific response? Who are you talking about? There were half a dozen different

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Rottlund Company, Inc.,
dba Rottlund Homes,

Plaintiff,

vs. Case No. 01-1980

Pinnacle Corporation, dba
Town & Country Homes, et.al.,

Defendants.

---

THE HONORABLE SUSAN NELSON
United States Magistrate Judge

* * * *

TRANSCRIPT OF PROCEEDINGS

* * * *

Date: December 4, 2003
Reporter: Leslie R. Pingley

NEIL K. JOHNSON REPORTING AGENCY

similarity, I mean gestalt, makes them substantially similar.

The way the procedural posture impacts that is what affect a decision in a preliminary injunction might have or how one might have interpreted it because it gets different than, for instance, what will be before this court before summary judgment, but that's irrelevant to the discovery issues, so I am going to grant defendant's request and we're going to do it this way, we're going to phase it.

First of all, I am going to Rottlund to provide copies of all the pleadings in Oaks and Rogers, copies of all the testimony and any documents need to be produced if they have been withheld on the grounds of the protective orders in those cases, so any relevant documents that were withheld under the understanding that there were protective orders protecting them they now need to be produced.

After those documents are produced I'm going to ask Rottlund to identify a 30(b)(6) witness on Oaks and Rogers who will prepare himself or herself on those cases and suggest that the way to proceed here would be to have the defendants take that 30(b)(6) and then if that's not satisfactory then we can talk about other folks testifying, but that seems like the most efficient and sensible way to approach it at this point, so I am not precluding your opportunity to come back and argue you still need the other two folks, whomever it is, but you should by way of a 30(b)(6) get everything you're looking for.

Now, I'm going to ask Rottlund how long they think it would be reasonable for the first phase, that is the document phase, to be completed?

MR. KRUMMEN: Your Honor, I'm not trying to drag this out. I just as soon get on with it, but I have two issues, one is I am working with Iowa