WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

September 30, 2004

Craig S. Krummen
(612) 604-6717 (direct phone)
(612) 604-6806 (direct fax)
ckrummen@winthrop.com

**HAND DELIVERED**

The Honorable David S. Doty
United States District Court Judge
United States Courthouse
300 South Fourth Street, Suite 14W
Minneapolis, MN 55415

**Re:** Court File No. 01-CV-1980 (DSD/SRN) / Our File No. 10150-3
***The Rottlund Company, Inc. v. Pinnacle Corporation, et al.***

Dear Judge Doty:

We respectfully submit this letter on behalf of The Rottlund Company, Inc. ("Rottlund"), in response to Your Honor's request that the parties apprise the Court of pre-trial issues that they believe should be addressed prior to the November 15, 2004 trial date.

We respectfully request that Your Honor conduct a Rule 16 Conference prior to trial to address the following matters: (1) the Defendants' common interests in this case; (2) length of trial and order of cases-in-chief; (3) Local Rule 39.1, motions *in limine*, exhibit and witness lists and order of witnesses; (4) exchange of exhibits to be used in opening statements; (5) peremptory challenges and cross-examination; and (6) the Protective Order.

## I. The Defendants' Common Interests.

There are four Defendants in this matter:

(1) Pinnacle Corp. d/b/a Town & Country Homes ("Town & Country Illinois");
(2) Town & Country Homes, Inc. ("Town & Country Minnesota");
(3) Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB"); and
(4) Bloodgood Group, Inc. ("BGI").

Town & Country Illinois and Town & Country Minnesota (the "Town & Country Defendants") were initially represented by the same law firm, but retained a second law firm approximately six months after this case began. BSB and BGI (the "Bloodgood Defendants") have always been represented by the same law firm. All four defendants are parties to a joint defense agreement which they used throughout this lawsuit to "pool individual work product and cooperate in a common defense effort". (Ex. A, ¶ 5.)

EXHIBIT
A

## II. Length Of Trial And Order Of Cases-In-Chief.

November 15, 2004 is the date certain for a jury trial in this matter. The current Scheduling Order estimates a fifteen day trial. Rottlund anticipates that it will need approximately two weeks for its case-in-chief, and it believes the fifteen day estimate for the length of trial is a very good approximation for all parties to present their cases. Rottlund understands that Fridays are not trial days, and that this trial will run through the Thanksgiving holiday; thus, Rottlund believes that the jury will likely be charged during the week of December 13, 2004.

Rottlund believes that Defendant Town & Country Minnesota should present its case second, as it has counterclaims against Rottlund, and it also has third-party plaintiff claims against Defendant BSB. Rottlund believes the remaining Defendants should apprise the Court of the order in which they intend to present their respective cases.

## III. Local Rule 39.1 And A Pre-trial Hearing For Motions *In Limine.*

Local Rule 39.1 requires the parties in this case to file and serve motions *in limine*, exhibit lists, and witness lists at least ten days before November 15, 2004. L.R. 39.1(b)(1)(B), (C) and (E) (2004). Rottlund's suggestions regarding these matters are explained below.

### A. Motions *In Limine*

Rottlund anticipates that the four Joint Defendants in this case will file numerous motions *in limine.* According to Local Rule 39.1, Rottlund and the Court will receive these motions ten business days before trial begins. In an effort to provide Rottlund and the Court with an opportunity to fully address these anticipated motions, Rottlund respectfully requests that the Court order all parties to file and serve:

> motions *in limine* at least twenty-one (21) days before November 15, 2004; and
> responsive pleadings at least seven (7) days before November 15.

Rottlund also respectfully requests that the Court conduct a pre-trial hearing concerning motions *in limine* sometime during November 10-12, 2004. Rottlund respectfully suggests that a pre-trial hearing on motions *in limine* prior to *voir dire* and opening statements will assist the parties' presentations to the jury.

B. Exhibit Lists

Throughout the depositions conducted in this case, the parties sequentially numbered exhibits regardless of the deponent or the party conducting the deposition. Thus, 462 exhibits have been sequentially numbered and identified during depositions in this case.

Because deposition testimony will likely be read into the record, and because efforts will likely be made to impeach witnesses at trial with their prior deposition testimony, Rottlund respectfully requests that the Court order the parties to follow the deposition exhibit numbering system used during discovery when preparing their exhibit lists and when marking exhibits at trial. If any party needs to mark documents that were not used during depositions, Rottlund respectfully requests that the Court order the parties to use the following numbering system for these trial exhibits:

Any additional Rottlund exhibits shall commence with 600;
Any additional Town & Country Illinois exhibits shall commence with 700;
Any additional Town & Country Minnesota exhibits shall commence with 800; and
Any additional BSB/BGI exhibits shall commence with 900.

Rottlund believes that this numbering system will further the interests of Rule 1 of the Federal Rules of Civil Procedure, and will greatly reduce juror confusion regarding documents and testimony concerning those documents.

C. "48-Hour Rule"

All parties must prepare and serve their witness lists in accordance with Local Rule 39. In addition, Rottlund respectfully suggests that the parties follow the "48-Hour Rule" concerning notice of witness order. Under the 48-Hour Rule, a party presenting its case-in-chief must provide the other parties with witness names and the witness order at least forty-eight hours before the witnesses are called to testify. In other words, before the parties leave the courtroom for the day, the party presenting its case-in-chief announces on the record the witnesses that it will call during at least the next two trial days. If a party fails to disclose enough witnesses to cover the next two days and the jury is dismissed early on any given day, the jury will be informed why trial could not continue for a full day.

Rottlund respectfully submits that this 48-Hour Rule will minimize witness inconvenience, assist with travel arrangements and scheduling, and also allow the parties to fully and fairly prepare for examinations in a manner that should facilitate efficiency, while at the same time give the parties the flexibility necessary to present their respective cases. Rottlund previously sought a stipulation from the Defendants concerning this Rule. The Defendants refused to stipulate.

### IV. Exchange Of Exhibits To Be Used In Opening Statements.

Based on its desire to ensure that the jury is not influenced by inadmissible evidence during the parties' opening statements, Rottlund respectfully requests that the Court order all parties to exchange the exhibits they intend to use during opening statements at least two (2) days before opening statements are scheduled to commence.

### V. Peremptory Challenges And Cross-Examination.

Peremptory challenges are governed by Fed. R. Civ. P. 47(b) and 28 U.S.C. § 1870. Pursuant to these provisions, if there are multiple defendants, the defendants "may be considered as a single party for the purposes of making challenges, or the Court may allow additional peremptory challenges and permit them to be exercised separately or jointly." 17 U.S.C. § 1870. Because all four Defendants are commonly aligned with a joint defense agreement (*see* Ex. A), Rottlund respectfully requests that the Court consider the four Joint Defendants "as a single party" for the purposes of making challenges. In the alternative, Rottlund respectfully requests that the Court treat the Bloodgood Defendants as a single party with three peremptory challenges, treat the Town & Country Defendants as a single party with three challenges, and increase Rottlund's number of challenges to six to ensure a level playing field. *See Goldstein v. Kelleher*, 728 F.2d 32, 37 (1st Cir. 1984) (magistrate judge abused his discretion in refusing either to treat both defendants as a single party or to allow plaintiff to exercise double the number of peremptory challenges).

Similarly, pursuant to Fed. R. Evid. 611(a) and (b), Rottlund respectfully requests that the Court prohibit the four Joint Defendants from conducting four separate cross-examinations of Rottlund's witnesses regarding the same subject matter, as this would constitute a needless consumption of time. *See Guy v. Rudd*, 345 F. Supp. 1382, 1384-85 (W.D. Pa. 1972) ("Parties having substantially the same interests should not be permitted to examine witnesses in relays. Counsel for these two parties with substantially the same interest were allowed to determine as to each witness who was to cross examine."), *judgment amended, cause remanded on other grounds by* 480 F.2d 677 (3d Cir. 1973).

### VI. Documents Designated As "Attorneys Eyes Only" or as "Confidential."

Rottlund agrees with the Protective Order section of the Town & Country Defendants' letter brief, and believes that from this point forward it should treat documents which were previously designated by the Town & Country Defendants as either "Confidential" or "Attorneys Eyes Only" as if they are not entitled to confidentiality protection under the Protective Order. This is a mutual and reciprocal agreement between the Town & Country Defendants and Rottlund and it covers both sides' designations.

Thank you, Your Honor, for your time and attention to this matter.

Very truly yours,

**WINTHROP & WEINSTINE, P.A.**

By - Craig S. Krummen

Craig S. Krummen

CSK:clk / Enclosures
2147735v1

c: Holly J. Newman (fax and U.S. mail)
Darren B. Schwiebert (fax and U.S. mail)
Christopher Murdoch (fax and U.S. mail)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation

Plaintiff,

vs.

Pinnacle Corporation,
d/b/a Town & County Homes,
an Illinois Corporation,
Town & County Homes, Inc., a
Minnesota Corporation, Bloodgood Sharp
Buster Architects and Planners of Iowa,
Inc., an Iowa Corporation, and Bloodgood
Group, Inc., an Iowa corporation.

Defendants.

and

Town & County Homes, Inc., a
Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects and
Planners of Iowa, Inc., an Iowa
Corporation,

Third-Party Defendant.

No. 01-CV-1980 (DSD/SRN)

**AFFIDAVIT OF LARRY MOORE**

EXHIBIT 255

STATE OF IOWA )
) ss.
COUNTY OF POLK )

Larry Moore, being duly sworn upon oath, deposes and states as follows:

Received 08-29-2003 10:36 From-515 221 3272 To-MOORE COSTELLO& HART Page 003

EXHIBIT A

1. I am the Partner in Charge of the Central Regional Office of Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB").

2. On July 23, 2002, BSB and Bloodgood Group, Inc. ("BGI") entered into a verbal common interest and confidentiality agreement ("Agreement") with Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("TCM").

3. The Agreement included the attorneys and any experts, economists and/or consultants retained by the parties listed in paragraph 2.

4. The Agreement applied to all confidential or privileged communications related to the above-captioned litigation. Except at the time the Agreement was formed, only Pinnacle and TCM were named defendants.

5. The Parties to the Agreement agreed that it was in their best interests to exchange information, pool individual work product and cooperate in a common defense effort by exchanging information which is otherwise privileged attorney-client communication and/or work product not discoverable by any party.

6. The parties to the Agreement relied upon the common defense exception to the waiver of the attorney-client privilege and work product privileges in exchanging information.

7. The Agreement covered all information, documents, opinions, strategies or other materials exchanged or communicated by whatever means between or among the parties in connection with the common defense that would otherwise qualify for protection by the attorney-client privilege or work product doctrine ("Common Interest Materials").

8. The parties to the Agreement agreed to raise objections to requests for Common Interest Materials by any third party and agreed to only use Common Interest Materials for purposes of a common defense effort.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: 8.29.03

Larry Moore

Subscribed and sworn to before me this 29th day of August, 2003.

Notary Public, Polk County

MPLS:45854.1/16850-166

JANET K. OLSON
Commission Number 179314
My Commission Expires
July 27, 2008

Received 08-29-2003 10:36 From-515 221 3272 To-MOORE COSTELLO& HART Page 002