UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a Minnesota
Corporation,

Plaintiff,

vs.

Pinnacle Corporation
d/b/a Town & Country Homes,
an Illinois Corporation,
Town & Country Homes, Inc.,
a Minnesota Corporation,
Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,
and The Bloodgood Group, Inc., an Iowa
Corporation,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendants.

No.: 01-CV-1980 (DSD/SRN)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes ("Rottlund") respectfully submits the following jury instructions for use in the trial in the above-captioned matter.

PRELIMINARY JURY INSTRUCTIONS

| | | |
|---|---|---|
| 1. | General: Nature of Case; Burden of Proof; Duty of Jury; Cautionary | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.01, pp. 4-5 (West 2001). |
| 2. | Province of Judge and Jury | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.10, p. 26 (West 5th ed. 2000). |
| 3. | Evidence: Limitations | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.02, pp. 6-7 (West 2001). |
| 4. | Direct and Circumstantial Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.42, p. 54 (West 5th ed. 2000). |
| 5. | Ruling and Objections | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.49, p. 66 (West 5th ed. 2000). |
| 6. | Bench Conferences and Recesses | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.03, p. 8 (West 2001). |
| 7. | No Transcript Available [Note-Taking] | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.04, p. 9 (West 2001). |
| 8. | Notetaking—Permitted | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.13, p. 33 (West 5th ed. 2000). |
| 9. | Questions by Jurors | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.04A, p. 11 (West 2001). |
| 10. | Conduct of the Jury | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.05, pp. 13-14 (West 2001). |
| 11. | Unauthorized View of the Scene | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.17, p. 44 (West 5th ed. 2000). |

| | | |
|---|---|---|
| 12. | Publicity During Trial | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.19, p. 45 (West 5th ed. 2000). |
| 13. | Judge's Questions to Witnesses | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.30, p. 46 (West 5th ed. 2000). |
| 14. | Outline of Trial | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.06, p. 15 (West 2001). |

CAUTIONARY INSTRUCTIONS

| | | |
|---|---|---|
| 15. | Duties of Jury: Recesses | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 2.01, p. 18 (West 2001). |
| 16. | Previous Proceedings | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 2.06, p. 24 (West 1999). |
| 17. | Deposition as Substantive Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.23, pp. 85-86 (West 5th ed. 2000). |
| 18. | Use of Interrogatories | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.24, p. 87 (West 5th ed. 2000). |
| 19. | Objections and Rulings | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.71, p. 99 (West 5th ed. 2000). |

CLOSING INSTRUCTIONS

| | | |
|---|---|---|
| 20. | Explanatory | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.01, p. 34 (West 2001). |
| 21. | Post-Trial Preliminary Statement—Duties Of Judge And Jury | 4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 10.20, pp. 7-8 (West 1999). |

| | | |
|---|---|---|
| 22. | Judge's Opinion | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.02, p. 35 (West 2001). |
| 23. | Use of Notes | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.02, p. 113 (West 5th ed. 2000). |
| 24. | Instructions Apply to Each Party | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.10, p. 116 (West 5th ed. 2000). |
| 25. | Multiple Defendants | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.13, p. 119 (West 5th ed. 2000). |
| 26. | Evidence in the Case | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.30, p. 121-22 (West 5th ed. 2000). |
| 27. | Charts And Summaries | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.50, p. 155 (West 5th ed. 2000). |
| 28. | Court's Comments Not Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.33, p. 126 (West 5th ed. 2000). |
| 29. | Questions Not Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.34, p. 129 (West 5th ed. 2000). |
| 30. | Consideration of the Evidence—Corporate Party's Agents and Employees | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.31, p. 125 (West 5th ed. 2000). |
| 31. | "Direct" and "Circumstantial" Evidence—Defined | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.05, p. 144 (West 5th ed. 2000). |
| 32. | "Inferences" Defined | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.20, p. 146 (West 5th ed. 2000). |
| 33. | Finding As to Thing Once Proved to Exist | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.23, p. 148 (West 5th ed. 2000). |

| | | |
|---|---|---|
| 34. | Notice or Knowledge—Duty of Inquiry | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.24, pp. 148-49 (West 5th ed. 2000). |
| 35. | Credibility of Witnesses | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.03, p. 36 (West 2001). |
| 36. | Impeachment—Inconsistent Statement or Conduct (*Falsus In Uno Falsus In Omnibus*) | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.04, pp. 168-69 (West 5th ed. 2000). |
| 37. | Impeachment—Bad Reputation for Truth and Veracity | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.06, p. 174 (West 5th ed. 2000). |
| 38. | Effect of Prior Inconsistent Statements or Conduct | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.09, pp. 174-75 (West 5th ed. 2000). |
| 39. | All Available Witnesses or Evidence Need Not Be Produced | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.11, p. 177 (West 5th ed. 2000). |
| 40. | Failure to Call Available Witness | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.25, p. 149 (West 5th ed. 2000). |
| 41. | Failure to Produce Available Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.26, p. 150 (West 5th ed. 2000). |
| 42. | Suppression or Fabrication of Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.27, p. 151 (West 5th ed. 2000). |
| 43. | Number of Witnesses | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.54, pp. 157-58 (West 5th ed. 2000). |
| 44. | Use of Depositions as Evidence | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.02, p. 167 (West 5th ed. 2000). |
| 45. | Answers to Interrogatories | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.72, pp. 159-60 (West 5th ed. 2000). |

| | | |
|---|---|---|
| 46. | Discrepancies in Testimony | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.01, pp. 161-62 (West 5th ed. 2000). |
| 47. | "If You Find" or "If You Decide" | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.04, p. 144 (West 5th ed. 2000). |
| 48. | Burden of Proof | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.04, p. 39 (West 2001). |
| 49. | Burden Of Proof | 4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 14.15, p. 37 (West 1999). |
| 50. | Employee—Issue As To Scope Of Authority—Intentional Wrong | 4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG30.15, p. 200 (West 1999). |
| 51. | Corporations—Liability For Conduct Of Employees | 4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 30.60, p. 213 (West 1999). |
| 52. | Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form | EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.06, p. 42-43 (West 2001). |
| 53. | Verdict Forms—Jury's Responsibility | O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 106.07, p. 191 (West 5th ed. 2000). |

CLAIM INSTRUCTIONS

| | | |
|---|---|---|
| 54. | The Claims Asserted | Authority Noted on Instruction |
| 55. | Copyright Infringement Generally | Authority Noted on Instruction |
| 56. | Elements of Copyright Infringement | Authority Noted on Instruction |
| 57. | Ownership | Authority Noted on Instruction |
| 58. | Originality | Authority Noted on Instruction |
| 59. | Copying | Authority Noted on Instruction |
| 60. | Carry Forward Doctrine | Authority Noted on Instruction |

| | | |
|---|---|---|
| 61. | Copyright Interests—Derivative Work | Authority Noted on Instruction |
| 62. | Direct Evidence of Copying | Authority Noted on Instruction |
| 63. | Circumstantial Evidence of Copying | Authority Noted on Instruction |
| 64. | Substantial Similarity | Authority Noted on Instruction |
| 65. | Literal Copying Not Required | Authority Noted on Instruction |
| 66. | Existence of Similar Designs Is No Defense to Infringement Where Plaintiff's Designs Have Been Copied | Authority Noted on Instruction |
| 67. | Similarities v. Differences | Authority Noted on Instruction |
| 68. | Substantial Similarity of Designs | Authority Noted on Instruction |
| 69. | Presumption of Unlawful Copying | Authority Noted on Instruction |
| 70. | Intent to Infringe Need Not be Shown | Authority Noted on Instruction |
| 71. | Willful Infringement | Authority Noted on Instruction |
| 72. | Independent Creation | Authority Noted on Instruction |
| 73. | Contributory Infringement | Authority Noted on Instruction |
| 74. | Vicarious Infringement | Authority Noted on Instruction |
| 75. | Practical Partnership | Authority Noted on Instruction |
| 76. | Actual Damages | Authority Noted on Instruction |
| 77. | Indirect Damages For Non-Infringing Products | Authority Noted on Instruction |
| 78. | Infringers' Profits—Gross Revenue | Authority Noted on Instruction |
| 79. | Infringers' Profits—Direct Expenses | Authority Noted on Instruction |
| 80. | Infringers' Profits—Overhead Expenses | Authority Noted on Instruction |
| 81. | Infringers' Profits—Apportionment | Authority Noted on Instruction |
| 82. | Infringer Not Entitled to Price it Would Have Received | Authority Noted on Instruction |

| | | |
|---|---|---|
| 83. | Plaintiff's Lanham Act Claim—False Designation of Origin and False Representation | Authority Noted on Instruction |
| 84. | Unfair Advertising – Reverse Passing Off | Authority Noted on Instruction |
| 85. | Lanham Act – Joint Tort Feasors | Authority Noted on Instruction |
| 86. | Lanham Act – Injury to Business or Property – Loss of Business, Profits | Authority Noted on Instruction |
| 87. | Uncertainty as to Amount of Damages | Authority Noted on Instruction |
| 88. | Plaintiff's Deceptive Trade Practices Claim—False Designation of Origin and False Representation | Authority Noted on Instruction |
| 89. | Statements of Good or Honest Intentions | Authority Noted on Instruction |

Rottlund reserves the right to withdraw, amend or supplement these Instructions as required by the evidence. The full text of all jury instructions listed above is included in EXHIBIT A filed herewith.

Dated: November 1, 2004

s/ Philip R. Mahowald
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2155997v1

# EXHIBIT A

## JURY INSTRUCTIONS

**(Full Text)**
**(Proposed by Rottlund)**

# PRELIMINARY JURY INSTRUCTIONS

**(Before Trial)**

## Instruction No. 1

### General: Nature of Case; Burden of Proof; Duty of Jury; Cautionary

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a civil case brought by the Plaintiff, The Rottlund Company, Inc. d/b/a Rottlund Homes, against the Defendants, Pinnacle Corporation d/b/a Town & Country Homes, Town & Country Homes, Inc., Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., and The Bloodgood Group, Inc. The Plaintiff alleges that the Defendants infringed various copyrights Plaintiff owns relating to its Villa II town home product. The Defendants deny that allegation. [If Defendants have a counterclaim or affirmative defense, it should be stated here.] It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against any or all of the Defendants.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with the other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.01, pp. 4-5 (West Group 2001).

**Instruction No. 2**

**Province of Judge and Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.10, p. 26 (West Group, 5th ed. 2000).

**Instruction No. 3**

**Evidence: Limitations**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; [and any facts that have been judicially noticed—that is facts which I say you must accept as true.]

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes and obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]
Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.02, pp. 6-7 (West Group 2001).

**Instruction No. 4**

**Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.42, p. 54 (West Group, 5th ed. 2000).

## Instruction No. 5

## Ruling and Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.49, p. 66 (West Group, 5th ed. 2000).

**Instruction No. 6**

**Bench Conferences and Recesses**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.03, p. 8 (West Group 2001).

**Instruction No. 7**

**No Transcript Available [Note-Taking]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.] The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them ______________________________.

[When you leave at night, your notes will be secured and not read by anyone.]

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.04, p. 9 (West Group 2001).

**Instruction No. 8**

**Notetaking—Permitted**

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.13, p. 33 (West Group, 5th ed. 2000).

**Instruction No. 9**

**Questions by Jurors**

[When attorneys have finished their examination of a witness, you may ask questions of the witness (describe procedure to be used here). If the rules of evidence do not permit a particular question, I will so advise you. Following your questions, if any, the attorneys may ask additional questions.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.04A, p. 11 (West Group 2001).

**Instruction No. 10**

**Conduct of the Jury**

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.
*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.
*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.05, pp. 13-14 (West Group 2001).

**Instruction No. 11**

**Unauthorized View of the Scene**

Since this case involves incidents that occurred at a certain place, you may be tempted to visit the scene yourself. Please do not do so. By making an unguided visit without the benefit of explanation, you may get the wrong impression about the location or witnesses [*who will testify*] [*have testified*] about it. Changes may have taken place at the scene in the period between the occurrence referred to in this trial.

Even if you happen to live near the place, please avoid going to it or near it until the case is over. An unauthorized viewing of the scene by a juror may result in a mistrial and a second trial.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.17, p. 44 (West Group, 5th ed. 2000).

**Instruction No. 12**

**Publicity During Trial**

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.19, p. 45 (West Group, 5th ed. 2000).

**Instruction No. 13**

**Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 101.30, p. 46 (West Group, 5th ed. 2000).

**Instruction No. 14**

**Outline of Trial**

The trial will proceed in the following manner:

First, the Plaintiff's attorney may make an opening statement. Next, the Defendants' attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Plaintiff will then present evidence and counsel for Defendants may cross-examine. Following the Plaintiff's case, the Defendants may present evidence and Plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The Court will instruct you further on the law. After that you will retire to deliberate on your verdict.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 1.06, p. 15 (West Group 2001).

# CAUTIONARY INSTRUCTIONS

**(During Trial)**

**Instruction No. 15**

**Duties of Jury: Recesses**

We are about to take [our first] [a] recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. [Do not read, watch or listen to any news reports of the trial.] Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 2.01, p. 18 (West Group 2001).

**Instruction No. 16**

**Previous Proceedings**

You may have heard that there were previous proceedings in this case. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of previous proceedings should have no bearing on your decision in this case.

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 2.06, p. 24 (West Group 2001).

**Instruction No. 17**

**Deposition as Substantive Evidence**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition [*if the witness is not present*] [*if the testimony in court contradicts the witness' deposition testimony*]. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read [*shown*] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.23, pp. 85-86 (West Group, 5th ed. 2000).

**Instruction No. 18**

**Use of Interrogatories**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.24, p. 87 (West Group, 5th ed. 2000).

**Instruction No. 19**

**Objections and Rulings**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 102.71, p. 99 (West Group, 5th ed. 2000).

# CLOSING INSTRUCTIONS

**(Use at End of Trial)**

**Instruction No. 20**

**Explanatory**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]

[The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.] [I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.01, p. 34 (West Group 2001).

**Instruction No. 21**

**Post-Trial Preliminary Statement—Duties Of Judge And Jury**

I will give you your instructions.

The order in which I give the instructions is not important.

Consider all the instructions together.

You must apply the law in these instructions whether you agree with it or not.

You must follow all of the instructions. Do not single out some and ignore others—all of them are equally important.

**Duties of the jury and the judge**

You must decide what the facts are from the evidence you have heard and seen. You must apply the law to these facts. I will explain which laws apply.

The questions you have to decide are listed on the verdict form. I will order a judgment based on your answers to the questions and the law.
It is your exclusive duty to answer the questions on the verdict form. Do not take anything I do or say as a sign of what the answers should be.

**Decide the case on the evidence**

Decide the case on the evidence.

Base your decision only on the evidence you have seen or heard in this courtroom.

You must not let events outside the courtroom influence you.

**Your most important duty: Be impartial**

You cannot take sides based on personal likes, dislikes or prejudices.

You must not be concerned that a particular answer on the verdict form is favorable to one party or the other.

---

4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 10.20, pp. 7-8 (West Group 1999).

**Instruction No. 22**

**Judge's Opinion**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.02, p. 35 (West Group 2001).

**Instruction No. 23**

**Use of Notes**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.02, p. 113 (West Group, 5th ed. 2000).

**Instruction No. 24**

**Instructions Apply to Each Party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each Plaintiff and to each Defendant in the case.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.10, p. 116 (West Group, 5th ed. 2000).

**Instruction No. 25**

**Multiple Defendants**

Although there are four Defendants in this action, it does not follow from that fact alone that if one Defendant is liable to the Plaintiff, all Defendants are liable. Each Defendant is entitled to a fair consideration of the evidence. The other Defendants should not be prejudiced should you find against any other Defendant. [*Unless otherwise stated*,] all instructions I give you govern the case as to each Defendant.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.14, p. 119 (West Group, 5th ed. 2000).

**Instruction No. 26**

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [*and all facts and events that may have been judicially noticed*].

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noted.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.30, p. 121-22 (West Group, 5th ed. 2000).

**Instruction No. 27**

**Charts And Summaries**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you shall disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.50, p. 155 (West Group, 5th ed. 2000).

**Instruction No. 28**

**Court's Comments Not Evidence**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.33, p. 126 (West Group, 5th ed. 2000).

**Instruction No. 29**

**Questions Not Evidence**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.34, p. 129 (West Group, 5th ed. 2000).

**Instruction No. 30**

**Consideration of the Evidence—Corporate Party's Agents and Employees**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 103.31, p. 125 (West Group, 5th ed. 2000).

**Instruction No. 31**

**“Direct” and “Circumstantial” Evidence—Defined**

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. “Direct evidence” is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. “Indirect or circumstantial” evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

---

O’Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.05, p. 144 (West Group, 5th ed. 2000).

**Instruction No. 32**

**"Inferences" Defined**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.20, p. 146 (West Group, 5th ed. 2000).

**Instruction No. 33**

**Finding As to Thing Once Proved to Exist**

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case leading you to a different conclusion.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.23, p. 148 (West Group, 5th ed. 2000).

**Instruction No. 34**

**Notice or Knowledge—Duty of Inquiry**

The means of knowledge are ordinarily the equivalent in law to knowledge. If it appears from the evidence in the case that a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had made such inquiry and had actually learned such facts.

That is to say, the law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.24, pp. 148-49 (West Group, 5th ed. 2000).

**Instruction No. 35**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.03, p. 36 (West Group 2001).

**Instruction No. 36**

**Impeachment—Inconsistent Statement or Conduct**
**(*Falsus In Uno Falsus In Omnibus*)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.04, pp. 168-69 (West Group, 5th ed. 2000).

**Instruction No. 37**

**Impeachment—Bad Reputation for Truth and Veracity**

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.06, p. 174 (West Group, 5th ed. 2000).

**Instruction No. 38**

**Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.09, pp. 174-75 (West Group, 5th ed. 2000).

**Instruction No. 39**

**All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.11, p. 177 (West Group, 5th ed. 2000).

**Instruction No. 40**

**Failure to Call Available Witness**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.25, p. 149 (West Group, 5th ed. 2000).

**Instruction No. 41**

**Failure to Produce Available Evidence**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.26, p. 150 (West Group, 5th ed. 2000).

**Instruction No. 42**

**Suppression or Fabrication of Evidence**

If you should find that a party willfully [*suppressed*][*hid*][*destroyed*] evidence in order to prevent its being presented in this trial, you may consider such [*suppression*][*hiding*][*destruction*] in determining what inferences to draw from the evidence or facts in the case.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.27, p. 151 (West Group, 5th ed. 2000).

**Instruction No. 43**

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.54, pp. 157-58 (West Group, 5th ed. 2000).

**Instruction No. 44**

**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [*or on a videotape*]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.02, p. 167 (West Group, 5th ed. 2000).

## Instruction No. 45

## Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.72, pp. 159-60 (West Group, 5th ed. 2000).

**Instruction No. 46**

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in this case.
Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.
After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.
In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 105.01, pp. 161-62 (West Group, 5th ed. 2000).

**Instruction No. 47**

**"If You Find" or "If You Decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 104.04, p. 144 (West Group, 5th ed. 2000).

**Instruction No. 48**

**Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact. The party who has the burden of proving a fact must prove it by the [(greater weight) or (preponderance)] of the evidence. To prove something by the [(greater weight) or (preponderance)] of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. [If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.]

[The [(greater weight) or (preponderance)] of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.]

[You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.04, p. 39 (West Group 2001).

**Instruction No. 49**

**Burden Of Proof**

**Deciding the issues in a case**

You will be asked to answer "yes" or "no" to some questions on the verdict form.
The greater weight of the evidence must support a "yes" answer.

This means that all of the evidence, regardless of which party produced it, must lead you to believe that the claim is more likely true than not true.

Greater weight of the evidence does not necessarily mean the greater number of witnesses or the greater volume of evidence.

Any believable evidence may be enough to prove that a claim is more likely true than not.

---

4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 14.15, p. 37 (West Group 1999).

**Instruction No. 50**

**Employee—Issue As To Scope Of Authority—Intentional Wrong**

**Scope of authority**

An employee acts within the scope of his or her authority if:

1. The employee's conduct was substantially within work related limits of time and place; and

2. The employee's conduct is of a kind authorized by the employer or reasonably related to that employment; and
3. The employer should have foreseen the employee's conduct given the nature of the employment and the duties relating to it.

---

4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG30.15, p. 200 (West Group 1999).

**Instruction No. 51**

**Corporations—Liability For Conduct Of Employees**

**Corporate responsibility for employees**

All of the parties in this case are corporations and can act only through their officers and employees.

The conduct of an officer or employee acting within the scope of his or her authority is the conduct of the corporation.

---

4 MINNESOTA PRACTICE: MINNESOTA JURY INSTRUCTION GUIDES (CIVIL), at CIVJIG 30.60, p. 213 (West Group 1999).

**Instruction No. 52**

**Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

---

EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) at § 3.06, p. 42-43 (West Group 2001).

**Instruction No. 53**

**Verdict Forms—Jury's Responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

---

O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (CIVIL) at § 106.07, p. 191 (West Group, 5th ed. 2000).

# CLAIM INSTRUCTIONS

**Instruction No. 54**

**The Claims Asserted**

Rottlund Homes, the plaintiff in this case, has asserted claims against the Defendants under three theories:

1. Copyright infringement;
2. Violation of the federal unfair competition law, known as the Lanham Act; and
3. Violation of the state unfair competition law, known as the Minnesota Deceptive Trade Practices Act.

The same conduct can result in liability under more than one theory. For example, the copying of an original work can be copyright infringement and unfair competition.

Later I will instruct you on the elements that must be proven under each of these theories. But first, I will instruct you on the general principles that should guide you as you consider the evidence that has been presented to you.

**Instruction No. 55**

**Copyright Infringement Generally**

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word author used for writings, such as a novel, but under the copyright law any creator of an original work that is protectable under the copyright laws is referred to as an author. That is the term we use in copyright law for the creator of an original work.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless licensed by the copyright owner.[1]

Copyright protection extends only to the expression of the ideas in the author's work; not the ideas themselves. The law accepts there are at least two competing considerations involved. On the one hand, the creator of a work has the right to reap the benefit of his creativity and effort. On the other hand, progress in art as well as science requires that everyone have the right to develop and create new works using the same ideas and subjects.

The copyright law attempts to strike a balance between these two values, protecting so much of the author's original work as embodies his own particular form of expression but not so much as would prevent others from using the same ideas, themes and subjects in their own forms of expression.

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.[2]

A copyrightable work can be a literary work, architectural work, musical work, dramatic work, pantomime work, choreographic work, pictorial work, graphic work, sculptural work, works fixed in semiconductor chip products, or even a computer program.

This case involves "technical drawings" and "architectural works" which are designs of buildings as embodied in any tangible medium of expression, including the building itself, as well as architectural plans or drawings for the building. The works include the overall form as well as the arrangement and composition of spaces and elements in the design, but do not include

---

[1] Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions Ltd.* (§ 160.01 at 21) West 5th ed. (2001).
[2] *Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit*, Instruction No. 20.0 (2001).

individual standard features.[3] However, the particular manner in which an architect expresses unprotectible elements by selecting, arranging, and combining them is protectible.[4]

Rottlund Homes has listed over seventy elements that it claims, in their placement, layout, and proportions, comprise the total look and feel or gestalt of its technical drawings and architectural works. The Court has already determined that Rottlund Homes' selection, arrangement, and combination of the elements expressed in its technical drawings and architectural works are sufficiently original and detailed to be afforded copyright protection.[5]

---

[3] 17 U.S.C. § 101.

[4] *The Rottlund Co., Inc. v. Pinnacle Corp.*, 01-CV-1980, 2004 WL 1879983 at *14 (D. Minn. Aug. 20, 2004), adopted by J. Doty in Order of October 19, 2004.

[5] *The Rottlund Co., Inc. v. Pinnacle Corp.*, 01-CV-1980, 2004 WL 1879983 at *14 (D. Minn. Aug. 20, 2004), adopted by J. Doty in Order of October 19, 2004.

**Instruction No. 56**

**Elements of Copyright Infringement**

Plaintiff Rottlund Homes contends that Defendants infringed Rottlund Homes' copyrights in its Villa II town home technical drawings and architectural works. Copyright is the exclusive right to copy. Rottlund Homes claims that the Defendants' Homestead Collection and Chateau Collection town home technical drawings and structures infringe Rottlund Homes' copyrights in its Villa II technical drawings and structures.

As used in this charge, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying.[6] You are instructed that a copyright holder has the exclusive rights to do and authorize others to do the following: (1) to reproduce the copyrighted work, (2) to prepare derivative works that are based on the copyrighted work, and (3) to distribute copies of the copyrighted work to the public by sale, rental, lease or lending.[7] A "derivative work" is a work that is based upon one or more preexisting works.

With certain exceptions, the owner of a copyright can exclude others from copying the owner's copyrighted work during the term of a copyright. A copyright owner may enforce the right to exclude others from copying the copyrighted work in a copyright infringement action.[8]

To establish infringement of its copyrights in a technical drawing or architectural work, Rottlund Homes must prove (1) ownership of a valid copyright in the technical drawings or architectural work, and (2) unauthorized copying of the technical drawing or architectural work by one or more of the Defendants.[9]

The Court has already determined as a matter of law that Rottlund Homes owns valid copyrights in all of the Villa II technical drawings and architectural works at issue in this case. Therefore, you are instructed that Rottlund Homes has satisfied the first element of its copyright infringement claim – ownership of valid copyrights in the technical drawings and architectural works.[10]

---

[6] *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 832 (10th Cir. 1993).
[7] 17 U.S.C. § 106.
[8] *Federal Jury Practice and Instructions (Civil)* § 160.02 (citing 17 U.S.C. §§ 106, 501; *Stewart v. Abend*, 495 U.S. 207 (1990) (author holds bundle of exclusive rights in copyrighted work, among them the right to copy and the right to incorporate the work into derivative works)).
[9] *Feist Publ'ns v. Rural Tel. Serv.*, 499 U.S. 340, 345-46 (1991); Order dated October 19, 2004 at 3, *adopting The Rottlund Co., Inc. v. Pinnacle Corp., et al.,* No. Civ. 01-1980, 2004 WL 1879983, at *18 (D. Minn. Aug. 20, 2004).
[10] *The Rottlund Co., Inc. v. Pinnacle Corp.*, 01-CV-1980, 2004 WL 1879983 at **14 (D. Minn. Aug. 20, 2004), adopted by J. Doty in Order of October 19, 2004.

**Instruction No. 57**

**Ownership**

Ownership in a copyright vests initially in the author of a work.[11] A transfer of copyright ownership is not valid unless there is a written document, signed by the copyright owner or his agent, memorializing that transfer.[12] In this case, Rottlund Homes owns all of the copyrights at issue and has never signed any written agreement transferring its copyright ownership. Therefore, you are instructed that Rottlund Homes has not transferred any copyrights it may have in the technical drawings or architectural works at issue.

[11] 17 U.S.C. § 201.
[12] 17 U.S.C. § 204(a).

**Instruction No. 58**

**Originality**

"Original," as that term is used in copyright law, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity. The requisite level of creativity is extremely low, even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be.[13]

All aspects of a work need not be original for it to be protected by copyright. Thus a work may be protected by copyright even though it is based on a prior copyrighted work or something already in the public domain if the author, through his skill and effort, has contributed a distinguishable variation from the previous works.[14] In the context of architectural works, the facts that certain design elements are standard features or were dictated by geographic or legal constraints do not make the work uncopyrightable.[15] If the author's choices or combinations of unprotectable design features exhibit a minimal amount of creativity, the work is protected.[16]

---

[13] *Feist Publ'ns v. Rural Tel. Serv.,* 499 U.S. 340 (1991).

[14] *Donald v. Zack Meyer's T.V. Sales & Serv.*, 426 F.2d 1027, 1029 (5th Cir. 1970).

[15] *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1310 (D. Minn. 1994).

[16] *John G. Danielson, Inc. v. Winchester-Conant Props., Inc.*, 186 F. Supp. 2d 1, 10 (D. Mass. 2002); *see also Sturdza v. Untied Arab Emirates*, 281 F.3d 1287, 1296 (D.C. Cir. 2002).

**Instruction No. 59**

**Copying**

As I mentioned before, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying.[17]

In order to prevail on its copyright claim, Rottlund Homes must prove that one or more of the Defendants "copied" its work. Such copying can be proved by direct or indirect evidence. An example of direct evidence would be an admission of a defendant's employee or agent that he or she copied Rottlund Homes' work, or testimony of someone who directed that Rottlund Homes' work be copied, saw the work being copied, or who was directed to copy the work. However, proof of that nature is often not available in copyright cases. A plaintiff may create a presumption of copying by indirect evidence establishing that a defendant had access to the copyrighted work and that the defendant's work is probatively similar to the copyrighted work.[18]

Rottlund Homes need not prove that the Defendants copied the specific works registered and on file at the Copyright Office. For example, copying a floor plan of Rottlund Homes' copyrighted work in a marketing brochure that is less detailed than the schematic drawing registered and on file at the Copyright Office infringes the copyright.[19]

You may consider any relevant circumstance, that is any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place.

If you find, however, considering all of the circumstances, that it is more likely than not that copying has taken place, then Rottlund Homes has sustained its burden on that particular issue.

---

[17] *Gates Rubber Co. v. Bando Chem. Indus.,* 9 F.3d 823, 832 (10th Cir. 1993).

[18] *Peel & Co. v. The Rug Mkt.,* 238 F.3d 391, 394 (5th Cir. 2001).

[19] *The Value Group, Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1233 (D.N.J. 1992) (finding infringement because a side by side comparison of floor plans demonstrated that many of the details of the two designs were the same, such as the placement, design and size of many windows); *Richmond Homes Mgmt. v. Raintree, Inc.*, 862 F. Supp. 1517, 1526 (W.D. Va. 1994) (copyright holder can establish infringement by proving the defendant copied floor plans); *Kent v. Revere*, No. 84-798-CIV-ORL-18, 1985 WL 6453, at *6 (M.D. Fla. Oct. 28, 1985) (copying floor plans constitutes infringement); *Donald Frederick Evans v. Continental Homes, Inc.*, 785 F.2d 897, 904-05 (11th Cir. 1986) (depictions of copyrighted floor plans in unregistered brochures are protected by copyright laws); *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899 (5th Cir 1972). *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 277 n.2 (6th Cir. 1988) (finding access to copyrighted designs existed because the defendant "clearly had a reasonable opportunity to . . . see the abridged floor plans contained in the promotional brochure" since the defendant was building houses within three miles of plaintiff's copyrighted designs); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1563, 1567 (M.D. Fla. 1995) (concluding that the Bradshaw defendant had access to plaintiff's copyrighted architectural design because the Maloney defendant received a copy of the "elevation and floor plans from (plaintiff's) product manual" before the Bradshaw defendant prepared the infringing designs); *Richmond Homes*, 862 F. Supp. at 1527 (access to copyrighted design exists when there is "evidence that the defendants had access to plaintiff's fliers and house designs" and defendant "admitted to having a copy of plaintiff's brochures in his office"); *Ronald Mayotte & Associates*, 885 F. Supp at 152 (defendant building homes within a few miles of a plaintiff's copyrighted architectural designs has access to the plaintiff's design when the plaintiff's model homes are open to the public and the plaintiff distributes "sales brochures containing their copyrighted designs"); *Value Group*, 800 F. Supp. at 132-33 (defendant who is in possession of a photocopy of plaintiff's brochure depicting copyrighted design not only has access to the copyrighted design, but may also be shown to have infringed plaintiff's copyrighted design by using the brochure to create an infringing derivative); *Dawney*, 647 F. Supp. at 1215-16 (access to copyrighted architectural design is shown by proof that defendant visited a model home and was provided a brochure, which included floor plans for the home); *Kent v. Revere*, 1985 WL 6453, *1, *6 (M.D. Fla. 1985).

**Instruction No. 60**

**Carry Forward Doctrine**

Where the same creator owns both the original and derivative copyrights, the derivative work carries forward all preexisting copyrights in the original work. Because Rottlund Homes owns valid copyrights in the Original Villa, New Villa and Villa II technical drawings and architectural works, the Original Villa and New Villa copyrights carry forward into the Villa II copyright.[20] Therefore, Rottlund Homes need not allege and prove multiple copyright violations; it need only prove that the Defendants infringed on its valid Villa II copyright.[21]

---

[20] *Donald Frederick Evans v. Continental Homes, Inc.,* 785 F.2d 897, 904 (11th Cir. 1986); *Rexnord, Inc. v. Modern Handling Systems, Inc.,* 379 F. Supp. 1190 (D. Del. 1974); 2 M. Nimmer, *Nimmer on Copyright* § 7.16[B][2].

[21] *Richmond Homes Management, Inc., v. Raintree, Inc.,* 862 F. Supp. 1517, 1525 (W.D. Va. 1994) *rev'd on different grounds,* 66 F.3d 316 (4th Cir. 1995); *O.T. Pickell Builders, Inc. v. Witowski,* No. 96 C 4233, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998).

**Instruction No. 61**

**Copyright Interests—Derivative Work**

A copyright owner is entitled to exclude others from creating a derivative work based upon the owner's copyrighted work. The term "derivative work" refers to a work based on one or more pre existing works, such as designs of buildings embodied in the building itself, as well as architectural plans or drawings for the building, or any other form in which the pre existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.[22]

Rottlund Homes holds copyrights in the technical drawings and architectural works of three town home products: the Original Villa, the New Villa, and the Villa II. As the owner of the Original Villa, New Villa, and Villa II copyrights (the original and derivative copyrights), the Villa II copyright carries forward all pre existing copyrights in the Original Villa and New Villa.[23] In other words, the copyright protection of the expression of ideas in the Original Villa and New Villa designs carries forward into the Villa II design. Therefore, Rottlund Homes must only prove infringement of the Villa II copyrights, and is not required to separately prove infringement of the Original Villa and New Villa copyrights.

---

[22] *Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit*, Instruction No. 20.13 (2001).
[23] 17 U.S.C. § 106(2); *Richmond Homes Mgmt., Inc. v. Raintree, Inc.*, 862 F. Supp. 1517, 1525-26 (W.D. Va. 1994).

**Instruction No. 62**

**Direct Evidence of Copying**

In deciding whether defendants have copied Rottlund Homes' works, bear in mind that, the nature of the differences (in addition to the similarities) between Plaintiff's and Defendants' designs can show copying. This is so, where the differences between Plaintiff's and Defendants' designs appear to be the result of a studied effort to make minor distinctions between the two works or to appropriate the Plaintiff's design either outright or by frivolous variation. If you find that Defendants have engaged in such a studied effort, that is compelling evidence of copying.[24]

[24] *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 446 (4th Cir. 1986) (citing *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 618 (7th Cir.), *cert. denied*, 459 U.S. 880 (1982); *Joshua Meier Co. v. Albany Novelty Mfg. Co.*, 236 F.2d 144, 146 (2d Cir. 1956)); *Tennessee Fabricating Co. v. Moultrie Manufacturing Co.*, 421 F.2d 279, 284 (5th Cir. 1970).

**Instruction No. 63**

**Circumstantial Evidence of Copying**

Where direct evidence of copying is lacking, circumstantial evidence is often resorted to in copyright cases in an effort to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

First: Did the defendants or their agents have access to Rottlund Homes' works or as-built town homes?

Second: Are there similarities between Rottlund Homes' works or as-built town homes and the Defendants' works or as-built town homes?

Third: If there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other apparent explanations for the similarities?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place. If, after considering all the proof in the case, you found yourselves unable to draw a logical inference one way or the other, Rottlund Homes would have failed in its burden of proof on this issue.

If you find, however, considering all the circumstances, that it is more likely than not that copying has taken place, then Rottlund Homes has sustained its burden on this issue.

The Court has already ruled that Defendants' had access to Rottlund Homes' works and as-built structures as a matter of law, and that the works share a similarity of ideas.

On the subject of similarity, if you find similarities between the works, you must ask yourselves whether the similarities are or are not of the kind which would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity. On the other hand, certain similarities may be very convincing proof of copying. The more original, the more unusual or imaginative or arbitrary is the material that you find to be similar in both works, the less likely that similarity is a coincidence. The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to a coincidence, or the suggestiveness of the subject matter.[25]

---

[25] *See* 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 99.08 (4th Ed. 1987).

**Instruction No. 64**

**Substantial Similarity**

In order for Rottlund Homes to recover for copyright infringement, it must also prove that Town & Country Homes' Homestead Collection is substantially similar to Rottlund Homes Villa II. "Substantial similarity" means "copying of constituent elements of the work that are original."[26]

Substantial similarity does not require that the two works be exact reproductions or nearly identical; substantial similarity is found where the work is recognizable by the ordinary observer as having been taken from the copyrighted source.[27] Moreover, the existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work.[28]

You may consider whether the total concept and feel of the works in question are substantially similar.[29] Evaluating expression for substantial similarity should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed comparison of the two works, focusing on individual differences.[30]

---

[26] *Peel & Co. v. The Rug Mkt.,* 238 F.3d 391, 394 (5th Cir. 2001) (quoting *Feist Publ'ns v. Rural Tel. Serv.*, 111 S. Ct. 1282 (1991)).
[27] *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995); *Value Group v. Mendham Lake Estates,* 800 F. Supp. 1228, 1233 (D.N.J. 1992).
[28] *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1568 (M.D. Fla. 1995); *CSM Investors v. Everest Dev.*, 840 F. Supp. 1304, 1312 (D. Minn. 1994).
[29] *CSM Investors v. Everest Dev.*, 840 F. Supp. 1304, 1312 (D. Minn. 1994); *see also Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1296 (D.C. Cir. 2002).
[30] *Richmond Homes Mgmt. v. Raintree, Inc.*, 862 F. Supp. 1517, 1527 (W.D. Va. 1994).

**Instruction No. 65**

**Literal Copying Not Required**

Analytic dissection of parts of works for purposes of rigid side-by-side comparison to show copying and copyright infringement is neither necessary nor proper. The proper focus in determining copying and copyright infringement falls upon the "scope and extent of similarities between the items being considered rather than merely considering any dissimilarities which may be discerned."[31]

[31] 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:53:11 (1990), (citing *Transgo, Inc. v. Ajac Transmissions Parts Corp.*, 768 F.2d 1001 (9th Cir. 1985)).

**Instruction No. 66**

**Existence of Similar Designs Is No Defense to Infringement Where Plaintiff's Designs Have Been Copied**

If you should find that defendants' designs contain nonessential details identical to those found in plaintiff's designs, such evidence, if any, is most significant evidence of copying and of the absence of original work on the part of defendant. Such copying of non-essential details, if any raises a presumption that other portions of defendants' designs which are the same as those in the original designs were likewise copied from plaintiff.[32]

---

[32] 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:53:11 (1990) citing *Roy Export Co. v. Columbia Broadcasting System, Inc.*, 503 F.Supp. 1137, 208 U.S.P.Q. 580 (S.D.N.Y. 1980), *aff'd*, 673 F.2d 1045, 215 U.S.P.Q. 289 (2d Cir. 1982)).

**Instruction No. 67**

**Similarities v. Differences**

No one may avoid a charge of copyright infringement by showing how much of the protected work he did not copy. As long a some original expression has been copied, there is copyright infringement.[33]

[33] *See Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir.), *cert. denied*, 506 U.S. 934 (1992).

**Instruction No. 68**

**Substantial Similarity of Designs**

I charge you that if you find that the design components of defendant's overall works are substantially similar to design components of plaintiff's overall works, you must find that defendants have infringed plaintiff's copyright in plaintiff's works.[34]

[34] 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:53:21 (1990) (citing *Monogram Models, Inc. v. Industro-Motive Corp.*, 492 F.2d 1281, 181 U.S.P.Q. 425 (6th Cir. 1974), *cert. denied*, 183 U.S.P.Q. 321 (1974)).

**Instruction No. 69**

**Presumption of Unlawful Copying**

If you find there is a substantial identity between Defendants' works and Rottlund Homes' works, then there is a presumption of unlawful copying since Rottlund Homes' works were created before Defendants' corresponding works. The burden of going forward with the evidence, under such circumstances, is on the Defendants. In the absence of an explanation by defendants adequately accounting for such similarities, you must find that Plaintiff's copyright was infringed.[35]

---

[35] 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, Appendix C, page C-15 (1983) (citing *Monogram Models v. Industro-Motive Corp.*, CA No. 32089 (E.D. Mich. 1973), aff'd, 492 F.2d 1281 (6th Cir. 1974), *cert. denied*, 419 U.S. 843 (1974); *Miller Studio, Inc. v. Pacific Import Co.*, 147 U.S.P.Q. 388, 390 (S.D. N.Y. 1965)).

**Instruction No. 70**

**Intent to Infringe Need Not be Shown**

Once a plaintiff has proven that it owns the copyright on a particular work, and that the defendant has infringed upon those exclusive rights, the defendant is liable for the infringement and this liability is absolute.[36] Even where the defendant believes in good faith that it is not infringing a copyright, it may be found liable. The defendant is liable for "innocent" and "accidental" infringements.

[36] *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992).

**Instruction No. 71**

**Willful Infringement**

If you find that Defendants infringed Rottlund Homes' copyrights, you must then decide whether such infringement was willful.

A defendant commits willful copyright infringement if he knows his actions constitute an infringement.[37] Willfulness also can be found where the defendant shows reckless disregard for the copyright holder's rights.[38] You need not find that a defendant's actions were malicious to find that they were willful.[39]

Willfulness can be shown either directly or by circumstantial evidence.[40] For instance, you may find willful infringement if you find that a defendant attempted to disguise its appropriation of a copyrighted work by making superficial changes.[41]

You are instructed that once a defendant is put on notice of an infringement claim, the defendant has an affirmative duty to exercise due care to determine whether or not his future actions will constitute infringement.[42] It may not simply pass the matter off as a nuisance.[43] This duty includes seeking and obtaining a competent legal opinion regarding whether any future activity would be an infringement.[44] If the defendant fails to obtain a competent legal opinion, you may infer that the defendant failed to exercise due care and therefore acted willfully.[45] If the defendant obtains an opinion of counsel but refuses to disclose what it is, you may consider that as evidence under the totality of circumstances in determining whether the defendant acted willfully.[46]

In this case, Defendants have asserted the attorney-client privilege with respect to legal opinions they obtained regarding whether the design, construction, marketing or sales of the Homestead Collection and the Chateau Collection would infringe the Rottlund Homes' copyrights.

---

[37] *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

[38] *E.g., Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991), *cert. denied*, 112 S. Ct. 181 (1991).

[39] *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

[40] *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 251 (2d Cir. 1992).

[41] *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1568 (M.D. Fla. 1995)

[42] *Zip Dee, Inc. v. Dometic Corp.*, 1997 WL 323814 (N.D. Ill. 1997).

[43] *See, e.g., Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 512 (7th Cir. 1994); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991), *cert. denied*, 112 S. Ct. 181 (1991).

[44] *Underwater Devices, Inc. v. Morrison-Knudson Co., Inc.*, 717 F.2d 1380 (Fed. Cir. 1983); *Joy Mfg. Co. v. CGM Valve & Gauge Co.*, 730 F. Supp. 1387, 1398 (S.D. Tex. 1989).

[45] *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 380-01 (7th Cir. 1988); *Northlake Mktg. & Supply, Inc. v. Glaverbel*, 72 F. Supp. 2d 893 (N.D. Ill. 1999); *Great N. Corp. v. Davis Core & Pad Co.*, 226 U.S.P.Q. 540 (N.D. Ga. 1985)

[46] *Electro Med. Sys., S.A. v. Cooper Life Sciences., Inc.*, 34 F.3d 1048 (Fed. Cir. 1994); Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH, v. Dana Corp., 383 F.3d 1337, 1346-47 (Fed. Cir. 2004).

**Instruction No. 72**

**Independent Creation**

A presumption of copyright infringement arises if Rottlund Homes presents direct evidence of copying or circumstantial evidence of copying (access and substantial similarity). Defendants can rebut Rottlund Homes' evidence of infringement by showing with persuasive evidence that Defendants' Homestead Collection and Chateau Collection works were created independently and not copied from Rottlund Homes' work.[47] Independent creation may be proved by negating Rottlund Homes' proof as to access and by showing that Defendants did not know of Rottlund Homes' work, that it was not available to the Defendants, that the Defendants never had it in the Defendants' possession, and that Defendants' works were created without reliance on Rottlund Homes' work.[48]

---

[47] *Gund, Inc. v. Russ Berrie and Co., Inc.*, 701 F. Supp. 1013, 1025 (S.D.N.Y. 1988) (citing *Mode Art Jewelers, Co. v. Expansion Jewelry, Ltd.*, 199 U.S.P.Q. (BNA) 329, 340 (S.D.N.Y. 1977); 3 M. Nimmer, *Nimmer on Copyright* § 13,01[B], at 13-9; § 12.11[D], at 12-85-86 (1988) (emphasis added)); *see also Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995) (after plaintiff establishes access and substantial similarity, "[t]he burden shifts to the defendant to rebut this presumption by *persuasive evidence* of independent creation") (citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.* , 684 F.2d 821, 829 (11th Cir. 1982) (emphasis added)); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir. 1977); *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 829 (11th Cir. 1982).

[48] *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1375 (5th Cir. 1981).

**Instruction No. 73**

**Contributory Infringement**

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes, or materially contribute to the activity.[49]

[49] *Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit*, Instruction No. 20.0 (2001).

**Instruction No. 74**

**Vicarious Infringement**

Vicarious liability attaches where one has a right to control the infringing party and one receives a direct financial benefit from the infringement.[50]

If you find that Defendant Town and Country Homes, Inc. infringed Rottlund Homes' copyright, you should also find Defendant Pinnacle Corporation d/b/a Town and Country Homes liable for copyright infringement if it had the right to control Town and Country Homes, Inc. and it had a direct financial benefit from the infringement.

If you find that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. infringed Rottlund Homes' copyright, you should also find Defendant The Bloodgood Group, Inc. liable for copyright infringement if it had the right to control Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. and it had a direct financial benefit from the infringement.

[50] *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996).

**Instruction No. 75**

**Practical Partnership**

When infringement is by a partnership, the partners are jointly accountable for the whole profit made by the partnership on ordinary principals of partnership law. Where two infringers share profits and otherwise act as partners or practical partners, they will be jointly and severally liable for any profits that they collectively derived from infringement.[51] A defendant's role in the acts of copyright infringement, degree of direction of the activity, and financial interest in the activity are relevant in addressing the existence of a practical partnership.[52]

---

[51] Report & Recommendation dated July 13, 2004; *Nelson-Salabes v. Morningside Development*, 284 F.3d 505, 517 (4th Cir. 2002).
[52] *Nelson-Salabes v. Morningside Development*, 284 F.3d 505, 517 (4th Cir. 2002).

**Instruction No. 76**

**Actual Damages**

If you find that one or more of the defendants infringed Rottlund Homes' copyrights, then Rottlund is entitled to recover the actual damages it suffered as a result of the infringement. The term "actual damages" means the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement. Actual damages for infringement are measured according to market value, which means what a willing buyer would have been reasonably required to pay a willing seller for Rottlund Homes' work.[53]

In an architectural copyright infringement case, the proper measure for actual damages is lost profits suffered by plaintiff from a home constructed pursuant to the infringing plans.[54]

If Rottlund Homes proves with reasonable certainty the loss due to the infringement, the defendants must show that the loss would have occurred even in the absence of the infringement.[55] Rottlund Homes need not prove with absolute certainty that the defendants' infringing town homes would have been purchased from Rottlund Homes had no infringing product been put on the market.[56] Rottlund Homes fulfills its burden of proving a reasonable probability of the existence of a causal relationship between the infringement and a loss of revenue if you find that there were purchasers and a demand for this particular kind of town house in the same geographic area. If Rottlund meets its burden, then defendants must prove that purchasers of their infringing homes would not have purchased plaintiff's homes in the same geographic vicinity.[57]

---

[53] *Flying J, Inc. v. Cent. CA Kenworth*, 45 Fed. Appx. 763, 765 (9th Cir. 2002).

[54] *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 280-81 (6th Cir. 1988); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F.Supp. 1560 (M.D. Fla. 1995); *Intown Enterprises, Inc. v. Barnes*, 721 F.Supp. 1263, 1267 (N.D. Ga. 1989).

[55] *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 567 (1985).

[56] *Robert R. Jones Assocs., Inc. v. Nino Homes,* 686 F. Supp. 160, 164-65 (E.D. Mich. 1987), *aff'd in relevant part* 858 F.2d 274, 281 (6th Cir. 1988).

[57] *Id.*

**Instruction No. 77**

**Indirect Damages For Non-Infringing Products**

A copyright owner's damages for a defendant's copyright infringement is not limited to lost profits on the infringed product, but could also include damages for sales which it had lost on other non-infringing products that are directly attributable to defendant's infringement.[58]

To establish proximate cause for actual damages, the plaintiff must demonstrate that the existence and amount of the loss was a natural and probable consequence of the infringement. While a plaintiff may seek compensation for both direct and indirect losses, as long as they are not unduly speculative, it need not prove its loss of revenue with mathematical precision.[59]

---

[58] *Sunset Lamp Corp. v. Also Corp.*, 749 F. Supp. 520, 524-25 (S.D.N.Y. 1990).
[59] *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1170 (1st Cir. 1994).

**Instruction No. 78**

**Infringers' Profits—Gross Revenue**

The law also allows a successful plaintiff to recover all profits of the defendants resulting from copyright infringement. The defendants' profits consist of the amount of money they made due to the infringement after deducting the expenses of producing and marketing the infringing work.[60]

The plaintiff in a copyright infringement action need only prove the gross revenues that the defendants have earned or will earn from the creation, marketing or sales of the infringing item.[61] In an architectural works case, the market value of the infringing architectural work is evidence of revenue.[62] Upon proof of gross revenues, the burden then shifts to the defendants to prove what expenses, if any, should be deducted from the gross revenues to establish net profit. If the defendants fail to adduce competent evidence of their expenses, the gross revenue figure stands as the defendants' profits.[63]

---

[60] 17 U.S.C. § 504(b).
[61] 17 U.S.C. § 504(b).
[62] *Associated Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251 (D. Nev. 2002).
[63] *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998.

## Instruction No. 79

## Infringers' Profits—Direct Expenses

Defendants bear the burden of proving the direct expenses they incurred in constructing, marketing and selling any infringing town home products.[64] If they fail to prove their direct expenses, you must find the amount of their gross revenues as the amount of their profits.[65]

Defendants must prove that they actually spent such amounts in the creation, marketing or selling of the infringing town home products, and that such expenditures actually assisted in the creation, marketing or sale of the infringing town home products.[66]

You should not consider evidence of average or overall profit margins in determining direct expenses.[67] In determining the direct expenses to deduct from gross revenues, you should rely only on evidence of specific expenses actually incurred.[68]

Any doubt as to the amount of the direct expenses or whether they actually assisted the production or sale of a particular house must be resolved against the Defendants and in favor of Rottlund Homes.

---

[64] 17 U.S.C. § 504(b).
[65] *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998); *Williams v. Arndt*, 626 F. Supp. 571, 582 (D. Mass. 1985).
[66] *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1363 (S.D.N.Y. 1991).
[67] *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998).
[68] *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998).

**Instruction No. 80**

**Infringers' Profits—Overhead Expenses**

If you have found that a defendant willfully infringed Rottlund Homes' copyrights, then you should not allow any deductions for overhead expenses for your calculation of that defendant's profits.[69]

If you did not find that a defendant willfully infringed Rottlund Homes' copyrights, then under certain circumstances that defendant also may deduct from gross revenues certain overhead expenses. The defendant bears the burden of proving three elements to do this.

First, a defendant must prove that the overhead expenses it wishes to deduct were actually incurred in the creation, marketing or sale of the infringing town home product. Stated differently, if the defendant would have incurred the expenses regardless of whether they developed, marketed or sold the infringing town home product, you should not include it.[70]

Second, for a category of indirect or overhead expenses to have been incurred in the development, marketing or sales of the infringing town home product, Defendants must prove that such category of expenses was of actual assistance in the construction, marketing or sales of the infringing town home product. If you cannot find, by a preponderance of the evidence, that Defendants have proven that a category of indirect or overhead expenses actually assisted in the construction, marketing or sales of infringing town home products, you should not include it.[71]

Third, Defendants must proffer a "fair and acceptable formula" for determining how much of the claimed overhead expenses should be allocated to the infringing activity.[72]

If you have any doubts as to the amount of overhead expenses, whether they were actually incurred, whether they actually assisted the construction, marketing or sales of the infringing town home products, or whether Defendants have proffered a fair and acceptable formula for allocating their claimed overhead expenses, you must resolve them in favor of Rottlund Homes.

---

[69] *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 (D.N.J. 1993).
[70] *Taylor v. Meirick,* 712 F.2d 1112, 1121 (7th Cir. 1983).
[71] *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir. 1985).
[72] *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 60 F. Supp. 2d 544, 550 (E.D. Va. 1999).

**Instruction No. 81**

**Infringers' Profits—Apportionment**

If you find that a defendant infringed Rottlund Homes' copyrights, then Rottlund Homes is entitled to all that defendant's profits resulting from the infringement of its copyrights.[73] If you have found that a defendant willfully infringed Rottlund Homes' copyrights, then you should not allow any apportionment of that defendant's profits for noninfringing factors.[74]

If you did not find that a defendant willfully infringed Rottlund Homes' copyrights, then that defendant is entitled to apportion profits resulting from factors other than the acts of infringement.

The defendant bears the burden of proving, by specific valuation evidence,[75] what portions of its profits on the infringing town home products are attributable to factors other than copyright infringement.[76] To carry this burden, the defendant must prove what profits were attributable solely to its own efforts, exclusive of any effect of Rottlund Homes' architectural works.[77] Moreover, if noninfringing factors are so intertwined with infringing factors that it is impossible to apportion profits, then no apportionment is allowed.[78]

All profits of a defendant from the development, marketing and sales of the infringing town home products should be deemed attributable to the infringement unless the defendant proves by a preponderance of the evidence that it is not. If a defendant fails to adduce competent evidence that a portion of its profits was due solely to factors other than the infringement, Rottlund Homes is entitled to recover all of that defendant's profits from the infringing town home product.[79] If you have any doubts as to the amount of the profits or whether they resulted solely from the defendant's noninfringing efforts, you must resolve those doubts in favor of Rottlund Homes.[80]

---

[73] 17 U.S.C. § 504(b).

[74] *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) ("Overhead may not be deducted from gross revenues to arrive at profits when the infringement was deliberate or willful.") (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985)); *ABKCO Music, Inc. v. Harrissongs Music*, 508 F. Supp. 798, 800-01 n.10 (S.D.N.Y. 1981).

[75] *Flying J v. Cent. CA Kenworth*, 45 Fed. Appx. 762 (9th Cir. 2002).

[76] *Konor Enters., Inc. v. Eagle Publ'ns, Inc.,* 878 F.2d 138 (4th Cir. 1989).

[77] *Walker v. Forbes, Inc.*, 28 F.3d 409 (4th Cir. 1994); *Rogers v. Koons*, 960 F.2d 301 (2nd Cir. 1992).

[78] *Bus. Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 407 (2d Cir. 1989); *see also Harper & Row Publishers, Inc. v. Nation Enters.*, 105 S. Ct. 2218, 2234 (1985); *Belford, Clarke & Co. v. Scribner*, 144 U.S. 488 (1892); *Callaghan v. Myers*, 9 S. Ct. 177, 1991 (1888).

[79] *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1999).

[80] *Walker v. Forbes, Inc.*, 28 F.3d 409, 414 (4th Cir. 1994).

## Instruction No. 82

## Infringer Not Entitled to Price it Would Have Received

Defendants cannot expect to pay the same price in damages as it might have paid after freely negotiated bargaining, or there would be no reason scrupulously to obey the law.[81]

[81] *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F.2d 357, 363 (7th Cir. 1985); *Iowa State University Research Foundation, Inc. v. American Broadcasting Companies, Inc.*, 475 F. Supp. 78, 83 (S.D.N.Y. 1979).

**Instruction No. 83**

**Plaintiff's Lanham Act Claim—False Designation of Origin and False Representation**

Rottlund Homes has asserted a claim against Defendants Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc. under a federal statute called the Lanham Act. As a general matter, an author of a work is entitled to have its name associated with its work when the work is used, marketed or sold.[82] Under the Lanham Act, any person who makes a false or misleading designation of origin, description or representation of fact that is likely to cause confusion as to the origin of that person's goods or services is liable to any person who is or is likely to be damaged by the false designation of origin.[83] A false or misleading designation of origin includes "reverse passing off." For example, a defendant would be liable under the Lanham Act for reverse passing off if the defendant markets or sells plaintiff's product under defendant's name.[84]

To prevail under the Lanham Act, Rottlund Homes must establish:

1. Defendants Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc. made false statements of fact about their own products in an advertisement;

2. the advertising actually deceived or tended to deceive a substantial segment of its audience;

3. the deception is material because it is likely to influence buying decisions;

4. Defendants Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc. caused falsely advertised goods to enter interstate commerce; and

5. Rottlund Homes was injured or is likely to be injured as a result.[85]

If you the jury find by a preponderance of the evidence that Defendants Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc.'s advertisements of the Homestead Collection or Chateau Collection town homes were literally false, actual consumer confusion is presumed as a matter of law.[86]

To satisfy the interstate commerce element of a Lanham Act claim, Rottlund Homes must prove by a preponderance of the evidence that: (1) the infringing designs traveled in interstate commerce; (2) the infringing designs have had an effect on activity in interstate commerce; (3)

---

[82] *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 781 (2d Cir. 1994).
[83] *Federal Jury Practice and Instructions (Civil)* § 159.26.
[84] *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994); *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, (8th Cir. 1994).
[85] *Lenscrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1488-1489 (D. Minn. 1996).
[86] 15 U.S.C. § 1125(a); *Blue Dane Simmental Corp. v. American Simmental Ass'n*, 178 F.3d 1034, 1042 (8th Cir. 1999); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998).

the advertisements and promotions have traveled in interstate commerce; or (4) the advertisements and promotions have had an effect on activity in interstate commerce.

In order to recover money damages for a violation under the Lanham Act, Rottlund Homes must prove that Defendants' violation caused actual confusion among the consumers of the plaintiff's product and, as a result of this consumer confusion, the plaintiff suffered actual injury, such as a loss of sales, profits, or of present value.[87]

---

[87] 15 U.S.C. § 1125(a); *Blue Dane Simmental Corp. v. American Simmental Ass'n*, 178 F.3d 1034, 1042 (8th Cir. 1999); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998); *Lenscrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. at 1488.

## Instruction No. 84

## Unfair Advertising – Reverse Passing Off

The Lanham Act protects an author to ensure that his or her name is associated with a work when the work is used.[88] The Lanham Act also prohibits misrepresentation about the source of a product by "reverse passing off," for example, when "A" sells "B's" product under "A's" name.[89] Reverse passing off is essentially the defendant's unauthorized removal of plaintiff's product's identifying marks before reselling the goods. The doctrine includes situations in which a defendant markets another's product that has been only slightly modified and relabeled.[90]

---

[88] *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 781 (2d Cir. 1994).
[89] *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994).
[90] *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1241 (8th Cir. 1994).

**Instruction No. 85**

**Lanham Act – Joint Tort Feasors**

When more than one person or entity act in concert to commit a wrong as a common purpose, each such person or entity is liable for the resulting injury.[91]

[91] *See* 3 McCarthy, *Trademarks and Unfair Competition*, §25.21.

**Instruction No. 86**

**Lanham Act – Injury to Business or Property – Loss of Business, Profits**

If you should find, from a preponderance of the evidence in the case, that the Plaintiff is entitled to a verdict, the law provides that the Plaintiff is to be fairly compensated for all damages, if any, to its business or property, which were proximately caused by the Defendants' conduct. In arriving at the amount of the award, you should include any damages suffered by the Plaintiff because of lost profits; that is to say, profits which the Plaintiff would have made, but for the unlawful conduct of defendants.

If you should find, from a preponderance of the evidence in the case, that damage to Plaintiff's business or property, such as a loss in the profits, was proximately caused by the Defendants' illegal conduct complained of, then the circumstances that the precise amount of Plaintiff's damages may be difficult to ascertain should not affect plaintiff's recovery, particularly if the defendants' wrongdoings have cause the difficulty in determining the precise amount.

On the other hand, the plaintiff is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded only when there is some reasonable basis in the evidence in the case for determining that plaintiff has in fact suffered a loss of profits, even though the amount of such loss is difficult of ascertainment.

In arriving at the amount of any loss of profits sustained by plaintiff, you are entitled to consider any past earnings of the plaintiff in the business in question, as well as any other evidence in the case bearing upon the issue.[92]

[92] 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 86.04 (4th Ed. 1987).

**Instruction No. 87**

**Uncertainty as to Amount of Damages**

Uncertainty as to the amount of damage, if any, does not deprive the plaintiff of his recovery. The rule which prevents recovery of uncertain damages applies to such damages as are not the certain result of the wrong; and the rule does not prevent an award of those damages which are definitely attributable to the wrong, and only uncertain in respect of their amount. It will be sufficient if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result as to the actual amount of damage be only approximate. A wrongdoer may not complain that the amount of damages caused by his wrongdoing cannot be measured with exactness and precision.[93]

[93] *See* 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:81:41 (1990), (citing *Goetz v. Dickson*, CA No. 363989 (Super. Ct. Cal., Alameda Cty., 1964)).

## Instruction No. 88

### Plaintiff's Deceptive Trade Practices Claim—False Designation of Origin and False Representation

Rottlund Homes has asserted a claim against Defendants Pinnacle Corporation, d/b/a Town & Country Homes and Town & Country Homes, Inc. under a statute called the Minnesota Deceptive Trade Practices Act. A defendant would be liable under the Minnesota Deceptive Trade Practices Act if, in the course of business, it:

(1) passes off goods or services as those of another;

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with, or certification by, another; or

(4) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.[94]

In order to prevail in an action under the Minnesota Deceptive Trade Practices Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.[95] Rather, the complainant must simply prove a mere likelihood of confusion or misunderstanding.[96] In addition, although proof of intent to deceive is not required, a plaintiff can prevail on its Minnesota Deceptive Trade Practices Act claim if defendants' conduct had at least a tendency to deceive consumers regarding the source, sponsorship, approval, or certification of their Homestead Collection town home products.[97]

---

[94] Minn. Stat. §325D.44, Subd. 1(1)-(3), (14).
[95] Minn. Stat. §32D.44, Subd. 2.
[96] *Scott v. Mego Intern., Inc.*, 519 F. Supp. 1118 (D. Minn. 1981).
[97] *Minnesota Mining & Manufacturing v. Rauh Rubber, Inc.*, 943 F. Supp. 1117, 1132-33 (D. Minn. 1996).

## Instruction No. 89

## Statements of Good or Honest Intentions

You are not bound to believe any statements of good or honest intention on the party of any of the defendants, or employees, if you find and believe from a preponderance of all evidence in the case that such defendants or employees acted in willful and deliberate violation of the plaintiff's rights.[98]

[98] 2 D. Burton, *Jury Instructions in Intellectual Property Cases* 40:54:01 (1983).