UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

vs.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota corporation ("Rottlund"), respectfully submits the following Special Verdict Form for trial in this matter.

Dated: November 1, 2004

**s/Philip R. Mahowald**
Philip R. Mahowald, #0274902
Craig S. Krummen, #0259081
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

Plaintiff's Issue No. 1 - Copyright Infringement Claims Against Town & Country of Minnesota

A. Do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its technical drawings?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its architectural works?

Answer "Yes" or "No."

Answer:______________________________

If you have answered "Yes" to question A or B, go the next question and answer all of the remaining questions for this issue. If you answered "No," skip over the remaining part of this Issue No. 1 and go directly to Issue No. 2.

C. Do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc.'s infringement was committed willfully?

Answer "Yes" or "No."

Answer:______________________________

D. What amount of profits, if any, do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc. earned that are attributable to this infringement?

Answer in dollars and cents.

Answer:______________________________

E. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes and Defendant Town & Country Homes, Inc. were practical partners in this infringement?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 2 - Copyright Infringement Claims Against Pinnacle

A. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its technical drawings?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its architectural works?

Answer "Yes" or "No."

Answer:______________________________

If you have answered "Yes" to question A or B, go the next question and answer all of the remaining questions for this issue. If you answered "No," skip over the remaining part of this Issue No. 2 and go directly to Issue No. 3.

C. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes' infringement was committed willfully?

Answer "Yes" or "No."

Answer:______________________________

D. What amount of profits, if any, do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes earned that are attributable to this infringement?

Answer in dollars and cents.

Answer:______________________________

E. Do you find by a preponderance of the evidence that Defendant Town & Country Homes and Defendant Town & Country Homes, Inc. were practical partners in this infringement?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 3 - Copyright Infringement Claims Against BSB

A. Do you find by a preponderance of the evidence that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its technical drawings?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its architectural works?

Answer "Yes" or "No."

Answer:______________________________

If you have answered "Yes" to question A or B, go the next question and answer all of the remaining questions for this issue. If you answered "No," skip over the remaining part of this Issue No. 3 and go directly to Issue No. 4.

C. Do you find by a preponderance of the evidence that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc.'s infringement was committed willfully?

Answer "Yes" or "No."

Answer:______________________________

D. What amount of profits, if any, do you find by a preponderance of the evidence that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. earned that are attributable to this infringement?

Answer in dollars and cents.

Answer:______________________________

E. Do you find by a preponderance of the evidence that Defendant The Bloodgood Group, Inc. and Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. were practical partners in this infringement?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 4 - Copyright Infringement Claims Against BGI

A. Do you find by a preponderance of the evidence that Defendant The Bloodgood Group, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its technical drawings?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant The Bloodgood Group, Inc. infringed the Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes' copyrights in its architectural works?

Answer "Yes" or "No."

Answer:______________________________

If you have answered "Yes" to question A or B, go the next question and answer all of the remaining questions for this issue. If you answered "No," skip over the remaining part of this Issue No. 4 and go directly to Issue No. 5.

C. Do you find by a preponderance of the evidence that Defendant The Bloodgood Group, Inc. 's infringement was committed willfully?

Answer "Yes" or "No."

Answer:______________________________

D. What amount of profits, if any, do you find by a preponderance of the evidence that Defendant The Bloodgood Group, Inc. earned that are attributable to this infringement?

Answer in dollars and cents.

Answer:______________________________

E. Do you find by a preponderance of the evidence that Defendant Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. and Defendant The Bloodgood Group, Inc. were practical partners in this infringement?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 5 – Rottlund's Actual Damages

If you have answered "Yes" to question A or B for Issue No. 1, 2, 3 or 4, answer Issue No. 5. Otherwise, do not answer Issue No. 5, and go to Issue No. 8.

> What amount of actual damages, if any, do you find by a preponderance of the evidence that Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes suffered as a result of this infringement?
>
> Answer in dollars and cents.
>
> Answer :______________________________

Plaintiff's Issue No. 6 - Commencement of Infringement

If you have answered "Yes" to question A or B for Issue No. 1, 2, 3 or 4, then answer Issue No. 6. Otherwise, do not answer Issue No. 6, and go to Issue No. 8.

A. Did the infringement commence before October 5, 1993?

Answer "Yes" or "No."

Answer:______________________________

B. Did the infringement commence before June 22, 1999?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 7 - Illegal Derivative

If you have answered "Yes" to question A or B for Issue No. 1, 2, 3 or 4, then answer Issue No. 7. Otherwise, do not answer Issue No. 7, and go to Issue No. 8.

A. Are the Homestead Collection technical drawings an illegal derivative of Rottlund Homes' New Villa technical drawings?

Answer "Yes" or "No."

Answer:______________________________

B. Are the Chateau Collection technical drawings an illegal derivative of Rottlund Homes' New Villa technical drawings?

Answer "Yes" or "No."

Answer:______________________________

Plaintiff's Issue No. 8 - Lanham Act Claims

A. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes violated the Lanham Act by knowingly and intentionally giving a false impression of the origin, source, characteristics, and/or design of the Homestead Collection or Chateau Collection town homes?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc. violated the Lanham Act by knowingly and intentionally giving a false impression of the origin, source, characteristics, and/or design of the Homestead Collection or Chateau Collection town homes?

Answer "Yes" or "No."

Answer:______________________________

If you have answered "Yes" to question A or B, answer question C. Otherwise, do not answer question C, and go to Issue No. 9.

C. What amount of actual damages, if any, do you find by a preponderance of the evidence that Plaintiff The Rottlund Company, Inc., d/b/a Rottlund Homes suffered as a result of the Lanham Act violation?

Answer in dollars and cents.

Answer:______________________________

Plaintiff's Issue No. 9 – Minnesota Deceptive Trade Practices Act Claims

A. Do you find by a preponderance of the evidence that Defendant Pinnacle Corporation, d/b/a Town & Country Homes violated the Minnesota Deceptive Trade Practices Act by knowingly and intentionally giving a false impression of the origin, source, characteristics, and/or design of the Homestead Collection or Chateau Collection town homes?

Answer "Yes" or "No."

Answer:______________________________

B. Do you find by a preponderance of the evidence that Defendant Town & Country Homes, Inc. violated the Minnesota Deceptive Trade Practices Act by knowingly and intentionally giving a false impression of the origin, source, characteristics, and/or design of the Homestead Collection or Chateau Collection town homes?

Answer "Yes" or "No."

Answer:______________________________

Dated: _______________________, 2004 ___________________________________

Jury Foreperson

2152782v1