UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation,
et al.,

Defendants,

Civil Action No. 01-CV-1980 DSD/SRN

**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO BAR CLAIM OF "ACTUAL" ACCESS TO ROTTLUND'S TECHNICAL DRAWINGS**

---

Defendants Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("TCM"), request that this Court enter an Order barring any argument, testimony, evidence or mention, by any witness or attorney, that Defendants in fact had "actual" access to Rottlund's technical drawings for its Villa II townhomes. Defendants state the following in support of this motion:

On October 19, 2004, this Court affirmed Magistrate Nelson's Report and Recommendation regarding, *inter alia*, the issue of Defendants' access to technical drawings. The Court held that there was a "reasonable possibility" that Dan Geegan, who worked at Rottlund before joining TCM, viewed Plaintiff's copyrighted work. (Order at 4.) Rottlund argued, and the Court accepted, the position that "access" merely means "the possibility of an opportunity to view" the copyrighted

work. Rottlund never attempted to prove that any of the Defendants were in actual possession of the technical drawings.

Although the Court's finding may bar Defendants from challenging the issue of access until after final judgment, this Court should not permit Rottlund to suggest, through argument, testimony, or otherwise that Defendants had "actual" (versus) constructive access to Rottlund's technical drawings (i.e., the deposit material that Rottlund filed with the United States Copyright Office). Throughout this litigation Rottlund has argued that it could prove access to technical drawings by proving access to a brochure. Defendants have acknowledged picking up publicly available brochures but have vehemently denied having "actual" access to Rottlund's technical drawings. Rottlund should not be permitted to inflate a finding into something that it is not.

The prejudice to the Defendants would be great if Rottlund or its counsel are allowed to suggest that the Court has already found that Defendants had "access" to the technical drawings in the sense that they viewed, reviewed, had in their possession, or at any time actually saw the complete technical drawings.

## CONCLUSION

For the reasons stated herein, the Defendants request that this Court bar Rottlund from offering testimony or argument that Defendants had "actual" access to Rottlund's technical drawings.

Dated: November 1, 2004

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)

Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street #4000
Minneapolis, MN 55402
Telephone: (612) 492-7312

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

– AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600

David Donna (#163624)
DONNA & DALY
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037071\1