UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & County Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PINNACLE CORPORATION'S AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ACCESS**

As part of its copyright infringement case against Defendants, Rottlund is required to prove both that Defendants had access to the protected work and that they contain substantial similarities. Rottlund has already prevailed on the question of access. This Court recently adopted the report and recommendation of

the Magistrate Judge which found that Defendants had constructive access to Rottlund's technical drawings, VAu 447-395 and VAu 546-285. Defendants acknowledge and stipulate that they had access to the as-built structure protected by copyright VAu 534-723. Because the element of access is no longer at issue in this case, the Court should exclude all evidence and testimony regarding that topic.

## ARGUMENT

### THE COURT SHOULD EXCLUDE ALL EVIDENCE AND TESTIMONY REGARDING ACCESS AS THE ISSUE IS NO LONGER A QUESTION FOR THE JURY AT TRIAL.

This Court recently issued an Order adopting the report and recommendation of the Magistrate Judge that concluded Defendants had access to Rottlund's protected drawings, VAu 447-395 and VAu 546-285. Defendants acknowledge and stipulate for purposes of this trial that they had access to the remaining copyrighted work, VAu 534-723, the architectural work.

To prove copying, an essential element of its copyright infringement claim, Rottlund must demonstrate both access and substantial similarity. Moore v. Columbia Pictures Industries, Inc., 972 F.2d 939, 941 (8th Cir. 1992). This Court's Order and Defendants' stipulation establish access for purposes of trial.

The Court should preclude any evidence about Defendants' access to Rottlund's products including, but not limited to, touring Rottlund's models, taking photographs and possession of promotional material or floor plans. Evidence of access is, at best, irrelevant and at worst, a waste of judicial resources, confusing and prejudicial. It should be excluded from the trial.

The issues for trial are numerous and complicated. In the interest of judicial economy, the Court should not permit the parties to offer evidence of access during the trial. There is no need to spend additional time on an issue already decided.

Evidence of access may confuse the jury. The parties will offer evidence and testimony on a number of issues. The jury will be called upon to decide questions of fact for each of those issues with the exception of access. The jury may be confused as to why it is hearing evidence of access when that issue is no longer part of the case. The jury will have a difficult job sorting out the issues that it must decide in this case. It should not be burdened with additional evidence on an issue that has already been decided.

Evidence of access may result in prejudice to the Defendants. Providing the jury with evidence of access when it will not be called upon to resolve that issue may sway the jury. It will hear evidence on the issue and may believe that it is relevant to another issue in the case. In order to prevent the jury from improperly relying on evidence of access to support a finding on another issue, the Court should exclude all evidence of access. It should inform the jury that, for purposes of the trial, constructive access has been established.

## CONCLUSION

For the reasons stated above, the Court should prohibit Rottlund and its attorneys from making comments or eliciting testimony regarding Defendants' access to Rottlund's copyrighted works.

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)

**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

- AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037095\1