UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & County Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE THAT EACH OF THE ALLEGED SEVENTY ONE ELEMENTS ARE NOT VIRTUALLY IDENTICAL OR SUBSTANTIALLY SIMILAR**

Town & Country Homes, Inc. ("TCM") served requests to admit on Rottlund to determine which, if any, of the asserted seventy-one elements of the copyrighted works were "virtually identical" or "substantially similar" in each of the accused products. As required by Rule 36, TCM individually listed each matter on which an

admission was requested. Because Rottlund failed to respond to each request separately, the answer to each should be deemed admitted and Rottlund should not be allowed to introduce evidence to the contrary. Moreover, because even Rottlund's general grouped objections and answers failed to deny that none of the seventy-one elements is virtually identical in any of the accused products, this Court should deem the requests admitted and preclude Rottlund for introducing any evidence to the contrary.

## BACKGROUND

As the sole basis for its claims for copyright infringement, Rottlund has identified a list of seventy-one elements, the combination of which that it contends are substantially similar to the combination found in the defendants' accused works. Rottlund has not identified the expression of any one of the seventy-one elements or identified how each element specifically is similar to those in the defendants' works. Instead, it relies on the broader use of the combination of elements and their arrangement; the "gestalt" as Rottlund describes it.

TCM served a second set of requests to admit on March 16, 2004 asking for admissions by Rottlund that each of the seventy-one elements was not present in each of the accused works under two different standards – "substantially similar" and "virtually identical." For example, with respect to the gabled side entry:

> **Request No. 2:** Admit that the placement of gabled side entries in the deposit materials for VAu 447-395 is not virtually identical to the placement of gable side entries in the technical drawings for the Homestead Collection at Centennial Crossing.

Rottlund responded with blanket objections to two categories of requests.

> Response No. 1: In addition to the general objections noted above and TCM's agreement that Plaintiff need not restate each and every one of the 3,360 requests to admit in its objections and responses to the discovery sought through TCM's Request to Admit (Set (II), Rottlund objects to each and every request to admit that contains the phrase "not virtually identical to" since the requests are vague. Rottlund further objects to each and every request to admit that contains the phrase "not virtually identical to" since the requests are overly burdensome. Rottlund further objects to each and every request to admit that contains the phrase "not virtually identical to" since the requests are not likely to lead to discovery of admissible evidence and purport to change the legal standard applicable to Plaintiff's copyright infringement claims in this case.
>
> Response No. 2: Subject to the general objections noted above, TCM's agreement that Plaintiff need not restate each and every one of the 3,360 requests to admit in its objections and responses to the discovery sought through TCM's Requests to Admit (Set II), Plaintiff's objection to each and every request to admit that seeks to consider placement, location, proportions and layouts apart from the combination, gestalt or overall form, as well as the arrangement and combination of spaces and elements, of the works in question, Plaintiff's objection to each and every request to admit that seeks to dissect placement, location, proportions, and layouts from the total concept and feel or look and feel of the works in question, Plaintiff's objection that TCM's Requests to Admit (Set II) are overly burdensome, and Rottlund's understanding that "substantially similar" means the differences do not negate infringement unless the differences so outweigh the similarities that the similarities are inconsequential within the total context of the work, Rottlund denies requests that contain the phrase "not substantially similar to" and states the following:

Plaintiff's objections and responses to defendant Town & Country Homes, Inc.'s Request to Admit [Set II] (Plaintiff's Objections") at 2-3. Because Rottlund's blanket objections do not comply with the requirements of Rule 36, this Court should rule that the matters are admitted and preclude Rottlund from introducing any evidence at trial to the contrary. Moreover, unlike the "substantially similar" request to admit, Rottlund's blanket objections do not deny that the requests to admit relating to "virtually identical," the Court should rule that these requests are admitted.

On November 17, 2003, TCM submitted a motion to Magistrate Judge Nelson regarding the sufficiency of Rottlund's objections to TCM's first set of requests to admit. TCM's motion argues, similar to the present motion, that Rottlund's objections and failure to provide admissions or denials was insufficient under Rule 36. TCM's motion is still pending before the Magistrate Judge. The Magistrate Judge has acknowledged the pendency of the prior motion relating to Rottlund's objections to requests to admit at several hearings. Hearing transcript, December 4, 2003 at 77:18-19; Hearing transcript, May 7, 2004 at 38:21-39:3; Hearing transcript October 25, 2004 at 41:1-5.

## ARGUMENT

### I. THE COURT SHOULD ORDER THAT ROTTLUND HAS ADMITTED ALL OF THE REQUESTS THAT WERE NOT INDIVIDUALLY ADMITTED OR DENIED.

The purpose of requests to admit is to establish certain information as true and narrow the issues for trial, thereby conserving the resources of the court and the time and money of the litigants. *See e.g.*, *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986). Requests to admit may encompass a variety of things, including issues of ultimate fact, opinions, or the application of law to a set of facts. Fed. R. Civ. P. 36, Advisory Committee Notes (1970 Amendment); *see also Camp v. Progressive Corp.*, No. Civ. A. 01-2680, 2003 WL 21939778, at *3 (E.D. La. Aug. 12, 2003).

Rule 36(a) requires that each individual request to admit be answered or objected to separately. *See* Fed. R. Civ. P. 36(a) ("The answer shall specifically deny

the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.") (emphasis added); *Rhone-Poulenc Rorer*, 1992 WL 394425, at *3 (finding general objections to requests to admit always insufficient). This comports with the requirement that "[e]ach matter of which an admission is requested shall be separately set forth." *See* Fed. R. Civ. P. 36(a).

With the exception of a limited number of requests to admit which are not the subject of this motion,[1] Rottlund failed to comply with the Rule 36 requirement that it separately answer or object to each request to admit. Rottlund correctly states that counsel for TCM agreed that Rottlund did not have to list each individual request to admit before it provided its objections and answer. This agreement, however, does not provide a basis for failing to individually object or answer each request.

Thus, pursuant to Rule 36(a), Rottlund failed to serve a "written answer or objection addressed to the matter" within 30 days and each matter "is admitted." Fed. R. Civ. P. 36(a).

## II. THE COURT SHOULD OVERRULE ROTTLUND'S OBJECTIONS TO REQUESTS FOR ADMISSION STATING THAT ROTTLUND'S ELEMENTS ARE NOT VIRTUALLY IDENTICAL TO THE CORRESPONDING ELEMENT IN DEFENDANTS' WORKS.

Assuming the Court excuses Rottlund's failure to specifically object to or answer each matter for which a request for admission was submitted, Rottlund never admits or denies any of the requests that contain the phrase "virtually

[1] Rotlund stated that it was unable to admit or deny 85 requests on the grounds that the work referenced did not contain a sprinkler room. Rottlund answered each of these requests individually and with appropriate specificity.

identical to." Rather, Rottlund objected on the grounds that the requests were vague, overly burdensome, not likely to lead to the discovery of admissible evidence and purport to change the legal standard. Plaintiff's Objections at 2-3. Because Rottlund's objections are not justified, this Court should Order that each matter containing the phrase "virtually identical to" is admitted. FED. R. CIV. P. 36 (a).

Rottlund's broad objections are not justified. Objections to requests for admissions must state the specific grounds reasons for the objection. 7 Moore's Federal Practice, 36.11[5][c] (Matthew Bender 3d ed.).

The requests are not vague. Vagueness refers to something that is "stated in indefinite terms" or does not have a "precise meaning." Merriam Webster's Collegiate Dictionary 1304 (10th ed. 1993); Black's Law Dictionary 1549 (6th ed. 1990). Each request identifies a particular element from Rottlund's list and asks a very specific question about how it compares to an element of a particular accused product. *See First Options of Chicago, Inc. v. Wallenstein*, No. 92-5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) (requiring answers to requests to admit, objected to as vague).

The requests are not overly burdensome. Rottlund has based its case on the list of seventy-one elements that it alleges appear in each of the accused products. If the number of requests is unusually large, it is simply because Rottlund has put the seventy-one elements in each of works at issue. Moreover, Town and Country agreed that it would accept a response to each of the requests without Rottlund restating the request thereby alleviating some of the burden associated with responding to the request. Finally, Rottlund failed to seek a protective order under

Rule 26(c) based upon its contention that the requests were burdensome. FED. R. CIV. P. 36, Advisory Committee Notes (1970 Amendment) ("On the other hand, request to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome. If so, the responding party may obtain a protective order under Rule 26(c)."). Given the nature of the requests to admit at issue – comparing Rottlund's asserted elements to the products accused by Rottlund – Rottlund faced no difficulty in identifying what was in dispute.

Rottlund next objects on the grounds that the requests will not lead to the discovery of admissible evidence. Rottlund has based its case on the level of similarity of the seventy-one elements and the combination of those elements in defendants' works. Defendants are entitled to request admissions on those elements so it can compare whether they are, in fact, similar. The purpose of requests to admit is to establish certain information as true and narrow the issues for trial, thereby conserving the resources of the court and the time and money of the litigants. *See e.g.*, *Asea,*, 669 F.2d at 1245.

Rottlund's final objection, that the requests attempt to change the legal standard, is also insufficient. The legal standard for infringement of copyrights that are mere compilations of unprotected elements is "virtually identical." The fact that Rottlund contends that its works are not compilations does not preclude defendants from seeking discovery on that issue or pursuing establishing that theory at trial. Moreover, as a baseline for "substantial similarity," Rottlund's admission that none of the elements are identical, or even virtually identical,

provides the jury with evidence to begin their comparison of the expressions of the works at issue. The Court should overrule Rottlund's objections and deem the statements admitted for purposes of trial.

## III. THE COURT SHOULD OVERRULE ROTTLUND'S OBJECTIONS BASED ON ITS CONTENTION THAT PLACEMENT, LOCATION, PROPORTION AND LAYOUTS OF THE ELEMENTS CANNOT BE CONSIDERED APART FROM THE COMBINATION, GESTALT OR OVERALL FORM.

Rottlund offers a second set of broad objections to Town and Country's requests to admit. Rottlund objected to "each and every request to admit that seeks to consider placement, location, proportions and layouts apart from the combination, gestalt or overall form, as well as the arrangement and combination of spaces and elements, of the works in question." Plaintiff's Objections at 3. Again Rottlund makes a blanket objection and does not individually object to any request that it believes improperly "attempt to consider placement, location and layouts apart from the combination, gestalt or over all form." Rottlund also objects to "each and every request to admit that seeks to dissect placement, location, proportions and layouts from the total concept and feel or look and feel of the works in questions." *Id.*

These objections are insufficient. They are not based on privileged information, information that is irrelevant to the case, or any other valid reason for refusing to respond. Rottlund's reliance on the "gestalt" theory does not confine defendants' ability to explore the required elements of an infringement case set out by the Eighth Circuit, including whether or not the works are substantially similar. Given that Rottlund is relying on the seventy-one elements as evidence that the

works are similar, TCM is entitled to discovery on Rottlund's view of whether those elements are substantially similar to elements in the defendants' works.

Rottlund again raises an objection on the ground that the request are overly burdensome. *Id.* As stated in Part II, Rottlund's own prosecution of the case has prompted the examination of the seventy-one elements it believes are substantially similar in each of the accused works. It cannot now complain that responding to Town and Country's requests on those elements is burdensome.

Rottlund's final objection is that Rottlund's understanding of "substantially similar means that differences do not negate infringement unless the differences so outweigh the similarities that the similarities are inconsequential within the total context of the work." (*Id.*) Whatever Rottlund's "understanding" of the definition of substantially similar might be, it is not grounds for an objection. The parties have ample opportunity to debate the proper legal standard for substantial similarity and what the two part test requires outside of these discovery requests. The requests for admission to not ask Rottlund to identify its legal theory.

Rottlund's blanket objections about whether the seventy-one elements can be examined individually are insufficient and should be overruled.

**CONCLUSION**

For the reasons stated above, the Court should deem the requests admitted for purposes of trial.

Dated: November 1, 2004

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**

200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

- AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037076\1