UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO LIMIT EVIDENCE TO A COMPARISON OF THE DEPOSIT MATERIALS FROM THE ASSERTED COPYRIGHT REGISTRATIONS TO THE SPECIFIC PRODUCTS ALLEGED TO BE INFRINGING** |

Plaintiff has alleged the violation of three copyrights: the Rush Creek Villa II technical drawings (registration number Vau 447-395); The Rush Creek Villa II architectural works (registration number Vau 534-723); and the Reserve Villa II

technical drawings (registration number Vau 546-285). Plaintiff claims the Homestead Collection, Chateau Collection and Washington Square back-to-back technical drawings and as-built structures infringe three of its copyrights.

In connection with these allegations, it is believed that Rottlund will attempt to offer evidence or elicit testimony at trial about the following: (1) comparison of individual elements to prove infringement; (2) elements not identified in Plaintiff's list of seventy-one individual elements, such as the elevations of the products; (3) copyrights beyond the three copyrights asserted in this litigation; (4) references to Villa at Summerwood in Brooklyn Park as the "Original" Villa; and (5) comparison of sales brochures or floor plans to the allegedly infringing product. None of this evidence relates to the inquiry at issue: whether the accused products are substantially similar to the deposit materials for the three copyrights at issue, and should therefore be excluded.

## ARGUMENT

### I. THE COURT SHOULD NOT PERMIT ROTTLUND TO ARGUE INFRINGEMENT OF INDIVIDUAL ELEMENTS.

A comparison of individual elements by Plaintiff should be prohibited because "[Plaintiff] does not claim protection in any one individual element, but asserts that its selection, arrangement, and coordination of the elements is [what is] protectible." The Rottlund Co. v. Pinnacle Corp., et. al., 2004 WL 1879983 at *14 (D. Minn. Aug. 20, 2004). Magistrate Judge Nelson explicitly ruled in her Report and Recommendation, a Report later adopted by this Court, "that infringement of individual elements cannot be the basis for liability." Id. at *16. Plaintiff itself

approvingly avers that a substantial similarity analysis "'should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed comparison of the two works, focusing on individual differences.'" Pl's. Memo. Of Law in Opp'n. to Def's Mot. for Partial Summ. J. at *37 (quoting Richmond Homes Management, Inc. v. Raintree, Inc., 862 F.Supp. 1517, 1527 (W. D. Va. 1994)).

Plaintiff has spent almost three years of litigation claiming that it is the "gestalt," or total look and feel of the products that comprises its infringement case. Any attempt at changing course on the eve of trial should be prohibited because such a dramatic shift in the theory of liability advanced by Plaintiff would unfairly prejudice the Defendants. Moreover, the presentation of alternate theories of liability could mislead and confuse the jury. The jury confusion could manifest itself in the form of an inconsistent verdict, with some of the jurors conducting a "substantial similarity" analysis based on a "gestalt" theory of liability and some comparing the individual elements. Following such a long and protracted legal battle, a jury verdict based on a mix and match approach is not in the best interests of anybody involved. Accordingly, Plaintiff should be prohibited from a comparison of its seventy-one individual elements to Defendants' products and should be required to adhere to the "gestalt" theory of liability it has chosen to advance.

As a specific example, Plaintiff should be precluded from introducing evidence pertaining to copying of the sprinkler room drawings because the Court has already precluded Plaintiff of introducing such evidence. Id. at *16 ("As for the

sprinkler room drawings, Defendants assert, correctly, that infringement of individual elements in this case cannot be the basis for liability"). Defendants bring this motion to exclude because it is anticipated that Plaintiff will attempt to offer evidence, or elicit testimony that seeks to demonstrate similarities between Plaintiff's Reserve sprinkler room drawings and Defendants' Homestead Collection technical drawings. As noted above, permitting a comparison of individual elements in the context of this litigation would not only be contrary to the decision of the Report and Recommendation adopted by this Court, but also lead to jury confusion and the possibility of a verdict premised on varying theories of liability.

## II. THE PRESENTATION OF EVIDENCE SHOULD BE LIMITED TO THE THREE COPYRIGHTS ALLEGED AND THE LIST OF SEVENTY-ONE INDIVIDUAL ELEMENTS PLAINTIFF IDENTIFIES.

### A. Plaintiff should be prohibited from materially modifying its list of seventy-one individual elements to include the elevations of the townhomes.

The Court should preclude reference to, or comparison of elevations between the Plaintiff's drawings and products, and Defendants' drawings and products, because Plaintiff has failed to identify the elevations as one of the seventy-one individual elements that it claims comprises the "gestalt" of its products, and any amendment to its list at this stage of the litigation would be unfairly prejudicial. Moreover, as Magistrate Nelson noted in connection with the sprinkler drawings, "infringement of individual elements cannot be the basis for liability." Id.

B. Plaintiff should not be permitted to introduce evidence of, or testimony regarding the Villa Summerwood and New Villa registrations.

Magistrate Nelson has identified and fixed the three copyrights at issue in this case. See Report and Recommendation on Def's. Mot. For Partial Summ. J. on Damages (October 25, 2004) at *7 ("This case involves alleged violations of three copyrights: the Villa II technical drawings (registration number VAu 447-395); the Villa II architectural works (VAu 534-723); and "The Reserve" technical drawings (VAu 546-285)")(citing Plaintiff's Seventh Am. Complaint at ¶¶ 17-20)). Introduction of additional registrations to prove infringement of the Villa II and Reserve registrations would unduly expand the scope of this litigation, lead to confusion of the issues, and result in needless presentation of irrelevant evidence. Plaintiff has had countless opportunities to amend its complaint to add claims of infringement of the Villa Summerwood and New Villa registrations, but has failed to do so. It should not be permitted to now use the Summerwood and New Villa registrations to prove infringement of the copyrights at issue in this litigation.

Moreover, the Court should exclude any reference to Plaintiff's Villa at Summerwood product as the "Original" Villa because repeated references to the Summerwood product as the "Original" would unduly influence the jury to arrive at a decision based on an improper basis. Repeated references to Plaintiff's Villa Product at Summerwood as the "Original" would unduly influence the jury in its decision on the merits by implying originality of design, and subsequent copying or reproduction of the "original." Ultimately, prohibiting Plaintiff from referring to its

Villa product at Summerwood by the title it was registered under would not prejudice the Plaintiff, whereas permitting Plaintiff to repeatedly utilize the term "Original" to refer to its product would unfairly prejudice the Defendants in a suit where Plaintiff has the burden to establish copying of its products.

## III. THE COURT SHOULD EXCLUDE EVIDENCE OF UNREGISTERED SALES BROCHURES AND FLOOR PLANS TO PREVENT JURY CONFUSION AND THE UNDUE EXPANSION OF COPYRIGHT PROTECTION AVAILABLE TO PLAINTIFF.

An appropriate substantial similarity analysis requires a "side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as substantially similar." General Universal Systems, Inc. v. Lee et al., 379 F.3d 131, 142 (5th Cir. 2004). It is anticipated that Plaintiff will attempt to offer evidence, or elicit testimony seeking to compare unregistered sales brochures and floor plans to the Defendants' allegedly infringing products. Such comparisons which trivialize the details of the products and contrast the products out of their actual order and context as a means of proving substantial similarity should be avoided. See Williams v. Crichton, 84 F.3d 581, 590 (2nd Cir. 1996)(disregarding as "inherently subjective and unreliable" a list which emphasized random similarities and "failed to address the underlying issue: whether a lay observer would consider works as a whole substantially similar to one another")(citations omitted).

Plaintiff, in a previous submission to this Court cited a decision out of the District Of New Jersey for the proposition that "'copying the floor plan alone infringes the product.'" Pl's. Memo. in Opp'n. to Def.'s Mot. for Partial Summ. J. at

*27 (quoting The Value Group, Inc. v. Mendham Lake Estates, L.P., 800 F.Supp. 1228, 1233 (D. N.J. 1992)). Plaintiff, however, fails to mention that in that case, the floor plan was copyrighted, and the dispute involved an infringement claim of the floor plan. Id. at 1230 (stating that the "architectural plans and the related sales brochures created to market the homes were copyrighted"). Here, the floor plans and sales brochures Plaintiff offers for a comparison are not copyrighted, and subsequently do not form the basis of this copyright infringement action.

CONCLUSION

The introduction of evidence in the form and manner suggested by Plaintiff would lead to undue delay, confusion of the issues, and misleading the jury. The resultant prejudicial impact of introducing the aforementioned evidence substantially outweighs any probative value. Accordingly, the Court should carefully scrutinize Plaintiff's presentation of evidence to prevent the trivialization of details when comparing the relevant drawings and as-built structures and the undue expansion of copyright protection available to Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order precluding Plaintiff from offering evidence, or eliciting testimony at trial about the following:

(1) infringement of individual elements to prove liability, including the sprinkler room drawings of "The Reserve";

(2) elements not identified in Plaintiff's list of seventy-one individual elements, including the introduction of the elevations of the products as an

individual element;

(3) references to Villa at Summerwood in Brooklyn Park as the "Original" Villa;

(4) introduction of evidence or testimony regarding the Villa at Summerwood and New Villa registrations; and

(5) comparison of sales brochures or floor plans to the allegedly infringing products.

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

- AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037090\1