UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation,
et al.,

Defendants,

and,

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc.,
an Iowa Corporation,

Third-Party Defendant.

Civil Action No. 01-CV-1980 DSD/SRN

**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE ISSUE OF WILLFULNESS; WHETHER DEFENDANTS SOUGHT ADVICE OF COUNSEL AND DRAWING NEGATIVE INFERENCES FROM DEFENDANTS' ASSERTION OF ATTORNEY CLIENT PRIVILEGE (ORAL ARGUMENT REQUESTED)**

Rottlund has alleged that defendants willfully infringed Rottlund's copyrights. Rottlund's claim for willfulness is based on its contention that the July 5, 2001 letter to Michael Ryan was sufficient notice of any alleged infringement. The letter failed to adequately identify the copyrights at issue in this case and, thus, cannot support Rottlund's claim of willfulness.

It is believed that Rottlund will attempt to offer evidence or elicit testimony about whether Pinnacle and, or, Town and Country sought advice of counsel after

Rottlund sent a letter to Michael Ryan on July 5, 2001 alleging copyright infringement. Rottlund has moved to compel answers to interrogatories on this topic. Because this communication is protected by attorney-client privilege, the Court should prevent Rottlund from attempting to introduce this evidence at trial.

It is believed that Rottlund will also attempt to raise a negative inference on the issue of willfulness on the grounds that defendants are asserting attorney-client privilege on the question of whether it sought advice of counsel. Recent Federal Circuit law makes clear that no negative inference is permissible and the Court should prohibit Rottlund from making reference to or eliciting testimony about Pinnacle's and Town and Country's assertion of attorney-client privilege.

## ARGUMENT

### I. ROTTLUND SHOULD BE PRECLUDED FROM ARGUING THAT IT PROVIDED DEFENDANTS THE NOTICE REQUIRED FOR WILLFUL INFRINGEMENT BECAUSE ITS ONLY EVIDENCE DOES NOT CONSTITUTE SUFFICIENT NOTICE REGARDING COPYRIGHTS AT ISSUE.

Rottlund has alleged that defendants' infringement was willful. Allegations of "willful" infringement require evidence that "the infringer is provided oral or written notice of its infringing conduct by the copyright owner. . . ." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1021 (7th Cir. 1991).

Rottlund contends that it provided notice to all defendants in a July 5, 2001 letter to Michael Ryan. That letter states "Recently, it has come to our client's attention that you are in the process of developing certain properties, including but not limited to those sold as the "Homestead Collection" . . . that are substantially similar to certain proprietary architectural designs of our client. Promotional

materials illustrating the designs in question are enclosed herewith." (BSB01932) The enclosed materials included an ad for a TCM townhome and a newsletter from Rottlund that featured photos of the New Villa townhome and floorplans for the New Villa townhome. *Id.* This is clear from the fact that, among other things, the interior units of the townhomes on the brochure lack two car garages.

Rottlund's Eighth Amended Complaint alleges that defendants infringed three copyrighted works. Two for Villa II technical drawings, bearing registrations VAu 447-395 and VAu 546-285 and one for the Rush Creek Villa II as an architectural work, bearing registration VAu 534-723. Neither the letter nor the enclosed promotional material identify the Villa II technical drawing or structures by name or registration number. In fact, the letter was sent *before* Rottlund even applied for two of the copyrights at issue - VAu 546-285 and VAu 534-723.

In *Video Views*, the Seventh Circuit held that a letter identifying several films allegedly infringed upon was insufficient to support a claim for willfulness where the films that were found to be infringed were not identified. *See Video Views*, 925 F.2d at 1021. A letter to Mike Ryan stating that Pinnacle's products allegedly infringed another copyrightable work, without identification of the copyright or copyrighted work, is insufficient to support a claim for willful infringement at issue in this case. Thus, defendants had no notice of infringement of the copyrights at issue in this case. Moreover, the notice letter does not include any allegations regarding the Washington Square back-to-back townhomes or the Chateau Collection. Thus, Rottlund cannot establish willfulness as to these products. *Id.* This Court should prohibit Rottlund from introducing the letter as

evidence of notice. Moreover, because Rottlund has not identified any other evidence of notice to the defendants from Rottlund regarding the copyrighted works, Rottlund should not be allowed to pursue its allegation of willfulness at trial.

## II. ROTTLUND SHOULD NOT BE ALLOWED TO INTRODUCE PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS IN AN ATTEMPT TO PROVE WILLFULNESS

It is believed that Rottlund intends to offer or elicit evidence or testimony about whether defendants sought an opinion of counsel regarding the alleged infringement in support of its argument for willfulness. Defendants have affirmatively stated that they are not waiving the attorney client privilege or asserting a "reliance on counsel" defense in this case. Absent a waiver of attorney-client privilege that accompanies the assertion of that defense, defendants' communications with their attorneys are privileged and inadmissible.

Defendants have not waived the attorney-client privilege implicitly by putting the information in that communication at issue in the case. *Cf. See Medtronic, Inc. v. Intermedics, Inc.*, 162 F.R.D. 133, 135 (D. Minn. 1995) (where a party attempts to utilize information in an otherwise protected communication, it waives the attorney client privilege); *Bieter Co. v. Blomquist*, 156 F.R.D. 173, 179 (D. Minn.1994) (attorney-client privilege is waived where former client sues attorney for malpractice) and *Pamida, Inc. v. E.S. Originals, Inc.*, 199 F.R.D. 633, 635 (D. Minn.2001) (plaintiff waived any attorney-client privilege by bringing an action in which the information is relevant and material).

This Court should bar Rottlund from attempting to solicit testimony about whether defendants sought legal advice regarding the alleged infringement. Defendants' communication with their attorneys is privileged and not admissible.

## III. ROTTLUND CANNOT SEEK A NEGATIVE INFERENCE IN SUPPORT OF WILLFULNESS FROM DEFENDANTS' ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE.

This Court should prevent Rottlund from making any reference to or offering any evidence or testimony at trial that attempts to create a negative implication about defendants' assertion of attorney-client privilege.

On September 13, 2004, the Court of Appeals for the Federal Circuit issued its en banc ruling that a negative inference cannot be drawn in a patent case either when the defendant has not obtained an opinion of counsel or when the attorney-client privilege or work-product has been asserted by the defendant. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge, Gmbh v. Dana Corp.*, 383 F.3d 1337, 2004 WL 2049342, * 4-5 (Fed. Cir. 2004). Thus, despite the fact that patent law (unlike copyright law) has "an affirmative duty of due care to avoid infringement of the known patent rights of others," the Federal Circuit held that assertion of the attorney-client privilege and refusal to disclose the existence of an opinion of counsel does not provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable. *Id.* at *5, quoting *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993).

Permitting a negative inference to flow from the assertion of the attorney-client privilege would "distort the attorney-client relationship, in derogation of the foundation of that relationship." *Id.* at *4, citing *Swidler & Berlin v. United States*,

524 U.S. 399, 410 (1998) (ad hoc exceptions to privilege may cause "general erosion"). This Court should prevent any attempt by Rottlund to suggest that the jury draw a negative inference on the issue of willfulness as a result of defendants' assertion of the attorney-client privilege and refusal to disclose the existence or content of an opinion of counsel.

CONCLUSION

For the reasons stated above, the Court should prohibit Rottlund and its attorneys from making comments or eliciting testimony regarding willfulness on the part of defendants. The Court should further prohibit Rottlund and its attorneys from making comments or eliciting testimony about whether defendants sought an opinion of counsel regarding the alleged copyright infringement. The Court should further prohibit Rottlund and its attorneys from making comments or eliciting testimony that attempts to draw a negative inference with respect to willfulness from the assertion of attorney-client privilege.

Dated: November 1, 2004.

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

- AND –

Edward F. Ryan

Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

3033635/2