UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc.,<br>d/b/a Rottlund Homes,<br>a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation,<br>d/b/a Town & Country Homes,<br>an Illinois Corporation,<br>et al.,<br><br>Defendants,<br><br>and,<br><br>Town & Country Homes, Inc.,<br>a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br>v.<br><br>Bloodgood Sharp Buster<br>Architects & Planners of Iowa, Inc.,<br>an Iowa Corporation,<br><br>Third-Party Defendant. | Civ. No. 01-CV-1980 DSD/SRN<br><br>**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC. MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING LAND OPPORTUNITIES** |

During her deposition, Rottlund's retained expert, Melissa Snelson ("Snelson") testified that her calculation of Rottlund's damages was based in part upon Rottlund's representation that there were other parcels of land available that Rottlund could have acquired to expand its production of homes, but chose not to pursue those opportunities because the demand for such town homes had been

soaked up by TCM. (Deposition of Melissa Snelson, 57:6-11). Snelson testified in her deposition that she did not know of any specific examples of land that was available to Rottlund for development, and that she merely relied upon Rottlund's claim of availability in determining her damages calculation. (*Id.* at 55:11-13; 56:16-23; 92:22-23).

Throughout the course of discovery, Rottlund has consistently failed to produce any evidence regarding land acquisition opportunities. In fact, Rottlund first denied that any such documents existed and submitted an affidavit executed by Mr. Todd Stutz attesting to the absence of any documents. In a subsequent deposition, Mr. Stutz admitted that Rottlund actually did have several files relating to land acquisition opportunities and Rottlund was forced to produce those documents. None related to the opportunities referred to by Ms. Snelson.

On September 28, 2004 the Magistrate ordered all parties to supplement their discovery responses so as to be current as of October 1, 2004. Once again, however, Rottlund failed to produce any documents relating to any land acquisition opportunities. When defendants raised Rottlund's failure to produce these critical documents at an October 15, 2004 hearing, Rottlund's counsel stated that no such documents existed because "Rottlund's policy is not to maintain the files for development opportunities." Id. at 23:11-13. The defendants pointed out that once a party knows or should know that a document is relevant to litigation, the party cannot discard the document, even if the party's document retention policy calls for destruction. *Stevenson v. Union Pacific Railroad Co.*, 354 F.3d 739, 746 (8th Cir.

2003)(citing *Lewy v. Remington Arms Co.,* 836 F.2d 1104, 112 (8th Cir. 1988)); *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d at 267 (citation omitted). In fact, "[s]anctions are appropriate when a party (1) destroys (2) discoverable material (3) which the party knew or should have known (4) was relevant to pending, imminent or reasonably foreseeable litigation," and the destruction prejudiced the opposing party. *Lexis-Nexis v. Beer,* 41 F. Supp.2d 950, 954 (D. Minn. 1999); *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d at 267.

Rather than sanctioning Rottlund on the spot, the Magistrate asked Rottlund's counsel to double check to see if documents had actually been destroyed. (October 15, 2004 Transcript at 31:21 – 32:2) When the parties met again, Rottlund's counsel claimed not to have understood the prior directive from the Court, so this time the Magistrate was explicit:

> THE COURT: Mr. Davenport, let me just ask you a simple question. If Mr. Stutz or another relevant person were called to testify, would they testify that during the course of this litigation they maintained those development opportunity documents?
>
> MR. DAVENPORT: I can ask them that specific question, Your Honor.
>
> (October 25, 2004 Transcript, 34:20 – 35:2)

Rottlund has never responded. Instead, it has produced several thousand pages of land closing files, none of which relate to the opportunities Ms. Snelson alluded to.

Under Federal Rule of Civil Procedure 37, "[w]hen a party fails to cooperate or make discovery under Rule 37, the court may prohibit 'that party from introducing designated matters into evidence.'" *Dillon v. Nissan Motor Co., Ltd.*,

986 F.2d 263, 268-69 (8th Cir. 1992)(quoting FED. R. CIV. P. 37(B)(2)(b)). In this case, Rottlund has clearly failed to cooperate with appropriate discovery procedures. Pinnacle has requested these documents from Rottlund several times, but Rottlund has refused to produce them. Further, Rottlund has continued to refuse to produce the documents despite a Court order demanding their production. Because Rottlund has refused to produce documents within its control and relevant to its own allegation, Rottlund should be precluded from introducing any argument, testimony or evidence regarding that allegation. *See Semi-Tech Litigation LLC v. Bankers Trust Co.*, 219 F.R.D. 324 (S.D.N.Y. 2004) (precluding testimony of expert witness disclosed on eve of discovery deadline).

Furthermore, the proper remedy to a party's intentional destruction of evidence (there is apparently no other explanation) is exclusion of the destroyed evidence or a jury instruction permitting the jury to assume that the contents of the documents destroyed are adverse to party at fault. *Dillon v. Nissan Motor Co., Ltd.,* 986 F.2d at 266-67 (disallowing evidence of claim); *Stevenson v. Union Pacific Railroad Co.*, 354 F.3d at 746 (instructing the jury as to adverse inference). Because Rottlund intentionally destroyed documents relevant to its own claim and severely prejudiced Pinnacle, Rottlund should be precluded from introducing any evidence, argument or testimony supporting its claim that other parcels of land were available for development in proximity to TCM's developments, but that Rottlund decided not to pursue those opportunities because TCM had soaked up the demand for back-to-back town homes.

Therefore, defendants Pinnacle Corporation and Town & Country Homes, Inc. respectfully request that this Court preclude all argument, testimony, evidence or mention of the availability of other land for development or Town and Country's control of the town home market. Alternatively, defendants respectfully requests that this Court instruct the jury to adversely infer the contents of any land opportunities documents not produced by Rottlund.

Dated: November 1, 2004

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street #4000
Minneapolis, MN 55402
Telephone: (612) 492-7312

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

– AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600

David Donna (#163624)
DONNA & DALY
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037121\1