UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc.,<br>d/b/a Rottlund Homes,<br>a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation,<br>d/b/a Town & Country Homes,<br>an Illinois Corporation,<br>et al.,<br><br>Defendants,<br><br>and,<br><br>Town & Country Homes, Inc.,<br>a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br>v.<br><br>Bloodgood Sharp Buster<br>Architects & Planners of Iowa, Inc.,<br>an Iowa Corporation,<br><br>Third-Party Defendant. | Civ. No. 01-CV-1980 DSD/SRN<br><br>**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING COMPETITION PRODUCT SURVEY** |

Among the thousands of pages of documents produced to Rottlund throughout the course of discovery in this matter, one page was a facsimile cover sheet referencing a "Competition Products Survey" for Minnesota ("Product Survey"). Neither the sender of the fax (Larry Moore) nor the recipient (Steve Sandelin), recalls the Product Survey or has been able to locate any documents

labeled "Product Survey." In other words, no one knows what this document was. In all likelihood the attachments were separated and produced individually, or discarded prior to the commencement of this litigation.

Throughout discovery Rottlund has attempted to inflate the importance of the Product Survey, even going so far as to argue that this "survey" would be the dead body if this were a criminal trial. The problem is that Rottlund does not know what the document is either. Nevertheless, defendants expect that Rottlund will seek to use the facsimile cover sheet to create an inference that defendants have engaged in spoliation of evidence and to obtain a jury instruction allowing the jury to presume that the contents of the Product Survey are adverse to defendants' position.

Such use of evidence would be highly prejudicial and improper in this matter. Pinnacle has not refused to produce or purposefully destroyed the Products Survey. Instead, Pinnacle has produced thousands of documents kept in the ordinary course of its business pursuant to Federal Rule of Civil Procedure 34. Pinnacle's inability to produce the Products Survey stems not from intentional withholding or destruction of evidence, but from the mere fact that it does not have the document.

While an adverse inference can properly be drawn against a defendant for failing to produce a document whose contents are relevant to an issue in a case, no such inference can be made here. *See Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). First, it is unclear in this situation whether the content of the Product Survey is relevant to any of Rottlund's claims. No witness

can remember seeing the Products Survey, and none can recount its content. Further, no one from Rottlund has seen the Product Survey, rendering it impossible to determine whether the document contained any information relevant to its case.

Secondly, in order to be entitled to an adverse inference jury instruction, the party seeking the seeking the inference must show that (1) the evidence in question was within the non-producing party's control and (2) that the evidence was withheld in fraud or an attempt to suppress the truth. *Id.*; *Stevenson v. Union Pacific Railroad Co.,* 354 F.3d 739, 746 (8th Cir. 2004). Pinnacle's actions do not meet the standards set forth here. Pinnacle has produced all documents requested by Rottlund in discovery. It has diligently searched its files for the Product Survey, to no avail. Pinnacle has not purposefully held any documents from Rottlund's review. Pinnacle simple does not have the Product Survey, rendering it unable to produce the document.

It is well settled that "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983); *Lewy v. Remington Arms Co.*, 836 F.2d. 1104, 1112 (8th Cir. 1988)); *Scout v. Gordon*, 849 F. Supp. 687, 691 (D. Neb. 1994). There is no question that Pinnacle has accounted for its failure to produce the Product Survey in this case: the document was unintentionally lost or discarded.

The impact of the lost document on Rottlund's position is minimal: without knowledge of the contents of the Product Survey, any claim that it is beneficial or even relevant to Rottlund's position is purely speculative. Further, there is no evidence that the Product Survey was intentionally destroyed or otherwise hidden by Pinnacle to prevent Rottlund from finding it. Given this, an adverse inference instruction is inappropriate. Rottlund should be barred from presenting any evidence regarding the Competition Product Survey for Minnesota or the facsimile cover sheet. Alternatively, Rottlund should be barred from instructing the jury that Pinnacle's failure to produce the Product Survey should be interpreted adversely.

Therefore, defendants Pinnacle Corporation and TCM respectfully request that this Court preclude all testimony and evidence relating to the Competition Product Survey for Minnesota and the facsimile cover sheet regarding the same. Alternatively, defendants respectfully request that this Court bar plaintiffs from instructing the jury to adversely infer the contents of the Competition Product Survey for Minnesota.

Dated: November 1, 2004

s/Darren B. Schwiebert

Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street #4000
Minneapolis, MN 55402
Telephone: (612) 492-7312

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

– AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600

David Donna (#163624)
DONNA & DALY
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3037116\1