UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & County Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PINNACLE CORPORATION'S AND TOWN & COUNTRY HOMES, INC.'S PROPOSED JURY INSTRUCTIONS**

In accordance with Local Rule 39.1(b), defendants Town and Country Homes, Inc., and Pinnacle Corporation submit the following proposed jury instructions.

Defendant requests that the Court give the following Model Civil Jury Instructions for the Eighth Circuit:

§ 3.01 (Explanatory)

§ 3.02 (Judge's Opinion)

§ 3.03 (Credibility of Witnesses)

§ 3.04 (Burden of Proof)

§ 3.06 (Election of Foreperson; Duty to Deliberate)

In addition, defendants request that the Court give the following standard instructions from Kevin F. O'Malley, et al., Federal Jury Practice and Instructions:

§ 103.30 (Evidence in the Case)

§ 105.01 (Credibility of Witnesses – Discrepancies in Testimony)

§ 104.40 (Opinion Evidence– Expert Witness)

§ 105.02 (Depositions – Use as Evidence)

§ 105.04 (Impeachment – Inconsistent Statements)

Defendants also request that the Court give the attached specific instructions.

Dated: November 1, 2004

s/Darren B. Schwiebert

Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7312
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

s/ Christopher J. Murdoch
Christopher J. Murdoch
Matthew I. Farmer
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

**PROPOSED INSTRUCTION NO. 1**

**THE PARTIES**

The plaintiff, the Rottlund Company, Inc., claims that the defendants, Pinnacle Corporation, Town and Country Homes, Inc., Bloodgood Sharp Buster and the Bloodgood Group, Inc. are liable for copyright infringement, and violations of the Lanham Act and the Minnesota Uniform Deceptive Trade Practices Act. The Defendants deny any liability.

In these instructions, I will refer to the plaintiff, the Rottlund Company, Inc. as "Rottlund." I will refer to the two sets of technical drawings for Rottlund's Villa II townhouses as "Rottlund's drawings" and Rottlund's as-built Villa II Collection townhomes as the "Villa II townhomes."

I will refer to the defendant, Pinnacle Corporation as "Pinnacle." I will refer to the defendant Town and Country Homes, Inc. as "Town and Country." I will refer to the Defendant Bloodgood Sharp Buster as "BSB." And, I will refer to defendant the Bloodgood Group, Inc. as "the Bloodgood Group."

I will refer to the technical drawings for the Homestead Collection townhomes as the "Homestead drawings," the technical drawings for Chateau Collection townhomes as "Chateau drawings," and the technical drawings for Washington Square as the "Washington Square drawings.

I will refer to the as-built Homestead Collection townhomes as the "Homestead townhomes," the as-built Chateau Collection townhomes as the "Chateau townhomes," and the as-built Washington Square townhomes as the "Washington Square townhomes."

Given ____________
Objected__________
Refused___________

**PROPOSED INSTRUCTION NO. 2**

**THE PARTIES' CLAIM GENERALLY**

Rottlund accuses the defendants of copyright infringement. Rottlund claims that it owns valid copyrights on the Rottlund drawings and the Villa II townhomes.

Rottlund further claims that its copyrights on the Rottlund drawings have been infringed by Town and Country and BSB with the Homestead drawings, and Chateau drawings

Rottlund further claims that its copyrights on the Rottlund drawings have been infringed by Pinnacle and BSB with the Washington Square drawings.

Rottlund further contends that its copyright on the Villa II townhome was infringed by Town & Country and BSB through the Homestead townhomes and Chateau townhomes.

Rottlund further contends that its copyright in the Villa II townhome was infringed by Pinnacle and BSB through the Washington Square townhome.

Rottlund further claims that it has suffered damages as a result of these infringements.

Rottlund further contends that Pinnacle is vicariously and contributorily liable for Rottlund's actual damages caused by the infringement of the Rottlund drawings by Town & Country and BSB through their Homestead drawings and Chateau drawings.

Rottlund further contends that Town & Country is vicariously and contributorily liable for Rottlund's actual damages caused by the infringement of the Rottlund drawings by Pinnacle and BSB through their Washington Square drawings.

Rottlund further contends that the Bloodgood Group is vicariously and contributorily liable for any of Rottlund's actual damages caused by any infringing conduct of BSB.

The defendants deny that Rottlund owns a valid copyright on the Villa II townhomes. The defendants further deny that any infringement has occurred. The defendants further claim that the Homestead drawings and townhomes, the Chateau drawings and townhomes, and the

Washington Square drawings and townhomes were independently created. The defendants further deny that Rottlund suffered any damages, or only nominal damages.

Pinnacle denies that it is vicariousily or contributorily liable for any of Rottlund's actual damages that may have been caused by the Homestead drawings or townhomes or the Chateau drawings or townhomes.

Town & Country denies that it is vicariously or contributorily liable for any of Rottlund's actual damages that may have been caused by the Washington Square drawings or townhomes.

The Bloodgood Group denies that it is vicariously or contributorily liable for any infringing conduct by BSB.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.20 (5th ed. 2000) (modified); *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 361 (1991).

Given ____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 3**

**COPYRIGHT – HOW OBTAINED**

Copyright automatically exists in a work the moment it is created. The owner of the copyright may register the copyright by depositing a copy of the copyrighted work in the Copyright Office of the Library of Congress. After a determination that the material constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

There is no administrative investigation as to the originality or uniqueness of the work or a determination of the validity of the claim. A certificate of copyright registration is refused only if it falls outside the broad category of matter eligible for copyright registration. Therefore, while the existence of a copyright registration creates some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued is not dispositive as to whether the work is entitled to copyright protection.

Authorities:
6 M. Nimmer,, *Nimmer On Copyright*, Form 39-04 at 39-38 (2003) (modified)

*Citing*, Ninth Cir. Model Jury Instr. § 17.0 (1997); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 740-41 (9th Cir. 1971) (a certificate is refused only if the subject falls outside the broad category of matter subject to copyright registration); 17 U.S.C. §§ 4-5.

Given ____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 4**

**PURPOSE OF THE COPYRIGHT LAW**

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word "author" used for writers. But under the copyright law, any creator of an original work is referred to as the author. That is the term we use in the copyright law for the creator of an original work.

Copyright protection extends only to the expression of the ideas in the author's work, but never to the ideas themselves. Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted. In the context of a work of authorship that is functional in nature, like an architectural plan, one must distinguish between an idea and the expression of the idea. As a generalization, to the extent architectural plans include generalized notions of where to place functional elements, how to route the flow of traffic, and what methods of construction and principals of engineering to rely on, these are ideas that may be taken and utilized by a successor without violating the copyright of the author or designer. On the other hand, to the extent that the copier appropriates not only the ideas but the author's personal expression of them, infringement may be found. Common elements and generic features are shared by all homes. The Copyright Act does not protect the ideas for juxtaposing these living spaces.

The law accepts that there are at least two competing considerations involved. On the one hand, the creator of a work has the right to reap the benefits of her creativity and effort. On the other hand, progress in art as well as science requires that everyone have the right to develop and create new works using the same ideas and subjects.

The copyright law attempts to strike a balance between these two values, protecting so much of the author's original work as embodies his or her own particular form of expression, but not so much as would prevent others from using the same ideas, themes and subjects in their own forms of expression.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.10 (5th ed. 2000) (modified); *Id*. at § 160.01 (Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted); 17 U.S.C. § 103(b) (no copyright protection can be claimed in preexisting material); *Attia v. Society of New York Hospital*, 201 F.3d 50 (2d Cir. 1999); *Kootenia Homes, Inc. v. Reliable Homes, Inc.*, 2002 Corp. L. Dec. ¶ 28, 400, 2002 WL 15594 (D. Minn).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 5**

**INFRINGEMENT GENERALLY**

To establish its claims of copyright infringement on the Rottlund technical drawings or the Villa II townhomes, Rottlund must prove by a preponderance of the evidence, separately for each of its claims on the drawings and the townhomes:

1. First, Rottlund owns a valid copyright in Rottlund drawings or the Villa II townhomes it claims were infringed;

2. Second, there was copying by the defendants of the Rottlund drawings or the Villa II townhome;

3. Third, any elements of the Rottlund drawings or Villa II townhome that the defendants copied in fact represent original and protectible expression of Rottlund's.

In this case, there is no dispute that Rottlund owns valid copyrights in the Rottlund drawings. Thus, for the claims based on copyright infringement of the Rottlund drawings, you must only decide if there was copying by the defendants of the Rottlund drawings and if the copied elements were original and protectible expressions of Rottlunds.

With regard to Rottlund's claims that its Villa II townhome was copied by the defendants' townhomes, you must address all three of the issues.

I will explain in greater detail what the plaintiff must prove to satisfy each of these elements.

Authorities:

6 D. Nimmer, *Nimmer On Copyright*, Form 39-04 at 39-37 (2003) (modified)

*Citing*, Ninth Cir. Model Jury Intr. § 17.3.2 (1997) (modified to fit context); *Fasa Corporation v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1347 (N.D. Ill. 1994) ("To prevail on its copyright infringement claims, [plaintiff] must prove both '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"), quoting *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994); *Stillman v. Leo Burnett Co.*, 720 F. Supp. 1353, 1358 (N.D. Ill. 1989) ("To prove illicit copying, [the plaintiff] must establish both

(1) copying, and (2) unlawful appropriation . . . To establish copying, a plaintiff must show (1) access, and (2) substantial similarity between the works 'when compared in their entirety including both protectible and unprotectible material.' . . . Finally, to show unlawful appropriation (i.e., substantial similarity as a matter of law), the plaintiff must demonstrate that the defendant's copying extended to the plaintiff's protectible expression.") (citations omitted).

Given ____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 6**

**PROOF OF INFRINGEMENT**

Rottlund cannot win unless it proves that the protectable elements of the Rottlund drawings and Villa townhomes were infringed. Infringement can be proved by direct or circumstantial evidence.

An example of direct evidence would be an admission by an employee of the defendants that the work was copied, or the testimony of someone who saw the work being copied. But most frequently proof of that nature is not available in copyright cases.

Circumstantial evidence is often resorted to in copyright cases, in an effort to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

> *First:* Are there similarities between the Rottlund drawings and the Homestead drawings and Chateau drawings? Are there similarities between the Villa townhomes and the Homestead townhomes and Chateau townhomes?
>
> *Second:* If there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other apparent explanations for the similarities?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place. If, after considering all the proof in the case, you found yourselves unable to draw a logical inference one way or the other, then Rottlund would have failed in its burden of proof on this issue.

If you find, however, considering all the circumstances, that it is more likely than not that copying has taken place, then Rottlund has sustained its burden on that particular issue.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.27 (5th ed. 2000) (modified).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 7**

**COMPILATION**

A "compilation" is a work formed by the collection and assembling of preexisting materials that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

An owner is entitled to copyright protection of a compilation.

The owner of a compilation may enforce the right to exclude others in an action for copyright infringement. However in order for the owner of a copyright on a compilation to prove infringement, the owner of a compilation must prove by a preponderance of the evidence that the infringing work is virtually identical to the copyright work.

Authorities:
Federal Jury Practice and Instructions Civil §160.43 (5th ed. 2004); *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 729 (8th Cir. 2002)

Given ____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 7A**

**(IN THE ALTERNATIVE TO 7)**

**SUBSTANTIAL SIMILARITY**

If you find similarities between the works, you must ask yourselves whether the similarities are substantial -- that is, whether the similarities are or are not the kind of which would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

If the details in the two works are not substantially similar, then you might conclude that any similarities are coincidental or are due to the suggestiveness of the subject matter. On the other hand, certain similarities may be very convincing proof of copying. The more original, the more unusual or imaginative or arbitrary is the material that you find to be similar in both works, the less likely that similarity is a coincidence. The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to coincidence, or the suggestiveness of the subject matter.

When a work contains both protectible and unprotectible elements, inquiry must be made as to whether the protectible elements standing along, are substantially similar. Similarities between Rottlund's and Town and Country's works that are limited to commonly used elements cannot furnish the basis for a finding of substantial similarity.

Where general similarities are limited to the ideas contained in the works and the particular expressions of the works are dissimilar, that may be an important factor in whether substantial similarity is lacking.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.27 (5th ed. 2000) (modified); *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996) (When a work contains both protectible and unprotectible elements, inquiry must be made as to whether the protectible

elements standing along, are substantially similar); *Batemean v. Mnemonics, Inc.*, 79 F.3d 1532, 1543-44(11th Cir. 1996); *Kootenia Homes, Inc. v. Reliable Homes, Inc.*, 2002 WL 15594 *5-7 (D. Minn. 2002); *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1043 (8th Cir. 2003) ("... similarity between plaintiff's and defendant's works that are limited to hackneyed elements cannot furnish the basis for a finding of substantial similarity." quoting 4 Nimmer on Copyright §13.03[B]4 at 13-75 (2002)); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987) (First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works.").

Given _____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 8**

**THE PLAINTIFF'S COPYRIGHTS ARE COMPILATIONS**

I am instructing you now that the only protectible expression claimed by Rottlund in its copyrights in this case is the selection arrangement and coordination of architectural features that are generally known, frequently used, unoriginal and unprotectible in and of themselves. Accordingly, I am instructing you that Rottlund's copyrights are compilations. To prove infringement by the defendants, Rottlund must prove that the defendant's townhomes and designs are virtually identical to Rottlund's technical drawings or the Villa II townhomes.

Authorities:
*The Rottlund Company, Inc. v. Pinnacle Corp.*, 2004 W 1879983, *14 (D. Minn.); *Feist Publications, Inc. v. Rural Telephone*, 499 U.S. 340, 111 S.Ct. 1282, 113 L. Ed. 2d 358 (1991); *Tufenkian Import/Export Ventures, Inc. v. Einstein Moonjy, Inc.*, 338 F.3d 127, 132 (2d Cir. 2003); *Domingo Cambeir Professional Corp. v. Advent*, 2000 WL 262597 (9th Cir. 2000).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 8A**
**(IN THE ALTERNATIVE TO 8)**

**PLAINTIFF'S ORIGINAL ELEMENTS – COURT'S RULING ON ELEMENTS NOT COPYRIGHTABLE**

The Court instructs you that the overall look and feel of the entire work that results from Rottlund's selection, coordination and arrangement of the 71 elements identified on Exhibit __ is the only aspect of the Rottlund drawings or the Villa II that could be protected by copyright. The 71 elements are not protectible in and of themselves in any way. Thus, you may not base a finding of infringement on the basis of any similarities between any of these elements individually, or similarities between any individual unit, room, feature or design element. Nor should you conclude that unlawful appropriation of plaintiff's works has occurred simply if you find that defendants' works also include those 71 elements.

You may only find substantial similarity for proving infringement if you find that the defendants have selected, coordinated and arranged the same 71 elements in a way that creates an overall look and feel that is substantially similar to the overall look and feel of Rottlund's entire work that derives from Rottlund's selection, coordination and arrangement of those 71 elements.

<u>Authorities</u>:
6 D. Nimmer, *Nimmer On Copyright*, Form 39-04 at 39-46 (2003) (modified).

*Citing, Stillman v. Leo Burnett Co.*, 720 F. Supp. 1353, 1358 (N.D. Ill. 1989) ("the plaintiff must demonstrate that the defendant's copying extended to the plaintiff's protectible expression"); *Wallace Computer Servs., Inc. v. Adams Bus. Forms, Inc.*, 837 F. Supp. 1413, 1416-17 (N.D. Ill. 1993) ("Substantial is similarity, however, is also use as a term of art relating to the unlawful nature of the similarities between the two works. So, if a later work has copied-only nonprotectible expression, it is not 'substantially similar' to the first work under this second definition"); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (only original expression is protected); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (17 U.S.C. 102(b) in pertinent part provides: "(b) In no case does copyright protection for an original work of authorship extend to any idea. . . ."); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) ("Two things may be strikingly similar -

may in fact be identical - not because one is copied from the other but because both are copies of the same thing in the public domain."); *Warner Bros. Inc. v. American Broadcasting Co.*, 720 F.2d 231, 240, 245, (2d Cir. 1983); *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488 (9th Cir. 1984); *Gund, Inc. v. Smile International, Inc.*, 691 F. Supp. 642, 645 (E.D.N.Y. 1988); *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, 987 (S.D.N.Y. 1980); *Franklin Mint Corp. v. National Wildlife Art Exchange*, 575 F.2d 62, 65 (3d Cir. 1978) ("On the one hand, an artist who produces a rendition with photograph-like clarity and accuracy may be hard pressed to prove unlawful copying by another who uses the same subject matter and the same technique).

Given ____________
Objected___________
Refused___________

**PROPOSED INSTRUCTION NO. 9**

**INDEPENDENT CREATION**

If you find by a preponderance of the evidence that there are substantial similarities between the Homestead Collection, Washington Square Townhome or Chateau Collection and original elements of the Villa II townhome, and if you find by the greatest weight of the evidence that these substantial similarities are the result of copying, you may, but are not required to, infer that Pinnacle, Town & Country or Bloodgood actually copied portions of the Villa II. Before reaching your conclusion on the issue of actual copying, you must consider whether Defendants created the townhomes independently of Villa II, that is to say, without copying the Villa II. If Rottlund has demonstrated similarities probative of copying, Pinnacle, Town & Country and Bloodgood may rebut any inference of copying by proving, by the preponderance of the evidence, that their townhomes were created independently of the Villa II townhome.

If defendants created their works without copying any of Rottlund's protected elements or if they copied something other than Rottlund's protected works, they "independently created" their works and copyright infringement has not occurred.

<u>Authorities</u>:
*Grubb v. KMS Patriots, LP*, 88 F.3d 1, 6 (1st Cir. 1996) ("Copyright protection precludes only copying: if two people arrive at the same result independently, copyright law will not protect the first."); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (holding that plaintiff must establish copying as a factual matter to prove infringement); *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984) (holding that no matter how similar two works are, if the defendant did not copy there is no infringement); *Hogan v. DC Comics*, 983 F. Supp. 82, 85 (N.D.N.Y. 1997) ("even when two works are substantially similar, even identical, if the defendant did not copy as a factual matter but instead independently created the work at issue, then infringement has not occurred"); *Cox v. Abrams*, 1997 WL 251532 at *3 (S.D.N.Y. 1997) ("If defendants demonstrate independent creation of the allegedly infringing work, . . . plaintiffs' infringement claim must fail."); and *Ganz Bros. Toys v. Midwest Importers of Cannon Falls, Inc.*, 834 F. Supp. 896, 899 (E.D. Va. 1993) ("There is no actionable infringement where the creation of a work of art substantially similar to a copyrighted work occurs independently of the copyrighted work."). *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) (a defendant "independently created" a work if it created its own work without copying anything or

if it copied something other than the plaintiff's copyrighted work); *Ellis v. Diffie*, 177 F.3d 503, 507 (6th Cir. 1999)

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 10**

**DAMAGES**

If you find that the defendants infringed any of the plaintiff's copyrights and if you find that the defendants did not independently create their designs or townhomes, then you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence.

You should not interpret the fact that I have given you instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win on its claims for copyright infringement. It is your task first to decide whether the defendants are liable for copyright infringement. I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable for copyright infringement.

Authorities:
6 D. Nimmer, *Nimmer On Copyright*, Form 39-04 at 39-54 (2003) (modified).

*Citing* Ninth Cir. Model Jury Instr. § 17.5.1 (1997); Fifth Cir. Pattern Jury Instr. 15.1 (Civil 1998) (modified).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 11**

**ACTUAL DAMAGES**

The law allows Rottlund to recover either the actual damages it sustained as a result of the infringement and the infringer's profits or, in the alternative, statutory damages. You will be asked to calculate both actual damages and statutory damages. Rottlund will elect whether it wants to receive statutory or actual damages after you render your verdict.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.90 (5th ed. 2000) (modified).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 12**

**ACTUAL DIRECT DAMAGES**

If you find that Pinnacle, Town & Country or Bloodgood infringed Rottlund's copyrighted work, then Rottlund may recover whatever actual direct damages it suffered as a result of the infringement. If you determine that either the Homestead Collection or Chateau Collection townhomes infringe on Villa II, "actual direct damages" means the amount of profit Rottlund proves by a preponderance of the evidence it would have earned on additional Villa II that it would have built and sold but for the infringement.

If you find that Rottlund has proven by a preponderance of the evidence that Rottlund would have built and sold more Villa II townhomes if there was no infringement by the defendants, then the profit that Rottlund would have earned on those Villa II townhomes represents Rottlund's actual direct damages. If you are not convinced that Rottlund would have built and sold additional Villa II townhomes but for the homes infringement, then Rottlund has not met its burden of proof, and is not entitled to recover any actual damages.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.92 (5th ed. 2000) (modified).

Given ____________
Objected__________
Refused___________

**PROPOSED INSTRUCTION NO. 13**

**ACTUAL INDIRECT DAMAGES**

If you find that Pinnacle, Town & Country or BSB infringed Rottlund's copyrighted work, then Rottlund may recover whatever actual indirect damages it suffered as a result of the infringement. If you determine that either the Homestead Collection or the Chateau Collection townhomes infringe on Rottlund's copyrights. "Actual indirect damages" means the amount of profits Rottlund proves by preponderance of the evidence it would have earned on other, non-Villa II housing products it would have built and sold but for the infringement.

If you find that Rottlund has proven preponderance of the evidence that Rottlund would have built and sold more non-Villa II housing products but for the infringement by the defendants, the profits Rottlund would have earned or those non-Villa II housing products represents Rottlund's actual indirect damages. If you are not convinced that Rottlund would have built and sold additional non-Villa II housing products but for the infringement, then Rottlund has not met its burden of proof, and is not entitled to recover any actual indirect damages.

Authorities:
*Data General v. Grumman Syst. Support*, 36 F.3d 1147, 1171 (1st Cir. 1994) (burden is on the plaintiff to demonstrate that "but for the defendant's infringement, the plaintiff would not have suffered the loss" and stating that plaintiff must prove the infringement was the proximate cause of the injury).

Given ____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 14**
**COPYRIGHT: ACTUAL DAMAGES---LOST LICENSING FEE**

I have just explained to you the measure of actual damages which you should apply if you conclude that the Homestead Collection or Chateau Collection townhomes infringe on Villa II. If, however, you find that the Washington Square townhome infringes on Villa II, the measure of damages is different. Rottlund builds and sells homes in the Minneapolis area, and the Homestead Collection and Chateau Collection townhomes were also built and sold here in the Minneapolis area. For that reason, there is some possibility that sales of Homestead Collection or Chateau Collection townhomes had an impact on Rottlund sales of its own homes, and it will be Rottlund's burden to prove to you that it did have capacity to build and would have sold additional Villa IIs had there been no infringement. The Washington Square townhome, on the other hand, was built only in Illinois, and Rottlund does not build any homes in Illinois. Thus, the parties have all agreed that the sale of Washington Square townhomes could not have any impact on Rottlund sales at all.

If you conclude that the Washington Square townhome infringes on Villa II, Rottlund's actual damages are measured by the licensing fee that Pinnacle should have paid to Rottlund for use of its copyrighted work. In other words, if you determine that the Washington Square townhome infringes on Villa II, you must determine what Rottlund would reasonably have charged, and what Pinnacle would reasonably have agreed to pay, in exchange for a license that enabled Pinnacle to use the Villa II designs. In making this determination, you must assume that the Rottlund is willing to grant a license to use its copyrighted work, and that Pinnacle was interested in purchasing such a license. When considering what Rottlund would be willing to accept, you should consider things like the value of the copyrighted work to Rottlund,

and whether Rottlund has granted similar licenses in the past. When considering what Pinnacle would be willing to pay, you should considering things like Pinnacle's desire to make a profit.

Authorities:
*Georgia-Pacific Corp. v. United States Plywood Corp.*, 328 F.Supp. 1116, 1120 (S.D.N.Y. 1970), *aff'd in rel. part*, 446 F.2d 295 (2nd Cir.), *cert. denied*, 404 U.S. 870 (1971).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 15**

**DAMAGES-DEFENDANTS' PROFITS**

You may also award to Rottlund defendants' profits that result from the infringement to the extent they are not already accounted for in Rottlund's actual damages. Defendants' profits consists of the amount of money that each of the defendants separately made due to the infringement, after deducting the expenses that defendant incurred in producing and marketing the infringing work.

Profits are determined by deducting all expenses from gross revenue. Gross revenue is all of Town and Country's, Pinnacle's, or BSB's receipts from the sale of the townhomes or the fees for creating the works. Expenses are all operating, overhead and production costs incurred in producing the gross revenue.

Rottlund is not necessarily entitled to all of the defendants' profits, but only to the part of the defendants' profits which is due to the infringement. If the Homestead, Chateau, or Washington Square townhomes were profitable for reasons that had nothing to do with infringement of the Rottlund drawings or Villa II townhomes, then Rottlund is not entitled to recover defendants' profits, because they did not result from the infringement.

It is for you to decide, assuming you reach that point, to what extent the defendants' sales and profits were attributable to copyright infringement as opposed to other factors. Based on this decision, you should decide whether Rottlund is entitled to all of the defendants' profits, or none of the defendants' profits, or something in between.

You may not include in an award of profits any amount that you took into account in determining actual damages.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.92 (5th ed. 2000) (modified).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 16**

**COPYRIGHT DAMAGES: APPORTIONMENT**

The Plaintiff is only entitled to that portion of Pinnacle, Town & Country or Bloodgood's profits, if any, that is due to the infringement. If the townhomes were profitable for reasons that had nothing to do with the alleged infringement, then Rottlund is not entitled to recover the Defendants' profits, because those profits did not result from the infringement. If you determine that Pinnacle, Town & Country or Bloodgood's profits were due, in part, to the alleged infringement, you must the determine to what extent those profits were attributable to the infringement.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.90 (5th ed. 2000) (modified); 4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright, § 14.03(A) at 14-29 (1998); *On Davis v. Gap*, 246 F.3d 152, 160 (2d Cir. 2001); *University of Colorado Foundation v. American Cyanamid Co.*, 974 F. Supp. 1339 (D. Ct. Colorado 1997), *aff'd*, 196 F.3d 1366 (Fed. Cir. 1999); *Rainey v. Wayne State University*, 26 F. Supp. 2d 963, 971 (E.D. Mich. 1998); *Joseph J. Legat Architects, P.C.*, 1991 U.S. Dist. LEXIS 3358, *25-26 (N.D. Ill. Mar. 20, 1991).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 17**

**INDIRECT DAMAGES – DEFENDANTS' PROFITS**

Rottlund is also seeking indirect actual damages based on defendants' profits for sales of homes that do not infringe Rottlund's copyright.

To recover indirect actual damages, Rottlund must establish a causal connection between defendants' infringement and the profits from sales of the non-infringing homes. This means that Rottlund must prove that defendants' infringement caused defendants to earn profit from sales of other homes that are not accused of infringing the copyrights at issue in this case.

If you find that Rottlund successfully established a causal connection between defendants' infringement and defendants' sale of non-infringing homes, you must next consider the amount of profits derived from those sales that is attributable to factors other than infringement.

Defendants have offered evidence that their profits on these sales were attributable to factors other than the infringement, for example, the fact that they are different types of homes all together.

You should award Rottlund only the amount of defendants' profits from sales of non-infringing homes that were attributable to the infringement.

Authorities:
*Andreas v. Volkswagen*, 336 F.3d 789, 796 (8th Cir. 2003); *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002) (plaintiff has the burden of establishing a nexus between the infringement and the indirect profits before apportionment can occur).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 18**

**COPYRIGHT DAMAGES: DAMAGES CANNOT BE SPECULATIVE**

As I explained before, Rottlund may recover only those profits that are attributable to the infringement. In addition, neither a claim for profits nor a claim for actual damages can be based upon speculation. In order to recover the Defendants' profits, Rottlund must show some causal link between the infringement and Defendants' gross revenue. If Rottlund cannot demonstrate with credible evidence a causal connection between the alleged infringement and Defendants' gross revenues, then you may not award Rottlund any of Pinnacle's, Town & Country's or Bloodgood's profits. Likewise, you may not award Rottlund any actual damages if such damages are based on speculation or if there is no rational basis for determining them.

Authorities:
17 U.S.C. § 504(b); *On Davis v. Gap*, 246 F.3d 152, 160 (2d Cir. 2001); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992); *Eiben v. Epstein & Sons, Int'l, Inc.*, 57 F. Supp. 2d 607, 612-613 (N.D. Ill. 1999); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, No. CV-71-2622, 1983 U.S. Dist. LEXIS 20074, at *4 n.4 (C.D. Cal. Jan. 12, 1983).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 19**

**COPYRIGHT: WILLFUL INFRINGEMENT**

If you conclude that Pinnacle, Town & Country or Bloodgood infringed on Rottlund's copyrights, you will be asked to determine whether each Defendant acted willfully in that infringement. You must make this determination of willful conduct separately for each Defendant. Willful infringement does not mean merely intentional. You may find that a Defendant willfully infringed on Rottlund's copyrights only if you conclude that the particular Defendant knew that its conduct constituted copyright infringement at the time of its conduct. If you find that the particular Defendant willfully infringed on Rottlund's copyrights, then that particular Defendant is not entitled to deduct its overhead expenses when calculating its profits.

Authorities:
M. Nimmer & D. Nimmer, Nimmer on Copyright, § 14.04[B][3]; *Original Appalachian Artworks v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 463 (E.D. Pa. 1987); *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 859 (S.D.N.Y. 1984).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 20**

**STATUTORY DAMAGES**

As an alternative to actual damages, the law allows Rottlund to recover statutory damages of not less than $750 or more than $30,000 for each of the three copyrights in this case. If you find that the defendants' conduct was willful, the amount of statutory damages can be up to $150,000 for each of the three copyrights. You may set the amount of damages within this range in any amount that you consider just.

If you find that any defendant was not aware and had no reason to believe that its acts constituted copyright infringement, you may reduce the award of statutory damages to a sum of not less than $200.

Authorities:
17 U.S.C. § 504(c); 3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.92 (5th ed. 2000) (modified); *UMG Recordings, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) ("for purpose of computing statutory damages, the relevant unit is not the number of infringements but the number of infringed works"); *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) ("Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements."); 4 Nimmer on Copyright § 14.04[E][2][b] (. . . no matter how many infringements of one particular copyrighted work may have been committed by a given infringer, if in one copyright infringement action he is sued for all such infringements, his minimum statutory damages liability is $250 [now $750] for all infringements involved in the action, not $250 times the number of such infringements, nor even $250 times the number of infringing transactions in which the infringements might be grouped"); and H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778 ("A single infringer of a single work is liable for a single amount between $250 and $10,000 [now $750 and $30,000], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.").

Given ____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 21**

**VICARIOUS LIABILITY**

If you find that infringement has occurred, you must then consider Rottlund's claims based on vicarious infringement. A person is vicariously liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

In this case, Rottlund contends that Pinnacle is vicariously liable for copyright infringement by Town & Country with regard to the Homestead drawings and townhomes, and the Chateau drawings and townhomes.

Rottlund also contends that Town & Country is vicariously liable for copyright infringement by Pinnacle with regard to the Washington Square drawings and townhomes.

Rottlund also contends that the Bloodgood Group is vicariously liable for copyright infringement by BSB.

In order to prove vicarious copyright infringement Rottlund has the burden of proving each of the following by a preponderance of the evidence:

First: Rottlund is the owner of a valid copyright;

Second: the original and protectible elements of the copyrighted work were infringed;

Third: the party accused of vicarious liability had a financial interest in the infringing activity; and

Fourth: the party accused of vicarious liability had the right and ability to supervise the infringing activity.

You must consider these issues separately with regard to each claim of vicarious liability. If you find that Rottlund has proven each of these propositions by a preponderance of the

evidence with regard to any of these claims, then the party accused of vicarious liability is equally responsible for any actual damages Rottlund suffered. You may not find any party vicariously liable for an infringer's own profits.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.28 (5th ed. 2000) (modified).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 22**

**CONTRIBUTORY LIABILITY**

If you find that by a preponderance of the evidence that copyright infringement has occurred, and that Rottlund has suffered actual damages as a result, you must then consider Rottlund's claims for contributory liability. With certain exceptions, a person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes or material contributes to the activity.

Rottlund claims that Pinnacle is contributorily liable for any infringement committed by Town & Country with respect to the Homestead drawings and townhomes, and the Chateau drawings and townhomes.

Rottlund also contends that Town & Country is contributorily liable for any infringement committed by Pinnacle with respect to the Washington Square drawings and townhomes.

Rottlund also contends that BSB is contributorily liable for any infringement committed by either Town & Country or Pinnacle.

Rottlund also contends that the Bloodgood Group is contributorily liable for any infringement committed by BSB.

In order to prove vicarious copyright infringement, Rottlund has the burden of proving each of the following by a preponderance of the evidence separately for each claim of contributory infringement:

First: Rottlund is the owner of a valid copyright;

Second: the original and protectible elements of a copyrighted work were copied;

Third, the party accused of contributory infringement knew or should have known of the infringing activity; and

Fourth, the party accused of contributory infringement induced, caused or materially contributed to the infringing activities.

You must consider these issues separately with regard to each claim of contributory infringement. If you find that Rottlund has proven each of these propositions by a preponderance of the evidence with regard to any of these claims, then the party accused of contributory infringement is equally responsible for any actual damages Rottlund suffered. You may not find any party contributorily liable for an infringer's own profits.

Authorities:
3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 160.29 (5th ed. 2000) (modified).

Given _____________
Objected___________
Refused___________

## PROPOSED INSTRUCTION NO. 23

## LANHAM ACT – FALSE ADVERTISING

## MINNESOTA DECEPTIVE TRADE PRACTICES

To prove its claims under the Lanham Act and the Minnesota Deceptive Trade Practices Act, Rottlund cannot rely solely on the infringing conduct. Instead, it must prove each of the following:

1. Defendants made false statements of fact about its own products, or the plaintiff's products, in an advertisement;

2. the advertising actually deceived or tended to deceive a substantial segment of the audience;

3. the deception is material because it is likely to influence buying decisions;

4. defendants caused falsely advertised goods to enter interstate commerce;

5. Rottlund was injured or is likely to be injured as a result.

Authorities:

*Lenscrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1488 (D. Minn. 1996) (stating elements of Lanham Act and Minnesota Deceptive Practices Act claims); *Group Health Plan, Inc. v. Philip Morris Inc.*, 68 F. Supp. 2d 1064, 1069 (D. Minn. 1999) (Minnesota Deceptive Practices Act and Lanham Act requires the same analysis).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 24**

**CONTRIBUTION OF DEFENDANTS**

The law permits a party to recover a proportionate share from another liable party.

Defendants Pinnacle and Town and Country seek contribution from BSB to recover the share of liability owed by BSB. If you find that defendants have infringed Rottlund's copyrights, you should determine what proportion of the award BSB should pay as a result of its infringing conduct.

<u>Authorities:</u>
*U.S. v. J & D Enterprises of Duluth***,** 955 F.Supp. 1153, 1157 (D.Minn.1997).

Given _____________
Objected___________
Refused____________

**PROPOSED INSTRUCTION NO. 25**

**INDEMNITY**

The law requires one party to reimburse the other entirely where a contractual relationship exists.

Defendants Pinnacle and Town and Country seek indemnity from BSB based BSB's contractual duty to create independent works for defendants and not engage in infringing activities.

If you find that defendants have infringed Rottlund's copyrights, you should next consider whether BSB should pay the entire award as a result of its contractual relationship with defendants and its infringing conduct.

Authorities:
*U.S. v. J & D Enterprises of Duluth*, 955 F.Supp. 1153, 1157 (D.Minn.1997).

Given _____________
Objected___________
Refused____________

#3037165\1