UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Civil No. 01-1980 (DSD/SRN)

Plaintiff,

v.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

**DEFENDANTS BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC., AND THE BLOODGOOD GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PINNACLE AND TOWN & COUNTRY HOMES' MOTIONS IN LIMINE**

Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB") and The Bloodgood Group, Inc. ("BGI") submit this Memorandum of Law in Support of the Motions in Limine brought by Defendants Pinnacle and Town & Country Homes ("TCM"). BSB and BGI join in Pinnacle and TCM's Motions in Limine regarding exclusion of the phrase "obviously similar"; land opportunities; limiting

comparison of the deposit materials; precluding evidence that each of the alleged elements are not virtually identical; and barring certain Rottlund employees from offering expert testimony.

As to Pinnacle and TCM's motions in limine regarding barring evidence of salaries and bonuses paid to officers and employees; exclusion of pretrial proceedings and discovery disputes; corporate separateness; barring claims of "actual" access to Rottlund's technical drawings; advice of counsel; and evidence of access, BSB and BGI ask that the Court, if it determines to grant Pinnacle and TCM's motions, make its ruling equally applicable to BSB and BGI. BSB and BGI, in their Motions in Limine, explicitly referenced and incorporated the motions in limine filed by Pinnacle and TCM, thus this relief is appropriate. As to each of these issues, BSB and BGI are in the same factual position as TCM and Pinnacle. Like TCM and Pinnacle, BSB and BGI have been on both sides of discovery disputes during this litigation (discovery disputes motion). See, e.g., Docket Nos. 200 and 230. Similarly, Rottlund has never alleged that BSB and BGI's corporate veils should be pierced, and the two companies considered one, and has never questioned BSB or BGI witnesses on this point (corporate separateness motion). Finally, BSB and BGI have maintained the same attorney-client privilege objections that TCM and Pinnacle have (advice of counsel motion). See Defendants' joint appeal of Magistrate Judge's Order Granting Plaintiff's Motion to Compel, Docket Nos. 582, 583.

For these reasons, BSB and BGI join in the motions brought by TCM and Pinnacle, and ask that any Order issued by the Court on these motions be tailored so as to grant equal relief to BSB and BGI.

MACKALL, CROUNSE & MOORE, PLC

Dated: November 3, 2004

By: /s/ Ben Patrick

Holly J. Newman (MN Bar #026457X)
Ben Patrick (MN Bar #312460)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402-2859
Telephone: (612) 305-1436

Attorneys for Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. and The Bloodgood Group, Inc.

JBP/jbp#723983v1