UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation, Plaintiff, vs. Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation, Defendants, and Town & Country Homes, Inc., a Minnesota Corporation, Third-Party Plaintiff, v. Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, Third-Party Defendant. | ) | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MOTION IN LIMINE TO BAR CERTAIN ROTTLUND EMPLOYEES FROM OFFERING "EXPERT" OPINIONS** |

## I. ROTTLUND'S EMPLOYEES SHOULD BE PERMITTED TO PRESENT FACT TESTIMONY.

Rottlund's employees, including without limitation Todd Stutz, Tim Whiten, and Steve Kahn, are allowed to testify to matters upon which they have personal knowledge. Fed. R. Evid. 602 (2004). To the extent that the Town & Country Homes Defendants' motion seeks to preclude any Rottlund employees from offering fact testimony, including without limitation

testimony concerning Rottlund's claims and basis therefore, its investigation into its claims, and damages suffered, the motion should be denied.

## II. ROTTLUND'S EMPLOYEES SHOULD BE PERMITTED TO PRESENT LAY OPINION TESTIMONY.

A lay witness may give opinion testimony pursuant to Rule 701 if (1) it is rationally based on the witness's perception, (2) it is helpful to the jury, and (3) it is not expert testimony within the ambit of Rule 702. Fed. R. Evid. 701. "Rule 701 is designed to give the trial court wide latitude in determining the admissibility of lay opinion testimony. '[H]ow far a witness may go in stating an opinion or conclusion is for the practical discretion of the trial court. [T]he decision as to the admissibility [of a lay opinion] is within the sound discretion of the trial judge and the issues involved are uniquely suited to his determination. There must be a clear abuse of discretion'." *Krueger v. State Farm Mut. Auto. Ins. Co.*, 707 F.2d 312, 317 (8th Cir. 1983); *see also Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004 (8th Cir. 1986) ("The district court has broad discretion in determining whether to admit opinion testimony and we overturn a ruling only for abuse of discretion."); *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1124 (10th Cir. 1995) ("The determination of a lay witness's qualification to testify as a matter of opinion is within the sound discretion of the trial court.").

### A. As Rottlund's Officers, Todd Stutz, Tim Whitten, and Steve Kahn Are Unquestionably Qualified To Give Lay Opinion Testimony.

#### 1. <u>Steve Kahn</u>

Steve Kahn is Rottlund's Chief Financial Officer. He is expected to provide Rule 701 testimony concerning, among other things, Rottlund's actual damages.

Courts routinely permit business owners or officers to give lay opinion testimony regarding their business's damages. *See, e.g.*, *Cashman v. Allied Prod. Corp.*, 761 F.2d 1250,

1253 (8th Cir. 1985) (affirming lost profits award in breach of warranty case based on business owner's testimony regarding lost sales); *see also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 265 (2nd Cir. 1995) ("A company president certainly is capable of projecting lost profits where the projection is based on evidence of decreased sales."); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (company owner properly allowed to testify to company's lost profits); *State Office Sys., Inc. v. Olivetti Corp.*, 762 F.2d 843, 846 (10th Cir. 1985) (company president qualified by position and experience to give lay opinion testimony as to future lost profits); *Moore v. Boating Indus. Ass'ns*, 754 F.2d 698, 719 (7th Cir. 1985) (head of management qualified to give lay opinion testimony regarding profit margin, lost sales, and lost profits); *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004-05 (8th Cir. 1986) ("Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony.").

When Congress amended Rule 701 in 2000, its advisory committee noted that

> The amendment is not intended to affect the 'prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 . . . For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.

Fed. R. Evid. 701, adv. comm. note to 2000 amendments (citations omitted).

As Rottlund's Chief Financial Officer, Steve Kahn is eminently qualified to offer such testimony.[1]

[1] In addition, David and Bud Rotter, Rottlund's owners, and Todd Stutz are more than sufficiently qualified to offer such testimony.

**2. Timothy Whitten**

Timothy Whitten is Rottlund's in-house architect, and is an officer of the company. He assisted Rottlund's owner, Bud Rotter, in coming up with Rottlund's Original Villa design in 1987. (R&R, 8/20/04 at 4-5, adopted in its entirety by Order, 10/19/04.) He also designed Rottlund's New Villa and Villa II town homes. *Id.* Mr. Whitten is expected to provide Rule 701 testimony concerning, among other things, the importance of finding niches in the market and independently creating designs from a blank sheet of paper to satisfy a market niche. He is also expected to testify about Rottlund's investigation into the similarities between Rottlund's Villa products and the other products at issue in this case both before and after Rottlund sent its cease and desist letter to the Defendants and initiated this lawsuit.

Just like Mr. Kahn, Mr. Whitten may provide Rule 701 opinion testimony, provided that his opinions are not based upon scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. Thus, as the cases cited above make clear, provided that Mr. Whitten's opinions are based upon his particularized knowledge that he has by virtue of his position at Rottlund, he may provide Rule 701 opinion testimony. Fed. R. Evid. 702, adv. comm. note to 2000 amendments ("lay opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business").

**3. Todd Stutz**

Todd Stutz is Rottlund's President. He is also an officer. Based on his particularized knowledge that he has by virtue of his position at Rottlund, Mr. Stutz should be permitted to provide Rule 701 testimony concerning, among other things, the approval process of planned

developments within municipalities such as those where the infringing products were and are being built by the Town & Country Homes Defendants. In addition, he is expected to provide Rule 701 testimony related to municipality requirements such as density, affordability, life-cycle housing, and product diversity. Based on the authority cited above, to the extent that the Town & Country Homes Defendants' motion is directed toward Mr. Stutz's ability to provide Rule 701 testimony, it should be denied.

**B. Rule 26 Does Not Require The Disclosure Of Rule 701 Opinion Testimony.**

The Defendants cannot seriously claim they are surprised by the fact and lay opinion testimony Rottlund intends to offer. They questioned Mssrs. Stutz, Whitten, and Kahn for twelve full days about the very issues these witnesses will testify to at trial. In addition, the Rules of Civil Procedure do not dictate any special disclosure of lay opinion testimony. Rule 26(a)(2)(A)'s expert disclosure requirements apply only to witnesses "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rottlund's Rule 701 witnesses are not subject to those disclosure requirements. *See Duluth Lighthouse For The Blind v. C.G. Bretting Mfg. Co., Inc.*, 199 F.R.D. 320, 323 (D. Minn. 2000) (lay witnesses giving opinion testimony pursuant to Rule 701 are excused from the expert witness disclosure requirements of Rule 26(a)(2)); *Richardson v. Consol. Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994) (lay witnesses testifying based on their personal knowledge are not "experts").

Moreover, Rottlund apprised the Defendants of its intentions to offer Rule 701 lay witness testimony as early as October 2002. (Affidavit of David A. Davenport in Support of Plaintiff's Memorandum in Opposition to Defendants Pinnacle Corporation and Town & Country Homes, Inc.'s Motion in Limine to Bar Certain Rottlund Employees From Offering "Expert" Opinions, Ex. A at 2-3.) Specifically, through Rottlund's Rule 26(a)(2)(A)(1)

disclosures, Rottlund disclosed that it may offer lay witness testimony from Mssrs. Whitten and Kahn, and others, pursuant to Rule 701. (*Id.*)

## CONCLUSION

Based on the foregoing, Rottlund respectfully requests that the Court deny the instant motion to limine to bar certain Rottlund employees from offering "expert" opinions.

Dated: November 3, 2004

**s/David A. Davenport**
Craig S. Krummen, #0259081
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800

2156338v1