UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br>Defendants,<br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MOTION IN LIMINE TO BAR CLAIM OF "ACTUAL" ACCESS TO ROTTLUND'S TECHNICAL DRAWINGS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ACCESS[1]** |

[1] Because the issues presented in the two motions filed by the Defendants are intertwined, Rottlund will respond to both with a single memorandum of law.

## I. THE DEFENDANTS' MOTION IN LIMINE TO BAR CLAIM OF "ACTUAL" ACCESS TO ROTTLUND'S TECHNICAL DRAWINGS.

The Town & Country Homes Defendants make the following three unsupported assertions in their moving papers in support of their motion:

> Rottlund argued [at summary judgment], and the Court accepted [when it granted Rottlund summary judgment], the position that 'access' means 'the possibility of an opportunity to view' the copyrighted work. Rottlund never attempted to prove that any of the Defendants were in actual possession of the technical drawings.

(Defendants' Mem. at 1-2.)

First, Rottlund argued that access is established "by showing that the defendants had an 'opportunity to view or to copy' [plaintiff's] work." *Kootenia Homes v. Reliable Homes, Inc.*, No. CIV. 00-117, 2002 WL 15594, at *5 (D. Minn. Jan. 3, 2002) (citing *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 941 (8th Cir. 1992)); *Arthur Rutenberg Corp. v. Parrino*, 664 F. Supp. 479, 481 (M.D. Fla. 1987) (opportunity to view work constitutes access). Rottlund cited to many cases to support its argument. *See*, *e.g.*, *Parrino*, 664 F. Supp. 479 (defendant had access to the plaintiff's copyrighted work by virtue of obtaining a brochure depicting a simplified copy of plaintiff's copyrighted floor plan); *Donald Frederick Evans & Assoc. v. Cont'l Homes, Inc.,* 785 F.2d 897, 904-05 (11th Cir. 1986) (depictions of copyrighted floor plans in unregistered brochures are protected by copyright laws); *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899 (5th Cir 1972).[2]

---

[2] *See also Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 277 n.2 (6th Cir. 1988) (finding access to copyrighted designs existed because the defendant "clearly had a reasonable opportunity to . . . see the abridged floor plans contained in the promotional brochure" since the defendant was building houses within three miles of plaintiff's copyrighted designs); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1563 & 1567 (M.D. Fla. 1995) (concluding that the Bradshaw defendant had access to plaintiff's copyrighted architectural design because the Maloney defendant received a copy of the "elevation and floor plans from (plaintiff's) product manual" before the Bradshaw defendant prepared the infringing designs); *Richmond Homes Mgmt. v. Raintree, Inc.*, 862 F. Supp. 1517, 1527 (W.D. Va. 1994) (access to copyrighted design exists when there is "evidence that the defendants had access to plaintiff's fliers and house designs" and defendant "admitted to having a copy of plaintiff's brochures in his office"); *Ronald Mayotte & Assocs. v. MGC Bldg. Co.,* 885 F. Supp. 148, 152 (E.D. Mich. 1994)

Second, citing Eighth Circuit law, the Court held that "[a]ccess is established by showing Defendants 'had an opportunity to view or to copy' Rottlund's technical drawings." (R&R, 8/20/04 at 39, adopted in its entirety by Order, 10/19/04) (citations omitted). Thereafter, applying the "opportunity to view or copy" test, the Court held that the evidence compelled granting Rottlund summary judgment on the issue of access. (*Id.* at 39-44.)

Third, even though it did not have to do so, Rottlund proved that the Defendants had actual possession of Rottlund's technical drawings in their files. Specifically, Rottlund provided the Court with several exhibits demonstrating that the Defendants produced actual copies of portions of Rottlund's copyrighted technical drawings (Registration No. 546-285) from their Homestead Collection design files. [*See*, *e.g.*, Doc. No. 336 at Exs. G at A10, VV at BSB01262-1263, WW, YY at BSB001022-23, ZZ, AAA, BBB.) For the Court's benefit in connection with the instant motion, attached as Exhibit A to the Davenport Affidavit submitted in support of this legal memorandum, Rottlund has attached pages Bates labeled BSB01022-23 from the previously filed Ex. YY and page A10 from Rottlund's technical drawings protected by Registration No. 546-285, which were previously filed with Ex. G and WW. A comparison of these three pages demonstrates that the Defendants obtained, directly copied, and maintained actual copies of portions of Rottlund's designs protected by technical drawing Copyright Registration No 546-285.

(defendant building homes within a few miles of a plaintiff's copyrighted architectural designs has access to the plaintiff's design when the plaintiff's model homes are open to the public and the plaintiff distributes "sales brochures containing their copyrighted designs"); *Value Group, Inc. v. Mendham Lake Estates, L.P.,* 800 F. Supp. 1228, 1232-33 (D.N.J. 1992) (defendant who is in possession of a photocopy of plaintiff's brochure depicting copyrighted design not only has access to the copyrighted design, but may also be shown to have infringed plaintiff's copyrighted design by using the brochure to create an infringing derivative); *Arthur Rutenberg Corp. v. Dawney*, 647 F. Supp. 1214, 1215-16 (M.D. Fla. 1986) (access to copyrighted architectural design is shown by proof that defendant visited a model home and was provided a brochure, which included floor plans for the home); *Kent v. Revere*, 1985 WL 6453, at *1, *6 (M.D. Fla. 1985) (evidence that defendant obtained promotional brochures depicting "floor plan renderings," which were prepared to promote sales of the copyrighted architectural design, supports a conclusion that defendant had access to the copyrighted design).

Moreover, the Court concluded it did not have to rely solely on circumstantial evidence of access because the abundant evidence in the record "plainly constituted direct access to the technical drawings." (R&R, 8/20/04 at 39, adopted in its entirety by Order, 10/19/04) (emphasis added). In fact, the Court specifically held that "[b]oth TCM and BSB had physical possession of the technical drawings . . ." (*Id.* at 41) (emphasis added). This evidence included Town & Country Homes' hiring of several Rottlund employees who had direct access to Rottlund's technical drawings while working for Rottlund, including Marc Harris who went to work for the Town & Country Homes Defendants' in June of 1999 and became part of the Homestead Collection design red-line team. (Davenport Aff., Ex. B.)

Because the Defendants did, in fact, have actual copies of Rottlund's copyrighted designs in their files and because this Court adopted Magistrate Judge Nelson's Report & Recommendation's conclusion that the Defendants had physical possession of (or actual access to) Rottlund's technical drawings, the Defendants' motion for an Order barring Rottlund from presenting evidence and argument that the Defendants had "actual" access to Rottlund's technical drawings should be denied.[3]

## II. THE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ACCESS.

As noted above, the Court established as a matter of law that the Defendants had access to Rottlund's copyrighted technical drawings protected by 17 U.S.C. § 102(a)(5). Now, all of the Defendants have stipulated that they had access to Rottlund's copyrighted as-built structures protected by Rottlund's 17 U.S.C. § 102(a)(8). (Defendants' Mem. at p. 2; Defendants Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. and The Bloodgood Group, Inc.'s Memorandum of Law In Support of Their Motion in Limine at p. 13 ("BSB and BGI join in, and

[3] Based on the Court's adoption of Magistrate Judge Nelson's Order in its entirety and rejection of the Defendants' objections thereto, the instant motion in limine is tantamount to an improperly filed request for reconsideration.

incorporate by reference, the motions in limine brought by Pinnacle and Town & Country").) Thus, concerning access, the only outstanding issue is whether the Defendants had access to Rottlund's architectural drawings, which are, like its as-built structures, protected by its 17 U.S.C. § 102(a)(8) architectural works copyrights.[4] As noted in its Trial Brief, Rottlund believes this issue should be resolved based on the Defendants' access to its § 102(a)(5) technical drawings, but based on their carefully crafted stipulation and new arguments concerning "constructive" versus "actual" access, Rottlund must present proof that the Defendants had access to Rottlund's architectural drawings protected by its 17 U.S.C. § 102(a)(8) architectural works copyrights. Thus, the Defendants' relevancy arguments based on their stipulation are misplaced.

Even if the Defendants stipulate that they had access to Rottlund's architectural drawings protected by its § 102(a)(8) copyrights, the evidence of their touring, photographing, and possession of Villa II floor plans and elevations is relevant for at least two other purposes: (1) establishing direct evidence of copying and (2) rebutting the defense of independent creation.[5]

**A. Direct Evidence of Copying.**

Rottlund may prove the Defendants copied its Villa designs by direct or circumstantial evidence of copying.[6] *See*, *e.g.*, *Donald Frederick Evans & Assocs. v. Cont'l Homes, Inc.*, 785 F.2d 897, 904-05 (11th Cir. 1986); *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp.

---

[4] 17 U.S.C. § 102(a)(8) provides copyright protection to "architectural works," which are defined to include "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101.

[5] This evidence is also relevant to Rottlund's intentional infringement allegations, which are discussed more fully in other pleadings.

[6] Circumstantial evidence of copying is shown by proving two elements: (1) the defendant had access to plaintiff's work; and (2) the works are substantially similar. *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 120 (8th Cir. 1987); *CSM Investors*, 840 F. Supp. at 1311; *Kootenia Homes, Inc. v. Reliable Homes, Inc.,* No. CIV. 00-117, 2002 WL 15594, at *4 (D. Minn. Jan. 3, 2002).

1304, 1311 (D. Minn. 1994). In most copyright infringement cases there is no direct evidence of copying. *Craig v. Dabrowski,* No. 98 C 405, 1999 WL 412581, at *8 (N.D. Ill. June 8, 1999) (citing *Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir. 1984)). Here, there is abundant direct evidence of copying, such as tours, photographs, multiple brochures in the Defendants' files depicting Rottlund's copyrighted floor plans and elevations, cut and paste documents, contracts for a "Villa product," scribbled out logos and copyright notices, etc., and if the jury concludes that the Defendants directly copied Rottlund, then infringement exists regardless of the jurors' conclusions concerning access and substantial similarity. The Defendants should not be allowed to sanitize the evidence and take away Rottlund's direct evidence of copying case. Stated differently, all of the evidence the Defendants seek to preclude is either directly or circumstantially relevant to Rottlund's direct copying claim and should not be excluded from evidence.

**B. Independent Creation.**

As discussed above, Rottlund intends to present substantial direct evidence of copying. Rottlund also intends to present circumstantial evidence of copying (access and substantial similarity). If direct evidence of copying is not proven, but circumstantial evidence of copying is, then a presumption of copying arises and the Defendants may only rebut this presumption with "*strong, convincing and persuasive evidence*" that they independently created the Homestead Collection. *Gund, Inc. v. Russ Berrie and Co., Inc.*, 701 F. Supp. 1013, 1025 (S.D.N.Y. 1988) (citing *Mode Art Jewelers, Co. v. Expansion Jewelry, Ltd.*, 199 U.S.P.Q. (BNA) 329, 340 (S.D.N.Y. 1977); 3 M. Nimmer, *Nimmer on Copyright* § 13,01[B], at 13-9; § 12.11[D], at 12-85-86 (1988) (emphasis added)); *see also Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995) (after plaintiff establishes access and substantial

similarity, "[t]he burden shifts to the defendant to rebut this presumption by *persuasive evidence* of independent creation") (citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982) (emphasis added)). Thus, all of the Defendants assert an independent creation defense.

According to the United States Supreme Court, if a work is copied from other works it is not independently created. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). Thus, if two poets were to compose identical poems but each were ignorant of the other, then each poem may be independently created. (*Id.* at 345-46.) Consequently, unless the Defendants convincingly prove that the Homestead Collection plans were created without knowledge of and, without reliance on, Rottlund's copyrighted designs and works, they cannot satisfy their heavy burden to present strong and persuasive evidence of independent creation. *Maloney*, 891 F. Supp. at 1567 (rejecting independent creation affirmative defense because infringers' contradictory testimony did not demonstrate that its plans were "created independently and without reliance on the copyrighted [work]"); *Original Appalachian Artworks*, 684 F.2d at 829-30 (affirming trial court's rejection of independent creation defense where the only evidence of independent creation, aside from a few differences in the works in question, was the infringer's self serving testimony that it did not copy, but was only inspired by, the copyrighted work); *Gund*, 701 F. Supp. at 1022 (granting injunction to plaintiff because defendant's evidence of independent creation was insufficient to rebut the presumption of copying, in part, because defendant's argument that it used other products, rather than the plaintiff's, as "models" for its product negated independent creation).

All of the evidence the Defendants seek to exclude in the instant motion is relevant to the question of whether the Homestead Collection was assembled ignorant of and without reliance

on Rottlund's copyrighted Villa designs and works. In fact, all of this evidence contradicts the claim.

Moreover, to support their independent creation defense, the Defendants intend to rely on the same evidence they argue Rottlund should not be permitted to utilize. Specifically, concerning their independent creation defense, the Defendants plan to argue that they shop their competition (like Rottlund) for ideas and then set about to design their town homes. (Pinnacle Corp. and Town & Country Homes, Inc.'s Trial Brief at 7.) In fact, they claim "the evidence will be overwhelming that they independently created their drawings." (*Id.*) Thus, the instant motion seeks to exclude evidence relevant to the Defendants' independent creation defense, thus it should be denied.

## CONCLUSION

Based on the foregoing, Rottlund respectfully requests that the Defendants' two motions addressed herein be denied in their entirety.

Dated: November 3, 2004

**s/David A. Davenport**
Craig S. Krummen, #0259081
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800

2156327v1