**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc.**
**d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Civil No. 01-1980 (DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Pinnacle Corporation**
**d/b/a/ Town & Country Homes,**
**an Illinois Corporation, and**
**Town & Country Homes, Inc.,**
**a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc.,**
**a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster**
**Architects & Planners of Iowa, Inc.,**
**an Iowa Corporation**

**Third-Party Defendant.**

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendant TCM's Motion to Compel (Doc. No. 423). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Defendant TCM seeks an Order compelling Plaintiff to produce all communications between Plaintiff's counsel and technical expert Anthony Desnick.

## I. BACKGROUND

Plaintiff retained Anthony Desnick as an expert on liability in this case. (Davenport Aff., ¶ 2.). Mr. Desnick issued four written opinions pursuant to Fed. R. Civ. P. 26(a)(2)(B) (Id., Exs. A-D), and Defendants deposed him in June 2004. (Id., Ex. E.) During the deposition, Defendants' counsel inquired into the process by which Mr. Desnick prepared his written disclosures and the extent to which Plaintiff's counsel may have reviewed earlier drafts of the documents. (Id., Ex. E at 117-121.) Mr. Desnick testified that his reports involved "one or two earlier drafts" which he reviewed with Plaintiff's counsel to correct grammatical errors and any factual inconsistencies, primarily involving the chronology of events. (Id. at 117-118.) Mr. Desnick stated:

> Each of these reports had one or two earlier drafts, which we reviewed together, and most of the changes that I'm recalling were grammatical changes and things that were inconsistent with the fact pattern, particularly with respect to chronology. I was getting some dates wrong and they helped me with what the dates were. There was one specific time when I remember I got a file from their office that had a series of documents that I had already had in my possession but these documents were placed in chronological order to help me understand the fact pattern with respect to chronology.

Id.

Mr. Desnick indicated that he electronically sent copies of his draft reports to Plaintiff's counsel, attached in an email. He testified that as he passed these drafts back and forth to Plaintiff's counsel, each prior draft was "overwritten." Id. Mr. Desnick stated that he knew the prior document was "overwritten" because the document contained "X's" or underlined terms, so he knew what changes had been made. Id.

Following the deposition, Defendant TCM requested that Plaintiff produce in electronic format all communications between counsel and Mr. Desnick. (Schwiebert Aff., Ex. B.) Defendant TCM believes that the "overwritten" electronic documents exist in the in-boxes or sent-boxes or Plaintiff's counsel's computers, or in the hard drives of counsel's computers. (Def. TCM's Mem. in Supp. Mot. Compel at 4.) Plaintiff, however, objects to the production of such information, arguing that it is protected from discovery as opinion work product and that TCM has no pending discovery request or outstanding subpoena duces tecum upon which to base its motion to compel.

## II. DISCUSSION

The work-product doctrine protects against the discovery of documents prepared in anticipation of litigation by or for another party or by or for that other party's attorney or agent. Fed. R. Civ. P. 26(b)(3); Petersen v. Douglas Co. Bank & Trust Co., 967 F.2d 1186, 1189 (8th Cir. 1992).

Work product consists of both ordinary and opinion work product. Baker v. General Motors Corp., 209 F.3d 1051, 1053-54 (8th Cir. 2000). Ordinary work product, containing raw factual information, is not discoverable unless the party seeking its discovery can show a substantial need for the materials and cannot obtain the substantial equivalent of the materials by other means. Id. Opinion work product, however, containing counsel's mental impressions, conclusions, opinions and legal theories, "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." Id. at 1054.

The Eighth Circuit has not directly addressed the issue of whether opinion work product is immune from discovery even if shared with an expert witness in preparation for litigation. See Estate of Chopper v. R.J. Reynolds Tobacco Co., 195 F.R.D. 648 (N.D. Iowa 2000). Two courts within our Circuit, however, have squarely addressed the issue. See Chopper, 195 F.R.D. at 650-52; Estate of Moore v. R.J. Reynolds Tobacco Co., 194 F.R.D. 659 (S.D. Iowa 2000). In both Chopper and Moore, the defendant tobacco company sought discovery of retention letters between plaintiff's counsel and certain of its experts. 195 F.R.D. at 649; 194 F.R.D. at 661. In the Moore decision, R.J. Reynolds also sought discovery of draft expert reports sent from one expert to Plaintiff's counsel and a letter from Plaintiff's counsel to the expert containing editing comments regarding the expert's report. 194 F.R.D. at 661.

In both the Chopper and Moore decisions, decided by Magistrate Judge Bremer on the same day, the Iowa courts stated that "When its circuit has not addressed the issue, a district court may look for guidance to its circuit's general immunity rule for opinion work product." Chopper, 195 F.R.D. at 651; Moore, 194 F.R.D. at 663 (citations omitted).

Judge Bremer's analyses concluded that in the Eighth Circuit, opinion work product is entitled to "nearly absolute immunity." See Chopper, 195 F.R.D. at 651. Citing In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977), the courts held:

> Murphy is controlling on the issue facing the court and provides the rule in this Circuit that opinion work product has near absolute immunity from discovery, and such work product can be discovered only in very rare and extraordinary circumstances. See Baker, 209 F.3d at 1053-54; Murphy, 560 F.2d at 336. Even when opinion work product is shared with an expert witness in preparation for testifying at trial, the Murphy courts' reasoning and a reading of Rule 26(b)(3) compel this court to conclude that, in this Circuit, such opinion work product has nearly absolute immunity from discovery. This conclusion is bolstered by the persuasive reasoning of those courts hold attorney-opinion materials considered by an expert in preparation for trial are protected from required disclosure. See, e.g., Bogosian v. Gulf Oil Corp., 738 F.2d 587, 593-95 (3d Cir. 1984); Nexxus Prods. Co. v. CVS New York, Inc., 188 F.R.D. 7, 10-11 (D. Mass. 1999); Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 292-94 (W.D. Mich. 1995).

Chopper, 195 F.R.D. at 651-52; Moore, 194 F.R.D. at 663-64 (emphasis added).

In addition, the court noted that attorneys may assist experts in preparing their expert reports, as the Advisory Committee's note (1993) itself states. Moore, 194 F.R.D. at 662, n. 3.

To overcome immunity, a defendant bears "the heavy burden of establishing a rare and extraordinary circumstance entitling them to obtain these materials." Chopper, 195 F.R.D. at 652; Moore, 194 F.R.D. at 664. In Chopper and Moore, the defendant argued that it needed the requested information in order to adequately prepare an effective cross examination. Chopper, 195 F.R.D. at 652; Moore, 194 F.R.D. at 664. The courts rejected this argument, reasoning, "a cross-examiner's central inquiry. . .is not whether, or to what extent, counsel influenced the expert, but is rather what is the basis of the expert's opinion?" Id. Finding that cross-examination itself can probe the adequacy and reliability of an expert's stated basis for an opinion without questioning counsel's role in assisting the expert, Judge Bremer

concluded that the defendant's need for effective cross-examination "is not among the very rare and extraordinary circumstances" required to establish an exception to the "nearly absolute immunity" the Eighth Circuit affords to opinion work product. Id.

This Court concurs with the analyses of Magistrate Judge Bremer. The requested information here, i.e., the electronic "red-lined" or "overwritten" drafts of Mr. Desnick's reports – if capable of retrieval – constitutes opinion work product. Although Defendant TCM contends that the revisions or re-drafts are factual modifications, the Court believes that the type of communication at issue here constitutes opinion work product. Defendant TCM fails to indicate the rare or extraordinary circumstance entitling it to this discovery. Defendant TCM's motion is therefore denied.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Defendant TCM's Motion to Compel (Doc. No. 423) is **DENIED.**

Dated: November 3, 2004

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge