**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**The Rottlund Company, Inc. d/b/a/ Rottlund Homes, a Minnesota Corporation**

**Civil No. 01-1980 (DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Pinnacle Corporation d/b/a/ Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc., a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation**

**Third-Party Defendant.**

Craig S. Krummen, Esq., and David Davenport, Esq., on behalf of Plaintiff

Darren B. Schwiebert, Esq., on behalf of Defendant Town & Country Homes, Inc.

Christopher Murdoch, Esq., on behalf of Defendant Pinnacle Corp.

Holly J. Newman, Esq., on behalf of Defendant Bloodgood Sharp Buster and The Bloodgood Group, Inc.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendant Town & Country Homes' ("TCMs'") Motion to Compel Discovery, submitted via letter brief of November 17, 2003. This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Defendant TCM seeks an order requiring Plaintiff to further respond to ten requests to admit (Responses 2-11) found in Defendant Town & Country Homes, Inc.'s Requests to Admit and Interrogatories (Set III). The requests, and Plaintiff's responses are as follows:

> **REQUEST NO. 2:** Admit that the "gestalt" of Rottlund's as-built Villa II interior unit is not substantially similar to the "gestalt" of the as-built interior units of the Homestead Collection.
> **RESPONSE:** In addition to the general objections noted above, Rottlund objects to this request as it calls for a legal conclusion, is vague and not reasonably calculated to lead to the discovery of admissible evidence since the gestalt of Rottlund's Villa II copyrighted designs and works are at issue in this case. Rottlund denies that the Homestead Collection is not substantially similar to the gestalt of Rottlund's Villa II.
>
> **REQUEST NO. 3:** Admit that the "gestalt" of the technical drawings for Rottlund's as-built Villa II interior unit is not substantially similar to the "gestalt" of the technical drawings for the interior units of the Homestead Collection.
> **RESPONSE:** See Response to Request No. 2.

**REQUEST NO. 4:** Admit that Rottlund contends that the “gestalt” of Rottlund’s as-built Villa II interior unit is substantially similar to the “gestalt” of the as-built interior units of the Homestead Collection.
**RESPONSE:** See Response to Request No. 2.

**REQUEST NO. 5:** Admit that Rottlund contends that the “gestalt” of Rottlund’s technical drawings for the Villa II interior unit is substantially similar to the “gestalt” of the technical drawings for the interior units of the Homestead Collection.
**RESPONSE:** See Response to Request No. 2.

**REQUEST NO. 6:** Admit that the “gestalt” of Rottlund’s as-built “Original Villa” is substantially similar to the “gestalt” of Rottlund’s as-built “New Villa.”
**RESPONSE:** In addition to the general objections noted above, Rottlund objects to this request as it calls for a legal conclusion, is not reasonably calculated to lead to the discovery of admissible evidence since the gestalt of Rottlund’s Villa II copyrighted designs and works are at issue in this case and Rottlund is not required to litigate the gestalt of its Original Villa and New Villa copyrighted designs and works as compared to the gestalt of Rottlund’s Villa II.

**REQUEST NO. 7:** Admit that the “gestalt” of Rottlund’s as-built “New Villa” is substantially similar to the “gestalt” of Rottlund’s as-built “Villa II.”
**RESPONSE:** See Response to Request No. 6.

**REQUEST NO. 8:** Admit that the “gestalt” of Rottlund’s as-built “Original Villa” is substantially similar to the “gestalt” of Rottlund’s as-built “Villa II.”
**RESPONSE:** See Response to Request No. 6.

**REQUEST NO. 9:** Admit that the “gestalt” of Rottlund’s technical drawings for its “Original Villa” is substantially similar to the “gestalt” of Rottlund’s technical drawings for its “New Villa.”
**RESPONSE:** See Response to Request No. 6.

**REQUEST NO. 10:** Admit that the “gestalt” of Rottlund’s technical drawings for its “New Villa” is substantially similar to the “gestalt” of Rottlund’s technical drawings for its “Villa II.”
**RESPONSE:** See Response to Request No. 6.

**REQUEST NO. 11:** Admit that the “gestalt” of Rottlund’s technical drawings for its “Original Villa” is substantially similar to the “gestalt” of Rottlund’s technical drawings for its “Villa II.”
**RESPONSE:** See Response to Request No. 6.

(Pl.'s Resp. to TCM's Req. Admit & Interrogs., Set III, Ex. A to Krummen Ltr. of 11/19/03.)

TCM argues that Plaintiff's responses are insufficient. TCM contends that requests for admission may encompass a variety of matters, including issues of ultimate fact, opinions or the application of law to a set of facts.

Plaintiff, on the other hand, argues that as to TCM's request numbers 2-5, the requests for admission ignore Plaintiff's "gestalt" or "total look and feel" theory of liability. Regarding request numbers 6-11, Plaintiff contends that these requests attempt to force it to prove multiple violations of multiple copyrights and multiple products.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 36(a), a request for admission may "relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." The Advisory Notes to the Rule acknowledge that courts are divided on whether an answering party may properly object to a request for admission as to matters which that party regards as "in dispute." Fed. R. Civ. P. 36(a) Advisory Committee Notes, 1970 Amendment (citations omitted). The Advisory Committee Note offers the following guidance:

> The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely at issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit.

Id.

The Court finds that as to request numbers 2-5, dealing with the substantial similarity of Plaintiff's interior units to TCM's interior units, these requests call for a legal conclusion. The information sought by these requests is not at issue, as the "total look and feel" or "gestalt" theory has previously been addressed. Moreover, Plaintiff has provided an answer to the requests consistent with Rule 36. TCM's motion to compel with respect to requests 2-5 is therefore denied.

Regarding requests 6-11, concerning whether the "gestalt" of various Rottlund products is substantially similar to the "gestalt" of either earlier or later Rottlund drawings and as-built products, the Court orders Plaintiff to answer these requests again, in light of Rottlund's position that the New Villa and Original Villa copyrights carry forward. Thus, these requests are arguably relevant to, *inter alia*, the commencement of infringement for purposes of Plaintiff's damages theory. Plaintiff must therefore answer requests 6-11 to the extent that they are relevant to this issue, within 5 days.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Defendant Town & Country Homes' ("TCMs'") Motion to Compel Discovery, submitted via letter brief of November 17, 2003 is **DENIED, in part, and GRANTED, in part**.

Dated: November 3, 2004

s/Susan Richard Nelson
SUSAN RICHARD NELSON

United States Magistrate Judge