UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

No.: 01-CV-1980 (DSD/SRN)

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

vs.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO PINNACLE CORPORATION AND TOWN & COUNTRY HOMES INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON JIM ONOMIYA AT EDINA REALTY**

## INTRODUCTION

The Court should deny the Town & Country Homes Defendants' instant motion because they have no standing to bring a motion to quash a subpoena served on a third-party.[1] In addition, the Court should deny the instant motion because the Town & Country Home Defendants' pre-trial tactics required Rottlund to serve the Subpoena *Duces Tecum* at issue.

## FACTUAL BACKGROUND

### I. THE TOWN & COUNTRY HOMES DEFENDANTS' TACTICS.

On August 15, 2003, Rottlund served discovery on the Town & Country Homes Defendants. This discovery sought to elicit any foundation, hearsay and admissibility objections these Defendants may have concerning documents produced by them during discovery. (Affidavit of David A. Davenport Submitted in Support of Plaintiff's Memorandum of Law in Opposition to Pinnacle Corporation and Town & Country Homes Inc.'s Motion to quash Subpoena Duces Tecum Served Upon Jim Onomiya at Edina Realty ("Davenport Aff."), Exs. A and B at 3.). The Town & Country Homes Defendants did not provide any substantive response. (*Id.*)

Months later (after the close of discovery), the Town & Country Homes Defendants lodged foundation, hearsay and admissibility objections to twenty-one specific documents which undercut their arguments in support of their motion for partial summary judgment on damages issues. [Doc. No. 550 at p. 3.] During oral argument on the summary judgment motion, Rottlund demonstrated that at least half of the documents objected to were the Town & Country Homes Defendants' business records, produced in response to Rottlund's discovery, and bearing Town & Country Homes' Bates labels; thus, all the foundation, authentication and hearsay objections are misplaced. (*See, e.g.,* Doc. No. 541 at Exs. R75, R76, R80, R81, R96, R98, R107, R108, R113 and R118.) To

---

[1] The "Town & Country Homes Defendants" shall refer to Defendants Pinnacle Corporation d/b/a Town & Country Homes, and its Minnesota Division – Town & Country Homes, Inc.

further support its argument, Rottlund highlighted the fact that several of the documents ("competition shop" documents) were prepared by the Town & Country Homes Defendants' agent (Edina Realty) and constitute Rule 803(6) business records, which easily satisfy Rules 901 and 902 of the Federal Rules of Evidence. (*See id*. at Doc. No. 541 at Exs. R62, R83; Doc. No. 543 at R140.) Thereafter, Rottlund requested that the Town & Country Homes Defendants lift these, and other, unfounded objections. (Davenport Aff., Ex. C.) They refused.

## II. THE TRIAL SUBPOENA *DUCES TECUM*.

On October 8, 2004, Rottlund served a Trial Subpoena *Duces Tecum* ("Trial Subpoena") on Jim Onomiya at Edina Realty.[2] (Davenport Aff. Ex. E.) Mr. Onomiya was the Town & Country Homes Defendants' agent who prepared several "competition shops" documents, and other business records produced, but now objected to, by the Town & Country Homes Defendants. (*See*, *e.g.*, Doc. No. 541 at Ex. R83 and R140; Davenport Aff., Ex. F.) The Town & Country Homes Defendants' "competition shop" business records contain Rottlund's brochures depicting its copyrighted floor plans and elevations at issue in this case. (*See id.*) Yet, for some reason, these business records are designated as Attorney Eyes Only. Thus, Rottlund had no choice but to serve the Trial Subpoena on Edina Realty, because the baseless Attorney Eyes Only designation foreclosed Rottlund from showing the "competition shop" documents to Edina Realty in order to obtain a Rule 902(11) and Rule (803)(6) declaration. In other words, because of the Town & Country Homes Defendants' gamesmanship, Edina Realty must first produce documents to Rottlund before Rottlund can attach documents to a Rule 902(11) and Rule 803(6) declaration for Edina Realty to sign.

---

[2] Initially, Jim Onomiya and Edina Realty located at least some of the documents at issue here, but after receiving instruction and objections from the Town & Country Homes Defendants' counsel, Mr. Onomiya stated that he would not be able to provide documents unless Rottlund served a subpoena. (Davenport Aff., Ex. D.).

## III. THE NECESSITY OF THE TRIAL SUBPOENA.

The Court has conducted two Status Conferences on this issue and twice resolved it. In its letter brief to the Court, Rottlund explained why the Trial Subpoena was necessary. (Davenport Aff, Ex. G at 2 (without attachments).)

During the first Status Conference on October 15, 2004, the parties argued this issue. (Davenport Aff., Ex. H at 33-46.) Rottlund explained that the subpoenas were served "to overcome what we consider to be bad faith objections to their business records." (*Id.* at 39:5-7.) Rottlund further explained that Edina Realty intended to comply with the Trial Subpoena. (*Id.* a 43:7-13.) Despite the Court's Order that a motion in limine before Judge Doty was the appropriate procedural course of action, Edina Realty subsequently stated it understood from the Town & Country Homes Defendants that they would file a motion to quash; thus, Edina Realty would await the outcome of the motion before complying with *duces tecum* portion of the Trial Subpoena. (Davenport Aff., Ex. I.)

On October 25, 2004, the Court conducted a second Status Conference on this issue. (Davenport Aff., Ex. J at 36:2-39:16.) The Court, again, held that a motion in limine, not a motion to quash, was the procedural course to follow. Motions in limine were due pursuant to Local Rule 39.1 on November 1, 2004. The Town & Country Homes Defendants did not file one on this issue. Instead, they filed the instant motion.

## LEGAL ARGUMENT[3]

### I. THE TOWN & COUNTRY HOMES DEFENDANTS DO NOT HAVE STANDING TO OBJECT TO THE THIRD-PARTY SUBPOENA SERVED UPON EDINA REALTY.

It is well settled that parties do not have standing to quash subpoenas served on third-parties because the relief is available only to the third-party.[4] *See United States v. Wilson,* 806 F.2d 171, 175 (8th Cir. 1986) (holding that only third-party bank, not defendant, could challenge subpoena for bank records), reversed and remanded for new trial on other grounds by 884 F.2d 1121 (8th Cir. 1988); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (noting that defendant did not have standing to challenge third-party subpoena), superseded on other grounds by rule as stated in *Therriault v. Garbe*, 53 U.S.P.Q.2d 1179 (Bd. Pat. App. & Interf. 1999); *United States v. Nachamie*, 91 F.Supp.2d 552, 558 (S.D.N.Y. 2000); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (refusing to grant Defendants' motion to quash subpoena duces tecum); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995); *United States v. Reyes,* 162 F.R.D. 468, 470 (S.D.N.Y. 1995); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (D. Nev. 1994); *Vogue Instrument Corp. v. Lem Instrument Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2459 at 41 (1995)).

Here, the Town & Country Homes Defendants do not have standing to challenge the Trial Subpoena. Only Edina Realty can do so; they have not. Edina Realty has every intention of complying with the Trial Subpoena. (Davenport Aff., Ex. L.) In fact, because the jury trial in

---

[3]As the Town & Country Homes Defendants' motion is inappropriate, Rottlund requests its costs and fees incurred in responding to the motion. *See* Fed. R. Civ. P. 37(a)(4).

[4] A party can move to quash if a privilege or other protection is involved. *Diamond State*, 157 F.R.D. at 695. To the extent that the Town & Country Home Defendants claim a right to the documents in Edina Realty's possession, then the Town & Country Home Defendants should have produced them during discovery as they were in the control of their agent. (*See* "Definitions" in Rottlund's discovery requests: "[t]he word "document" or "documents" shall mean any written, recorded, or graphic material, whether prepared by you or by another person, that is in your possession, custody, or control." (Davenport Aff., Ex. K at 3.)

this matter begins on November 15, 2004, Edina Realty has agreed to immediately produce responsive documents. (*Id.*) Specifically, Edina Realty has agreed to produce documents the afternoon of November 12, 2004 if the Court denies the instant motion from the bench. (*Id.*) Rottlund respectfully requests that the Court deny the instant motion.

## II. THE TOWN & COUNTRY HOMES DEFENDANTS MADE THE TRIAL SUBPOENA NECESSARY AND THEY CANNOT PREVENT JIM ONOMIYA FROM TESTIFYING AT TRIAL.

The Town & Country Homes Defendants lodged baseless hearsay, authenticity and foundation objections with respect to the "competition shop" documents sought by the Trial Subpoena during the summary judgment phase of this case. They will assert them again at trial. The Trial Subpoena will provide Rottlund with additional grounds to overcome these objections.

Rottlund properly served the Trial Subpoena. Edina Realty has not asserted any objections. The Town & Country Homes Defendants have not cited a single case to support the proposition that a Trial Subpoena, which seeks, in part, to compel a witness to testify at trial to lay foundation for business records should be quashed because it was served after the close of discovery.

In short, Rottlund has a right to subpoena Jim Onomiya of Edina Realty to testify at trial. Nothing in the pretrial scheduling order prevents Rottlund from issuing subpoenas for witnesses to testify at trial. Jim Onomiya and Edina Realty should be allowed to comply with the Trial Subpoena, which is their intention. *(Id.)*

## CONCLUSION

For the reasons stated above, Rottlund respectfully requests that this Court deny the instant motion and grant Rottlund its costs and attorneys' fees incurred in connection with the instant motion, which the Court has twice held could not be brought.

Dated: November 5, 2004

s/David A. Davenport
Craig S. Krummen, #259081
David A. Davenport, #285109
Winthrop & Weinstine, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 604-6716
Facsimile: (612) 604-6816
Attorneys for Plaintiff The
Rottlund Company, Inc.

2156043v2