Court File No. 01-1980 / ROTTLUND / Pinnacle
Davenport Affidavit November 5, 2004

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT TOWN & COUNTRY HOMES, INC. (SET VII)** |

TO: PLAINTIFF AND ITS ATTORNEY, CRAIG S. KRUMMEN OF WINTHROP & WEINSTINE, P.A., 225 SOUTH SIXTH STREET, SUITE 3500, MINNEAPOLIS, MN 55402:

Defendant and Third-Party Plaintiff, Town & Country Homes, Inc., for its Responses to Plaintiff's Discovery Requests (Set VII), states the following:

## GENERAL OBJECTIONS

1. TCM objects to providing any response or answer that constitutes the work product of its attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege or immunity doctrines. Information subject to such objections will be withheld from production.

2. TCM objects to any definition, instruction, or request to the extent that it purports to place a continuing obligation upon TCM to supplement its responses and answers in excess of the obligations set forth in the Federal Rules of Civil Procedure, and/or purport to define words or phrases in a way other than the ordinary, every day meaning of those words or phrases. For example, and without limitation, TCM interprets the term "document" as having the meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure. Similarly, TCM objects to the instructions to the extent that they seek to impose production requirements or objection requirements that exceed the requirements of Rule 34(b). TCM will comply with the requirements of Rule 34(b). TCM will make responsive non-privilege documents available for inspection and copying as kept in the usual course of business at the offices of Fredrikson & Byron, P.A. in Minneapolis, Minnesota. TCM states that it will comply with the requirements of the Rules with respect to supplementing its responses and answers.

3. TCM objects to the requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

These responses and answers contain the best information presently available to TCM, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other

facts or investigation by TCM. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, TCM hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

TCM gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document.

**RESPONSE:** Denied.

**REQUEST NO. 2:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document was kept in the course of a regularly conducted business activity.

**RESPONSE:** Denied.

**REQUEST NO. 3:** For each document you have produced in discovery admit that it was generated or received in your ordinary course of business.

**RESPONSE:** Denied.

**REQUEST NO. 4:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document is authentic.

**RESPONSE:** Denied.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document. For each such document, please state the basis for not admitting that it was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document.

**ANSWER**: TCM objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 2**: Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was kept in the course of a regularly conducted business activity. For each such document, please state the basis for not admitting that it was kept in the course of a regularly conducted activity.

**ANSWER**: TCM objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 3**: Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was generated or received in your ordinary course of business. For each such document, please state the basis for not admitting that it was generated or received in your ordinary course of business.

**ANSWER**: TCM objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. TCM further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 4**: Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit is authentic.

**ANSWER**: TCM objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

Dated: September 15, 2003

Daniel J. Maertens (#188311)
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

#2849810/1

# Exhibit B

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT PINNACLE CORPORATION (SET VIII)** |

TO: PLAINTIFF AND ITS ATTORNEY, CRAIG S. KRUMMEN OF WINTHROP & WEINSTINE, P.A., 225 SOUTH SIXTH STREET, SUITE 3500, MINNEAPOLIS, MN 55402:

Defendant and Pinnacle Corporation for its Responses to Plaintiff's Discovery Requests (Set VIII), states the following:

RECEIVED
SEP 17 2003
DAVID A. DAVENPORT

## GENERAL OBJECTIONS

1. Pinnacle objects to providing any response or answer that constitutes the work product of its attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege or immunity doctrines. Information subject to such objections will be withheld from production.

2. Pinnacle objects to any definition, instruction, or request to the extent that it purports to place a continuing obligation upon Pinnacle to supplement its responses and answers in excess of the obligations set forth in the Federal Rules of Civil Procedure, and/or purport to define words or phrases in a way other than the ordinary, every day meaning of those words or phrases. For example, and without limitation, Pinnacle interprets the term "document" as having the meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure. Similarly, Pinnacle objects to the instructions to the extent that they seek to impose production requirements or objection requirements that exceed the requirements of Rule 34(b). Pinnacle will comply with the requirements of Rule 34(b). Pinnacle will make responsive non-privilege documents available for inspection and copying as kept in the usual course of business at the offices of Pinnacle Corporation in Lombard, Illinois. Pinnacle states that it will comply with the requirements of the Rules with respect to supplementing its responses and answers.

3. Pinnacle objects to the requests to the extent that they call for the production by Pinnacle of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

These responses and answers contain the best information presently available to Pinnacle, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other

facts or investigation by Pinnacle. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, Pinnacle hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

Pinnacle gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document.

**RESPONSE:** Denied.

**REQUEST NO. 2:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document was kept in the course of a regularly conducted business activity.

**RESPONSE:** Denied.

**REQUEST NO. 3:** For each document you have produced in discovery admit that it was generated or received in your ordinary course of business.

**RESPONSE:** Denied.

**REQUEST NO. 4:** For each document you have produced in discovery, except documents generated by Plaintiff, admit that the document is authentic.

**RESPONSE:** Denied.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document. For each such document, please state the basis for not admitting that it was made at or near the time by, or from information transmitted by, a person with knowledge of the information contained in the document.

**ANSWER:** Pinnacle objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. Pinnacle further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Pinnacle further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 2:** Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was kept in the course of a regularly conducted business activity. For each such document, please state the basis for not admitting that it was kept in the course of a regularly conducted activity.

**ANSWER:** Pinnacle objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. Pinnacle further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Pinnacle further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 3:** Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit was generated or received in your ordinary course of business. For each such document, please state the basis for not admitting that it was generated or received in your ordinary course of business.

**ANSWER:** Pinnacle objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. Pinnacle further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Pinnacle further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

**INTERROGATORY NO. 4:** Please identify each document that you produced, except documents generated by Plaintiff, that you do not admit is authentic.

**ANSWER:** Pinnacle objects to this Interrogatory to request to the extent that it seeks information protected by the attorney client privilege and the work product doctrine. Pinnacle further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Pinnacle further objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted by the Pretrial Scheduling Order in this case.

Dated: September 15, 2003

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLC**
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of Pinnacle Corporation's Responses to Plaintiff's Discovery Requests (Set VIII) was served this 15th day of September, 2003, via regular mail, upon all counsel of record, addressed as follows:

David A. Davenport
Winthrop & Weinstine, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, MN 55402

Darren B. Schwiebert
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402

Holly J. Newman
Moore, Costello & Hart, P.L.L.P.
701 Fourth Avenue South, Suite 1350
Minneapolis, MN 55101

# 1190709_v1

Exhibit C

October 1, 2004

WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

**David A. Davenport**
**Direct Dial: (612) 604-6716**
**Direct Fax: (612) 604-6816**
**ddavenport@winthrop.com**

**BY FAX and U.S. MAIL**
Darren Schwiebert, Esq.
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-3397

**BY FAX and U.S. MAIL**
Christopher J. Murdoch, Esq.
Matthew I. Farmer, Esq.
HOLLAND & KNIGHT, LLC
131 South Dearborn Street, 30th Floor
Chicago, IL 60603

**Re:** Court File No. 01-CV-1980 (DSD/SRN) / Our File No. 10150-3
***Rottlund Homes v. Pinnacle Corporation, et al.***

Dear Counsel:

Thank you for Mr. Schwiebert's October 1, 2004 letter to my colleague, Craig Krummen.

Please accept this letter as Rottlund's request that TCM and Pinnacle immediately withdraw their objections to Rottlund's twenty-one exhibits objected to in connection with the recent motion for partial summary judgment regarding damages issues. (See Reply Mem., p. 3.) In addition, please accept this letter as confirmation that TCM and Pinnacle have withdrawn any Confidential or Attorney Eyes Only designations given to these documents, as well as all other non-financial TCM and Pinnacle business records generated by third-parties. In light of Mr. Murdoch's clear statement to the Court, on behalf of both TCM and Pinnacle, that "[a]ll parties should be required to waive any prior assertion of confidentiality" and Rottlund's stipulation with TCM and Pinnacle in this regard, we see no basis to delay waiver of these bad faith designations until November 15, 2004. Please be advised that unless we receive confirmation that TCM and Pinnacle will comply with the above request, Rottlund will raise these issues with the Court on October 15, 2004.

In addition, in light of the aforementioned stipulation, Rottlund intends to begin contacting third-parties who have generated TCM and Pinnacle's non-financial business records (which have been designated for some reason as Confidential or Attorney Eyes Only) on Monday in order to address the bad faith authenticity and hearsay objections raised by your clients in connection with the recent motion for partial summary judgment regarding damages. For example, Rottlund intends to contact Edina Reality regarding the "competition shop" business records produced by TCM (*See, e.g.*, Ex. R62 to Mr. Krummen's Affidavit), because the previously asserted Attorney Eyes Only designation was made in bad faith and has now been waived. If TCM and/or Pinnacle oppose Rottlund's intentions, we expect that you will file for a Protective Order on Monday.

Very truly yours,
WINTHROP & WEINSTINE, P.A.

David A. Davenport
DAD:djl
c: Holly J. Newman (by fax and U.S. Mail)
2148993v1

# Exhibit D

**From:** Davenport David
**Sent:** Friday, October 08, 2004 11:31 AM
**To:** Lessor, Deana J.
**Subject:** FW: Message from 9529271170

Hi Dave, Jim Onomiya from Edina Realty calling you back. I've talked to our counsel here at Edina Realty, Henry Brandis (sp?) who is our head counsel and also I've spoken to the Town and Country attorneys too and our counsel here at Edina Realty told me to have you, if you need to subpoena any documents send me a subpoena and if there's anything else that you need or whatever, put it in writing and then we will address it. I will tell you that....so again if there is.... if you need some documents then go ahead and subpoena and then I will respond to that and if you need anything else put it in writing what you need and I will try to respond and comply. I will tell you the documents that you're looking at or that you told me about. I have found one of them...will continue to look through my files, my Word files and things to locate anything else, but just let me know and we'll go from there. Thanks Dave and again voice-mail 952-927-1170. Thanks. Bye.

# Exhibit E

COPY

WINTHROP & WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

October 8, 2004

David A. Davenport
(612) 604-6716
ddavenport@winthrop.com

**BY MESSENGER**
Jim Onomiya
Edina Realty
4015 West 65th Street
Edina, MN 55435

**Re:** ***Rottlund v. Town & Country, et al. v. Bloodgood Architects and Planners of Iowa, Inc.***
Court File No. 01-CV-1980 (DSD/SRN)
Our File No. 10150-3

Dear Mr. Onomiya:

Enclosed and served upon you is a Trial Subpoena Duces Tecum regarding the above entitled action.

Also enclosed is a check which represents the applicable witness fee. Please call me at 612-604-6716, if you have any questions.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

David A. Davenport

DAD:djl
Enclosure
2150516v1

(1/94) Subpoena in a Civil Case

# *United States District Court*

## DISTRICT OF MINNESOTA

**The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota corporation,**

**Plaintiff,**

**v.**

Case No. 01-CV-1980 (DSD/SRN)

**Pinnacle Corporation, d/b/a Town & Country Homes, an Illinois corp., Town & Country Homes, Inc., a Minnesota corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,**

**Defendants,**

**and**

**Town & Country Homes, Inc., a Minnesota Corporation,**

**Third-Party Plaintiff,**

**v.**

**Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,**

**Third-Party Defendant.**

## TRIAL SUBPOENA *DUCES TECUM* IN A CIVIL CASE

**TO: Jim Onomiya, Edina Realty, 4015 West 65th Street, Edina, MN 55435.**

| | |
|---|---|
| **__X__YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.** | |
| Place of Testimony: U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 | Courtroom: 14W<br>Date and Time:<br>November 15, 2004 at 9:00 a.m. |
| **______YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.** | |
| | Date and Time: |
| **__X___YOU ARE COMMANDED to produce and/or permit inspection and copying of the following documents or objects a the place, date, and time specified below.**<br>See attached Schedule A. | |
| Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402. | Date and Time:<br>October 29, 2004 at 9:00 a.m. |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| Premises | Date and Time |
| Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). | |
| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) [signature] David A. Davenport /Attorney for Plaintiff | Date: October 8, 2004 |
| Issuing Officer's Name, Address, and Phone Number: David A. Davenport, Suite 3500, 225 South Sixth Street, Minneapolis, Minnesota 55402 / 612/604-6716 | |

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | Date | Place |
| Served on (Print Name) | | Manner of Service |
| Served by (Print Name) | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________

Date Signature of Server

______________________

Address of Server

______________________

Subscribed and sworn to before me this
_____ day of ______________, 20___.

______________________
Notary Public

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the

subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoenas shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business and shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2150515v1

**SCHEDULE A**

**A. Definitions**

1. "Documents" include, but are not limited to, records of any communications as well as any correspondence, memoranda, notes, telegrams, pamphlets, reports, ledgers, record studies books, working papers, diaries, calendars, charts, papers, drawings, sketches, graphs, data sheets, data processing cards, tapes, sound recordings and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received, which are now or were formerly in your company's possession, custody or control. The term "documents" specifically includes any and all computer and electronic documents, information, media or data including, without limitation, e-mail or electronic mail or similar items. In addition, the term "documents" includes the original document (or a copy thereof if the original is not available), all drafts, whether or not they resulted in a final document, and all copies which differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

2. "Year" shall mean calendar year.

3. "You" or "your" shall mean the individual and the company upon whom the attached subpoena was served, each of the company's predecessors, successors, parents, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

4. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

5. "Town & Country Homes" shall mean Pinnacle Corporation d/b/a Town & Country Homes and Town & Country Homes, Inc.

**B. Instructions**

1. Rottlund Homes hereby notifies you that you are requested, pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, to produce, at the offices of Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, Minnesota 55402, on October 29, 2004, at 9:00 a.m., the documents designated herein for counsel to inspect and copy, at Rottlund Homes' cost of copying.

2. If any portion of any document is responsive to any document request, then the entire document must be produced. Documents produced pursuant to this Schedule shall be produced in the order in which they appear in your company's files and shall not be shuffled or otherwise rearranged. We request that you advise us in writing as to each document produced, the number or numbers of the paragraph(s) of this Schedule to which it is responsive.

3. You must furnish all requested documents which are in your possession or custody or which are under your control. In the event that any requested documents are not in your possession or custody or under your control, you must identify the person who is in possession, or has custody, of said documents or who has said documents under his control.

4. If any document requested herein was formerly in your possession, custody or control, and has been lost or destroyed, you are requested to submit in lieu of

each document or item a written statement which (1) describes in detail the nature of the document and its contents; (2) identifies the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; (3) specifies the date on which the document was prepared or transmitted or both; and (4) specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

5. The following requests shall be deemed to be continuing in nature and if information is discovered or comes to your attention after this subpoena is complied with which would change or supplement the responses given, demand is hereby made that said information be furnished immediately.

**C. Documents Requested**

**REQUEST NO. 1:** Please produce the September 6, 1999 "Competition Shop, Maple Grove and Plymouth, August Sales, Townhouse Competition" memorandum, and attachments, from Jim Onomiya to Art Plante.

**REQUEST NO. 2:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the September 6, 1999 "Competition Shop, Maple Grove and Plymouth, August Sales, Townhouse Competition" memorandum, and attachments, from Jim Onomiya to Art Plante.

**REQUEST NO. 3:** Please produce the February 1, 2000 "Competition Shop for the Homestead Collection- Back to back townhomes" memorandum, and attachments, from Jim Onomiya to Art Plante, Tom Conner and Susan Reese.

**REQUEST NO. 4:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the February 1, 2000 "Competition Shop for the Homestead Collection- Back to back townhomes" memorandum, and attachments, from Jim Onomiya to Art Plante, Tom Conner and Susan Reese.

**REQUEST NO. 5:** Please produce the October 4, 2001 "Competition Shop for Cornerstone Lake in Lakeville" memorandum, and attachments, from Jim Onomiya to Kevin Kohls and Art Plante.

**REQUEST NO. 6:** Please produce all documents, including but not limited to notes and/or correspondence, concerning the October 4, 2001 "Competition Shop for Cornerstone Lake in Lakeville" memorandum, and attachments, from Jim Onomiya to Kevin Kohls and Art Plante.

**REQUEST NO. 7:** Please produce all documents, including but not limited to competition shops," concerning the following communities developed by Town & Country Homes:

a. Centennial Crossings, located in Maple Grove, Minnesota;

b. Harvest Hills, located in Plymouth, Minnesota;

c. Cornerstone Lake, located in Lakeville, Minnesota;

d. Springbrook, located in Lakeville, Minnesota;

e. Providence Pointe, located in Shakopee, Minnesota;

f. Washington Square, located in Aurora, Illinois;

g. Traditions at Clover Ridge, located in Chaska, Minnesota; and/or

h. Pinebrook, located in Brooklyn Park, Minnesota.

**<u>REQUEST NO. 8:</u>** Please produce all documents, including but not limited to competition shops, notes and/or correspondence, concerning the following designs and/or housing products:

a. Homestead Collection town homes;

b. Washington Square Back-to-Back town homes; and/or

c. Chateau Collection town homes.

**<u>REQUEST NO. 9:</u>** Please produce all documents concerning Town & Country Homes' back-to-back town homes.

**<u>REQUEST NO. 10:</u>** Please produce all documents concerning competition shops for Town & Country Homes which relate to, refer to and/or concern in any way Rottlund Homes.

2150507v1