UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC. AND THE BLOODGOOD GROUP, INC.'S APPEAL OF MAGISTRATE JUDGE NELSON'S NOVEMBER 1, 2004 ORDER** |

## INTRODUCTION

The Court should summarily deny Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. and the Bloodgood Group, Inc.'s (collectively, "the Bloodgood Defendants") appeal of Magistrate Judge Nelson's Order dated November 1, 2004 granting Rottlund's motion to exclude any expert testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus.[1] The Bloodgood Defendants wrongly claim that Rottlund's motion — which was granted — demonstrates a "distain" for "uncover[ing] the truth and do[ing] justice to the best of the court's ability," Bloodgood Defendants' Mem. at 11, when it is the Bloodgood Defendants themselves who simply failed to comply with the expert disclosure requirements of Rule 26(a)(2)(B) and the Court's Scheduling Orders, and failed to answer Rottlund's interrogatory specifically requesting the substance of and grounds for the Bloodgood Defendants' proffered expert testimony. Magistrate Judge Nelson's well-reasoned Order properly excluded the Bloodgood Defendants' employees from offering expert opinion evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence because the Bloodgood Defendants' chose to circumvent the requirements for full and complete expert disclosures.

## LEGAL ARGUMENT

Rules 16 and 37 of the Federal Rules of Civil Procedure provide the basis for the Court to exclude purported expert testimony from Doug Buster, Larry Moore, Chris Jorgenson, Joe Safin and David Kiwus. "Rule 16 gives the district court the authority to set management deadlines and to impose sanctions for their violation." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing Fed. R. Civ. P. 16(b), (C)(5)-(7), (f)). Rule 37 states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a

[1] The Bloodgood Defendants do not appeal the order as to the exclusion of testimony from David Kiwus.

motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Sanctions under Rule 37(c)(1) are mandatory. *See e.g.*, *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 795 (D. Minn. 2000). "If a party fails to disclose the necessary information under Rule 26(a)(2)(B), the disclosure is to be treated as a failure to disclose, which the Court can sanction." *Riordan v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 242 F. Supp. 2d 635, 642 (W.D. Mo. 2003); *see also Trost*, 162 F.3d at 1008 ("failure to disclose [an expert report] in a timely manner is equivalent to failure to disclose").

## I. THE BLOODGOOD DEFENDANTS' EXPERT DISCLOSURES FAIL TO COMPLY WITH RULE 26(a)(2)(B) AND THE COURT'S SCHEDULING ORDERS.

The Court ordered the parties to fully disclose expert witness identities and provide written reports prepared and signed by expert witnesses pursuant to Rule 26(a)(2)(B). (Second Amended Pretrial Scheduling Order, 4/1/03, p. 2.) Rule 26(a)(2)(B) requires a witness who intends to offer expert testimony to provide a written report disclosing "a complete statement of all opinions to be expressed and the basis and reasons therefore . . . ." Fed. R. Civ. P. 26 (a)(2)(B) (2004).[2] As Magistrate Judge Nelson found, BSB's expert disclosures were completely inadequate. *See* Order at 5.

Magistrate Judge Nelson recognized that full and complete expert disclosures are required "so that 'opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witness.'" *Id.* (quoting *Upsher-Smith Labs., Inc. v. Mylan Labs., Inc.*, 944 F. Supp. 1411, 1439-1440 (D. Minn. 1996) (holding that expert reports were properly excluded where "the reports are uninformative,

[2] The Advisory Committee Notes to Rule 26 – 1993 Amendments provides: "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request." *See* LR 26.3(b) (discussing authority of the Court to make an ordering governing the process by which the identity of experts shall be disclosed and the substance of their testimony disclosed or discovered).

boilerplate renditions which offer nothing to distinguish the testimony of one expert from another . . . and "wholly fail to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed"). "Discovery of expert opinion must not be allowed to degenerate into a game of evasion," *see Voegeli v. Lewis*, 568 F.2d 89, 97 (8th Cir. 1977), but this is precisely what BSB has done in this instance by failing to comply with the Court's Order concerning expert disclosures and the requirements of Rule 26(a)(2)(B). Courts routinely preclude expert testimony for failure to comply with Rule 26(a)(2)(B). *See e.g.*, *Upsher-Smith Lab.*, 944 F. Supp. at 1439-1440 (precluding expert testimony from three witnesses because the expert disclosures were uninformative, boilerplate renditions, which offered nothing to distinguish the testimony of one expert from another and failed to disclose in any intelligible way the facts and rationale which underlie the opinions to be expressed); *Mems v. The City of St. Paul-Dept. of Fire & Safety Serv.*, 2002 WL 334411 (D. Minn. 2002), *aff'd*, 327 F.3d 771 (8th Cir. 2003) (excluding expert testimony because the Rule 26(a)(2)(B) disclosure was not sufficient).

Because there is no question that the expert disclosures of Messrs. Buster, Moore, Jorgenson and Safin fail to satisfy the Court's Scheduling Orders or Rule 26(a)(2)(B), the only issue on appeal is whether Messrs. Buster, Moore, Jorgenson and Safin are required to provide expert disclosures. Without question they are, and even the *Duluth Lighthouse for the Blind v. C.G. Bretting Manufacturing Co.* case upon which the Bloodgood Defendants rely acknowledges this. *See* 199 F.R.D. 320, 325 (D. Minn. 2000).

The Bloodgood Defendants cite to *Duluth Lighthouse* and other decisions that address expert disclosure requirements prior to the 2000 amendments to Rule 701 of the Federal Rules of Evidence. Although the 2000 amendments did not apply to the proffered expert witness testimony at issue in *Duluth Lighthouse*, Magistrate Judge Erickson explained that witnesses

offering specialized expert testimony would be subject to the expert disclosure requirements of Rule 26(a)(2) once the amendment took effect on December 1, 2000. *See* 199 F.R.D. at 325. Rule 701 was amended to "prohibit lay witnesses from offering opinion testimony that is based upon 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Id.* (quoting amended Rule 702). The Advisory Committee Notes relating to the 2000 Amendments explain how the amendment affects the disclosure requirements:

> Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 *** by simply calling an expert witness in the guise of a layperson. *See* Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony[]" and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). . . .
>
> * * * *
>
> The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.

Fed. R. Evid. 701 Advisory Committee Note - 2000 Amendments. In light of these amendments, the Bloodgood Defendants' contention that no expert disclosures are required for employee experts misses the mark. The Court should affirm Magistrate Judge Nelson's Order in its entirety.

## II. THE BLOODGOOD DEFENDANTS FAILED TO ANSWER ROTTLUND'S INTERROGATORY SEEKING EXPERT DISCLOSURES.

Moreover, even assuming, *arguendo*, that the Bloodgood Defendants' proffered employee-experts were not required to submit reports disclosing the basis and reasons for any of

the purported expert testimony they intended to offer at trial, Rottlund served BSB with the an interrogatory which required the disclosure of the same type of information required by Fed. R. Civ. P. 26(b)(2)(B):

> Please state the name and address of each individual whom you have retained as an expert witness or consultant in this lawsuit and/or may call as an expert witness at the trial in this lawsuit. For each such individual specify in all possible detail, without limitation:
>
> a. The subject matter on which each person is expected to testify;
> b. The substance of the facts and opinions to which each person is expected to testify;
> c. The identity of all facts, including documents, upon which each person relied and/or reviewed;
> d. A summary of the grounds for each opinion of such person; and
> e. The qualifications of such person.

*See* Affidavit of Philip R. Mahowald, Ex. A (BSB's Answer to Interrogatory No. 2).[3] BSB's answer essentially restates the perfunctory expert disclosures, without providing a statement of the employee witnesses' expert opinions or grounds for their opinions. Accordingly, for the reasons proffered expert opinions are excluded for failure to comply with the Rule 26(b)(2)(B) disclosures, the Court should affirm Magistrate Judge Nelson's Order dated November 1, 2004 and exclude from trial any expert testimony for Messrs. Buster, Moore, Jorgenson and Safin. The Court should resist the Bloodgood Defendants' efforts to retool expert testimony on the eve of trial.

[3] Magistrate Judge Nelson was provided with a copy of BSB's Answer to Interrogatory No. 2 during the hearing.

## CONCLUSION

Based on the foregoing, Rottlund respectfully requests that the Court affirm Magistrate Judge Nelson's Order dated November 1, 2004, and preclude the Bloodgood Defendants from attempting to offer any expert opinion testimony from Doug Buster, Larry Moore, Chris Jorgenson, and Joe Safin.

Dated: November 10, 2004

**s/Philip R. Mahowald**
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2157740v1