**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, and Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants.<br><br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No. 01-CV-1980 (DSD/SRN)<br><br>**DEFENDANT TOWN & COUNTRY HOMES, INC.'S ANSWER AND COUNTERCLAIM TO EIGHTH AMENDED COMPLAINT** |

Defendant Town & Country Homes, Inc. ("TCM") answers the Eighth Amended Complaint as follows:

**PARTIES**

1. TCM admits on information and belief the allegations in paragraph 1 of the Eighth Amended Complaint.

2. TCM admits the allegations in paragraph 2 of the Eighth Amended Complaint.

3. TCM admits the allegations in paragraph 3 of the Eighth Amended Complaint.

4. TCM is without information sufficient to admit or deny the allegations in paragraph 4 of the Eighth Amended Complaint.

5. TCM is without information sufficient to admit or deny the allegations in paragraph 5 of the Eighth Amended Complaint.

**JURISDICTION AND VENUE**

6. TCM denies that the Eighth Amended Complaint contains a claim of common law unfair competition. TCM otherwise admits the allegations in paragraph 6 of the Eighth Amended Complaint.

7. TCM denies the allegations in paragraph 7 of the Eighth Amended Complaint.

**JURY DEMAND**

8. TCM states that no response is required from it regarding the allegations in paragraph 8 of the Eighth Amended Complaint. To the extent a response is required, TCM denies the allegations in paragraph 8 of the Eighth Amended Complaint.

## FACTS

9. TCM admits on information and belief the allegations in paragraph 9 of the Eighth Amended Complaint.

10. In response to paragraph 10, TCM admits that Pinnacle and TCM are in the home-building business, but denies that Pinnacle competes against Plaintiff.

11. TCM admits the allegations in paragraph 11 of the Eighth Amended Complaint.

**Original Villa**

12. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 12 of the Eighth Amended Complaint.

13. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 13 of the Eighth Amended Complaint.

14. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 14 of the Eighth Amended Complaint.

**New Villa**

15. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 15 of the Eighth Amended Complaint.

16. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 16 of the Eighth Amended Complaint.

**Villa II**

17. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 17 of the Eighth Amended Complaint.

18. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 18 of the Eighth Amended Complaint.

19. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 19 of the Eighth Amended Complaint.

20. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 20 of the Eighth Amended Complaint.

**The Original Works of Authorship in Original Villa and New Villa Carry Forward and Are Incorporated Into Villa II**

21. TCM states that no response is required from it regarding the allegations in paragraph 21 of the Eighth Amended Complaint. To the extent that a response is required, TCM denies the allegations in paragraph 20 of the Eighth Amended Complaint.

22. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 22 of the Eighth Amended Complaint.

23. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 23 of the Eighth Amended Complaint.

24. TCM denies that Plaintiff's works of authorship are original, and is without information sufficient to admit or deny the remaining allegations in paragraph 24 of the Eighth Amended Complaint.

25. TCM denies the allegations in paragraph 25 of the Eighth Amended Complaint.

26. TCM states that no response is required from it regarding the allegations in paragraph 26 of the Eighth Amended Complaint. To the extent that a response is required, TCM denies the allegations in paragraph 25 of the Eighth Amended Complaint.

**Plaintiff's Construction of Copyrighted Villa II Complexes and Defendants Pinnacle and TCM's Construction of Infringing Complexes**

27. TCM is without information sufficient to admit or deny the allegations in paragraph 27 of the Eighth Amended Complaint.

28. TCM is without information sufficient to admit or deny the allegations in paragraph 28 of the Eighth Amended Complaint.

29. TCM admits to the location of the Hollander Property and is without information sufficient to admit or deny the remaining allegations in paragraph 29 of the Eighth Amended Complaint.

30. TCM is without information sufficient to admit or deny the allegations in paragraph 30 of the Eighth Amended Complaint.

31. TCM is without information sufficient to admit or deny the allegations in paragraph 31 of the Eighth Amended Complaint.

32. TCM denies the allegations in paragraph 32 of the Eighth Amended Complaint.

33. TCM is without information sufficient to admit or deny the allegations regarding “Plaintiff's bid” and denies the allegations regarding “Defendants’ bid” contained in paragraph 33 of the Eighth Amended Complaint.

34. TCM denies the allegations in paragraph 34 of the Eighth Amended Complaint.

35. TCM denies the allegations in paragraph 35 of the Eighth Amended Complaint.

36. TCM denies the allegations in paragraph 36 of the Eighth Amended Complaint.

37. TCM denies the allegations in paragraph 37 of the Eighth Amended Complaint.

38. TCM denies the allegations in paragraph 38 of the Eighth Amended Complaint.

39. TCM denies the allegations in paragraph 39 of the Eighth Amended Complaint.

40. TCM denies the allegations in paragraph 40 of the Eighth Amended Complaint.

41. TCM denies the allegations in paragraph 41 of the Eighth Amended Complaint.

42. TCM denies the allegations in paragraph 42 of the Eighth Amended Complaint.

43. TCM denies the allegations in paragraph 43 of the Eighth Amended Complaint, except admits that its Homestead Collection back-to-back town homes contain units referred to as the Bayview, Starwood, Broadmoor and Savannah.

44. TCM denies the allegations in paragraph 44 of the Eighth Amended Complaint.

**Pinnacle's TCM's and BSB's Direct Infringement of Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

45. TCM denies the allegations in paragraph 45 of the Eighth Amended Complaint.

46. TCM denies the allegations in paragraph 46 of the Eighth Amended Complaint.

47. TCM denies the allegations in paragraph 47 of the Eighth Amended Complaint.

48. TCM denies the allegations in paragraph 48 of the Eighth Amended Complaint, except admits that TCM and BSB entered into a contract in April of 1998, a copy of which has been produced in this litigation.

49. In response to paragraph 49 of the Eighth Amended Complaint, TCM states that Steve Sandelin, Art Plante, Bill Anner, Larry Moore and Chris Jorgensen toured several townhome developments. On one occasion, one or more of these individuals walked through a Rottlund Villa II townhome.

50. In response to paragraph 50 of the Eighth Amended Complaint, TCM states that it has taken or received copies of photographs of Rottlund's Villa II townhome.

51. TCM denies the allegations in paragraph 51 of the Eighth Amended Complaint.

52. TCM denies the allegations in paragraph 52 of the Eighth Amended Complaint.

53. TCM denies the allegations in paragraph 53 of the Eighth Amended Complaint.

54. TCM is without information sufficient to admit or deny the allegations in paragraph 54 of the Eighth Amended Complaint.

55. TCM denies the allegations in paragraph 55 of the Eighth Amended Complaint.

56. TCM is without information sufficient to admit or deny the allegations in paragraph 56 of the Eighth Amended Complaint.

57. TCM is without information sufficient to admit or deny the allegations in paragraph 57 of the Eighth Amended Complaint.

58. TCM is without information sufficient to admit or deny the allegations in paragraph 58 of the Eighth Amended Complaint.

59. TCM admits the allegations in paragraph 59 of the Eighth Amended Complaint.

60. TCM denies the allegations in paragraph 60 of the Eighth Amended Complaint.

61. TCM is without information sufficient to admit or deny the allegations in paragraph 61 of the Eighth Amended Complaint.

62. TCM is without information sufficient to admit or deny the allegations in paragraph 62 of the Eighth Amended Complaint.

63. TCM denies the allegations in paragraph 63 of the Eighth Amended Complaint.

64. TCM denies the allegations in paragraph 64 of the Eighth Amended Complaint.

65. TCM denies the allegations in paragraph 65 of the Eighth Amended Complaint.

66. TCM denies the allegations in paragraph 66 of the Eighth Amended Complaint.

67. TCM denies the allegations in paragraph 67 of the Eighth Amended Complaint, except that TCM admits that on or about July 9, 2001 Steve Sandelin wrote a letter to Larry Moore that contained the phrase “obviously similar.”

68. TCM denies the allegations in paragraph 68 of the Eighth Amended Complaint.

69. TCM is without information sufficient to admit or deny the allegations in paragraph 69 of the Eighth Amended Complaint, except admits that Mr. Karau received documents from Mr. Grundmeier that have been produced in this litigation.

70. TCM is without information sufficient to admit or deny the allegations in paragraph 70 of the Eighth Amended Complaint.

71. TCM denies the allegations in paragraph 71 of the Eighth Amended Complaint, except admits that Mr. Johnson was, at one time, employed by Rottlund.

72. TCM denies the allegations in paragraph 72 of the Eighth Amended Complaint.

73. TCM is without information sufficient to admit or deny the allegations in paragraph 73 of the Eighth Amended Complaint.

74. TCM denies the allegations in paragraph 74 of the Eighth Amended Complaint.

75. TCM admits that it inquired of BSB as to the cost and willingness of BSB to provide CAD copies of BSB's original Homestead designs to Toushie and Montgomery. Answering further, TCM states that BSB did not forward its designs.

76. TCM denies the allegations in paragraph 76 of the Eighth Amended Complaint.

77. TCM denies the allegations in paragraph 77 of the Eighth Amended Complaint.

78. TCM admits that in an April 10, 2002 correspondence Krista Flemming stated "We need to make some changes anyway so Art Plante feels we should look at making significant architectural changes as opposed to slight changes."

79. TCM denies the allegations in paragraph 79 of the Eighth Amended Complaint.

80. TCM denies the allegations in paragraph 80 of the Eighth Amended Complaint.

81. TCM denies the allegations in paragraph 81 of the Eighth Amended Complaint.

82. TCM denies the allegations in paragraph 82 of the Eighth Amended Complaint.

83. TCM denies the allegations in paragraph 83 of the Eighth Amended Complaint.

84. TCM denies the allegations in paragraph 84 of the Eighth Amended Complaint.

85. TCM denies the allegations in paragraph 85 of the Eighth Amended Complaint.

86. TCM denies the allegations in paragraph 86 of the Eighth Amended Complaint.

87. TCM denies the allegations in paragraph 87 of the Eighth Amended Complaint.

88. TCM denies the allegations in paragraph 88 of the Eighth Amended Complaint.

89. TCM denies the allegations in paragraph 89 of the Eighth Amended Complaint.

**Defendants Pinnacle and TCM's Contributory infringement/Vicarious Liability Concerning Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

90. TCM denies the allegations in paragraph 90 of the Eighth Amended Complaint.

91. TCM denies the allegations in paragraph 91 of the Eighth Amended Complaint.

92. TCM denies the allegations in paragraph 92 of the Eighth Amended Complaint.

93. TCM denies the allegations in paragraph 93 of the Eighth Amended Complaint.

94. TCM denies the allegations in paragraph 94 of the Eighth Amended Complaint.

95. TCM denies the allegations in paragraph 95 of the Eighth Amended Complaint.

96. TCM denies the allegations in paragraph 96 of the Eighth Amended Complaint.

**Defendants BSB's Contributory infringement/Vicarious Liability Concerning Plaintiff's Copyrighted Villa II and Incorporated Original Works of Authorship**

97. TCM is without information sufficient to admit or deny the allegations in paragraph 97 of the Eighth Amended Complaint.

98. TCM is without information sufficient to admit or deny the allegations in paragraph 98 of the Eighth Amended Complaint.

99. TCM is without information sufficient to admit or deny the allegations in paragraph 99 of the Eighth Amended Complaint.

100. TCM is without information sufficient to admit or deny the allegations in paragraph 100 of the Eighth Amended Complaint.

101. TCM is without information sufficient to admit or deny the allegations in paragraph 101 of the Eighth Amended Complaint.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS PINNACLE, TCM, BSB, AND BLOODGOOD

### COUNT I
### Against Defendant TCM: Copyright Infringement Under 17 U.S.C. § 102(a)(5)

102. In response to paragraph 102 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 101 above.

103. TCM denies the allegations in paragraph 103 of the Eighth Amended Complaint.

104. TCM denies the allegations in paragraph 104 of the Eighth Amended Complaint.

105. TCM denies the allegations in paragraph 105 of the Eighth Amended Complaint.

106. TCM denies the allegations in paragraph 106 of the Eighth Amended Complaint.

### COUNT II
### Against Defendant TCM: Copyright Infringement Under 17 U.S.C. § 102(a)(8)

107. In response to paragraph 107 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 106 above.

108. TCM denies the allegations in paragraph 108 of the Eighth Amended Complaint.

109. TCM denies the allegations in paragraph 109 of the Eighth Amended Complaint.

110. TCM denies the allegations in paragraph 110 of the Eighth Amended Complaint.

111. TCM denies the allegations in paragraph 111 of the Eighth Amended Complaint.

**COUNT III**
**Against Defendant TCM: Contributory Infringement**

112. In response to paragraph 112 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 111 above.

113. TCM denies the allegations in paragraph 113 of the Eighth Amended Complaint.

114. TCM denies the allegations in paragraph 114 of the Eighth Amended Complaint.

115. TCM denies the allegations in paragraph 115 of the Eighth Amended Complaint.

116. TCM denies the allegations in paragraph 116 of the Eighth Amended Complaint.

117. TCM denies the allegations in paragraph 117 of the Eighth Amended Complaint.

118. TCM denies the allegations in paragraph 118 of the Eighth Amended Complaint.

119. TCM denies the allegations in paragraph 119 of the Eighth Amended Complaint.

**COUNT IV**
**Against Defendant TCM: Vicarious Liability**

120. In response to paragraph 120 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 119 above.

121. TCM denies the allegations in paragraph 121 of the Eighth Amended Complaint.

122. TCM denies the allegations in paragraph 122 of the Eighth Amended Complaint.

123. TCM denies the allegations in paragraph 123 of the Eighth Amended Complaint.

124. TCM denies the allegations in paragraph 124 of the Eighth Amended Complaint.

125. TCM denies the allegations in paragraph 125 of the Eighth Amended Complaint.

126. TCM denies the allegations in paragraph 126 of the Eighth Amended Complaint.

127. TCM denies the allegations in paragraph 127 of the Eighth Amended Complaint.

128. TCM denies the allegations in paragraph 128 of the Eighth Amended Complaint.

129. TCM denies the allegations in paragraph 129 of the Eighth Amended Complaint.

130. TCM denies the allegations in paragraph 130 of the Eighth Amended Complaint.

**COUNT V**
**Against Defendant TCM: False Advertising Under the Lanham Act**

131. In response to paragraph 131 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 130 above.

132. TCM denies the allegations in paragraph 132 of the Eighth Amended Complaint.

133. TCM denies the allegations in paragraph 133 of the Eighth Amended Complaint.

134. TCM denies the allegations in paragraph 134 of the Eighth Amended Complaint.

135. TCM denies the allegations in paragraph 135 of the Eighth Amended Complaint.

136. TCM denies the allegations in paragraph 136 of the Eighth Amended Complaint.

137. TCM denies the allegations in paragraph 137 of the Eighth Amended Complaint.

138. TCM denies the allegations in paragraph 138 of the Eighth Amended Complaint.

**COUNT VI**
**Against Defendant TCM: Violation of**
**Minnesota Uniform Deceptive Trade Practices Act**

139. In response to paragraph 139 of the Eighth Amended Complaint, TCM incorporates its responses to paragraphs 1 through 138 above.

140. TCM denies the allegations in paragraph 140 of the Eighth Amended Complaint.

141. TCM denies the allegations in paragraph 141 of the Eighth Amended Complaint.

142. TCM denies the allegations in paragraph 142 of the Eighth Amended Complaint.

143. TCM denies the allegations in paragraph 143 of the Eighth Amended Complaint.

144. TCM denies the allegations in paragraph 144 of the Eighth Amended Complaint.

145. TCM denies the allegations in paragraph 145 of the Eighth Amended Complaint.

146. TCM denies the allegations in paragraph 146 of the Eighth Amended Complaint.

**COUNT VII**
**Against Defendant Pinnacle: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(5)**

147. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 146 above.

148. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 148 of the Eighth Amended Complaint.

149. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 149 of the Eighth Amended Complaint.

150. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 150 of the Eighth Amended Complaint.

151. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 151 of the Eighth Amended Complaint.

**COUNT VIII**
**Against Defendant Pinnacle: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(8)**

152. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 151 above.

153. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 153 of the Eighth Amended Complaint.

154. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 154 of the Eighth Amended Complaint.

155. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 155 of the Eighth Amended Complaint.

156. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 156 of the Eighth Amended Complaint.

**COUNT IX**
**Against Defendant Pinnacle: Contributory Infringement**

157. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 156 above.

158. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 158 of the Eighth Amended Complaint.

159. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 159 of the Eighth Amended Complaint.

160. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 160 of the Eighth Amended Complaint.

161. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 161 of the Eighth Amended Complaint.

162. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 162 of the Eighth Amended Complaint.

163. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 163 of the Eighth Amended Complaint.

164. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 164 of the Eighth Amended Complaint.

**COUNT X**
**<u>Against Defendant Pinnacle: Vicarious Liability</u>**

165. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 164 above.

166. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 166 of the Eighth Amended Complaint.

167. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 167 of the Eighth Amended Complaint.

168. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 168 of the Eighth Amended Complaint.

169. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 169 of the Eighth Amended Complaint.

170. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 170 of the Eighth Amended Complaint.

171. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 171 of the Eighth Amended Complaint.

172. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 172 of the Eighth Amended Complaint.

173. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 173 of the Eighth Amended Complaint.

174. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 174 of the Eighth Amended Complaint.

175. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 175 of the Eighth Amended Complaint.

**COUNT XI**
**Against Defendant Pinnacle: False Advertising Under the Lanham Act**

176. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 175 above.

177. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 177 of the Eighth Amended Complaint.

178. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 178 of the Eighth Amended Complaint.

179. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 179 of the Eighth Amended Complaint.

180. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 180 of the Eighth Amended Complaint.

181. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 181 of the Eighth Amended Complaint.

182. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 182 of the Eighth Amended Complaint.

183. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 183 of the Eighth Amended Complaint.

**COUNT XII**
**Against Defendant Pinnacle: Violation of Minnesota Uniform Deceptive Trade Practices Act**

184. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 183 above.

185. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 185 of the Eighth Amended Complaint.

186. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 186 of the Eighth Amended Complaint.

187. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 187 of the Eighth Amended Complaint.

188. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 188 of the Eighth Amended Complaint.

189. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 189 of the Eighth Amended Complaint.

190. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 190 of the Eighth Amended Complaint.

191. TCM states that no response is required from it regarding the allegations in this count, which is directed at Pinnacle. To the extent a response is required, TCM denies the allegations in paragraph 191 of the Eighth Amended Complaint.

**COUNT XIV**
**Against Defendant BSB: Copyright Infringement Under 17 U.S.C. § 102(a)(5)**

192. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 191 above.

193. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 193 of the Eighth Amended Complaint.

194. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 194 of the Eighth Amended Complaint.

195. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 195 of the Eighth Amended Complaint.

196. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 196 of the Eighth Amended Complaint.

**COUNT XV**
**Against Defendant BSB: Copyright Infringement Under 17 U.S.C. § 102(a)(8)**

197. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 196 above.

198. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 198 of the Eighth Amended Complaint.

199. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 199 of the Eighth Amended Complaint.

200. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 200 of the Eighth Amended Complaint.

201. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 201 of the Eighth Amended Complaint.

**COUNT XVI**
**Against Defendant BSB: Contributory Infringement**

202. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 201 above.

203. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 203 of the Eighth Amended Complaint.

204. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 204 of the Eighth Amended Complaint.

205. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 205 of the Eighth Amended Complaint.

206. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 206 of the Eighth Amended Complaint.

**COUNT XVII**
**Against Defendant BSB: Vicarious Liability**

207. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 206 above.

208. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 208 of the Eighth Amended Complaint.

209. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 209 of the Eighth Amended Complaint.

210. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 210 of the Eighth Amended Complaint.

211. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 211 of the Eighth Amended Complaint.

212. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 212 of the Eighth Amended Complaint.

213. TCM states that no response is required from it regarding the allegations in this count, which is directed at BSB. To the extent a response is required, TCM denies the allegations in paragraph 213 of the Eighth Amended Complaint.

**COUNT XVIII**
**Against Defendant Bloodgood: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(5)**

214. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 213 above.

215. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 215 of the Eighth Amended Complaint.

216. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 216 of the Eighth Amended Complaint.

217. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 217 of the Eighth Amended Complaint.

218. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 218 of the Eighth Amended Complaint.

**COUNT XIX**
**Against Defendant Bloodgood: Copyright Infringement**
**Under 17 U.S.C. § 102(a)(8)**

219. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 218 above.

220. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 220 of the Eighth Amended Complaint.

221. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 221 of the Eighth Amended Complaint.

222. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 222 of the Eighth Amended Complaint.

223. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 223 of the Eighth Amended Complaint.

**COUNT XX**
**Against Defendant Bloodgood: Contributory Infringement**

224. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 223 above.

225. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 225 of the Eighth Amended Complaint.

226. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 226 of the Eighth Amended Complaint.

227. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 227 of the Eighth Amended Complaint.

228. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 228 of the Eighth Amended Complaint.

**COUNT XXI**
**Against Defendant Bloodgood: Vicarious Liability**

229. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM incorporates its responses to paragraphs 1 through 228 above.

230. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 230 of the Eighth Amended Complaint.

231. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 231 of the Eighth Amended Complaint.

232. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 232 of the Eighth Amended Complaint.

233. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 233 of the Eighth Amended Complaint.

234. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 234 of the Eighth Amended Complaint.

235. TCM states that no response is required from it regarding the allegations in this count, which is directed at Bloodgood. To the extent a response is required, TCM denies the allegations in paragraph 235 of the Eighth Amended Complaint.

**SEPARATE DEFENSES**

1. The Eighth Amended Complaint fails to state a claim upon which relief may be granted.

2. TCM has not infringed any copyrights owned by Plaintiff and has not infringed any of the technical drawings purportedly registered with the Copyright Office as Registration numbers VAu-447-395 or VAu 546-285 or the architectural work purportedly registered with the Copyright Office as registration number VAu 534-723.

3. TCM did not have access to the technical drawings purportedly registered with the Copyright Office as Registration numbers VAu-447-395 or VAu 546-285.

4. Plaintiff's asserted copyright registrations are invalid and unenforceable.

5. Plaintiff has failed to mitigate any damages it incurred.

6. TCM has never developed, built, promoted, advertised, offered for sale, constructed or sold any homes in Illinois, and is not currently doing so.

7. Plaintiff lacks standing to bring its claims.

8. TCM's architectural designs for its Homestead Collection back-to-back, slab-on-grade town homes were independently created.

9. TCM's architectural designs for its Chateau Collection back-to-back, slab-on-grade town homes were independently created.

10. If the fact-finder determines that TCM infringed Plaintiff's copyrights, then the infringement was innocent.

**COUNTERCLAIM: DECLARATORY JUDGMENT**

For its counterclaim against The Rottlund Company, Inc., TCM states and alleges as follows.

1. The Court has jurisdiction over TCM's counterclaims under 28 U.S.C. § 1367(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201, et esq.

2. Plaintiff's works reflected in its copyright registrations do not have that degree of originality required for a valid copyright. Any differences between Plaintiff's plans and town homes and pre-existing plans and town homes are trivial, meaningless and utterly devoid of original creativity.

3. Plaintiff's works are not unique to Plaintiff. Substantially similar plans and structures have been in the public domain for years. On information and belief, Plaintiff copied its plans and town homes from plans and/or town homes that it did not create.

4. Furthermore, the features of Plaintiff's works are utilitarian and are not subject to copyright protection. Plaintiff's copyrights also seek to protect ideas that can only be expressed in a limited number of ways.

5. On information and belief, Plaintiff failed to inform the Copyright Office of previously published works when it applied for its copyright registrations. Plaintiff knew of pre-existing works and intentionally omitted them on its applications so that the Copyright Office was not aware of them when considering whether Plaintiff's plan and structure were sufficiently original.

6. Plaintiff's copyrights are invalid because of Plaintiff's failure to disclose to the Copyright Office preexisting materials of which it was aware.

7. The Court should issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 that Plaintiff's copyright registrations are invalid and unenforceable because they do not possess the requisite degree of originality and/or because of Plaintiff's inequitable conduct in obtaining the registrations.

**JURY DEMAND**

TCM requests a jury trial for all issues so triable.

WHEREFORE, TCM requests the following relief:

1. Dismissal of Plaintiff's Complaint in its entirety and judgment for TCM on its counterclaim;

2. A declaratory judgment stating that Plaintiff's copyrights are invalid because they are not original and/or because Plaintiff obtained them through inequitable conduct;

3. An award of the attorneys fees, costs and disbursements TCM has incurred; and

4. Any other relief as the Court deems just and equitable.

Dated: November 10, 2004

**s/ Darren B. Schwiebert**
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

#2990514\1