UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation,
et al.,

Defendants,

Civil Action No. 01-CV-1980 DSD/SRN

**DEFENDANT'S APPEAL OF MAGISTRATE JUDGE NOVEMBER 3, 2004 DECISION TO DISTRICT COURT**

**(ORAL ARGUMENT REQUESTED)**

Rottlund's expert admitted that the law firm of Winthrop & Weinstine wrote at least portions of his expert report. (Docket Number 426, Ex. A at 117, line 24 – 120, line 7) (Deposition of Anthony Desnick). The November 3, 2004 Order ("Order") denies TCM access to draft versions of reports, including draft versions indicating the changes made by Winthrop & Weinstine, because it concludes that changes made to an expert's report – which is supposed to identify the *expert's* opinions – are the "opinion work product" of Winthrop & Weinstine.

Mr. Desnick stated during his deposition that he had sent draft reports to plaintiff's counsel via e-mail and that they edited the draft expert reports and forwarded revised versions of his reports to him via e-mail along with redline versions indicating changes to the report made by plaintiff's counsel. (Docket Number 426, Ex. A at 117, line 24 – 120, line 7) (Deposition of Anthony Desnick). Mr. Desnick admitted that "certain things had been deleted and other things

added." (*Id.* at 119, line 17 – 19). He also stated that he had destroyed his copies of the draft reports. (*Id.* at 119, line 12 – 18). TCM requested the draft reports and accompanying communication from plaintiff's attorneys because the only remaining copies of the documents were in their possession. When plaintiff's attorneys refused to turn over the documents, TCM filed a motion to compel.

Federal Rule of Procedure 26 mandates disclosure of all information shared with a testifying expert, including the mental impressions and opinions of the attorney. *William Penn Life Assur. Co. of America v. Brown Transfer and Storage, Co.,* 141 F.R.D. 142, 143 (W.D. Mo 1990). Despite the fact that the drafts are discoverable documents and would already have been produced to TCM by Mr. Desnick if he had retained copies, the Order denies TCM's motion to compel.

## ARGUMENT

### I. THE MAGISTRATE JUDGE ERRED IN DENYING DISCOVERY OF DRAFT REPORTS SENT BETWEEN PLAINTIFF'S COUNSEL AND PLAINTIFF'S EXPERT ANTHONY DESNICK

The Order holds that because the draft reports were redlined at plaintiff's counsel before transmission back to Mr. Desnick, they are opinion work product and therefore protected. The Order correctly notes that the Eighth Circuit has not addressed the issue of whether opinion work product that is shared with an expert witness is discoverable. Order at 4. It concluded that it should look to other district courts in the circuit for guidance.

The Order relies entirely on two decisions by the same magistrate judge, issued on the same day, in cases brought on behalf of two deceased smokers against

tobacco companies. The decision in *Chopper v. RJ Reynolds Tobacco Co.*, 195 F.R.D. 648 (N.D. Iowa 2000) does not address whether draft expert reports and accompanying communication are discoverable. The claimed attorney work product in *Chopper* included letters sent from the plaintiff's attorney to the expert. The majority of documents sought in *Moore v. RJ Reynolds Tobacco Co.*, 194 F.R.D. 659 (N.D. Iowa 2000) also included letters from the plaintiff's attorney to the expert. Although draft expert reports clearly raise additional issues compared with retention letters to the expert, the court in *Moore* did not address the expert reports separately.

The Order completely ignores a decision from another Eighth Circuit court that held communications between an attorney and expert are discoverable. *See William Penn Life Assurance Co. of America v. Brown Transfer and Storage, Co.,* 141 F.R.D. 142 (W.D. Mo 1990). "The federal rules provide for the discovery of the materials upon which an expert witness bases his opinion. When the thoughts and observations of an attorney are part of that material, the attorney's opinion becomes discoverable." *Id.* at 143. The Court ordered the expert to disclose all information or opinions that plaintiff's counsel provided to him. *Id.* TCM is not seeking the scope of information the *William Penn* court order disclosed. It is merely seeking the draft reports and accompanying e-mail messages sent between plaintiff's counsel and Mr. Desnick.

The weight of the case law from courts in other circuits agrees with the *William Penn* court that information communicated to an expert in preparation for

a report — including the mental impressions of and opinion of attorneys — must be disclosed. *See, e.g., B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.,* 171 F.R.D. 57, 63 (S.D.N.Y.1997) (documents reviewed by plaintiff's expert and contained the mental impressions, opinions, and litigation strategies of plaintiff's attorneys were not protected by work product doctrine); *TV-3, Inc. v. Royal Ins. Co. of America,* 194 F.R.D. 585, 589 (S.D. Miss.2000) (correspondence between expert witnesses and counsel was discoverable, notwithstanding defendants' work product objection); *Simon Property Group L.P. v. mySimon, Inc.,* 194 F.R.D. 644, 647 (S.D. Ind.2000) ("an intentional disclosure of opinion work-product to a testifying expert effectively waives the work-product privilege"); *Lamonds v. General Motors Corp.,* 180 F.R.D. 302, 305-06 (W.D. Va.1998) (when an attorney provides work product material to a retained expert to be considered in the formulation of the expert's opinion, the information is discoverable); *Musselman v. Phillips,* 176 F.R.D. 194, 198 (D. Md.1997) (work product doctrine did not protect materials furnished by counsel to testifying experts for purpose of forming expert opinion); *Karn v. Ingersoll-Rand Co.,* 168 F.R.D. 633, 635-36 (N.D. Ind.1996) (work product does not protect disclosures related to the subject matter of the litigation that are made by attorney to testifying experts); *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.,* 168 F.R.D. 61, 62 (D. N.M.1996) (plaintiff was entitled to discovery of documents that defendant's counsel furnished to defendant's expert who was expected to testify at trial, notwithstanding defendant's work product

objection). As with the decision from the Western District of Missouri, the Order ignores these cases.

Although some case law finds that communication between attorneys and experts may be protectable where opinion work product is involved, the concerns about divulging opinion work product are not presented here. TCM is seeking full disclosure of the *expert's* work product. If, as suggested by Mr. Desnick, plaintiff's attorney's edited his report, TCM is entitled to those drafts. TCM is seeking only draft reports and the e-mail messages conveying the draft reports and no additional communication between Mr. Desnick and plaintiff's attorneys.

It is important to note that the Order creates a rule which will surely promote mischief by permiting a party to hide all drafts of expert reports simply by instructing an expert to e-mail a draft to its counsel who, in turn, will then make small, edits – perhaps only to punctuation – and then claim the whole document is protected by opinion work product. The Court should reverse the Order and hold, as most courts do, that drafts of expert reports, even if in the possession of attorneys, are discoverable.

## CONCLUSION

For the reasons stated herein, TCM requests that the Court reverse the November 3, 2004 Order and grant TCM's Motion to Compel.

Dated: November 10, 2004

s/ Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.