UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a Minnesota
Corporation,

Plaintiff,

vs.

Pinnacle Corporation
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc.,
a Minnesota Corporation,
Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,
and The Bloodgood Group, Inc., an Iowa
Corporation,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

No.: 01-CV-1980 (DSD/SRN)

**PLAINTIFF'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TOWN & COUNTRY HOMES' APPEAL OF MAGISTRATE JUDGE NELSON'S NOVEMBER 3, 2004 ORDER**

## INTRODUCTION

The Court should deny Defendant Town & Country Homes, Inc.'s ("TCM") appeal of Magistrate Judge Nelson's Order dated November 3, 2004, which denied TCM's motion to compel the production of attorney work product communications between Winthrop & Weinstine P.A. and Anthony Desnick, an expert witness retained by Winthrop & Weinstine on behalf of Plaintiff The Rottlund Company, Inc. Magistrate Judge Nelson's well-reasoned Order properly rejected TCM's motion to compel discovery of attorney opinion work product information that has long enjoyed protection from discovery.

## LEGAL ARGUMENT

TCM continues a pursuit of irrelevant discovery that it requested long after the discovery deadline passed in this case. TCM seeks production of Rottlund's attorneys' opinion work product without any justification, and has failed to meet its "heavy burden of establishing a rare and extraordinary circumstance entitling [it] to obtain these materials." Order dated November 3, 2004 at 5 (quoting *Estate of Chopper v. R.J. Reynolds Tobacco Co.*, 195 F.R.D. 648, 652 (N.D. Iowa 2000); *Estate of Moore v. R.J. Reynolds Tobacco Co.*, 194 F.R.D. 659, 664 (S.D. Iowa 2000)). TCM cross-examined Mr. Desnick about his expert opinions and the grounds for those opinions during his deposition. TCM does not challenge the sufficiency of Mr. Desnick's expert disclosure, does not claim that Mr. Desnick failed in any way to disclose the grounds for his opinions, and does not claim that Mr. Desnick was evasive or non-responsive to questions asked of him during his deposition. Instead, TCM launches a post-discovery deadline request for information from Winthrop & Weinstine, without ever having served Winthrop & Weinstine with a subpoena or identifying any document request which would call for the production of the electronic information it seeks.

Notwithstanding the procedural infirmities of its motion to compel, TCM has failed to demonstrate that the work product information it seeks is discoverable. "'Even when opinion work product is shared with an expert witness in preparation for testifying at trial . . ., such opinion work product has nearly absolute immunity from discovery.'" Order dated November 3, 2004 at 5 (quoting *Chopper*, 195 F.R.D. at 651-52; *Moore*, 194 F.R.D. at 663-64). TCM has failed to overcome this immunity by "'establishing a rare and extraordinary circumstance entitling [it] to obtain these materials.'" *Id.* As Magistrate Judge Nelson explained, "cross-examination itself can probe the adequacy and reliability of an expert's stated basis for an opinion without questioning counsel's role in assisting the expert." Order at 5-6 (citing *Chopper*, 195 F.R.D. at 652, *Moore*, 194 F.R.D. at 664).

The Third Circuit Court of Appeals, apparently the only circuit court to address this issue, just last year reaffirmed its pre-1993 decision in *Bogosian v. Gulf Oil Corporation*, 738 F.2d 587 (3d Cir. 1984), which held that attorney opinion work product shown to experts was not discoverable. *See In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 664-65 (3d Cir. 2003). As explained by the Third Circuit Court of Appeals:

> [T]he first sentence [of Rule 26(b)(3)] requires protection against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party. The proviso introduces the first sentence of Rule 26(b)(3) ("*Subject to the provisions of subdivision (b)(4) of this rule*, a party may obtain discovery of documents . . . prepared in anticipation of litigation or for trial . . .") and signifies that trial preparation material prepared by an expert is also subject to discovery, but only under the special requirements pertaining to expert discovery set forth in Rule 26(b)(4). The proviso does not limit the second sentence of Rule 26(b)(3) restricting disclosure of work product containing "mental impressions" and "legal theories." Thus, it does not support the district court's conclusion that Rule 26(b)(3), protecting this category of attorney's work product, "must give way" to Rule 26(b)(4), authorizing discovery relating to expert witnesses.

*In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 665 (3d Cir. 2003) (quoting *Bogosian*¸ 738 F.2d at 594. The same analysis applies here. The Court should reject TCM's contention that the protection of attorney work product gives way to Rule 26(b)(4)'s authorization of expert witness discovery and affirm Magistrate Judge Nelson's November 3, 2004 Order in its entirety.

## CONCLUSION

Based on the foregoing, and the additional arguments set forth in Rottlund's Memorandum of Law in Opposition to Defendant's Motion to Compel Discovery dated July 22, 2004, Rottlund respectfully requests that the Court affirm Magistrate Judge Nelson's Order dated November 3, 2004.

Dated: November 12, 2004

**s/Philip R. Mahowald**
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2158488v1