UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

No.: 01-CV-1980 (DSD/SRN)

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a Minnesota
Corporation,

Plaintiff,

vs.

Pinnacle Corporation
d/b/a Town & Country Homes,
an Illinois Corporation,
Town & Country Homes, Inc.,
a Minnesota Corporation,
Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,
and The Bloodgood Group, Inc., an Iowa
Corporation,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects &
Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendants.

**PLAINTIFF'S SUPPLEMENTAL PROPOSED *VOIR DIRE* INSTRUCTION**

Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes ("Rottlund") respectfully submits the following supplemental proposed *voir dire* instruction for use in the trial in the above-captioned matter.

Dated: November 12, 2004

s/ Philip R. Mahowald
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

## PLAINTIFF'S SUPPLEMENTAL PROPOSED *VOIR DIRE* INSTRUCTION

### Statement of the Claims Asserted

The Rottlund Company, Inc. d/b/a Rottlund Homes, the plaintiff in this case, has asserted claims against the Defendants under three theories:

1. Copyright infringement;
2. Violation of the federal unfair competition law, known as the Lanham Act; and
3. Violation of the state unfair competition law, known as the Minnesota Deceptive Trade Practices Act.

### Statement of Copyright Law

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word author used for writings, such as a novel, but under the copyright law any creator of an original work that is protectible under the copyright laws is referred to as an author. That is the term we use in copyright law for the creator of an original work.

A copyrightable work can be a literary work, architectural work, musical work, dramatic work, choreographic work, pictorial work, graphic work, sculptural work, works fixed in semiconductor chip products, or even a computer program.

This case involves "technical drawings" and "architectural works." The term *technical drawings* refers to "architectural plans and drawings [that] are protected by copyright law as 'pictorial, graphic, and sculptural works' and 'architectural works.'"[1] "An 'architectural work' is the design of a building as embodied in any tangible medium of expression, including the

[1] *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1309 (D. Minn. 1994) (citing 17 U.S.C. § 102(a)(5) & (8)).

building, architectural plans or drawings."[2] "The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.[3]

**Originality**

"Original," as that term is used in copyright law, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity. The requisite level of creativity is extremely low, even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be.[4]

All aspects of a work need not be original for it to be protected by copyright. Thus a work may be protected by copyright even though it is based on a prior copyrighted work or something already in the public domain if the author, through his skill and effort, has contributed a distinguishable variation from the previous works.[5] In the context of architectural works, the facts that certain design elements are standard features or were dictated by geographic or legal constraints do not make the work uncopyrightable.[6] If the author's choices or combinations of unprotectible design features exhibit a minimal amount of creativity, the work is protected.[7]

---

[2] *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1309 (D. Minn. 1994) (citing 17 U.S.C. § 101).
[3] *Id*.
[4] Order dated October 19, 2004 at 2-3 (D. Minn. Oct. 19, 2004), *adopting The Rottlund Co., Inc. v. Pinnacle Corp., et al.,* No. Civ. 01-1980, 2004 WL 1879983 (D. Minn. Aug. 20, 2004) (quoting *Feist Publ'ns v. Rural Tel. Serv.,* 499 U.S. 340, 345-46 (1991)).
[5] *Donald v. Zack Meyer's T.V. Sales & Serv.*, 426 F.2d 1027, 1029 (5th Cir. 1970).
[6] *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1310 (D. Minn. 1994).
[7] *John G. Danielson, Inc. v. Winchester-Conant Props., Inc.*, 186 F. Supp. 2d 1, 10 (D. Mass. 2002); *see also Sturdza v. Untied Arab Emirates*, 281 F.3d 1287, 1296 (D.C. Cir. 2002).

The Court has already determined that Rottlund's Villa II technical drawings and architectural works are original.[8]

**Copyright Infringement**

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless licensed by the copyright owner.[9]

To establish infringement of its copyrights in a technical drawing or architectural work, Rottlund must prove (1) ownership of a valid copyright in the technical drawings or architectural work, and (2) unauthorized copying of the technical drawing or architectural work by one or more of the Defendants.[10]

**Copyright Ownership and Validity**

The Court has already determined as a matter of law that Rottlund Homes owns valid copyrights in the Villa II technical drawings and architectural works at issue in this case. In other words, Rottlund Homes owns valid copyrights in the technical drawings and architectural works.[11]

---

[8] Order of October 19, 2004 at 2-3, 01-CV-1980 (D. Minn. Oct. 19, 2004), *adopting The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 18 (D. Minn. Aug. 20, 2004) (relating to technical drawings); Report & Recommendation dated October 28, 2004 at 5 (relating to technical drawings and as-built structures), *adopted by* Order of November 9, 2004 (D. Minn. Nov. 9 2004).

[9] Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions Ltd.* (§ 160.01 at 21) West 5th ed. (2001).

[10] *Feist Publ'ns v. Rural Tel. Serv.*, 499 U.S. 340, 345-46 (1991); Order dated October 19, 2004 at 3, *adopting The Rottlund Co., Inc. v. Pinnacle Corp., et al.,* No. Civ. 01-1980, 2004 WL 1879983, at *18 (D. Minn. Aug. 20, 2004).

[11] *The Rottlund Co., Inc. v. Pinnacle Corp.*, 01-CV-1980, 2004 WL 1879983 at **14 (D. Minn. Aug. 20, 2004), adopted by J. Doty in Order of October 19, 2004.

Copyright law protects the particular manner in which an architect expresses even unprotectible elements by selecting, arranging, and combining them.[12] The Court has already ruled as a matter of law that "the selection, arrangement, and combination of the elements expressed in [Rottlund's] technical drawings [and as-built structures] are sufficiently original and detailed to be afforded copyright protection."[13]

**Copying**

In order to prevail on its copyright infringement claim, Rottlund must prove that one or more of the Defendants "copied" its work. "Copying may be proven either by direct evidence or by demonstrating circumstantial evidence establishing 'access and substantial similarity of the two works.'"[14] An example of direct evidence would be an admission of a defendant's employee or agent that he or she copied Rottlund Homes' work, or testimony of someone who directed that Rottlund Homes' work be copied, saw the work being copied, or who was directed to copy the work. However, proof of that nature is often not available in copyright cases.

"Proving infringement by circumstantial evidence turns on whether [a defendant] had access to [Rottlund's technical drawings or as-built structure] and whether [Rottlund's Villa II and Town & Country's Homestead Collection and Chateau Collection technical drawings or as-

---

[12] *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 17 (D. Minn. Aug. 20, 2004) (relating to technical drawings), *adopted by* Order of October 19, 2004; Report & Recommendation dated October 28, 2004 at 5 (relating to technical drawings and as-built structures), *adopted by* Order of November 9, 2004.

[13] *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 14 (D. Minn. Aug. 20, 2004) (relating to technical drawings), *adopted by* Order of October 19, 2004; Report & Recommendation dated October 28, 2004 at 5 (relating to technical drawings and as-built structures), *adopted by* Order of November 9, 2004.

[14] *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 18 (D. Minn. Aug. 20, 2004) (quoting *Nelson v. PRN Prod., Inc.*, 873 F.2d 1141, 1142 (8th Cir. 1989) (internal quotations omitted)), *adopted by* Order of October 19, 2004 (D. Minn. Oct. 19, 2004).

built structures] are substantially similar in both ideas and expressions."[15] The Court has already determined that Defendants had access to Rottlund's technical drawings and as-built structures, and that there is a similarity of ideas in the details of Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures and Rottlund's Villa II technical drawings and as-built structures.[16]

After considering all of the admissible testimony and evidence that the parties will present in the case, and being instructed by me as to the law you must apply, your task, as members of the jury, will be to determine whether the *expression* of those ideas in Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures are substantially similar to the *expression* of those ideas in Rottlund's Villa II technical drawings and as-built structures. "Infringement of expression occurs only when the total concept and feel of the works in question are substantially similar."[17]

2158730v1

[15] *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 11 (D. Minn. 1994) (citing *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987).

[16] *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at **21-24 (D. Minn. Aug. 20, 2004) (relating to technical drawings), *adopted by* Order of October 19, 2004 at 3-6 (D. Minn. Oct. 19, 2004); Report & Recommendation dated October 28, 2004 at 6-9 (relating to Chateau Collection technical drawings and Homestead Collection and Chateau Collection as-built structures), *adopted by* Order of November 9, 2004.

[17] *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 24 (D. Minn. Aug. 20, 2004) (citing *Hartman*, 833 F.2d at 120-21), *adopted by* Order of October 19, 2004 (D. Minn. Oct. 19, 2004); *see also* CSM *Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1311 (D. Minn. 1994) (citing *Hartman*, 833 F.2d at 120-21).