UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | ) | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS SUPPLEMENTAL PROPOSED VOIR DIRE INSTRUCTION REGARDING THE LAW OF THE CASE OR, ALTERNATIVELY, REQUEST TO PERMIT ROTTLUND TO INFORM PROSPECTIVE JURORS ABOUT THE LAW OF THE CASE DURING VOIR DIRE AND TO DISCUSS THE LAW OF THE CASE IN ITS OPENING STATEMENT** |

## INTRODUCTION

Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes ("Rottlund") requests that the Court instruct the prospective jurors regarding the law of the case, or, alternatively, permit Rottlund and the parties to discuss the law of the case during *voir dire* and in their opening statements. The Court has already ruled on a number of substantive issues, and there is no need to reargue matters that have already been decided by the Court as a matter of law. It is clear that Defendants will continue to challenge the validity of Rottlund's "gestalt" or "total look and feel" theory and the scope of Rottlund's copyrights, and will continue to argue that Rottlund's Villa II designs are merely standard arrangements of standard features that are not entitled to copyright protection. But they have already lost this battle as a matter of law. The jury should be instructed that the Court has already ruled as a matter of law that Rottlund owns valid copyrights in the Villa II designs, that the Villa II designs are original and entitled to copyright protection, and that the general ideas of the slab-on-grade, back-to-back town home designs at issue in this case are similar. *See* Plaintiff's Supplemental Proposed *Voir Dire* Instruction filed along with this Memorandum. To avoid confusing the jury, Rottlund requests that the prospective jurors be advised during *voir dire* about the law of the case as set forth Plaintiff's Supplemental Proposed *Voir Dire* Instruction. Alternatively, Rottlund requests permission to discuss the law of the case (as set forth in Plaintiff's Supplemental Proposed *Voir Dire* Instruction) during *voir dire* and in its opening statement.

## I. THE JURY SHOULD BE ADVISED OF THE LAW OF THE CASE.

The Court has already rejected the Defendants' claims that Rottlund does not own valid copyrights because its architectural designs are unoriginal and granted Rottlund summary judgment that it owns valid copyrights protecting the "'form … [,] arrangement and composition of spaces and elements in [building] design . . . .'" Order dated October 19, 2004 at 2-3 (D.

Minn. Oct. 19, 2004), *adopting The Rottlund Co., Inc. v. Pinnacle Corp., et al.,* No. Civ. 01-1980, 2004 WL 1879983 (D. Minn. Aug. 20, 2004). Because the Court resolved the issues of ownership, validity and originality in Rottlund's favor as a matter of law, the Court should advise prospective jurors and the impaneled jury about the law of the case. In addition, the prospective jurors or the impaneled jury should be advised that the Court has already determined that Defendants had access to Rottlund's technical drawings and as-built structures, and that there is a similarity of ideas in the details of Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures and Rottlund's Villa II technical drawings and as-built structures.[1]

The law of the case is that Rottlund owns valid copyrights covering the works at issue. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *KPERS v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.*, 114 F.3d 679, 687 (8th Cir. 1997) (citing *Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986). "The doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Little Earth*, 807 F.2d at 1441 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The law of the case doctrine applies to issues decided implicitly as well as those decided explicitly." *KPERS*, 114 F.3d at 687 (citing *Little Earth*, 807 F.2d at 1438).

When it established this fact as the law of the case, the Court disposed of the Defendants' claims that Rottlund's copyrighted works are invalid because they are unoriginal. *See, e.g.*,

[1] *See The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at **21-24 (D. Minn. Aug. 20, 2004) (relating to technical drawings), *adopted by* Order of October 19, 2004 at 3-6 (D. Minn. Oct. 19, 2004); Report & Recommendation dated October 28, 2004 at 6-9 (relating to Chateau Collection technical drawings and Homestead Collection and Chateau Collection as-built structures), *adopted by* Order of November 9, 2004.

*Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003) (granting motion to exclude evidence of defendant's patent exhaustion defense because the Court disposed of the defense in its summary judgment ruling). Likewise, the Court has already determined as a matter of law that Defendants had access to Rottlund's technical drawings and as-built structures, and that there is a similarity of ideas in the details of Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures and Rottlund's Villa II technical drawings and as-built structures. Accordingly, the jury should be instructed that the Court already determined the issues of ownership, validity and originality of Rottlund's copyrighted works at issue here, and Defendants' access to Rottlund's technical drawings and the similarity of ideas between Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures and Rottlund's Villa II technical drawings and as-built structures. *Accord Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 395 (N.D. Iowa 1998) (agreeing with the defendant's decision not to object to the exclusion of references to parties' claims that were disposed of through summary judgment because such evidence is not relevant); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003) (granting motion in limine to preclude defendants from offering evidence and argument that would contradict the Court's claim construction because the Court previously established the law of the case through its claim construction order).[2] The Defendants should not be permitted to relitigate the originality of Rottlund's copyrighted works in light of the law of this case. *See KPERS,* 114 F.3d at 687; *Little Earth*, 807 F.2d at 1441.

---

[2] A copy of the *EZ Dock* decision is attached to the Affidavit of Philip R. Mahowald as Exhibit A.

## II. ALTERNATIVELY, ROTTLUND SHOULD BE PERMITTED TO ADIVSE THE JURY ABOUT THE LAW OF THE CASE DURING *VOIR DIRE* AND IN ITS OPENING STATEMENT.

If the Court is not inclined to give Plaintiff's Supplemental Proposed *Voir Dire* Instruction to the prospective jurors or to the impaneled jury prior to the parties' opening statements, Rottlund respectfully requests that it be allowed to advise the jury about the law of the case, as set forth in Plaintiff's Supplemental Proposed *Voir Dire* Instruction.

## CONCLUSION

For the foregoing reasons, the Court should grant Rottlund's motion to instruct the jury about the law of the case, or, alternatively, to permit Rottlund to discuss the law of the case with prospective jurors during voir dire and discuss the law of the case during its opening statement.

Dated: November 12, 2004

s/Philip R. Mahowald
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2158659v1