UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants,

and

Town & Country Homes, Inc., a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation,

Third-Party Defendant.

Civil No. 01-1980 (DSD/SRN)

**DEFENDANTS' JOINT MEMORANDUM OF LAW OPPOSING PLAINTIFF'S SUPPLEMENTAL PROPOSED VOIR DIRE INSTRUCTIONS**

Defendants Pinnacle Corporation, Town & Country Homes, Inc., Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., and The Bloodgood Group, Inc. (collectively, "Defendants") submit this Memorandum of Law in Opposition to Plaintiff The Rottlund Company, Inc.'s ("Plaintiff") Supplemental Proposed *Voir Dire* Instruction.

## I. ROTTLUND'S REQUEST IS UNTIMELY.

As a preliminary matter, Defendants object to Rottlund's supplemental proposed *voir dire* instruction as untimely filed. Whether intended as a *voir dire* instruction request or as a proposed jury instruction, the deadline for such submissions was November 1, 2004. Plaintiffs did not submit this supplemental instruction until November 12, 2004, 11 days after the deadline passed. The issues addressed in plaintiff's supplemental proposed *voir dire* instruction are not new and do not substantially differ from the jury instructions plaintiff did submit by the November 1, 2004 deadline. It therefore should have been submitted with plaintiff's other jury instructions. Plaintiff should not now, on the eve of trial, be permitted to introduce a supplemental request without any explanation as to why such instruction was not timely filed with its other jury instructions. Because plaintiff failed to submit this request by the requisite deadline, and because plaintiff offers no explanation for its failure to timely file, its motion requesting a supplemental proposed *voir dire* instruction should be denied.

## II. THE COURT'S PRIOR RULINGS ARE NOT PROPER SUBJECTS FOR *VOIR DIRE* INSTRUCTIONS

In their motion for a supplemental proposed *voir dire* instruction, plaintiff argues that this Court should instruct potential jurors as to the "law of the case," including instructions that the Villa II design has already been determined to be an original, copyrighted design, that Defendants had access to plaintiff's technical drawings and as-built structures and that there is a similarity of ideas in the details of Town & Country's Homestead Collection and Chateau Collection technical drawings and as-built structures and Rottlund's Villa II technical drawings and as-built structures. Specifically, plaintiff seeks to instruct the jury that the Court has already determined these issues as a matter of law. Plaintiff's Supplemental Proposed *Voir Dire* Instruction, page 3.

The Court's pre-trial determinations, however, are not properly admitted at trial. *See Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 395 (N.D. Iowa 1998)(stating that evidence of claims decided on summary judgment is not relevant evidence under Federal Rule of Evidence 402). By their nature, pre-trial rulings remove an issue from contention and eliminate the need to discuss such issue at trial. In fact, once an issue has been decided, evidence of that issue is no longer considered relevant to the underlying trial. *Id*. Instead, evidence of the decided issue is properly omitted from trial. *Id.* (granting a motion to preclude parties from presenting evidence or referencing any claims made by either party that were resolved by a motion for summary judgment); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781 at *12 (D. Minn. Mar. 8, 2003)(precluding defendants from offering evidence that would contradict constructions made pre-trial); *Pioneer Hi-Bred Intern., Inc. v. Ottawa Plant Food*, 219 F.R.D. 135, 145 (N.D. Iowa 2003). Plaintiffs here improperly seek to introduce inadmissible evidence and prejudice the jury by couching this Court's pre-trial rulings in a *voir dire* instruction. The instruction is a clear attempt to create the inference that issues of liability have already been determined against defendants.

The law of the case doctrine plays no role in determining the permissibility of plaintiff's proposed instruction. Contrary to plaintiff's insinuations, defendants here do not seek to re-litigate issues already decided by this Court. Defendants merely wish to prevent plaintiff from misrepresenting past proceedings and confusing the jury. Liability has not been determined on the issues at trial, and plaintiff should not be allowed to confuse the jury into thinking that this Court's prior rulings affect their decision on the remaining issues. Because plaintiff's proposed instruction is merely an attempt to introduce this Court's prior determinations of issues not in dispute at trial, and because such prior determinations are not admissible evidence, plaintiff's

proposed supplemental instruction should not be given by the Court and its motion should be denied.

## III. ROTTLUND'S PROPOSED INSTRUCTION WOULD UNFAIRLY PREJUDICE DEFENDANTS

Plaintiff's motion seeks introduction of its interpretation of the law of the case through one of two means: via a Court instruction given to all prospective jurors prior to *voir dire*, or alternatively through leave of this Court permitting plaintiff's counsel to argue the law of the case during actual *voir dire* and in opening statements. Any admission of plaintiff's interpretation of the law of the case, however, should be precluded by this Court as such an instruction or argument would unfairly prejudice the Defendant's case.

It is well-settled that the *voir dire* process is premised upon the goal of obtaining a qualified, unbiased and impartial jury to hear a case. *Harold v. Corwin*, 846 F.2d 1148, 1150 (8th Cir. 1988). Allowing plaintiff's pre-trial instruction to be given to the jury in this case would undermine this process, immediately and irreparably prejudicing the jury against Defendants. As discussed above, the introduction of evidence relating to issues already determined in pre-trial proceedings may confuse a jury or create prejudice against a party. *See also Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 395 (N.D. Iowa 1998)(stating pre-trial summary judgment rulings may lead a jury to believe issues for trial are also insufficient to state a claim). A pre-trial instruction referencing these pre-trial issues will only worsen the confusion and prejudice, creating the false impression that defendants have already been found liable for copyright infringement. A jury unfamiliar with the legal system may not be able to differentiate the Court's pre-trial rulings on specific elements no longer at issue and the larger, more pressing issue of liability which is still contested.

In addition to precluding plaintiff's supplemental proposed instruction, plaintiff should further be precluded from introducing evidence of the pre-trial rulings in *voir dire* and/or opening statements. As discussed above, a court's pre-trial rulings are not evidence, and are properly excluded from trial under Federal Rule of Evidence 402. However, such rulings should further be prohibited in that their introduction would prejudice the defendants. First, despite the submission of jury instructions from both plaintiff and defendants, no single set of instructions has been agreed upon. Therefore, the law of the case remains in dispute at this time, and allowing plaintiff to introduce its theory would improperly prejudice the jury towards plaintiff's theory of instructions – which may not be the instructions the jury is ultimately charged with following. Secondly, plaintiff seeks to introduce its interpretation of the law of this case in *voir dire* and opening statements, two areas of a trial where a defendant is not given an opportunity to challenge, cross-examine and discredit plaintiff's theory. Allowing plaintiff to introduce its theory in a manner that prevents defendants from refuting plaintiff's testimony would be unfairly prejudicial to the defendants and their case, and should be excluded under Federal Rule of Evidence 403.

**WHEREFORE**, for all of these reasons, Defendants respectfully request that this Court deny Plaintiff's supplemental proposed *voir dire* instruction and preclude plaintiffs from introducing any evidence, testimony or reference to pre-trial rulings in *voir dire* and opening statements.

Respectfully submitted,

Dated: November 14, 2004

By: /s/ Ben Patrick

Holly J. Newman (MN Bar #026457X)
Ben Patrick (MN Bar #312460)
**MACKALL, CROUNSE & MOORE, PLC**
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402-2859
Telephone: (612) 305-1436

ATTORNEYS FOR DEFENDANTS BLOODGOOD SHARP BUSTER ARCHITECTS AND PLANNERS OF IOWA, INC. AND THE BLOODGOOD GROUP, INC.

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
**HOLLAND & KNIGHT LLP**
131 S. Dearborn St., 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
**DONNA & DALY**
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4242
Facsimile: (651) 406-4243

ATTORNEYS FOR DEFENDANT PINNACLE CORPORATION

Darren Schwiebert (#0260642)
Cynthia Jokela Moyer (#211229)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-1425
Telephone: (612) 492-7312
Facsimile: (612) 492-7077

ATTORNEYS FOR TOWN & COUNTRY
HOMES, INC.

HJN/hjn#725250v1