UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois corporation, Town & Country Homes, Inc., a Minnesota corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa corporation,<br><br>Defendants. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE DEFENDANTS' [PROPOSED] EXHIBIT 611** |

## INTRODUCTION

Rottlund brings this motion *in limine* pursuant to Fed. Rules Evid. 402 and 403 to exclude Defendants' [Proposed] Exhibit 611 because it misstates copyright law and the law of the case, and is therefore irrelevant evidence that would confuse the issues or mislead the jury.

## BACKGROUND

In his opening statement, counsel for Town & Country, Inc. displayed and read to the jury portions of a letter from Fredrikson & Byron, P.A. to Winthrop & Weinstine, P.A. dated July 17, 2001. (Affidavit of Philip R. Mahowald ("Mahowald Aff."), Ex. A (Defendants' Ex. 609).; Ex. B (Trial Tr.) at 262:22-263:21.) Counsel went on to say:

> After this letter goes in from my law firm to Winthrop & Weinstine, the law firm that wrote the letter, there's a couple letters back and forth; *and you may get a chance to see them*. And then this lawsuit begins.

> The fact is, ladies and gentlemen, Town & Country, Pinnacle, they did respond. What they wanted to know is the same questions that this lawsuit is going to be about. What is it in our town home that is substantially similar. What is it about our plans that they allege to have protection over that is substantially similar to our plans.

(Mahowald Aff., Ex. B (Trial Tr.) at 263:22-264:8 (emphasis added).)

In response to Mr. Schwiebert's statement that Rottlund never advised the Town & Country Defendants what Rottlund's copyright infringement claim was about, what Rottlund claimed was copyright protectible in its Villa designs, and what in the Town & Country Defendants' Homestead Collection town home designs is substantially similar to Rottlund's Villa designs, Rottlund introduced and the Court admitted without objection Winthrop & Weinstine, P.A.'s letter to Fredrikson & Byron, P.A. dated August 20, 2004, during the cross-examination of Art Plante. (*See* Mahowald Aff. Ex. C (Plaintiff's Exhibit No. 697); Trial Tr. at 642:15-643:6.) In that letter, Rottlund's counsel explained how that the arrangement, configuration, location, placement, and architectural detail of a non-exhaustive list of design elements infringed upon Rottlund's existing designs. (*See* Mahowald Aff. Ex. C (Plaintiff's Exhibit No. 697).)

The Town & Country Defendants added Defendants' [Proposed] Exhibit 611 to their Third Amended Exhibit List which was filed yesterday, November 18, 2004. (*See* Mahowald Aff., Ex. D.) Based on Town & Country counsel's opening statement, Rottlund anticipates that the Town & Country Defendants will seek to introduce Defendants' [Proposed] Exhibit 611 during Mr. Plante's direct examination. The Court should exclude Defendants' [Proposed] Exhibit 611 from trial as it misstates federal copyright law and the law of the case. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). Alternatively, even if it were relevant, Defendants' [Proposed] Exhibit 611 should be excluded pursuant to Fed. R. Evid. 403

because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

## I. THE COURT SHOULD EXCLUDE DEFENDANTS' [PROPOSED] EXHIBIT 611 BECAUSE IT MISSTATES THE LAW OF THE CASE, IS IRRELEVANT, AND WOULD CONFUSE THE ISSUES AND MISLEAD THE JURY.

Defendants' [Proposed] Exhibit 611 represents another challenge to the validity of Rottlund's "gestalt" or "total look and feel" theory and the scope of Rottlund's copyrights. For example, Defendants' [Proposed] Exhibit 611 states that Rottlund has failed to "adequately explain either the specific design features in which Rottlund claims cognizable rights or the specific Town & Country features Rottlund claims infringe those alleged rights." (*Id.*) Continuing, the letter states "the twelve design features are generic, commonplace features that appear in hundreds, if not thousands, of home designs. Your letter fails to describe, with the requisite specificity, the <u>original</u> design elements Rottlund claims are present and the allegedly infringing Town & Country features." (*Id.* (emphasis in original).) The letter concludes, "Until Rottlund can identify with specificity the features in which it claims rights and the allegedly infringing Town & Country features, there appears to be little that could be meaningfully accomplished in a face-to-face meeting." (*Id.*)

The Court has already ruled as a matter of law that "the selection, arrangement, and combination of the elements expressed in [Rottlund's] technical drawings are sufficiently original and detailed to be afforded copyright protection." *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at * 14 (D. Minn. Aug. 20, 2004), *adopted by* Order of October 19, 2004.[1] Defendants' [Proposed] Exhibit 611 is therefore irrelevant and will only

[1] *See also* Report & Recommendation dated October 28, 2004 at 5 (relating to technical drawings and as-built structures), *adopted by* Order of November 9, 2004.

confuse the jury with a defense and legal theory that has been rejected by this Court as a matter of law.

When it established this fact as the law of the case, the Court disposed of the Defendants' claims that Rottlund's copyrighted works are unoriginal and protectible. *See, e.g.*, *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003) (granting motion to exclude evidence of defendant's patent exhaustion defense because the Court disposed of the defense in its summary judgment ruling). Accordingly, the Court should exclude Defendants' [Proposed] Exhibit 611 and any testimony that Rottlund's designs are not original or entitled to copyright protection. *See Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 395 (N.D. Iowa 1998) (agreeing with the defendant's decision not to object to the exclusion of references to parties' claims that were disposed of through summary judgment because such evidence is not relevant); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003) (granting motion *in limine* to preclude defendants from offering evidence and argument that would contradict the Court's claim construction because the Court previously established the law of the case through its claim construction order).[2] The Defendants should not be permitted to relitigate the originality of Rottlund's copyrighted works in light of the law of this case, or claim that Rottlund's copyrighted works are not entitled to copyright protection. Accordingly, Defendants' [Proposed] Exhibit 611 should be excluded as it is irrelevant evidence that would confuse the issues or mislead the jury. *See* Fed. R. Evid. 402 and 403.[3]

---

[2] A copy of the *EZ Dock* decision is attached to the Affidavit of Philip R. Mahowald as Exhibit E.

[3] The Court has carefully instructed the jury when a legal opinion or legal conclusion has been raised by testimony or evidence. For example, when evidence and testimony regarding whether Town & Country's designs are "obviously similar" to Rottlund's designs has been presented, the Court has instructed the jury that the words "obviously similar" should not be confused with the legal standard for copyright infringement. *See* Trial Tr. at 452. The originality issue should be treated similarly.

## CONCLUSION

For the foregoing reasons, the Court should grant Rottlund's motion *in limine* to exclude Defendants' [Proposed] Exhibit 611 and any testimony that Rottlund's designs are not original or entitled to copyright protection.

Dated: November 19, 2004

s/Philip R. Mahowald
Craig S. Krummen, #0259081
Philip R. Mahowald, #0274902
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2160381v1