UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br>Defendants, | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF DEFENDANTS' EXHIBITS 114, 214, 287, 291, 329, 334, and 344**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

On November 1, 2004, Plaintiff filed the following motions *in limine*:

(1) To exclude all evidence of and references to any back-to-back townhomes that are not at issue in this case [Doc. No. 606];

(2) To exclude expert testimony and reports of Albert H. Bloom pursuant to Rules 104(a) and 702 of the Federal Rules of Evidence [Doc. No. 618]; and

(3) To exclude expert testimony and reports of Jeffrey A. Scherer pursuant to Rules 104(a) and 702 of the Federal Rules of Evidence [Doc. No. 634].

The Court reserved ruling on each of these motions during the Final Pre-Trial Conference on November 3, 2004.

On November 18, 2004, the Bloodgood Defendants offered Bloodgood Defendants' Exhibits 115 and 116 into evidence. Rottlund objected. The Court held that these exhibits were admissible because they related to back-to-back town homes offered in the Twin Cities market under the name Villa. The Court agreed with Rottlund, however, that the Defendants could not offer these exhibits for the purpose of attempting to challenge the originality or validity of Rottlund's Villa copyrights, or for purposes of arguing that all back-to-back town homes look

alike. The Court granted Rottlund's request for a limiting instruction and gave such an instruction to the jury as Exhibits 115 and 116 were admitted into evidence.

Thereafter, the Bloodgood Defendants offered into evidence Town & Country Defendants' Exhibits 214, 287, 291, 329, 334 and 344. Rottlund objected. The Court conditionally accepted these exhibits into evidence. The Bloodgood Defendants also offered Bloodgood Defendants' Exhibit 114 into evidence. Rottlund objected. The Court sustained Rottlund's objection to Exhibit 114 because it relates to a back-to-back town home that is not offered under the name Villa. In other words, Exhibit 114 is not subject to the same limited exception applicable to Exhibits 115 and 116.

Thereafter, the Court received argument from counsel regarding the admissibility of Exhibits 114, 214, 287, 291, 329, 334, and 344. Rottlund objects to the admissibility of these exhibits based on the arguments advanced in its three motions in limine above and articulated in oral argument on November 18, 2004. In short, these exhibits are filled with documents pertaining to other back-to-back town homes that are not at issue in this case and not subject to the limited exception applicable to back-to-back town homes offered under the Villa name. Rottlund respectfully requests that the Court exclude these exhibits from evidence, and issue an order barring the Defendants from attempting to offer similar evidence and/or argument as this case progresses.

Dated: November 21, 2004

s/ David A. Davenport
Craig S. Krummen, #0259081
David A. Davenport, #0285109
WINTHROP & WEINSTINE, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
ddavenport@winthrop.com

2160599v1