UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXHIBIT 611** |

Defendants Pinnacle Corporation and Town & Country Homes, Inc. ("Defendants"), submit this Memorandum of Law in Opposition to The Rottlund Company, Inc. ("Plaintiff")'s Motion *In Limine* To Exclude Defendants' Exhibit 611 (the "Motion").

## BACKGROUND

Defendants' Exhibit 611 is the fourth letter in a chain of communication between Plaintiff's counsel and defense counsel that began with Plaintiff's cease and desist letter. Three of the four letters in this chain of communication have already been introduced into evidence and presented to the jury. (Plaintiff's Exhibit 11A, Defendants' Exhibit 609, Plaintiff's Exhibit 697). Plaintiff seeks to exclude Defendants' Exhibit 611 in an attempt to create the false impression that Defendants either ignored the issue, played "rope-a-dope" or refused to meet with Plaintiff to resolve the dispute.

## I. DEFENDANTS' EXHIBIT 611 IS ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 106

In the course of this trial, Plaintiff has introduced three letters between plaintiff and defense counsel relating to Plaintiff's allegation of infringement, beginning with its own cease-and-desist letter. Plaintiff now wants to prevent the jury from seeing the fourth letter in this chain of communication to further the false impression that defendants ignored Plaintiff's allegations of copyright infringement. Such gamesmanship would be improper. Federal Rule of Evidence 106 provides that when a writing has been introduced by a party, "an adverse party may require the introduction . . . of any other part **or any other writings**. . .which ought in fairness be considered contemporaneously therewith." FED. R. EVID. 106 (emphasis added); *see also Crawford v. United States*, 212 U.S. 183, 198-200 (1909)(failure to admit reply letter required exclusion of first letter).

Absent Defendants' Exhibit 611 the jury will be left with the false impression that Defendants engaged in a game of "rope-a-dope" and failed to respond to Plaintiff's Exhibit 697. Exhibit 611 also explains why Defendants did not accept the Plaintiff's offer in PX 697 to meet

regarding this matter. Thus, pursuant to FED. R. EVID. 106, Defendants' Exhibit 611 is necessary for a complete description of the communications between counsel.

## II. THE JURY WILL BE INSTRUCTED ON THE LAW BY THE COURT

Plaintiff also argues that Defendants' Exhibit 611 should be excluded because it contains misstatements of the law. Although Defendants believe that the law is accurately set forth in Defendants' Exhibit 611, any misstatements contained therein will be corrected when the Court charges the jury at the close of evidence. Throughout trial, attorneys for both sides have given the jury their interpretations of the law. This Court has repeatedly advised the jury that things said by lawyers are not facts of the case, and that the Court will instruct them on the law at the close of the evidence. Any statements of law contained in this letter are no different than other statements made in the course of this trial. The mere presence of statements of law does not preclude admission of Defendants' Exhibit 611.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's Motion *In Limine* to Exclude Defendants' Exhibit 611.

Dated: November 21, 2004

Respectfully submitted,

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street #4000
Minneapolis, MN 55402
Tel. (612) 492-7312
Fax (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

s/Christopher Murdoch

Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

# 2413543_v1