UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,

Defendants.

Civil No. 01-1980 (DSD/SRN)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE SEEKING EXCLUSION OF EVIDENCE OF OTHER BACK-TO-BACK TOWNHOMES**

**ORAL ARGUMENT REQUESTED**

Defendants submit this Memorandum of Law in Opposition to Rottlund's Motion in Limine seeking exclusion of evidence of other back-to-back townhomes.

**A. Defendants do not intend to use evidence concerning other back-to-back townhomes to refute the Court's ruling holding that the Villa II copyrights are valid.**

The basis for Rottlund's motion in limine was its assertion that the Defendants would use evidence concerning other back-to-back townhomes to collaterally attack the Court's prior ruling holding that Rottlund's copyrights in the Villa II are valid. The Defendants have no such intentions, and agree not to attack the validity of Rottlund's copyrights at trial. This concession makes Rottlund's Motion in Limine moot, and it should be denied on that basis.

**B. There is no basis, under the Federal Rules of Evidence, for excluding evidence pertaining to other back-to-back townhomes.**

Rottlund has not, and can not, offer any reasonable basis under the Federal Rules of Evidence for the exclusion of evidence related to other back-to-back townhomes. The Defendants can lay the proper foundation to avoid any Rule 802 objections. Rottlund, therefore, is left with only objections as to relevance (Rule 402) and undue prejudice (Rule 403). As the Court is well aware, Rule 402 is a rule of broad inclusion, permitting the introduction of any evidence which, if credited by the jury, tends to make any fact at issue in the case more or less likely to be true. See, e.g., Greenwood Ranches, Inc. v. Skie Construction Co., Inc., 629 F.2d 518, 523 (8th Cir. 1980) ("insofar as federal law is concerned, evidence is admissible if relevant, and it is relevant if it has any tendency to make the existence of a consequential fact more or less probable than it would be without the evidence.") It is clear that evidence of other back-to-back townhomes makes facts at issue in this case more or less probable than they would have been without the evidence.

1. The evidence is relevant and critical to the issue of actual damages.

Rottlund's damages expert, Melissa Snelson, has opined that every sale by TCM of a Homestead Collection townhome was a lost Villa II sale to Rottlund. Snelson has indicated that she assumed none of TCM's buyers would have bought a back-to-back townhome from one of Rottlund's other competitors. The Defendants have contended that this assumption is baseless, and that Rottlund loses sales every day to the other builders who build back-to-back townhomes in the Twin Cities. Evidence – particularly visual evidence -- concerning these other back-to-back townhomes is relevant to refute Snelson's assumption, and Rottlund's actual damages claim. The Defendants should be allowed to argue that some portion of these buyers would have bought a townhome from

another builder, and the jury should have the ability to visually compare apples to apples when deciding whether other townhome products are substitutes for the Villa II.

2. This evidence is relevant to the issue of independent creation.

Art Plante has now testified in court, and BSB architects Larry Moore has testified in his depositions, that the April, 1998 product tour included back-to-back townhomes for Centex, Pulte, Orrin Thompson, and other builders besides Rottlund. Rottlund has argued that the purpose of the product tour was to copy Rottlund's Villa II product. The jury is entitled to see the other products toured that day, so that the jury can see what Larry Moore and Art Plante saw before they starting developing the Homestead Collection design.

Evidence concerning other back-to-back products is also relevant to refute Rottlund's claim, made both in its opening statement and in its examination of Art Plante, that several changes were made to the Homestead Collection design to make the design more like Rottlund's. For example, Rottlund contended that the main floor powder room was changed to be a "copy" of Rottlund's and that the laundry room was moved from the main floor to the upper floor to be a "copy" of Rottlund's. Art Plante was asked if he expected the jury to believe this was all just a "coincidence." Floor plans from these other back-to-back townhomes make it clear that many builders offer main floor powder rooms just like the powder room in the Homestead Collection and the Villa II, and that many builders offer upper floor laundries, just like the Homestead Collection and the Villa II. This evidence tends to make it less likely that TCM and BSB copied Rottlund, and more likely that they took these ideas from the public marketplace of ideas.

Evidence concerning prior projects (both for back-to-back townhomes and other products) BSB has done are also relevant on this issue. Much has been made at trial of the "money shot" depicting Rottlund's fireplace and media center, and its similarity to TCM's fireplace and media center. Art Plante took a picture of Rottlund's fireplace and media center, and Rottlund has alleged that TCM and BSB used that photo to copy Rottlund's fireplace and media center. BSB has, in this litigation, produced photographs of projects it designed, dating back to the late 1980s, which include fireplaces and media centers substantially identical to the ones at issue here. These photographs are clearly relevant on the issue of whether or not BSB and TCM copied Rottlund, or whether BSB relied on its past work when designing the Homestead Collection.

3. This evidence is relevant to the issue of standard features.

When comparing the products at issue, the jury will be required to remove from their comparison any features (or arrangements of features) that the jury deems to be standard. See, e.g., Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541-44 (11th Cir. 1996) (reversing jury verdict for failure to instruct jury that infringement occurs only when original, protectible portions of copyrighted work are taken, and that similarities of unprotectible aspects cannot form the basis of liability). Once again, Defendants recognize that the Court has concluded that Rottlund's selection, arrangement, and combination of features in the Villa II is sufficiently original to create a valid copyright. That valid copyright, however, includes both protectible expression and unprotectible ideas. When comparing the Villa II to the Homestead for substantial similarity, however, the jury, must decide which aspects of Rottlund's designs are merely functional or generic architectural ideas before it can find infringement. Evidence concerning other

back-to-back townhomes is relevant to this analysis, as it will demonstrate which particular features and combinations of features are routinely found in back-to-back townhomes.

4. The evidence is necessary to avoid creating an artificial duality.

Finally, if this evidence is excluded, the Court will create an artificial duality: all ideas must come either from Rottlund or from BSB. Jurors are not expected to know anything about back-to-back townhomes, and the voir dire in this case revealed that few, if any, have any knowledge on the subject. Rottlund has argued, throughout trial, that the similarities between the Homestead Collection and the Villa II are either the result of an unbelieveable "coincidence" or the result of copying. If no evidence is presented to the jury to show that other builders also incorporate the same features, the jury will lack a fair basis to evaluate Rottlund's claim of "coincidence."

**C. Conclusion**

For these reasons, Defendants respectfully request that Rottlund's Motion in Limine seeking exclusion of any evidence pertaining to other back-to-back townhomes be denied.

Dated: November 21, 2004

s/ Darren B. Schwiebert

Darren B. Schwiebert (MN Bar #260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7312
Facsimile: (612) 492-7077

Attorneys for Defendant Town & Country Homes, Inc.

Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6641

Attorneys for Defendant Pinnacle Corporation

Holly J. Newman
Ben Patrick
MACKALL, CROUNSE & MOORE
1400 AT&T Tower
901 Marquette Ave.
Minneapolis MN 55415

Attorneys for Defendants Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., and The Bloodgood Group, Inc.