UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants, | ) | No.: 01-CV-1980 (DSD/SRN)<br><br>**PINNACLE CORPORATION AND TOWN & COUNTRY HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY OF TIMOTHY M. WHITTEN** |

Defendants Pinnacle Corporation and Town & Country Homes, Inc. ("Defendants"), move this Court, *in limine*, to preclude plaintiff, The Rottlund Company, Inc. ("Rottlund"), from presenting any opinion testimony comparing the Rottlund's Villa plans with Defendants' Homestead and Chateau plans through its witness Timothy Whitten. In support of this Motion, Defendants state as follows:

1. In 2002, Rottlund identified its chief architect, Timothy Whitten, as a Rule 26(A)(2) expert witness. Despite this designation, Mr. Whitten never submitted an expert report in this matter, nor was he tendered for an expert deposition.

2. Defendants expect that Rottlund will seek to elicit testimony from Mr. Whitten comparing the design documents of Rottlund's Villas with Town & Country Homes, Inc.'s Homestead and Chateau collections plans and opining as to the similarity of the designs. Defendants expect that Mr. Whitten will attempt to use transparencies, animations, and other

devices to conduct these after-the-fact comparisons. Mr. Whitten should be precluded from offering this opinion testimony because Rottlund has not properly produced Mr. Whitten as an expert witness. *LeBarron v. Haverhill Cooperative Sch. Dist.*, 127 F.R.D. 38, 41 (D.N.H. 1989)(stating that "[e]xclusion is an appropriate sanction when the party offering an expert witness fails to provide necessary information about that expert's proposed testimony); *Grogan v. Garner*, 806 F.2d 829, 837 (8th Cir. 1987)(refusing to allow expert testimony when testimony was not disclosed in answers to interrogatories).

3. Further, Rottlund has actually designated and produced an architectural expert in this litigation. That witness, Mr. Anthony Desnick, is included on Rottlund's list of trial witnesses.

4. Similarly, Mr. Whitten should be precluded from offering lay opinion testimony comparing Rottlund's Villa design to Town & Country Homes, Inc.'s Homestead and Chateau Collection under Federal Rule of Evidence 701. Defendants expect that Rottlund will identify Mr. Whitten as an architect and attempt cloak his testimony with implied expertise. However, in Mr. Whitten's May 30, 2003 deposition as a Rule 30(b)(6) witness, he stated that he engaged in a comparison of the homes as part of his Rule 702 designation, and not as something he did as a part of his regular job functions. (Deposition of Timothy M. Whitten, May 30, 2003, 429:4-430:12, 434:12-19, 439:20-440:14, 442:5-443:25).[1] Therefore, any testimony or opinions regarding the similarity of these town homes would be based upon specialized knowledge, admissible only under Rule 702.

5. Mr. Whitten should also be precluded from testifying as a lay witness under Federal Rule of Evidence 701 because he testified that all of his knowledge as to the similarities between the Villa and the Homestead or Chateau collections grows out of his involvement in this litigation.

---

[1] Excerpts from Mr. Whitten's depositions are attached to the Affidavit of Matthew I. Farmer, which is filed with this motion.

(Deposition of Timothy M. Whitten, May 28, 2003, 50:20-51:5). In fact, Mr. Whitten has testified repeatedly that he intentionally ignores other builder's products. (Id. at 97:8-12, 97:24-98:1, Deposition of Timothy M. Whitten, June 12, 2003, 649:8-18). Having intentionally shielded himself from the back-to-back market, Mr. Whitten lacks the perception necessary to offer a helpful Rule 701 comparison of the products at issue in this lawsuit.

6. Because Mr. Whitten has not properly been offered as an expert witness, and because any testimony describing the similarities he found during his mid-litigation analysis falls short of Rule 701's requirements, Mr. Whitten should be barred from offering any testimony regarding comparisons he made for the purposes of offering expert testimony.

**WHEREFORE,** Defendants respectfully request that this Court preclude all Mr. Whitten from testify regarding any comparisons made between the Villa and the Homestead and Chateau collections.

Dated: November 23, 2004

Respectfully submitted,

s/Darren B. Schwiebert
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#260642)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street #4000
Minneapolis, MN 55402
Telephone: (612) 492-7312

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

– AND –

Edward F. Ryan
Christopher J. Murdoch
Matthew I. Farmer
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Fl.
Chicago, IL 60603

Telephone: (312) 263-3600
ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

#3046533\1