December 3, 2004

**David A. Davenport**
**Direct Dial: (612) 604-6716**
**ddavenport@winthrop.com**

The Honorable David S. Doty
United States Courthouse
300 South Fourth Street, Suite 14W
Minneapolis, MN 55415

**Re:** ***The Rottlund Company, Inc. v. Pinnacle Corporation, et al.***

Dear Judge Doty:

Rottlund only needs to present proof of the Defendants' gross revenue to satisfy its burden of proof for its infringers' profits claim. 17 U.S.C. 504(b) (2004). Defendants bear the burden to prove deductible expenses. *Id.* If infringement is intentional, overhead deductions are not allowed. *Saxon v. Bland*, 968 F.2d 681 (8th Cir. 1992).

On May 30, 2003, pursuant to the Court's scheduling Order, Melissa Snelson (Rottlund's expert) issued a Rule 26(a)(2)(B) disclosure of her opinion concerning the Defendants' gross revenue. On August 15, 2003, well over one year ago, Arthur Cobb (Town & Country's expert) issued his opinion on gross revenue and deductible expenses. Cobb concluded that the Homestead Collection town homes generated a contribution (profit) of approximately 9.7% of net sales.[1] Cobb did not disclose any opinion concerning overhead and did not disclose any opinion concerning contribution without overhead.

As a result of discovery issues surrounding the Defendants' failures to disclose the Chateau Collection, the Court permitted Snelson and Cobb to issue supplemental opinions on April 15, 2004. This time, Cobb opined that Homestead generated a contribution of approximately 12.5% of net sales. Cobb, again, did not offer an opinion concerning overhead,

[1] Cobb's subsequent opinions concerning "profits attributable to features" (or "profits subject to copyright protection) is one of the subjects of Plaintiff's underlying *Daubert* motion related to Cobb.

and did not offer an opinion regarding contribution without overhead. Snelson updated her gross revenue opinions and disclosed her opinion on Chateau damages.

On May 14, 2004, Cobb and Snelson were again permitted to supplement their disclosures. Cobb continued to opine that the Homestead generated a contribution of approximately 12.5% of net sales; however, he did not disclose any opinions concerning overhead or contribution without overhead. Snelson critiqued Cobb's analysis and failure to address contribution without overhead deductions (the Defendants' burden of proof on this issue pursuant to 17 U.S.C. § 504(b)), and specifically noted that "Cobb has not appropriately estimated overhead expenses in performing his analysis." Thereafter, pursuant to the Court's scheduling Order, Snelson supplemented her prior disclosures on June 1, 2004. Using Cobb's 12.5% rate of contribution for the Homestead, Snelson issued her opinion concerning infringers' profits.[2] In addition, critiquing Cobb, Snelson disclosed her opinions and methodology concerning overhead, and the impact on infringers' profits in the absence of overhead deductions. In short, Snelson's overhead opinions were timely disclosed over six months ago, and before her deposition, despite the fact it is Defendants' burden of proof on this damages issue.

On February 23, 2004, following additional delays associated with sanctions, Magistrate Judge Nelson conducted a hearing and addressed scheduling issues, including the impact additional delay would have on damages expert opinions at trial. Magistrate Judge Nelson recognized the need for supplementation of numbers based on the significant delay and specifically held there would be no "retooling" of expert disclosures with the supplementation. (Transcript of Proceedings, 2/23/04, 161:16-25.)

---

[2] Snelson also opined on profits earned from the Chateau Collection and Washington Square town homes. She also assumed Cobb's methodology to perform her analysis on these profits.

On June 11 and June 22, 2004, Rottlund deposed Cobb. At that time, Cobb had not provided any opinions concerning overhead or contribution margins absent overhead deductions. Subsequently, the Court ordered Snelson to supplement her damages numbers by October 29, 2004, and Cobb to supplement his numbers by November 5, 2004.

On October 25, 2004, during a Status Conference concerning expert disclosure and discovery issues, Magistrate Judge Nelson again stated that "retooling" would not be allowed because the intent of the Order permitting Snelson and Cobb to supplement on the eve of trial was "simply to update the numbers" so as to present the jury with current damages information. (Transcript of Proceedings, 10/25/04, 27:22-28:17.) Town & Country's counsel expressed understanding and agreement. (*Id.*) However, on November 5, 2004 (four days after the motion in limine deadline, two days after the Final Pretrial Conference, and just 10 days before trial), Cobb issued his supplemental disclosure. Unfortunately, and in flagrant disobedience to Magistrate Judge Nelson's express Orders that there would be no "retooling" of his disclosure because it was limited to simply updating his prior numbers, Cobb now expressed, for the very first time, on pages 29-32 of his disclosure and in other related sections, an opinion on overhead and profits related to his overhead opinion. This violation of the Court's two prior Orders on the eve of trial after the motion in limine deadline is prejudicial to Rottlund and should not be permitted. Rottlund respectfully requests, in addition to the relief it seeks in the underlying *Daubert* motion concerning Cobb, that the Court preclude Cobb from providing any opinions concerning overhead deductions and contribution margins absent overhead deductions.[3]

WINTHROP & WEINSTINE, P.A.

s/David A. Davenport
David A. Davenport
2163300v1

---

[3] Rottlund understands Town & Country's CFO will attempt to offer Rule 701 testimony concerning overhead.