Holland+Knight

Tel 312 263 3600
Fax 312 578 6666

Holland & Knight LLP
131 South Dearborn Street
30th Floor
Chicago, Illinois 60603
www.hklaw.com

Christopher J. Murdoch
312 578 6641
chris.murdoch@hklaw.com

December 1, 2004

The Honorable David S. Doty
United States District Judge
United States District Court
14W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re: The Rottlund Company Inc. d/b/a Rottlund Homes, v. Pinnacle Corporation d/b/a Town & Country Homes, and Town & Country Homes, Inc., Civil Action No. 01-CV-1980 DSD/SRN**

Dear Judge Doty:

Mr. Cobb is prepared to testify on the issue of overhead only to rebut the testimony of plaintiff's expert Melissa Snelson. Ms. Snelson testified under direct examination by plaintiff's counsel that all of the defendants' subdivision expenses should be considered overhead even though defendants' books and records have a separate line item for overhead. Mr. Cobb timely disclosed his intention to respond to this advocative testimony, and he was questioned on the topic at his deposition.

The chronology of expert reports in this case are as follows:

**May 30, 2003:** Plaintiff's expert Melissa Snelson issued her first report. Her initial report made no mention of defendants' overhead whatsoever.

**August 15, 2003:** Arthur Cobb issued his first report. Defendants' overhead was not part of his affirmative opinions.

**April 15, 2004:** The parties contemporaneously exchanged supplemental expert disclosures. Ms. Snelson stated that "In general, overhead deductions may include, among other items, general and administrative costs, sales and advertising and engineering and maintenance." (p. 7) Mr. Cobb did not discuss overhead.

**May 14, 2004:** The parties contemporaneously exchanged rebuttal expert reports. For the first time, Ms. Snelson stated, "In addition, I understand that 'overhead expenses may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful.' Cobb has not appropriately estimated overhead expenses in performing his analysis." (p. 15) This was her only mention of the issue. With nothing to rebut regarding overhead from Ms. Snelson's May 30, 2003 or April 15, 2004 reports, Mr. Cobb made no mention of the issue.

**June 1, 2004:** Ms. Snelson issued a second rebuttal report. Her discussion of overhead was expanded and for the first time she opined that all subdivision expenses are overhead. Also for the first time, she provided estimates of infringer's profits if overhead deductions are excluded. (pp. 3-4)

**October 29, 2004:** Pursuant to Court Order, Ms. Snelson provided her final update (her third report in a row with no leave granted to the defendants to respond). Her discussion of overhead was expanded once again, this time to include tables setting forth infringer's profits by development if overhead deductions are disallowed. (pp. 11-12, Ex. 18, 18A)

**November 4, 2004:** Pursuant to Court Order, Mr. Cobb submitted his final Updated Report. In his first opportunity to respond to Ms. Snelson's contentions regarding overhead, Mr. Cobb provided a correct explanation that the defendants' subdivision expenses are not overhead.

During his deposition, Mr. Cobb was given a copy of Town & Country's financial statement and plaintiff's counsel walked him through each expense line item and asked whether or not each item was overhead. (pp.117-135) He was also asked to define overhead. (81:4)

Mr. Cobb's opinions regarding overhead are neither new nor a surprise.

Very truly yours,

HOLLAND & KNIGHT LLP

s/Christopher J. Murdoch

Christopher J. Murdoch

Cc: All Counsel of Record

# 2441246_v1