WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

December 8, 2004

Philip R. Mahowald
Direct Phone: (612) 604-6622
Direct Fax: (612) 604-6822
pmahowald@winthrop.com

The Honorable David S. Doty
United States Courthouse
300 South Fourth Street, Suite 14W
Minneapolis, MN 55415

Re: *The Rottlund Company, Inc. v. Pinnacle Corporation, et al.*
Court File No. 01-CV-1980 (DSD/SRN)

Dear Judge Doty:

Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes respectfully submits the following letter brief on the carry forward doctrine.

**A. Rottlund's Owns Valid Copyrights in the Original Villa, New Villa and Villa II Technical Drawings and Architectural Works.**

As pled in its Eighth Amended Complaint, Rottlund has sought and obtained copyright registrations for the technical drawings and architectural works of three generations of its Villa products – the Original Villa, the New Villa and the Villa II. *See* Pl. Eighth Am. Complaint ¶¶ 12-26; Pl. Ex. 566 (VAu 447-395 – Rush Creek Villa II Technical Drawings); Pl. Ex. 567 (VAu 567-006 – (Form CA)[1] Rush Creek Villa II Technical Drawings); Pl. Ex. 570 (VAu 534-723 – Rush Creek Villa II Architectural Works); Pl. Ex. 571 (VAu 567-007 – (Form CA)[2] Rush Creek Villa II Architectural Works). Rottlund's Villa II technical drawings and architectural

[1] VAu 567-006 (Form CA) states that the Rush Creek Villa II technical drawings are derivative of VAu 268-404 (New Villa technical drawings), VAu 268-380 (Original Villa technical drawings), and VAu 159-813 (Original Villa technical drawings).

[2] VAu 567-007 (Form CA) states that the Rush Creek Villa II constructed building architectural work is derivative of VAu 554-948 (New Villa constructed building architectural work) and VAu 539-993 (Original Villa constructed building architectural work).

works copyrights are derivatives of the Original Villa and New Villa. *Id.*; Trial Tr. 381:2-14; 388:11-389:16; 390:8-392:23; 1468:20-1469:10; 1469:11-22; Pl. Exs. 207, 104 and 695.

The Court has already determined as a matter of law that Rottlund Homes owns valid copyrights in the Original Villa, New Villa and Villa II technical drawings. *The Rottlund Co., Inc. v. Pinnacle Corp et al.*, 01-CV-1980, 2004 WL 1879983 at **9-14 (D. Minn. Aug. 20, 2004) (discussing Rottlund's ownership and registration of the Original Villa, New Villa and Villa II technical drawing copyrights), *adopted by* Order of October 19, 2004. The Court held that the Defendants failed to rebut the presumption that Rottlund owned valid copyrights, including the New Villa and Villa II copyrights as derivative works:

> Rottlund submitted supplementary copyright applications for the New Villa and the Villa II technical drawings and architectural works copyrights. (Krummen Aff. Ex. X,[3] AA,[4] BB[5] (technical drawing supplements); Ex. Y[6] and CC[7] (architectural works supplements)). The supplementary applications clarified that the new Villa was a derivative of the Original Villa, and the Villa II was a derivative of the New Villa and Original Villa. *Id.* . . . Here, when presented with supplementary applications designating the New Villa and Villa II as derivatives, the Copyright Office issued the supplementary registrations. (Krummen Aff. Ex. X,[8] AA,[9] BB[10] (technical drawing supplements); Ex. Y[11] and CC[12] (architectural works supplements)).

---

[3] Pl. Ex. 561.
[4] Pl. Ex. 567.
[5] Pl. Ex. 569.
[6] Pl. Ex. 563.
[7] Pl. Exs. 570 and 571.
[8] Pl. Ex. 561.
[9] Pl. Ex. 567.
[10] Pl. Ex. 569.
[11] Pl. Ex. 563.
[12] Pl. Exs. 570 and 571.

*Id.* at *13 (citations omitted) (corresponding trial exhibits noted). Based on this evidence, the Court concluded, as a matter of law: "Defendants have failed to rebut the presumption of ownership of valid copyrights," and "Rottlund owns the technical drawing copyrights, and they are valid." *Id.* at *14.[13]

**B. The Villa II Copyrights Carry Forward The Original Villa And New Villa Copyrights.**

Defendants' contentions that Rottlund has not alleged infringement of its Original Villa and New Villa copyrights, and that only Rottlund's Villa II copyrights are at issue in this trial are incorrect. Defendants have been on notice since Rottlund's Second Amended Complaint that the Original Villa and New Villa copyrights were at issue by virtue of the carry forward doctrine. *See* Pl. Second Amended Complaint ¶¶ 12-13, 17-22; Pl. Eighth Amended Complaint ¶¶ 12-26 and Exs. A (Certificate of Registration VAu 268-380 – Original Villa technical drawing); B (Certificate of Registration VAu 268-404 – New Villa technical drawing); and J (Certificate of Registration VAu 159-813 – Original Villa technical drawing).

Beginning with its Second Amended Complaint, Rottlund expressly identified the Original Villa and New Villa copyrights, then specifically pled the application of the carry forward doctrine in Paragraphs 21-26 of its Eighth Amended Complaint. Pl. Eighth Am. Comp. ¶¶ 21-26. Rottlund pled that it owned both the original and derivative copyrights, and that Rottlund as the owner of the original material had the exclusive right to create derivative

---

[13] Magistrate Judge Nelson further indicated that although the Court's discussion regarding the ownership and validity of Rottlund's technical drawing copyrights "nearly compels the granting of summary judgment in Rottlund's favor of ownership and validity of the *architectural works copyrights* as well, Rottlund has not brought that motion." *Id.* at *14 (emphasis in original). As Defendants failed to produce any evidence at trial to rebut the presumption of validity of Rottlund's architectural works copyrights, judgment as a matter of law is now appropriate.

material. *Id.* at ¶¶ 22-23. Rottlund further pled that "Plaintiff's copyrights on the Villa II product incorporates and protects any and all original copyrighted works in the Original Villa and/or New Villa upon which the Villa II product is based." *Id.* at ¶ 25. Lastly, Rottlund pled that "Plaintiff is not required to allege and prove multiple copyright violations which are dependent upon the exact number of prior copyrights which carry forward and are incorporated into the Villa II copyrights." *Id.* at ¶ 26.[14]

### C. Rottlund's Copyrights In the Underlying Works Carry Forward Into The Copyrights of Rottlund's Derivatives of Those Underlying Works.

Rottlund need not allege and prove multiple copyright violations; it need only prove that the Defendants infringed on its valid Villa II copyrights. *Richmond Homes Management, Inc., v. Raintree, Inc.,* 862 F. Supp. 1517, 1525 (W.D. Va. 1994) ("Where the same creator owns both the original and derivative copyrights, the only sound interpretation of the Copyright Act is that the derivative work carries forward all preexisting copyrights in the original work"), *aff'd in part*

---

[14] The Court has noted Rottlund's position on the carry forward doctrine in prior rulings. *See, e.g.*, *The Rottlund Company*, 2004 WL 1879983 at *1 ("Rottlund claims Defendants infringed the Villa II copyrights, which carry forward the Original and New Villa copyrights."); Report & Recommendation dated October 25, 2004 at 7 ("Plaintiff contends that, as the owner of the original material protected by both the Original Villa and New Villa copyrights, any derivative works, such as the Villa II, carry forward all preexisting copyrights in the original work.") (citing Pl's Seventh Am. Complaint at ¶¶ 21-26 and Pl.'s Mem. in Opp. at 62). In the August 20, 2004 Report & Recommendation, the Court appeared to expressly find that the Original and New Villa copyrights carry forward in Rottlund's Villa II copyrights: "Indeed, the Villa II, carrying forward the Original and New Villa copyrights, represents a creative effort on the part of Tim Whitten and Bernard Rotter to develop a product that would satisfy, among other things, size and market constraints." *The Rottlund Co.*, 2004 WL 1879983 at *18 (citing *CSM Investors, Inc. v. Everest Dev., Ltd.,* 840 F. Supp. 1304, 1310 (D. Minn. 1994)). However, in the October 25, 2004 Report & Recommendation, the Court held that genuine issues of material fact "preclude this Court from finding, as a matter of law, that Plaintiff's Villa II copyrights do not carry forward . . . the original copyright registrations." 10/25/04 R&R at 8.

*and rev'd in part on other grounds,* 66 F.3d 316 (4th Cir. 1995);[15] *accord O.T. Pickell Builders, Inc. v. Witowski,* No. 96 C 4233, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998) (finding the holding of *Richmond Homes* "persuasive," and that defendant could not argue that architectural plans are invalid derivative works because they were not "substantially different" from the underlying work if plaintiff builder could prove that it owns both the underlying and derivative architectural plans).

Rottlund's elevations, floor plans and as-built structures are protected by its Original Villa and New Villa copyrights, as well as Rottlund's Villa II copyrights. Through the carry-forward doctrine, the Original Villa and New Villa designs and structures are incorporated into, and protected by, Rottlund's Villa II copyrights. *See e.g.*, *Raintree*, 862 F. Supp. at 1520-21, 1525-26 (holding that 1987 copyright for house plans owned by plaintiff is carried forward into 1992 derivative copyrights for house plans and architectural works also owned by plaintiff); *see also Donald Frederick Evans and Assocs. v. Continental Homes, Inc.,* 785 F.2d 897, 904 (11th Cir. 1986) (upholding validity of substantially similar architectural plans where one corporation owned both copyrights); *In re Independent Service Organizations Antitrust Litigation*, 964 F. Supp. 1469, 1473 (D. Kan. 1997) ("Xerox's registration of the derivative works is sufficient to allow an infringement claim based on copying of material, either newly added or contained in the underlying work.") (citations omitted); *accord Rexnord, Inc. v. Modern Handling Systems, Inc.*, 379 F. Supp. 1190, 1198-99 (D. Del. 1974) (holding that a copyright on a catalogue which

---

[15] On appeal, the Fourth Circuit determined that the plaintiff failed to prove ownership of the copyright in the underlying work. 66 F.3d 316, 1995 WL 551274, *3. No such issue exists here, however, because Rottlund's ownership of all three generations of Villa copyrights has already been established as a matter of law. *See The Rottlund Co.*, 2004 WL 1879983 at **9-14, *adopted by* Order of October 19, 2004.

incorporates derivative material still protected by the same author's earlier copyright protects against another's copying from the later work material derived from the earlier work); 2 M. Nimmer, Nimmer on Copyright § 7.16[B][2]. Therefore, although Rottlund has registered copyrights for the Original Villa and New Villa, Rottlund's Villa II technical drawings and architectural works copyrights are the seminal copyrights at issue in the case by virtue of the carry forward doctrine. *See Raintree, Inc.*, 862 F. Supp. at 1525.

Rottlund consistently identified its Original and New Villa copyright registrations in its Second through Eighth Amended Complaints, and pled that the Original Villa and New Villa copyrights are part of Rottlund's theory of liability for two separate reasons: (i) Rottlund has the exclusive right to create derivative material from the Original Villa and New Villa works; and (ii) Rottlund was entitled to litigate its Original Villa and New Villa copyrights pursuant to the carry-forward doctrine. *See* Pl. Second Amended Complaint at ¶¶ 12-13, 17-22; Pl. Eighth Amended Complaint at ¶¶ 15-16, 21-26. The Defendants were well aware of Rottlund's Original and New Villa claims and inquired about them during discovery. The Bloodgood Defendants' liability expert even analyzed whether BSB independently created the Midland Homes and Jerry's Homes designs, and whether they are substantially similar to Rottlund's New Villa copyrighted design. Likewise, the Town & Country Defendants' liability expert analyzed whether the Midland Homes design was substantially similar to Rottlund's New Villa copyrighted design.

**D. Defendants' Rule 50 Motion Is A Collateral Attack On This Court's Prior Ruling.**

The Court has also already ruled as a matter of law that "the selection, arrangement, and combination of the elements expressed in the technical drawings are sufficiently original and

detailed to be afforded copyright protection." *The Rottlund Co., Inc.*, 2004 WL 1879983 at * 14, *adopted by* Order of October 19, 2004.[16] Because the Court has already determined that Rottlund's Villa II technical drawing copyrights are original and entitled to full copyright protection, and because the Defendants previously "failed to rebut the presumption of valid copyrights" as a matter of law, *id.* at *14, Defendants ought not be allowed to collaterally challenge whether Rottlund's Villa II copyrights are indeed derivative works that carry forward the copyrights on the preexisting material.

Defendants seek to relitigate this issue, claiming that the Villa II copyrights protect only those design features which were added to the Villa II works – *i.e.*, the additional design features which differentiate the Villa II works as a derivative of the Original Villa and New Villa works. *See, e.g.*, Trial Tran. at 1382:19-1383:14. Defendants misstate the law of derivative copyrights in important respects. As set forth above, Rottlund need not separately plead Defendants' infringement of the Original Villa and New Villa copyrights as the Villa II copyrights carry forward the Original Villa and New Villa copyrights. In addition, because Rottlund is the owner of the copyrights for all three Villa generations, Rottlund's copyright protection is not limited to the those features and elements that were added to the Villa II designs. *See Raintree*, 862 F. Supp. at 1526 ) (holding that the underlying elements of the 1992 derivative plans that were originally created by the plaintiff in the 1987 plans were protected in the plaintiff's 1992 house plan and architectural work copyrights); *see also Xoom, Inc. v. Imageline Inc.*, 323 F.3d 279, 284 (4th Cir. 2003) (reversing partial summary judgment for defendant; holding that plaintiff's registration of clip-art images as compilations or derivative works "was sufficient to permit an

---

[16] *See also* Report & Recommendation dated October 28, 2004 at 5 (relating to technical drawings and as-built structures), *adopted by* Order of November 9, 2004.

infringement action on the underlying parts, whether they be new or preexisting"); *O.T. Pickell Builders*, 1998 WL 664949,*4 (finding the holding of *Richmond Homes* "persuasive," and that defendant could not argue that architectural plans are invalid derivative works because they were not "substantially different" from the underlying work if plaintiff builder could prove that it owns both the underlying and derivative architectural plans).[17]

The Defendants rely on the Eighth Circuit Court of Appeals decision in *Mulcahy v. Cheetah Learning, LLC*, 386 F.3d 849 (8th Cir. 2004), in support of their argument that the carry forward doctrine does not apply. Defendants' reliance is misplaced, however, because *Mulcahy* is readily distinguishable on the facts – it was undisputed that the plaintiff did *not* own the underlying work. 386 F.3d at 850-51 (whether owner of underlying work authorized plaintiff to use excerpts from the earlier work was a disputed issue of fact). Therefore, the plaintiff's contributions were purely derivative of another's original work. The plaintiff had no rights or claims in the underlying works, so the scope of the plaintiff's derivative copyright was necessarily restricted to the plaintiff's original contributions to the underlying work – i.e., those additions that made the derivative work a new and separate work entitled to copyright protection. *Id.* at 852 ("the copyright [in a derivative work] is limited to the features that the derivative work adds to the original"). As recognized by the Eighth Circuit, however, the owner of the original copyright still retains "the exclusive right to prepare derivative works." *Id.*; *see also Stewart v.*

---

[17] "Under a contrary principle, the owner of a compilation or derivative work would have to allege and prove multiple copyright violations, depending on the exact number of prior copyrights incorporated into a subsequent work." *Raintree*, 862 F. Supp. at 1525-26 (discussing how such a requirement would contravene the purpose of 17 U.S.C. § 106(2), which encourages the creation of derivative works by the owners of the original material by granting the owners of the original works the exclusive right to create derivatives).

*Abend*, 495 U.S. 207, 223 (1990) ("[T]he full force of the copyright in the preexisting work is preserved despite incorporation into the derivative work.").

In *Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3d 739, 746-47 (2d Cir. 1998), the Second Circuit Court of Appeals considered a similar argument to that raised by the Defendants in their motion for judgment as a matter of law. In that case, the defendants claimed that the 1989 copyright registration of a derivative work covered only the derivative materials (i.e. the added material), and not the pre-existing underlying work. The Second Circuit rejected the defendants' claim. "On the contrary, because Streetwise is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work." *Id.* at 747.

There is no legal basis to grant Defendants' motion for judgment as a matter of law regarding the carry forward doctrine. Indeed, the overwhelming weight of authority compels a ruling that *Rottlund* is entitled to judgment as a matter of law that its Villa II copyrights carry forward its Original Villa and New Villa copyrights.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

s/Philip R. Mahowald
Philip R. Mahowald
2164645v1