Fredrikson & BYRON, P.A.

December 8, 2004

**VIA ELECTRONIC FILING**
Honorable David S. Doty
United States District Court Judge
U.S. Courthouse
300 S. 4th Street, Suite 14W
Minneapolis, MN 55415

Re: The Rottlund Company, Inc. v. Pinnacle Corporation
Court File No. 01-CV-1980 (DSD/SRN)

Dear Judge Doty:

Defendants Pinnacle Corporation and Town & Country Homes, Inc., jointly submit this letter regarding the "carry forward doctrine" as proposed by Rottlund. No Eighth Circuit case has ever applied Rottlund's "carry forward doctrine." No district court within the Eighth Circuit has ever applied Rottlund's "carry forward doctrine." The phrase "carry forward doctrine" has not appeared in a single decision by a federal court anywhere. A theory does not become a "doctrine" by labeling it as such.

In fact, just two months ago, the Eighth Circuit rejected Rottlund's "carry forward" theory. *Mulcahy v. Cheetah Learning, LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (copyright in a derivative work "is limited to the features that the derivative work adds to the original"). Similarly, the Supreme Court has rejected Rottlund's "carry forward" theory. *Stewart v. Abend*, 495 U.S. 207, 223 (1990) ("The aspects of a derivative work added by the derivative author are that author's property, but the elements drawn from the pre-existing work remains on grant from

Attorneys & Advisors
main 612.492.7000
fax 612.492.7077
www.fredlaw.com

Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota
55402-1425

MEMBER OF THE WORLD SERVICES GROUP
A Worldwide Network of Professional Service Providers

OFFICES
Minneapolis, London, & Monterrey, Mexico

the owner of the pre-existing work."), *citing Russel v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979) (reaffirming "well-established doctrine that a derivative copyright protects only the new material contained in the derivative work, not the matter derived from the underlying work"), *cert. denied*, 446 U.S. 952 (1980).[1] In fact, Rottlund's "carry forward" theory is contrary to the express language of the Copyright Act. 17 U.S.C. 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or substance of any copyright protection in the preexisting material."); *see also* NIMMER ON COPYRIGHT § 3.04[A].

Finally, adoption of Rottlund's "carry forward" theory would violate the United States Constitution by allowing a copyright holder to extend the length of copyright protection indefinitely through derivative registrations. UNITED STATES CONST., Art. I, § 8, cl. 8; ("The Congress shall have power . . [t]o promote the progress of science and useful arts, by securing for **limited times** to authors and inventors the exclusive right to their respective writings and discoveries") (emphasis added); *see also Eldred v. Ashcroft*, 537 U.S. 186, 199-200, 123 S. Ct. 769 (2003) (discussing "limited times" limitation to Copyright clause).

Rottlund has filed nine complaints in this litigation. Rottlund has never asserted copyright infringement of the Villa or New Villa copyright registrations. As Magistrate Judge

[1] None of the cases cites by Rottlund involve the situation here where the plaintiff has registered both the original work and the derivative work and the plaintiff directly asserted the derivative work, but failed to directly assert the registered preexisting work. Rottlund cites NIMMER ON COPYRIGHT § 7.16[B][2] which states that "[w]hen underlying and derivative works are involved, it can be significant that some are registered and others are not. The situation can unfold in several postures, with varying ramifications."

Nelson confirmed in her October 25, 2004 Report and Recommendation (adopted by this Court), "[t]his case involves alleged violations of **three copyrights**: the Villa II technical drawings (registration number VAu 447-395); the Villa II architectural works (VAu 534-723); and The Reserve technical drawings (VAu 547-285)." *Id.* at 7, citing Seventh Am. Complaint at ¶¶ 17-20 (emphasis added). Rottlund has sophisticated counsel. Had it wanted to sue on each of its copyrights, it knew how to draft that pleading. During the last three years, Rottlund added new parties, new causes of action, and even a new copyright. (Rottlund knew enough, for example, to add the VAu 547-285 copyright when it moved from its Third to its Fourth Amended Complaint.) The reason that Rottlund never sued for infringement of the "Original Villa" or "New Villa" is obvious. The allegations would not pass the straight-face test. Having made its election, Rottlund must now live with the consequences.

This Court's resolution of the applicability of Rottlund's "carry forward" theory impacts the instructions to the jury. Pinnacle and Town & Country Minnesota submit with this letter a proposed revised Jury Instruction No. 27 and alternative revised Jury Instruction No. 27 based upon the Court's resolution of this issue.

Respectfully submitted,

s/ Darren Schwiebert

Darren B. Schwiebert
**Direct Dial:** 612.492.7312
**Email:** dschwiebert@fredlaw.com

Enclosures