**PINNACLE AND TOWN & COUNTRY MINNESOTA'S**

**PROPOSED REVISED INSTRUCTION NO. 27**

**SUBSTANTIAL SIMILARITY**

If you find similarities between the works, you must ask yourselves whether the similarities are substantial – that is, whether the similarities are or are not the kind which would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

In making this determination, you may only consider whether substantial similarities exist between the protectible elements of plaintiff's work and defendants' work. You may not base a determination of substantial similarity on unprotectible elements of plaintiff's copyrighted works. Only the author's personal expression of ideas in plaintiff's copyrighted works is protectible; the ideas themselves are not. Common elements and generic features dictated by the functionality of the arrangement or the market are not protectible elements of plaintiff's copyrights.

The plaintiff's copyrights asserted in this case are derivatives of earlier copyrights owned by plaintiff. Copyright protection in a derivative work covers only those elements that are original in the derivative work, as distinguished from the preexisting material. Rottlund has not asserted that Pinnacle, TCM or BSB infringe their copyrights in the Villa or New Villa works on which the Villa II works were based. Therefore, in determining substantial similarity you may only consider the similarities between the original aspects of the Villa II copyrights. You are instructed that those elements for the Rush Creek Villa II copyrights are: the gables side entry to exterior units, access from master bedroom to common bath, two car garage, upper level loft, and changed to length of building and elevations. You are instructed that those elements for the Reserve Villa II copyrights are: the sprinkler system and sprinkler shed.

You are instructed that the overall look and feel of the entire work that results from Rottlund's selection, coordination, and arrangement of these new elements is the only aspect of the Rottlund drawings or the Villa II that is protected by its copyrights. The elements are not protectible in and of themselves. Thus, you may not base a finding of substantial similarity on the basis of any similarities between any of those elements individually, or similarities between any individual unit, room, feature, or design element. Nor should you conclude that unlawful appropriation of plaintiff's works has occurred simply if you find that defendants' works also include those individual elements.

Instead, you may only find substantial similarity if you find that Pinnacle, Town & Country Minnesota or BSB's selection, coordination, and arrangement of elements is substantially similar to Rottlund's selection, coordination, and arrangement of the original derivative elements.

**Authorities:**

17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the pre-existing material.").

17 U.S.C. § 7 ("Compilations or abridgments, adaptations, arrangements, dramatizations, translations, or other versions of works in the public domain or of copyrighted works . . . shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such us of the original works, or to secure or extend copyright in such original works.") (emphasis added).

*Stewart v. Abend*, 495 U.S. 207, 223 (1990) ("The aspects of a derivative work added by the derivative author are that author's property, but the elements drawn from the pre-existing work remains on grant from the owner of the pre-existing work."), *citing Russel v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979) (reaffirming "well-established doctrine that a derivative copyright protects only the new material contained in the derivative work, not the matter derived from the underlying work"), *cert. denied*, 446 U.S. 952 (1980).

*Mulcahy v. Cheetah Learning, LLC,*, 386 F.3d 849, 852 (8th Cir. 2004) (copyright in a derivative work "is limited to the features that the derivative work adds to the original").

NIMMER ON COPYRIGHT § 3.03[A] ("A derivative work consists of a contribution of the original material to a pre-existing work so as to recast, transform, or adapt the pre-existing work."); NIMMER ON COPYRIGHT § 3.04[A] ("Copyright in a derivative or collective work covers only those elements contained therein that are original with the copyright claimant. If the underlying work is itself protected by copyright, then the copyright in the derivative work or collective neither nullifies nor extends the protection accorded to the underlying work . . . . This exclusion of protection for the underlying work under the derivative or collective work copyright is warranted both by the language of Section 103(b) of the current Act and by the fundamental principle that only that which is original with the copyright proprietor or his assignor may be protected by his copyright.").

*Kootenia Homes, Inc. v. Reliable Homes, Inc.***,** No. 00-1117, 2002 WL 15594, *6 (D.Minn. 2002)

UNITED STATES CONST., Art. I, § 8, cl. 8; ("The Congress shall have power . . [t]o promote the progress of science and useful arts, by securing for **limited times** to authors and inventors the exclusive right to their respective writings and discoveries") (emphasis added); *see also Eldred v. Ashcroft*, 537 U.S. 186, 199-200, 123 S. Ct. 769 (2003) (discussing "limited times" limitation to Copyright clause).