**PINNACLE AND TOWN & COUNTRY MINNESOTA'S**

**ALTERNATIVE PROPOSED REVISED INSTRUCTION NO. 27**

**SUBSTANTIAL SIMILARITY**

If you find similarities between the works, you must ask yourselves whether the similarities are substantial – that is, whether the similarities are or are not the kind which would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

In making this determination, you may only consider whether substantial similarities exist between the protectible elements of plaintiff's work and defendants' work. You may not base a determination of substantial similarity on unprotectible elements of plaintiff's copyrighted works. Only the author's personal expression of ideas in plaintiff's copyrighted works is protectible; the ideas themselves are not. Common elements and generic features dictated by the functionality of the arrangement or the market are not protectible elements of plaintiff's copyrights.

You are instructed that the overall look and feel of the entire work that results from Rottlund's selection, coordination, and arrangement of the 70 elements identified in Exhibit 597 is the only aspect of the Rottlund Villa II drawings or townhomes that is protected by its copyrights. The 70 elements are not protectible in and of themselves. Thus, you may not base a finding of substantial similarity on the basis of any similarities between any of those elements individually, or similarities between any individual unit, room, feature, or design element. Nor should you conclude that unlawful appropriation of plaintiff's works has occurred simply if you find that defendants' works also include those 70 elements.

Instead, you may only find substantial similarity if you find that Pinnacle, Town & Country Minnesota or BSB's selection, coordination, and arrangement of the elements is substantially similar to Rottlund's selection, coordination, and arrangement of those elements.