UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

---

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v.

**THE COURT'S INSTRUCTIONS TO THE JURY**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants.

---

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties

expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 71.01 (4th ed.)

INSTRUCTION NO. 2

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Devitt, Blackmar, Wolff & O'Malley, § 71.04 (4th ed.)

INSTRUCTION NO. 3

Although there are four defendants in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. The other defendants are not to be prejudiced should you find against any other defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

O'Malley, Grenig & Lee, § 113.14 (5th ed.)

INSTRUCTION NO. 4

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Devitt, Blackmar, Wolff & O'Malley, § 71.08 (modified) (4th ed.)

INSTRUCTION NO. 5

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

O'Malley, Grenig & Lee, § 104.50 (5th ed.)

INSTRUCTION NO. 6

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness agrees.

Devitt, Blackmar, Wolff & O'Malley, § 71.12 (modified) (4th ed.)

INSTRUCTION NO. 7

Except as otherwise instructed, the burden is on the plaintiff in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Devitt, Blackmar, Wolff & O'Malley, § 72.01 (4th ed.)

INSTRUCTION NO. 8

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Devitt, Blackmar, Wolff & O'Malley, § 72.02 (4th ed.)

INSTRUCTION NO. 9

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Devitt, Blackmar, Wolff & O'Malley, § 72.03 (4th ed.)

INSTRUCTION NO. 10

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Devitt, Blackmar, Wolff & O'Malley, § 72.04 (4th ed.)

INSTRUCTION NO. 11

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Devitt, Blackmar, Wolff & O'Malley, § 72.08 (4th ed.)

INSTRUCTION NO. 12

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Devitt, Blackmar, Wolff & O'Malley, § 72.14 (4th ed.)

INSTRUCTION NO. 13

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Devitt, Blackmar, Wolff & O'Malley, § 73.11 (4th ed.)

INSTRUCTION NO. 14

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

O'Malley, Grenig & Lee, § 105.02 (5th ed.)

INSTRUCTION NO. 15

You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an accident or a transaction may see or hear it

differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Devitt, Blackmar, Wolff & O'Malley, § 73.01 (modified) (4th ed.)

INSTRUCTION NO. 16

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt, Blackmar, Wolff & O'Malley, § 73.04 (4th ed.)

INSTRUCTION NO. 17

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the believability of the witness but may never be considered as evidence of proof of the truth of any such statement, unless you find that the witness made such statement at his or her deposition under oath.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the believability of the party as a witness.

Devitt, Blackmar, Wolff & O'Malley, § 73.09 (modified) (4th ed.); Fed. R. Evid. 801(d)(1)(A)

INSTRUCTION NO. 18

In this case, plaintiff The Rottlund Company ("Rottlund") brings a claim against defendants Pinnacle Corporation doing business as Town and Country Homes ("Pinnacle"), Town & Country Homes of Minnesota ("Town & Country Minnesota"), Bloodgood Sharp Buster Architects and Planners of Iowa and Bloodgood Group, Inc., ("BSB") for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pictorial work, graphic work, audiovisual work, sound recording or architectural work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted. The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, displaying, or using the work covered by copyright for a specific period of time. Subject to certain defenses, one who reproduces, prepares derivative works, distributes or displays a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner. A copyright owner may

enforce the right to exclude others from copying the copyrighted work in a copyright infringement action.

In this case, Rottlund is the owner of three Villa II copyrights. Rottlund is also the owner of the Villa and New Villa copyrights and has a continuity of ownership in these copyrights. Rottlund claims that Pinnacle, Town & Country Minnesota and BSB infringed the Villa II copyrights by copying, manufacturing and producing certain townhomes. Rottlund is seeking damages from all defendants for infringement of its Villa II copyrights.

All defendants deny infringing the copyrights and claim that they did nothing but independent creation.

O'Malley, Grenig & Lee, § 160.01 (modified) (5th ed.)

INSTRUCTION NO. 19

An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101 (2004)

INSTRUCTION NO. 20

"Copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word "author" used for writers. But under the copyright law, any creator of an original work is referred to as the author. That is the term we use in the copyright law for the creator of an original work. Copyright protection extends only to the expression of the ideas in the author's work, but never to the ideas themselves.

There are at least two competing considerations involved in a copyright. On the one hand, the creator of a work has the right to reap the benefit of the owner's creativity and effort. On the other hand, progress in art as well as science requires that everyone have the right to develop and create new works using the same ideas and subjects.

The copyright law attempts to strike a balance between these two values, protecting so much of the creator's original work as embodies the creator's own particular form of expression, but not so much as would prevent others from using the same ideas, themes and subjects in their own forms of expression.

O'Malley, Grenig & Lee, § 160.10 (5th ed.)

INSTRUCTION NO. 21

To prove that defendants Pinnacle, Town & Country Minnesota and/or BSB infringed plaintiff Rottlund's copyrights, Rottlund must show either that defendants directly copied Rottlund's Villa II or that there are substantial similarities between each of the Homestead Collection, Chateau Collection or Washington Square Townhomes and each of Rottlund's Villa II copyrights that are the result of copying.

O'Malley, Grenig & Lee, § 160.20 (5th ed.)

INSTRUCTION NO. 22

In order to establish infringement, Rottlund must prove that the Homestead Collection, Washington Square Townhomes or Chateau Collection was copied or taken from Rottlund's Villa II. No matter how similar the Homestead Collection, Washington Square Townhomes or Chateau Collection are to Rottlund's Villa II, Rottlund may not recover against any defendants unless the similarity is the result of the copying or taking of Rottlund's Villa II, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of Rottlund's Villa II that are copied or taken. Here, what is original, and therefore protectible, about Rottlund's Villa II is the overall form as well as the arrangement and composition of spaces and elements in the design. Individual elements and standard features are not protected. If a defendant copies or takes only individual standard features or elements, then that defendant is not liable for copyright infringement.

O'Malley, Grenig & Lee, § 160.26 (5th ed.); 17 U.S.C. § 101

INSTRUCTION NO. 23

Infringement can be proved by direct or circumstantial evidence.

An example of direct evidence would be an admission by an employee of Pinnacle, Town & Country Minnesota or BSB that the work was copied, or the testimony of someone who saw the work being copied. But most frequently proof of that nature is not available in copyright cases.

Circumstantial evidence is often resorted to in copyright cases, in an effort to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

First: Are there similarities between the Homestead Collection, Washington Square Townhomes or Chateau Collection and the protectible expression of Rottlund's Villa II?

Second: If there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other apparent explanations for the similarities?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstance from which you may draw an inference either that copying has taken place or that copying has not taken place.

If, after considering all the proof in the case, you find yourselves unable to draw a logical inference one way or the other, then Rottlund has failed in its burden of proof on this issue.

If you find, however, after considering all the circumstances, that more likely than not copying has taken place, then Rottlund has sustained its burden on this issue.

On the subject of similarity, if you find similarity between the works, you must ask yourselves whether the similarities are or are not of the kind that would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

On the other hand, certain similarities may be very convincing proof of copying. The more original, the more unusual or imaginative or arbitrary the material is that you find to be similar in both works, the less likely that similarity is a coincidence. The more extensive the similarity and the more it extends to small and arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to coincidence, or the suggestiveness of the subject matter.

O'Malley, Grenig & Lee, § 160.27 (5th ed.)

INSTRUCTION NO. 24

Works are substantially similar if the expression of ideas in plaintiff's copyrighted Villa II and the expression of ideas in the Homestead Collection, Washington Square Townhomes or Chateau Collection are substantially similar.

The test for expression of ideas is whether an ordinary reasonable person would find the total concept and feel to be substantially similar.

O'Malley, Grenig & Lee, § 160.26 Notes (5th ed.); see also Schoolhouse, Inc. v. Anderson, 275 F.3d 726, 729 (8th Cir. 2002)(discussing extrinsic and intrinsic two-step analysis)(quoting Hartman v. Hallmark Cards, Inc., 833 F.2d 117 (8th Cir. 1987)); Hartman, 833 F.2d at 120-21 (discussing extrinsic and intrinsic two-step analysis and stating that "[i]nfringement of expression occurs only when the total concept and feel of the works in question are substantially similar")

INSTRUCTION NO. 25

If Rottlund has demonstrated evidence of substantial similarity, defendants may rebut that evidence by showing that the Homestead Collection, Washington Square Townhomes or Chateau Collection was created independently from Rottlund's Villa II. Independent creation is not copying. Independent creation exists if the Homestead Collection, Washington Square Townhomes or Chateau Collection was created without copying Rottlund's Villa II.

A finding of independent creation may be based on evidence that the architect did not use Rottlund's copyrighted work and, instead, he or she created his or her own design.

O'Malley, Grenig & Lee, Overview of Copyright Section 9(b) (5th ed.); 3 Nimmer on Copyright § 12.11[D] (2004)

INSTRUCTION NO. 26

If you find that one or more of the defendants infringed Rottlund's copyrights, you will be asked to determine whether each defendant acted willfully in that infringement. "Willfully" means with knowledge that the defendant's conduct constitutes copyright infringement or with reckless disregard of the copyright holder's rights. Copyright infringement is not willful if a defendant reasonably and in good faith believes that its conduct does not infringe.

RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 779 (8th Cir. 1988)

INSTRUCTION NO. 27

A copyright may be infringed vicariously. A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

In order to prove each claim of vicarious copyright infringement, Rottlund has the burden of proving each of the following by a preponderance of the evidence:

First, the protectible aspects of a Villa II copyrighted work were infringed;

Second, the party accused of vicarious liability had a financial interest in the infringing activity; and

Third, the party accused of vicarious liability had the right and ability to supervise the infringing activity.

O'Malley, Grenig & Lee, § 160.28 (modified) (5th ed.)

INSTRUCTION NO. 28

A copyright may be infringed by contributory infringement. With certain exceptions, a person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity.

In order to prove each claim of contributory infringement, Rottlund has the burden of proving each of the following by a preponderance of the evidence:

First, the protectible aspects of a Villa II copyrighted work were infringed;

Second, the party accused of contributory infringement knew or should have known of the infringing activity; and

Third, the party accused of contributory infringement induced, caused or materially contributed to the infringing activities.

O'Malley, Grenig & Lee, § 160.29 (modified) (5th ed.)

INSTRUCTION NO. 29

If you find by a preponderance of the evidence that Pinnacle, Town & Country Minnesota or BSB infringed Rottlund's copyright, then you should find for Rottlund against that defendant or those defendants that infringed. You must then decide on the amount of damages Rottlund is entitled to recover.

The law allows Rottlund, if successful, to recover the actual damages it has suffered as a result of the infringement, including unrecovered costs and lost profits, and also any profits of Pinnacle, Town & Country Minnesota or BSB attributable to the infringement that you have not already taken into account or properly covered in figuring Rottlund's lost profits.

Defendants' profits consist of the amount of money that Pinnacle, Town & Country Minnesota or BSB made due to the infringement, after deducting defendants' expenses in producing and marketing the infringing work.

Rottlund is not necessarily entitled to all profits of Pinnacle, Town & Country Minnesota or BSB, but only to the part of defendants' profits which is due to the infringement. If the Homestead Collection, Washington Square Townhomes or Chateau Collection was profitable for reasons that had nothing to do with

defendants' infringement of Rottlund's Villa II, then Rottlund is not entitled to recover defendants' profits, because they did not result from the infringement.

O'Malley, Grenig & Lee, § 160.90 (modified) (5th ed.)

INSTRUCTION NO. 30

If you find that one or more of the defendants infringed Rottlund's copyrights, then Rottlund is entitled to recover the actual damages Rottlund suffered as a result of the infringement.

With regard to the Homestead Collection and the Chateau Collection, actual damages is the amount of profit Rottlund proves by a preponderance of the evidence it would have earned on Villa II homes it would have built and sold but for the infringement. With regard to the Washington Square Townhomes, actual damages is the amount Rottlund would have reasonably required defendant(s) to pay for a license to use the Villa II designs at the time of the infringement.

You may not award Rottlund any actual damages if such damages are based on speculation.

O'Malley, Grenig & Lee, § 160.91 (modified) (5th ed.); 4 Nimmer on Copyright § 14.02[A][1] (2004)

INSTRUCTION NO. 31

If you find that one or more of the defendants infringed Rottlund's copyrights, then Rottlund is entitled to any profits of that defendant attributable to the infringement not taken into account in determining Rottlund's actual damages.

Profits are determined by deducting all expenses from gross revenue. Gross revenue is all of the defendants' receipts from the use or sale of a work containing or using the copyrighted work. Expenses are all overhead and production costs incurred in producing the gross revenue.

Rottlund has the burden of proving by a preponderance of the evidence each defendant's gross revenue attributable to the infringement. Pinnacle, Town & Country Minnesota or BSB then have the burden of proving their expenses and the portion of their profits attributable to factors other than the copyrighted work by a preponderance of the evidence.

O'Malley, Grenig & Lee, § 160.92 (modified) (5th ed.)

INSTRUCTION NO. 32

If you find that one or more of the defendants willfully infringed Rottlund's copyrights, then those defendants are not entitled to a deduction of overhead expenses from their profits attributable to the infringement.

Saxon v. Blann, 968 F.2d 676, 681 (8th Cir. 1992)

INSTRUCTION NO. 33

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you find in favor of plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Devitt, Blackmar, Wolff & O'Malley, § 74.02 (4th ed.)

INSTRUCTION NO. 34

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your own deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Devitt, Blackmar, Wolff & O’Malley, § 74.01 (4th ed.)

INSTRUCTION NO. 35

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

[**Form of special verdict read.]**

You will note that some of the questions call for a "Yes" or "No" answer. The answer to each question, whether it calls for a "Yes" or "No" answer, must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

Devitt, Blackmar, Wolff & O'Malley, § 74.05 (4th ed.)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v.

**SPECIAL VERDICT FORM**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants.

We, the jury in the above-entitled matter, based on its findings, answer the following questions:

1. Do you find by a preponderance of the evidence that the following architectural works infringe Rottlund's Villa II?

| | | |
|---|---|---|
| Homestead technical drawings: | Yes ____ | No ____ |
| Chateau technical drawings: | Yes ____ | No ____ |
| Washington Square technical drawings: | Yes ____ | No ____ |
| Homestead townhomes: | Yes ____ | No ____ |
| Chateau townhomes: | Yes ____ | No ____ |
| Washington Square townhomes: | Yes ____ | No ____ |

If you answered "yes" to any part of Question 1, continue to Question 2. Otherwise, have your foreperson sign and date this special verdict form, as you have completed your deliberations.

2. Answer the following only as to those architectural works you found were infringing in Question 1. Which defendant(s) have been proven by a preponderance of the evidence to be responsible for each infringement, either directly, vicariously, or contributorily?

Homestead technical drawings:

Pinnacle ____ Town & Country Minnesota ____ BSB ____

Chateau technical drawings:

Pinnacle ____ Town & Country Minnesota ____

Washington Square technical drawings:

Pinnacle ____ Town & Country Minnesota ____ BSB ____

Homestead townhomes:

Pinnacle ____ Town & Country Minnesota ____ BSB ____

Chateau townhomes:

Pinnacle ____ Town & Country Minnesota ____

Washington Square townhomes:

Pinnacle ____ Town & Country Minnesota ____ BSB ____

3. Answer the following only as to those architectural works you found were infringing in Question 1. Did the plaintiff, Rottlund, sustain actual damages as a result of the infringement?

| | | |
|---|---|---|
| Homestead technical drawings: | Yes ____ | No ____ |
| Chateau technical drawings: | Yes ____ | No ____ |
| Washington Square technical drawings: | Yes ____ | No ____ |
| Homestead townhomes: | Yes ____ | No ____ |
| Chateau townhomes: | Yes ____ | No ____ |
| Washington Square townhomes: | Yes ____ | No ____ |

If you answered "yes" to any part of Question 3, continue to Question 4. Otherwise, skip Question 4 and proceed directly to Question 5.

4. Answer the following only as to those architectural works for which you answered "yes" in Question 3. What was the amount of actual damages proved by a preponderance of the evidence to have been sustained as a result of the infringement?

| | |
|---|---|
| Homestead | $ ______________ |
| Chateau | $ ______________ |
| Washington Square | $ ______________ |

5. Answer the following only as to those defendants you found liable for infringement in Question 2. Did defendants Pinnacle, Town & Country Minnesota or BSB earn profits that are attributable to the infringement(s)?

| | | |
|---|---|---|
| Pinnacle | Yes ____ | No ____ |
| Town & Country Minnesota | Yes ____ | No ____ |
| BSB | Yes ____ | No ____ |

If you answered "yes" to any part of Question 5, continue to Questions 6 - 8. Otherwise, have your foreperson sign and date this special verdict form, as you have completed your deliberations.

6. Answer the following only as to those defendants for which you answered "yes" in Question 5. What amount of profits received by each defendant was attributable to the infringement(s)? (Deduct overhead and production costs from the amount(s). Do not include any amount taken into account in Question 4.)

| | |
|---|---|
| Pinnacle | $ _______________ |
| Town & Country Minnesota | $ _______________ |
| BSB | $ _______________ |

7. Answer the following only as to those defendants for which you answered "yes" in Question 5. Did defendants Pinnacle, Town & Country Minnesota, or BSB engage in willful infringement?

| | | |
|---|---|---|
| Pinnacle | Yes ____ | No ____ |
| Town & Country Minnesota | Yes ____ | No ____ |
| BSB | Yes ____ | No ____ |

If you answered "yes" with respect to any of the defendants in Question 7, proceed to Question 8. Otherwise, have your foreperson sign and date this special verdict form, as you have completed your deliberations.

8. For any defendant you found engaged in willful infringement, what was the amount of overhead expenses incurred as part of the infringing conduct?

| | |
|---|---|
| Pinnacle | $ ________________ |
| Town & Country Minnesota | $ ________________ |
| BSB | $ ________________ |

Have your foreperson sign and date this special verdict form, as you have completed your deliberations.

Dated: ________________, 2004

______________________________
FOREPERSON

INSTRUCTION NO. 36

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Devitt, Blackmar, Wolff & O'Malley, § 74.07 (4th ed.)

INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Devitt, Blackmar, Wolff & O'Malley, § 74.08 (4th ed.)