UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br>Defendants, | No.: 01-CV-1980 (DSD/SRN)<br><br>**PLAINTIFF'S JOINT MOTION FOR A NEW TRIAL AND FOR JUDGMENT AS A MATTER OF LAW** |

Pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure, Plaintiff The Rottlund Company, Inc. d/b/a Rottlund Homes ("Rottlund") hereby moves for a new trial. Rottlund also moves and for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) that Defendants' Homestead Collection, Washington Square and Chateau Collection technical drawings and town homes infringe Rottlund's Villa II copyrights on the grounds that there was not a legally sufficient evidentiary basis for a reasonable jury to find the Defendants' architectural works did not infringe Rottlund's Villa II copyrights.

On its motion for a new trial, Rottlund submits that:

- The jury verdict in favor of Defendants and against Rottlund that Defendants' architectural works did not infringe Rottlund's Villa II copyrights was against the weight of the evidence;
- The Court erred when it permitted Jeffrey Scherer, the Town & Country Defendants' liability expert, to perform a highly prejudicial side-by-side, element-by-element comparison of the expression of ideas in the Defendants' architectural works and Rottlund's Villa II architectural works;

- The Court erred when it permitted Town & Country to publish and disclose Town & Country's Exhibit 625 to the jury as a demonstrative exhibit during Mr. Scherer's direct examination because it contained highly prejudicial side-by-side, element-by-element comparisons of the expression of ideas in Defendants' architectural works and Rottlund's Villa II architectural works;

- The Court erred when it refused to include Plaintiff's Proposed Instruction No. 64 explaining how the jury should evaluate whether Defendants' architectural works are substantially similar to Rottlund's Villa II works, or insert similar language in the Court's Final Instruction No. 24;

- The Court erred when it refused to include in the final instructions to the jury Plaintiff's Proposed Instruction Nos. 41 and 42 and the Court's initial draft Instruction No. 18 regarding the adverse inference that could be drawn based on Defendants' failure to produce evidence or destruction of documents;

- Defendants' counsel's reference to Mr. Scherer's inadmissible testimony and Exhibit 625 during closing arguments was inappropriate and highly prejudicial to Rottlund; and

- BSB and BGI's counsel's presentation of brochures, photographs, and floor plans that were previously excluded from evidence to the jury during her closing argument was inappropriate and highly prejudicial.

Any one of these errors in isolation is sufficient to grant Rottlund's alternative motion for a new trial. The cumulative effect of all of the errors contributed to a substantial miscarriage of justice that requires a new trial.

This Joint Motion is based upon all the files, records and proceedings herein, along with all of the pleadings filed in support of this Joint Motion.

Dated: December 22, 2004

s/ Philip R. Mahowald
Robert R. Weinstine, #115435
Craig S. Krummen, Bar #0259081
David A. Davenport, Bar #0285109
Philip R. Mahowald, #0274902
Winthrop & Weinstine, P.A.
**Attorneys for Plaintiff**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
pmahowald@winthrop.com

2168240v1