UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v. **ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation, et al.,

Defendants.

This matter is before the court upon plaintiff's motion for judgment as a matter of law or, alternatively, for new trial.

"Judgment as a matter of law is not proper unless 'all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party.'" Anderson v. Indep. Sch. Dist., 357 F.3d 806, 809 (8th Cir. 2004). The court cannot grant plaintiff's motion for judgment as a matter of law because defendants produced sufficient evidence at trial from which the jury could reasonably infer that the accused works were not copies, but rather were independently created by the defendants.

Plaintiff moves alternatively for a new trial upon the ground that the jury's verdict was against the weight of the evidence. Where, however, "reasonable men can differ in evaluating credible

evidence, a new trial on the ground of weight of evidence should not be granted." White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). The court finds that the jury's verdict of non-infringement was reasonable and supported by substantial record evidence. While another jury, comprised of equally reasonable men and women, might have reached another result, such is not a reason for the plaintiff to enjoy a second bite at the apple.

Plaintiff also rests its motion for new trial on the ground that the court committed substantial, prejudicial errors in its receipt of evidence and instruction of the jury. A new trial is required, however, only if the first trial resulted in a miscarriage of justice. Greaser v. Missouri Dep't of Corrections, 145 F.3d 979, 983 (8th Cir. 1998). Because the court finds the jury's verdict to be supported by substantial and competent evidence, no miscarriage of justice has occurred. Therefore, plaintiff's motion for new trial is denied.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for new trial and judgment as a matter of law [Docket No. 866] is denied.

Dated: December 23, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court