UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1980(DSD/SRN)

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

Plaintiff,

v.

**ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation,
Town & Country Homes, Inc.,
a Minnesota corporation,
Bloodgood Sharp Buster
Architects & Planners of
Iowa, Inc., an Iowa
corporation, and The
Bloodgood Group, Inc.,
an Iowa corporation.

Defendants.

This matter is before the court upon the objections of Pinnacle Corporation, Holland & Knight, LLP, and Christopher Carmichael to Magistrate Judge Susan R. Nelson's report and recommendation,[1] dated June 30, 2004. In her report, the

---

[1] There exists some disagreement among federal courts as to what sorts of sanctions imposed by a magistrate judge are considered "dispositive" or "non-dispositive" for purposes of determining the district court's standard of review under the Federal Magistrates Act, 28 U.S.C. § 636. See generally Scott M. Smith, Annotation, Civil Jurisdiction of Magistrates Under Federal Magistrates Act of 1968 (28 USCS §§ 631 et seq.), 128 ALR Fed. 115 (1995). However, the cases seem to favor de novo review of the magistrate judge's findings and recommendations, especially in cases where, as here, sanctions are based in part upon the inherent power of the district court. See, e.g., Kilborn v. Bakhir, 70 Fed.Appx. 692 (4th Cir. 2003); Martin v. Automobili Lamborghini
(continued...)

magistrate judge recommended sanctions for various instances of litigation misconduct. Also before the court are plaintiff's motion to strike and the return of Christopher Carmichael to the court's August 5, 2004, order to show cause.

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). The court has fully reviewed Magistrate Judge Nelson's recommendations and her factual explication of the conduct which they address. The court finds that the magistrate judge's recommendations regarding Pinnacle Corporation and Holland & Knight are appropriate.

The magistrate judge's action with respect to Mr. Carmichael, however, presents unique difficulties. The court finds that the magistrate judge did not sufficiently apprise Mr. Carmichael that it was considering sanctions against him on an individual basis. Therefore, the court does not adopt her recommendations regarding his case.

The court, pursuant to its August 5 show-cause order, has undertaken an independent review of Mr. Carmichael's conduct. The court agrees with the magistrate judge that the conduct was

---

[1](...continued) Exclusive, Inc., 307 F.3d 1332 (11th Cir. 2002); In re Prudential Ins. Co. Am. Sales Practice Lit. Agent Actions, 278 F.3d 175 (3d Cir. 2002); DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124 (2d Cir. 1998); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263 (8th Cir. 1993). Accordingly, the court construes the magistrate judge's "order" as a report and recommendation.

improper.[2] However, in view of the fact that the magistrate judge's reproval of Mr. Carmichael has received wide publication, see Rottlund Co. v. Pinnacle Corp., 222 F.R.D. 362 (D. Minn. 2004), the court finds that no further sanction is necessary or appropriate.

Lastly, the court considers plaintiff's motion to strike the objections. Because the objections aided the court's understanding of the depth of Pinnacle's and Holland & Knight's disrespect for the magistrate judge's authority, the court finds they should remain part of the record. Therefore, plaintiff's motion to strike is denied.

---

[2] Mr. Carmichael argues that his question to Mr. Jorgenson was not improper because plaintiff's counsel cut him off before he could finish it. The court disagrees. It was Mr. Carmichael's *line* of questioning that was inappropriate. Moreover, Mr. Carmichael need not have completed his examination to have completed communication of his impermissible message. Take, for example, the following hypothetical exchange:

Counsel: Is your husband faithful or does he cheat?
Witness: He is unwaveringly faithful.
Counsel: Well, do you know a woman named Jane Smith?
Witness: Yes, of course.
Counsel: Does she know your husband?
Witness: Yes, she is his personal assistant.
Counsel: Would it surprise you to learn – [interruption]

Based on the above, any person of adequate age and minimal intelligence would know what Counsel is intimating regarding the fidelity of Mr. Witness. Similarly, no reasonable person can doubt what Mr. Carmichael was implying about the loyalty of Mr. Jorgenson's employer. (See Jorgenson Dep. at 40-41.)

Accordingly, **IT IS HEREBY ORDERED** that:

1. The report and recommendation of the magistrate judge, dated June 30, 2004, is adopted in part and rejected in part.

2. Plaintiff's motion for sanctions pursuant to the court's inherent power, 28 U.S.C. § 1927, and Federal Rules of Civil Procedure 11, 26, and 37 [Doc. Nos. 320-22] is granted in part and denied in part.

3. Pinnacle shall pay Rottlund, by delivering payment to its counsel Winthrop & Weinstine, $49,595.80 within thirty (30) days of this order.

4. Holland & Knight shall pay Rottlund, by delivering payment to its counsel Winthrop & Weinstein, $15,034.37 within thirty (30) days of the date of this order.

5. Pinnacle shall reimburse Rottlund for all reasonable attorney fees and costs that Rottlund incurred as a result of having to redepose any of those persons who were scheduled to have their deposition taken during the week of December 8, 2003.

6. The court declines to adopt the recommendations of the magistrate judge respecting Mr. Christopher Carmichael. Inasmuch as the magistrate judge purported to issue an order with respect to Mr. Carmichael, the order is hereby vacated.

7. Mr. Christopher Carmichael is excused from any further response to the court's order of August 5, 2004.

8. Plaintiff shall have until no later than March 11, 2005, to respond to defendants' motion for attorneys' fees and costs.

Dated: February 17, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court