# ATTACHMENT

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation

Plaintiff,

vs.

Pinnacle Corporation,
d/b/a Town & County Homes,
an Illinois Corporation,
Town & County Homes, Inc., a
Minnesota Corporation, Bloodgood Sharp
Buster Architects and Planners of Iowa,
Inc., an Iowa Corporation, and Bloodgood
Group, Inc., an Iowa corporation.

Defendants.

and

Town & County Homes, Inc., a
Minnesota Corporation,

Third-Party Plaintiff,

vs.

Bloodgood Sharp Buster Architects and
Planners of Iowa, Inc., an Iowa
Corporation,

Third-Party Defendant.

No. 01-CV-1980 (DSD/SRN)

**AFFIDAVIT OF LARRY MOORE**

EXHIBIT
tabbles
Pltf. #255
Civ. 01-1980

EXHIBIT
tabbles
255

STATE OF IOWA )
) ss.
COUNTY OF POLK )

Larry Moore, being duly sworn upon oath, deposes and states as follows:

1. I am the Partner in Charge of the Central Regional Office of Bloodgood Sharp Buster Architects and Planners of Iowa, Inc. ("BSB").

2. On July 23, 2002, BSB and Bloodgood Group, Inc. ("BGI") entered into a verbal common interest and confidentiality agreement ("Agreement") with Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("TCM").

3. The Agreement included the attorneys and any experts, economists and/or consultants retained by the parties listed in paragraph 2.

4. The Agreement applied to all confidential or privileged communications related to the above-captioned litigation. Except at the time the Agreement was formed, only Pinnacle and TCM were named defendants.

5. The Parties to the Agreement agreed that it was in their best interests to exchange information, pool individual work product and cooperate in a common defense effort by exchanging information which is otherwise privileged attorney-client communication and/or work product not discoverable by any party.

6. The parties to the Agreement relied upon the common defense exception to the waiver of the attorney-client privilege and work product privileges in exchanging information.

7. The Agreement covered all information, documents, opinions, strategies or other materials exchanged or communicated by whatever means between or among the parties in connection with the common defense that would otherwise qualify for protection by the attorney-client privilege or work product doctrine ("Common Interest Materials").

8. The parties to the Agreement agreed to raise objections to requests for Common Interest Materials by any third party and agreed to only use Common Interest Materials for purposes of a common defense effort.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: 8.29.03

Larry Moore

Subscribed and sworn to before me this 29th day of August, 2003.

Notary Public, Polk County

MPLS:45854.1/16850-166

JANET K. OLSON
Commission Number 178314
My Commission Expires
July 27, 2006

Received 08-29-2003 10:36 From-515 221 3272 To-MOORE COSTELLO& HART Page 002