UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, and Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants, | No.: 01-CV-1980 (DSD/SRN)<br><br>**AFFIDAVIT OF VICTORIA L. HANDLER IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505 AND FED. R. CIV. P. 54(d)(2)** |

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Victoria L. Handler, being duly sworn, states as follows:

1. I am a paralegal at Winthrop & Weinstine, P.A. and have been responsible for legal assistance work performed during the duration of our firm's representation of The Rottlund Company, Inc., d/b/a Rottlund Homes ("Rottlund") in connection with the above-captioned proceedings. I submit this Affidavit in support of Plaintiff's Memorandum In Opposition To Defendants' Motion For An Award Of Attorneys' Fees And Costs Pursuant To 17 U.S.C. § 505 And Fed. R. Civ. P. 54(d)(2).

2. Rottlund's Rule 30(b)(6) designees, who were also deposed in their individual capacity, were deposed for more than twelve days.

3. The Defendants noticed and conducted nearly twenty-five depositions of individuals, including construction personnel in Iowa and Rottlund's principals in Minnesota.

4. Only five Rottlund employees testified at the trial in this matter.

5. During the course of this litigation, 43 discovery depositions were taken over the course of approximately 73 different days. Of those depositions, the following 19 persons were called to testify either live or through deposition testimony during the trial before the Honorable David S. Doty, United States District Court Judge:

- Bernard Rotter
- David Rotter
- Timothy Whitten
- Steve Sandelin
- Arthur Plante
- Beth Miller
- Larry Moore
- Todd Stutz
- Paul Anderson
- Steve Kahn
- Melissa Snelson
- Michael Ryan
- Joseph Safin
- Douglas Buster
- Linda Alfson
- Chris Jorgensen
- Arthur Cobb
- Jeffrey Scherer
- Joseph Kenyon

6. During an October 15, 2004 status conference before Magistrate Judge Susan R. Nelson, Defendants inquired about the existence of Plaintiff's land development files. Magistrate Nelson requested that Plaintiff's counsel inquire of Plaintiff as to the existence of additional land development files and, if there were any, to "get those documents promptly." See **Exhibit A** attached hereto.

7. In an October 20, 2004 letter to Defendants' counsel, Plaintiff's counsel confirmed that additional land development files would be copied at Defendants' counsel request, rather than be made available for a review by Defendants of the original files maintained at Rottlund. Plaintiff's counsel also confirmed that the copying process would begin immediately and continue on a rolling basis in order to expedite the production demanded by counsel. Mr. Davenport specifically reiterated in his letter that "while these

documents are not called for by the Court's Order, Rottlund will produce them based on your requests." See **Exhibit B** attached hereto.

8. On October 22, 2004, I sent a letter to Defendants' counsel enclosing the first part of the land development files production. In my letter, I specifically referenced Mr. Davenport's October 20, 2004 letter to counsel. Because of the expedited nature of this production, I specifically informed counsel that they should expect to receive an invoice directly from Merrill Corporation for the copies. See **Exhibit C** attached hereto.

9. On October 28, 2004, Sarah Samec, Merrill Corporation representative, sent an invoice to each Defendant in this matter for photocopying charges associated with Plaintiff's October 22-25, 2004 document production. The invoice is attached hereto as **Exhibit D**.

10. At no time following my letter, or before the next wave of documents that were produced that following Monday morning, did counsel object to the billing arrangement or the production of any further documents.

11. On January 17, 2005, I received a telephone call from Sarah Samec, a Merrill Corporation representative advising me that Defendant Town & Country was refusing to pay for photocopying expenses incurred with Plaintiff's document production produced to Defendants on October 22 and 25, 2004.

12. On January 21, 2005, I sent a letter to Defendant Town & Country's Legal Assistant requesting payment for the copies quickly produced at Defendants' request. See **Exhibit E** attached hereto.

13. I have been advised by Sarah Samec that Third-Party Defendant BSB paid the invoice received from Merrill Corporation without dispute and Defendant Holland & Knight has just recently paid their invoice. As of today's date, Defendant Town & Country

has not submitted payment of $2,753.23 for these copies, nor an explanation for why they are refusing to do so.

14. Attached hereto as **Exhibit F** is a true and correct copy of an excerpt of the transcript from a hearing before Magistrate Judge Susan R. Nelson on February 6, 2004.

15. Attached hereto ax **Exhibit G** is a true and correct copy of an excerpt of the transcript from a hearing before Magistrate Judge Susan R. Nelson on November 26, 2003.

**FURTHER YOUR AFFIANT SAITH NOT.**

s/Victoria L. Handler
Victoria L. Handler

Subscribed and sworn to before
me this 11th day of March, 2005.

s/Deana J. Lessor
Notary Public

2217189v1