# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - -

The Rottlund Company, Inc.
d/b/a Rottlund Homes,
a Minnesota corporation,

Plaintiff,

vs. Case No. 01-CV-1980

Pinnacle Corporation (DSD/SRN)
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc.,
a Minnesota Corporation,

Defendants,

and

Town & Country Homes, Inc.,
a Minnesota corporation,
Third-Party Plaintiff,
vs.
Bloodgood Sharp Buster
Architects & Planners of Iowa,
Inc., an Iowa corporation,
Third-Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

Status Conference
October 15, 2004

very problematic that they haven't produced any of the data underlying these expert summary reports and we're going to have to go back and ask them for it under the guise of a meet and confer, basically asking them just to comply with your order. I mean I don't know what there is to confer about.

MAGISTRATE NELSON: Well Mr. Murdoch, I agree with that and I think that we ought to have a rule now that since we're less than 30 days from trial that regular mail doesn't work for anybody. I think that we're just going to have to go to the added expense of overnighting things or faxing things or e-mailing things because regular mail will be a problem I think for now. And you're certainly right, that after litigation is brought and discovery requests are served that there's an obligation to retain documents.

Mr. Davenport?

MR. DAVENPORT: Is there something specifically you wanted me to address, Your Honor?

MAGISTRATE NELSON: Well I think that Mr. Murdoch was wondering about the land development files for 2004 and wondering whether what you said is that they don't exist.

MR. DAVENPORT: I will consult with our

client and I'll get back to Mr. Murdoch on that.

MAGISTRATE NELSON: Okay. All right.

MR. MURDOCH: Judge -- Your Honor, just respectfully, when do you think we'll see them if they do -- can we get some indication of when they will comply with that portion of the court's order?

MAGISTRATE NELSON: Well I would like this -- this meet and confer that you're going to have, that would ideally be Monday morning, which would give everyone an opportunity to make sure they have their ducks in a row here and they've done their appropriate productions. As I understand it, you folks have agreed that the final production is the 19th; is that right?

MR. MURDOCH: With -- Yes, with regard to the financial statements as of the period ending September 30th, 2004, my understanding is for both clients, I know it's true for Mr. Ander -- Paul Anderson has advised me that they're just not published until October 15th, which is today. But, you know, then to get them over to me and to Bates stamp them and produce them, I gave myself until Tuesday, which is what I offered to Mr. Davenport, and my understanding is that he agreed to produce theirs on October the 19th as well.

MAGISTRATE NELSON: Well that's fine. And the court would just ask all parties, Mr. Davenport included, specifically on the issues that Mr. Murdoch raises to make sure that you've consulted with your client promptly and get those documents promptly. I would presume by Tuesday you would have them.

MR. DAVENPORT: I would certainly be able to speak with our client, Your Honor. In fact I will make a phone call at the end of the day, if it turns out that it is in fact -- there is a need for some underlying data to be produced, and we'll produce them just as soon as we can.

MAGISTRATE NELSON: All right. The court will be available next week, but again, only if your meet-and-confer process simply comes to a dead end, okay?

Anything else about the supplemental damages discovery?

MR. MURDOCH: Not from Pinnacle, Your Honor.

MAGISTRATE NELSON: All right, then let's turn to the issue of third-party subpoenas which sort of dovetails with this --

(Interruption by the reporter.)

MAGISTRATE NELSON: -- the issue about

Exhibit B

WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

October 20, 2004

David A. Davenport
Direct Dial: (612) 604-6716
Direct Fax: (612) 604-6816
ddavenport@winthrop.com

**BY FAX and U.S. MAIL**
Holly J. Newman, Esq.
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859

**BY FAX and U.S. MAIL**
Christopher J. Murdoch, Esq.
HOLLAND & KNIGHT, LLC
131 South Dearborn Street, 30th Floor
Chicago, IL 60603

**BY FAX and U.S. MAIL**
Darren Schwiebert, Esq.
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-3397

**Re:** Court File No. 01-CV-1980 (DSD/SRN) / Our File No. 10150-3
***Rottlund Homes v. Pinnacle Corporation, et al.***

Dear Counsel:

This letter follows our meet-and-confer conference this morning. Town & Country raised the following issues concerning Rottlund's supplemental document production:

- Average Gross Profit Reports and Margin Reports (i.e., RCI024221-223 and 224-227).

  Town & Country does not agree that the Margin Reports provide underlying information related to the Average Gross Profit Reports. I have again confirmed with our client that the Margin Reports do provide underlying information related to the Average Gross Profit Reports. In addition, the Job Cost Detail Reports provide additional underlying information for both Reports. Should the Defendants want additional information related to the Margin Reports, the parties will need to work this out with the Court and schedule another verification document review consistent with the week long review of documents that occurred earlier in this case. Of course, a verification document review of this nature will need to be mutual and reciprocal.

  As I explained to Mr. Schwiebert over the phone after the meet-and-confer, the Average Gross Profit Reports, like the Margin Reports, contain information concerning sold and closed, and sold but unclosed units through September 30, 2004. Review of these documents within the context of these two categories (sold and closed; sold but unclosed) should clarify your concerns related to the August 2004 date that appears on the Average Gross Profit Reports and the post August 2004 entries that appear on the Margin Reports. Rottlund's production complies with the Court's Order.

Mr. Schwiebert still believes Rottlund must supplement additional documents related to these Reports because he seems to believe that additional underlying documents (other than the house files and various other files that will necessarily have to be reviewed out at Rottlund if the Court orders another verification document review) have not been produced. We respectfully request, as I said in the meet-and-confer, that Mr. Schwiebert specifically identify the previously produced documents which he believes have not been supplemented in connection with these two Reports.

- RCI024290-296

Town & Country believes Rottlund did not produce 2004 information. Please review these documents carefully as the information was produced; there is a specific category for the eight months ending 8/31/04. Rottlund's October 19, 2004 agreed upon production further supplements this information.

Mr. Schwiebert again believes underlying documents must be produced. Again, if another verification document review is mutual and reciprocal, and ordered by the Court, we will need to work out the details of this effort. In addition, we respectfully request, as I said in the meet-and-confer, that Mr. Schwiebert specifically identify the previously produced documents which he believes have not been supplemented in connection with RCI024290-296.

- RCI024311 and 312

Although we do not believe it is necessary, because the Defendants have requested additional information from 2004 related to these documents, Rottlund will produce it. We will make every effort to produce them on Friday, but it may not be ready until Monday.

- "Land Development Files" for 2004

As I said, we will be reviewing several boxes of documents at Rottlund tomorrow. The Defendants have chosen to receive copies of the supplemental production identified, so we will begin that copying process on Friday morning. If the documents are ready for production on Friday, which is our goal, they will be produced. However, they may not be ready until Monday. While these documents are not called for by the Court's Order, Rottlund will produce them based on your requests.

Unless I hear from you otherwise, these are the only specific issues related to Rottlund's supplemental production raised during our meet-and-confer conference today. Thus, there should be no issues concerning the same for the October 25, 2004 Status Conference.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

David A. Davenport
DAD:djl
2153371v1

Exhibit C

WINTHROP & WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

October 22, 2004

Victoria L. Handler
Direct Dial: (612) 604-6659
vhandler@winthrop.com

**HAND DELIVERED**
Darren Schwiebert, Esq.
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402

**HAND DELIVERED**
Holly J. Newman, Esq.
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859

Re: ***Rottlund v. Town & Country, et al. v. Bloodgood Architects and Planners of Iowa, Inc.***
Our File No. 10150-3

Counsel:

Consistent with Mr. Davenport's October 20, 2004 letter, enclosed and served upon you please find documents Bates labeled RCI024400 through RCI027420. We are continuing to copy and Bates label the documents you have requested and hope to be able to produce the remaining documents on Monday.

We are delivering both sets of copies for the Town & Country Defendants to Mr. Schwiebert.

You will each receive an invoice for this entire production following its completion directly from Merrill Corp.

Very truly yours,

**WINTHROP & WEINSTINE, P.A.**

Victoria L. Handler
Paralegal

Cc: Christopher Murdoch, Esq. (via facsimile, w/o enclosures)

Exhibit D

**MERRILL COMMUNICATIONS LLC**

**Location:** DMS–MPLS

**Any Inquiries Call:** **612–338–1181**

Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street, 37th Floor
Minneapolis, MN 55402
**Attn:** Darren Schwiebert, Esq.

**Invoice #:** 346482–2
**Invoice Date:** 28–OCT–04
**Merrill Order #:** 002–774582
**Client Matter #:** See Below
**Date Received:** 21–OCT–04
**Salesperson:** SAMEC, SARAH M

**TERMS:** **DUE UPON RECEIPT**

| QTY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | **The Rottland Company, Inc. v. Pinnacle Corp., et al., Court File No. 01–CV–1980 (DSD/SRN)** | | |
| 364 | Litigation, 11 x 17 | $.30 | $109.20 |
| 4514 | Litigation, Heavy | $.19 | $857.66 |
| 3395 | Litigation, Medium | $.15 | $509.25 |
| 1097 | Oversize Per Square Foot | $1.00 | $1,097.00 |
| | **Subtotal:** | | **$2,573.11** |
| | **Messenger and Freight:** | | **$.00** |
| | **Postage:** | | **$.00** |
| | **Tax:** | | **$180.12** |
| | **Total Invoice:** | | **$2,753.23** |

Please Wire Payment to:

USBank
601 Second Avenue South
Minneapolis, MN 55402

ABA Routing #091 000 022

SWIFT CODE USBKUS44IMT

For Credit to Merrill Corporation Acct #1702–2502–6310

Please reference Merrill invoice number on your payment.

**REMIT TO:**
**MERRILL COMMUNICATIONS LLC**
**CM–9638**
**ST. PAUL, MN 55170–9638**

PLEASE PAY FROM THIS INVOICE
(1.5% SERVICE CHARGE PER MONTH ADDED TO PAST DUE ACCOUNTS)

FEDERAL TAX ID : 41–2007271

# Exhibit E

WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

January 21, 2005

Victoria L. Handler
(612) 604-6659
vhandler@winthrop.com

**VIA MESSENGER**
Ms. Leslie Anderson
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-3397

Re: ***Rottlund v. Town & Country, et al. v. Bloodgood Architects and Planners of Iowa, Inc.***
Court File No. 01-CV-1980 (DSD/SRN)
Our File No. 10150-3

Leslie:

It has been brought to my attention that the Fredrikson firm is refusing to pay for copying expenses incurred in a Rottlund document production which was specifically produced at Defendants' request, in October 2004.

Your firm, and the Holland & Knight firm, is responsible for its' respective portion of the bill, payable to Merrill Corp., for copies of documents that were specifically requested and received over four months ago.

These documents were the subject of an October 15, 2004 status conference before Magistrate Judge Susan Nelson. During the hearing, Mr. Murdoch inquired about Rottlund's 2004 land development files and requested that Rottlund comply with the court's order regarding supplementation of any documents relating to damages.

In an October 20, 2004 letter to counsel, Mr. Davenport confirmed that counsel requested to receive copies of the production, rather than review the original files at Rottlund, and that the copying process would begin immediately and continue on a rolling basis in order to expedite the production demanded by counsel. Mr. Davenport specifically reiterated in his letter that "while these documents are not called for by the Court's Order, Rottlund will produce them based on your requests."

On Friday, October 22, 2004, I sent a letter to counsel enclosing the first part of the land development files production. In my letter, I specifically referenced Mr. Davenport's October 20, 2004 letter to counsel. Because of the expedited nature of this production, I also specifically informed counsel that they should expect to receive an invoice directly from Merrill Corp. for the

copies. At no time following this letter, or before the next wave of documents were produced on that Monday, did counsel object to this payment arrangement or the production of any further documents.

As you know, after you contacted Merrill Corp. representative Sara Samec a few weeks ago to complain about the charge for Bates labels and tabs in the production, it was agreed that charges relating to Bates labels and tabs, consistent with the practice between the parties throughout discovery, would be incurred by Rottlund (the producing party). At no time did anyone agree to assume payment for the copying costs incurred by Merrill Corp. on Defendants' behalf, nor did Defendants object to paying this bill.

We expect immediate payment to Merrill Corp. of the enclosed invoice for copying expenses incurred by your firm, and the firm of Holland & Knight for their portion of the invoice, which I understand is considerably past due as well. We also understand that Merrill will pursue this matter as a collection effort if it is not resolved quickly.

Lastly, on a professional note, I am surprised that your firm would engage in such tactics with a local copying service. As a result, I encourage you to consult with your managing partner before you respond to this correspondence.

Very truly yours,

**WINTHROP & WEINSTINE, P.A.**

Victoria L. Handler
Paralegal

Cc: Sara Samec, Merrill Corp. (via facsimile)

Enclosure
2174369v1

Exhibit F

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

The Rottlund Company, Inc.,

Plaintiff,

vs. File No. 01-CV-1980

Pinnacle Corporation, et al.,

Defendants.

---

HONORABLE SUSAN R. NELSON

United States Magistrate Judge

* * *

TRANSCRIPT OF PROCEEDINGS

* * *

Date: February 6, 2004

minutes or so, if she needs to be, but she was not going to participate in the argument this afternoon.

MAGISTRATE NELSON: Okay. We are here today in the resumption of the argument on Rottlund's Motion for Sanctions.

Actually before we resume, let's talk about the role of local counsel. I think that might be a useful discussion.

MR. MURDOCH: Certainly, Your Honor.

MAGISTRATE NELSON: It is true that I have observed that local counsel for Pinnacle has not had any meaningful participation in the case, at least in hearings. I don't know behind the scenes whether they have or not. You know, without sort of going through what the law requires and the like, I think from here on out they should.

MR. MURDOCH: Certainly, Your Honor.

MAGISTRATE NELSON: And to be clear about that, I think they should be present at every hearing.

MR. MURDOCH: I can get Ms. Daly

here now.

MAGISTRATE NELSON: No, that's fine, it's snowing and the like, but let's make these rules from here on and out.

MR. MURDOCH: Absolutely, Your Honor. May I tell you a little bit about the history, Your Honor?

MAGISTRATE NELSON: Sure.

MR. MURDOCH: David Donna has a long association with my firm and it's precurser, Burke, Weaver & Prell, so we asked him to be the local counsel on this case.

Primarily he's been local counsel for one of our other main clients, Bridgestone Firestone, and he said he'd be happy to help out the attorneys who handle commercial litigation matters such as this but that his schedule is very, very crowded. He asked us, at his request, if he could really act sort of as a mail drop or on an as-needed basis.

But I will tell him that they really need to become more involved and I'm certain he would be happy to do so, Your Honor. We did not ask him to take a minor role or a backseat, that was actually his request that that occur.

MAGISTRATE NELSON: I think generally speaking the law actually requires that you be something more than a mail drop, so I think it's important that they do that, and just let me define it so we are all clear. Present for all hearings. A signatory on all discovery, so answers to interrogatories, requests for production, requests for admission, the like. Any submissions to the Court by way of status conference submissions or, as we get closer to trial, pre-trial submissions, that sort of thing.

Okay?

MR. MURDOCH: Absolutely. Sure.

MAGISTRATE NELSON: Very good.

MR. MURDOCH: Not a problem at all, Your Honor.

MAGISTRATE NELSON: I believe where we left off was with Pinnacle completing it's remarks.

MR. MURDOCH: Your Honor, I did have a few more things to add to the record if I might be allowed to continue, Your Honor.

MAGISTRATE NELSON: Please do.

MR. MURDOCH: I just want to start up where I ended last week, and I'm certainly not

Exhibit G

APPEARANCES:
(Appearing via telephone conference call:)
MAGISTRATE JUDGE SUSAN RICHARD NELSON
(Chad M. Drown, Law Clerk, also present.)

FOR PLAINTIFF THE ROTTLUND COMPANY, INC.:

MR. CRAIG S. KRUMMEN
MR. DAVID A. DAVENPORT
Attorneys at Law
WINTHROP & WEINSTINE, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402

FOR DEFENDANT PINNACLE CORPORATION:
(Appearing via telephone conference call.)
MR. CHRISTOPHER J. MURDOCH
Attorney at Law
HOLLAND & KNIGHT, LLC
55 West Monroe Street #800
Chicago, Illinois 60603

FOR THIRD-PARTY PLAINTIFF TOWN & COUNTRY HOMES:
(Appearing via telephone conference call.)

MR. DARREN B. SCHWIEBERT
Attorney at Law
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402-1425

FOR THIRD-PARTY DEFENDANT BLOODGOOD SHARP BUSTER ARCHITECTS & PLANNERS OF IOWA, INC.:
(Appearing via telephone conference call.)
MS. HOLLY J. NEWMAN
MR. BEN PATRICK
Attorneys at Law
MOORE, COSTELLO & HART, P.L.L.P.
701 Fourth Avenue South #1350
Minneapolis, Minnesota 55415-1823

* * * * *
THE ORIGINAL IS IN THE POSSESSION
OF ATTORNEY DAVENPORT
* * * * *

They still have to prepare to ask the questions. They still have to ask the questions. They still have to get the responses and then ask their follow-up. There's no additional time at all being spent by Rottlund in asking any questions about these newly produced documents.

There's nothing further that -- that Rottlund is going to be incurring here. It would be the same no matter what time frame these documents were produced. And we object to having to pay Rottlund's attorney's fees in deposing these witnesses.

We understand the Court's order that the travel expenses and the expenses associated with conference rooms and hotels are not something that Rottlund should have to bear and therefore the witnesses will appear in Minneapolis. That's all the Court ordered. That's all that was discussed.

MAGISTRATE JUDGE NELSON: Ms. Newman, I don't recall the Court order having something to do with hotels and conference rooms. The Court order says Rottlund is entitled to ask about these tardily produced documents. They're

entitled to do now. And they're entitled to do it at your expense meaning the law firm's expense or the expense of your client.

It is not the case that there are no additional costs to having to take a second set of depositions; but more importantly, this is designed as a sanction for these late-produced unexcused documents.

Let me be very clear about how this is going to proceed: the court reporter costs, the videographer's costs, and the attorney's fees incurred in actually questioning the witnesses about these documents and the documents in context, that is the two and a half hours per witness that we have identified, ought to be fairly covered either by the firm or their client.

Wouldn't have happened but for this late -- these late-produced documents. They would have been incorporated in earlier depositions. There's a lot of extra time involved now, not to mention a lot of unnecessary time expended during the BSB depositions in the absence of those documents and these redactions that made no sense.

So is everyone very clear now on what the order is?

Plaintiffs, are you clear?

MR. KRUMMEN: Yes, Your Honor.

MAGISTRATE JUDGE NELSON: BSB, are you clear?

MS. NEWMAN: Yes, Your Honor.

MAGISTRATE JUDGE NELSON: We have 10 more minutes. Are we done with the November 6 letter?

MR. KRUMMEN: Your Honor, my suggestion is we cover bullet point number 2 of the November 6 letter and then maybe take everything else up on December 4.

We also have a court reporter that is a little bit constrained. She can go until 12:10, and then she also needs to leave.

So briefly the point number 2 on page 2 of Rottlund's November 6, 2003, letter references attachment C or Exhibit C. And what we have there is a list of things that are outstanding. The most critical of which include Chris Jorgensen, a key architect at BSB, and Larry Moore's time sheets that were not ever produced to us.