```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
            Civil No. 01-1980(DSD/SRN)
```

The Rottlund Company, Inc.,
d/b/a Rottlund Homes, a
Minnesota corporation,

    Plaintiff,

v.                 **ORDER**

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois corporation,
Town & Country Homes, Inc.,
a Minnesota corporation,
Bloodgood Sharp Buster
Architects & Planners of
Iowa, Inc., an Iowa
corporation, and The
Bloodgood Group, Inc.,
an Iowa corporation.

    Defendants.

This matter is before the court upon defendants' motion for an award of attorney's fees and costs. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies the motion.

Section 505 of the Copyright Act of 1976 provides that "the court ... may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Under this provision, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The court's

discretion is not guided by any precise standard. See id. at 534. The court should, however, consider four non-exhaustive factors identified by the Supreme Court in Fogerty: frivolousness, motivation, objective reasonableness and the need in particular circumstances to advance considerations of compensation and deterrence. Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (citing Fogerty, 510 U.S. at 534 n.19). The inquiry is equitable. See Fogerty, 510 U.S. at 534.

Defendants do not contend that plaintiff's claims in this case were frivolous. They do assert, however, that plaintiff's legal and factual positions were unreasonable. When the court considers the objective unreasonableness of a party's case, the court "must examine the factual and legal assertions advanced by the non-prevailing party and determine whether they were reasonable." Yankee Candle Co. v. Bridgewater Candle Co., 140 F. Supp. 2d 111, 115 (D. Mass. 2001). First, defendants argue that plaintiff staked out an unreasonable position because it failed to present them with a written settlement demand. This fact, however, has nothing to do with the factual or legal merit of plaintiff's claims. Furthermore, defendants offer no support for the position that overtures to settlement must be in writing to be earnest. For its part, plaintiff asserts that its invitation for pre-litigation settlement was rebuffed by defendants. (Pl.'s Mem. Opp'n at 13.) In the absence of any contrary evidence, the court takes plaintiff

at its word.  Therefore, the lack of a written settlement demand does not support a fee award.

Defendants next argue that plaintiff's position was unreasonable because it refused to identify the protectible elements of its design.  But, as they repeatedly failed to acknowledge throughout the litigation, defendants' concept of "protectible elements" is an oxymoron when applied to plaintiff's theory of infringement.  Under that theory, plaintiff maintained that the protectible aspect of its design was its original combination and arrangement of stock elements.  Support for plaintiff's theory can be drawn directly from the language of the Copyright Act.  17 U.S.C. § 101 (architectural work "includes the ... arrangement and composition of spaces and elements in the design").  The statutory text also indicates the irrelevance of the element identification demanded by defendants.  Id. § 101 (architectural work "does not include individual standard features").  Yet, despite the wrongheadedness of defendants' request, plaintiff did not demur.  Plaintiff responded with a list of elements which, "in their placement, layout, and proportions," comprise the protectible expression in its design.  The court previously concluded that plaintiff's response was appropriate under the circumstances and declines defendants' invitation to reconsider its decision.  Defendants' argument does not support a fee award.

Defendants argue that plaintiff took an unreasonable position with respect to its Lanham Act and Minnesota Deceptive Trade Practices Act claims because it dismissed them at the end of its case-in-chief. Plaintiff's voluntary dismissal of those claims at trial does not alone establish that they were unreasonably prosecuted.[1] In fact, it is common for a plaintiff to pare away tangential claims, even though meritorious, to focus attention on its principal claims before submitting its case to a jury. Here plaintiff assembled an adequate factual basis to survive defendants' dispositive motions with respect to the Lanham Act and Minnesota Deceptive Trade Practices Act claims. The claims were therefore not unreasonably prosecuted.[2]

Defendants also contend that plaintiff's illicit motivation in pressing its claims weighs in favor of a fee award. Defendants

---

[1] Bridgeport Music, Inc. v. Dimension Films, 383 F.3d 390, 405 (6th Cir. 2004), cited by defendants, is not to the contrary. In Bridgeport Music, two plaintiffs joined others in a copyright action against the defendant even though they admittedly had absolutely no ownership interest in the copyrights being sued upon. See 383 F.3d at 393. In light of their failure timely to dismiss their claims, the district court ordered those two plaintiffs to bear ten percent of the defendant's attorney's fees. See id. at 393. In this case, however, the court held as a matter of law that plaintiff owned valid copyrights in its designs.

[2] Defendants' positions regarding originality, validity and damages are likewise ones they litigated and lost in dispositive motions practice. Plaintiff's positions as to those elements were not unreasonable. Furthermore, the court is not persuaded that the existence of an unfavorable, unpublished opinion by a coordinate district court should have deterred plaintiff from pressing its claims here.

cite Consolidated Sawmill Machinery International, Inc. v. Hi-Tech Engineering, Inc., 879 F. Supp. 945, 974 (E.D. Ark. 1995), in support of this argument. In Consolidated Sawmill, the court awarded fees after noting unrefuted evidence that a representative of the plaintiff had, in the presence of two witnesses, "stated ... that he did not care whether he won or lost because he intended to cripple defendant with litigation expenses." Id. at 947. Here, in place of evidence, defendants offer only surmise regarding plaintiff's intent. Defendants argue that plaintiff's prayer for injunctive relief is evidence of the anti-competitive aim of its litigation efforts. Such relief, however, is expressly permitted by the Copyright Act. See 17 U.S.C. § 502. Prayer for such relief is not alone evidence of anti-competitive motivation, especially in a suit maintained on valid copyrights. Furthermore, the court disagrees with defendants' sweeping conclusion that defendants' townhomes are "not at all similar" to plaintiff's designs. Defendants' reliance on the jury's verdict as evidence of dissimilarity requires a speculative inference. The verdict is equally susceptible of the interpretation that, despite similarities, the jury believed that defendants' products were independently created. Plaintiff's perseverance in the face of the independent creation defense was not unreasonable because plaintiff

responded with evidence of similarity and conclusive proof of defendants' access to plaintiff's designs. Defendants' scant evidence of improper motivation does not support a fee award.

Defendants argue that considerations of compensation weigh in favor of a fee award. In support of this argument, defendants cite Diamond Star Building Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994). In Diamond Star, however, "no evidence bearing on the need for compensation was presented to the district court." 30 F.3d at 506. Therefore, defendants' reliance on that case is perplexing to say the least. Nevertheless, defendants argue that they should be compensated for plaintiff's excessive motions practice. The court agrees with defendants that plaintiff's motions practice was excessive. However, the same was true of defendants' motions practice, and it makes little sense to compensate defendants for the effect of conduct in which they equally participated. See, e.g., Rottlund Co. v. Pinnacle Corp., 222 F.R.D. 362 (D. Minn. 2004) (discussing discovery abuses surrounding defendant Pinnacle Corporation's frivolous motion to dismiss for lack of personal jurisdiction), adopted in relevant part, 2005 WL 407860 (D. Minn. Feb. 17, 2005).[3] In a further show of arrogance, defendants argue

---

[3] It may seem inappropriate to cite the transgressions of one defendant to support a ruling that is equally applicable to all. Defendants, however, make their present motion jointly and, in their arguments, have not discriminated among themselves. Having thus freely chosen to make their bed together, it is not unjust that they should have to lie in it together.

that plaintiff should bear the cost of the monthly status conferences instituted by Magistrate Judge Nelson to address defendants' discovery failures. See id. That argument is unworthy of acknowledgment, let alone discussion. Considerations of compensation and deterrence do not support a fee award.

Weighed together, none of the above factors supports an award of attorney's fees. However, because the inquiry prescribed by Fogerty is non-exhaustive, there is one additional factor the court will consider: defendants' litigation misconduct. It is a subject one would think has been adequately addressed, were it not for the obdurate professional consciences of defendants' lawyers. In their present motion, defendants jointly argue that "sanction requests ... can be viewed as the natural and probable result of litigation as lengthy and contentious as this one has been" and that "for that reason Defendants could legitimately make a claim for the recover [sic] of ... fees and costs" related to "sanctions imposed against the individual defendants, including the fees and costs incurred opposing those sanctions."[4] (Defs.' Mem. Supp. Mot. Attorney's Fees & Costs at 21.)

More arrogance. The sanction requests in this case were the natural and probable result of misconduct by defendants and their attorneys. However, what is more disturbing than the total want of

---

[4] Defendants then proceed, in a gesture rendered cheap by their breathtaking assertion, to assert that they have "voluntarily removed these fees and costs from [their] petition." (Id. at 21.)

7

merit in defendants' argument is that it betrays their deviant and unprofessional belief that such sanctions are inevitable - merely a lawyer's cost of doing business.  No court should ever reward such a repugnant notion.  Defendants' motion for costs and attorney's fees is denied.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for an award of attorney's fees and costs [Doc. No. 879] is denied in its entirety.

Dated:  August 31, 2005

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court