# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 05-1296

---

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellant, *

v. *

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation; Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, Inc., an Iowa corporation, *

Defendants/Appellees. *

Appeals from the United States District Court for the District of Minnesota.

01CV1980 DSD/SRN

SCANNED
JUL 3 1 2006
U.S. DISTRICT COURT ST. PAUL

---

No. 05-1398

---

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellee, *

v. *

TRUE COPY OF THE ORIGINAL
MICHAEL E GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation, *

Defendants, *

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, Inc., an Iowa corporation, *

Defendants/Appellants. *

---

No. 05-1501

---

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellee, *

v. *

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation, *

Defendants/Appellants, *

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, *

Inc., an Iowa corporation, *
*
Defendants. *

Submitted: December 15, 2005
Filed: June 20, 2006

Before WOLLMAN, McMILLIAN,[1] and RILEY, Circuit Judges.

WOLLMAN, Circuit Judge.

The Rottlund Company, Inc. (Rottlund) appeals from the district court's denial of its motion for a new trial following a jury verdict adverse to its copyright infringement claim. Because we agree with Rottlund's contention that the district court erred in admitting certain expert testimony, we reverse and remand for a new trial. Appellees have filed a conditional cross appeal, arguing that if a new trial is granted, the district court's grant of partial summary judgment should be reversed. The cross appeal is denied.

I.

Rottlund is a production home builder that owns copyrights on the architectural design plans and architectural works covering the Villa II townhome technical drawings and as-built works. Rottlund alleged infringement of its Villa II copyrights and filed suit against Pinnacle Corporation (Pinnacle), Town & Country Homes, Inc. (T&C), and eventually, Bloodgood Sharpbusters Architects and Planners of Iowa, Inc. (BSB) and The Bloodgood Group, Inc. (BGI). Pinnacle and T&C are production

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E. The opinion is consistent with the views expressed by Judge McMillian at the conference following oral argument.

home builders, and BSB is an architectural firm utilized by Pinnacle and T&C to develop two of the alleged infringing collections. BGI is BSB's parent company.

Before trial began, the district court granted partial summary judgment in favor of Rottlund, holding that (1) Rottlund owned valid copyrights in its Villa II technical drawings; (2) Pinnacle, T&C, and BSB (collectively, Appellees) had access to Rottlund's Villa II copyrighted materials; and (3) the ideas in Appellees' Homestead Collection, Washington Square, and Chateau Collection technical drawings and architectural works were substantially similar to Rottlund's Villa II technical drawings and architectural works. D. Ct. Order of Oct. 19, 2004, at 6-7; D. Ct. Order of Nov. 9, 2004, at 2. The district court further held that there was a triable dispute of material fact for the jury as to whether Appellees directly copied Rottlund's copyrighted material and whether the expression of ideas in Appellees' alleged infringing technical drawings and architectural works was substantially similar to that in Rottlund's Villa II technical drawings and architectural works. The jury trial commenced on November 15, 2004, and continued on for some sixteen trial days.

Jeffrey Scherer, Appellees' architectural expert, served as a principal witness at trial. Although Rottlund moved in limine to exclude Scherer's testimony and objected vigorously to his testimony at trial, the district court permitted Scherer to testify that, in his expert opinion, there was no direct evidence of copying.

To illustrate his point, Scherer created electronic overlays of the townhome products at issue in the lawsuit. The set of exhibits included drawings and overlays of T&C's Homestead Collection end unit and Rottlund's Villa II end unit. The sequence started with side-by-side drawings of both units. The next slide showed an overlay of T&C's unit outlined in red over Rottlund's unit to show "the comparable differences which led [Scherer] to conclude that they were not direct copies." Tr. at 3148. Although the district court did not admit this set of exhibits into evidence, it permitted Appellees to use the drawings and overlays as demonstrative exhibits from

which Scherer testified. The court acknowledged, that the overlays "would encroach on the jury's work that they have to do. . . . They would not be in conformance with the law of the Eight Circuit as relates to this kind of a case." Tr. at 3147.

Scherer then testified regarding the differences of the key elements of the plans. He described in detail the differences between the plans and how those differences would affect the people who lived in each unit. For example, he explained that meal preparation would be different in the Rottlund kitchen than it would be in the T&C kitchen:

> On the Rottlund plan, if I take my food out of the refrigerator and I go to the sink to clean it, then I go to the cooktop to cook it, I then have to pass by the sink again to go to the dining room. Whereas in the Town & Country example, I can take the food out of the refrigerator, go to the sink, cook it, and go immediately into the dining room. That's totally different ways to prepare food and lay out a kitchen.

Tr. at 3149-50.

In a similar manner, Scherer discussed the differences between the location of the stairs, the width of the passageways, and the design of the breakfast area, the dining area, the living room, and the loft. Scherer testified that the differences between the gabled entries, "illustrate[d] to [him] that the columns supporting the gables are not copies of each other." Tr. at 3157. In response to Rottlund's objection and request that the answer be stricken, the district court stated that although the issue of element comparison was not before the jury, there was a dispute over what constituted an "element." The court instructed the jury that it would be charged with the question of whether there is substantial similarity between the designs and that a "breakdown by elements is not appropriate in that kind of determination." Tr. at 3157. The district court permitted Scherer to continue testifying, but it reminded the jury that

"to the extent that there is an analysis of elements to show why there has not been copying[, that analysis] is inappropriate." Tr. at 3158.

Throughout his testimony, Scherer testified that he "didn't see any evidence of copying." Generally, he stated that the plans "were not a copy of each other," that certain overlays Scherer made "gave [him] clear evidence that they were not copies of each other," that "if they were copies, it seemed to [Scherer] in [his] analysis that those locations would be in the same place," that he "compared these for the purposes of determining whether they were copies and [he] concluded they were not." Specifically, Scherer compared rooms and living space, stating that"there [was] not evidence of copying because the breakfast area[s] are in different locations," the drawing of the second floor of the Rottlund plan and the T&C plan "show[] that the Rottlund plan is not a copy of the Town & Country plan or vice versa. . . . So that gave [him] clear evidence that one was not a copy of the other," that the master bedroom plans led him to "conclude that they were not copies of each other." Finally, when asked if he compared the drawings of the Chateau Collection with Rottlund's Villa II, he concluded that, "there was no evidence of copying at all. They were distinctly different products."

The jury found that none of Appellees' technical drawings or architectural works infringed on Rottlund's Villa II copyrights. The district court denied Rottlund's motion for judgment as a matter of law and its motion for a new trial. D. Ct. Order of Dec 23, 2004, at 3.

## II.

Rottlund appeals from the district court's denial of its motion for a new trial, arguing that the district court's admission of expert testimony resulted in prejudice. For its part, "'[a] trial court must determine whether an evidentiary ruling was so prejudicial as to require a new trial which would be likely to produce a different result.'" Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d. 1052,

1058-59 (8th Cir. 2005) (quoting O'Dell v. Hercules, Inc., 904 F.2d 1194, 1200 (8th Cir. 1990)). We review a district court's denial of a motion for a new trial for abuse of discretion. Id. We will reverse the district court's decision to admit expert testimony only if it amounts to a prejudicial abuse of discretion. Id.

To establish its claim for copyright infringement, Rottlund was required to prove "ownership of a valid copyright and copying of original elements." Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 962-63 (8th Cir. 2005) (internal quotations omitted). Copying may be established (1) by direct evidence or (2) by showing that the defendants had access to the copyrighted materials and showing that substantial similarity of ideas and expression existed between the alleged infringing materials and the copyrighted materials. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987).

Rottlund argues that the district court erred in admitting Scherer's expert testimony evidence regarding substantial similarity. Determination of substantial similarity involves a two-step analysis under Hartman v. Hallmark Cards, Inc., 833 F.2d 117 (8th Cir. 1987). There must be substantial similarity both of ideas and of expression. Id. at 120. Similarity of ideas is evaluated extrinsically, focusing on objective similarities in the details of the works. Id. Because this extrinsic test depends "on such objective criteria as the type of artwork involved, the materials used, the subject matter, and the setting for the subject," expert opinion evidence may be considered. Nelson v. PRN Prods., Inc., 873 F.2d 1141, 1143 (8th Cir. 1989) (internal quotation omitted). If the ideas are substantially similar, then "similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression." Hartman, 833 F.2d at 120. The only issue before the jury was whether the expression in Appellees' works was substantially similar to the expression in Rottlund's copyrighted works.

Expert opinion and analytical dissection are not appropriate to establish or rebut similarity of expression. Id. Rather, "substantial similarity of expression is measured by the response of the ordinary, reasonable person to the forms of expression." Id. This step is considered the intrinsic test because it does not depend on the "type of external criteria and analysis which marks the extrinsic test." Sid & Marty Krofft Television Prod., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir. 1977) (cited with approval in Hartman, 833 F.2d at 120). Specifically, the similarity of expression between the two works should not be considered "hypercritically or with meticulous scrutiny." Id.

Although he couched his opinion in other language, Scherer in effect testified that there was no substantial similarity of expression between alleged infringing works and Rottlund's copyrighted works. As discussed above, Scherer distinguished the layout of Appellees' plans from Rottlund's plans, explaining how those differences would affect life in each unit. He engaged in comparative analysis, couched in terms of "copying." Scherer's testimony and accompanying demonstrative exhibits may well have been appropriate to determine whether there existed substantial similarities of ideas, but that question was not before the jury, having been earlier decided by the district court as a matter of law. Instead, Scherer's testimony went to the substantial similarity of expression. Accordingly, because expert opinion and analytical dissection are inadmissible to prove similarity of expression, the district court abused its discretion when it allowed the jury to consider Scherer's testimony and the demonstrative exhibits.

III.

Appellees counter that Scherer testified only on the disputed issues of copying and independent creation. Appellees cite no cases to support their argument, stating simply that Hartman does not preclude expert testimony on these issues. In the circumstances of this case, however, we conclude that expert opinion was not appropriate to establish or rebut direct evidence of copying or independent creation.

To prove direct copying is to disprove independent creation. Direct evidence of copying is rarely available because it includes evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants. See, e.g., Fischer-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2nd Cir. 1994) (defendant's former employee testified that she heard the president say that he was sending plaintiff's dolls to a factory in China for copying and that the president bragged that the finished product was indistinguishable from the plaintiff's doll); Rogers v. Koons, 960 F.2d 301, 307 (2nd Cir. 1992) (defendant gave a copy of plaintiff's photograph to Italian artisans and instructed them to copy it); Koontz v. Jaffarian, 617 F. Supp. 1108, 1113-15 (E.D. Va. 1985), *aff'd*, 787 F.2d 906 (4th Cir. 1986) (defendant's former employee testified that defendant made a page by page display of the plaintiff's electrical estimating labor manual, making some modifications and including the same errors). Independent creation, on the other hand, can rebut a presumption of copying after the copyright plaintiff establishes access and substantial similarity. Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 967 (8th Cir. 2005). Independent creation exists when a defendant created its own work without copying anything or if it copied something other than plaintiff's material. See Susan Wakeen Doll Co. v. Ashton-Drake Galleries, 272 F.3d 441, 450 (7th Cir. 2001).

Rottlund offered some direct evidence of copying, including a purported party admission and certain internal memos by Appellees. Appellees argue that they offered expert testimony to rebut this evidence and to introduce a defense of independent creation. Scherer, however, had no first hand knowledge of Appellees' design process; he could testify only on the basis of his experience, the documents he reviewed, and the tours of the townhomes he attended. Scherer opined repeatedly that there was no direct evidence of copying, squarely addressing the ultimate issue of fact. Although expert opinion embracing an ultimate issue is permissible under Federal Rules of Evidence 704(a), "courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the

benefit of expert opinion." Robertson v. Norton Co., 148 F.3d 905, 908 (8th Cir. 1998) (internal quotations omitted). Because Scherer's testimony added nothing helpful to the jury's consideration of these issues, his expert opinion should have been excluded.

## IV.

Having concluded that the district court erred in admitting Scherer's testimony, we must now determine whether it abused its discretion in denying Rottlund's motion for a new trial. Pointer v. DART, 417 F.3d 819, 822 (8th Cir. 2005). For reversal, Rottlund must show that the error affected his substantial rights and that a new trial would likely produce a different result. Id. Rottlund argues that the district court's receipt of Scherer's testimony and related demonstrative exhibits and Appellees' reliance on Scherer's testimony in closing argument resulted in prejudicial error. Because experts enjoy an aura of reliability and trustworthiness and it is probable that the disputed evidence persuaded the jury in this close case, we agree. We thus reverse the district court's denial of Rottlund's motion for a new trial and remand to the district court for a new trial consistent with this opinion.

## V.

Rottlund also contends that the district court erred in refusing to submit its requested instruction number sixty-four, which explained and described substantial similarity of expression. The requested instruction was similar to the language that the district court used in its opinions in CSM Investors, Inc. v. Everest Dev., Ltd. 840 F. Supp. 1304, 1312 (D. Minn. 1994); Taylor Corp. v. Four Seasons Greetings LLC, 171 F. Supp. 2d 970, 975-76 (D. Minn. 2001). Given our reversal on the erroneous admission of Scherer's testimony, we need not determine whether the refusal to give this instruction would by itself have warranted a new trial. Suffice it to say that the proposed instruction appears to be a more complete statement of the law than that reflected in the instruction actually given by the court.

Further, Rottlund contends that the district court erroneously denied Rottlund's request for an adverse inference instruction. Again, in light of our reversal on other grounds we need not rule on this contention, other than to advert to Pinnacle's conduct during the course of discovery that led to the substantial sanctions imposed upon it by the magistrate judge, conduct that we assume will not be repeated at retrial.

V.

We turn now to Appellees' cross appeal. Adopting the magistrate judge's[2] thorough report and recommendation, the district court entered partial summary judgment in favor of Rottlund. D. Ct. Order of Oct. 19, 2004. Appellees' argue that the district court incorrectly applied the extrinsic test in the substantial similarity analysis and that the order should be reversed. Having reviewed the grant of summary judgment *de novo*, applying the same standard as applied by the district court, Davis v. Walt Disney Co., 430 F.3d 901, 902-03 (8th Cir. 2005), we conclude that the district court did not err in granting partial summary judgment.

**CONCLUSION**

The cross appeal is therefore denied, the judgment is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

---

[2]The Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 05-1296

---

FILED
JUN 20 2006
MICHAEL GANS
CLERK OF COURT

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellant, *

v. *

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation; Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, Inc., an Iowa corporation, *

Defendants/Appellees. *

Appeals from the United States District Court for the District of Minnesota.

---

No. 05-1398

---

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellee, *

v. *

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation, *

Defendants, *

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, Inc., an Iowa corporation, *

Defendants/Appellants. *

---

No. 05-1501

---

The Rottlund Company, Inc., doing business as Rottlund Homes, a Minnesota corporation, *

Plaintiff/Appellee, *

v. *

Pinnacle Corporation, doing business as Town & Country Homes, an Illinois corporation; Town & Country Homes, Inc., a Minnesota corporation, *

Defendants/Appellants, *

Bloodgood Sharp Buster Architects and Planners of Iowa, Inc., an Iowa corporation; The Bloodgood Group, *

Inc., an Iowa corporation, *
*
Defendants. *

**JUDGMENT**

This appeal from the United States District Court was submitted on the record of the district court, briefs of the parties and was argued by counsel.

After consideration, it is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in part and reversed in part in accordance with the opinion of this Court.

(5172-010199)

June 20, 2006

Order Entered in Accordance with Opinion:

Michael E. Gans

Clerk, U.S. Court of Appeals, Eighth Circuit.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 27, 2006

RECEIVED
BY MAIL
JUL 31 2006
CLERK, US DIST. COURT
ST. PAUL, MN

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
708 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re: 05-1296 Rottlund Company vs. Pinnacle Corporation

Re: 05-1398 Rottlund Company vs. Bloodgood Sharp

Re: 05-1501 Rottlund Company vs. Pinnacle Corporation

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans

Michael E. Gans
Clerk of Court

srd

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable David S. Doty
Philip R. Mahowald
Robert Roy Weinstine
Thomas Henry Boyd

SCANNED
JUL 31 2006
U.S. DISTRICT COURT ST. PAUL

Craig S. Krummen
David A. Davenport
Christopher J. Murdoch
Matthew I. Farmer
Todd D. Steenson
Edward F. Ryan
Cynthia A. Moyer
Darren B. Schwiebert
Holly Jean Newman
John Benjamin Patrick
Joanne H. Turner

District Court/Agency Case Number(s): CIV 01-1980 DSD/SRN

District Court/Agency Case Number(s): CIV 01-1980 DSD/SRN

District Court/Agency Case Number(s): CIV 01-1980 DSD/SRN