UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,

Plaintiff,

vs.

Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, et al.,

Defendants.

Case No.: 01-CV-1980 (ADM/AJB)

MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR SUBSTITUTION OF PARTIES AND COUNSEL

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

On March 2, 2005, two corporate entities allegedly acquired Defendant Pinnacle Corporation d/b/a Town & Country Homes ("Pinnacle") and Defendant Town & Country Homes, Inc. ("Town & Country").

On May 12, 2005, over two months after the alleged acquisition, counsel for Defendants Pinnacle and Town & Country submitted an appellate brief to the Eighth Circuit Court of Appeals. Although it referenced the alleged acquisition, the appellate brief was submitted on behalf of Defendants Pinnacle and Town & Country. The appellate brief was not submitted by any "successor-in-interest."

On December 15, 2005, over nine months after the alleged acquisition occurred, counsel for Defendants Pinnacle and Town & Country appeared before the Eighth Circuit panel. No other party appeared or argued as a "successor-in-interest."

On August 31, 2006, over eighteen months after the alleged acquisition occurred, Defendants Pinnacle and Town & Country brought the instant motion, and now ask this

Court to dismiss them from the lawsuit. Conspicuously absent from their moving papers are any sworn affidavits, legal memoranda, or other documentary evidence to support their late request for dispositive relief. In the absence of any evidence supporting the instant motion, this Court should follow the default provision in Fed. R. Civ. P. 25(c), and allow this action to proceed against the original parties. Defendants Pinnacle and Town & Country remained as parties in this case throughout the appellate process even though they were supposedly acquired. Nothing has changed. They should thus remain as parties until final judgment is entered.

## FACTUAL BACKGROUND

The extremely limited factual background that Defendants placed before the Court are Defendants' assertions that Hovstone Properties Illinois, L.L.C. is the successor-in-interest to Pinnacle, and that Hovstone Properties Minnesota, L.L.C. is the successor-in-interest to Town & Country. Nothing more was provided to support the instant motion.

The procedural chronology for this motion is set forth below.

- December 14, 2004—Jury verdict in first trial of this matter.
- March 2, 2005—the Hovstone entities allegedly acquired Defendants Pinnacle and Town & Country.
- May 12, 2005—Defendants Pinnacle and Town & Country sign and submit their appellate brief to the Eighth Circuit Court of Appeals.
- December 15, 2005—Defendants Pinnacle and Town & Country appear and argue before the Eighth Circuit Court of Appeals.

- June 20, 2006—Eighth Circuit Court of Appeals files its opinion reversing the District Court's denial of Rottlund's motion for a new trial and remanding the case to the District Court for a new trial.

- August 8, 2006—all parties receive Magistrate Judge Boylan's Notice of Settlement Conference.

- August 31, 2006—Defendants Pinnacle and Town & Country file the instant Motion for Substitution of Parties and Counsel.

Through independent discovery efforts, Rottlund learned that Hovnanian Enterprises, Inc. ("Hovnanian") acquired the Town & Country Defendants on March 2, 2005, and concurrently entered into a joint venture agreement with affiliates of Blackstone Real Estate Advisors to own and operate the Town & Country Defendants' existing residential communities, including communities in which the townhomes at issue in this lawsuit were built. (Affidavit of Craig S. Krummen (hereinafter "Krummen Aff."), Ex. A) Rottlund further learned that this joint venture created two new corporate entities: Hovstone Illinois, L.L.C., and Hovstone Minnesota, L.L.C. (Krummen Aff., Ex. B.)

It appears that the shareholders of the "successor-in-interest" Hovstone entities are different than the shareholders of Defendants Pinnacle and Town & Country.

Finally, Rottlund learned that Defendant Town & Country did not dissolve its Minnesota corporate status with the Minnesota Secretary of State. (Krummen Aff., Ex. F.) Similarly, according to the Illinois Secretary of State, Defendant Pinnacle continues to be a corporation in good standing in Illinois. (Krummen Aff., Ex. F.)

**ARGUMENT**

Rule 25(c) of the Federal Rules of Civil Procedure expressly provides, in pertinent part, as follows:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Fed. R. Civ. P. 25(c) (underline added).[1]

Under the express language of Rule 25(c), the default provision provides that this action should "continue. . . against the original party." *Id.* Here, the original parties are Defendants Pinnacle and Town & Country. These Defendants did not provide any arguments or rationale as to why the Court should not simply follow the general provision in Rule 25(c). Accordingly, their request should be denied, and they should remain in this lawsuit as "original parties".

The exception in Rule 25(c) allows the court, upon motion, to direct the person to whom the interest is transferred to be substituted in the action "or joined with the original party." Fed. R. Civ. P. 25(c) (underline added). Even if Defendants Pinnacle and Town

---

[1] A motion for substitution of parties falls within the discretion of the District Court. ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc., 53 F.3d 186, 190 (8th Cir. 1995); Froning's, Inc. v. Johnston Feed Service, Inc., 568 F.2d 108, 110, n.4 (8th Cir. 1978); Fischer Bros. Aviation, Inc. v. NWA, Inc., 117 F.R.D. 144, 145-45 (D.Minn. 1987). The Court may refuse substitution even if one party has so moved. Froning's, Inc. v. Johnston Feed Service, Inc., supra at 110. Substitution is not intended to affect the substantive rights of the involved parties. Macan-Wrightman v. Bajda, No. 5-96309 (RLE), 1998 WL 333959, at *2 (D.Minn. March 26, 1998) (attached as Krummen Aff., Ex. C.) The Court's exercise of its discretion to substitute parties should be tempered when substitution would deprive a party of a substantial right. Superscope, Inc. v. Benjamin Co., Inc., 277 S.E.2d 596, 598 (S.C. 1981); 67A C.J.S., *Parties*, §76 (2002).

& Country could support an argument that the exception to the default provision in Rule 25(c) applies, this Court still should not dismiss them from the lawsuit. Instead, this Court should follow the more measured approach set forth in the exception to Rule 25(c), and join Pinnacle and Town & Country with the two entities they claim are their successors-in-interest. After nearly five years of litigation which includes nearly three years of party-specific discovery, the Court should keep the original Defendants in this case and join them with the alleged successors-in-interest.

If the original Defendants want out of this case, they should file a dispositive motion to dismiss pursuant to Rule 12(b), and support such a motion with the proper affidavits, exhibits, and memoranda of law. See Fed. R. Civ. P. 12(b); D.Minn. LR 7.1(b). They should not be allowed to take an unsupported, procedural shortcut for the dispositive relief they seek. Such a shortcut may very well deprive Rottlund of substantial rights in discovery and ultimately in recovering a judgment against the appropriate shareholder group.

**A. Defendants' Motion Should Be Denied Because Of Undue Delay.**

Despite having been "acquired" on March 2, 2005, Pinnacle and Town & Country each retained their own legal counsel to prepare the appellate brief to the United States Court of Appeals for the Eight Circuit, dated May 12, 2005, and to argue the case before the Court of Appeals on December 15, 2005. While Defendants did acknowledge that the Hovstone entities had purchased Pinnacle and Town & Country, both Pinnacle and Town

& Country continued in the appellate proceedings in their own names and were represented by their own counsel. (Krummen Aff., Ex. B.)

Only now, some *eighteen months* after the acquisition, the Defendants are seeking to be replaced in the litigation by the Hovstone entities. The timing of Defendants' motion is suspect. It was filed just before the Court-ordered settlement conference which "each party, armed with full settlement discretion" must attend. (Krummen Aff., Ex. D.) At the very least, if Pinnacle and Town & Country believed that they should justifiably be substituted out of this matter, then they should have raised the issue immediately after the acquisition, before the appellate process was over, and well before the eve of the settlement conference.

**B. Defendants' Motion Should Be Denied Because Substitution Would Unjustly Complicate The Discovery Necessary For The New Trial.**

Both sides agree that supplemental discovery will be needed in order to prepare for the new trial. (Krummen Aff., Ex. E.) If Defendants' motion is granted, the additional discovery will become more complicated and will consume more judicial time and resources.

Rottlund is entitled to supplemental discovery from Defendants Pinnacle and Town & Country under Fed. R. Civ. P. 26(e). At the very least, Pinnacle and Town & Country must comprehensively supplement their discovery from the time of their last production, which occurred in or about September 2004, through the time when Defendants were apparently acquired, which was March 2, 2005. The "successors-in-interest" should then supplement discovery from the acquisition date up until the time

when a reasonable, pre-trial discovery deadline occurs. If Defendants' motion is granted, Pinnacle and Town & Country will be dismissed. As a result, they may never produce the damages information and other discovery materials that were generated from the time of the last document production (September 2004) until the time they were acquired (March 2005). Undoubtedly, Rottlund will pursue the discovery that it is entitled to, and securing discovery responses from what would then be third parties will be more expensive, more complicated, and more difficult for the Court to manage.

### C. Defendants' Motion Should Be Denied Because The Relationship Between The Original Defendants And The Hovstone "Successors-In-Interest" Is Too Uncertain.

Defendants have declared that the Hovstone entities are the "successors-in-interest" to Pinnacle and Town & Country. On the basis of this unsupported assertion alone, without any documentary support, Defendants ask the Court to dismiss Pinnacle and Town & Country from the litigation. Based on the record before it, the Court has no evidence regarding the extent to which the Hovstone entities took on the liabilities of Pinnacle and Town & Country. In fact, no party has produced any evidence that the Hovstone entities are liable for any potential adverse judgment in this lawsuit, or whether they were capitalized in a manner that would allow them to afford such a judgment. Dismissing Pinnacle and Town & Country from the lawsuit may very well make any potential future judgment for Rottlund unenforceable or uncollectible as against the successor Hovstone entities.

In order to ascertain which corporate entities hold the liabilities arising out of this litigation, Rottlund previously requested to see the documents relating to Hovnanian's acquisition of Pinnacle and Town & Country. The Defendants rebuffed this request. (Krummen Aff., Ex. E.) The Defendants should not benefit from the void of evidence they intentionally created. Without evidentiary support regarding whether the successor Hovstone entities have fully assumed the liabilities that may arise out of this action, and whether they are sufficiently capitalized to satisfy and eventual judgment, it would be unjust to grant Defendants' motion and potentially cap the damages to which Rottlund may be entitled.[2]

**D. Defendants' Motion Should Be Denied Because Pinnacle and Town & Country Remain Active Corporations In Good Standing.**

As of the date of the signing of this Memorandum, both Pinnacle and Town & Country were active corporations in good standing in their respective states. (Krummen Aff., Ex. F) Active corporations have the capacity to sue and be sued. Indeed, even dissolved corporations have the capacity to sue and be sued. In Defense Supplies Corp., et al. v. Lawrence Warehouse Co., et al., 336 U.S. 631, 634 (1949), the United States

[2] Two of the factors that courts examine to determine whether an action for piercing the corporate veil may be proper include insufficient capitalization and siphoning of funds by a dominant shareholder. See, Victoria Elevator Co. v. Meriden Grain Co., 283 N.W.2d 509, 512 (Minn. 1979). If the Hovstone entities or what remains of Pinnacle and Town & Country are undercapitalized, or if the shareholders of Pinnacle and Town & Country have siphoned funds from the corporations, then Rottlund may seek leave to amend its Complaint to pierce the corporate veil and seek recourse against the individual shareholders. In that case, it would be improper if Defendants Pinnacle and Town & Country had been dismissed from the lawsuit because they apparently have a different shareholder group than the Hovstone entities.

Supreme Court observed, "a time-honored feature of the corporate device is that a corporate entity may be utterly dead for most purposes, yet have enough life remaining to litigate its actions. All that is necessary is a statute so providing." Both Minnesota and Illinois have statutes that provide that a dissolved corporation may sue and be sued. Minn. Stat. §302A.783 (2005); 805 Ill.Comp.Stat. 5/12.30 (1983). Accordingly, even if Pinnacle and Town & Country later attempt to initiate dissolution proceedings or ultimately are dissolved, they will still have the capacity to be sued.

Neither Pinnacle nor Town & Country have provided any basis, other than the instant motion's declaration that the Hovstone entities are "successors-in-interest" to Defendants, for this Court to grant the present motion. Accordingly, Pinnacle and Town & Country should not be dismissed from this lawsuit.

## CONCLUSION

By opposing Defendants' motion, Rottlund is simply trying keep the parties in the lawsuit that have been in all along, and that are necessary for a just resolution of this matter. The discretion to deny Defendants' motion which effectively relieve Pinnacle and Town & Country of all potential liability, without the benefit of a trial, lies with this Court. Rottlund respectfully requests that the Court deny Defendants' motion as it relates to substitution of parties and allow Pinnacle's and Town & Country's liability to be decided at trial.

Dated: September 8, 2006.

**WINTHROP & WEINSTINE, P.A.**

s/Craig S. Krummen
Craig S. Krummen, #259081
David A. Davenport, #285109

Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 604-6716
Facsimile: (612) 604-6816
***Attorneys for Plaintiff The Rottlund Company, Inc.***

2919308v1