UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Rottlund Company, Inc. d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pinnacle Corporation d/b/a Town & Country Homes, an Illinois Corporation, Town & Country Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & Country Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (ADM/AJB)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM DEFENDANTS PINNACLE AND TOWN & COUNTRY CONCERNING THE HOVSTONE TRANSACTION** |

## INTRODUCTION

On August 31, 2006, Defendants Pinnacle Corporation ("Pinnacle") and Town & Country Homes, Inc. ("Town & Country") filed a two page dispositive Motion For Substitution of Parties, and asked the Court to dismiss them from this lawsuit.[1] The basis for the motion was an unsupported assertion that Hovstone Properties Illinois L.L.C. is the successor-in-interest to Defendant Pinnacle, and Hovstone Properties Minnesota L.L.C. is the successor-in-interest to Defendant Town & Country. No affidavits, exhibits or other supporting materials were filed in support of this motion.

Also on August 31, 2006, counsel for Defendants Pinnacle and Town & Country wrote the Court and stated they would not produce documents related to the Hovstone acquisition. Defendants claimed this transaction is "not the subject of this lawsuit and not relevant to any claim or defense" in this litigation. (Krummen Aff., Ex. B.)

It is difficult to fathom why, on the very same day, Defendants would ask the Court to dismiss them because of the Hovstone transaction, but then inform the Court that the Hovstone transaction "is not relevant to any claim or defense." Defendants' tactics forced Rottlund to file the instant motion to compel very basic and fundamental information about the appropriate post-acquisition corporate defendants for this litigation. Such information is crucial for Rottlund to fully respond to Defendants' pending dispositive Motion For Substitution of Parties, and is even more crucial for Rottlund to effectively retry this lawsuit. The Court should put an end to this corporate charade,

[1] Affidavit of Craig S. Krummen ("Krummen Aff."), Exhibit A.

level the playing field, and order Defendants Pinnacle and Town & Country to produce information and documents related to the Hovstone transaction.

## FACTUAL BACKGROUND

### I. ROTTLUND ATTEMPTED TO DISCOVER DOCUMENTS AND OTHER INFORMATION REGARDING THE HOVSTONE TRANSACTION, BUT DEFENDANTS PINNACLE AND TOWN & COUNTRY REFUSED TO PRODUCE RESPONSIVE INFORMATION.

#### A. Procedural and Factual Background Concerning The Hovstone Transaction.

On December 14, 2004, the jury rendered its decision in this case.

On March 2, 2005, Defendants Pinnacle and Town & Country were purportedly acquired by Hovstone Properties Illinois, L.L.C., and Hovstone Properties Minnesota, L.L.C., respectively.

On June 20, 2006, the Eighth Circuit Court of Appeals remanded this case for a new trial.

On June 28, 2006, on August 3, 2006, and again on August 22, 2006, Rottlund repeatedly requested information about the acquisition transaction involving the Hovstone entities and Defendants Pinnacle and Town & Country. (*Id.*, Exs. C, D, and E.) No meaningful information was provided.

On August 31, 2006, Defendants Pinnacle and Town & Country filed a Motion for Substitution of Parties and Counsel. (*Id.*, Ex. A.) The total length of the moving papers in support of this dispositive motion was less than two pages. In their abbreviated moving papers, both defendants sought to be dismissed from this lawsuit because the

Hovstone entities were allegedly their successors-in-interest. (*Id.*) Their motion is currently pending, but no hearing date has been scheduled.

Also on August 31, 2006, the very same day Defendants Pinnacle and Town & Country filed their dispositive motion, their counsel wrote a letter to the Court and advised as follows:

> Hovstone Properties Illinois L.L.C., a Delaware limited liability company, is successor-in-interest to Pinnacle Corporation d/b/a/ Town & Country Homes. Hovstone Properties Minnesota L.L.C., a Delaware limited liability company, is successor-in-interest to Town & Country Homes, Inc. . . .This 'series of transactions,' as Rottlund characterizes it, is not the subject of this lawsuit and not relevant to any claim or defense.

(*Id.*, Ex. B) (underline added).

In short, the Defendants chose to change their corporate landscape. They then chose to keep Rottlund in the dark regarding the scope of this change. For example, Rottlund still does not have information that would help it address the following issues:

- whether it should pursue the Hovstone entities as additional defendants;
- whether the officers, directors, and owners of Hovstone are different than the officers, directors, and owners of Defendants Pinnacle and Town & Country;
- whether the Hovstone entities can compel the former officers, directors, and owners of Defendants Pinnacle and Town & Country to testify at trial;
- whether the Hovstone entities are bound by the Rule 30(b)(6) deposition testimony proffered by Defendants Pinnacle and Town & Country's representatives prior to the acquisition;
- whether some or all of the former employee/witnesses remained with the Hovstone entities after the acquisition;
- whether these former employee/witnesses should be subpoenaed for the next trial or whether they must appear as named party representatives;

- whether the new Hovstone entities are properly capitalized;
- whether the new Hovstone entities are now the beneficiaries under Defendants Pinnacle and Town & Country's insurance policies that pre-date the acquisition;
- whether the Hovstone entities have additional insurance policies that relate to this litigation;
- whether the Pinnacle and Town & Country entities retained any equity on their balance sheets after the acquisition[2];
- whether the sales proceeds were siphoned off by Defendant Pinnacle and Town & Country's owners (who are presumably different than the Hovstone entities' owners);
- whether the Hovstone entities are liable for infringing sales made by Defendants Pinnacle and Town & Country that pre-date the acquisition;
- whether the Hovstone entities are liable for any subsequent infringing sales that post-date the acquisition;
- whether the Hovstone entities are liable for a possible finding of intentional infringement against Defendants Pinnacle and Town & Country for conduct that pre-dates the acquisition;
- whether the Hovstone entities may be held liable for intentional infringement for conduct they engaged in by selling infringing products after the acquisition, even if a jury should, for some reason, find that Defendants Pinnacle and Town & Country did not engage in intentional infringement by making infringing sales before the acquisition;
- whether Defendants Pinnacle and Town & Country or the Hovstone entities should be held responsible for intentional infringement because of statements or agreements made as part of the Hovstone transaction regarding the infringing products;
- whether a warranty reserve was created to cover this litigation or any other contingency;
- *etc.*

[2] Defendant Pinnacle is currently still a corporation in good standing in the State of Illinois. (*Id.*, Ex. F). Likewise, Defendant Town & Country is currently still a corporation in good standing in the State of Minnesota. (*Id.*, Ex. G).

This list is but a small example of the many issues the Defendants created when they entered into the transaction with the Hovstone entities, and then refused to produce any meaningful information to explain the transaction.[3] Rottlund thus brought the instant motion to resolve these issues and many others.

### B. Rottlund's Prior Formal Discovery Requested Documents and Information Such As The Materials That Formed The Hovstone Transaction.

Some of the outstanding issues listed above could be resolved if Defendants Pinnacle and Town & Country would merely supplement their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e). They have not done so.

In addition, many of the outstanding issues surrounding the Hovstone transaction would be resolved if the Defendants would simply supplement their responses to Rottlund's formal discovery. They have not done so. Instead, in their August 31, 2006 letter to the Court, the Defendants asserted that the Hovstone transaction documents Rottlund is seeking "are not the subject of any pending discovery requests." (Krummen Aff., Ex. B). As explained below, Defendants' assertion is incorrect.

Rottlund's prior formal discovery requested documents and materials such as those involved in the Hovstone transaction. For example, Rottlund's Third Set of Discovery served on Pinnacle, and Rottlund's Second Set of Discovery served on Town & Country, contain the following Requests for Documents:

---

[3] The Defendants produced a grand total of 18 pages regarding the transaction with the Hovstone entities. These documents offer very little information concerning the transaction, and raise far more questions about the transaction than they answer. (*Id.*, Ex. H).

> Request No. 9: Please produce all projections, forecasts, market share reports, marketing documents, business plans, strategic plans, budgets, operating plans or sales plans that refer or relate to the following:
>
> a. Your Minnesota division [a/k/a Defendant Town & Country];
> b. Your Illinois division [a/k/a Defendant Pinnacle];
>
> ***

(*Id.*, Ex. I at 8; Ex. J at 7.)

> Request No. 23: Please produce all documents which evidence any initial capital investment and/or on-going investments and/or concerns related to the following:
>
> a. Your Minnesota division [a/k/a Defendant Town & Country];
> b. Your Illinois division [a/k/a Defendant Pinnacle];
>
> ***

(*Id.*, Ex. I at 22; Ex. J at 20.)

> Request No. 27: Please produce all documents that you contend are relevant to the determination of damages.
>
> ***

(*Id.*, Ex. I at 25; Ex. J at 23.)

Rottlund's Fourth Set of Discovery served on Pinnacle, and Rottlund's Third Set of Discovery served on Town & Country, contain the following Interrogatories and Request for Admission:

> Interrogatory No. 2: Please describe in all possible detail your affiliation with the following entities: . . .3) Town & Country Homes, Inc. of Minnesota; . . . Include in your response, but do not limit it to, an identification of all owners and/or officers of the Affiliated Entities, a description of the nature and scope of the

> Affiliated Entities' business, an identification of any revenues you receive from the Affiliated Entities. . .[4]

***

(*Id.*, Ex. K at 4; Ex. L at 4.)

[4] Rottlund's Third Set of Discovery served on Town & Country essentially mirrored the Fourth Set of Discovery served on Pinnacle, except Interrogatory No. 2 of the former set reads, in relevant part, as follows:

> Please describe in all possible detail your affiliation with the following entities: . . .*4) Pinnacle Corporation d/b/a Town & Country Homes, Inc. of Minnesota;* . . . Include in your response, but do not limit it to, an identification of all owners and/or officers of the Affiliated Entities, a description of the nature and scope of the Affiliated Entities' business, an identification of any revenues you receive from the Affiliated Entities. . .

(*Id.*, Ex. L at 4).

> Interrogatory No. 3: Please describe the Affiliated Entities' involvement with, in any way, any aspect of the following developments and/or products:
>
> a. Centennial Crossing Development;
> b. Harvest Hills Development;
> c. Cornerstone Lake Development;
> d. Providence Pointe Development;
> e. Springbrooke Development;
> f. Washington Square Development;
> g. Bayview town home;
> h. Starwood town home;
> i. Broadmoor town home;
> j. Savannah town home;
> k. Garfield town home;
> l. Plaintiff's allegations contained within the Complaint; and/or
> m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.
>
> ***

(*Id.*, Ex. K at 5; Ex. L at 4.)

> Request No. 1: Please produce all documents that relate to your answers to the Interrogatories propounded herein [*e.g.,* Interrogatories 2 and 3, *supra*].

(*Id.*, Ex. K at 8; Ex. L at 7.)

Finally, Rottlund's Sixth Set of Discovery served on Pinnacle, and Rottlund's Fifth Set of Discovery served on Town & Country, contain the following Document Requests:

> Request No. 22: To the extent not previously requested, all documents which reference, relate to, constitute, and/or concern the factual allegations and legal claims set forth in Rottlund's Fourth Amended Complaint.
>
> ***

(*Id.*, Ex. M at 10; Ex. N at 10.)

**LEGAL ARGUMENT**

Rule 26(a)(1) of the Federal Rules of Civil Procedure provides that parties must make initial disclosures concerning individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A) (2006). Moreover, parties must provide a copy or description of all documents and other materials that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(B). As this Court noted when it previously ruled on the Defendants' initial disclosure obligations, the word "use" in Rule 26(a) "is construed quite broadly." *The Rottlund Co., Inc. v. Pinnacle Corp. et al.,* 222 F.R.D. 362, 378 (D. Minn. 2004). In addition, the parties must provide for inspection or copying of any applicable insurance agreement. Fed. R. Civ. P. 26(a)(1)(D).

Furthermore, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that matters relevant to claims and defenses asserted by parties in litigation are discoverable. Fed. R. Civ. P. 26(b)(1). If the information sought through discovery is reasonably calculated to lead to the discovery of admissible evidence, then the discovery is relevant and must be answered. *Id.* The Eighth Circuit has held that Rule 26(b) is liberal in scope and interpretation. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377 (8th Cir. 1992). Thus, a party may not object to another party's discovery on admissibility grounds where some threshold showing of relevance is made. *Id.*

Finally, Rule 26(e) of the Federal Rules of Civil Procedure provides that a party who has made a disclosure under Rule 26(a) or responded to a request for discovery is under a duty to supplement or correct the disclosure or response if it is in some material respect incomplete or incorrect and if the corrective information has not otherwise been made known to the other party during the discovery process. Fed. R. Civ. P. 26(e)(1),(2).

## I. THE COURT SHOULD ORDER PINNACLE AND TOWN & COUNTRY TO PRODUCE THE HOVSTONE TRANSACTION DOCUMENTS AND RELATED INFORMATION.

Defendants Pinnacle and Town & Country have not yet lodged an attorney-client privilege objection or a work product doctrine objection to Rottlund's requests for documents and other information concerning the Hovstone transaction. Instead, in their August 31, 2006 letter to the Court, Defendants incorrectly asserted the Hovstone transaction "is not relevant to any claim or defense." (Krummen Aff., Ex. B). This assertion is wholly at odds with the Defendants' decision to file their pending motion to dismiss Pinnacle and Town & Country from this lawsuit and substitute in their place the Hovstone entities. This assertion is also undercut by all of the unanswered issues raised in section I.A. above, that must be addressed and resolved to ensure that Rottlund receives a "just, speedy, and inexpensive determination" of this action pursuant to Fed. R. Civ. P. 1.

Defendants' August 31, 2006 letter to the Court also incorrectly asserted that the Hovstone transaction documents and information Rottlund is seeking "are not the subject of any pending discovery requests." (*Id.*, Ex. B). This assertion is flatly contradicted by all of the formal discovery requests Rottlund highlighted in section I.B above. It is

further refuted by the Defendants' initial disclosure and supplementation obligations under Fed. R. Civ. P. 26(a)(1) and 26(e). Accordingly, the Court should grant Rottlund's motion to compel.

Rottlund's request for relief in this motion is very straightforward. First, the Court should order the Defendants to supplement their Rule 26(a)(1) initial disclosures. Second, the Court should order the Defendants to supplement their answers and produce Hovstone transaction information and documents responsive to Rottlund's formal discovery set forth above. If the responsive materials contain any confidential information such as a purchase price, the specific confidential page that includes the purchase price can be marked as "Attorneys Eyes Only" under the current Protective Order and Confidentiality Agreement in place in this lawsuit.

When the Defendants supplement their discovery responses and produce additional responsive documents, they should produce all closing documents that explain the transaction between the Hovstone entities and Defendants Pinnacle and Town & Country. In addition, the Defendants should produce comprehensive financial statements and audited financial statements for Pinnacle, Town & Country, and the Hovstone entities from September 2004 until the present time. None of the Defendants have produced any comprehensive or audited financial statements since September 2004; rather, they only produced a very narrow subset of income statement information concerning sales of the infringing products. Next, the Defendants should produce the Articles of Incorporation and Corporate Bylaws for Pinnacle, Town & Country, and the Hovstone entities. Finally, the Defendants should produce any other documents, information, and/or other materials

that are responsive to Rottlund's formal discovery and everything responsive to Fed. R. Civ. P. 26(a)(1).

**CONCLUSION**

Pursuant to Fed. R. Civ. P. 1, Rottlund is entitled to a just, speedy, and inexpensive determination of this action. Defendants' refusal to produce basic, fundamental information about their corporate character is an attempt to turn Rule 1 on its head. Rottlund therefore respectfully requests that the Court grant the instant motion and order Defendants Pinnacle and Town & Country to produce documents and information regarding the Hovstone transaction.

Dated: October 16, 2006

WINTHROP & WEINSTINE, P.A.

By: s/Craig S. Krummen
Craig S. Krummen, #259081
David A. Davenport, #285109

225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6400

***Attorneys for Plaintiff***
***The Rottlund Company, Inc.***

2956722v1