Exhibit I

9|10

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc., a
Minnesota corporation,

Defendants.

Civil Action No. 01-CV-1980 DSD/SRN

**DEFENDANT PINNACLE CORPORATION'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS TO TOWN AND COUNTRY HOMES (SET III)**

**TO: PLAINTIFF THE ROTTLUND COMPANY, INC. AND ITS ATTORNEY, DAVID DAVENPORT, WINTHROP & WEINSTINE, P.A., 3000 DAIN RAUSCHER PLAZA, 60 SOUTH SIXTH STREET, MINNEAPOLIS, MN 55402**

Defendant, Pinnacle Corporation ("Pinnacle") responds to Plaintiff's Discovery Requests to Town & Country Homes (Set III) as follows:

## GENERAL OBJECTIONS

1. Pinnacle objects to the requests for production to the extent they seek documents protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

2. Pinnacle objects to the requests for production to the extent they seek documents containing confidential or proprietary information or information subject to federal or state statutory law governing confidentiality. Pinnacle will produce such documents only pursuant to an appropriate protective order or other confidentiality agreement and in accordance with the obligations imposed by any applicable federal or state statute.

RECEIVED
SEP 12 2002
DAVID A. DAVENPORT

3. Pinnacle objects to the definitions and instructions as being unduly burdensome and creating duties and burdens on Pinnacle in excess of the permissible scope of discovery under the Federal Rules of Civil Procedure. The Rules contain no authority allowing Plaintiff to supply definitions and instructions that are additional or contrary to those found in the Rules. Pinnacle will apply the everyday meaning of all words and terms.

4. Any response indicating that Pinnacle will produce all responsive documents in its possession, custody, or control should not be construed as a representation that any such documents exists.

5. Pinnacle objects to the definitions of "Defendants" and "Pinnacle" in their entirety. Defendant Pinnacle Corporation's legal name is Pinnacle Corporation, and TCM's legal name is Town & Country Homes, Inc.

6. Pinnacle objects to the time period Plaintiff purports to apply to the interrogatories and requests. Plaintiff alleges that the acts of infringement commenced in February 2000. Therefore, Pinnacle will generally confine its production of documents and information to the period of time beginning on February 1, 2000, to the commencement of the action.

7. Pinnacle objects to the interrogatories and requests to the extent that they call for the production by Pinnacle of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

8. Pinnacle objects to the interrogatories and requests to the extent that they call for the production by Pinnacle of information and documents as to which other non-parties may be able to assert a need for an appropriate stipulation as to confidentiality and protective order.

These responses and answers contain the best information presently available to Pinnacle, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other facts or investigation by Pinnacle. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, Pinnacle hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

Pinnacle gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## RESPONSES

**REQUEST NO. 1**: Please produce all audited annual financial statements, including, but not limited to, balance sheets, income statements, statement of cash flows and footnotes.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 2**: Please produce all monthly financial statements.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 3**: Please produce all budgets, including, but not limited to monthly, quarterly, bi-annual and/or annual budgets.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information speculative in nature, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 4**: Please produce all monthly income statements and/or profit and loss statements that relate, in any way, to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently

before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 5**: Please produce all income tax returns, including, but not limited to, supporting schedules.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 6**: Please produce all valuation reports or appraisals prepared by you of [sic] for you by someone acting on your behalf that relate, in any way, to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in

Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 7**: Please produce all documents that are and/or have been reviewed by or relied upon by you to measure the profitability of and/or related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or built town homes under the names Savannah, Broadmoor, Starwood, or Bayview.

Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 8:** Please produce all documents which discuss, concern or relate to internal profit projections for the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 9:** Please produce all projections, forecasts, market share reports, marketing documents, business plans, strategic plans, budgets, operating plans or sales plans that refer or relate to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently

before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 10:** Please produce all documents which set forth the number of units sold, unit price and dollar sales volume, on a monthly basis, related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has built town homes developments in Minnesota or townhomes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle has previously produced information regarding the number of Garfield units sold and the sale price of each unit. Without waiving any objection, Pinnacle states that responsive, non-privileged documents regarding Garfield units will be produced, subject to the Confidentiality Stipulation and Protective Order.

**REQUEST NO. 11**: Please produce all documents showing budgeted or forecasted sales related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 12**: Please produce all invoices, credit memos, debit memos, shipping documents and other supporting sales documentation related to the following:

a. Your Minnesota division;

b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 13**: Please produce all price lists and/or other documentation which sets forth price information related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;

f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 14**: Please produce all documents which describe or relate to your pricing or sales policies and procedures related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;

p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 15**: Please produce all documents which describe or relate to your compensation plans and/or commission plans for sales representatives, employees, personnel, agents and/or any other individuals and/or entities involved in sales related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 16**: Please produce all documents related to any multi-family housing product analysis, survey and/or study done by you or for you by someone on your behalf that relates to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;

j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 17:** Please produce all documents which set forth the individual costs, including but not limited to, production costs, advertising costs, administrative costs, overhead, raw materials, labor and/or other costs related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;

m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, a division in Minnesota, a division in Florida, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 18**: Please produce detailed bills of material and/or other documents which itemize material costs, on a monthly basis, related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;

d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 19**: Please produce standard cost sheets related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;

c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 20**: Please produce all documents and schedules that detail cost elements included in fixed and variable overhead rates and relate to descriptions of allocation methods related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 21**: Please produce all monthly, quarterly, bi-annual and annual schedules which detail selling, general and administrative expense related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has divisions in Minnesota or Florida, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all

costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 22**: Please produce all documents which evidence any and all costs related to research and/or product development related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's

experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 23:** Please produce all documents which evidence any initial capital investment and/or on-going investments and/or concerns related to the following:

a. Your Minnesota division;
b. Your Illinois division;
c. Your Florida division;
d. Your company as a whole;
e. Centennial Crossing Development;
f. Harvest Hills Development;
g. Cornerstone Lake Development;
h. Providence Pointe Development;
i. Springbrooke Development;
j. Development located in Aurora, Illinois;
k. Bayview town home;
l. Starwood town home;
m. Broadmoor town home;
n. Savannah town home;
o. Garfield town home;
p. Plaintiff's allegations contained within the Complaint; and or
q. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has divisions in Minnesota or Florida, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further objects to this request as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by Pinnacle, but only those costs that Pinnacle claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of Pinnacle's costs before Pinnacle has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 24:** Please produce all documents related to any copyrights you purport to own that relate to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE:** Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory

to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 25**: Please produce all documents containing, describing or relating to any comparison, performed by you or for you by someone on your behalf, between any of Plaintiff s multi-family housing products and the following:

a. Homestead Collection;
b. Bayview town home;
c. Starwood town home;
d. Broadmoor town home;
e. Savannah town home;
f. Garfield town home; and/or
g. Any multi-family housing product you have ever marketed, sold and/or intended or intend to market and/or sell.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests, that it is speculative in nature, that it assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle, to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably

harm Pinnacle, and to the extent it seeks information which constitutes the work-product of Pinnacle's attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege and immunity doctrines.

**REQUEST NO. 26**: Please produce all market studies, business plans, marketing plans and/or other documents related to any actual or potential market or relative market share for the sale of the following:

a. Homestead Collection;
b. Bayview town home;
c. Starwood town home;
d. Broadmoor town home;
e. Savannah town home; and/or
f. Garfield town home.

**RESPONSE**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, speculative in nature, and duplicative of previous requests, assumes facts not in evidence, including, but not limited to, that Pinnacle has developments in Minnesota, or that Pinnacle has built town home developments in Minnesota, or that Pinnacle has built town homes under the names Savannah, Broadmoor, Starwood, or Bayview. Pinnacle also objects to this interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court, and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

**REQUEST NO. 27**: Please produce all documents that you contend are relevant to the determination of damages.

**RESPONSE**: Pinnacle objects to this request as vague, ambiguous, overly broad, and speculative and as premature and seeking information from Pinnacle's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Further, Pinnacle denies

that Plaintiff has suffered any damages. Without waiving any objection, Pinnacle states that documents showing that no infringement has occurred and therefore that Plaintiff has no damages have already been produced to Plaintiff by Pinnacle and/or third parties. Discovery is continuing.

**REQUEST NO. 28**: Please produce all documents that relate to your Answers to the Interrogatories propounded herein.

**RESPONSE**: Pinnacle objects to this request as vague, ambiguous as to what is meant by "documents that relate to your Answers to the Interrogatories," overly broad, and speculative. Without waiving any objection, Pinnacle states that any non-privileged, responsive documents referenced in the Answers to the Interrogatories propounded herewith will be produced.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the number of Starwood, Broadmoor and Savannah town home units that have been constructed, advertised and/or sold in any development in which you have been involved with in any way. Include in, but do not limit, your response the number of Starwood, Broadmoor and Savannah town home units that are being constructed or planning to be constructed, advertised or planned to be advertised, and/or sold or planned to be sold in any development in which you have ever previously and/or are planning to be involved with in any way. Include, but do not limit, in your response the number of Starwood, Broadmoor and Savannah town home units that are located in the Centennial Crossing, Harvest Hills, Cornerstone Lake, Providence Park, Springbrooke and Aurora, Illinois Developments.

**ANSWER**: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome; assumes facts not in evidence, specifically that Pinnacle has designed, built or sold any town homes in Minnesota; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle; seeks information about prospective activities; and to the extent the scope and relevance of the discovery sought by

Plaintiff is currently before the Court. Without waiving any objection, Pinnacle states that it has not constructed any Starwood, Bayview, or Broadmoor town homes.

**INTERROGATORY NO. 2:** Please identify, by product name and location, all other variations or iterations, either preceding or superceding, of your Homestead Collection, which includes either the Bayview, Starwood, Savannah and/or Broadmoor town home units. Include, but do not limit, in your response, the name of any town home product, if different from Bayview, Starwood, Savannah and/or Broadmoor, that is a part of or related to, in any way, any variation or iteration identified.

**ANSWER**: Pinnacle objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle; and to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court. Without waiving any objection, Pinnacle states that it has not constructed any Starwood, Bayview, or Broadmoor town homes.

**INTERROGATORY NO. 3:** Please identify, by product name and location, all back-to-back style town home products that you have ever sold. Include, but do not limit, in your response, the year in which you, or someone acting on your behalf, purport to have created the design for such back-to-back town home product, the identity of the individual or entity who purports to have created such back-to-back town home product, and identify the date and location of the first back-to-back town home product you constructed.

**ANSWER**: Pinnacle objects to this request on the grounds that it is overly broad, and unduly burdensome; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle; and to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court. Without waiving any objection, Pinnacle states that it has not built any back-to-back town homes other than its Garfield homes in Washington Square. Information regarding when and by whom the

Washington Square back-to-back town home products were created has already been produced to Plaintiff, either by Pinnacle or third parties.

**INTERROGATORY NO. 4:** Please identify the sources of your gross revenues. Include, but do not limit, in your response the gross revenues that you receive from your Minnesota, Illinois, and Florida divisions.

**ANSWER**: Pinnacle objects to this request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, to the extent it suggests Pinnacle has divisions in Minnesota and Florida, to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

Dated: September 10, 2002

Edward F. Ryan
Scott W. Petersen
Matthew I. Farmer
**HOLLAND & KNIGHT LLC**
55 W. Monroe, Suite 800
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORTION

VERIFICATION

I, Steven R. Sandelin, declare that the following statements are true and correct:

I am Vice President of Product Design for Pinnacle Corporation, an Illinois corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Lombard, Illinois, this 10th day of September, 2002.

By ______________________
Steven R. Sandelin

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true copy of Pinnacle Corporation's Responses to Plaintiff's Discovery Requests to Town & Country Homes (Set III) was served this 10th day of September, 2002, via regular mail, upon all counsel of record, addressed as follows:

Craig S. Krummen
David A. Davenport
Winthrop & Weinstine, P.A.
3000 Dain Rauscher Plaza
60 S. Sixth Street
Minneapolis, MN 55402

Dean R. Karau
Robin L. Preble
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 S. Sixth Street
Minneapolis, MN 55402

Matthew I. Farmer

Date: September 10, 2002