Exhibit J

FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc., a
Minnesota corporation,

Defendants.

Civil Action No. 01-CV-1980 DSD/SRN

**DEFENDANT TOWN & COUNTRY HOMES, INC.'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT TOWN & COUNTRY HOMES, INC. (SET II)**

**TO: PLAINTIFF THE ROTTLUND COMPANY, INC. AND ITS ATTORNEY, DAVID DAVENPORT, WINTHROP & WEINSTINE, P.A., 3000 DAIN RAUSCHER PLAZA, 60 SOUTH SIXTH STREET, MINNEAPOLIS, MN 55402**

Defendant, Town & Country Homes, Inc. ("TCM"), for its responses to Plaintiff's discovery requests to Town & Country Homes, Inc. (Set II), states as follows:

## GENERAL OBJECTIONS

1. TCM objects to providing any response or answer which constitutes the work product of its attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege or immunity doctrines. Information subject to such objections will be withheld from production.

2. TCM objects to the interrogatories and document requests to the extent that they call for confidential, proprietary and/or trade secret information that, if publicly disseminated, would injure TCM in its business. TCM will provide such information only if the information is

RECEIVED
AUG 14 2002
DAVID A. DAVENPORT

relevant or reasonably calculated to lead to the discovery of admissible evidence, and only pursuant to the terms of the Confidentiality Stipulation and Protective Order in this matter.

3. TCM objects to the definitions and instructions as being unduly burdensome and creating duties and burdens on TCM in excess of the permissible scope of discovery under the Federal Rules of Civil Procedure. The Rules contain no authority allowing Plaintiff to supply definitions and instructions that are additional or contrary to those found in the Rules. TCM will apply the everyday meaning of all words and terms.

4. TCM objects to any definition, instruction, interrogatory or request to the extent that it purports to place a continuing obligation upon TCM to supplement its responses and answers in excess of the obligations set forth in the Federal Rules of Civil Procedure. TCM states that it will comply with the requirements of the Rules with respect to supplementing its responses and answers.

5. TCM objects to the definitions of "Defendants" and "TCM" in their entirety. Defendant Pinnacle Corporation's legal name is Pinnacle Corporation, and TCM's legal name is Town & Country Homes, Inc.

6. TCM objects to the time period Plaintiff purports to apply to the interrogatories and requests. Plaintiff alleges that the acts of infringement commenced in February 2000. Therefore, TCM will generally confine its production of documents and information to the period of time beginning on February 1, 2000, to the commencement of the action.

7. TCM objects to the interrogatories and requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

8. TCM objects to the interrogatories and requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert a need for an appropriate stipulation as to confidentiality and protective order.

These responses and answers contain the best information presently available to TCM, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other facts or investigation by TCM. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, TCM hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

TCM gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

**RESPONSES**

**REQUEST NO. 1**: Please produce all audited annual financial statements, including, but not limited to, balance sheets, income statements, statement of cash flows and footnotes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. Without waiving any objection, TCM states that it has no audited annual financial statements.

**REQUEST NO. 2**: Please produce all monthly financial statements.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. Without

waiving any objection, TCM states that monthly financial statements not covered by previously produced financial statements will be produced, subject to the Confidentiality Stipulation and Protective Order.

**REQUEST NO. 3**: Please produce all budgets, including, but not limited to monthly, quarterly, bi-annual and/or annual budgets.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information speculative in nature, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 4**: Please produce all monthly income statements and/or profit and loss statements that relate, in any way, to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome and duplicative of previous requests; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and

relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 5**: Please produce all income tax returns, including, but not limited to, supporting schedules.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 6**: Please produce all valuation reports or appraisals prepared by you of for you by someone acting on your behalf that relate, in any way, to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought

by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 7**: Please produce all documents that are and/or have been reviewed by or relied upon by you to measure the profitability of and/or related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is vague and ambiguous; overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 8:** Please produce all documents which discuss, concern or relate to internal profit projections for the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;

e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 9**: Please produce all projections, forecasts, market share reports, marketing documents, business plans, strategic plans, budgets, operating plans or sales plans that refer or relate to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or

n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 10:** Please produce all documents which set forth the number of units sold, unit price and dollar sales volume, on a monthly basis, related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the

extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM has previously produced information regarding the number of Bayview units sold and the sale price of each unit. Without waiving any objection, TCM states that responsive, non-privileged documents regarding Broadmoor units will be produced, subject to the Confidentiality Stipulation and Protective Order.

**REQUEST NO. 11**: Please produce all documents showing budgeted or forecasted sales related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 12**: Please produce all invoices, credit memos, debit memos, shipping documents and other supporting sales documentation related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is vague and ambiguous; overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 13**: Please produce all price lists and/or other documentation which sets forth price information related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;

i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 14**: Please produce all documents which describe or relate to your pricing or sales policies and procedures related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a

development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 15:** Please produce all documents which describe or relate to your compensation plans and/or commission plans for sales representatives, employees, personnel, agents and/or any other individuals and/or entities involved in sales related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of

which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 16**: Please produce all documents related to any multi-family housing product analysis, survey and/or study done by you or for you by someone on your behalf that relates to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court;

and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 17:** Please produce all documents which set forth the individual costs, including but not limited to, production costs, advertising costs, administrative costs, overhead, raw materials, labor and/or other costs related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues.

Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 18**: Please produce detailed bills of material and/or other documents which itemize material costs, on a monthly basis, related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues.

Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 19**: Please produce standard cost sheets related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has

disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 20**: Please produce all documents and schedules that detail cost elements included in fixed and variable overhead rates and relate to descriptions of allocation methods related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has

disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 21**: Please produce all monthly, quarterly, bi-annual and annual schedules which detail selling, general and administrative expense related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has

disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 22**: Please produce all documents which evidence any and all costs related to research and/or product development related to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has

disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 23:** Please produce all documents which evidence any initial capital investment and/or on-going investments and/or concerns related to the following:

a. TCM;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Development located in Aurora, Illinois;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Plaintiff is not entitled to discovery on all costs incurred by TCM, but only those costs that TCM claims as deductions from the relevant gross revenues. Any attempt by Plaintiff to discover information regarding all of TCM's costs before TCM has

disclosed the costs that it may deduct in its expert reports is premature and beyond the scope of permissible discovery.

**REQUEST NO. 24**: Please produce all documents related to any copyrights you purport to own that relate to the following:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Development located in Aurora, Illinois;
g. Bayview town home;
h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained within the Complaint; and or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has a development in Aurora, Illinois or that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 25**: Please produce all documents containing, describing or relating to any comparison, performed by you or for you by someone on your behalf, between any of Plaintiff s multi-family housing products and the following:

a. Homestead Collection;
b. Bayview town home;
c. Starwood town home;
d. Broadmoor town home;

e. Savannah town home;
f. Garfield town home; and/or
g. Any multi-family housing product you have ever marketed, sold and/or intended or intend to market and/or sell.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court; to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM, and to the extent it seeks information which constitutes the work-product of TCM's attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege and immunity doctrines.

**REQUEST NO. 26:** Please produce all market studies, business plans, marketing plans and/or other documents related to any actual or potential market or relative market share for the sale of the following:

a. Homestead Collection;
b. Bayview town home;
c. Starwood town home;
d. Broadmoor town home;
e. Savannah town home; and/or
f. Garfield town home.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad and unduly burdensome; assumes facts not in evidence, including, but not limited to, that TCM has built a town home under the name Garfield; to the extent that it seeks information speculative in nature; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; to the extent the scope and relevance of the discovery

sought by Plaintiff is currently before the Court; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 27**: Please produce all documents that you contend are relevant to the determination of damages.

**RESPONSE**: TCM objects to this request as vague, ambiguous, overly broad, and speculative and as premature and seeking information from TCM's experts prior to the time such disclosure is required pursuant to the Pre-Trial Scheduling Order. Further, TCM denies that Plaintiff has suffered any damages. Without waiving any objection, TCM states that documents showing that no infringement has occurred and therefore that Plaintiff has no damages have already been produced to Plaintiff by TCM and/or third parties. Discovery is continuing.

**REQUEST NO. 28**: Please produce all documents that relate to your Answers to the Interrogatories propounded herein.

**RESPONSE**: TCM objects to this request as vague, ambiguous as to what is meant by "documents that relate to your Answers to the Interrogatories," overly broad, and speculative. Without waiving any objection, TCM states that any non-privileged, responsive documents referenced in the Answers to the Interrogatories propounded herewith will be produced.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the number of Starwood, Broadmoor and Savannah town home units that have been constructed, advertised and/or sold in any development in which you have been involved with in any way. Include in, but do not limit, your response the number of Starwood, Broadmoor and Savannah town home units that are being constructed or planning to be constructed, advertised or planned to be advertised, and/or sold or planned to be sold in any development in which you have ever previously and/or are planning to be involved with in any way. Include, but do not limit, in your response the number of Starwood, Broadmoor and Savannah town home units that are located in the Centennial Crossing, Harvest Hills, Cornerstone Lake, Providence Park, Springbrooke and Aurora, Illinois Developments.

**ANSWER**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome; assumes facts not in evidence, specifically that TCM has designed, built or sold any town homes in Illinois; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM; seeks information about prospective activities; and to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court. Without waiving any objection, TCM states identifies the following number of Broadmoor town homes:

| | |
|---|---|
| Cornerstone Lake: | 100 Broadmoor |
| Springbrook: | 80 Broadmoor |

**INTERROGATORY NO. 2**: Please identify, by product name and location, all other variations or iterations, either preceding or superceding, of your Homestead Collection, which includes either the Bayview, Starwood, Savannah and/or Broadmoor town home units. Include, but do not limit, in your response, the name of any town home product, if different from Bayview, Starwood, Savannah and/or Broadmoor, that is a part of or related to, in any way, any variation or iteration identified.

**ANSWER**: TCM objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM; and to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court. Without waiving any objection, TCM states that no variations of the Homestead Collection or of the Bayview and/or Broadmoor units within the Homestead Collection exist.

**INTERROGATORY NO. 3**: Please identify, by product name and location, all back-to-back style town home products that you have ever sold. Include, but do not limit, in your response, the year in which you, or someone acting on your behalf, purport to have created the design for such back-to-back town home product, the identity of the individual or entity who purports to

have created such back-to-back town home product, and identify the date and location of the first back-to-back town home product you constructed.

**<u>ANSWER</u>**: TCM objects to this request on the grounds that it is overly broad, and unduly burdensome; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM; and to the extent the scope and relevance of the discovery sought by Plaintiff is currently before the Court. Without waiving any objection, TCM states that it has not built any back-to-back town homes other than those in its Homestead Collection. Information regarding when and by whom the Homestead Collection back-to-back town home products were created has already been produced to Plaintiff, either by TCM or third parties.

**<u>INTERROGATORY NO. 4</u>:** Please identify all resources you receive from Defendant Town & Country Homes. Include, but do not limit, in your response all financial resources, craftsmanship resources, administrative resources, management and/or personnel resources, product development resources, sales and/or marketing resources and/or any other resources used by you in connection with your business operations. For each resource identified, describe, in detail, the manner in which you receive the resource, the monetary value of the resource and the manner in which you implement the resource in your business operations.

**<u>ANSWER</u>**: TCM objects to this request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome; to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

Dated: August 12, 2002

Dean R. Karau (#225186)
Robin Preble (#271901)
**FREDRIKSON & BYRON, P.A.**
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

#2684701\1

VERIFICATION

I, Arthur J. Plante, declare that the following statements are true and correct:

I am President of Town & Country Homes, Inc., a Minnesota corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Eden Prairie Minnesota, this ____ day of August, 2002.

By_______________________________________
Arthur J. Plante

#2684701\1