Exhibit K

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation, and
Town & Country Homes, Inc., a
Minnesota corporation,

Defendants,

and,

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc.,
an Iowa Corporation and

Third-Party Defendant.

Civil Action No. 01-CV-1980 DSD/SRN

DEFENDANT
PINNACLE CORPORATION'S RESPONSES
AND OBJECTIONS TO PLAINTIFF'S
DISCOVERY REQUESTS (SET IV)

RECEIVED
DEC 20 2002
DAVID A. DAVENPORT

TO: PLAINTIFF THE ROTTLUND COMPANY, INC. AND ITS ATTORNEY, DAVID DAVENPORT, WINTHROP & WEINSTINE, P.A., 3000 DAIN RAUSCHER PLAZA, 60 SOUTH SIXTH STREET, MINNEAPOLIS, MN 55402

Defendant Pinnacle Corporation ("Pinnacle") responds to Plaintiff's Discovery Requests to Pinnacle Corporation (Set IV) as follows:

GENERAL OBJECTIONS

1. Pinnacle objects to the requests for production to the extent they seek documents protected from discovery by reason of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

2. Pinnacle objects to the requests for production to the extent they seek documents containing confidential or proprietary information or information subject to federal or state statutory law governing confidentiality. Pinnacle will produce such documents only pursuant to an appropriate protective order or other confidentiality agreement and in accordance with the obligations imposed by any applicable federal or state statute.

3. Pinnacle objects to the definitions and instructions as being unduly burdensome and creating duties and burdens on Pinnacle in excess of the permissible scope of discovery under the Federal Rules of Civil Procedure. The Rules contain no authority allowing Plaintiff to supply definitions and instructions that are additional or contrary to those found in the Rules. Pinnacle will apply the everyday meaning of all words and terms.

4. Any response indicating that Pinnacle will produce all responsive documents in its possession, custody, or control should not be construed as a representation that any such documents exists.

5. Pinnacle objects to the time period Plaintiff purports to apply to the interrogatories and requests. Plaintiff alleges that the acts of infringement commenced in February 2000. Therefore, Pinnacle will generally confine its

production of documents and information to the period of time beginning on February 1, 2000, to the commencement of the action.

6. Pinnacle objects to the interrogatories and requests to the extent that they call for the production by Pinnacle of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

7. Pinnacle objects to the interrogatories and requests to the extent that they call for the production by Pinnacle of information and documents as to which other non-parties may be able to assert a need for an appropriate stipulation as to confidentiality and protective order.

These responses and answers contain the best information presently available to Pinnacle, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other facts or investigation by Pinnacle. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, Pinnacle hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

Pinnacle gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## INTERROGATORIES

INTERROGATORY NO. 1: Please describe in all possible detail what you mean by "Related Party Transactions" in your Financial Statements, bates-

labeled PIN00432 through 463. Include in your response, but do not limit it to, an identification of each "Related Party Transaction" that occurred from 1997 to present.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examination of Pinnacle, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

INTERROGATORY NO. 2: Please describe in all possible detail your affiliation with the following entities: 1) Foxford Development; 2) National Developers, Inc.; 3) Town & Country Homes, Inc. of Minnesota; 4) Pinnacle Home Mortgage Company; 5) Pinnacle Corp. of Central Florida, Inc.; 6) TCH, Inc.; and 7) Town & Country Builders (Boca Raton, Florida) ("Affiliated Entities"). Include in your response, but do not limit it to, an identification of all owners and/or officers of the Affiliated Entities, a description of the nature and scope of the Affiliated Entities' business, an identification of any revenues you receive from the Affiliated Entities, an identification of the projects/developments in which you are aware the Affiliated Entities are involved with, in any way, and the geographic scope of the Affiliated Entities' business.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle, is duplicative of previous discovery requests, including, most recently, the

Rule 30(b)(6) examination of Pinnacle, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

INTERROGATORY NO. 3: Please describe the Affiliated Entities' involvement with, in any way, any aspect of the following developments and/or products:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Washington Square Development;
g. Bayview town home;
h. Starwood town home;
i Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiffs allegations contained within the Complaint; and/or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examination of Pinnacle, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome. Subject to and without waiving those objections, Pinnacle states

that National Developers, Inc., provided land development expertise and resources in connection with the development of the land on which the Washington Square development was built. Pinnacle states also that TCH, Inc., charged Pinnacle for providing Pinnacle with the services of certain employees who had involvement with the Washington Square development.

INTERROGATORY NO. 4. Please identify all developments and/or products in which you have been involved with, in any way, in which the Affiliated Entities were also involved with, in any way, and describe your involvement and the Affiliated Entities' involvement in these developments and/or products.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examination of Pinnacle, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

INTERROGATORY NO. 5: Please identify who took the photograph affixed to document bates labeled BSB02035A and wrote the instruction " see Rottlund product."

ANSWER: Pinnacle objects to this interrogatory as misstating the contents of document BSB02035A. Subject to and without waiving that objection, Pinnacle states that its investigation continues, but it believes that Art Plante

of Town & Country Homes, Inc., may have taken the original photo that was reproduced on the document Bates-labeled BSB02035A. Pinnacle states further that its investigation continues but it believes that Art Plante wrote the words "see Rottlund Product" on the document Bates-labeled BSB02035A.

INTERROGATORY NO. 6: Please describe all of your document retention policies from 1996 to present.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is overly broad. Subject to and without waiving its objection, Pinnacle states that it has had no formal document retention policies from 1996 to the present.

INTERROGATORY NO. 7: Please identify all competitor brochures, as described by Art Plante in document bates-labeled BSB01930, related, in any way, to the following:

a. Defendant Town & Country Homes, Inc.;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiffs allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

ANSWER: Pinnacle objects to this interrogatory on the grounds that it is vague, and overly broad, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving those objections, Pinnacle states that it is not unusual for its employees, in their efforts to remain informed about the home-building market, to review brochures from other builders.

DOCUMENT REQUESTS

REQUEST NO. 1: Please produce all documents that relate to your answers to the Interrogatories propounded herein.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

REQUEST NO. 2: Please produce all documents that relate to and/or constitute architectural design plans, including, but not limited to, drafts of such plans, for any townhomes that the Affiliated Entities were involved with in any way.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, vague, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Pinnacle further states that it has already produced its architectural design plans dating back to 1990.

REQUEST NO. 3: Please produce all documents upon which you relied upon, in any way, for your decision to enter the Minnesota housing market.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to and without waiving those objections, Pinnacle states it did not enter the Minnesota housing market.

REQUEST NO. 4: Please produce all documents *which* constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to your decision to enter the Minnesota housing market.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to and without waiving those objections, Pinnacle states it did not enter the Minnesota housing market.

REQUEST NO. 5: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, any of the following:

a. Defendant Town & Country Homes, Inc.;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;

g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiffs allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

REQUEST NO. 6: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, preliminary research, product and/or concept design, market research and/or analysis, and/or the design, development and creation of the Bayview, Starwood, Savannah, Broadmoor and/or Garfield town homes.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

REQUEST NO. 7: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, communications with any architect, including, but not limited to your in-house architect(s), third-party architect(s), and/or the Third-Party Defendant named above related to preliminary research, product and/or concept design,

market research and/or analysis, and or the design, development and creation of the Bayview, Starwood, Savannah, Broadmoor and/or Garfield town homes.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to and without waiving those objections, Pinnacle will produce the responsive, non-privileged documents in its possession.

REQUEST NO. 8: Please produce all documents related, in any way, to Steve Sandelin's July 9, 2001 facsimile transmittal to Larry Moore regarding copyright infringement.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to and without waiving those objections, Pinnacle will produce the responsive, non-privileged documents in its possession.

REQUEST NO. 9: Please produce all correspondence between Michael Ryan, Thomas Ryan, Peter Brennan, Paul Anderson, Steve Sandelin, Edward Fitch, Michael Rusk, Arthur Plante, Larry Moore, Chris Jorgenson, Doug Buster, Doug Sharp and/or Jim Grundmeier related, in any way, to the following:

a. Defendant Town & Country Homes, Inc.;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;

e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff s allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

RESPONSE: Pinnacle objects to this request on the grounds that it is vague, overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

REQUEST NO. 10: Please produce all competitor brochures, as described by Art Plante in document bates-labeled BSB01930, related, in any way, to the following:

a. Defendant Town & Country Homes, Inc.;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;;
i. Starwood town home;
j. Broadmoor town horse;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

RESPONSE: Pinnacle objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections, Pinnacle will produce the responsive, non-privileged documents in its possession.

REQUEST NO. 11: Please produce the file with the documentation pertaining to the design and development of your Homestead Collection town homes, which is referenced by Art Plante in document bates-labeled BSB01930.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to those objections, Pinnacle states that it has not designed or developed Homestead Collection town homes.

REQUEST NO. 12: Please produce all videotapes and/or photography, including, but not limited to those referenced by Art Plante in document bates-labeled BSB01927, which relate, in any way, to the following:

a. Defendant Town & Country Homes, Inc.;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;

k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle.

REQUEST NO. 13: Please produce all document retention policies from 1996 to present.

RESPONSE: Pinnacle objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm Pinnacle. Subject to those objections, Pinnacle states that it has no such documents.

Dated: December 20, 2002

Edward F. Ryan
Scott W. Petersen
Matthew I. Farmer
HOLLAND & KNIGHT LLC
55 W. Monroe, Suite 800
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

David Donna (#163624)
DONNA & DALY, P.C.
1460 Buffet Way, Suite 150
Eagan, MN 55121
Telephone: (651) 406-4250

ATTORNEYS FOR DEFENDANT
PINNACLE CORPORATION

# VERIFICATION

I, Paul J. Anderson, declare that the following statements are true and correct:

I am Chief Financial Officer of Pinnacle Corporation, an Illinois corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories 3 and 6, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Minneapolis, Minnesota, this 20th day of December, 2002.

By [signature]
Paul J. Anderson

# VERIFICATION

I, Steven R. Sandelin, declare that the following statements are true and correct:

I am Vice President of Product Design of Pinnacle Corporation, an Illinois corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories 5 and 7, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Lombard, Illinois, this 19 day of December, 2002.

By [signature]
Steven R. Sandelin

CHI1 #198918 v1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true copy of Pinnacle Corporation's Responses and Objections to Plaintiff's Discovery Requests (Set IV) was served this 20th day of December, 2002, via facsimile and regular mail, upon all counsel of record, addressed as follows:

David A. Davenport
Winthrop & Weinstine, P.A.
3000 Dain Rauscher Plaza
60 S. Sixth Street
Minneapolis, MN 55402

Robin J. Preble
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 S. Sixth Street
Minneapolis, MN 55402

Holly J. Newman
Moore, Costello & Hart, P.L.L.P.
701 Fourth Avenue South, Suite 1350
Minneapolis, MN 55101

Scott W. Petersen

Date: December 20, 2002

DEC-20-02 15:54 FROM- T-185 P.001/020 F-980

Fredrikson & BYRON

**FAX**

| | | | |
|---|---|---|---|
| DATE: | December 20, 2002 | | |
| TO: | **David Davenport, Esq.** | TO: | **Matthew Farmer, Esq.** |
| COMPANY: | Winthrop & Weinstine, P.A.<br>3000 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402-4430 | COMPANY: | Holland & Knight LLP<br>55 West Monroe Street<br>Suite 800<br>Chicago, IL 60603 |
| FAX: | 612 347-0600 | FAX: | 312 578-6666 |
| DIRECT DIAL: | 612 347-0700 | DIRECT DIAL: | 312 263-3600 |
| TO: | **Holly J. Newman** | TO: | |
| COMPANY: | Moore, Costello & Hart, P.L.L.P.<br>701 Fourth Avenue South<br>Suite 1350<br>Minneapolis, MN 55401 | COMPANY: | |
| FAX: | 612 395-8600 | FAX: | |
| DIRECT DIAL: | 612 395-8695 | DIRECT DIAL: | |

FROM: Darren Schwiebert
DIRECT DIAL: (612) 492-7312
TOTAL NUMBER OF PAGES (including this page): 20 10

COMMENTS:

20-12-02P03:47 RCVD

main 612.492.7000
fax 612.492.7077
www.fredlaw.com

Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota
55402-1425

OFFICES: Minneapolis, London AFFILIATES: Mexico City, Warsaw, Montreal, Toronto, Vancouver

**CONFIDENTIALITY NOTICE**

The document(s) accompanying this fax contain confidential information which is legally privileged. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the telecopied information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original document to us.

**FAX CENTER USE**

EMPL.: 1582
C/M: 31662-070
EQ. NO. ENTERED:
NAME: Darren Schwiebert
EXT. 7312 / 39
VERIFIED: dbs

IF YOU DO NOT RECEIVE ALL PAGES OR ARE EXPERIENCING OTHER PROBLEMS IN TRANSMISSION, PLEASE CALL 612.492.7835. THANK YOU.