Exhibit L

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Rottlund Company, Inc.,
d/b/a Rottlund Homes,
a Minnesota Corporation,

Plaintiff,

v.

Pinnacle Corporation,
d/b/a Town & Country Homes,
an Illinois Corporation and
Town & Country Homes, Inc.,
a Minnesota Corporation,

Defendants,

and,

Town & Country Homes, Inc.,
a Minnesota Corporation,

Third-Party Plaintiff,

v.

Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc.,
an Iowa Corporation and

Third-Party Defendant.

Civil Action No. 01-CV-1980 DSD/SRN

**TOWN & COUNTY HOMES, INC.'S ANSWERS TO PLAINTIFF'S DISCOVERY (SET III)**

RECEIVED
DEC 20 2002
DAVID A. DAVENPORT

TO: PLAINTIFF THE ROTTLUND COMPANY, INC. AND ITS ATTORNEY, DAVID DAVENPORT, WINTHROP & WEINSTINE, P.A., 3000 DAIN RAUSCHER PLAZA, 60 SOUTH SIXTH STREET, MINNEAPOLIS, MN 55402

Defendant, Town & Country Homes, Inc. ("TCM"), for its responses to Plaintiff's discovery requests to Town & Country Homes, Inc. (Set III), states as follows:

GENERAL OBJECTIONS

1. TCM objects to providing any response or answer which constitutes the work product of its attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege or immunity doctrines. Information subject to such objections will be withheld from production.

2. TCM objects to the interrogatories and document requests to the extent that they call for confidential, proprietary and/or trade secret information that, if publicly disseminated, would injure TCM in its business. TCM will provide such information only if the information is relevant or reasonably calculated to lead to the discovery of admissible evidence, and only pursuant to the terms of the Confidentiality Stipulation and Protective Order in this matter.

3. TCM objects to the definitions and instructions as being unduly burdensome and creating duties and burdens on TCM in excess of the permissible scope of discovery under the Federal Rules of Civil Procedure. The Rules contain no authority allowing Plaintiff to supply definitions and instructions that are additional or contrary to those found in the Rules. TCM will apply the everyday meaning of all words and terms.

4. TCM objects to any definition, instruction, interrogatory or request to the extent that it purports to place a continuing obligation upon TCM to supplement its responses and answers in excess of the obligations set forth in the Federal Rules of Civil Procedure. TCM states that it will comply with the requirements of the Rules with respect to supplementing its responses and answers.

5. TCM objects to the definitions of "Defendants" and "TCM" in their entirety. Defendant Pinnacle Corporation's legal name is Pinnacle Corporation, and TCM's legal name is Town & Country Homes, Inc.

6. TCM objects to the time period Plaintiff purports to apply to the interrogatories and requests. Plaintiff alleges that the acts of infringement commenced in February 2000. Therefore, TCM will generally confine its production of documents and information to the period of time beginning on February 1, 2000, to the commencement of the action.

7. TCM objects to the interrogatories and requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

8. TCM objects to the interrogatories and requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert a need for an appropriate stipulation as to confidentiality and protective order.

These responses and answers contain the best information presently available to TCM, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other facts or investigation by TCM. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, TCM hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

TCM gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please describe in all possible detail what you mean by "Related Party Transactions" in your Financial Statements, bates-labeled D00817 through 832 and D01245 through 1280. Include in your response, but do not limit it to, an identification of each "Related Party Transaction" that occurred from 1997 to present.

**ANSWER**: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the

disclosure of which would irreparably harm TCM, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examinations of Pinnacle and the Rule 30(b)(6) examination of TCM, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

__INTERROGATORY NO. 2__: Please describe in all possible detail your affiliation with the following entities: 1) Foxford Development of Minnesota; 2) Foxford Development; 3) National Developers, Inc.; 4) Pinnacle Corporation d/b/a Town & Country Homes; 5) Pinnacle Home Mortgage Company; 6) Pinnacle Corp. of Central Florida, Inc.; 7) TCH, Inc.; 8) Town & Country Builders (Boca Raton, Florida); and 9) Foxford LLC ("Affiliated Entities"). Include in your response, but do not limit it to, an identification of all owners and/or officers of the Affiliated Entities, a description of the nature and scope of the Affiliated Entities' business, an identification of any revenues you receive from the Affiliated Entities, an identification of the projects/developments in which you are aware the Affiliated Entities are involved with, in any way, and the geographic scope of the Affiliated Entities' business.

__ANSWER__: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examinations of Pinnacle and the Rule 30(b)(6) examination of TCM, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

__INTERROGATORY NO. 3__: Please describe the Affiliated Entities' involvement with, in any way, any aspect of the following developments and/or products:

a. Centennial Crossing Development;
b. Harvest Hills Development;
c. Cornerstone Lake Development;
d. Providence Pointe Development;
e. Springbrooke Development;
f. Washington Square Development;
g. Bayview town home;

h. Starwood town home;
i. Broadmoor town home;
j. Savannah town home;
k. Garfield town home;
l. Plaintiff's allegations contained with the Complaint, and/or
m. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

ANSWER: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examination of Pinnacle and the Rule 30(b)(6) examination of TCM, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome. TCM further objects to this Interrogatory as assuming facts not in evidence, specifically that TCM has any knowledge of or involvement with the Washington Square Development, or Garfield town home. Subject to and without waiving those objections, TCM states that National Developers, Inc., provided land development expertise and resources in connection with the development of the land on which the Washington Square development was built.

INTERROGATORY NO. 4: Please identify all developments and/or products in which you have been involved with, in anyway, in which the Affiliated Entities were also involved with, in any way, and describe your involvement and the Affiliated Entities' involvement in these developments and/or products.

ANSWER: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM, is duplicative of previous discovery requests, including, most recently, the Rule 30(b)(6) examinations of Pinnacle and the Rule

30(b)(6) examination of TCM, during which Rottlund had ample opportunity to obtain the information sought, and that the information sought is (and was) obtainable from some other source that is more convenient and less burdensome.

<u>INTERROGATORY NO. 5</u>: Please identify who took the photograph affixed to document bates-labeled BSB02035A and wrote the instruction "see Rottlund product."

<u>ANSWER</u>: TCM objects to this interrogatory as misstating the contents of document BSB02035A. Subject to and without waiving that objection, TCM states that its investigation continues, but it believes that Art Plante of Town & Country Homes, Inc., may have taken the original photo that was reproduced on the document Bates-labeled BSB02035A. TCM states further that its investigation continues but it believes that Art Plante wrote the words "see Rottlund Product" on the document Bates-labeled BSB02035A.

<u>INTERROGATORY NO. 6</u>: Please describe all of your document retention policies from 1996 to present.

<u>ANSWER</u>: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that it does not have any formal document retention policies.

<u>INTERROGATORY NO. 7</u>: Please identify all competitor brochures, as described by Art Plante in document bates-labeled BSB01930, related, in any way, to the following:

a. Defendant Pinnacle;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Point Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;

k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**ANSWER**: TCM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objection, TCM states that it does not currently have any of the brochures referenced in BSB 01930 in its custody or control.

## DOCUMENT REQUESTS

**REQUEST NO. 1**: Please produce all documents that relate to your answers to the Interrogatories propounded herein.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 2**: Please produce all documents that relate to and/or constitute architectural design plans, including, but not limited to, drafts of such plans, for any townhomes that the Affiliated Entities were involved with in any way.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, vague, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further states that it has already produced its architectural design plans dating back to 1990.

**REQUEST NO. 3**: Please produce all documents upon which you relied upon, in any way, for your decision to enter the Minnesota housing market.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 4**: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to your decision to enter the Minnesota housing market.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM.

**REQUEST NO. 5**: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, any of the following:

a. Defendant Pinnacle;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiffs allegations contained within the Complaint; and/or

n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM.

**REQUEST NO. 6**: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, preliminary research, product and/or concept design, market research and/or analysis, and/or the design, development and creation of the Bayview, Starwood, Savannah, Broadmoor and/or Garfield town homes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM.

**REQUEST NO. 7**: Please produce all documents which constitute Michael Ryan's, Thomas Ryan's, Peter Brennan's, Paul Anderson's, Steve Sandelin's, Edward Fitch's, Michael Rusk's and/or Arthur Plante's files related to, in any way, communications with any architect, including, but not limited to your in-house architect(s), third-party architect(s), and/or the Third-Party Defendant named above related to preliminary research, product and/or concept design, market research and/or analysis, and/or the design, development and creation of the Bayview, Starwood, Savannah, Broadmoor and/or Garfield town homes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM. Subject to and without waiving those objections, TCM will produce the responsive, non-privileged documents in its possession.

**REQUEST NO. 8**: Please produce all documents related, in any way, to Steve Sandelin's July 9, 2001 facsimile transmittal to Larry Moore regarding copyright infringement.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM. TCM objects to this request to the extent it seeks information protected by the work-product doctrine and the attorney-client privilege. Subject to and without waiving those objections, TCM states that it has no such documents.

**REQUEST NO. 9**: Please produce all correspondence between Michael Ryan, Thomas Ryan, Peter Brennan, Paul Anderson, Steve Sandelin, Edward Fitch, Michael Rusk, Arthur Plante, Larry Moore, Chris Jorgenson, Doug Buster, Doug Sharp and/or Jim Grundmeier related, in any way, to the following:

a. Defendant Pinnacle;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;

k. Savannah town home;
l. Garfield town home;
m. Plaintiffs allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. TCM further objects to this request as calling for information not in the possession, custody or control of TCM.

**REQUEST NO. 10**: Please produce all competitor brochures, as described by Art Plante in document bates-labeled BSB01930, related, in any way, to the following:

a. Defendant Pinnacle;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff s allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objection, TCM states that it does not currently have any of the brochures referenced in BSB 01930 in its custody or control.

**REQUEST NO. 11**: Please produce the file with the documentation pertaining to the design and development of your Homestead Collection town homes, which is referenced by Art Plante in document bates-labeled BSB01930.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. Subject to and without waiving those objections, TCM states that all such documents have previously been produced.

**REQUEST NO. 12**: Please produce all videotapes and/or photography, including, but not limited to those referenced by Art Plante in document bates-labeled BSB01927, which relate, in any way, to the following:

a. Defendant Pinnacle;
b. Centennial Crossing Development;
c. Harvest Hills Development;
d. Cornerstone Lake Development;
e. Providence Pointe Development;
f. Springbrooke Development;
g. Washington Square Development;
h. Bayview town home;
i. Starwood town home;
j. Broadmoor town home;
k. Savannah town home;
l. Garfield town home;
m. Plaintiff's allegations contained within the Complaint; and/or
n. Any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM.

**REQUEST NO. 13**: Please produce all document retention policies from 1996 to present.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, duplicative of previous discovery requests, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information the disclosure of which would irreparably harm TCM. Subject to those objections, TCM states that it has no such documents.

Dated: December 20, 2002

Dean R. Karau (#225186)
Darren B. Schwiebert (#0260642)
Robin Preble (#271901)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

#2737569\2

**VERIFICATION**

I, Paul J. Anderson, declare that the following statements are true and correct:

I am Chief Financial Officer of Town & Country Homes, Inc., a Minnesota corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories 3 and 6, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Minneapolis, Minnesota, this 20th day of December, 2002.

By [signature]
Paul J. Anderson

## VERIFICATION

I, Arthur J. Plante, declare that the following statements are true and correct:

I am President of Town & Country Homes, Inc., a Minnesota corporation, and am authorized to make this verification for and on its behalf;

I have read the foregoing answers to Plaintiff's interrogatories 5 and 7, I have relied on officers, employees and attorneys to provide information used in formulating the answers, the answers were limited thereby, and to the best of my knowledge and belief at the time of the formulation of the answers, the answers were true and correct.

Executed at Minneapolis, Minnesota, this 20 day of December, 2002.

By ____________________
Arthur J. Plante

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true copy of Town & Country Homes Inc.'s Responses and Objections to Plaintiff's Discovery Requests (Set III) was served this 20th day of December, 2002, via facsimile and regular mail, upon all counsel of record, addressed as follows:

David A. Davenport
WINTHROP & WEINSTINE, P.A.
3000 Dain Rauscher Plaza
60 S. Sixth Street
Minneapolis, MN 55402

Matthew I. Farmer
HOLLAND & KNIGHT LLC
55 W. Monroe, Suite 800
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

Holly J. Newman
MOORE, COSTELLO & HART, P.L.L.P.
701 Fourth Avenue South, Suite 1350
Minneapolis, MN 55101

Date: December 20, 2002

Darren B. Schwiebert

DEC-20-02 16:00 FROM- T-187 P.001/018 F-982

Fredrikson & BYRON

# FAX

DATE: December 20, 2002

TO: David Davenport, Esq.
COMPANY: Winthrop & Weinstine, P.A.
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402-4430
FAX: 612 347-0600
DIRECT DIAL: 612 347-0700

TO: Matthew Farmer, Esq.
COMPANY: Holland & Knight LLP
55 West Monroe Street
Suite 800
Chicago, IL 60603
FAX: 312 578-6666
DIRECT DIAL: 312 263-3600

TO: Holly J. Newman
COMPANY: Moore, Costello & Hart, P.L.L.P.
701 Fourth Avenue South
Suite 1350
Minneapolis, MN 55401
FAX: 612 395-8600
DIRECT DIAL: 612 395-8695

TO:
COMPANY:
FAX:
DIRECT DIAL:

FROM: Darren Schwiebert
DIRECT DIAL: (612) 492-7312
TOTAL NUMBER OF PAGES (including this page): 18 10

COMMENTS:

20-12-02P03:43 RCD

main 612.492.7000
fax 612.492.7077
www.fredlaw.com

Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota
55402-1425

OFFICES: Minneapolis, London AFFILIATES: Mexico City, Warsaw, Montreal, Toronto, Vancouver

**CONFIDENTIALITY NOTICE**

The document(s) accompanying this fax contain confidential information which is legally privileged. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the telecopied information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original document to us.

**FAX CENTER USE**

EMPL: 1582
C/M: 31662-070
EQ. NO. ENTERED:
NAME: Darren Schwiebert
EXT: 7312 / 39
VERIFIED: dbs

IF YOU DO NOT RECEIVE ALL PAGES OR ARE EXPERIENCING OTHER PROBLEMS IN TRANSMISSION, PLEASE CALL 612.492.7835. THANK YOU.