Exhibit N

9/3/03

FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants,<br><br>and<br><br>Town & County Homes, Inc., a Minnesota Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation,<br><br>Third-Party Defendant. | No.: 01-CV-1980 (DSD/SRN)<br><br>**TOWN & COUNTRY HOMES, INC.'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS (SET V)** |

TO: PLAINTIFF ABOVE-NAMED AND ITS ATTORNEY, CRAIG KRUMMEN, WINTHROP & WEINSTINE, P.A., 225 SOUTH SIXTH STREET, SUITE 3500, MINNEAPOLIS, MINNESOTA, 55402:

Defendant Town & Country Homes, Inc., for its Responses to Plaintiff's Discovery Requests (Set V), states the following:

RECEIVED

SEP 04 2003

CRAIG S. KRUMMEN

**GENERAL OBJECTIONS**

1. TCM objects to providing any response or answer which constitutes the work product of its attorneys and/or is privileged from discovery by virtue of the attorney/client privilege or other privilege or immunity doctrines. Information subject to such objections will be withheld from production.

2. TCM objects to the document requests to the extent that they call for confidential, proprietary and/or trade secret information that, if publicly disseminated, would injure TCM in its business. TCM will provide such information only if the information is relevant or reasonably calculated to lead to the discovery of admissible evidence, and only pursuant to the terms of the Confidentiality Stipulation and Protective Order in this matter.

3. TCM objects to the definitions and instructions as being unduly burdensome and creating duties and burdens on TCM in excess of the permissible scope of discovery under the Federal Rules of Civil Procedure. The Rules contain no authority allowing Plaintiff to supply definitions and instructions that are additional or contrary to those found in the Rules. TCM will apply the everyday meaning of all words and terms.

4. TCM objects to any definition, instruction, or request to the extent that it purports to place a continuing obligation upon TCM to supplement its responses and answers in excess of the obligations set forth in the Federal Rules of Civil Procedure. TCM states that it will comply with the requirements of the Rules with respect to supplementing its responses and answers.

5. TCM objects to the definitions of "Defendants" and "TCM" in their entirety. Defendant Pinnacle Corporation's legal name is Pinnacle Corporation, and TCM's legal name is Town & Country Homes, Inc.

6. TCM objects to the time period Plaintiff purports to apply to the interrogatories and requests. Plaintiff alleges that the acts of infringement commenced in February 2000. Therefore, TCM will generally confine its production of documents and information to the period of time beginning on February 1, 2000, to the commencement of the action.

7. TCM objects to the requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert privileges and immunities barring production.

8. TCM objects to the requests to the extent that they call for the production by TCM of information and documents as to which other non-parties may be able to assert a need for an appropriate stipulation as to confidentiality and protective order.

These responses and answers contain the best information presently available to TCM, including its present state of recollection, and are given subject to such refreshing recollection and such additional knowledge of facts as result from discovery from the action or from other facts or investigation by TCM. In the event that discovery or other pretrial preparation develops further information with respect to the responses and answers, TCM hereby reserves the right to supplement, clarify, revise, or correct any and all responses and answers.

TCM gives these responses and answers subject to all objections to admissibility that may be interposed at trial.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents which reference, relate to, constitute, and/or concern the "competition product survey for Minneapolis area" referenced in the May, 1998 transmittal cover sheet from Larry to Steve Sandelin (one copy of which is Bates labeled BSB01944).

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, TCM states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 2:** All documents which reference, relate to, constitute, and/or concern billing records, timesheets, calendars, etc. of each and every TCM representative that had any involvement in designing and/or reviewing the designs of any TCM and/or Pinnacle back to back townhome product.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:** All documents which reference, relate to, constitute, and/or concern any and all tours taken by each and every TCM representative of Rottlund's back to back townhomes at any time from 1987 to the present time.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 4:** All documents which reference, relate to, constitute, and/or concern Rottlund's back to back townhomes, including but not limited to: notes, pictures, competition surveys, marketing brochures, floorplans, design documents, construction documents, bidding documents, blueprints, etc.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 5:** All documents which reference, relate to, constitute, and/or concern TCM's back to back townhome design.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 6:** All documents which reference, relate to, constitute, and/or concern back to back townhome materials, information, designs, memoranda, correspondence, etc., that TCM received from BSB, Pinnacle, and/or from Tracy Cross at any time from 1987 to the present time.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 7:** All documents which reference, relate to, constitute, and/or concern Rottlund's back to back home.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 8:** All documents which reference, relate to, constitute, and/or concern each and every back to back townhome competition product survey TCM generated, received, and/or had access to at any time from 1987 to the present time.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**: All documents which reference, relate to, constitute, and/or concern back to back townhomes that BSB forwarded to TCM prior to the time that BSB was named as a third party defendant in this litigation.

**RESPONSE**: TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 10**: All documents which reference, relate to, constitute, and/or concern back to back townhomes that TCM forwarded to BSB prior to the time that BSB was named as a third party defendant in this litigation.

**RESPONSE**: TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 11**: All documents which reference, relate to, constitute, and/or concern back to back townhomes that BSB forwarded to TCM after BSB was named as a third party defendant in this litigation.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM

states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 12:** All documents which reference, relate to, constitute, and/or concern back to back townhomes that TCM forwarded to BSB after BSB was named as a third party defendant in this litigation.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 13:** All documents, specifically including but not limited to electronic CAD files, which reference, relate to, constitute, and/or concern back to back townhomes that were forwarded to any architect firm that purported to represent Pinnacle and/or TCM.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:** All documents which reference, relate to, constitute, and/or concern back to back townhomes (i.e., marketing brochures, floorplans, elevations, blueprints, photographs, design documents, construction documents, etc.) built by any entity other than Rottlund.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 15**: All documents which reference, relate to, constitute, and/or concern Steve Sandelin's Minnesota file.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM. TCM believes, however, that the relevant documents responsive to this request have already been produced in this litigation.

**REQUEST NO. 16**: All electronic files which reference, relate to, constitute, and/or concern BSB's design work for Pinnacle's and/or TCM's back to back townhomes including but not limited to CAD files.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM.

**REQUEST NO. 17**: All electronic files which reference, relate to, constitute, and/or concern any architect firm's design work for Pinnacle's and/or TCM's back to back townhomes including but not limited to CAD files.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM.

**REQUEST NO. 18**: All documents which reference, relate to, constitute, and/or concern TCM's ethics guidelines.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**<u>REQUEST NO. 19</u>:** All documents which reference, relate to, constitute, and/or concern Tushie Montgomery Architects and its involvement regarding any and/or all Pinnacle and/or TCM back to back townhome design.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM. Without waiving any objection, TCM will produce responsive, relevant, non-privileged documents in its possession, custody or control.

**<u>REQUEST NO. 20</u>:** All documents which reference, relate to, constitute, and/or concern TCM's responses to the Interrogatories set forth below, including but not limited to Interrogatory No. 4.

**<u>RESPONSE</u>:** TCM objects to this request on the basis of the attorney client privilege and the word product doctrine.

**<u>REQUEST NO. 21</u>:** All documents which TCM intends to enter into evidence at trial through any fact witness and/or expert witness, whether during direct examination or cross-examination.

**<u>RESPONSE</u>:** TCM objects to this request as untimely. TCM will identify its exhibits pursuant to the instructions of the trial court. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 22:** To the extent not previously requested, all documents which reference, relate to, constitute, and/or concern the factual allegations and legal claims set forth in Rottlund's Fourth Amended Complaint.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 23:** All documents which constitute or concern materials exchanged among Tom Ryan, Ed Fitch, Mark Loehner, Steve Sandelin, Rich Bush and/or any other individual on the design team for TCM's back to back product.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM.

**REQUEST NO. 24:** All documents generated and/or received by Art Plante, Tim Johnson, and/or Mark Krantz concerning back to back townhome design work.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request to the extent that it seeks documents that are not within the custody or control of TCM. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 25:** All documents concerning TCM's density requirements for any development where TCM has constructed and/or is intending to construct a back to back townhome.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 26:** All municipality density requirements for each and every development wherein TCM constructed and/or intends to construct a back to back townhome.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 27:** All documents received from Steve Sandelin concerning back to back townhome designs and/or this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 28:** All documents received from Tom Ryan concerning back to back townhome designs and/or this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 29:** All documents received from Mike Ryan concerning back to back townhome designs and/or this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 30:** All documents received from William Ryan concerning back to back townhome designs and/or this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 31:** All documents regarding converting the designs for TCM's back to back townhomes into designs for Pinnacle's back to back townhomes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 32**: All documents regarding the jurisdictional transfer of back to back townhome designs from BSB's Illinois office.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 33**: All documents from Joe Safin at BSB's Illinois office to any TCM representative regarding back to back townhomes.

**RESPONSE**: TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 34**: All documents generated by Doug Buster and received by any representative of TCM regarding back to back townhomes.

**RESPONSE**: TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 35:** All documents concerning revisions made to the designs for TCM's back to back townhomes and/or the creation of designs for Pinnacle's back to back townhomes.

**RESPONSE:** TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 36:** All documents regarding negotiations with BSB's Illinois office concerning the scope of architectural services for TCM's back to back townhome designs.

**RESPONSE:** TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 37:** All documents in the project files maintained by Art Plante and/or Tim Johnson concerning any and/or all Pinnacle and/or TCM back to back townhome products.

**RESPONSE:** TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 38**: All correspondence with trade contractors concerning Pinnacle's and/or TCM's back to back townhome products.

**RESPONSE**: TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 39**: All correspondence and attachments sent to or received from any and all architects concerning Pinnacle's and/or TCM's back to back townhome products.

**RESPONSE**: TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 40**: All interoffice memoranda, e-mails and/or correspondence concerning Pinnacle's and/or TCM's back to back townhome products.

**RESPONSE**: TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 41:** All documents which constitute and/or concern marketing materials concerning Pinnacle's and/or TCM's back to back townhome products.

**RESPONSE:** TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 42:** All documents which constitute and/or concern communications between Bob Lange and TCM's representatives concerning TCM's and/or Pinnacle's back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 43:** All documents, including but not limited to, correspondence and attachments between Steve Sandelin and Art Plante concerning back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 44:** All documents which reference, relate to and/or concern Rottlund's cease and desist letter dated July 5, 2001, and addressed to Mr. Michael Ryan.

**RESPONSE:** TCM objects to this request on the basis of the attorney client privilege and the word product doctrine.

**REQUEST NO. 45:** All documents which reflect meetings with BSB of Iowa and Pinnacle regarding TCM of Minnesota's and/or Pinnacle's back to back townhome product.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 46:** All designs, sketches, elevations, plans, etc., Arte Plante and/or Tim Johnson reviewed regarding TCM's and/or Pinnacle's back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 47:** All documents which constitute and/or concern design concepts that Art Plante received from BSB of Iowa and/or from Steve Sandelin and/or Doug Buster concerning back to back townhomes.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 48:** All documents which constitute and/or concern competitor brochures concerning back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 49:** All documents which constitute and/or concern floor plans concerning competitors' back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 50:** All photographs concerning tours of back to back townhome products located in Minnesota.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 51**: All marketing brochures of back to back townhome products located in Minnesota.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 52**: All photographs taken during the product tour(s) which Mr. Plante took of Rottlund's Villa II back to back townhome.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 53**: All marketing brochures taken during the product tour(s) which Mr. Plante took of Rottlund's Villa II back to back townhome.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 54**: All notes taken during the product tour(s) of back to back townhomes located in Minnesota.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 55**: Any and all documents, photographs and/or other materials that TCM received from any representative of Pinnacle and/or any representative of BSB of Iowa concerning the competition product tours taken of back to back townhomes located in Minnesota.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 56**: All documents concerning and/or relating to the follow up meeting which occurred shortly after Mr. Plante toured Minnesota back to back townhomes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 57**: All documents which constitute and/or concern concepts that BSB provided to Pinnacle and/or TCM after the product tour(s) of back to back townhomes located in Minnesota.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 58**: All documents which constitute and/or concern sketches the BSB of Iowa and/or TCM provided to Mr. Sandelin concerning back to back townhome products.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 59**: All back to back townhome "bid set" documents that went out to TCM's trades for pricing.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 60**: All blueprints that TCM received concerning back to back townhome products.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 61**: All design sketches that TCM generated and/or received concerning back to back townhome products.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 62**: All documents which constitute and/or concern design development drawings that TCM received concerning back to back townhome products.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 63**: All documents concerning each and every Art Plante presentation to Pinnacle representatives concerning the design for TCM's back to back townhome product.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 64**: All documents which constitute and/or concern design materials that Art Plante and/or Steve Sandelin forwarded to Mike Ryan concerning back to back townhome products.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 65:** All documents received by TCM regarding a shed roof over the side entry of TCM's back to back townhome product.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 66:** All documents concerning the discussion between Steve Sandelin and Art Plante concerning a gable over the side entry of TCM's back to back townhome product.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 67:** All documents concerning each and every tour that Mike Ryan took of any Rottlund Villa II back to back townhome.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 68</u>:** All documents concerning each and every tour that Tom Ryan took of any Rottlund Villa II back to back townhome.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 69</u>:** All revision approvals to back to back townhome development sketches which were made by Mike Ryan and/or Tom Ryan.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 70</u>:** All photos of Rottlund's back to back Villa II product that were taken by any representative of Pinnacle, BSB of Iowa, The Bloodgood Group, Inc. and/or TCM.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 71</u>:** All documents concerning any and all back to back townhomes that Pinnacle is currently designing, but has not yet built.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM further objects to this request as seeking document outside of TCM's custody or control.

**REQUEST NO. 72:** All documents concerning any and all back to back townhome products that TCM is currently designing but has not yet built.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TCM believes that the relevant documents responsive to this request have already been produced in this litigation. Discovery is on-going and TCM will supplement its production of documents responsive to this request.

**REQUEST NO. 73:** All documents regarding the use of the Homestead Collection back to back townhome products in any TCM and/or Pinnacle past and/or future development.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 74:** All documents which reflect the comparison which TCM made between Rottlund's Villa II and TCM's Homestead Collection after TCM received Rottlund's cease and desist letter.

**RESPONSE:** TCM objects to this request on the basis of the attorney client privilege and the word product doctrine.

**<u>REQUEST NO. 75</u>:** All documents in your possession Bates labeled BSB00001 through BSB00600.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is unduly burdensome. Rottlund can seek these documents directly from BSB.

**<u>REQUEST NO. 76</u>:** All documents received from Third-Party Defendant BSB related to this litigation.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**<u>REQUEST NO. 77</u>:** All documents sent to Third-Party Defendant BSB related to this litigation.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**<u>REQUEST NO. 78</u>:** All documents received from Pinnacle related to this litigation.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**<u>REQUEST NO. 79</u>:** All documents sent to Pinnacle related to this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**REQUEST NO. 80:** All documents sent to Pinnacle's Florida division, as it is referred to on Pinnacle's web-page, related to this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**REQUEST NO. 81:** All documents received from Pinnacle's Florida division, as it is referred to on Pinnacle's web-page, related to this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**REQUEST NO. 82:** All documents received from Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. related to this litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous. TCM further objects to this request as redundant with Request No. 76.

**REQUEST NO. 83:** All documents sent to Bloodgood Sharp Buster Architects & Planners of Iowa, Inc. related tot his litigation.

**RESPONSE:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous. TCM further objects to this request as redundant with Request No. 77.

**REQUEST NO. 84:** All documents received from The Bloodgood Group, Inc. related to back-to-back townhomes.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 85:** All documents sent to The Bloodgood Group, Inc. related to back-to-back townhomes.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 86:** All documents received from The Bloodgood Group, Inc. related to TCM's Homestead Collection and/or Pinnacle's Washington Square Back-to-Back townhomes.

**RESPONSE:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 87</u>:** All documents sent to The Bloodgood Group, Inc. related to TCM's Homestead Collection and/or Pinnacle's Washington Square Back-to-Back townhomes.

**<u>RESPONSE</u>:** TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**<u>REQUEST NO. 88</u>:** All documents received from The Bloodgood Group, Inc. related to this litigation.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**<u>REQUEST NO. 89</u>:** All documents sent to The Bloodgood Group, Inc. related to this litigation.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**<u>REQUEST NO. 90</u>:** All documents received from The Bloodgood Group, Inc. related to Rottlund's Original Villa, New Villa and/or Villa II town home designs.

**<u>RESPONSE</u>:** TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**REQUEST NO. 91**: All documents sent to The Bloodgood Group, Inc. related to Rottlund's Original Villa, New Villa and/or Villa II town home designs.

**RESPONSE**: TCM objects to this request to the extent that it seeks documents protected by a joint defense agreement. TCM further objects to this request on the grounds that it is overly broad, unduly burdensome, is vague and ambiguous.

**REQUEST NO. 92**: All documents received from The Bloodgood Group, Inc. related to Pinnacle's and/or TCM's designs for back-to-back townhomes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

**REQUEST NO. 93**: All documents sent to The Bloodgood Group, Inc. related to Pinnacle's and/or TCM's designs for back-to-back townhomes.

**RESPONSE**: TCM objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that any such documents have already been produced in this litigation.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please identify each and every similarity and each and every difference between Town & Country Homestead Collection back to back townhomes and Rottlund's Villa II back to back townhome. In addition, please explain in all possible detail TCM's position regarding whether the design for Town & Country's Homestead Collection back to back townhome is substantially similar to Rottlund's Villa II back to back townhome design and identify all facts, documents and/or other bases that support TCM's position.

**ANSWER:** TCM objects to this interrogatory as overly burdensome. TCM further objects to this interrogatory to the extent that the Magistrate Judge has ordered that this case is not about any individual elements, but rather is solely related to "gestalt" or total look and feel and Rottlund's corporate designee has indicated that there is no methodology to compare "gestalt." TCM further objects to this interrogatory on the basis that Rottlund has repeatedly argued that only experts can analyze substantial similarity. Without waiving any objection, TCM states that these town homes are not substantially similar and incorporates the expert report of Jeffrey Scherer. TCM further states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure the remaining answer to this interrogatory may be derived or ascertained from the business records of TCM (specifically the architectural plans for each) and the burden of deriving or ascertaining the answer is substantially the same for Rottlund.

**INTERROGATORY NO. 2:** Please identify each and every similarity and each and every difference between Town & Country's Homestead Collection back to back townhome and the back to back townhome product Town & Country is building and/or will build at its Pinebrook development located in Brooklyn Park, Minnesota. In addition, please explain in all possible detail TCM's position regarding whether the designs for these two Town & Country back to back townhome products are substantially similar and identify all facts, documents and/or other bases that support TCM's position.

**ANSWER:** TCM objects to this interrogatory as overly burdensome. TCM further objects to this interrogatory to the extent that the Magistrate Judge has ordered that this case is not about any individual elements, but rather is solely related to "gestalt" or total look and feel and Rottlund's corporate designee has indicated that there is no methodology to compare "gestalt." TCM further objects to this interrogatory on the basis that Rottlund has repeatedly argued that only experts can analyze substantial similarity. TCM further objects to this interrogatory on the grounds that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The relevant comparison is between the alleged

copyright and the accused product. Without waiving any objection, TCM states that these town homes are not substantially similar. TCM further states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure the remaining answer to this interrogatory may be derived or ascertained from the business records of TCM (specifically the architectural plans for each) and the burden of deriving or ascertaining the answer is substantially the same for Rottlund.

**INTERROGATORY NO. 3:** Please identify each and every TCM development where TCM is currently building, and/or intends to build, back to back townhomes.

**ANSWER:** TCM objects to this interrogatory on the grounds that it vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, TCM states that the TCM developments where TCM is currently building, and/or intends to build, back to back townhomes include Pinebrook in Brooklyn Park, Clover Ridge in Chaska, Springbrook in Lakeville, Cornerstone Lake in Lakeville, and Providence Pointe in Shakopee.

**INTERROGATORY NO. 4:** Did TCM ever obtain an independent legal opinion regarding whether any Pinnacle and/or TCM back to back townhome product infringes on Rottlund's Villa II copyrighted designs and/or works? If so, explain in all possible detail the conclusion(s) of this opinion and any and all facts which support the conclusion(s).

**ANSWER:** TCM objects to this request to admit on the basis of the attorney client privilege and the word product doctrine.

**INTERROGATORY NO. 5:** If your response to Request for Admission 1 and/or 2 below is anything other than an unequivocal admission, please explain in detail the reason why it is not an unequivocal admission and state why an independent legal opinion was not obtained.

**ANSWER:** TCM objects to this request to admit on the basis of the attorney client privilege and the word product doctrine.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you obtained an independent legal opinion regarding whether the Washington Square Back-to-Back townhome product infringes upon Rottlund's Villa II back-to-back townhome product.

**RESPONSE:** TCM objects to this request to admit on the basis of the attorney client privilege and the word product doctrine.

**REQUEST NO. 2:** Admit that you obtained an independent legal opinion regarding whether the Homestead Collection townhome product infringes upon Rottlund's Villa II back-to-back townhome product.

**RESPONSE:** TCM objects to this request to admit on the basis of the attorney client privilege and the word product doctrine.

Dated: 9-3, 2003

Darren B. Schwiebert

Daniel J. Maertens (#188311)
Cynthia Jokela Moyer (#211229)
Darren B. Schwiebert (#0260642)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
TOWN & COUNTRY HOMES, INC.

#\2845633\1