**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Rottlund Company, Inc., d/b/a Rottlund Homes, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Corporation, d/b/a Town & County Homes, an Illinois Corporation, Town & County Homes, Inc., a Minnesota Corporation, Bloodgood Sharp Buster Architects & Planners of Iowa, Inc., an Iowa Corporation, and The Bloodgood Group, Inc., an Iowa Corporation,<br><br>Defendants. | No.: 01-CV-1980 (ADM/AJB)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY CONCERNING THE HOVSTONE TRANSACTION** |

## INTRODUCTION

Without a single citation granting similar discovery, Rottlund seeks a fishing expedition into a transaction that occurred after the first trial rejecting Rottlund's copyright claims. Plaintiff's motion is misguided for three reasons. First, Defendants' motion for substitution under Fed. R. Civ. P. 25(c) does not affect the merits of the case to be tried. Second, the collectibility of a potential judgment is not relevant to any claim or defense in the current case. Third, Defendants have no duty to amend or

supplement previous discovery responses because the Hovstone transaction does not render the prior responses incorrect or incomplete.

Defendants have already provided Plaintiff with public records regarding the transaction at issue. (*See* Declaration of Darren B. Schwiebert, Ex. A). Defendants have already provided Plaintiff with updated financial documents regarding sales of any of the accused products by Defendants. (*Id.* at ¶ 3). This information answers all of the legitimate questions presented by Plaintiff. The Court should deny the motion and help to minimize unnecessary delay and expense in an already lengthy and expensive case.

## **ARGUMENT**

### I. DEFENDANTS' SUBSTITUTION MOTION DOES NOT NECESSITATE ADDITIONAL DISCOVERY.

The Court should not permit Plaintiff to leverage Defendants' substitution motion into an opportunity for burdensome and unnecessary discovery. Plaintiff claims that, in bringing a Rule 25(c) motion, Defendants have "forced Rottlund to file the instant motion." (Docket # 934 at 1). Plaintiff cries foul over Defendants' decision to "change their corporate landscape" after the initial trial, creating "many issues . . .when they entered into the transaction with the Hovstone entities . . . ." (*Id.* at 3; 5). To the contrary, following the Hovstone transaction, Defendants have attempted *resolve* any potential issues by

substituting the proper parties pursuant to Fed. R. Civ. P. 25(c).[1] Thus, Plaintiff's complaints rest on a misunderstanding regarding the nature of the proposed substitution:

> Rule 25(c) is a procedural device, which is not intended to affect the substantive rights of the involved parties; rather, substitution is 'designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit.' Therefore, as a procedural mechanism, Rule 25(c) does not substantively determine what causes of action survive a transfer of interest but, it does provide a substitution procedure for a cause of action which does so survive.

*Macan-Wightman v. Bajda*, 1998 WL 333959, *2 (D. Minn. 1998) (Erickson, M.J.) (*quoting ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)); *see also Maysonet-Robles v. Cabrero*, 323 F.3d 43 (1st Cir. 2003) (successor-in-interest substituted in as defendant merely because it has come to own the property at issue; merits of case are still determined vis-à-vis the original parties).[2]

---

[1] Defendants' Rule 25(c) motion was intended to allow this action to proceed in the name of the real party in interest under Fed. R. Civ. P. 17. Rule 17 provides for dismissal of litigation not prosecuted in the name of the real party in interest after reasonable time following objection for joinder or substitution of the real party in interest. Defendants' are willing to proceed in this action with the Defendants listed in the caption as Hovstone Properties Minnesota L.L.C. (f/k/a Town & Country Homes, Inc.) and Hovstone Properties Illinois L.L.C. (f/k/a Pinnacle Corporation).

[2] Because the substitution procedure does not affect the merits of Plaintiff's claims in this case, many of Plaintiff's purported reasons for additional discovery do not hold water, including Plaintiff's purported

The substitution of the Hovstone entities does not justify a new round of discovery concerning Hovstone's liability. To the contrary, it simplifies Plaintiff's case by removing the issue from controversy. The Court should deny the motion to compel.

## II. THE DISCOVERY SOUGHT IS NOT RELEVANT TO ANY CLAIM OR DEFENSE.

The effort to use the Rule 25(c) substitution as a springboard for unnecessary discovery betrays the true motive for Plaintiff's motion – to obtain financial data to assess the collectibility of a potential judgment. Such information may be the proper subject for post-judgment discovery under Fed. R. Civ. P. 69(a)[3], but it is not necessary, or even remotely related, to the retrial on the merits of Plaintiff's copyright infringement claims. Indeed, many of the issues identified by Plaintiff in its brief relate solely to collectibility, including: "whether the new Hovstone entities are properly capitalized"; "whether the new Hovstone entities are

---

need to answer questions regarding: "whether [Plaintiff] should pursue the Hovstone entities as additional defendants;" "whether the Hovstone entities are bound by the Rule 30(b)(6) deposition testimony proffered by Defendants Pinnacle and Town & County's representatives;" "whether the Hovstone entities may be held liable for infringing sales made by Defendants Pinnacle and Town & Country that pre-date the acquisition;" and "whether the Hovstone entities are liable for a possible finding of intentional infringement against Defendants Pinnacle and Town & Country for conduct that pre-dates the acquisition." (Docket # 934 at 3-4.

[3] Fed. R. Civ. P. 69(a) specifically provides the right to post-judgment discovery "[i]n aid of the judgment."

now the beneficiaries under Defendants Pinnacle and Town & Country's insurance policies that pre-date the acquisition"; "whether the Hovstone entities have additional insurance policies that relate to this litigation"; "whether the Pinnacle and Town & Country entities retained any equity on their balance sheets after the acquisitions"; "whether the sales proceeds were siphoned off by Defendant Pinnacle and Town & Country's owners"; and "whether a warranty reserve was created to cover this litigation or any other contingency." (Docket # 934 at 3-4).

Plaintiff seeks audited financial statements from the Hovstone entities and complains that Defendants have only produced a "subset of income information concerning sales of the infringing products." (*Id.* at 11). Defendants have already provided Plaintiff with updated financial documents regarding sales of any of the accused products by Defendants. (*See* Declaration of Darren B. Schwiebert at ¶ 3). Because such financial information about Hovstone -- unrelated to sales of allegedly infringing products -- could not possibly be relevant to copyright infringement claims and defenses with respect to Town & Country and Pinnacle, it is clear that Plaintiff inappropriately seeks it to evaluate collectibility. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978), in which the Supreme Court held as follows:

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which the party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.

Plaintiff seeks information for use in proceedings other than the pending suit, *i.e.*, for collection purposes. "Information about a party's financial condition or net worth was seldom relevant for discovery purposes, absent special circumstances, before the amendments to rule 26(b)(1), and is likely to remain relevant in only a few instances under the more restrictive definition of relevance embodied in those amendments." Moore's Federal Practice § 26.41[8][a] (2001) (*citing Ranney Brown Distrib., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) (facts concerning defendants' financial condition or ability to satisfy judgment ordinarily not relevant); *Henderson v. Zurn Indus.,* 131 F.R.D. 560, 562 (S.D. Ind. 1990) (tax returns not discoverable because information contained therein not relevant); *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C. 1977) (same)). In determining whether to permit discovery of financial information, courts "look[] to specific allegations in the pleadings or to specific elements of a claim or defense asserted by a party . . . ." *Id.*

In moving to compel the disclosure of financial information that did not even exist at the time relevant to its claims, Plaintiff does not identify any claims or defenses to which its demands relate.[4] Indeed, information about a transaction that occurred after the first trial is simply not reasonably calculated to lead to the discovery of admissible evidence; Plaintiff has not pleaded any claims against Hovstone, nor did any of the issues embraced by the information Plaintiff now seeks play any part in the initial trial. *See Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.*, 145 F.3d 996 , 997-998 (upholding denial of motion to amend complaint to expand breach of contract claim on retrial).

Defendants have already provided Plaintiff with public records regarding the transaction at issue. (*See* Declaration of Darren B. Schwiebert, Ex. A). Because the additional information sought by

---

[4] Instead, Plaintiff cites a number of reasons unrelated to the merits of the case. For example, Plaintiff asserts that it needs information regarding the Hovstone transaction to answer questions such as: "whether the officers, directors, and owners of Hovstone are different than the officers, directors, and owners of Defendants Pinnacle and Town & Country" (irrelevant); "whether the Hovstone entities can compel the former officers, directors, and owners of Defendants Pinnacle and Town & Country Homes to testify at trial" (irrelevant); "whether some or all of the former employee/witnesses remained with the Hovstone entities after the acquisition" (irrelevant); "whether these former employee/witnesses should be subpoenaed for the next trial or whether they must appear as named party representatives" (legal issue unrelated to transaction). (Docket # 934 at 3-4).

Plaintiff will not be relevant to any claims or defenses at retrial, the Court should deny Plaintiff's motion.

## III. DEFENDANTS DO NOT HAVE A DUTY TO SUPPLEMENT PREVIOUS ANSWERS THAT REMAIN CORRECT AND COMPLETE.

Plaintiff has not served discovery seeking the information it now asks the Court to compel Defendants to produce. Indeed, the old requests Plaintiff cites have already been answered (years ago), and the post-trial Hovstone transaction does not give rise to any duty to supplement. The Court should not permit Plaintiff to short-circuit the discovery process by moving to compel responses to discovery requests that were never served. Nor is supplementation under Fed. R. Civ. P. 26(e) an appropriate vehicle for Plaintiff's demands; the supplementation duty arises only where the responses are in some material respect incorrect or incomplete. Fed. R. Civ. P. 26(e)(1). The Court should deny Plaintiff's motion. *See Rayman v. Am. Charter Fed. Sav. & Loan Ass'n*, 148 F.R.D. 647, 651 (D. Neb. 1993) (Rule 26(e) does not require defendant to produce documents relating to a merger that did not take place until well after the request for production of documents was propounded and answered).

None of the old requests identified by Plaintiff actually seek the information Plaintiff now demands, nor have any of Defendants'

responses been rendered materially incomplete or inaccurate by the Hovstone transaction.

> *Request No. 9: Please produce all projections, forecasts, market share reports, marketing documents, business plans, strategic plans, budgets operating plans or sales plans that refer or relate to [Town & Country and Pinnacle].*

The data Plaintiff now seeks – financial statement for Hovstone, and Hovstone's articles of incorporation and bylaws ((Docket # 934 at 11) – is not the subject of Request No. 9. Request No. 9 sought documents relating to the relationship between *Town & Country* and *Pinnacle*. Defendants produced documents in response to Request No. 9. The fact that, several years later, the Hovstone entities succeeded Town & Country and Pinnacle does not render Defendants' previous responses materially incomplete or inaccurate.

> *Request No. 23: Please produce all documents which evidence any initial capital investment and/or ongoing investments and/or concerns related to [Town & Country and Pinnacle].*

Like Request No. 9 discussed above, Request No. 23 sought information relating to the financial relationship between Town & County and Pinnacle. Hovstone's financial statements do not shed light on such relationship, particularly as it relates to the time period relevant to Plaintiff's claims. Defendants produced documents in response to Request No. 23. The fact that, several years later, the Hovstone entities

succeeded Town & Country and Pinnacle does not render Defendants' previous responses materially incomplete or inaccurate.

> *<u>Request No. 27</u>: Please produce all documents that you contend are relevant to the determination of damages.*

Defendants do not contend that the information now sought by Plaintiff has any connection with the determination of damages in this case.

> *<u>Interrogatory No. 2</u>: Please describe in all possible detail your affiliation with the following entities . . . 3) Town & Country Homes, Inc. of Minnesota; . . . Include in your response, but do not limit it to, an identification of all owners and/or officers of the Affiliated Entities, a description of the nature and scope of the Affiliated Entities' business, an identification of any revenues you receive from the Affiliated Entities.*

Interrogatory No. 2 seeks information concerning the business relationship between Pinnacle and Town & Country. Defendants fully answered Interrogatory No.2. The fact that, several years later, the Hovstone entities succeeded Town & Country and Pinnacle does not render Defendants' previous responses materially incomplete or inaccurate.

> *<u>Interrogatory No. 3</u>: Please describe the Affiliated Entities' involvement with, in any way, any aspect of [Centennial Crossing Development, Harvest Hills Development, Cornerstone Lake Development, Providence Pointe Development, Springbrooke Development, Washington Square Development, Bayview town home, Starwood town home, Broadmoor town home, Savannah town home, Garfield town home, Plaintiff's allegations contained within the Complaint; and/or any development where a Bayview, Starwood, Savannah, Broadmoor and/or Garfield town home is located.*

Interrogatory No. 3 seeks information concerning the relationship between specific entities affiliated with Pinnacle and the identified developments and products. Defendants answered Interrogatory No. 3. Hovstone's financial information does not shed any new light on the relationships at issue. Moreover, as successor to Town & Country and Pinnacle, the Hovstone entities' relationships with the identified products and developments, for purposes of Plaintiff's claims and any defenses thereto, are no different from Town & Country's and Pinnacle's.

> *Request No. 22: To the extent not previously requested, all documents which reference, relate to, constitute, and/or concern the factual allegations and legal claims set forth in Rottlund's Fourth Amended Complaint.*

The reappearance of this request reveals the fundamental flaw with Plaintiff's motion to compel. Hovstone's financial information has absolutely nothing to do with the factual allegations and legal claims set forth in Plaintiff's Fourth Amended Complaint. As discussed above, Defendants are merely using Rule 25(c) as a procedural vehicle to simplify Plaintiff's case. The materials relevant to the claims in Plaintiff's complaint are the same as they were before the acquisition. The discovery Plaintiff seeks is intrusive, burdensome and, most importantly, totally unnecessary.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this

Court deny Plaintiff's motion to compel.

Dated: October 23, 2006

s/Darren B. Schweibert

Todd Wind (#196514)
Darren B. Schwiebert (#260642)
James R. Mayer (#312241)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7312
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANTS HOVSTONE PROPERTIES MINNESOTA L.L.C. (f/k/a TOWN & COUNTRY HOMES, INC.) AND HOVSTONE PROPERTIES ILLINOIS L.L.C. (f/k/a PINNACLE CORPORATION)