**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

The Rottlund Company, Inc., Civil No. 01-1980 ADM/AJB

Plaintiff,

v. **ORDER ON MOTION TO COMPEL**

Pinnacle Corporation and
Town & Country Homes, Inc.,

Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel discovery concerning the Hovstone transaction. [Docket No. 932]. Hearing was held on October 30, 2006, at the U.S. Courthouse, 180 East Fifth Street, St. Paul MN 55101. Craig S. Kummen, Esq., appeared on behalf of the plaintiff, Rottlund Company, Inc. Darren B. Schwiebert, Esq., appeared on behalf of defendants Pinnacle Corporation and Town & Country Homes, Inc. Holly J. Newman appeared on behalf of the Bloodgood Group defendants.

Based upon the file, memorandums, and oral arguments of counsel, **IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Discovery is **denied** [Docket No. 932].

Dated: November 7, 2006

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

This motion for discovery by plaintiff arises out of the merger of defendant Pinnacle Corporation, and Illinois company, with Hovstone Properties Illinois, LLC., and the merger of defendant Town & Country Homes, Inc., a Minnesota company, with Hovstone Properties Minnesota, LLC.[1] Subsequent to the mergers each of the surviving entities is operating under the Hovstone Properies name.[2] Defendants have therefore moved for substitution of parties pursuant to Fed. R. Civ. P. 25(c), therein allowing substitution under circumstances in which an interest is transferred from a party to another entity, including a corporate entity's loss of identity through merger with another corporate identity.[3] That motion remains pending. Nonetheless, plaintiffs contend the proposed substitution necessitates substantial additional discovery to ensure plaintiff's ability to fully and adequately litigate the action. Defendants, on the other hand, insist that the Rule 25(c) substitution of parties is essentially a procedural formality which does not affect the substance of the case and therefore does not require further merits discovery. Defendants further argue that plaintiff's intended discovery is directed primarily at collections issues and is not relevant to claims in the case, and that the substitution in itself does not create a duty to supplement previous discovery.

Defendants' position on this motion to compel discovery is well-taken. The legal successor of a corporation receives the status of the predecessor corporation as of the time of the substitution. See Brook, Weiner, Sered, Kreger & Weinberg v. Corq, Inc., 53 F.3d 851, 852 (7th Cir.

[1] Affidavit of Craig S. Krummen, Exh. H.

[2] Id.

[3] Steven Baicker-McKee, et al., Federal Civil Rules Handbook (2006).

1995)(a successor takes over without any other change in the status of the case). Accordingly, a successor cannot be relieved of liability on the merits of a case as the result of a mere substitution under Rule 25(c), and such substitution does not open the door to further discovery on the merits, either through additional discovery inquiries or demands for supplementation of previous discovery. Of course, substitution of parties under Rule 25(c) does not protect the successor from any supplementation obligation, because discovery must still be supplemented to the extent that the original named entity would otherwise have been required to supplement.