**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

The Rottlund Company, Inc.
d/b/a Rottlund Homes, a Minnesota
Corporation,

Civil No. 01-1980 (DWF/AJB)

Plaintiff,

v.

**ORDER**

Pinnacle Corporation d/b/a Town & Country Homes,
an Illinois Corporation; Town & Country Homes, Inc.,
a Minnesota Corporation; Bloodgood Sharp Buster
Architects & Planners of Iowa, Inc., an Iowa
Corporation; The Bloodgood Group, Inc., an
Iowa Corporation; Hovstone Properties Illinois LLC;
and Hovstone Properties Minnesota LLC,

Defendants.

---

David A. Davenport, Esq., Craig S. Krummen, Esq., and Robert R. Weinstine, Esq., Winthrop & Weinstine, PA, and Philip R. Mahowald, Esq., Prairie Island Indian Community, counsel for Plaintiff.

Christopher J. Murdoch, Esq., Scott W. Petersen, Esq., and Edward F. Ryan, Esq., Holland & Knight; Dean R. Karau, Esq., James R. Mayer, Esq., Cynthia A. Moyer, Esq., Darren B. Schwiebert, Esq. and Todd A. Wind, Esq., Fredrikson & Byron, PA; Daniel J. Maertens, Esq., Heartland America; David A. Donna, Esq., Donna & Daly; Matthew I. Farmer, Esq., Cohn Baughman & Martin; and Rodney A. Honkanen, Esq., Spence Ricke Sweeney & Gernes; Holly J. Newman, Esq. and Marilyn J. Rosberg, Esq., Mackall Crounse & Moore, PLC; counsel for Defendants.

---

1. The Court denies Defendants Pinnacle and Town & Country Homes, Inc.'s[1] request for leave to file a summary judgment motion on liability. Based on the Court's review of the record, the Court finds that any issue raised pursuant to these Defendants' request can be addressed on an in limine basis during the pre-trial conference. Contrary to what these Defendants have asserted, nothing in the Eighth Circuit's opinion in this case has opened up new issues or created another basis for dispositive motions. *See Rottlund Co. Inc., v. Pinnacle Corp.*, 452 F.3d 726 (8th Cir. 2006). The Court finds that this case is ready to proceed to trial and concludes that granting these Defendants' request would be tantamount to granting a motion to reconsider the prior summary judgment orders in this case. Whether the Court analyzes this request under the compelling-circumstances standard required for granting leave to file a motion to reconsider under Local Rule 7.1(g), or under a less-stringent standard, the Court finds no basis for granting Plaintiff's request.

2. The Court denies Plaintiff's request for leave to file a motion for summary judgment on liability. As a basis for this request, Plaintiff asserts that the Eighth Circuit Court of Appeals adopted a new legal test when it decided this case. Plaintiff further contends that this alleged new legal test constitutes a compelling circumstance that

[1] Defendants Pinnacle and Town & Country Homes, Inc., explain that in March of 2005, after the jury verdict and denial of Plaintiff's motion for a new trial, they were acquired by K. Hovnanian and merged into Hovstone Properties Illinois L.L.C. and Hovstone Properties Minnesota L.L.C., respectively. A motion for the substitution of parties is pending.

warrants a motion to reconsider the remaining liability issue. Without reaching the issue of whether the Eighth Circuit adopted a new legal test, the Court finds that the issue raised by Plaintiff is an in limine matter that can be raised in the pre-trial conference.

3. The Court previously set February 5, 2007, as the trial date in this case. Over the objection of at least the Plaintiff, the Court will reschedule the case, provided the case can be tried between April 15, 2007, and June 22, 2007. The Court directs the parties to confer and, if possible, jointly propose a new trial date that falls within the prescribed time period. If the parties cannot agree on a new trial date, the Court directs the parties to submit proposals indicating their respective preferred trial dates. The Court orders that the parties submit the proposal(s) within 10 days. Then, with or without a telephone conference, the Court will reschedule the trial date.

4. Other than updates on damage issues and absent further order by the Court or Magistrate Judge Boylan or by agreement of the parties, the Court finds that no additional discovery is necessary in this case.

Dated: December 6, 2006

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court